IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re Clearview AI, Inc. Consumer Privacy Litigation* | ) ) ) ) ) ) | Case No. 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

**APPLICATION OF SCOTT R. DRURY OF LOEVY & LOEVY FOR
APPOINTMENT AS LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)**

Dated: February 23, 2021

                                                      Respectfully submitted,

                                                      /s/ Scott R. Drury
                                                      SCOTT R. DRURY
                                                      *Proposed Lead Counsel*

Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
drury@loevy.com

Pursuant to Fed. R. Civ. P. 23(g) and the Court's February 9, 2021 Order (Dkt. 6), Scott R. Drury of Loevy & Loevy ("Loevy") respectfully seeks appointment as Lead Counsel.

## INTRODUCTION

Among the many experienced lawyers involved in this multidistrict litigation ("MDL") against Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, Richard Schwartz and others (collectively, "Defendants"), Mr. Drury's work has stood out. Mr. Drury filed the first class action lawsuit against Defendants. While many related federal cases have since been filed, only Mr. Drury has pressed forward with seeking substantive relief for class members by moving for preliminary injunctive relief. *Mutnick* Dkt. 31. The motion yielded almost immediate benefits, as Defendants responded by begrudgingly implementing several modified business practices in hopes of avoiding court-mandated changes. *Mutnick* Dkt. 56. Mr. Drury's zealous pursuit of injunctive relief also opened the door to an early mediation before the Hon. Wayne R. Andersen (Ret.) and an ongoing dialogue regarding various issues in the case. Exhibit 1 (Drury Decl.) ¶ 20. The injunction motion is fully briefed and, as Lead Counsel, Mr. Drury would continue pursuing it.

Additionally, Mr. Drury has demonstrated his ability to work cooperatively and efficiently with counsel for the other plaintiffs. In this District, Mr. Drury led the plaintiffs' efforts to self-organize. To that end, with the agreement of the other plaintiffs' counsel, each case was related and consolidated with Mr. Drury's first-filed case. *Mutnick* Dkt. 40, 61, 71-72, 77, 79. Further, plaintiffs' counsel agreed to Mr. Drury's appointment as interim co-lead class counsel. *Mutnick* Dkt. 88-89. No similar appointment was made in the MDL cases transferred from the Southern District of New York.

Even after Defendants commenced Joint Panel on Multidistrict Litigation ("JPML") proceedings, Mr. Drury continued his leadership and coalition building. Prior to the plaintiffs'

JPML response briefs coming due, Mr. Drury organized a telephonic meeting of all plaintiffs' counsel to determine if an alternative to formal consolidation existed. Ex. 1 ¶ 17. Moreover, Mr. Drury used the JPML proceedings as an opportunity to expand the harmonious coalition he had built to include cases beyond those filed in the Northern District of Illinois (the "Multidistrict Nationwide Plaintiffs Coalition"). *Id.* ¶ 18. The coalition now includes the following cases: *Mutnick v. Clearview AI, Inc.*, No. 20-cv-512 (N.D. Ill.); *Hall v. Clearview AI, Inc.*, No. 20-cv-846 (N.D. Ill.); *Marron v. Clearview AI, Inc.*, No. 20-cv-2989 (N.D. Ill.); *Calderon v. Clearview AI, Inc.*, No. 20-cv-1296-CM (S.D.N.Y.); and *Roberson v. Clearview AI, Inc.*, No. 1:20-cv-1296-CM (S.D.N.Y.). The Multidistrict Nationwide Plaintiffs Coalition consists of a majority of the MDL cases, which collectively seek relief on behalf of nationwide and statewide classes. *Id.*

Given Mr. Drury's demonstrated track record, the Court can have confidence that as Lead Counsel he will zealously and skillfully pursue relief for class members in an organized and inclusive fashion and is best situated to do so.

## ARGUMENT

**I.    Legal Standards.**

Rule 23(g) sets forth the factors courts should consider in appointing interim class counsel:

(i)    the work counsel has done in identifying or investigating potential claims in the action;

(ii)   counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

(iii)  counsel's knowledge of the applicable law; and

(iv)  the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court previously has found that Mr. Drury satisfies these criteria. *Mutnick* Dkt. 90.

**II. Mr. Drury Has Performed Substantial Work in Investigating and Litigating This Action and Is Committed to Advancing Class Members' Interests.**

Mr. Drury has performed substantial work in connection with this litigation. After thoroughly investigating Defendants' conduct and the law related to the underlying claims, he filed the first class action lawsuit against Defendants. Ex. 1 ¶¶ 9-11. The lawsuit seeks relief on behalf of putative nationwide and Illinois classes for: (a) violations of Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, and class members' civil rights; and (b) unjust enrichment. *Id.* ¶ 10.

Thereafter, Mr. Drury continued his investigation, including reviewing volumes of records received through Freedom of Information Act requests and other means. *Id.* ¶ 11. These records played a key role in the briefing of the above-described preliminary injunction motion and in defeating Defendants' Rule 12(b)(2) motion. *Id.* Moreover, as discussed above, Mr. Drury has steadfastly worked to: (a) obtain relief for class members; and (b) organize this litigation. *See id.* ¶¶ 12-19. In connection therewith, prior to the JPML proceedings – and in an effort to avoid the incumbent delay resulting from those proceedings – Mr. Drury sought to transfer the out-of-district federal cases to this Court. *See, e.g., Calderon* Dkt. 23; *Id.* ¶ 15. Notably, in transferring the MDL to this District, the JPML highlighted the organized fashion in which the litigation in this District was proceeding. JPML Dkt. 50.

