IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re Clearview AI, Inc. Consumer Privacy Litigation* | ) ) ) ) ) ) | Case No. 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

**LOEVY & LOEVY'S OBJECTIONS TO JOSEPH P. GUGLIELMO'S APPLICATION FOR APPOINTMENT AS INTERIM LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)**

Dated: March 2, 2021

Respectfully submitted,

/s/ Scott R. Drury
SCOTT R. DRURY
*Proposed Lead Counsel*

Mike Kanovitz
Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
drury@loevy.com

## INTRODUCTION

Actions speak louder than words. Throughout, Mr. Drury has zealously advocated on behalf of class members and has repeatedly worked to bring the plaintiffs together, including building a multidistrict coalition. *See* Dkt. 10 at 3.[1] In April 2020, he proactively worked with all counsel to try to coordinate the various cases and sought input on Plaintiff Mutnick's preliminary injunction motion. *See* Ex. 1 (4/14/2020 email). In September 2020, he organized and led a telephone conference of all counsel to determine if alternatives to JPML consolidation existed to save the class the attendant delays. *See* Ex. 2 (9/2/2020 email). After consolidation, Mr. Drury invited all plaintiffs' counsel to participate in mediation and took the lead preparing the initial Joint Status Report. *See* Ex. 3 (1/17/2021 email); Ex. 4 (2/21/2021 email); Dkt. 5 (Joint Status Report).

Mr. Guglielmo's actions tell a different story. Until consolidation, he was hyper-focused on keeping the litigation in New York, resulting in him advocating *against* class members' interests, ignoring the Northern District of Illinois plaintiffs, and artificially inflating the number of New York cases and plaintiffs. Since consolidation, Mr. Guglielmo has continued to work against class members' interests, as discussed below. Now that the JPML has foiled his original plans, he claims he is a team player. The facts belie the claim and show that his involvement at a leadership level risks jeopardizing the efficient progress of this case and class members' interests.

## ARGUMENT

**Mr. Guglielmo Has Advocated Defense Positions Against the Class:** In response to Mr. Drury's effort to organize this litigation via a motion to transfer he filed in the Southern District of New York ("SDNY"), Mr. Guglielmo advocated *against* class members' interests. First, ignoring that Plaintiff Mutnick's preliminary injunction motion had already worked to protect class

---

[1] Citations to docketed entries are to the CM/ECF page numbers.

members' interests (*Mutnick* Dkt. 56 at 4-5), Mr. Guglielmo attacked it as "premature," "rushed" and "threadbare." *McPherson* Dkt. 21 at 10, 17. Second, primarily interested in the litigation proceeding in the SDNY, Mr. Guglielmo vouched for Defendants' credibility, accepting their false jurisdictional declarations as true. *See id.* at 9, 19, 21. This Court has since found a factual conflict between the record and those declarations. *Mutnick* Dkt. 86 at 5. Mr. Guglielmo's willingness to work against class members' interests to further his own should preclude any leadership role.

**Mr. Guglielmo's Exclusionary Efforts:** During a September 9, 2020 status hearing, Judge McMahon stayed the SDNY cases and encouraged counsel for the SDNY plaintiffs to work with the plaintiffs in this District: "I would not waste the stay time . . . .[S]o negotiate whatever you have to negotiate, and the ***plaintiffs in the 10 cases should be in communication with each other***." Ex. 5 (9/9/20 Tr.) at 7:22-8:6 (emph. added). Mr. Guglielmo ignored the court's directive and, worse, began working on a "comprehensive draft consolidated amended complaint, an ESI protocol, a protective order, and draft discovery requests" (Dkt. 9 at 1) without notifying or seeking input from Messrs. Drury or Kanovitz whom this Court had appointed interim co-lead counsel. Ex. 6 (Drury Decl.) ¶¶ 4-6. Worse yet, the purported "comprehensive" amended complaint excludes Plaintiff Mutnick's nationwide civil rights claims (*see id.*) – seemingly another attempt by Mr. Guglielmo to advantage his leadership bid at the expense of the class.

In contrast, Mr. Drury has continuously sought unity. *See, e.g.*, Exs. 1-4. Even when Mr. Guglielmo and his group rejected a proposed mediation structure that would prevent multiple plaintiffs' attorneys from talking over each other, Mr. Drury continued to pursue their attendance. Ex. 6 ¶ 7. Ultimately, Mr. Guglielmo and his group participated on their own terms, and the case did not settle. *Id.*. That group's contention that it saved class members from a poor settlement (*see* Dkt. 14 at 3) lacks merit. Mr. Drury has not advocated an "early and quick settlement" (*see* Dkt.

16 at 3). *See* Ex. 6 ¶ 8. Indeed, only Mr. Drury has zealously litigated against Defendants. Those efforts resulted in an opportunity to mediate before Judge Andersen – an opportunity Mr. Drury extended to all counsel. *Id.* ¶ 7.

**Mr. Drury's Coalition Is All-Inclusive:** Mr. Drury's coalition consists of Illinois, Virginia, California and New York plaintiffs,[2] inclusive of all states in Mr. Guglielmo's group. *Id.* ¶ 3. Further, Plaintiff Mutnick was the first to allege nationwide claims. *Mutnick* Dkt. 6. Thus, the claim that Mr. Drury would "bargain away Plaintiff Burke's and similar class members' claims" (Dkt. 14 at 3) or disadvantage nationwide class members (Dkt. 16 at 3) is incredible. The all-inclusive nature of Mr. Drury's coalition negates Mr. Guglielmo's primary basis for seeking appointment, *i.e.*, to ensure New York and California plaintiffs' interests are represented.

**The Court Should Not Reward Mr. Guglielmo's Gamesmanship**: Mr. Guglielmo's claim regarding the number of plaintiffs his group represents (Dkt. 9 at 3) is make weight. He is counsel in two separate cases (*McPherson* and *Burke*), conduct designed to artificially inflate the number of SDNY cases and plaintiffs. Further, members of Mr. Guglielmo's group filed one of the last cases (*John*), which names five separate plaintiffs.[3] Mr. Drury's multidistrict coalition – which is diverse in terms of race/ethnic identity, gender and age, and has grown over time – is a far better indicator of support than Mr. Guglielmo's numbers games.

## CONCLUSION

In view of the foregoing, Scott R. Drury respectfully requests that the Court grant his application to serve as Lead Counsel in this matter and deny Mr. Guglielmo's application.

---

[2] The New York and California plaintiffs retained Loevy prior to leadership applications being filed.
[3] The other case in Mr. Guglielmo's group (*Broccolino*) is based on a complaint that "borrowed" liberally from Plaintiff Mutnick's first-filed complaint, *compare Broccolino* Dkt. 1 ¶¶21-26, 28-33-35, 40-44, 48, 54-96 *with Mutnick* Dkt. 6, ¶¶ 21-26, 31-36, 42-45, 47, 62, 93-136, a tacit, if not overt, acknowledgement of the quality of Mr. Drury's work.

**CERTIFICATE OF SERVICE**

      I, Scott R. Drury, an attorney, hereby certify that, on March 2, 2021, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                                                      /s/ Scott R. Drury