# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re Clearview AI, Inc., Consumer | ) | |
| Privacy Litigation, | ) | Case No. 21 C 0135 |
| | ) | |
| | ) | Judge Sharon Johnson Coleman |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This multidistrict litigation involves nine class action lawsuits brought against defendant Clearview AI, Inc. for improperly scraping approximately three billion facial images from the internet, scanning the facial images' biometric identifiers, and selling access to a searchable database of these images. Before the Court are two applications for plaintiffs' interim lead counsel brought under Federal Rule of Civil Procedure 23(g), namely, Scott R. Drury of Loevy & Loevy and Joseph P. Guglielmo of Scott & Scott. For the following reasons, the Court, in its discretion, appoints Scott R. Drury as sole interim lead counsel.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(g)(2), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designating interim class counsel helps to "clarify responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation ("MCL") § 21.11. In appointing interim class counsel, the Court considers:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (v) the resources that counsel will commit to representing the class.

Fed.R.Civ. 23(g)(1)(A). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed.R.Civ. 23(g)(2). Also, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin,* 136 S.Ct. 1885, 1892, 195 L.Ed.2d 161 (2016), including "broad authority to exercise control over a class action." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99–100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

## DISCUSSION

After reviewing both applications and the numerous memoranda in support of attorneys Drury and Guglielmo, they both possess the knowledge and background in handling class action lawsuits and have committed substantial resources to their respective cases. That said, from the outset, Drury has taken the lead in aggressively moving this litigation forward. Drury filed the *Mutnick* case on January 22, 2020, which was the first-filed of all of the multidistrict cases. Early in the *Mutnick* lawsuit, Drury filed a motion for preliminary injunction seeking to enjoin Clearview's alleged violations of Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, which resulted in defendants changing many of their business practices to avoid court-mandated changes. As the *Mutnick* case unfolded, Drury successfully defended against Clearview's motions to transfer venue and for lack of personal jurisdiction. Drury also successfully moved to consolidate the cases filed in the Northern District of Illinois. In addition, the Court appointed Drury interim class counsel under Rule 23(g) for the consolidated cases on August 14, 2020, a few days before Clearview filed its motion under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York. After defendants initiated the Joint Panel on Multidistrict Litigation proceedings, Drury organized telephonic meetings of all plaintiffs' counsel to coordinate and build a coalition in response to Clearview's filings.

Equally important, although the multidistrict cases involve several different theories of liability, every case has a BIPA claim, except *Roberson*, which alleges violations of Virginia Code § 8.01-40, the Virginia Computer Crimes Act. Drury's background and experience in bringing BIPA cases far surpasses Guglielmo's experience. In fact, the BIPA claims in the multidistrict cases has made Illinois the focal point for these lawsuits. Drury's superior knowledge of BIPA weighs heavily in favor of appointing Drury as interim lead counsel.

Furthermore, according to the plaintiffs in the consolidated Northern District of Illinois cases, Drury consistently worked to collaborate with all plaintiffs and counsel. Counsel for plaintiff Anthony Hall states that his case has already benefit from the insights, expertise, and resources that Drury and Loevy & Loevy have brought to the table. Chris Marron's counsel submits that Drury spearheaded the early discovery and investigation in this case and proactively organized the widely-attended February 2, 2021 mediation before Judge Andersen. Likewise, plaintiffs in the Southern District of New York case *Caledron* assert that Drury's investigative efforts represented a high standard of professionalism, dedication, and thoroughness. After reviewing the various filings and presiding over the Northern District of Illinois cases, it is abundantly clear that Drury will best be able to represent the interests of all of the class members.

**Conclusion**

Based on the foregoing, the Court appoints Scott R. Drury of Loevy & Loevy as interim lead counsel under Rule 23(g).

Date: 3/10/2021

Entered:

SHARON JOHNSON COLEMAN
United States District Judge

3