IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Clearview AI, Inc., Consumer Privacy Litigation | ) ) ) ) ) ) ) ) Case No. 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

**JOINT PROPOSED CASE MANAGEMENT AND DISCOVERY PLAN**

Pursuant to the Court's February 11, 2021 Order (Dkt. 8) and the discussion at the March 12, 2021 status conference, Plaintiffs and Defendants, by and through appointed lead counsel for Plaintiffs and defense counsel, submit this Joint Proposed Case Management and Discovery Plan.

**I.      Nature of the Case**

This consolidated multidistrict litigation ("MDL") arises out of allegations that: (a) Defendants Clearview AI, Inc., Hoan Ton-That and Richard Schwartz (the "Clearview Defendants") collected over three billion photographs from the Internet and unlawfully collected, captured, obtained, distributed and profited from the biometric data of Plaintiffs and members of Illinois, nationwide, Virginia and California putative classes that Defendants derived from those photographs; and (b) Defendants Wynndalco Enterprises, LLC, Andalcio and Flores conspired with the Clearview Defendants to carry out the above-described allegedly unlawful activity. The various complaints consolidated in this MDL assert claims for, *inter alia*, violations of: (a) Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, as well as other state statutes; (b) unjust enrichment; and (c) plaintiffs' and class members' civil rights.

**II.     Proposed Case Management and Discovery Plan**

Lead counsel for Plaintiffs and counsel for the Clearview Defendants have exchanged proposals for a case management and discovery plan and have met and conferred regarding the

same.[1] The parties have reached agreement on the date for the filing of a consolidated or representative complaint and tentatively have agreed on a briefing schedule for any motion to dismiss that Defendants may file.[2] Further, the parties have been able to narrow their differences on some discovery-related deadlines. However, the parties have not been able fully agree on a case management and discovery plan. The parties' respective proposals and brief statements in support thereof are set forth below.

| Action | Plaintiffs' Proposal | Clearview Defendants' Proposal |
|---|---|---|
| Consolidated/Representative Complaint | Apr. 9, 2021 | Apr. 9, 2021 |
| Rule 26 Disclosures | Apr. 16, 2021 | May 7, 2021 |
| Answer or Responsive Motion | May 24, 2021 | May 24, 2021 |
| Response to any motion | June 21, 2021 | June 21, 2021 |
| Reply in support of motion | July 12, 2021 | July 12, 2021 |
| Joinder of Additional Parties | Oct. 1, 2021 | Aug. 20, 2021 |
| Fact Discovery Close | Oct. 21, 2021 | April 22, 2022 |
| Plaintiffs' Expert Disclosures | Nov. 22, 2021 | May 23, 2022 |
| Defendants' Expert Disclosures | Dec. 22, 2021 | July 22, 2022 |
| Rebuttal Disclosures | Jan. 24, 2022 | Defendants do not believe rebuttal disclosures are necessary |
| Expert Discovery Close | Feb. 24, 2022 | Sept. 23, 2022 |
| Dispositive Motions | Mar. 24, 2022 | Oct. 28, 2022 |
| Class Certification Motion | Plaintiffs reserve the right to file at any time | No earlier than 60 days after the Court rules on Defendants' motion to dismiss |

---

[1] Plaintiffs unsuccessfully sought to have a Federal Rule of Civil Procedure 26(f) conference in connection with this filing. Defendants prefer to have the Rule 26(f) conference in due course after the filing of an operative consolidated complaint in these proceedings.

[2] Plaintiffs have agreed to the filing date and briefing schedule for any motion to dismiss to the extent discovery moves forward consistent with Plaintiffs' discovery proposal.

A. **Plaintiffs' Position**

The first-filed complaint in this MDL was filed on January 22, 2020, over one year ago. Shortly thereafter, the eight other actions that are part of this MDL were filed. In addition to the MDL, there are two actions pending against Defendant Clearview AI, Inc. in the Circuit Court of Cook County, Illinois[3] and one action pending in California state court.[4] The complaints in *ACLU* and *Thornley* allege BIPA violations. The plaintiffs in *Thornley* have moved to certify a class of Illinois residents harmed by Defendant Clearview AI, Inc.'s alleged violation of BIPA § 15(c). In *ACLU*, Defendant Clearview AI, Inc. already has moved to dismiss. The motion has been fully briefed, and a hearing is set on April 2, 2021.

Given the amount of time the complaints underlying this MDL have been pending, as well as the other above-described litigation, Defendants are well aware of the issues in this case and the nature of the discovery that will be required. As such, there is no reason to delay Rule 26(a)(1) disclosures or prolong discovery. Plaintiffs' proposed schedule provides for seven months of fact discovery, which allows for fulsome discovery, while also allowing this MDL to swiftly and efficiently move towards a final resolution in an orderly manner.

