IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Clearview AI, Inc. Consumer Privacy Litigation | Civil Action File No.: 1:21-cv-00135 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Maria Valdez |

**PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY IN CONNECTION WITH PLAINTIFFS' PENDING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs David Mutnick, Mario Calderon, Jennifer Rocio, Anthony Hall and Isela Carmean, on behalf of themselves and all others similarly situated, by appointed interim lead class counsel, respectfully move this Court for an Order: (a) permitting narrowly-tailored written and oral expedited discovery in connection with their pending Motion for Preliminary Injunction (Dkt. 30); and (b) extending the date of Plaintiffs' reply in support of the preliminary injunction motion to May 17, 2021, in order to allow the requested discovery to proceed. In support of this motion, Plaintiffs state as follows:

**INTRODUCTION**

In response to Plaintiffs' Motion for Preliminary Injunction (the "Motion"), Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That and Richard Schwartz (collectively, the "Clearview Defendants"), among other things: (a) submitted a 49-paragraph declaration of Clearview's General Counsel, Defendant Thomas Mulcaire (the "Declaration") (Dkt. 43-1); and (b) requested an evidentiary hearing to the extent that Mr. Mulcaire's credibility is an issue. Dkt. 43 at 7-8.[1] In the Declaration, Mr. Mulcaire makes numerous unsupported and/or conclusory

---

[1] Citations to docketed filings are to the page numbers at the bottom of the briefs/orders, not the CM/ECF-stamped page numbers.

1

statements regarding Clearview's purported business practices, procedures and plans; security procedures; and inability to comply with the requested injunction.

In order to address the assertions in the Declaration, Plaintiffs seek to: (a) issue four narrowly-tailored interrogatories; (b) issue four narrowly-tailored document requests; and (c) take the deposition of Defendant Mulcaire and, if different from Defendant Mulcaire, the deposition of a Fed. R. Civ. P. 30(b)(6) designee related to the topics addressed in the written discovery. In light of the pending Motion and the factual issues raised by the Clearview Defendants in their response, the requested discovery is reasonable, which is the standard for evaluating requests for expedited discovery. *See Ibarra v. City of Chicago*, 816 F.Supp.2d 541, 554 (N.D. Ill. 2011).[2]

## BACKGROUND FACTS AND PROCEDURAL HISTORY

*The Preliminary Injunction Motions*

On April 8, 2021, Plaintiff Mutnick moved for a preliminary injunction in *Mutnick v. Clearview AI, Inc.* ("*Mutnick*"), No. 20-cv-512 (N.D. Ill.), seeking to enjoin the Clearview Defendants from violating BIPA. *Mutnick* Dkt. 31. On August 14, 2021, after the parties fully briefed the motion, the Court requested that Plaintiffs' counsel submit a proposed order. *See Mutnick* Dkt. 100-1; *see Mutnick* Dkt. 56, 63-65. On August 18, 2021, before the Court ruled on the injunction motion, the Clearview Defendants initiated proceedings before the Joint Panel on Multidistrict Litigation (the "JPML") and sought to transfer *Mutnick* to the Southern District of New York. *Mutnick* Dkt. 92.

---

[2] In filing this motion, Plaintiffs are mindful of the Court's recent order denying a motion for leave to file an *amicus* brief. Dkt. 42. Plaintiffs do not make the request herein for purposes of delay or to unnecessarily add to the already extensive briefing in this case and *Mutnick v. Clearview AI, Inc.*, No. 20-cv-512, regarding the request for injunctive relief. Plaintiffs file this motion out of an abundance of caution. Should the Court be inclined to order an evidentiary hearing, Plaintiffs need to ensure they have necessary evidence. Further, Plaintiffs want to avoid any prejudice that may result from not obtaining information the Court deems necessary to rebut the Declaration.

The JPML ultimately transferred all related litigation in this Court. Dkt. 1. On March 12, 2021, this Court ordered Plaintiffs to file any preliminary injunction motion on or before April 9, 2021, which they did. Dkt. 26, 30. Plaintiffs' motion, again, seeks to enjoin Defendants from violating BIPA and sets forth the specific relief requested. *See* Dkt. 30-31.

