IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | ) ) ) Case No. 1:21-cv-00135 ) ) Hon. Sharon Johnson Coleman ) ) |

**CLEARVIEW DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Over a year ago, on April 8, 2020, Plaintiff Mutnick filed a motion for a preliminary injunction seeking to enjoin Clearview's operations based on Plaintiffs' claim that Clearview's operations violate the Illinois Biometric Information Privacy Act ("BIPA"). Those proceedings were stayed pending MDL consolidation. Plaintiffs filed a substantially similar preliminary injunction motion last month seeking to enjoin Clearview's operations. Dkt. 30-31. Neither motion included a single affidavit or declaration in support. Last week, Defendants submitted sworn statements and exhibits in opposition that demonstrate that Clearview's operations do not violate BIPA, there is no past, current, or future harm to Plaintiffs, Clearview would be severly harmed by Plaintiffs' proposed injunction by possibly being put out of business, and the public would be irreparably harmed as well. Dkt. 43-1–43-8. Now Plaintiffs have suddenly—and unexpectedly—moved for expedited discovery to support their motion, which is due to be fully briefed in three days. Dkt. 44. Their motion should be denied or, in the alternative, should be limited to the deposition testimony described below.

*First*, Plaintiffs' motion is untimely. Plaintiffs cite to no authority for granting a motion for expedited discovery in the midst of briefing their own preliminary injunction motion, after an

1

opposition has been filed, and for the purported purpose of "ensur[ing] they have necessary evidence" in the event the Court orders an evidentiary hearing. Br. at 2 n.2. Of course, the very purpose of conducting an evidentiary hearing is to adduce relevant evidence. And in this case, Plaintiffs have had over a year to consider their motion for a preliminary injunction, and seeking discovery days before briefing is set to close to prepare for a hypothetical evidentiary hearing is too late. Plaintiffs should have moved for expedited discovery at the time they filed their motion. *E.g. Campaignzero, Inc. v. Staywoke Inc.*, No. 20-CV-06765, 2020 WL 7123066, at *2 (N.D. Ill. Dec. 4, 2020) (granting in part motion for expedited discovery filed one day after preliminary injunction motion, and entering a briefing schedule with all briefs due after conclusion of expedited discovery); *CGB Diversified Servs., Inc. v. Morrison*, No. 20-CV-3043, 2020 WL 4547885, at *4 (C.D. Ill. Apr. 2, 2020) (granting in part a motion for expedited discovery filed concurrently with preliminary injunction motion). We are aware of no court ordering discovery at such a late stage before briefing is set to close—and for good reason: it would waste judicial and party resources by encouraging the filing of motions without any of the necessary groundwork having been done. Plaintiffs should not be rewarded for their delay in seeking expedited discovery, which would incent such conduct and only further delay the adjudication of Mutnick's prelinary injunction motion.¹

*Second*, Plaintiffs' discovery requests are overbroad, since they extend far beyond the need to respond to Defendants' opposition, and the timelines they propose for conducting that discovery are wildly unrealistic. Although granting expedited discovery is within the Court's discretion,

---

¹ In the event the Court grants the motion for expedited discovery, Defendants request (1) a two-week period to conduct expedited discovery regarding Plaintiffs' claims of irreparable injury and (2) permission to file a sur-reply of no more than 15 pages addressing Plaintiffs' reply memorandum of law and the evidence produced during discovery.

district courts within the Seventh Circuit evaluate a motion for expedited discovery "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). "In applying the 'reasonableness' standard, factors a Court may consider include (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* Discovery will not be granted where the requests "seek matter irrelevant to any possible injunction issues that may arise in the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). No party should be required to respond on an expedited basis to discovery requests that "go well beyond the scope of the preliminary injunction proceedings," even if the requests would be reasonable "as discovery proceeds on the merits." *Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 CV 10665, 2017 WL 3597518, at *3 (N.D. Ill. Mar. 13, 2017). Any "overbreadth" of discovery requests and "misfocus of the issues" is "strongly suggestive of harassment," and indicative that there is no need for such discovery. *Merrill Lynch*, 194 F.R.D. at 623.

Here, Plaintiffs seek discovery that goes far beyond what is needed to respond to the Mulcaire declaration filed in support of Defendants' opposition. For instance, "examples of 'facial vectors'" (Document Request 1) do not bear on the merits of the preliminary injunction motion. Neither does the "total number of images collected by Clearview and/or any of its predecessors and the percentage of those images that Clearview, Ton-That and/or Schwartz . . . have segregated from Clearview's searchable database" (Interrogatory 4). Likewise, a list of Clearview's "former users, the dates of any contracts or other agreements with such users," (Interrogatory 2), and "the

3

time period during which Clearview . . . has collected images from the Internet" (Interrogatory 3) do not have any bearing on the forward-looking injunctive relief Plaintiffs have put before the Court.

Other requests seek exhaustive information that, aside from being irrelevant to the preliminary injunction motion, would be difficult to compile, such as all of "the websites and/or apps from which Clearview collects" images (Interrogatory 1) and 25 examples each of facial vectors (Document Request 1) and "the information provided or returned to Clearview users" (Document Request 2). It is wildly unrealistic to propose that the proposed document discovery be completed within three days. Obtaining responsive documents and conducting depositions would take a least a month to complete, given the amount of work needed to search for and compile this information, none of which work has begun to date.[2]

A more efficient way to obtain relevant information on topics such as Clearview's practice of collecting photographs or facial vectors would be to depose a Clearview employee in an individual or Rule 30(b)(6) capacity. In fact, in order to avoid the need for judicial intervention, Defendants offered Plaintiffs the opportunity to take the deposition of Thomas Mulcaire, the declarant upon whom Defendants relied in their opposition to the preliminary injunction motion, and whose declaration prompted Plaintiffs request for expedited discovery. Declaration of Lee Wolosky ("Wolosky Decl.") ¶ 3. Plaintiffs refused that request. *Id.* ¶ 4.

Plaintiffs' insistence on receiving documents far beyond the scope of the factual issues raised by their motion demonstrates that their motive is not to obtain evidence that is necessary to support their motion—which they made more than one year ago without ever seeking discovery—

---

[2] Contrary to Plaintiffs' bald assertion that Clearview "should have already gathered the requested information in connection with preparing" Mr. Mulcaire's declaration, Br. at 8, Clearview did not and did not need to collect documents to prepare a declaration that set forth facts within Mr. Mulcaire's knowledge.

but rather to harass Clearview and conduct a fishing expedition in an attempt to salvage their motion. Their motion should be denied, or, in the alternative, any relief should be modified as set forth herein.

May 4, 2021                          Respectfully submitted,

By:    /s/ Lee Wolosky
Lee Wolosky (admitted pro hac vice)
Andrew J. Lichtman (pro hac vice pending)
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
Phone: (212) 891-1600
lwolosky@jenner.com
alichtman@jenner.com

Howard S. Suskin
David P. Saunders
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
hsuskin@jenner.com
dsaunders@jenner.com

Floyd Abrams (admitted pro hac vice)
Joel Kurtzberg (admitted pro hac vice)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Phone: (212) 701-3000
fabrams@cahill.com
jkurtzberg@cahill.com

Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That, Richard Schwartz, and Rocky Mountain Data Analytics LLC

## **CERTIFICATE OF SERVICE**

I certify that on May 4, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

By:   /s/ Lee Wolosky
Lee Wolosky
