IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Clearview AI, Inc. Consumer Privacy Litigation | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY IN CONNECTION WITH PLAINTIFFS' PENDING MOTION <u>FOR PRELIMINARY INJUNCTION</u>**

In their opposition to Plaintiffs' Motion for Expedited Discovery (Dkt. 45), the Clearview Defendants feign surprise at the fact that Plaintiffs would seek discovery regarding purported factual assertions made by a defendant in this case who previously made demonstrably false statements to the Illinois Secretary of State and has evaded service. The Clearview Defendants' opposition makes clear that they submitted Defendant Mulcaire's Declaration with the hope that Plaintiffs would not have the ability to challenge his conclusory and unsupported statements. The Court should not condone such a strategy and should grant Plaintiffs' request for expedited and narrowly-tailored discovery.

None of the arguments raised in the opposition supports a different conclusion.

*First*, as set forth in Plaintiffs' motion, the factors a court should consider in determining whether to grant expedited discovery are well-settled, *see Ibarra v. City of Chicago*, 816 F.Supp.2d 541, 554 (N.D. Ill. 2011), and strongly weigh in favor of granting Plaintiffs' request for expedited discovery. The Clearview Defendants' contention that Plaintiffs' request for expedited discovery

1

is untimely (*see* Dkt. 45 at 2[1]) lacks support. The Clearview Defendants do not cite to any legal authority holding that a court should disregard the well-settled expedited discovery factors when a request for expedited discovery is made during the briefing of a preliminary injunction motion. Indeed, the first factor a court is to consider in determining whether to grant expedited discovery is whether a preliminary injunction motion is pending. *See Ibarra*, 816 F.Supp.2d at 554.

The Clearview Defendants' contention that granting Plaintiffs' motion would encourage the filing of motions that have not properly been investigated (Dkt. 45 at 2) lacks merit. In this case, Plaintiffs have cited sources for the facts underlying their preliminary injunction motion. *See* Dkt. 31 at 2-10. While the Clearview Defendants take issue with the nature of Plaintiffs' evidence, they ignore well-settled authority that makes clear that a plaintiff may rely on hearsay evidence in connection with a preliminary injunction motion. *See Federal Trade Comm'n v. Lifewatch Inc.*, 176 F.Supp.3d 757, 761 (N.D. Ill. 2016) (citing cases). More generally, Fed. R. Civ. P. 11 addresses and deters the type of conduct described by the Clearview Defendants – conduct not at issue here. *See* Fed. R. Civ. P. 11.

*Second*, as detailed in Plaintiffs' motion, their narrowly-tailored discovery requests are not overbroad.

"***Facial Vectors,*** *" also known as Biometric Identifiers:* Contrary to the Clearview Defendants' contention (Dkt. 45 at 3), the request for examples of "facial vectors" directly relates to the preliminary injunction motion, and the Clearview Defendants' defenses thereto. The requested information will show that "facial vectors" – *i.e.*, Plaintiffs' and Class Members' biometric identifiers: (a) are materially different from photographs posted on the Internet; and (b) are not publicly available. This information is therefore relevant to Plaintiffs' irreparable harm –

---

[1] Citations to docketed filings are to the page numbers at the bottom of the briefs/orders, not the CM/ECF-stamped page numbers.

*i.e.*, the unlawful obtainment of their sensitive personal information in violation of the Illinoins Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. The information is also relevant because it will allow Plaintiffs to examine and inquire about the specific measurements the Clearview Defendants' took of Plaintiffs' and Class Members' unique face geometries – an inquiry related to the Plaintiffs' likelihood of success on the merits of their BIPA claims.

***Images of Illinois Residents that the Clearview Defendants have Segregated:*** Plaintiffs' request for the total number of images the Clearview Defendants have collected and the percentage of those images they have segregated pursuant to their "voluntary changes" – *i.e.*, the percentage of images identified as depicting Illinois residents – is relevant to, among other things, the Clearview Defendants' ability to identify Illinois residents. This is critical information given the Clearview Defendants' contention that their inability to identify Illinois residents would make it impossible for them to comply with the requested injunction and cause them to cease operations. Dkt. 43 at 8; Dkt. 43-1, ¶ 11.

***Former Users of Clearview's Database and the Time Period During which Clearview has Collected Images:*** The Clearview Defendants' primary defense to the preliminary injunction motion is that Clearview is exempt from BIPA. *See* Dkt. 43 at 13. The exemption on which the Clearview Defendants rely is narrow in scope and only applies to contractors, subcontractors and agents of the State of Illinois or local units of government when those contractors, subcontractors or agents are working for those governmental bodies: "Nothing in this Act shall be construed to apply to a contractor, subcontractor, or agent of a ***State agency*** or local unit of government ***when working for*** that State agency or local unit of government." 740 ILCS 14/25(e) (emphasis added).

