IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: Clearview AI, Inc., Consumer Privacy Litigation | ) ) ) ) ) ) ) ) ) ) | No. 21 C 135<br><br>Magistrate Judge<br>Maria Valdez |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Expedited Discovery in Connection with Plaintiffs' Pending Motion for Preliminary Injunction [Doc. No. 44]. For the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

This MDL relates to Plaintiffs' claims against Defendants under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA") related to the practices of Clearview AI, Inc. ("Clearview"). In one case now consolidated with the MDL, 20 C 512 (*Mutnick*), Plaintiffs filed a motion for preliminary injunction on April 8, 2020, and Defendants filed a response on May 6, 2020. Before the motion for preliminary injunction was resolved, the *Mutnick* case was consolidated with the MDL, which was docketed in this Court on January 8, 2021. On April 9, 2021, Plaintiffs filed a motion for preliminary injunction in this case. Defendants Clearview AI, Inc., Hoan Ton-That, and Richard Schwartz ("Clearview Defendants") filed a response on April 30, 2021. Plaintiffs' reply is currently due May 7, 2021.

On May 3, 2021, after the Defendants filed their brief in opposition to the preliminary injunction motion, Plaintiffs filed a motion for expedited discovery related to the pending motion for preliminary injunction. Plaintiffs argue they need certain discovery to rebut assertions made in the declaration of Defendant Thomas Mulcaire (who is also Clearview's general counsel), including that (1) Clearview is exempt from BIPA because Clearview's "only licensed users are government agencies or their contractors or agents"; (2) Clearview has instituted "reasonable safeguards" to secure its data; (3) Clearview does not "sell, lease, trade, disseminate, or provide access to any facial vectors to its customers"; (4) Clearview "cannot determine whether the individuals in the images it collects live in Illinois"; (5) Clearview's customers are subject to terms and conditions that prohibit uploading photographs of Illinois residents and only allow use for law enforcement purposes; and (6) the photographs Clearview collects are publicly available. (Doc. No. 44 at 3.) Plaintiffs argue they need discovery to be able to rebut these assertions effectively "in the event the Court orders an evidentiary hearing and to avoid any prejudice of not rebutting with evidence the claimed factual assertions[.]" (*Id.* at 8.)

Plaintiffs request leave to issue four interrogatories and four requests for production, and leave to conduct the depositions of Mulcaire and a Rule 30(b)(6) witness designated to testify as to the topics in the written discovery requests. The interrogatories include requests for: (1) the names of websites and/or apps from which Clearview collects images, and a description of the data and metadata collected from those photographs; (2) the identities of all Clearview's current and

2

former users, and the dates of and parties to the agreements with the users; (3) the time period during which Clearview has collected images from the Internet and/or obtained "facial vectors" from the images; and (4) the total number of images collected by Clearview, and the percentage of those images that contain images of Illinois residents and/or have been segregated from the searchable database due to Clearview's voluntary changes.

The requests for production include production of: (1) 25 examples of "facial vectors"; (2) 25 examples of the information provided to Clearview users who upload an image from which a "facial vector" is obtained and matched with Clearview database; (3) documents related to any attempt to verify that Clearview customers are adhering to Clearview's terms; and (4) documents supporting the contention that "millions of dollars" would be needed to compensate Clearview if an injunction issues.

Plaintiffs propose that Clearview Defendants respond to the above discovery requests by May 7, 2021; Defendant Mulcaire's deposition proceed on May 11, 2021; any Rule 30(b)(6) deposition proceed on May 12, 2021; and the deadline for Plaintiffs' reply brief be extended to May 17, 2021. Clearview Defendants argue the requested discovery is overbroad, untimely, and Plaintiffs propose a "wildly unrealistic" timeline for the completion of this discovery. (Doc. No. 45 at 2.) Defendants nonetheless offer to agree to Defendant Mulcaire's deposition, to allow Plaintiffs to inquire about the statements in Mulcaire's declaration.

## **DISCUSSION**

Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation or by court order." Expedited discovery is unusual, and the party seeking expedited discovery has the burden of establishing good cause for such a need. *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012). The Court reviews a motion for expedited discovery by considering the entirety of the record and the reasonableness of the request in light of the surrounding circumstances. *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill 2011). In deciding a motion for expedited discovery, courts consider: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery sought; (3) the purpose of requesting expedited discovery; (4) the burden on the opposing party to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Id*.

Plaintiffs filed this recent iteration of the preliminary injunction motion on April 9, 2021. The motion did not contain any supporting affidavits or declarations. And at the filing of the motion, there was no request for expedited discovery. Now, following the Response in opposition and as the Reply brief is nearly due, Plaintiffs seek expedited discovery. They say that they need discovery to combat the lengthy declaration of Mulcaire in order to rebut the many inaccuracies they believe exist in his declaration. (Doc. No. 44 at 1-2.)

