IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Clearview AI, Inc. Consumer Privacy Litigation | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

**PLAINTIFFS' EMERGENCY MOTION TO CONVERT THEIR PENDING MOTION FOR PRELIMINARY INJUNCTION INTO A MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs David Mutnick, Mario Calderon, Jennifer Rocio, Anthony Hall and Isela Carmean, on behalf of themselves and all others similarly situated, by appointed interim lead class counsel, respectfully move this Court, pursuant to Federal Rule of Civil Procedure 65, to: (a) convert their pending motion for preliminary injunction (Dkt. 30) into a motion for temporary restraining order and preliminary injunction; and (b) temporarily restrain Defendants[1] from distributing or disseminating Plaintiffs' and Illinois residents' Biometric Data, pending ruling on the preliminary injunction. In support of this motion, Plaintiffs state as follows:

**INTRODUCTION**

1. Plaintiffs bring this Emergency Motion to Convert Their Pending Motion for Preliminary Injunction Into a Motion for Temporary Restraining Order and Preliminary Injunction in order to address information Plaintiffs learned during the May 13, 2021 deposition of Thomas Mulcair, General Counsel of Defendant Clearview. At that deposition, Plaintiffs learned for the first time that Defendants have set up two offshore companies – one in Panama and one in

---

[1] Defined Terms have the same meaning as in Plaintiffs' Motion for Preliminary Injunction (Dkt. 30-31).

Singapore – for the purpose of providing Clearview's software to foreign countries. Mulcaire further testified that the foreign entities could provide Clearview's software in the United States. As set forth in Plaintiffs' Reply in Support of Plaintiffs' Motion for Preliminary Injunction (Dkt. 67), Mulcaire's deposition revealed that: (a) the key aspects of the declaration he prepared in support of Defendants' opposition to Plaintiffs' preliminary injunction motion are unsupported and inaccurate; and (b) Mulcaire is an incredible witness. *See id.* Plaintiffs fear that in an effort to avoid the impact of any injunction this Court may order, Defendants are going to distribute or otherwise disseminate the Biometric Database – containing Plaintiffs' and Illinois residents' Biometric Data – to the offshore companies. To prevent such an outcome, Plaintiffs seek to convert their pending motion for preliminary injunction (Dkt. 30) into a motion for a temporary restraining order and preliminary injunction and respectfully request that the Court temporarily restrain Defendants from distributing or disseminating Plaintiffs' and Illinois residents' Biometric Data. Because the motion for preliminary injunction is fully briefed, no further briefing is necessary.

## BACKGROUND FACTS

2. On April 9, 2021, Plaintiffs David Mutnick, Mario Calderon, Jennifer Rocio, Anthony Hall and Isela Carmean filed a Motion for Preliminary Injunction on behalf of themselves and all other similarly situated (Dkt. 30) and an accompanying Memorandum of Law (Dkt. 31).

3. On April 30, 2021, Defendants filed their Memorandum of Law in opposition to Plaintiffs' motion (Dkt. 43).

4. Prior to filing their reply, on May 3, 2021, Plaintiffs filed a Motion for Expedited Discovery in connection with their pending motion (Dkt. 44). On May 5, 2021, the Court granted in part and denied in part Plaintiffs' motion, allowing Plaintiffs to depose Thomas Mulcaire (Dkt.

51). That deposition occurred on May 13, 2021, and the transcript was received during the evening of May 14, 2021.

5. During the deposition, Mulcaire revealed that Clearview has set up two offshore companies – one in Panama and one in Singapore – for the purpose of offering access to Clearview's software. *See* Dkt. 67. Mulcaire further testified that the offshore companies could offer Clearview's software in the United States. *Id.* Mulcaire could not explain the need for the offshore companies, given that Clearview currently could offer its software to foreign countries. *Id.* When pressed for an answer, Mulcaire asserted the attorney-client privilege. *Id.* Mulcaire's testimony (and the supporting transcript pages) are further detailed in Plaintiffs' reply in support of their motion for preliminary injunction, which was filed on May 17, 2021 (Dkt. 67).

6. Based on this newly discovered information, Plaintiffs seek to convert their pending motion for preliminary injunction into a motion for a temporary restraining order and preliminary injunction in order to prevent Defendants from distributing or disseminating Plaintiffs' and Illinois residents' sensitive Biometric Data to the offshore companies while the Court more fully considers the motion for preliminary injunction. Absent the requested relief, Defendants could thwart Plaintiffs' sought-after judicial remedy by sending the data at issue overseas and further irreparably harming Plaintiffs and Class Members.

