IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Clearview AI, Inc. Consumer Privacy Litigation | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

### PLAINTIFFS' NOTICE OF CLARIFICATION OF RELIEF SOUGHT IN CONNECTION WITH PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER

Plaintiffs, by appointed interim lead class counsel, respectfully submit this Notice of Clarification of Relief Sought in Connection with Plaintiffs' Request for a Temporary Restraining Order and state as follows:

In the "Wherefore" clause of Plaintiffs' Emergency Motion to Convert Their Pending Motion for Preliminary Injunction Into a Motion for a Temporary Restraining Order and Preliminary Injunction (the "Emergency Motion") (Dkt. 69), Plaintiffs define the relief sought as follows: "(a) convert Plaintiffs' pending motion for preliminary injunction into a motion for a temporary restraining order and preliminary injunction; and (b) *temporarily restrain Defendants from distributing and disseminating Plaintiffs' and Illinois residents' Biometric Data.*" *Id.* at ECF 5. Although Plaintiffs' counsel does not have a copy of the transcript of the May 21, 2021 hearing, Plaintiffs' counsel believes he may have inaccurately described the relief sought as an order solely restraining the distribution and dissemination of the Biometric Data to the offshore companies described in the Emergency Motion. Out of an abundance of caution, Plaintiffs wish to clarify that they seek to temporarily restrain Defendants from distributing and disseminating

1

Plaintiffs' and Illinois residents' Biometric Data during the pendency of the preliminary injunction motion. This requested relief is consistent with the stated goal of maintaining the status quo while the Court considers Plaintiffs' Motion for Preliminary Injunction. *See* Dkt. 69 at ¶ 11 ("Converting the preliminary injunction into a motion for a temporary restraining order and preliminary injunction will allow the Court to preserve the status quo pending resolution of the preliminary injunction.").

Dated: May 23, 2021

Respectfully submitted,

By: /s/ Scott R. Drury
SCOTT R. DRURY
*Interim Lead Class Counsel for Plaintiffs*

Mike Kanovitz
Scott R. Drury
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
drury@loevy.com
Scott A. Bursor
Joshua D. Arisohn
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
646.837.7150
scott@bursor.com
jarisohn@bursor.com

Frank S. Hedin (to be admitted *pro hac vice*)
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
415.766.3534
fhedin@hedinhall.com

Michael Drew
**NEIGHBORHOOD LEGAL LLC**
20 N. Clark Street #3300
Chicago, Illinois 60602
312.967.7220
mwd@neighborhood-legal.com

Michael Wood
Celetha Chatman
**COMMUNITY LAWYERS LLC**
20 N. Clark Street, Suite 3100
Chicago, Illinois 60602
312.757.1880
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

Steven T. Webster
Aaron S. Book
**WEBSTER BOOKK LLP**
300 N. Washington, Ste. 404
Alexandria, Virginia 22314
888.987.9991
swebster@websterbook.com

*Other Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I, Scott R. Drury, an attorney, hereby certify that, on May 23, 2021, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                /s/ Scott R. Drury
                *Interim Lead Class Counsel for Plaintiffs*