IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | ) ) ) Case No. 1:21-cv-00135 ) ) Hon. Sharon Johnson Coleman ) ) |

**CLEARVIEW DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

NOW COME Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC ("Rocky Mountain"), and Thomas Mulcaire (collectively, the "Clearview Defendants"), by and through their counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss for failure to state a claim. In support hereof, the Clearview Defendants state as follows:

1. On April 9, 2021, Plaintiffs filed a Consolidated Class Action Complaint (the "Complaint") against the Clearview Defendants. Dkt. 29.

2. As demonstrated by the Memorandum of Law in support of this Motion, the Complaint fails to state a claim against the Clearview Defendants. The Complaint should therefore be dismissed as to the Clearview Defendants for several, independent reasons.

3. *First*, the Complaint should be dismissed as to Ton-That, Schwartz, and Mulcaire because they cannot be held liable for their conduct as officers and employees of Clearview, and the Complaint fails to allege any fraud permitting the Court to pierce the corporate veil.

4. *Second*, the Complaint should be dismissed as to Rocky Mountain because the Complaint does not have any non-conclusory allegations that Rocky Mountain committed any wrongdoing.

1

5. *Third,* the Complaint should be dismissed as to Mulcaire and Rocky Mountain for lack of personal jurisdiction.

6. *Fourth*, Plaintiffs' Biometric Information Privacy Act ("BIPA") claims fail under Illinois' extraterritoriality doctrine because BIPA does not regulate out-of-state conduct and the Complaint makes clear that Plaintiffs' claim is based on conduct that allegedly took place primarily and substantially outside of Illinois.

7. *Fifth*, applying BIPA to Clearview's alleged conduct would violate the dormant Commerce Clause of the United States Constitution, which precludes the application of a state statute that has the practical effect of regulating commercial conduct in another state and creating an inconsistent legal regime as between the states. Applying BIPA to Clearview's conduct in New York would impose the type of burden on interstate commerce that the dormant Commerce Clause prohibits.

8. *Sixth*, Plaintiffs' claim is barred by the First Amendment of the United States Constitution and Article I, Section 4 of the Illinois Constitution. Clearview's creation and use of its app is protected speech. Because Plaintiffs concededly posted all of the photographs and information at issue in this case on the Internet, the First Amendment trumps any privacy interests and fully protects Clearview's republication of this publicly-available information. As applied to Clearview, BIPA is a content-based regulation of speech because it targets specific content— which it defines as "Biometric Information" and "Biometric Identifiers"—and not others (e.g., photographs), simply because that content allows for an efficient means of identifying individuals. BIPA is also a speaker-based regulation of speech because it disfavors certain speakers by burdening some, but not all, parties from using "Biometric Information" and "Biometric

Identifiers" to identify individuals without their consent. Under well-settled Supreme Court precedent, such laws are presumptively unconstitutional.

9. *Seventh*, Plaintiffs do not adequately allege a violation of BIPA Section 15(c). Section 15(c), which provides that an entity may not "sell, lease, trade, or otherwise profit from" a person's biometrics, does not prohibit a company from selling or profiting from a product that uses biometrics. Plaintiffs' novel interpretation of Section 15(c)—as representing a blanket prohibition on the profiting of products that use biometrics—is contrary to the plain language of BIPA and its legislative history.

10. *Eighth,* the Complaint should be dismissed because BIPA does not apply to Clearview's conduct. The Complaint alleges that Clearview collects biometric data from photographs available on the public Internet. However, BIPA's definition of covered biometric data excludes "photographs" and "information derived from" photographs.

11. *Ninth*, Counts Eight, Eleven, Twelve, and Fourteen—which attempt to allege right of publicity claims under state law—are each fatally flawed because Plaintiffs do not, and cannot, allege that Clearview used their likenesses for advertising or merchandising purposes, or to promote or sell goods or services.

12. *Tenth*, Count Thirteen should be dismissed because the Complaint fails to allege any of the elements to state a claim for a violation of California's constitutional right to privacy. The Complaint does not allege a legally protected privacy interest, a reasonable expectation of privacy, or the type of "egregious" or "highly offensive" conduct that would satisfy the "high bar" required to state a claim under the California Constitution.

13. *Eleventh*, Count Ten—a California Unfair Competition Law ("UCL") claim—fails because it is derivative of the Complaint's other nonviable claims and because it alleges no loss of

money or property, as required for standing under the UCL.

14. *Twelfth,* Count Nine should be dismissed because the Complaint does not plead the basic elements of a Virginia Computer Crimes Act claim.

15. *Thirteenth,* Plaintiffs' unjust enrichment claim is not viable under the laws of California, New York, Virginia, or Illinois, and as a result, Count Fifteen should be dismissed.

16. *Fourteenth*, Plaintiffs' claim for relief under the Declaratory Judgment Act fails because Plaintiffs fail to state a claim in Counts One through Fifteen of the Complaint, and the Declaratory Judgment Act is not an independent source of jurisdiction.

WHEREFORE, for the reasons set forth above and those in the Clearview Defendants' accompanying memorandum of law, the Clearview Defendants respectfully request that the Court enter an order dismissing the claims against them.

May 24, 2021                                             Respectfully submitted,

                                                                     By:   /s/ Lee Wolosky
Lee Wolosky (pro hac vice)
Andrew J. Lichtman (pro hac vice)
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
Phone: (212) 891-1600
lwolosky@jenner.com
alichtman@jenner.com

Howard S. Suskin (ARDC No. 6185999)
Precious S. Jacobs-Perry (ARDC No. 6300096)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
hsuskin@jenner.com
pjacobs-perry@jenner.com

Floyd Abrams
Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Phone: (212) 701-3000
fabrams@cahill.com
jkurtzberg@cahill.com

Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC, and Thomas Mulcaire

## **CERTIFICATE OF SERVICE**

I certify that on May 24, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

By:   /s/ Lee Wolosky
Lee Wolosky