# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LETTUCE ENTERTAIN YOU ENTERPRISES, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 1:20-cv-5140 |
| v. | ) ) |
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, et al, | ) ) ) |
| Defendants. | ) |

## DEFENDANT VIGILANT INSURANCE COMPANY'S JOINDER AND CONSENT FOR REMOVAL AND NOTICE OF REMOVAL

Defendant, Vigilant Insurance Company ("Vigilant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §1446(b), hereby joins in and consents to the notice of removal filed by Defendant, Starr Surplus Lines Insurance Company ("Starr"), and removes to this Court the state court action that should have been separately filed against Vigilant by Plaintiff, DuSable Museum of African American History, Inc. In support of its joinder in and consent to removal, and its notice of removal, Vigilant states as follows:

1. On July 30, 2020, a collection of 42 Plaintiffs filed suit against Vigilant and 18 other insurance companies in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Case No. 2020 L 008099.

2. Vigilant was served with a copy of the Complaint and Summons on August 24, 2020.

3. On September 1, 2020, Defendant Starr filed a Notice of Removal pursuant to 28 U.S.C. §1446. (Dkt. No. 1).

4. Vigilant is not a properly joined party to the coverage dispute between Starr and its insured because Starr's insured seeks no relief against Vigilant and, therefore, Vigilant's consent is not required for Starr's removal to be proper. See 28 U.S.C. §1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."); *see also Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F.Supp.3d 1014, 1024 (N.D. Ill. 2015) ("Although removal is considered procedurally defective when not 'all defendants who have been properly joined and served' consent to removal, 28 U.S.C. § 1446(b)(2)(A), consent is not required from defendants who have been fraudulently joined.").

5. Nevertheless, Vigilant hereby confirms and advises the Court of its consent to Starr's Notice of Removal.

6. Vigilant also separately removes the action asserted against it to this Court. Only one of the 42 Plaintiffs, DuSable Museum of African American History, Inc. ("DuSable"), is insured by Vigilant, and DuSable asserts claims only against Vigilant (the "DuSable action").[1] (Complaint at ¶ 263-264).

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) and (2)(B) as it is filed within thirty (30) days after Vigilant's receipt of DuSable's Complaint on or after August 24, 2020.

8. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Vigilant pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

---

[1] Vigilant is separately moving to sever the DuSable action from the rest of the suit.

9. At the time the Complaint was filed, and at all times subsequent thereto, DuSable is an Illinois corporation with a principal place of business in Chicago, Illinois.

10. At the time the Complaint was filed, and at all times subsequent thereto, Vigilant is incorporated under the laws of the State of New York and its principal places of business is located in Warren, New Jersey.

11. All other plaintiffs and defendants are fraudulently joined to the claims brought by Vigilant's insured, DuSable, and should be disregarded for the purposes of federal diversity jurisdiction. Although a plaintiff is generally free to choose its own forum, a plaintiff "may not join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto Ins. Co*., 174 F.3d 875, 878 (7th Cir.1999); *Gottlieb v. Westin Hotel*, 990 F.2d 323, 327 (7th Cir.1993). In that case, the defendant is considered fraudulently joined, and may be disregarded for purposes of determining diversity jurisdiction. *Schwartz*, 174 F.3d at 878; *Midland Management Company v. American Alternative Insurance Corporation*, 132 F.Supp.3d 1014, 1021-22 (N.D. Ill. 2015). "To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir.2013). When a removing defendant meets this burden, the federal court considering removal may disregard, for jurisdictional purposes, the citizenship of non-diverse defendants, assume and retain jurisdiction over the case, and dismiss the non-diverse defendants. *Id.*

12. With respect to the amount in controversy for the claims brought by DuSable against Vigilant, DuSable alleges:

> 259. Before the Shutdown Orders, the DuSable Museum welcomed visitors from all over the world to view some of the most acclaimed works of African-American artists, including the Thomas Miller mosaics. In addition to its recent exhibition expansion, the museum has an auditorium that hosts community-related

3

events, such as a jazz and blues music series, poetry readings, film screenings, and other cultural events. The museum has five large exhibition rooms that house invaluable works of art. Prior to the Shutdown Orders, these rooms could hold hundreds of visitors at a time. The DuSable Museum also has private event spaces, which, prior to the Shutdown Orders, were regularly booked for corporate and other events, with space for up to 800 guests.

260. As a direct result of the Shutdown Orders, the DuSable Museum incurred direct physical loss and damage, and was rendered physically nonfunctional as a museum and private event space. Beginning in mid-March 2020, due to the Shutdown Orders, the DuSable Museum was required to close its doors to the public. As a result, the DuSable Museum was forced to cancel several private and public events that had been scheduled for its large and small auditoriums.

*   *   *

262. As a direct result of the Shutdown and restrictive Reopening Orders, the DuSable Museum has suffered substantial losses, in an amount that will be proven at trial.

According its Return of Organization Exempt from Income Tax Form 990, DuSable generated program event fee revenue of $68,044, tours and admissions revenue of $178,187, and events tickets revenue of $130,001 for the tax year ending on December 31, 2018. (https://projects.propublica.org/nonprofits/organizations/362524811/201913229349300751/full). Given the scope of the alleged loss and DuSable's pre-pandemic operating revenue, Vigilant has a reasonable basis to assert that the "substantial losses" alleged exceed $75,000, exclusive of interests and costs.

13. Pursuant to the removal of the DuSable action to this Court, the establishment of diversity jurisdiction pursuant to 28 U.S.C. §1332, and its joinder to motions to sever pending before the Court, Vigilant intends to litigate the separate and distinct claims asserted by DuSable in a separate and distinct lawsuit before this Court.

Dated: September 14, 2020

                    Respectfully submitted,

                    VIGILANT INSURANCE COMPANY

                    By: /s/ Matthew S. Ponzi
                    Matthew S. Ponzi
                    Thomas B. Orlando
                    FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
                    222 North LaSalle Street, Suite 1400
                    Chicago, Illinois 60601
                    Tel: (312) 863-5000
                    Fax: (312) 863-5099
                    mponzi@fgppr.com
                    torlando@fgppr.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2020, a copy of the appended document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the court's CM/ECF system.

/s/ Matthew S. Ponzi