**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re Clearview AI, Inc., Consumer Privacy Litigation | Civil Action File No.: 1:21-cv-00135 |
| | Judge Sharon Johnson Coleman |
| | Magistrate Judge Maria Valdez |

**<u>AMENDED AGREED CONFIDENTIALITY ORDER</u>**

The parties to this Amended Agreed Confidentiality Order (the "Order") have agreed to the terms of this Order and the attached Acknowledgement of Understanding and Agreement to be Bound (Attachment A); accordingly, it is ORDERED:

1. **Scope.** All materials produced or adduced in the course of discovery by any party or third party, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, subpoena responses, and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning Protected Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Definitions:**

    A. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) research, technical, commercial, marketing, sales, or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information;

(e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case. Information or Discovery Materials that are available to the public may not be designated as Confidential Information.

   **B.**   **Expert.** As used in this Order, "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who: (i) has been retained by a party or its counsel to serve as an expert witness or as a consultant in the above-captioned action, (ii) is not a past or current employee of a party, (iii) is not a past or current employee of a party's competitor and was not, and currently is not, engaged by any such competitor, and (iv) at the time of retention, is not anticipated to become an employee of a party or a business competitor of a party or to be engaged by such a competitor.

   **C.**   **Highly Confidential Information – Attorneys' Eyes Only.** As used in this Order, "Highly Confidential Information – Attorneys' Eyes Only" means extremely sensitive information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by the producing party, the production of which would create a substantial risk of serious harm that could not be avoided by less restrictive means and that falls within one or more of the following categories: (a) sensitive research, technical, commercial, marketing, sales or financial information that the party has maintained as confidential; (b) commercially sensitive competitive information; (c) information or data relating to products not yet commercially released and/or strategic plans; (d) trade secret, or other confidential research and development information; or (e) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the

producing party. Information or Discovery Materials that are available to the public may not be designated as Highly Confidential Information.

D. **Highly Confidential Information – Source Code** As used in this Order, "Highly Confidential Information – Source Code" means extremely sensitive information designated as "HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE" by the producing party representing computer code and associated comments and revision histories, formulas, engineering specifications or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

E. **Protected Information.** As used in this Order, "Protected Information" means information that is: (a) defined as "Confidential Information" and designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the Producing Party; (b) defined as "Highly Confidential Information – Attorneys' Eyes Only" and designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by the Producing Party, including any information copied or extracted therefrom; or (c) defined as "Highly Confidential Information – Source Code" and designated as "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" by the Producing Party, including any information copied or extracted therefrom.

3. **Designation.**

(a) A party or third party may designate Discovery Material as Confidential Information, Highly Confidential Information – Attorneys' Eyes Only or Highly Confidential Information – Source Code for protection under this Order by placing or affixing the word

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" on the Discovery Material and on all copies in a manner that will not interfere with the legibility of the Discovery Material. For Discovery Materials produced electronically in a format that includes separate pagination, to the extent practicable, the producing party must affix the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" to each electronic page of such Discovery Materials that contains Protected Information. For Discovery Materials produced in a format that does not lend itself to separate pagination, confidentiality shall be designated in a reasonable manner. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the Discovery Materials are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" to Discovery Material does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discovery Material marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER,"

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of Discovery Material that do not contain substantial portions or images of the text of marked Discovery Material and do not otherwise disclose the substance of the Protected Information are not required to be marked.

      **(b)**    The designation of Discovery Material as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" is a certification by an attorney or a party appearing *pro se* that the Discovery Material contains Confidential Information, Highly Confidential Information, and/or Highly Confidential – Source Code as defined in this Order.[1]

      **4.**    <u>**Use and disclosure of Highly Confidential Information – Source Code**</u>:

      (a)    A party may not disclose Highly Confidential Information – Source Code to an Expert pursuant to Paragraph 7 of this Order until after the Expert has signed the Acknowledgement of Understanding and Agreement to be Bound in the form of Attachment A to this Order.  Unless otherwise ordered by the Court or agreed to in writing by the producing party, a party that seeks to disclose to an Expert any information or item that has been designated "Highly

