# EXHIBIT 1

| | |
|---|---|
| **From:** | Scott Drury |
| **To:** | "Lichtman, Andrew J."; "Jacobs-Perry, Precious S."; "Suskin, Howard S."; "Kurtzberg, Joel"; "FAbrams@cahill.com" |
| **Cc:** | "Joshua Arisohn"; "Frank Hedin"; "Arun Ravindran"; "Fedornak, Melissa"; "Kothari, Monika N." |
| **Subject:** | RE: In re Clearview AI, Inc., Consumer Privacy Litigation - Motion to Quash |
| **Date:** | Tuesday, October 5, 2021 1:50:00 PM |

Andrew:

Plaintiffs are the ones who proposed meeting and conferring and are willing to do so under the circumstances contemplated by LR 37.2. The Clearview Defendants' unwillingness to comply with the Local Rule indicates that they do not wish to resolve the dispute.

LR 37.2 contemplates that the parties will discuss discovery disputes *before* a motion is filed. To the extent an impasse is reached, the rule contemplates that any issues that remain in dispute can be presented to the Court. The Clearview Defendants chose to forego compliance with LR 37.2 and, instead, chose to bring issues to the Court without ever notifying Plaintiffs that any issue existed. Moreover, the Clearview Defendants chose to wait to file the motion until the return date on the subpoenas was near.

It is unclear why the Clearview Defendants wish to have an improperly-filed motion hanging over the parties as they discuss the issues. There is no reason for the parties to be in the position of having to prepare motions to modify a briefing schedule and for the Court to have to rule on those motions in order to accommodate the Clearview Defendants' non-compliance with LR 37.2. Because the Clearview Defendants seemingly refuse to comply with the procedures set forth in LR 37.2, they have placed Plaintiffs in the position of having to file a motion. Plaintiffs would prefer that the Clearview Defendants simply withdraw the motion and let the LR 37.2 process play out.

--Scott

**From:** Lichtman, Andrew J. <ALichtman@jenner.com>
**Sent:** Tuesday, October 5, 2021 1:26 PM
**To:** Scott Drury <drury@loevy.com>; Jacobs-Perry, Precious S. <PJacobs-Perry@Jenner.com>; Suskin, Howard S. <HSuskin@jenner.com>; Kurtzberg, Joel <jkurtzberg@cahill.com>; FAbrams@cahill.com
**Cc:** Joshua Arisohn <jarisohn@bursor.com>; Frank Hedin <fhedin@hedinhall.com>; Arun Ravindran <aravindran@hedinhall.com>; Fedornak, Melissa <MFedornak@jenner.com>; Kothari, Monika N. <MKothari@jenner.com>
**Subject:** RE: In re Clearview AI, Inc., Consumer Privacy Litigation - Motion to Quash

Scott,

We have now offered to meet and confer with Plaintiffs four different times, but Plaintiffs have yet to respond with their availability.  Moreover, as Plaintiffs know, on multiple occasions the Court agreed to extend the parties' briefing schedule on the Clearview Defendants' motion to modify the confidentiality order so that the parties could continue to meet and confer.  As mentioned below, we have no issue agreeing to extend the schedule again here to see if we can make progress and

avoid burdening the Court with further briefing.  We remain available to discuss at your convenience, including this afternoon.

However, we note that Plaintiffs' threat to file a motion to strike rather than engage in a meet and confer provides little comfort that Plaintiffs have any intent on having a meaningful discussion about the subpoenas, which is yet another reason the Clearview Defendants do not agree to withdraw their motion at this time.

Best,
Andrew

**From:** Scott Drury <drury@loevy.com>
**Sent:** Tuesday, October 5, 2021 7:26 AM
**To:** Lichtman, Andrew J. <ALichtman@jenner.com>; Jacobs-Perry, Precious S. <PJacobs-Perry@Jenner.com>; Suskin, Howard S. <HSuskin@jenner.com>; Kurtzberg, Joel <jkurtzberg@cahill.com>; FAbrams@cahill.com
**Cc:** Joshua Arisohn <jarisohn@bursor.com>; Frank Hedin <fhedin@hedinhall.com>; Arun Ravindran <aravindran@hedinhall.com>; Fedornak, Melissa <MFedornak@jenner.com>; Kothari, Monika N. <MKothari@jenner.com>
**Subject:** RE: In re Clearview AI, Inc., Consumer Privacy Litigation - Motion to Quash

External Email – Exercise Caution

Andrew:

The Clearview Defendants filed their motion in contravention of LR 37.2. In order to remedy their error, the Clearview Defendants should withdraw the motion so that the parties can engage in a proper meet and confer process. Based on your emails below, it does not appear that the Clearview Defendants are willing to do this. As such, Plaintiffs will seek to strike the motion. If the Clearview Defendants would like to reconsider their position, please let me know by 3:00 p.m. (Central). Thank you.

