1  **STEVEN J. ROTHANS – State Bar No. 106579**
   **CAYLIN W. JONES – State Bar No. 327829**
2  **CARPENTER, ROTHANS & DUMONT**
   500 S. Grand Avenue, 19th Floor
3  Los Angeles, CA  90071
   (213) 228-0400 / (213) 228-0401 [Fax]
4  srothans@crdlaw.com / cjones@crdlaw.com

5  Attorneys for Defendant, City of El Segundo (erroneously sued as El Segundo Police Department)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLIONIS

| | |
|---|---|
| STEVEN RENDEROS, VALERIA THAIS, SUAREZ ROJAS, REYNA MALDONADO, LISA KNOX, MIJENTE SUPPORT COMMITTEE, and NORCAL RESIST FUND,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CLEARVIEW AI, INC., ALAMEDA COUNTY DISTRICT ATTORNEY, ALAMEDA POLICE DEPARTMENT, EL SEGUNDO POLICE DEPARTMENT, ANTIOCH POLICE DEPARTMENT, and DOES 1-10,<br><br>        Defendants. | Case No. 1:21-cv-00135<br>MDL No. 2967<br><br>**DEFENDANT CITY OF EL SEGUNDO'S NOTICE OF MOTION AND MOTION FOR REMAND**<br><br>**28 U.S. Code §1447(c)**<br><br><br>**Hon. Sharon Johnson Coleman** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Clearview AI, Inc. is an investigative application that uses state-of-the-art facial recognition technology to match the face in a user-uploaded image to faces in publicly available images. It is designed to be used in ways that ultimately reduce crime, fraud, and risk in order to make communities safer. The City of El Segundo is restricted on using the database of Clearview AI, Inc., solely for law enforcement and/or investigative purposes, such as suspects, criminal defendants, witnesses or victims. <u>The City is not permitted to use the Clearview database for any other purpose nor has the City or its police department used the Clearview database for purposes of facial recognition of the plaintiffs or any other persons to date</u>. In this civil lawsuit, plaintiffs – none of whom are residents of the City of El Segundo – allege that Defendant Clearview AI "sold licenses to policing agencies such as the El Segundo and Antioch Police Departments" and that Defendant El Segundo Police Department used Clearview AI's database to "identify people in public spaces" and "learn those people's professional roles, religious affiliations, familial connections and friendships…"

Initially this case was filed in the Superior Court of Alameda, however, on June 14, 2021, without the knowledge or consent of the City of El Segundo, Clearview AI removed the case to federal court on the basis that the public entity defendants, including the City of El Segundo were fraudulently joined. See Exhibit 1. As discussed below, if removal is proper the City of El Segundo is necessarily fraudulently joined and must be dismissed. If removal is improper than the public entity defendants, including the City of El Segundo, should be severed from the MDL litigation and remanded back to the State of California, Superior Court of Alameda County.

///

## II. PLAINTIFFS' CLAIMS

The operative pleading, the First Amended Complaint, asserts the following claims against the El Segundo Police Department:

(1) Common Law Appropriation of Likeness;

(2) California Constitution Article 1 (Invasion of Privacy);

(3) Business and Professions Code § 17200;

(4) Aiding and Abetting a Tort; and

(5) Infringement on Plaintiffs' Liberty of Speech.

## III. ARGUMENT

Co-Defendant Clearview AI removed this action to federal court under 28 U.S.C. § 1447(e) on the basis that the municipal defendants including the City of El Segundo are sham defendants that were added only to prevent diversity jurisdiction. See Exhibit 1. Because there are no federal claims (causes of action) asserted by the plaintiffs, the only basis for removal would therefore be diversity jurisdiction. When determining whether to allow removal on the basis of a fraudulent joinder courts consider several factors including: (1) whether the party sought to be joined is needed for just adjudication; (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party to defeat federal jurisdiction; and (5) the strength of the claims against the new defendant. See Greer v. Lockheed Martin, 10-CV-1704 JF HRL, 2010 WL 3168408, *3-4 (N.D. Cal. Aug. 10, 2010). **If the Court finds that federal jurisdiction exists under these circumstances, such a finding necessarily implies that the municipal defendants were fraudulently joined and must be dismissed**. See Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir.1992); see also Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921) ("If the removing defendant can meet this 'heavy burden,' [of proving the non-diverse defendants are

added only to defeat diversity] then the federal court considering removal may disregard, for jurisdictional purposes, the citizenship of [those] nondiverse defendants, assume jurisdiction over [the] case, **dismiss the nondiverse defendants**, and thereby retain jurisdiction.") (emphasis added). As analyzed below, the plaintiffs' claims against the City of El Segundo fail as a matter of law and thus, the City of El Segundo should be dismissed from this action.

