# EXHIBIT 3

N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| ) | Case No. 1:21-cv-00135 |
| ) | |
| In re Clearview AI, Inc. Consumer Privacy ) | Judge Sharon Johnson Coleman |
| Litigation ) | |
| ) | Magistrate Judge Maria Valdez |
| ) | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION TO ALL DEFENDANTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendants Clearview AI, Inc. ("Clearview"); Hoan Ton-That; Richard Schwartz; Rocky Mountain Data Analytics LLC ("Rocky Mountain"); Thomas Mulcaire; and Macy's Retail Holdings, LLC ("Macy's") (collectively, "Defendants" or "you") respond to the following Requests For Production Of Documents within thirty (30) days from receipt of service. The production shall occur at the offices of Loevy & Loevy, 311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607.

All documents must be assigned a Bates/control number that shall always: (a) be unique across the entire document production; (b) maintain a constant length (zero/0-padded) across the entire production; (c) contain no special characters or embedded spaces; and (c) be sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the producing party will disclose the Bates number or ranges in a cover letter accompanying the production.

**DEFINITIONS**

1.     "Action" means the above-captioned putative class action.

1

2.      "Affirmative Defenses" mean any affirmative defenses that you assert in any answer to any complaint filed by Plaintiffs in this matter, including the Consolidated Class Action Complaint.

3.      "Answer to the Complaint" means the answer you make to any complaint filed by Plaintiffs in this matter, including the Consolidated Class Action Complaint.

4.      "Biometric Data" means any measurement, pattern or other data relating to the physical biological features or characteristics of an individual that is capable of being used to identify the individual, regardless of the source of any such measurement, pattern or data.

5.      "Biometric Identifier" means or refers to a retina or iris scan, fingerprint, voiceprint, scan of hand or face geometry, or a person's face geometry.

6.       "Biometric Information" means or refers to any information, regardless of how it is captured, converted, stored, or shared, based on a Person's Biometric Identifier that is used to identify a Person.

7.      "BIPA" means or refers to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

8.      "Clearview Facial Recognition App or Software" means the software or software application provided or offered by Clearview that allows users to upload probe images to Clearview's Face Template Database to determine or help determine the identity of the person(s) in the probe images through the use of Face Recognition.

9.      "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes original and all non-identical copies of all documents, as defined herein, sent by you or received by you from any person, as well as any documents reflecting or recording the content of any oral communications in any form (including, without

limitation, inter-office and intra-office memoranda, e-mail and other communications). The term "communication(s)" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements understandings, meetings, notices, requests, responses, demands, complaints, press, publicity or trade releases by any manner or means whatsoever, including but not limited to by speech, writing, language (machine, foreign or otherwise), computer electronics of any kind (including e-mail and/or instant messaging), magnetic tape, videotape, graphs, symbols, signs, magnetic and/or optical disks, floppy disks, compact discs, CD-ROM discs, sound, radio and/or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types, and/or media of any kind.

10.     "Concerning" means relating to, referring to, describing, evidencing, or constructing.

11.     "Describe," when used in relation to any process, policy, act, agreement, object, or event, seeks an explanation of the process, policy, act, agreement, object, or event in complete and reasonable detail, stating the time, date, and location, identifying all persons participating or present, and Identifying all documents and communications relating thereto. When used in any other context, "Describe" means to explain in complete and reasonable detail.

12.     "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include electronic or computerized data compilations, as well as, without limitation, all original writings of any nature whatsoever, copies and drafts which, by reason of notes, changes, initials, or identification marks are not identical to the original and all non-identical original copies thereof. In all cases where original or non-original copies are not available, "document" also means identical copies of original documents and copies of non-identical copies. The term thus includes, but is not limited to, any kind of written or graphic matter, however

provided or reproduced, of any kind or description, whether sent or received or neither, including but not limited to papers, books, book entries, correspondence, telegrams, cables, telex messages, memorandum, notes, data, notations, work papers, inter-office communications, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of committee meetings, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, formulae, plans, specifications, evaluations, contracts, licenses, agreements, offers, ledgers, journals, books of records of account, summaries of accounts, bills, service invoices, receipts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, desk calendars, appointment books, diaries, lists, tabulations, charts, graphs, maps, surveys, sound recordings, computer tapes, magnetic tapes, computer printouts, data processing input and output, e-mails, text messages, instant messages, microfilms, all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however, denominated, whether currently in existence or already destroyed. A draft or non-identical copy is a separate document within the meaning of this term.