Mr. Drury's demonstrated ability to bring groups together will also advance class members' interests. Mr. Drury has put together the only coalition of Northern District of Illinois and Southern District of New York cases, a coalition that is diverse in terms of gender, race/ethnic identity and age, in compliance with guidance provided by the Duke Law Center for Judicial Studies, *Standards for Best Practices for Large and Mass Tort-MDLs*, Best Practice 4E. Ex. 1 ¶ 19.

Mr. Drury is also committed to working in a respectful and civil manner with defense counsel. *Id.* ¶ 20. Even though the parties have been vigorous adversaries in early motion practice, this did not get in the way of discussions that led to an early mediation or of ongoing discussions regarding various issues in the case. *Id.* Further, even in this MDL's early stages, Mr. Drury has already successfully worked with defense counsel (and all counsel) to coordinate and organize the timely filing of the parties' succinct Joint Status Report. See Dkt. 5; *id.* ¶ 20.

Finally, Mr. Drury's firm is committed to expending the resources necessary to litigate this case through trial without taking out litigation loans. *Id.* ¶ 21.

Appointing Mr. Drury as Lead Counsel will allow him to continue building upon the work he already has begun on behalf of class members and ensure this MDL moves move forward in an expeditious, efficient and organized manner.[1]

### III. Mr. Drury Is Highly Experienced and Knowledgeable Regarding Applicable Law.

Mr. Drury is a highly experienced litigator who is knowledgeable regarding the applicable law. His qualifications and those of Loevy are detailed in his Declaration and Loevy's firm resume (Exhibit 2). In summary, Mr. Drury founded and leads Loevy's Data Privacy and Cyber-Intelligence Group and is an accomplished trial lawyer. Ex. 1 ¶¶ 1-6. Before joining Loevy, Mr. Drury had a distinguished career as a public servant, having served as an Assistant United States Attorney in this District for over seven years and as a member of the Illinois General Assembly for six years. *Id.* ¶¶ 2-5. After Mr. Drury successfully first chaired a lengthy public corruption prosecution, the jury foreperson took the extraordinary step of writing to the U.S. Attorney's Office to praise Mr. Drury's work: "[t]he general consensus [of the jury] was that Scott was an

---

[1] Steven Webster, counsel for Plaintiff Roberson, intended to file a brief in support of this application but, due to issues registering for ECF in this District, will not be able to so by the filing deadline. Mr. Webster strongly supports this application for the reasons set forth herein.

outstanding example of how we want our Government represented." *Id.* ¶ 3. Mr. Drury is based in Chicago, is a member of this Court's Trial Bar, and is an adjunct professor of law at the Northwestern Pritzker School of Law where he teaches trial advocacy. *Id.* ¶ 1.

This Court previously appointed Mr. Drury as interim co-lead counsel in this case. *Mutnick* Dkt. 90. Judge Kocoras has also appointed Loevy as interim co-lead class counsel in *Vance, et al. v. Int'l Business Machines Corp.* ("*Vance*"), No. 20-cv-577 (N.D. Ill), a BIPA action in which Mr. Drury is the primary attorney for one of the named plaintiffs. Ex. 1 ¶ 7; *Vance* Dkt. 46. In addition to *Vance,* Mr. Drury is one of the lead attorneys in pending BIPA cases against numerous other major technology companies, including Amazon.com, Inc.; Microsoft, Inc.; Google LLC; and Motorola Solutions, Inc. ("Motorola"). Ex. 1 ¶ 7. Notably, in *Vance* and the case against Motorola, the courts recently denied the defendants' motions to dismiss, which asserted defenses that Defendants may rely on here, namely that: (a) the extraterritoriality doctrine precludes a BIPA action against Defendants; (b) the dormant Commerce Clause precludes a BIPA action against Defendants; and (c) BIPA does not apply to facial scans extracted from photographs. *See Vance,* 2020 WL 5530134 (N.D. Ill. Sept. 15, 2020); *Flores v. Motorola Solutions, Inc.*, No. 20-cv-1128, 2021 WL 232627 (N.D. Ill. Jan. 8, 2021) (Norgle, J.).

As a firm, Loevy has extensive experience litigating class actions and has secured nearly $200 million in class action settlements and verdicts. Ex. 1 ¶ 21; Ex. 2. Loevy's class action experience is unique in that it has tried class actions to verdict, a fact that has informed and improved its pretrial handling of the class actions it litigates. *See* Ex. 2.

## CONCLUSION

In view of the foregoing, Scott R. Drury respectfully requests that the Court grant his application to serve as Lead Counsel in this matter.

5

## CERTIFICATE OF SERVICE

    I, Scott R. Drury, an attorney, hereby certify that, on February 23, 2021, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                                                                     /s/ Scott R. Drury