Further, given the nature of Plaintiffs' claims and the proposed classes, there is no need to delay the filing of a class certification motion until after the Court rules on any motion to dismiss that Defendants may file. Unlike many cases, Plaintiffs do not anticipate that class certification will require fact-intensive discovery. Notably, should Plaintiffs choose to file a class certification motion prior to the Court ruling on Defendants' motion to dismiss, the motion could potentially

---

[3] The two actions are: (a) *American Civil Liberties Union v. Clearview AI, Inc.* ("*ACLU*"), No. 2020 CH 4353 (Cir. Ct. Cook Cnty.); and (b) *Thornley v. Clearview AI, Inc.* ("*Thornley*"), No. 2020 CH 4348 (Cir. Ct. Cook Cty.).

[4] The California state court action is captioned *Renderos v. Clearview AI, Inc.* ("*Renderos*"), No. RG21091138, (Alameda Cnty. Sup. Ct.).

benefit Defendants, as any post-certification ruling would apply to all class members. Additionally, given that the plaintiffs in *Thornley* already have moved for class certification, the MDL Plaintiffs could be prejudiced if they are barred from filing their class certification motion.

### B. Clearview Defendants' Position

These MDL proceedings currently lack an operative, consolidated complaint. Even in one's absence, the Clearview Defendants anticipate a complex litigation involving numerous claims on behalf of numerous putative classes encompassing the nine separate actions filed against the Clearview Defendants. Moreover, discovery in this highly technical MDL is likely to be wide-ranging. Plaintiffs are not simply challenging one aspect of Clearview's business; rather, they effectively are challenging Clearview's entire operation over the course of a multi-year period. Thus, the Clearview Defendants expect that Plaintiffs will serve expansive discovery requests and seek to depose numerous party and non-party witnesses. Relatedly, the time to review and produce documents and the effort to prepare for depositions will inevitably be time-intensive given the highly technical nature of Clearview's technology and operations. In light of the above, the Clearview Defendants' proposal to complete fact discovery one year after the filing of the operative complaint is eminently reasonable.

In contrast, Plaintiffs' proposal to complete fact discovery within six months of the filing of the operative complaint is unreasonable and unrealistic. The fact that other state-court actions are pending against Clearview has no impact on the discovery schedule here. Indeed, discovery has not yet started in any of the other cases against Clearview cited by Plaintiffs. Moreover, the Court should reject Plaintiffs' highly unusual request to reserve their right to file a motion for class certification prior to the Court's ruling on Defendants' anticipated motion to dismiss. There is no urgency to class certification, and a ruling on Defendants' anticipated motion to dismiss could

significantly narrow the claims and the scope of class certification briefing. Moreover, if a class were certified *before* the Court were to rule on dispositive motions, the parties could face the logistical burden of engaging in a class notice program and collecting opt-outs from the class members, without which the class members would not be bound by the Court's subsequent ruling. Simply put, it would be inefficient to address class certification before the Court rules on the Clearview Defendants' motion to dismiss.

As for *Thornley*, the Clearview Defendants have a status hearing in that case this week and will request a stay on class certification briefing until after the court there resolves Clearview's anticipated motion to dismiss. In any event, a state-court class certification ruling in *Thornley* will not have an impact on a class certification ruling here, especially given the highly unusual and circumscribed nature of the putative class definition in that case, as the Court here is aware.

Dated: March 22, 2021

Respectfully submitted:

/s/ Scott R. Drury
    SCOTT R. DRURY
    *Plaintiffs' Lead Class Counsel*

Mike Kanovitz
Scott R. Drury
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
312.243.5900
drury@loevy.com

/s/ Lee Wolosky
    LEE WOLOSKY
    *Lead Counsel for Defendant Clearview AI, Inc.*

Lee Wolosky
Andrew J. Lichtman
Jenner & Block LLP
919 Third Avenue
New York, NY 10022
212.891.1600
lwolosky@jenner.com

Howard S. Suskin
David P. Saunders
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
312.222.9350

5

/s/ Floyd Abrams
FLOYD ABRAMS
*Lead Counsel for Defendants Hoan Ton-That and Richard Schwartz*

Floyd Abrams
Joel Kurtzberg
Cahill Gordon & Reindell LLP
32 Old Slip
New York, NY 10005
212.701.3621

6

## **CERTIFICATE OF SERVICE**

I, Scott R. Drury, an attorney, hereby certify that, on March 22, 2021, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Scott R. Drury
Plaintiffs' Lead Class Counsel