In its March 12, 2021 Order, the Court also encouraged the parties to work on an agreed preliminary injunction order. Dkt. 26. The parties have met and conferred on various occasions regarding a possible agreed preliminary injunction order, and on April 5, 2021, Plaintiffs provided the Clearview Defendants with a proposed agreed preliminary injunction order. Declaration of Scott R. Drury ¶ 3. The Clearview Defendants have not responded to the proposal. *Id.* Plaintiffs' recently requested that the Clearview Defendants respond to the proposal, and the Clearview Defendants have stated that they intend to do so. *Id.*

On April 30, 2021, the Clearview Defendants responded to the Motion. Dkt. 43. In the response, the Clearview Defendants make sundry arguments as to why the Court should deny the Motion, including that: (a) Clearview allegedly is exempt from BIPA because, according to the Clearview Defendants, Clearview's "only licensed users are government agencies or their contractors or agents" (Dkt. 43 at 8); (b) Clearview has allegedly instituted a number of "reasonable safeguards" to secure its data (*id.* at 4); (c) Clearview allegedly does not "sell, lease, trade, disseminate, or provide access to any facial vectors to its customers" (*id.* at 4); (d) Clearview allegedly "cannot determine whether the individuals in the images it collects live in Illinois" (*id.* at 3); (e) Clearview's customers allegedly are bound by terms and conditions that require them not to upload photographs of Illinois residents and only allow use of the app for law enforcement purposes (*id.* at 6); and (f) the photographs Clearview collects, captures and obtains are publicly available (*id.* at 3).

3

*The Declaration*

In support of the various assertions made in their response, Defendants submitted the Mulcaire Declaration. Dkt. 43-1. Among other defects, many of the assertions in the Declaration are conclusory in nature and otherwise lack a proper foundation. *See id.*

Neither the Declaration nor the Clearview Defendants' response address Defendant Mulcaire's demonstrated lack of credibility (Dkt. 30 at 9-10), other than to state that any credibility issues should be determined at an evidentiary hearing. Dkt. 43 at 7-8. Further, neither the Declaration nor the response acknowledge Defendant Mulcaire's status as a defendant in this case, which necessarily makes the assertions in the Declaration self-serving.[3]

*The Requested Discovery*

On March 24, 2021, the Court ordered Fed. R. Civ. P. 26(a)(1) disclosures to be served on or before May 7, 2021 and fact discovery to be completed by January 26, 2022. Dkt. 28. As such, the parties may issue written discovery and notice depositions.

To address the information raised in the Declaration and the response, Plaintiffs seek the following narrowly-tailored discovery:

**Interrogatories**

| INTERROGATORY | ISSUE(S) ADDRESSED |
|---|---|
| 1. Please provide the names of the websites and/or apps from which Clearview collects what it describes as publicly-available images, as described in paragraph 7 of the Declaration, and describe the data and metadata collected from those photographs, as described in paragraphs 9-10 of the Declaration. | Information available to the Clearview Defendants regarding the residency of subjects in photographs they collect. |

---

[3] Relatedly, neither the Clearview Defendants nor Defendant Mulcaire acknowledge that Defendant Mulcaire has been evading service. *See* Declaration of Scott R. Drury ¶¶ 10-11. Defendant Mulcaire seemingly believes that he can participate in this litigation at his leisure when he finds it beneficial to him and/or to those with whom he works.

4

| INTERROGATORY | ISSUE(S) ADDRESSED |
|---|---|
| 2. Please identify Clearview's current and former users, the dates of any contracts or other agreements with such users and the parties to those contracts or agreements. | The Clearview Defendants' claimed exemption under BIPA § 25(e), which provides that "[n]othing in this Act shall be construed to apply to a contractor subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government." 740 ILCS 14/25(e). |
| 3. Please state the time period during which Clearview and/or its predecessors, agents or principals has collected images from the Internet and, if different, the time period during which Clearview and/or its predecessors, agents or principals collected, captured or obtained "facial vectors" – as that term is used throughout the Declaration – from those images. | The Clearview Defendants' claimed BIPA § 25(e) exemption – namely, whether the Clearview Defendants collected, captured and obtained Plaintiffs' and Class Members' biometrics "when working for" a "State agency or local unit of government." |
| 4. Please state the total number of images collected by Clearview and/or any of its predecessors and the percentage of those images that Clearview, Ton-That and/or Schwartz: (a) believe to contain images of Illinois residents; and/or (b) have segregated from Clearview's searchable database pursuant to what Clearview has described as its "voluntary changes" to its business practices. *See* Declaration ¶¶ 32-45. | • The Clearview Defendants' ability to identify Illinois residents<br>• The number of Illinois residents harmed by the Clearview Defendants' conduct |