3

BIPA makes clear that "State" refers to the State of Illinois. *See, e.g.,* 740 ILCS 14/5(a) ("Major national corporations have selected the City of Chicago and other locations in ***this State*** . . . .") (emphasis added); *see also State of Illinois – Bill Drafting Manual*, <u>Legislative Reference Bureau</u> (2012), available at https://www.ilga.gov/commission/lrb/Manual.pdf, at 213 (noting that "State" should be capitalized in legislation when referring to the "State of Illinois"). Further, Illinois' Statute on Statutes, 5 ILCS 70/1, *et seq.*, provides that the term "units of local government" has the meaning provided in the Illinois Constitution. 5 ILCS 70/1.28. The Illinois Constitution defines "units of local government" as "counties, municipalities, townships, special districts, and units designated as units of local government by law, which exercise limited governmental powers or powers in respect to limited governmental subjects, but does not include school districts." Ill. Const. Art. VII, sec. 1 (1970).

To the extent the Clearview Defendants collected or obtained Plaintiffs' and Class Members' biometrics before they "worked for" a State agency or local unit of government, the exemption on which they rely would not apply. Similarly, to the extent the Clearview Defendants have contracted with the federal government, non-Illinois state agencies or police departments – which are not local units of government – the exemption on which they rely would not apply. Accordingly, the requested discovery, which seeks information about who the Clearview Defendants worked for, when they contracted for that work and when they engaged in their alleged unlawful conduct is directly relevant to Plaintiffs' likelihood of success on the merits.

*Third*, Plaintiffs' discovery requests are not unduly burdensome. In conclusory fashion, the Clearview Defendants claim that it would difficult to compile: (a) information regarding the websites and apps from which Clearview collects images; (b) examples of facial vectors; and (c) examples of the information provided or returned to Clearview users. Dkt. 45 at 4. The facts belie

4

the claim. In his Declaration, Defendant Mulcaire states that Clearview has a database of facial vectors. *See* Dkt. 45-1, ¶¶ 30-31. As such, providing examples of twenty-five "facial vectors" in that database should not be difficult. Similarly, providing twenty-five examples of the information provided or returned to Clearview users who upload images to Clearview's database should not be burdensome. It merely requires a person to upload twenty-five photographs through the Clearview app and view the results. *See id.* ¶ 13. According to an exhibit the Clearview Defendants submitted in connection with their opposition to the preliminary injunction motion, the Clearview app can return search results in less than 1 second. *See* Dkt. 43-3 at 5 (describing the purported "technical uniqueness" of Clearview's product). Finally, the Clearview Defendants cannot credibly contend that they do not know the sources of the images they scour the Internet for. As such providing that requested information should not pose any burden.

The actual facts and well-settled law demonstrate the propriety of Plaintiffs' request for expedited discovery. Accordingly, the Court, in its discretion, should grant Plaintiffs' request for expedited discovery and: (a) order Defendants to respond to the written discovery requests on or before May 7, 2021[2]; (b) order Defendant Mulcaire to be produced for his deposition on May 11, 2021; (c) to the extent different from Defendant Mulcaire, order the Clearview Defendants to produce a designee pursuant to Fed. R. Civ. P. 30(b)(6) on May 12, 2021; and (d) extend the date for Plaintiffs' reply to May 17, 2021.

Dated: May 4, 2021

---

[2] Plaintiffs recognize that the Court may wish to amend the schedule proposed by Plaintiffs. Given the irreparable harm to which the Clearview Defendants' conduct continues to subject Plaintiffs and Class Members, Plaintiffs proposed a schedule that would not unduly delay resolution of their preliminary injunction motion.

Respectfully submitted,

By: /s/ Scott R. Drury
SCOTT R. DRURY
*Interim Lead Class Counsel for Plaintiffs*

Mike Kanovitz
Scott R. Drury
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
drury@loevy.com

Scott A. Bursor
Joshua D. Arisohn
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
646.837.7150
scott@bursor.com
jarisohn@bursor.com

Frank S. Hedin (to be admitted *pro hac vice*)
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
415.766.3534
fhedin@hedinhall.com

Michael Drew
**NEIGHBORHOOD LEGAL LLC**
20 N. Clark Street #3300
Chicago, Illinois 60602
312.967.7220
mwd@neighborhood-legal.com

Michael Wood
Celetha Chatman
**COMMUNITY LAWYERS LLC**
20 N. Clark Street, Suite 3100
Chicago, Illinois 60602
312.757.1880
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

        Steven T. Webster
        Aaron S. Book
        **WEBSTER BOOKK LLP**
        300 N. Washington, Ste. 404
        Alexandria, Virginia 22314
        888.987.9991
        swebster@websterbook.com

*Other Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I, Scott R. Drury, an attorney, hereby certify that, on May 4, 2021, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                                              /s/ Scott R. Drury
                                          *Interim Lead Class Counsel for Plaintiffs*