4

As for any discovery in advance of a hearing and/or ruling on the preliminary injunction, the Court certainly has the ability to allow discovery on an expedited basis to aid the trial court in assessing Plaintiffs' motion. *Ibarra*, 816 F. Supp. 2d at 554 ("A court has wide discretion in managing the discovery process."). But, having reviewed Plaintiffs' discovery requests, the Court concludes that the Plaintiffs have not met their burden of demonstrating the reasonableness of the requested discovery.

Applying the *Ibarra* factors, the Court finds that the first factor weighs in Plaintiffs' favor as there is a preliminary injunction motion pending, and the fifth factor weighs in their favor as well since the "typical discovery process" has already commenced. However, the second, third and fourth factors weigh heavily in favor of Clearview Defendants.

As to the second and fourth factors, Plaintiffs seek discovery that is beyond the scope of rebutting the Mulcaire declaration and would also be overly burdensome to collect considering the timing of the request and the extensive nature of the requests. It is unclear, for example, how 25 examples of "facial vectors" has any bearing on a focused rebuttal of the Mulcaire declaration. Furthermore, it is significant that Plaintiffs failed to move for expedited discovery prior to the filing of Clearview Defendants' brief in opposition. Plaintiffs clearly did not need expedited discovery to file their motion and brief in support even knowing that the burden of demonstrating the likelihood of success on the merits rests with them. Equally burdensome would be to require the Clearview Defendants to compile

5

all of the websites from which Clearview collects images, and to sift through all the images collected by Clearview and to essentially segregate them by residency, for the purpose of discovery related to rebutting a declaration submitted in opposition to the preliminary injunction. *See, e.g., Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 CV 10665, 2017 WL 3597518, at *3 (N.D. Ill. Mar. 13, 2017) (denying certain expedited discovery requests, stating that "a good portion of the information and documents defendants seek go well beyond the scope of the preliminary injunction proceedings"). Furthermore, Plaintiffs' proposed timeline is especially burdensome, giving Clearview Defendants only a few days to compile the voluminous information.

As to the third factor, Plaintiffs' reason for requesting this expedited discovery is less than convincing and bolsters the Court's conclusion that in light of all the circumstances the request is unreasonable. Plaintiffs first argue that they need this information for an evidentiary hearing that has not been set and may never be set. Plaintiffs also contend they need this discovery to avoid any prejudice resulting from their inability to effectively rebut the claims in Mulcaire's declaration. Plaintiffs are free, however, to make the arguments they made in their motion for expedited discovery, including that Mulcaire lacks credibility and his declaration is self-serving and should be given little weight. Nonetheless, a less burdensome method of providing Plaintiffs with information exists, as explained below.

6

Finally, the timing of Plaintiffs' request weighs against granting the motion. The original preliminary injunction motion was filed in April 2020, and the response to that motion made at least some of the general arguments that Plaintiffs now state they need to be able to rebut with discovery, including that Clearview Defendants have taken measures to cure any alleged violation of BIPA. Plaintiffs were also aware of Mulcaire's alleged lack of credibility earlier on in the case. The filing of the motion for expedited discovery three days before the motion for preliminary injunction is to be fully briefed adds to the unreasonableness of the request based on all the circumstances surrounding it. *See Ibarra*, 816 F. Supp. 2d at 554. Expecting Clearview Defendants to respond to such voluminous requests on an expedited basis, after the briefing process on the motion for preliminary injunction has begun and almost concluded, is unfair and burdensome. Thus, the relevant factors favor Clearview Defendants in light of the circumstances surrounding Plaintiffs' request.

However, the Court finds that the request to allow the deposition of Mulcaire to proceed prior to Plaintiffs' reply deadline is reasonable and narrowly tailored to the need of Plaintiffs to rebut his declaration. Further, in order to provide the Plaintiffs with an opportunity to examine Mulcaire's veracity, the Defendants shall provide the Plaintiffs with all documents that Mulcaire relied upon in forming his declaration statement. Defendants are not required to produce all documents reviewed by Mulcaire, only those he relied upon in forming the statements made for his Court submission. This request is reasonable considering the entire basis of

7

Plaintiffs' motion for expedited discovery was the Mulcaire declaration's contents, the deposition can be completed in one day, and Defendants have agreed to conducting Mulcaire's deposition.

Thus, the Court will order the production of the Mulcaire documents within five days from the date of this Order and will allow Mulcaire's deposition to proceed within seven days from the date of this Order, and Plaintiffs' deadline for their reply in support of the motion for preliminary injunction is extended to May 17, 2021.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Expedited Discovery in Connection with Plaintiffs' Pending Motion for Preliminary Injunction [Doc. No. 44] is granted in part and denied in part as set forth above. Clearview Defendants' Motion for Leave to File Sur-Reply in Opposition to Plaintiffs' Motion for Expedited Discovery [Doc. No. 47] is accordingly denied as moot.

SO ORDERED.   ENTERED:

DATE:   May 6, 2021

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**