**ARGUMENT**

7. "The standards for granting a temporary restraining order and preliminary injunction are the same." *USA-Halal Chamber of Com., Inc. v. Best Choice Meats, Inc.,* 402 F.Supp.3d 427, 433 n.5 (N.D. Ill. 2019). Namely, the movant must make a threshold showing "that it has some likelihood of success on the merits; that it has no adequate remedy at law; [and] that without relief it will suffer irreparable harm." *Id.,* quoting *GEFT Outdoors, LLC v. City of*

3

*Westfield*, 922 F.3d 357, 364 (7th Cir. 2019). "If the plaintiff passes that threshold, the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Id.* at 364 (internal quotation marks omitted).

8. Plaintiffs' motion for preliminary injunction (Dkt. 30-31) and reply in support of same (Dkt. 61) address the standard set forth above and demonstrate the propriety of Plaintiffs obtaining the requested injunctive relief. Plaintiffs incorporate their briefs here. Because the preliminary injunction motion is fully briefed, converting the preliminary injunction motion into a motion for a temporary restraining order and preliminary injunction will not require additional briefing.

9. In their preliminary injunction motion, Plaintiffs seek, among other relief, an order enjoining Defendants from "[d]istributing, redistributing, or disseminating Illinois residents' Biometric Data without obtaining the consent required by BIPA." Dkt. 30 at 1. The motion also seeks: (a) to require Defendants to "[s]tore, transmit, and protect from disclosure all Biometric Data of Illinois residents . . . using the reasonable standard of care within Defendant Clearview's industry . . . "; and (b) the appointment of Special Master to assist with the implementation of any injunctive relief and verify Defendants' compliance with any injunction order. *Id.* at 1-2.

10. Before Mulcaire's deposition on May 13, 2021, Plaintiffs were unaware that Defendants had set up two offshore companies for the purpose of providing access to Clearview's software from abroad. Given that the preliminary injunction motion is fully briefed and Mulcaire's deposition revealed that Defendants' bases for opposing the motion are unsupported, Plaintiffs fear that Defendants will seek to avoid the impact of any injunction entered by the Court by distributing and disseminating the Biometric Database – containing the Biometric Data of Plaintiffs and Illinois

4

residents – to the offshore companies. Once the Plaintiffs' and Illinois residents' Biometric Data is sent abroad, the Court's ability to oversee the way in which that data is handled and secured will be hindered, resulting in Plaintiffs and Illinois residents being subjected to the risk of increased harms.

11. Converting the preliminary injunction motion into a motion for a temporary restraining order and preliminary injunction will allow the Court to preserve the status quo pending resolution of the preliminary injunction motion.

12. In addition to the electronic notice that will be provided upon the filing of this motion, Plaintiffs' counsel intends to email and call defense counsel to notify them of this motion.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court: (a) convert Plaintiffs' pending motion for preliminary injunction into a motion for a temporary restraining order and preliminary injunction; and (b) temporarily restrain Defendants from distributing and disseminating Plaintiffs' and Illinois residents' Biometric Data.

Dated: May 18, 2021

Respectfully submitted,

By: /s/ Scott R. Drury
SCOTT R. DRURY
*Interim Lead Class Counsel for Plaintiffs*

Mike Kanovitz
Scott R. Drury
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
drury@loevy.com

Scott A. Bursor
Joshua D. Arisohn
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019

646.837.7150
scott@bursor.com
jarisohn@bursor.com

Frank S. Hedin (to be admitted *pro hac vice*)
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
415.766.3534
fhedin@hedinhall.com

Michael Drew
**NEIGHBORHOOD LEGAL LLC**
20 N. Clark Street #3300
Chicago, Illinois 60602
312.967.7220
mwd@neighborhood-legal.com

Michael Wood
Celetha Chatman
**COMMUNITY LAWYERS LLC**
20 N. Clark Street, Suite 3100
Chicago, Illinois 60602
312.757.1880
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

Steven T. Webster
Aaron S. Book
**WEBSTER BOOKK LLP**
300 N. Washington, Ste. 404
Alexandria, Virginia 22314
888.987.9991
swebster@websterbook.com

*Other Counsel for Plaintiffs*

6

## **CERTIFICATE OF SERVICE**

      I, Scott R. Drury, an attorney, hereby certify that, on May 18, 2021, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                                              /s/ Scott R. Drury
                                              *Interim Lead Class Counsel for Plaintiffs*