---

[1]  An attorney who reviews the Discovery Materials and designates them as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – SOURCE CODE– SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state, but need not be admitted to practice in the Northern District of Illinois unless the lawyer is admitted *pro hac vice* or is appearing generally in the case on behalf of a party.  By designating Discovery Materials pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

Confidential Information – Source Code" first must make a written request to the producing party that: (i) indicates that the information that the receiving party seeks permission to disclose to the Expert is designated Highly Confidential Information – Source Code; (ii) sets forth the full name of the Expert and the city and state of his or her primary residence; (iii) attaches a copy of the Expert's current curriculum vitae, if one exists, or a resume; (iv) identifies the Expert's current employer(s); (v) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five (5) years and the party to the litigation for whom such work was done; (vi) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years; and (vii) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. The receiving party must also disclose anyone who works with or for the Expert who will have access to Highly Confidential Information – Source Code, and a copy of the related curriculum vitae, if one exists, or a resume. With regard to the information sought through part (v) of this disclosure, if the Expert believes that any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the expert believes can be disclosed, without violating any confidentiality agreements, and the receiving party seeking to disclose to the Expert shall be available to meet and confer with the producing party regarding any such engagement.

(b)     A receiving party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Highly Confidential

Information – Source Code to the identified Expert unless, within seven (7) days of delivering the request, the receiving party receives a written objection from the producing party. Any such objection must set forth in detail the grounds on which it is based (which may not include challenging the qualifications of the Expert). The producing party must serve the receiving party with a written objection within five (5) days after service of the identification. A receiving party that receives a timely written objection must meet and confer with the producing party to try to resolve the matter by agreement within five (5) days after service of the written objection. If no agreement is reached, the receiving party must move the Court promptly for a ruling, and the Highly Confidential – Source Code may not be disclosed to the Expert without the Court's approval. The producing party, as the party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail outweighs the receiving party's need to disclose the Highly Confidential Information – Source Code to its Expert.

(c)     The Expert notice and disclosures required under Subparagraph 4(a), above, shall: (1) only be disclosed to the Outside Counsel and In-House Counsel of the producing party; (2) solely be used for the purpose of providing access to the Inspection Site, and allowing the producing party to determine whether to oppose the disclosure of Highly Confidential Information – Source Code to the Expert under this Paragraph 4 and supporting that opposition to the disclosure; and (3) within seven (7) days of the producing party approving the disclosure or resolution of any opposition asserted under Paragraph 4, be destroyed to the extent practicable (along with all copies and emails to which the Expert notice and/or disclosures were attached, as well as all notes or summaries of the Expert notice and/or disclosures). Upon the destruction described in the preceding sentence, a certification of the fact of destruction shall be provided to the party who produced the Expert notice and disclosures.

(d)   Notwithstanding Paragraph 7(d), a party may disclose Highly Confidential Information – Source Code to: (i) any employee of the producing party or any person associated with the producing party who helped author the information designated as Highly Confidential Information – Source Code and has signed the Acknowledgement of Understanding and Agreement to be Bound; (ii) any person no longer affiliated with the producing party who authored the information in whole or in part, with permission of the producing party, and who has signed the Acknowledgement of Understanding and Agreement to be Bound; and (iii) any person who received the information before this case was filed, with the permission of the producing party, and who has signed the Acknowledgement of Understanding and Agreement to be Bound.

**5.   Inspection of Highly Confidential Information – Source Code.** Any Highly Confidential Information – Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed. *In the event the relevant source code is produced in a format other than a paper format, the following applies:*

(a)   The computer containing source code shall be made available for inspection by a party's counsel upon reasonable notice to the producing party or upon notice described in Paragraph 4 for inspection by an Expert during normal business hours on business days or at other mutually agreeable times, at an office of the producing party or producing party's counsel or another mutually agreed upon location ("Inspection Site") that is reasonably convenient for the receiving party and any other Experts to whom  the source code may be disclosed consistent with this Order, which shall not be less than ten (10) days in advance of the first requested inspection and not less than two business days for each subsequent inspection.  No additional notice is required for access to be made available on consecutive review days (provided that a room is available to conduct the review on the consecutive review days). The producing party will notify

the requesting party at the time the parties agree on a date for the inspection whether review is possible on at least two consecutive days (or the number of consecutive days sought by the requesting party) and, if so, the producing party will ensure that a room remains available for inspection on at least two consecutive days (or the number of consecutive days sought by the requesting party).