--Scott

**From:** Lichtman, Andrew J. <ALichtman@jenner.com>
**Sent:** Friday, October 1, 2021 12:37 PM
**To:** Scott Drury <drury@loevy.com>; Jacobs-Perry, Precious S. <PJacobs-Perry@Jenner.com>; Suskin, Howard S. <HSuskin@jenner.com>; Kurtzberg, Joel <jkurtzberg@cahill.com>; FAbrams@cahill.com
**Cc:** Joshua Arisohn <jarisohn@bursor.com>; Frank Hedin <fhedin@hedinhall.com>; Arun Ravindran <aravindran@hedinhall.com>; Fedornak, Melissa <MFedornak@jenner.com>; Kothari, Monika N. <MKothari@jenner.com>
**Subject:** RE: In re Clearview AI, Inc., Consumer Privacy Litigation - Motion to Quash

Scott,

Again, we have no issue extending Plaintiffs' deadline to respond to our motion to quash so that the

parties can meet and confer. Let us know your availability for a call next week on Monday, Tuesday, or Wednesday.

Andrew

---

**From:** Scott Drury <drury@loevy.com>
**Sent:** Thursday, September 30, 2021 6:26 PM
**To:** Lichtman, Andrew J. <ALichtman@jenner.com>; Jacobs-Perry, Precious S. <PJacobs-Perry@Jenner.com>; Suskin, Howard S. <HSuskin@jenner.com>; Kurtzberg, Joel <jkurtzberg@cahill.com>; FAbrams@cahill.com
**Cc:** Joshua Arisohn <jarisohn@bursor.com>; Frank Hedin <fhedin@hedinhall.com>; Arun Ravindran <aravindran@hedinhall.com>; Fedornak, Melissa <MFedornak@jenner.com>; Kothari, Monika N. <MKothari@jenner.com>
**Subject:** RE: In re Clearview AI, Inc., Consumer Privacy Litigation - Motion to Quash

External Email – Exercise Caution

Andrew:

Recognizing that the return date on the subpoenas is tomorrow, in the spirit of cooperation, Plaintiffs will initially agree to extend the return date for seven days while the parties meet and confer as required by Local Rule 37.2. Given that the Clearview Defendants failed to comply with the Local Rule, they are required to withdraw their motion and engage in a good faith meet and confer process. Should that process not result in an agreement, the Clearview Defendants may refile their motion. Please confirm that you will withdraw the motion in accordance with the Rule.

--Scott

---

**From:** Lichtman, Andrew J. <ALichtman@jenner.com>
**Sent:** Thursday, September 30, 2021 4:48 PM
**To:** Scott Drury <drury@loevy.com>; Jacobs-Perry, Precious S. <PJacobs-Perry@Jenner.com>; Suskin, Howard S. <HSuskin@jenner.com>; Kurtzberg, Joel <jkurtzberg@cahill.com>; FAbrams@cahill.com
**Cc:** Joshua Arisohn <jarisohn@bursor.com>; Frank Hedin <fhedin@hedinhall.com>; Arun Ravindran <aravindran@hedinhall.com>; Fedornak, Melissa <MFedornak@jenner.com>; Kothari, Monika N. <MKothari@jenner.com>
**Subject:** RE: In re Clearview AI, Inc., Consumer Privacy Litigation - Motion to Quash

Scott,

Our position is based on the text of Local Rule 37.2. Moreover, given that the return date of Plaintiffs' subpoenas is tomorrow, October 1, 2021, the Clearview Defendants cannot agree to withdraw the motion to quash unless Plaintiffs withdraw their improper subpoenas. Please let us know if Plaintiffs agree to withdraw the subpoenas.

As noted below, we are available to meet and confer regarding these issues, and we would agree to an extension of the briefing schedule to accommodate further discussion.

Best,
Andrew

**From:** Scott Drury <drury@loevy.com>
**Sent:** Thursday, September 30, 2021 2:21 PM
**To:** Lichtman, Andrew J. <ALichtman@jenner.com>; Jacobs-Perry, Precious S. <PJacobs-Perry@Jenner.com>; Suskin, Howard S. <HSuskin@jenner.com>; Kurtzberg, Joel <jkurtzberg@cahill.com>; FAbrams@cahill.com
**Cc:** Joshua Arisohn <jarisohn@bursor.com>; Frank Hedin <fhedin@hedinhall.com>; Arun Ravindran <aravindran@hedinhall.com>; Fedornak, Melissa <MFedornak@jenner.com>; Kothari, Monika N. <MKothari@jenner.com>
**Subject:** RE: In re Clearview AI, Inc., Consumer Privacy Litigation - Motion to Quash

External Email – Exercise Caution
Andrew:

As set forth in my email, the Clearview Defendants brought their motion pursuant to Fed. R. Civ. P. 26(b)(2) and 45(d)(3). Moreover, the Northern District of Illinois' LR 37.2 applies to motions to quash subpoenas. *See Bilek v. Nat'l Congress of Employers, Inc.*, No. 18 C 3083, 2020 WL 10963975, at *2 (May 21, 2020) (noting that "Plaintiff is right that Defendants should have complied with the meet and confer requirements of Local Rule 37.2 before they filed their [motion to quash a third-party subpoena]; and "a party's motion to quash a subpoena served by an opposing party in a pending case is the kind of discovery motion that comes within the purview of Local Rule 37.2"); *Pavarti Corp. v. City of Oak Forest*, No. 08 C 702, 2010 WL 4822926, at *1, n. 1(N.D. Ill. Nov. 16, 2010) (St. Eve, J.) (discussing applicability of Local Rule 37.2 in the context of a motion to quash a subpoena).