### A. Plaintiffs' State Claims are Barred for Failure to Comply with the Tort Claims Act.

All of plaintiffs' claims (causes of action) are barred by the California Tort Claims Act because plaintiffs have not alleged, and cannot allege, that they filed a timely Claim for Damages with the City of El Segundo prior to filing this lawsuit. California Government Code section 945.5 provides that: "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim therefor has been presented to the public entity." Cal. Govt. Code § 945.4. A claim for money damages for injury to person or personal property must be presented within six months of the date the claim accrues. Cal. Govt. Code § 911.2(a). Alternatively, if a claim is not presented within six months of when it accrues, Government Code section 911.4 allows a claimant to submit an application for leave to present a late claim. Cal. Govt. Code § 911.4(a). But, even then, such an application must be presented "within a reasonable time not to exceed one year after the accrual . . ." Cal. Govt. Code § 911.4(b).

The "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." State v. Super. Court (Bodde), 32 Cal. 4th 1234, 1239 (2004); see also Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1224 (E.D. Cal. 2009) ("A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the Tort Claims Act before

commencing a civil action."); Rezaipour v. Cty. of Los Angeles, No. CV1205005MWFVBKX, 2014 WL 12674923, at *8 (C.D. Cal. July 10, 2014), aff'd, 655 F. App'x 552 (9th Cir. 2016) (same).

A review of plaintiffs' First Amended Complaint reveals no mention of a Claim for Damages ever being submitted to the El Segundo Police Department or the City of El Segundo as required by California law. Moreover, the plaintiffs cannot amend the First Amended Complaint to allege that this was done. Therefore, all of the plaintiffs' state law claims are barred.

### B. The First Amended Complaint Fails to State A Claim For Invasion Of Privacy Under The California Constitution.

Plaintiffs assert a cause of action for invasion of privacy under Article I of the California Constitution against the City of El Segundo. The California Constitution sets a "high bar" for establishing an invasion of privacy claim. See Belluomini v. Citigroup, Inc., No. CV 13–01743 CRB, 2013 WL 3855589, at 6 (N.D.Cal. July 24, 2013). Even disclosure of very personal information has not been deemed an "egregious breach of social norms" sufficient to establish a constitutional right to privacy. Id.; see also In re iPhone Application Litig., 844 F.Supp.2d at 1063 (holding that the disclosure to third parties of unique device identifier number, personal data, and geolocation information did not constitute an egregious breach of privacy sufficient to prove a serious invasion of a privacy interest); Ruiz v. Gap, Inc., 540 F.Supp.2d 1121, 1127–28 (N.D.Cal.2008), aff'd, 380 Fed.Appx. 689 (9th Cir.2010) (unpublished) (holding that the theft of a retail store's laptop containing personal information, including the social security numbers, of job applicants did not constitute an egregious breach of privacy and therefore was not sufficient to state a claim); Folgelstrom v. Lamps Plus, Inc., 195 Cal.App.4th 986, 992, (2011) ("Here, the supposed invasion of privacy essentially consisted of [defendant] obtaining plaintiff's address without his knowledge or permission, and using it to mail him coupons and other advertisements. This

conduct is not an egregious breach of social norms, but routine commercial behavior."). Finally, "[w]hether a legally recognized privacy interest is present in a given case is a question of law to be decided by the court." In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014).

Plaintiffs contend that they have a "reasonable expectation of privacy in their names, photographs biometric information, and other identifiers because the websites from which Clearview AI scrapes such information prohibits such conduct in their terms of service." FAC ¶ 87. First, this allegation is devoid of any FACTS alleging how the City of El Segundo specifically violated their right to privacy and alleges only facts against defendant Clearview AI. Second, this allegation fails to meet the high burden required for a cause of action under Invasion of Privacy where the plaintiffs' only allegation is that Clearview acquired information from *public* posts on social media. No California court case has ever held that a plaintiff has a constitutionally protected right to their "names, photographs, biometric information, and other identifiers" as plaintiffs assert. Third, the plaintiffs' assertion that Clearview AI allegedly gathered this information in violation of the private websites' terms of service does not therefore mean that this information is an invasion of privacy under the California Constitution. Moreover, plaintiffs' do not assert that the City of El Segundo Police Department gathered this information, rather, they only assert that the El Segundo Police Department used Clearview's services. These allegations are insufficient to assert a cause of action against the El Segundo Police Department for invasion of privacy under Article I of the California Constitution. See Smith v. Maryland, 442 U.S. 735, 743-44 (1979). (A person "has no legitimate expectation of privacy in information he voluntarily turns over to third parties.") An individual does not have a reasonable expectation of privacy in information they volunteer to third parties "even if the information is revealed on the assumption that it will be used only for a limited purpose." United States v.

- 6 -
MOTION TO REMAND

Miller, 425 U.S. 435, 443 (1976). Burke v. New Mexico 2018 WL 2134030, at 5-5 (observing that "[c]ourts routinely have found that there is no right to privacy in internet posting that are publicly accessible."); United States v. Meregildo, 883 F. Supp. 2d 523,536 (S.D.N.Y. 2012) ("When a social media user disseminates his postings and information to the public, they are not protected by the Fourth Amendment."); see also United States V. Borowy, 595 F.3d 1045, 1048 (9th Cir. 2010) (holding that individual had no reasonable expectation of privacy in file son computer shared over a peer to peer file sharing network.)

### C. The First Amended Complaint Fails to State A Claim Against the El Segundo Police Department Under California *Business and Professions Code* § 17200.