13. Electronically Stored Information ("ESI") means all potentially discoverable electronically stored information, whether real, virtual or cloud-based, and refers to the parties' ESI that contains or potentially contains information relating to facts at issue in this litigation. ESI includes all electronically stored documents. ESI further includes the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including Metadata (*e.g.*, author, recipient, file creation date, file modification date); (ii) internal or external web sites or apps; (iii) output resulting from the use of any software program or social media application, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, BlackBerry® Messenger, AOL Instant Messenger (or

similar programs or files), bulletin board programs, operating systems, source code of all types, Outlook Profile Files or PRF files, Palm Resource Code or PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (iv) activity listings of electronic mail receipts and/or transmittals; and (v) any and all items stored on computer memories, hard disks, floppy disks, CDROM, magnetic tape, microfiche, DVDs, CDs, external hard drives, flash drives, memory cards or on any other media for digital data storage or transmittal, including personal digital assistants (e.g., Palm Pilots), hand-held wireless devices (e.g., BlackBerrys), cell phones, iPods, iPads or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

14. "Face Recognition" or "Facial Recognition" means any automated, algorithmic or other computational process or analysis through which an individual's face can be detected and a determination as to the likely identity of the individual can be made, including but not limited to processes through which Face Templates are used to compare known faces against a new face and see if there is a probable match or similarity.

15. "Face Template" means any set of Biometric Data or Biometric Identifiers, including without limitation any scan, graphical or other algorithmic representation of measurements or patterns, relating to an individual's facial features and characteristics, regardless of the source of any such measurement, pattern or data.

16. "Face Template Database" or "Database(s)" means the stored collection or database containing all previously collected Face Templates.

17. "Identify" when used in reference to a document means to state its formal and informal title(s); subject matter or nature; date(s) of preparation; date(s) of use; and to identify the

person(s) who signed it or under whose name the document was issued, the author(s), addressee(s) and recipient(s) of the document and its present or last known custodian.

18.     "Identify" when used in reference to a natural person means to state the person's full name, present or last known business and home address, phone number(s) and employment title or position.  When used in reference to an entity other than a natural person, "identify" means to state the full name of the entity, the type of entity and the address and phone number of the entity's principal place of business.

19.     "Identify" when used in reference to a product means to provide its trade name, model number, firmware version, and software version.

20.     "Identify" when used with respect to an event, transaction or occurrence means to describe the act in complete and reasonable detail; state the time, date, and location of the event, transaction or occurrence; identify all persons participating or present; and identify all documents relating thereto.

21.     "IP" means Internet Protocol.

22.     "Metadata" means or refers to data providing information about one or more aspects of data, including a geo-tag and information embedded in a native file or other data that may not be viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage, and validity of the electronic file as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

23.     "Native Data Format" means or refers to the format of ESI, whether structured or unstructured, as originally generated or used by the producing party in the usual course of its business and in its regularly conducted activities.

24.     "Person(s)" refers to natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, research institutions, academic institutions, organizations, and all other entities.

25.     "Probe Image" means or refers to a photograph, video frame or other image uploaded by a user of software or an app offered by Clearview and/or Rocky Mountain to Clearview's and/or Rocky Mountain's Face Template Database to determine or help determine the identity of the person in the photograph, video frame or other image through the use of Face Recognition.

26.     "Proposed Class Member" means or refers to any person described in paragraph 63 of the Consolidated Class Action Complaint.

27.     "Related To" or "Relating To" means to consist of, concern, discuss, evidence, mention, regard, refer to, reflect, rely upon, use, or reference the matter described.

28.     "Rocky Mountain Facial Recognition App or Software" means the software or software application provided or offered by Rocky Mountain that allows users to upload probe images to Rocky Mountain's Face Template Database to determine or help determine the identity of the person(s) in the probe images through the use of Face Recognition.