**Document Requests**

| REQUEST | ISSUE(S) ADDRESSED |
|---|---|
| 1. Please produce 25 examples of "facial vectors" as that term is used throughout the Declaration. | • The specific information being collected, captured and obtained by the Clearview Defendants<br>• The distinction between what the Clearview Defendants describe as "facial vectors" and photographs |

| REQUEST | ISSUE(S) ADDRESSED |
|---|---|
| 2. Please produce 25 examples of the information provided or returned to Clearview users who upload a probe image from which a "facial vector" – as that term is used throughout the Declaration – is obtained and subsequently matched with a facial vector in Clearview's "database" – as that term in described in paragraph 8 of the Declaration. | This request addresses the Clearview Defendants' contention that they did not violate BIPA because they did not "sell, lease, trade, disseminate, or provide access to any facial vectors to [Clearview's] customers." |
| 3. Documents related to any attempt(s) to verify that Clearview customers are adhering to Clearview's terms of use and user agreements as those terms and agreements are described in the Declaration. | Whether and how the Clearview Defendants are ensuring that users are not using Clearview's product to research or identify Illinois residents and that only authorized users have access to the product. |
| 4. Please produce documents supporting the contention that "millions of dollars" would be needed to "compensate Clearview" if an injunction is entered. | • The purported harm to the Clearview Defendants posed by the requested injunction.<br>• The impact, if any, the purported "voluntary changes" had on Clearview's business |

**Depositions**

1. Thomas Mulcaire – related to the topics addressed in the Declaration and his credibility.

2. To the extent different from Defendant Mulcaire, a Fed. R. Civ. P. 30(b)(6) designee to testify regarding the topics addressed in the written discovery.

*Plaintiffs Sought the Clearview Defendants' Agreement*

In an effort to avoid contested motion practice, shortly after receiving the response brief, Plaintiffs' counsel asked defense counsel if they would agree to targeted expedited discovery. Declaration of Scott R. Drury ¶ 4. In that same email, Plaintiffs proposed an Agreed Confidentiality Order that was almost identical to confidentiality orders entered by Judge Kocoras and Judge Norgle in pending BIPA cases involving facial recognition technology. *Id.* ¶ 5.

In response to Plaintiffs' email, defense counsel requested a description of the discovery at issue and sought to make their production of discovery contingent on deposing Plaintiffs regarding Plaintiffs' irreparable harm and having the opportunity to file a 15-page sur-reply. *Id.* ¶ 6. Defense counsel did not address the proposed Agreed Confidentiality Order. *Id.*

At the request of Plaintiffs' counsel, the parties met and conferred at noon on May 3, 2021. *Id.* ¶ 7. During the conference, Plaintiffs' counsel: (a) described the discovery sought; (b) stated that Plaintiffs planned to file a motion for expedited discovery on May 3, 2021 in order to bring the issue to the Court's attention sufficiently in advance of their reply brief being due; and (c) stated that Plaintiffs would not agree to the conditions defense counsel sought to place on the discovery. *Id.* Regarding the conditions, Plaintiffs' counsel explained that Plaintiffs' irreparable harm is well-described in BIPA and the caselaw. *Id.* Further, Plaintiffs' counsel explained that a sur-reply was not warranted given that Plaintiffs merely seek discovery on fact issues raised by Defendants. *Id.* Shortly after the conference, Plaintiffs' counsel sent defense counsel a written description of the discovery sought. *See id.*

On May 3, 2021, at 4:24 p.m., defense counsel informed Plaintiffs' counsel that they had not yet even consulted with their clients regarding Plaintiffs' request. *Id.* ¶ 8. Defense counsel generically noted that the requested discovery seemed overbroad. *See id.*

## ARGUMENT

### I. Legal Standards

A court has wide discretion in managing discovery. *Ibarra*, 816 F.Supp.2d at 554. In determining whether to allow expedited discovery, courts in this District and within the Seventh Circuit evaluate the entirety of the record and the reasonableness of the request, taking into consideration the surrounding circumstances. *Id.*; *see also Campaignzero, Inc. v. Staywoke, Inc.*,

No. 20-cv-6765, 2020 WL 7123066, at *1 (N.D. Ill. Dec. 4, 2020). In determining the reasonableness of the request, a Court may consider: (a) whether there is a pending preliminary injunction motion; (b) the breadth of the requested discovery; (c) the reason for requesting expedited discovery; (d) the burden on the party from whom the discovery is sought; and (e) how far in advance of the typical discovery process a party made the request. *Ibarra*, 816 F.Supp.2d at 554.