(b)      Highly Confidential Information – Source Code shall be made available for in-person inspection by those persons permitted under Paragraph 7. Highly Confidential Information – Source Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, printers, or storage devices (the "Secured Computer"). The receiving party and any Experts or others permitted to inspect source code pursuant to this Order shall not copy, remove or otherwise transfer any portion of the source code onto any recordable media or recordable device.

(c)      The Secured Computer shall have at least two monitors and software utilities that will allow the receiving party to view, search and analyze the relevant Source Code, including, at a minimum, utilities providing the ability to: (1) view, search and line-number any source file; (2) search for a given pattern of text within the source files; (3) compare source files and display their differences; and (4) compute the MD5 hashes of source files. The receiving party and any Experts or others permitted to review source code pursuant to this Order shall not bring a smartphone, tablet, blackberry, laptop computer, photographic or video recording device, or any other any recording media itself (including but not limited to camera phones, cameras, video recorders, portable hard drives, and/or USB flash drives) into the secured room. The producing party shall have available a backup Secured Computer in the event the primary Secured Computer fails or otherwise suffers technical problems impeding the inspection. The receiving party may

request that software tools for viewing and searching source code be installed on the Secured Computer beyond those that the producing party or third party has installed consistent with this Order. The receiving party must provide the producing party with the CD or DVD containing the agreed-upon software tool(s) and any necessary software licenses at least five (5) business days in advance of the inspection. The tools may not allow the source code to be compiled. The receiving party's counsel or Experts or others permitted to review source code pursuant to this Order shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. The producing party may visually monitor the activities of the receiving party from outside of the secure room during any source code review but only to ensure that there is no unauthorized recording, copying or transmission of the source code, or to ensure compliance with the requirement that no electronic devices of the receiving party are present in the secured room. The receiving party and any Experts or others permitted to review source code pursuant to this Order shall not undertake any actions in an attempt to defeat or circumvent any security measures in place on the Secured Computer, or to otherwise connect the Secured Computer to a network or the Internet. Under no circumstances may the producing party record or photograph in any way whatsoever the activities of the receiving party, any Experts, or others permitted to review source code pursuant to this Order during their inspection of the source code.

(d)     To the extent the producing party has in place precautions related to the outbreak of coronavirus (COVID-19), an individual may not enter the site of a secure room under any of the following circumstances: (1) the individual has any symptoms of COVID-19: chills, muscle aches, sore throat, loss of taste or smell, shortness of breath, difficulty breathing, fever, or cough; (2) the individual has visited any area in the prior fourteen days that is highly affected by COVID-19 (as defined by the Center for Disease Control ("CDC")); or (3) the individual has been

in contact with anyone who is currently sick or infected with COVID-19 within the prior fourteen days.

(e)     To the extent the producing party has in place precautions related to the outbreak of coronavirus (COVID-19), any individual on the premises of the secure room must: (1) wear a face covering over their nose and mouth at all times, unless the individual is alone in the secured room with the door closed; (2) maintain physical distancing protocols; and (3) observe recommended respiratory hygiene protocols, consistent with any applicable CDC guidance.

(f)     The source code may only be transported by the receiving party at the direction of a person authorized under Paragraph 7 to another person authorized under Paragraph 7, on paper via hand carry or via overnight mail.  Except in the case of a remote video deposition or court hearing, the source code may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  The source code may only be transported in paper form for the purpose of court proceeding(s) or deposition(s) and is at all times subject to the transport restrictions set forth herein. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. If source code is used in a remote video deposition or court hearing, such source code may only be displayed by "sharing screen," a copy of the file containing the source code and proprietary software information cannot be transmitted (unless requested by the Court) to any participants in the remote video deposition or hearing, and the source code can only be viewed by persons authorized under Paragraph 7.  To the extent an Expert and Outside Counsel need copies of the produced source code, a copy may be retained by both the Expert and Outside Counsel strictly in compliance with this Order.