Based on the above, Plaintiffs renew their request that, prior to 5:00 p.m. (CDT) today, the Clearview Defendants withdraw their improperly filed motion and engage in a good faith meet and confer process. If you would like to discuss anything further, please let me know.

--Scott

**From:** Lichtman, Andrew J. <ALichtman@jenner.com>
**Sent:** Thursday, September 30, 2021 12:46 PM
**To:** Scott Drury <drury@loevy.com>; Jacobs-Perry, Precious S. <PJacobs-Perry@Jenner.com>; Suskin, Howard S. <HSuskin@jenner.com>; Kurtzberg, Joel <jkurtzberg@cahill.com>; FAbrams@cahill.com
**Cc:** Joshua Arisohn <jarisohn@bursor.com>; Frank Hedin <fhedin@hedinhall.com>; Arun Ravindran <aravindran@hedinhall.com>; Fedornak, Melissa <MFedornak@jenner.com>; Kothari, Monika N. <MKothari@jenner.com>
**Subject:** RE: In re Clearview AI, Inc., Consumer Privacy Litigation - Motion to Quash

Scott,

The Clearview Defendants' motion to quash Plaintiffs' nonparty subpoenas pursuant to Federal Rule

45 is not subject to the requirements of Local Rule 37.2.

The text of the rule, as quoted in your email, explicitly governs "any and all *motions for discovery and production of documents* under Rules 26 through 37 of the Federal Rules of Civil Procedure." The Clearview Defendants' motion to quash is not "for discovery and production of documents," but rather *opposes* Plaintiffs' improper discovery tactics based on the Court's broad authority to quash a subpoena and limit the frequency and extent of discovery.

Further, Local Rule 37.2 applies to motions for discovery "under Federal Rules 26 through 37," which primarily concern party discovery—not nonparty subpoenas, which are governed by Rule 45. While "Rule 37 requires the moving party to certify that it attempted to meet and confer with the non-disclosing person or party to resolve the difficulties before filing a motion to compel; Rule 45 does not." *Dunnet Bay Const. Co. v. Hannig*, No. 10-3051, 2012 WL 1599893, at *2 (C.D. Ill. May 7, 2012) (noting that "[t]he authors of the Rules chose not to include a meet and confer requirement in Rule 45, and the Court will not impose such a requirement").

Nonetheless, we are available to meet and confer regarding Plaintiffs' nonparty subpoenas if you would like to discuss further.

Best,
Andrew

---

**From:** Scott Drury <drury@loevy.com>
**Sent:** Wednesday, September 29, 2021 8:58 PM
**To:** Jacobs-Perry, Precious S. <PJacobs-Perry@Jenner.com>; Suskin, Howard S. <HSuskin@jenner.com>; Lichtman, Andrew J. <ALichtman@jenner.com>; Kurtzberg, Joel <jkurtzberg@cahill.com>; FAbrams@cahill.com
**Cc:** Joshua Arisohn <jarisohn@bursor.com>; Frank Hedin <fhedin@hedinhall.com>; Arun Ravindran <aravindran@hedinhall.com>
**Subject:** In re Clearview AI, Inc., Consumer Privacy Litigation - Motion to Quash

External Email – Exercise Caution
Counsel:
??
On September 27, 2021, the Clearview Defendants filed a motion to quash pursuant to Fed. R. Civ. P. 26(b)(2) and 45(d)(3) (*see* Dkt. 179 at 1). Prior to filing the motion, the Clearview Defendants made no effort to meet and confer with Plaintiffs. Indeed, the Clearview Defendants did not even notify Plaintiffs that they intended to file the motion to quash or that they objected in any way to the subpoenas at issue. Local Rule 37.2 clearly provides that prior to a discovery motion being filed, the filing party must meet and confer with the other party by telephone or in person or explain that attempts to meet and confer in person or by telephone were unsuccessful:
??
> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion

> includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.
> ??

LR 37.2. The Clearview Defendants??? failure to comply with LR 37.2 is compounded by their previous failure to comply with the Rule in connection with their motion to modify the protective order (*see* Dkt. 162).

??

Due to the Clearview Defendants??? blatant failure to comply with the LR 37.2, Plaintiffs request that the Clearview Defendants??? withdraw the motion prior to 5:00 p.m. (CDT) on September 30, 2021. To the extent the Clearview Defendants refuse to withdraw the motion, Plaintiffs reserve all rights to notify the Court of the Clearview Defendants??? non-compliance with LR 37.2 and to seek all other relief available to them. If you would like to discuss anything, please let me know.

??

--Scott

??

---

**Andrew J. Lichtman**

**Jenner & Block LLP**
919 Third Avenue, New York, NY 10022-3908  |  jenner.com
+1 212 891 1644 | TEL
+1 347 712 1810 | MOBILE
ALichtman@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

_____

Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
drury@loevy.com
??