Plaintiffs assert a claim (cause of action) under Business & Professions Code § 17200 alleging "Clearview's invasion of plaintiffs' and plaintiffs' members privacy is serious and highly offensive…because Clearview's conduct is surreptitious…because Clearview extracts biometric information from plaintiffs' immutable characteristics…and because it places plaintiffs' and plaintiffs' members' lives and livelihood in danger, both from being misidentified to law-enforcement and immigration and from being correctly identified and targeted for retaliation for their public political stances." FAC ¶ 88. First, plaintiffs have not alleged any facts regarding the El Segundo Police Department and actions that would hold the City of El Segundo liable for such a claim and instead the plaintiffs focus solely on defendant Clearview's actions. Second, and most importantly, "[Business and Professions Code] Sections 17200 and 17500 have been held **not to apply to governmental entities** as defendants, even when those entities are acting in a nongovernmental capacity." People for Ethical Treatment of Animals, Inc. v. California Milk Producers Advisory Bd. (2005) 125 CA4th 871, 22 CR3d 90; see also Trinkle v. California State Lottery, (1999) 71 Cal. App. 4th 1198, 1202, 84 Cal. Rptr. 2d 496, 498. The City of El Segundo, as a

governmental agency is immune from claims under Business and Professions Code § 17200.

### D. The First Amended Complaint Fails To State A Claim For Appropriation Of Likeness And Aiding And Abetting A Tort Where California *Government Code* § 815 Provides Public Entities Immunity For Such Torts.

Plaintiffs assert that the City of El Segundo committed common law appropriation of likeness and aided and abetting Clearview in committing common law appropriation of likeness of the plaintiffs by allegedly subscribing to Clearview's services. First, the plaintiffs First Amended Complaint lacks any facts to hold the City of El Segundo for such a claim (cause of action). Second, California Government Code section 815 declares that "[e]xcept as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." The statute amounts to a legislative declaration that governmental immunity from suit is the rule and liability the exception. "Thus, in the absence of some constitutional requirement, public entities may be liable *only* if a statute declares them to be liable." Harshbarger v. City of Colton (1988) 197 Cal.App.3d 1335, 1339, 243 Cal.Rptr. 463. Certain statutes do provide expressly for public entity liability in circumstances that are somewhat parallel to the potential liability of private individuals and entities and as past cases have explained, "[T]he intent of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances...." Brown v. Poway Unified School Dist. (1993) 4 Cal.4th 820, 829, 15 Cal.Rptr.2d 679, 843 P.2d 624; see also Zelig v. Cty. of Los Angeles, (2002) 27 Cal. 4th 1112, 1127–28, 45 P.3d 1171, 1181–82. However, critically, **"there is no common law tort liability for public entities in California; such liability is wholly statutory."** In re

Groundwater Cases (2007) 154 Cal.App.4th 659, 688, 64 Cal.Rptr.3d 827; see also Gov.Code, § 815.  As such, the plaintiffs cannot assert a claim (cause of action) for common law appropriation of likeness or aiding and abetting common law appropriation of likeness where there is no common law tort liability against public entities.

### E. The First Amended Complaint Fails To State A Claim For Violation Of Free Speech Under The California Constitution Where No Private Right Of Action Exists.

Plaintiffs assert that the City of El Segundo alleged use of Clearview's services "chill[ed] plaintiffs and plaintiffs' members from exercising the liberty of speech granted by the California Constitution" under Article I Section 2. However, "Article I, Section 2 of the California Constitution does not create a private right of action." See Degrassi v. Cook, (2002) 29 Cal.4th 333, 336, 58 P.3d 360.  Moreover, plaintiffs' allegations that their free speech has been chilled arises out of nothing more than speculation that they could possibly be identified or targeted by members of law enforcement.  Plaintiffs have pled no facts that they actually have in any way been targeted by the City of El Segundo.

### F. If the Court Finds That The Municipal Defendants Were Properly Joined Then The Court Should Remand Them Back to California State Court.

As explained above, the plaintiffs' case against the City of El Segundo - and all the municipal defendants - fails as a matter of law.  However, should the Court find that the municipal defendants are proper defendants to this action, this Court has no jurisdiction over the City of El Segundo where there are no federal causes of action asserted, and where both the plaintiffs and municipal defendants are residents of California.  Because the MDL panel has ruled that the plaintiffs' allegations against Clearview AI "involve common questions of fact with the actions transferred to MDL No. 2967…" (See MDL Transfer Order), the City of El

Segundo submits that should the Court decline to dismiss the municipal defendants it would be in the interests of judicial efficiency and economy to sever the municipal defendants and remand them back to California Superior Court in Alameda County.

## IV. CONCLUSION

Based on the foregoing, it is respectfully requested that the Court dismiss the City of El Segundo from this action with prejudice, or in the alternative, remand the plaintiffs' case against the municipal defendants back to the State of California, Superior Court for Alameda County.

DATED: November 10, 2021    CARPENTER, ROTHANS & DUMONT LLP

*Caylin W. Jones*

By: _____
    STEVEN J. ROTHANS
    CAYLIN W. JONES
    Attorneys for Defendant,
    City of El Segundo