29.     "Security Breach" means any unauthorized access to stored information and/or data regardless of whether such data and/or information was altered, copied or changed.

30.     "Testimony" means any recorded statements, written or oral, provided informally or under oath, as evidence or for fact-finding purposes, before any court, agency, legislative

body, arbiter or other authority, including without limitation, at a deposition, hearing, trial, investigation, or arbitration.

## RULES OF CONSTRUCTION

1.      The terms "all" and "each" should be construed as "all and each." The word "all" means "any and all," and the word "any" means "any and all."

2.      The term "including" means "including, but not limited to." The term "include(s)" means "include(s), without limitation."

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.      The use of the singular form of any word includes the plural and vice versa.

5.      The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

6.      Defined terms shall have the meanings assigned to them whether or not they are capitalized.

7.      For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Interrogatories shall be resolved so as to construe these Interrogatories as broadly as possible.

8.      Attachments: e-mail attachments and embedded files must be mapped to their parent by the Document or production number. If attachments and embedded files are combined with their parent Documents, then "BeginAttach" and "EndAttach" fields listing the unique beginning and end number for each attachment or embedded document must be included.

9.      Color: if an original document contains color, to the extent the producing party produces a paper version of the document, it may do so in black and white. The parties agree that color copies of documents will be produced upon the reasonable request of the requesting party and only when the color original is readily accessible. The requesting party will provide a specific Bates range for Documents it wishes to be produced in color.

10.      Duplicates: to the extent that exact duplicate ESI Documents (based on MD5 or SHA-1 hash values) reside within a party's data set, each party is only required to produce a single copy of a responsive document. This de-duping should be done only on exact duplicate documents. Only documents where the main documents and the attachments are exactly the same will be considered exact duplicates. ESI with differing file names but identical hash values shall not be considered exact duplicates. Exact duplicate shall mean bit-for-bit identicality of both documents' content and any associated Metadata. Where any such documents have attachments, hash values must be identical for both the documents and the attachments. You must also produce a spreadsheet identifying additional custodians who have or had a copy of the produced document.

11.      File Naming Conventions: where production of .tiff images rather than Native Data Format ESI is requested or agreed to, each document image file produced shall be named with the unique Bates Number of the first page of the document, followed by the extension ".tif" or ".tiff." To the extent separate text files are provided, text files should be named the same as the first .tiff image of the document.

12.      All metadata must be provided in connection with ESI requested, including file, application and system metadata. The following list provides examples of the types of metadata/metadata fields that should be produced:

- Document number or production number (including the document start and document end numbers). This should use the standard Bates Number in accordance with those used in previous productions;
- BeginAttach;
- EndAttach;
- Title/Subject;
- Sent/date and time (for emails only);
- Last modified date and time, created date and time (for ESI);
- Received date and time (for e-mails only);
- Author;
- Recipients;
- cc:;
- bcc:;
- Source (custodian);
- Hash value;
- File path;
- Media (type of media that the Document was stored on when it was collected);
- Page count;
- Original file name;
- Doc extension;
- Full text;
- Accessed date and time;
- Last print date;
- Geolocation/Geotag Information;
- IP addresses;
- Device information such as IMEI, screen size and screen resolution; and
- URL information (both from incoming and outgoing websites)

13.    Production of Paper Documents: paper-based original documents (*i.e.*, documents which were not first generated by a computer, such as handwritten memoranda) shall be produced in hard copy or scanned format, provided any scan creates an exact duplicate of the document. Where a document contains post-it notes or other similar objects, any scanned production shall include a scan of the document with the post-it notes or other similar objects still attached and a scan of the document without that material.

14.    Structured Data: structured data, such as relevant database information, must be produced in Native Data Format, together with any associated database schema necessary to render such data reasonably viewable and usable.