## II. The Entirety of the Record Shows that Plaintiffs' Request for Expedited Discovery Is Reasonable.

Examination of the entirety of the record and surrounding circumstances shows that Plaintiffs' request for expedited discovery is reasonable. Accordingly, the Court should grant this motion.

Each of the reasonableness factors weighs in favor of the narrowly-tailored expedited discovery Plaintiffs request. First, there is a pending a preliminary injunction motion and issues related to that motion have prompted the request for expedited discovery. Second, Plaintiffs seek narrow, targeted discovery directly related to factual issues raised in the Clearview Defendants' response and Mulcaire's Declaration. Third, the purpose of Plaintiffs' request for expedited discovery is so that they may obtain evidence regarding the assertions raised in the Clearview Defendants' response. Plaintiffs seek that evidence so that they may have it in the event the Court orders an evidentiary hearing and to avoid any prejudice of not rebutting with evidence the claimed factual assertions in the Declaration. Fourth, the requested discovery should not burden the Clearview Defendants (or any burden would be minimal) because of the: (a) targeted nature of the requests; and (b) the Clearview Defendants should have already gathered the requested information in connection with preparing the Declaration. Fifth, because discovery already has begun, the request is not made in advance of the typical discovery process.

8

In addition to the factors analyzed above, Plaintiffs have proposed an Agreed Confidentiality Order virtually identical to Agreed Confidentiality Orders entered by other judges in this District in pending BIPA cases involving facial recognition technology. As such, any claimed concern the Clearview Defendants may have regarding the confidentiality of their information can easily be resolved.

Finally, the requested discovery should not cause any significant delay in the ultimate resolution of the Motion. Plaintiffs propose that: (a) the Clearview Defendants respond to the discovery requests on or before May 7, 2021; (b) Defendant Mulcaire's deposition proceed on May 11, 2021; (c) any Rule 30(b)(6) deposition proceed on May 12, 2021; and (d) the date for Plaintiffs' reply brief only be extended to May 17, 2021.

## CONCLUSION

Because Plaintiffs' have demonstrated the reasonableness of their request for expedited discovery, this Court, in its discretion, should grant their request for expedited discovery and: (a) order Defendants to respond to the written discovery requests on or before May 7, 2021; (b) order Defendant Mulcaire to be produced for his deposition on May 11, 2021; (c) to the extent different from Defendant Mulcaire, order the Clearview Defendants to produce a designee pursuant to Fed. R. Civ. P. 30(b)(6) on May 12, 2021; and (d) extend the date for Plaintiffs' reply to May 17, 2021.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order granting their request for expedited discovery and: (a) ordering Defendants to respond to the written discovery requests on or before May 7, 2021; (b) ordering Defendant Mulcaire to be produced for his deposition on May 11, 2021; (c) to the extent different from Defendant Mulcaire, ordering the Clearview Defendants to produce a designee pursuant to Fed. R. Civ. P. 30(b)(6) on May 12, 2021; and (d) extending the date for Plaintiffs' reply to May 17, 2021.

Dated: May 3, 2021

        Respectfully submitted,

By:   /s/ Scott R. Drury
      SCOTT R. DRURY
      *Interim Lead Class Counsel for Plaintiffs*

Mike Kanovitz
Scott R. Drury
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
drury@loevy.com

Scott A. Bursor
Joshua D. Arisohn
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
646.837.7150
scott@bursor.com
jarisohn@bursor.com

Frank S. Hedin (to be admitted *pro hac vice*)
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
415.766.3534
fhedin@hedinhall.com

Michael Drew
**NEIGHBORHOOD LEGAL LLC**
20 N. Clark Street #3300
Chicago, Illinois 60602
312.967.7220
mwd@neighborhood-legal.com

Michael Wood
Celetha Chatman
**COMMUNITY LAWYERS LLC**
20 N. Clark Street, Suite 3100
Chicago, Illinois 60602
312.757.1880
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

Steven T. Webster
Aaron S. Book
**WEBSTER BOOKK LLP**
300 N. Washington, Ste. 404
Alexandria, Virginia 22314
888.987.9991
swebster@websterbook.com

*Other Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I, Scott R. Drury, an attorney, hereby certify that, on May 3, 2021, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                 /s/ Scott R. Drury
                 *Interim Lead Class Counsel for Plaintiffs*