(g)     A receiving party may only include excerpts of source code to the extent necessary to litigate this case (*e.g.*, in an Expert report, in a pleading, motion or other court filing, or for use at a deposition, court hearing or trial in the above-captioned action), provided that the source code is appropriately marked under this Order, restricted to those who are authorized under Paragraph 7, and the provisions of this Order are complied with. If the receiving party seeks to file source code with the Court, the receiving party shall seek to file it under seal in accordance with the Court's rules, procedures, and orders.  For depositions, copies of the source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(h)     The receiving party may request paper copies of limited portions of source code that are reasonably necessary to attach to filings, pleadings, expert reports or other papers or for use as an exhibit at a deposition or trial. The producing party shall provide all such source code within three business days on non-copyable paper including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE– SUBJECT TO PROTECTIVE ORDER." The producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 11 whereby the producing party is the party making the challenge. In no case may the receiving party request more than ten (10) consecutive pages, or an aggregate of more than 100 pages, of source code during the duration of the case without prior written approval of the producing party, or an Order from the Court. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are: (1) necessary to prepare court filings, pleadings or other papers (including a testifying expert's

expert report); (2) necessary for deposition; or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

6.      **Depositions.**  Deposition testimony is protected by this Order if:

(a)      It is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE– SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken.  Such designation shall be specific as to the portions that contain Protected Information, unless counsel for a party or a third party who has a reasonable belief that the third party's confidential or highly confidential information will be the topic of a question or answer at the deposition requests that prior to the commencement of the deposition that all testimony will be treated as Highly Confidential Information – Attorneys' Eyes Only or Highly Confidential Information – Source Code subject to the Notice of Designation provisions in Paragraph 6(b), below.  Deposition testimony designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE– SUBJECT TO PROTECTIVE ORDER" shall be treated as Protected Information protected by this Order; and/or

(b)      Within fourteen days (14) of a party or third party receiving a copy of the deposition transcript, the party or third party serves a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, Highly Confidential Information – Attorneys' Eyes Only, or Highly Confidential Information – Source

Code, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The deposition transcripts prepared in connection with the depositions of Clearview's current and former employees and contractors where Clearview's counsel has stated on the record at the deposition that it will be serving a Notice of Designation to designate the deposition transcript or portions of the deposition transcript as Highly Confidential Information – Source Code, will be treated as Highly Confidential Information – Source Code for fourteen (14) days after receipt of the transcript.

The failure to comply with Paragraphs 6(a) or (b), above, shall waive any designation of testimony taken in that deposition as Confidential Information, Highly Confidential Information – Attorneys' Eyes Only, or Highly Confidential Information - Source Code, unless otherwise ordered by the Court.

Parties shall give the other parties and relevant third parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Information so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment of Understanding and Agreement to Be Bound" (Attachment A), are present at those proceedings. The use of Discovery Material as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE– SUBJECT TO PROTECTIVE ORDER."

7.    **Protection of and Access to Protected Information.**

(a)    **General Protections.** Protected Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs (b), (c) and (d) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a

putative class action, Protected Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

      **(b)**     **Limited Third-Party Disclosures of Confidential Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to any third person or entity except as set forth in subparagraphs (1) to (9), below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

      **(1)**     **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action.

      **(2)**     **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

      **(3)**     **The Court and its personnel**;

      **(4)**     **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

      **(5)**     **Contractors.** Those persons specifically engaged for the limited purpose of making copies of Discovery Materials or organizing or processing Discovery Materials, including outside vendors hired to process electronically stored Discovery Materials;

      **(6)**     **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

      **(7)**     **Fact witnesses at depositions**. During their depositions, fact witnesses in this action to whom disclosure is reasonably necessary. Fact witnesses shall not retain a copy of Discovery Materials containing Confidential Information, except fact witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order may not be disclosed to anyone except as permitted under this Order;