15.     Unless otherwise stated, the Relevant Time Period for all requests is January 1, 2015 to the present.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning any of the named Plaintiffs, including but not limited to all photographs, Face Templates, Biometric Data, Biometric Identifiers and Biometric Information pertaining to the named Plaintiffs.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning your extraction, generation, collection, transmission, storage, access and use of Biometric Data, Biometric Identifiers, Biometric Information and/or Face Templates.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning your Face Template Database, including but not limited to the Face Template Database itself, the photographs from which the Face Template Database was developed, the URLs associated with the photographs in the Face Template Database and all documents contained within the Face Template Database.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning the Clearview's Facial Recognition App or Software and/or the Rocky Mountain Facial Recognition App or Software, including but not limited to: (a) all versions of the source code for the app or software, or any part of the app or software; and (b) all protocols, policies, procedures, privacy notices, terms of use, or guidelines related to your collection, capture, storage, possession, processing, disclosure, redisclosure,

dissemination, use or destruction of, or access to (or permission to access) Biometric Data, Biometric Identifiers, Biometric Information or Face Templates.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to the way in which you trained Clearview's Facial Recognition App or Software and/or Rocky Mountain's Facial Recognition App or Software for reliability and/or accuracy, or tested its reliability and/or accuracy.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning your Facial Recognition technology.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning the addition of Face Templates to your Face Template Database, including but not limited to documents and communications related to the way in which you obtained, and the sources for, the photographs, images, videos and video frames included in the Face Template Database. This request includes documents listing the websites and/or other sources of the photographs, images, videos and video frames included in your Face Template Database.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning the deletion or removal of Face Templates from your Face Template Database.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning the processes associated with the ability to opt-out of your Facial Recognition technology or your Face Template Database, including: (a) all documents concerning a request by any person to have the person's information, including the person's photograph(s) or Biometric Data, Biometric Identifiers and/or Biometric Information

withdrawn, deleted, or otherwise removed from your Face Template Database; and (b) all documents showing your response and/or any action(s) you took in response to the request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning any formal or informal complaints that you received concerning your collection, capture, obtainment, storage, disclosure, redisclosure, dissemination, or use of Biometric Data, Biometric Identifiers and/or Biometric Information.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications showing the date(s) on which you collected, captured or otherwise obtained the Biometric Data, Biometric Identifiers and/or Biometric Information of any person and/or your reason(s) for doing so.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning your creation, development, marketing, sale, lease, license or trade of the Clearview Facial Recognition App or Software and/or the Rocky Mountain Facial Recognition App or Software, including but not limited to (a) documents identifying or describing the persons involved with such activities; (b) documents related to any request by any person that you create or develop Facial Recognition technology; (c) contracts or other agreements; (d) terms of use; (e) privacy policies; and (f) documents related to training programs, webinars, attendance at forums or conventions and advertisements.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications concerning your past, current or prospective monetization or other financial impact of: (a) your Face Template Database; (b) the Clearview Facial Recognition App or Software; and/or (c) the Rocky Mountain Facial Recognition App or Software. This request includes contracts or other documents governing your relationship with any user of the Clearview and/or Rocky Mountain Facial Recognition App or Software.

13

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning users or customers of the Clearview or Rocky Mountain Facial Recognition App or Software, including: (a) contracts or other agreements; (b) customer or user lists; (c) customer or user inquiries; (d) free trials or complimentary login credentials; (e) correspondence; (f) training and (g) documents related to any state agency or local unit of government that used or uses the Clearview or Rocky Mountain Facial Recognition App or Software.

**REQUEST FOR PRODUCTION NO. 15:**

All instructions, user manuals, schematics, technical manuals, service manuals, pamphlets, sales materials, lease materials, or license materials related to your Face Template Database and/or the Clearview or Rocky Mountain Facial Recognition App or Software that identify the: (a) name; (b) version; (c) capabilities of the above-described database, app or software, including the capability to read Biometric Data, Biometric Identifiers or Biometric Information; (d) data storage capabilities; or (e) electronic communication capabilities of the above-described database, app or software.

**REQUEST FOR PRODUCTION NO. 16:**

Any flowchart showing how your Face Template Database and or the Clearview or Rocky Mountain Facial Recognition App or Software functions in terms of: (a) the production of Biometric Data, Biometric Identifiers and/or Biometric Information; and (b) disaster recovery.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications related to the identification of persons in your Face Template Database.