**(8)** **Author or recipient.** The author or recipient of the Discovery Material (not including a person who received the Discovery Material in the course of litigation); and

**(9)** **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered**(c)**

**(c)** **Limited Third-Party Disclosures of Highly Confidential Information – Attorneys' Eyes Only.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information – Attorneys' Eyes Only to any third party or entity except as set forth in subparagraphs (1) to (8), below. Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information – Attorneys' Eyes Only:

**(1)** **Outside Counsel of Record.** Outside counsel of record for the parties and employees of outside counsel of record to whom it is reasonably necessary to disclose information for this litigation;

**(2)** **In-House Counsel.** In-house counsel of any party with responsibility for managing this litigation, who are members of at least one state bar in good standing and supporting personnel employed by the legal department of any party to this litigation to whom it is reasonably necessary to disclose information for this litigation;

**(3)** **The Court and its personnel**;

**(4)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5)** **Contractors.** Those persons specifically engaged for the limited purpose of making copies of Discovery Materials or organizing or processing Discovery Materials, including outside vendors hired to process electronically stored Discovery Materials;

**(6)** **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial

16

of this action but only after such persons have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound";

**(7)**     **Author or recipient.**  The author or recipient of the Discovery Material (not including a person who received the Discovery Material in the course of litigation); and

**(8)**     **Others by Consent or Court Order.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(d)**     **Limited Third-Party Disclosures of Highly Confidential Information –**

**Source Code.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information – Source Code to any third person or entity except as set forth in Subparagraphs (1) to (7), below.  Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information – Source Code.

(1) **Outside Counsel of Record.**  Outside counsel of record for the parties and employees of outside counsel of record to whom it is reasonably necessary to disclose information for this litigation;

(2) **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

(3) **Fact witnesses** at depositions who are covered by 4(d);

(4) **Experts.**  Experts and their staff whom a receiving party employs for purposes of this litigation only;

(5) **The Court and its personnel**;

(6) **Author or recipient.**  The author or recipient of the source code (not including a person who received the Discovery Material in the course of litigation);

(7) **Others by Consent or Court Order.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(e)**     **Control of Discovery Materials**.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Information.

17

Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

(f)     **Unauthorized Disclosure of Protected Information.**  If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the receiving party must without undue delay: (1) notify in writing the producing party of the unauthorized disclosure(s); (2) use its best efforts to retrieve all copies of the Protected Information; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request that such person or persons execute the "Acknowledgment of Understanding and Agreement to Be Bound," attached hereto as Attachment A.  Compliance with this Paragraph upon the discovery of an unauthorized disclosure of Protected Information is mandatory and shall not excuse a violation of this Order or exempt a violating party from the provisions of Paragraph 7(f), below.

(f)     **Violations.**  If any party violates the limitations on the use of Protected Information as described above, the non-violating party does not waive any rights available under the law by entering into this Order and upon discovery of such a violation, shall have the right to pursue, including but not limited to through motion practice, any damages, remedies, and/or sanctions available under the law, including recovery of attorneys' fees, costs, and expenses associated with the pursuit of a remedy resulting from the violation. The parties expressly acknowledge that this Paragraph 7(f) does not create any new rights, claims or remedies for the non-violating party, but rather merely confirms that this Order does not restrict or limit any rights, claims or remedies that otherwise exist under applicable law.

**8.     Inadvertent Failure to Designate.** An inadvertent failure to designate Discovery Material as Confidential Information, Highly Confidential Information – Attorneys' Eyes Only, or

Highly Confidential Information – Source Code does not, standing alone, waive the right to so designate the Discovery Material; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party or third party designates Discovery Material as Confidential Information, Highly Confidential Information – Attorneys' Eyes Only or Highly Confidential Information – Source Code after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the Discovery Material is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, Highly Confidential Information – Attorneys' Eyes Only, or Highly Confidential Information – Source Code, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information, Highly Confidential Information – Attorneys' Eyes Only, or Highly Confidential Information – Source Code.