14

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning any retention schedules or guidelines you maintain for permanently destroying Biometric Data, Biometric Identifiers, Biometric Information or Face Templates.

**REQUEST FOR PRODUCTION NO. 19:**

All documents or communications that you contend constitutes or constituted any named Plaintiff's informed, written consent to your collection, capture, acquisition, obtainment, distribution, redistribution, dissemination or storage of their Face Templates, Biometric Data, Biometric Identifiers or Biometric Information.

**REQUEST FOR PRODUCTION NO. 20:**

All documents that you contend constitutes or constituted anyone's informed, written consent to your collection, capture, acquisition, obtainment, distribution, redistribution, dissemination or storage of their Face Templates, Biometric Data, Biometric Identifiers or Biometric Information.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications relating to the technological feasibility of complying with BIPA and/or the effect of such compliance, including but not limited to your ability to disable your Face Template Database and/or the Clearview or Rocky Mountain Facial Recognition App or Software with respect to facial scans of Illinois residents or facial scans originating from photographs taken in Illinois, uploaded in Illinois and/or connected to an Illinois IP address, or containing images of Illinois residents.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to your past, present or future technological ability or capability to determine the IP address assigned to a particular device that was used to upload a photograph.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications concerning your past, present or future ability or capability to use or interact with any geo-location, GPS or any other location technology available on any Google Android devices or the Android operating system.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications concerning your present or future ability or capability to use or interact with any geo-location, GPS or any other location technology available on any Apple devices or the iOS operating system.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications relating to your past, present or future technological ability or capability to use an IP address to ascertain a geographic location of a particular device that uploaded a photograph.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications relating to your past, present or future technological ability or capability to use geo-location or GPS data to ascertain a geographic location of a particular device that uploaded a photograph.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications relating to your past, present or future technological ability or capability to use metadata associated with photographs to ascertain the geographic location from which a particular photograph was uploaded.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications relating to the geographic locations from which you extract, generate or collect Biometric Data, Biometric Identifiers, Biometric Information or Face Templates from uploaded photographs and/or facial scans thereof, including the locations of any servers or data centers that perform such activities.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications relating to the geographic location of your data storage facilities or servers that store Biometric Data, Biometric Identifiers, Biometric Information or Face Templates.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to identify the total number of Face Templates in your Face Template Database that were generated, extracted, collected or otherwise obtained from photographs and/or facial scans thereof uploaded from devices assigned Illinois-based IP addresses.

**REQUEST FOR PRODUCTION NO. 31:**

Copies of all insurance policies that may provide coverage for all or part of any liability incurred by you in this case, including all documents and communications denying coverage or reserving rights or that otherwise concern any insurance policies implicated by this Action.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications concerning any Security Breach, including a Security Breach of your Face Template Database.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications related to the formation and organization of Clearview; Rocky Mountain; Smartcheckr; Insight Camera LLC; Standard International

17

Technologies SA – Panama; Standard International Technologies PLC – Singapore or any other predecessor, successor, subsidiary or affiliate of any those entities, including documents and communications related to: (a) each entity's purpose; (b) the officers of each entity; (c) the initial capitalization of each company; and (d) the bank accounts of each entity.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications related to the assets, debts and expenses of Clearview; Rocky Mountain; Smartcheckr; Insight Camera; Standard International Technologies SA – Panama; Standard International Technologies PLC – Singapore or any other predecessor, successor, subsidiary or affiliate of any those entities, including: (a) loan documents; (b) each company's financial transactions, including bank statements, wire or electronic transfers, deposit tickets and withdrawal slips; (c) money or other consideration provided to any of the above-described entities by Hoan Ton-That and/or Richard Schwartz; (d) leases and/or mortgages; (e) accounts payable documents and documents showing how the payments were made; (f) accounts receivable documents; (g) any intellectual property owned the entity; (h) documents showing capital contributions by Hoan Ton-That or Richard Schwartz; and (i) financial statements.

**REQUEST FOR PRODUCTION NO. 35:**

All corporate meeting minutes, annual statements, corporate minute books and other documents related to the corporate formalities of Clearview; Rocky Mountain; Smartcheckr; Insight Camera; Standard International Technologies SA – Panama; Standard International Technologies PLC – Singapore or any other predecessor, successor, subsidiary or affiliate of any those entities.