**9.     Filing of Protected Information**.  This Order does not, by itself, authorize the filing of any Discovery Material under seal.  Any party wishing to file Discovery Material designated as Protected Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

**10.     No Greater Protection of Specific Discovery Materials.**  Except on privilege grounds not addressed by this Order, no party or third party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party or third party moves for an order providing such special protection.

11.     **Challenges by a Party to Designation as Protected Information.**     The designation of any Discovery Material as Protected Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)     **Meet and Confer**.  A party challenging the designation of Protected Information must do so in good faith and must begin the process by first providing written notice that reasonably informs the producing party that designated the challenged Discovery Materials of the designations being challenged and the basis for each challenge and then conferring with counsel for the producing party pursuant to Local Rule 37.2.  In conferring, the receiving party must explain the basis for its belief that the confidentiality designation was not proper and must give the producing party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The producing party must respond to the challenge within five (5) days after conferring.  The receiving party may seek judicial intervention only if it has engaged in this meet and confer process first or establishes that the producing party is unwilling to participate in good faith in the meet and confer process in a timely manner.

(b)     **Judicial Intervention.**  A party that elects to challenge a confidentiality designation shall file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the producing party.  Until the Court rules on the challenge, all parties to the dispute shall continue to treat the materials as Protected Information under the terms of this Order.

12.     **Action by the Court.**  Applications to the Court for an order relating to materials or Discovery Materials designated Protected Information and/or testimony and examination related to Protected Information shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of Discovery Material produced in discovery or at trial.

13.     **Use of Protected Information at Trial.**  Nothing in this Order shall be construed to affect the use of any Discovery Material at any trial or hearing.  A party that intends to present or that anticipates that another party may present Protected Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information.  The Court may thereafter make such orders as are necessary to govern the use of such Discovery Materials or information at trial.

14.     **Protected Information Subpoenaed or Ordered Produced in Other Litigation.**

     **(a)**     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or Discovery Material designated in this action as Protected Information, the receiving party must so notify the producing party, in writing, no more than three (3) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

     **(b)**     The receiving party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the producing party in this case an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued.  To the extent the producing party moves for a protective order from the court issuing the subpoena or order, while the motion is pending, the receiving party served with a subpoena or court order shall not produce any information in response to the subpoena or order that is designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" unless the party has obtained the producing party's permission. The producing party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this Paragraph remain in effect while the party has in its possession, custody or control Protected Information by the other party to this case. Further, to the extent permitted by law, the party to which a subpoena is directed requesting Highly Confidential Information – Source Code shall not produce material for at least ten (10) business days after notice of the subpoena is provided to the producing party. If the party to which the subpoena is directed is compelled by applicable law or a court order to respond to the subpoena in less than ten (10) business days, the party to which the subpoena is directed shall, to the extent permitted by law, notify the producing party of this fact.  If, within that time period, the producing party seeks to quash, limit, or object to the subpoena, the party to which the subpoena is directed shall not produce Discovery Material designated as Highly Confidential Information – Source Code until a court has ruled on the producing party's motion or otherwise directed the party

to whom the subpoena is directed to produce the Discovery Material. In the event that Discovery Material designated as Highly Confidential Information – Source Code is produced in response to a subpoena, the recipient of the subpoena shall take commercially reasonable steps to ensure that the protections afforded under the Order shall continue to apply to such material.

15. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular Discovery Material that have been filed under seal, and the producing party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Protected Information and Discovery Materials marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE– SUBJECT TO PROTECTIVE ORDER" under this Order, including copies, shall be returned to the producing party unless: (1) the Discovery Material has been offered into evidence or filed without restriction as to disclosure; (2) the parties or, if applicable, any third party who has produced Discovery Materials pursuant to this Order agree to destruction to the extent practicable in lieu of return;[2] or

---

[2]    The parties may choose to agree that the receiving party shall destroy Discovery Materials containing Protected Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Protected Information or Protected Information contained in deposition transcripts or drafts or final expert reports.