**REQUEST FOR PRODUCTION NO. 36:**

All federal and state income tax returns (and accompanying forms and schedules) for Hoan Ton-That and Richard Schwartz, as well as Clearview; Rocky Mountain; Smartcheckr; Insight Camera; Standard International Technologies SA – Panama; Standard International Technologies PLC – Singapore or any other predecessor, successor, subsidiary or affiliate of any those entities.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications relating to any past, current or prospective value, profit, loss, financial metric or business valuation or service offering derived from or otherwise related to Biometric Data, Biometric Identifiers, Biometric Information or Face Templates collected, generated or extracted from photographs, images, and/or facial scans.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications relating to BIPA, including any documents regarding compliance or non-compliance therewith, amendments or proposed amendments thereto, and communications with any government or elected official, his or her staff, or any lobbyist organization concerning the same.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications concerning any presentation, speech, panel discussion, symposium or any other forum, that any Defendant or employee, agent or officer of any Defendant attended, sponsored or participated in concerning Biometric Data, Biometric Identifiers, Biometric Information or Facial Recognition.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications concerning the purposes for which any Defendant creates, stores and/or uses – or created, stored and/or used – Biometric Data, Biometric Identifiers, Biometric Information or Face Templates.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications regarding searches performed using the Clearview and/or Rocky Mountain Facial Recognition Software or App, including: (a) searches performed using the accounts of employees, officers and agents of Clearview and/or Rocky Mountain; (b) searches performed by Macy's and/or its officers, employees, contractors or agents; (c) the probe images used in connection with each search; and (d) documents showing the results of each search.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications relating to your Communications with any local, state, federal, or international governmental or regulatory body, concerning your use of Facial Recognition technology, or your collection, storage, distribution, redistribution, dissemination, retention, or use of Biometric Data, Biometric Identifiers and/or Biometric Information.

**REQUEST FOR PRODUCTION NO. 43:**

Copies of all United States Patents that you own or have been assigned that relate to your Facial Recognition technologies or features, as well as copies of all pending or previously-filed United States Patent Applications filed by you or on your behalf, that concern your Facial Recognition technologies or features.

**REQUEST FOR PRODUCTION NO. 44:**

All contracts or agreements other than insurance policies (written or otherwise) between you and any person that provide for indemnification for liability and/or damages in cases brought under BIPA or any other biometric privacy law.

**REQUEST FOR PRODUCTION NO. 45:**

All documents on which you rely or may rely in support of your Affirmative Defenses or that you intend to rely on to dispute any of the allegations in the Consolidated Class Action Complaint or subsequent operative complaint, including documents showing that you collected, captured, obtained, sold, leased, traded, profited from, distributed, redistributed and/or disseminated Biometric Data, Biometric Identifiers and/or Biometric Information when working for a state agency or local unit of government.

**REQUEST FOR PRODUCTION NO. 46:**

All documents identified or described in your Fed. R. Civ. P. 26(a)(1) Disclosures or any answer to any interrogatory issued by any Plaintiff.

**REQUEST FOR PRODUCTION NO. 47:**

All documents obtained via third-party subpoena in this litigation.

**REQUEST FOR PRODUCTION NO. 48:**

All documents obtained from any third-party, however obtained, relating to the claims or defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 49:**

Any expert reports prepared by you or on your behalf relating to any of the matters alleged in the Consolidated Class Action Complaint or subsequent operative complaint.

**REQUEST FOR PRODUCTION NO. 50:**

All documents relied on or reviewed by any expert disclosed pursuant to Fed. R. Civ. P.

26(a)(2).

Dated:  May 24, 2021

By:     /s  *Scott R. Drury*
                  SCOTT R. DRURY
                  *Plaintiffs' interim lead class counsel*

Mike Kanovitz
Scott R. Drury
Andrew Miller
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
drury@loevy.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

Scott R. Drury, an attorney, certifies that on May 24, 2021, he served a true and correct copy of the foregoing document by email on counsel of record for Defendants.