(3) as to Discovery Materials bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Discovery Materials and certifies to the producing party that it has done so. Whether the Protected Information is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the producing party) by the sixty-three (63) day deadline that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Information, except as retention of such information is allowed in Paragraph 16(c), below.

(c)  **Retention of Work Product and one set of Filed Discovery Materials.**

Notwithstanding the above requirements to return or destroy Discovery Materials, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all Discovery Materials filed with the Court including those filed under seal.  Any retained Protected Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

(d)  **Deletion of Discovery Materials filed under Seal from Electronic Case Filing (ECF) System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

17.  **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18.    **No Prior Judicial Determination.**    This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material or material designated Confidential Information, Highly Confidential Information – Attorneys' Eyes Only, or Highly Confidential Information – Source Code by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific Discovery Material or issue.

19.    **Persons Bound.**    This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, third parties who produce Discovery Materials in response to a subpoena issued in the above-captioned matter and persons made subject to this Order by its terms.

20.    **Attorney-Client Communications and Advice.**    Nothing in this Order shall bar or otherwise restrict any outside counsel or in-house counsel from rendering advice to a party-client in this litigation and, in the course thereof, relying upon such attorney's examination and/or analysis of Protected Information, provided, however, that in rendering such advice and in otherwise communicating with such client, such counsel shall not disclose any Protected Information to persons not authorized to receive it pursuant to the terms of this Order.

21.    **Limitations of this Order.**    Entering into, agreeing to, and/or producing or receiving Protected Information or otherwise complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular Protected Information produced by another party or  third party contains or reflects trade secrets, proprietary or commercially sensitive information, or any type of Confidential, Highly Confidential – Attorneys' Eyes Only,  Highly Confidential Information – Source Code, or other type of confidential information; (b) operate as

an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Information; (c) prejudice in any way the rights of any party to object to the production of Discovery Materials they consider not subject to discovery; (d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Discovery Material, testimony or other evidence subject to this Order; (e) prejudice in any way the rights of a party to seek determination by the Court whether any Protected Information should or should not be subject to the terms of this Order; (f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; and/or (g) prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided herein with respect to any particular Protected Information.

   22.   **Production of Privileged or Otherwise Protected Material.**  Pursuant to Federal Rule of Civil Procedure 26 Federal Rule of Evidence 502(b), (d), and (e), the parties agree that the production or disclosure, whether inadvertent or otherwise, of any information in connection with the pending litigation that a party claims is covered by the attorney-client privilege, work-product protection, or other evidentiary privilege or protection, shall not constitute a waiver of such privilege or protection in this litigation provided that the holder of the privilege at issue took reasonable steps to prevent disclosure and promptly took steps to rectify the error, including following the requirements of Federal Rule of Civil Procedure 26(b)(5)(B).  The obligations of a party that inadvertently produced information that it claims is covered by the attorney-client privilege, work-product protection, or other evidentiary privilege or protection and the obligations

of the party who received such information shall be controlled by Federal Rule 26(b)(5)(B), the provisions of which are incorporated as though fully set forth herein.

23. <u>Originals</u>:  A legible photocopy of Discovery Material may be used as the "original" for all purposes in this action.  The actual "original," in whatever form the Producing Party has it, must be made available to any other Party within seven (7) days after a written request, or the number of days the parties agree to beyond the seven (7) days, if an extension is requested.

24. <u>Survival of obligations</u>:  This Order's obligations regarding Protected Information survive the conclusion of this case.

**SO ORDERED.**

**ENTERED:**

**DATE:  October 5, 2021**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**

**Attachment A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re Clearview AI, Inc., Consumer Privacy Litigation | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amended Agreed Confidentiality Order in the above-captioned litigation. I agree to comply with and to be bound by all the terms of the Amended Agreed Confidentiality Order, and I understand and acknowledge that failure to do so could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Amended Agreed Confidentiality Order to any person or entity except in strict compliance with the provisions of the Amended Agreed Confidentiality Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcing the terms of the Amended Agreed Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____ Signature: _____