# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | ) <br> ) <br> ) Case No. 1:21-cv-00135 <br> ) <br> ) Hon. Sharon Johnson Coleman <br> ) <br> ) |

**CLEARVIEW DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC ("Rocky Mountain"), and Thomas Mulcaire (collectively, the "Clearview Defendants") respectfully submit this memorandum of law in opposition to Plaintiffs' November 18, 2021 Motion for a Protective Order (Dkt. No. 215) (the "Motion").[1]

## INTRODUCTION

Having filed a First Amended Consolidated Class Action Complaint (Dkt. No. 116) ("Complaint" or "Compl."), claiming that the Clearview Defendants collected Plaintiffs' alleged "biometric information"[2] from photographs Clearview obtained from the public Internet without Plaintiffs' consent, Plaintiffs now seek to bar the Clearview Defendants from conducting discovery with respect to one of the Clearview Defendants' core potential defenses: whether Plaintiffs' conduct in relation to photographs Plaintiffs voluntarily published on the public Internet and the lack of any related privacy settings negates Plaintiffs' argument that the Clearview Defendants collected Plaintiffs' alleged "biometric information" in violation of the law. Plaintiffs' Motion must be denied because Plaintiffs have failed to meet their burden of showing good cause for a protective order, as they must do under Fed. R. Civ. P. 26(c). Specifically, Plaintiffs have provided no explanation — let alone factual support — for their repeated argument (asserted no fewer than five times in Plaintiffs' Motion) that the Clearview Defendants' discovery requests are somehow intended to "harass, intimidate and unduly burden Plaintiffs." Nor could they. The reality is that the topics from which Plaintiffs now seek to insulate themselves from discovery are plainly

---

[1] The Clearview Defendants have a pending motion to dismiss (Dkt. No. 88) based, in part, on the lack of personal jurisdiction. By submitting this brief and responding to discovery, the Clearview Defendants do not waive or forfeit any defenses, including but not limited to the lack of personal jurisdiction.

[2] The Clearview Defendants deny that they collect, store, or use "biometric information" as that term is defined in the Illinois Biometric Privacy Act, 740 ILCS 14/15(c) ("BIPA"). Solely for the purposes of this Opposition, the Clearview Defendants understand the term "biometric information" to refer to the facial vectors created from the photographs Clearview obtains from the public Internet.

1

relevant to this litigation and a potential defense in this case — whether Plaintiffs, through their conduct, consented to sharing their alleged "biometric information."  Discovery on this issue is unquestionably appropriate and critical to this litigation, and Plaintiffs' claims to the contrary should be rejected.

## BACKGROUND

On June 29, 2021, Plaintiffs filed their amended Complaint, alleging that the Clearview Defendants violated BIPA and various other state privacy laws by "covertly scrap[ing] three billion photographs of facial images from the internet" and "harvest[ing] . . . unique biometric identifiers and corresponding biometric information" "without obtaining any consent."  (Compl. ¶ 1.) Throughout the Complaint, Plaintiffs repeatedly allege that Defendants did not obtain consent from the individuals depicted in the images Clearview collected from the public Internet.  (*See id.* ¶¶ 1, 58, 59, 62, 71, 82, 113, 120, 136, 143, 145, 147, 149, 166, 186, 187, 203, 208.)

One potential defense to these allegations is that Plaintiffs, through their conduct, consented to sharing their alleged "biometric information" with the public at large — including the Clearview Defendants — by voluntarily publishing photographs of themselves to the public Internet while placing no privacy or other restrictions on how third-parties could use those photographs.  (*See, e.g.*, Clearview Defendants' Mem. of Law in Supp. of Their Mot. to Dismiss the Consolidated Class Action Compl., Dkt. No. 88 ("MTD") at 16 ("[T]he individuals who posted their photographs on the Internet effectively consented to sharing their 'biometric information,' which is embedded in their photographs, with the public at large.").)  Plaintiffs' Motion is an attempt to foreclose the Clearview Defendants from obtaining any discovery with respect to this potential defense.

On July 27, in an effort to develop the potential defense, the Clearview Defendants issued the following narrowly tailored discovery requests about Plaintiffs' use of social media, including requests for documents and information about Plaintiffs' reasonable expectation of privacy in materials they voluntarily posted to the public Internet:

- "Documents sufficient to identify all of Your social media accounts in operation from any time between August 3, 2017 through the present, including but not limited to the dates on which you started and/or stopped using each such social media account." (Ex. 1 (Clearview Defs.' First Set of Reqs. for Produc. of Docs. ("RFP")), Req. No. 3.)

- "All Documents concerning the privacy settings on any social media accounts in operation from any time between August 3, 2017 through the present or other websites where You or someone other than You has posted any photographs containing images of Your face on the Internet." (*Id.*, Req. No. 4.)

- "All photographs containing images of Your face You uploaded to websites on the Internet." (*Id.*, Req. No. 5.)

- "All Documents concerning every image of Your face You uploaded to websites on the Internet." (*Id.*, Req. No. 6.)

- "All photographs containing images of Your face that others uploaded to websites on the Internet." (*Id.*, Req. No. 7.)

- "All Documents concerning every image of Your face that others uploaded to websites on the Internet." (*Id.*, Req. No. 8.)

- "All Documents concerning any request You received to provide a third party, including any individuals, companies, or applications with Your Biometric Information, Your Biometric Identifiers, or photographs of You." (*Id.*, Req. No. 9.)

- "All Documents concerning any consent You have provided to a third party, including any individuals, companies, or applications, concerning Your Biometric Information, Your Biometric Identifiers, or photographs of You." (*Id.*, Req. No. 10.)

- "Identify any social media accounts or other websites where You have posted any photographs containing images of Your face on the Internet prior to January 22, 2020." (Ex. 2 (Def. Clearview's First Set of Interrogs. to David Mutnick),[3] Interrog. No. 1.)

---

[3] Plaintiffs' Motion cites to three interrogatories served on Plaintiff Mutnick. These interrogatories were also served on the other Plaintiffs.

3

- "Identify any social media accounts or other websites where someone other than You has posted any photographs containing images of Your face on the Internet prior to January 22, 2020." (*Id.*, Interrog. No. 2.)

- "Describe the privacy settings that were in place during the Relevant Time Period on any social media accounts or public forums where You or someone other than You has posted any photographs containing images of Your face on the Internet." (*Id.*, Interrog. No. 3.)

On September 23, Plaintiffs served responses and objections to these requests in which Plaintiffs repeatedly lodged improper and boilerplate relevance objections and failed to articulate how the Clearview Defendants' requests were not reasonably calculated to lead to information relevant to the claims and defenses in this action. (*See* Ex. 3 (Pls.' Resps. to Clearview Defs.' First Set of Reqs. for Produc. of Docs.); Ex. 4 (Pls.' Answers to Def. Clearview's First Set of Interrogs.).) Plaintiffs also took the surprising and extreme position that they would not respond to *any* of the above requests until after the Clearview Defendants produced documents responsive to Plaintiffs' discovery requests. (*See id.*)

On October 6, the Clearview Defendants sent Plaintiffs a letter detailing the numerous deficiencies in Plaintiffs' discovery responses and stating that "Plaintiffs' refusal to produce documents or provide substantive information in response to the vast majority of [the Clearview Defendants'] requests suggests that Plaintiffs do not intend to engage in good-faith discovery in this case." (Ex. 5 (Letter from Andrew Lichtman to Scott Drury (Oct. 6, 2021)) at 1.) The parties met and conferred on October 27 and 28, but Plaintiffs maintained their position that they would not respond to any of the above requests. It has now been over four months since the Clearview Defendants served the requests, and Plaintiffs have failed to produce a single document or piece of information in response to the above requests.

Instead, on November 18, Plaintiffs moved for a protective order, in which they ask this Court to not only bar the Clearview Defendants from conducting relevant discovery that would

4

enable the Clearview Defendants to develop a potential defense to one of the core factual allegations in the Complaint, but also require the Clearview Defendants to pay Plaintiffs the costs and attorneys' fees associated with the Motion. Citing no evidence or even articulating any actual harm that would flow from responding to these requests, Plaintiffs repeatedly assert that the above requests were propounded "to harass, intimidate and unduly burden Plaintiffs." (*See* Mot. at 1, 2, 5, 6, 7.) Ignoring the allegations in their own Complaint about the Clearview Defendants' supposed failure to obtain consent from Plaintiffs, Plaintiffs describe the requested information as "irrelevant," and — again citing no evidence — part of a broader scheme to discourage Plaintiffs from pursuing their claims. (*Id.* at 7-8.)

Presumably in an attempt to make up for their lack of evidence, Plaintiffs repeatedly resort to personal attacks, describing the Clearview Defendants' requests as "untoward," (*id.* at 8), "egregious," (*id.*), and "patently improper," (*id.* at 9), and at one point even comparing the Clearview Defendants to car thieves (*id*. at 8). Although Plaintiffs dedicate substantial portions of their Motion to such attacks, at no point do Plaintiffs explain why they should be allowed to prosecute their claims — which seek potentially billions of dollars in damages from the Clearview Defendants for allegedly collecting Plaintiffs' "biometric information" without Plaintiffs' consent — without having to answer even the most basic questions about their conduct and expectation of privacy with respect to photographs containing alleged "biometric information" that they voluntarily made available to the general public.

## ARGUMENT

I. **PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN OF SHOWING GOOD CAUSE FOR A PROTECTIVE ORDER, AS IS REQUIRED UNDER RULE 26(C).**

Under Rule 26(c), a court may exercise its discretion to issue a protective order when the moving party shows "good cause" to protect the relevant material. *See* Fed. R. Civ. P. 26(c)(1);

5

*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir.1999). The moving party bears the burden of establishing good cause, *Pfizer Inc. v. Apotex Inc.*, 744 F. Supp. 2d 758, 762 (N.D. Ill. 2010), and can make this showing by demonstrating — with evidence and/or articulated reasoning, as opposed to conclusory assertions — that the "disclosure will cause a clearly defined and serious injury," *Hobley v. Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004). This requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (internal quotation marks omitted); *see also Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998) ("To establish good cause under Rule 26(c), the courts have generally required specific examples of articulated reasoning, as opposed to stereotyped and conclusory statements.") (internal quotation marks and citations omitted).

As a threshold matter, Plaintiffs are incorrect that the information they are seeking to bar from discovery is "irrelevant" and "unimportant to the litigation." (Mot. at 7-8, 10.) Rule 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance, for purposes of Rule 26(b)(1), "will be construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2019 WL 1651709, at *9 (N.D. Ill. Apr. 17, 2019) (quoting *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 366 (N.D. Ill. 2001)). Accordingly, discovery should be allowed "if there is any possibility that the information sought may be relevant to the subject matter of the action." *In re Aircrash Disaster*, 172 F.R.D. 295, 303 (N.D. Ill. 1997).

Under this standard, the information sought by the Clearview Defendants is unquestionably relevant, and indeed, is at the heart of the Complaint. Given Plaintiffs' repeated allegations that the Clearview Defendants did not obtain Plaintiffs' consent to use their alleged "biometric information" — which begin in the first sentence of the first paragraph of the Complaint — Plaintiffs have made their social-media use, including their expectation of privacy in photographs they post to the public Internet, a core factual issue in this case. Accordingly, discovery on this issue is appropriate. *See, e.g.*, *Browner v. Am. Eagle Bank*, No. 18 CV 1494, 2019 WL 10378333, at *2 (N.D. Ill. Nov. 22, 2019) (holding that allegations in the complaint "open[ed] the door to discovery" related to the allegations).

In any event, Plaintiffs' Motion should be denied because Plaintiffs have failed to meet their burden of giving "a particular and specific demonstration of fact," *Gulf Oil*, 452 U.S. at 102 n.16, showing that they would suffer *any* injury — let alone a "clearly defined and serious injury," *Hobley*, 225 F.R.D. at 224 — by responding to the Clearview Defendants' discovery requests. Rather, Plaintiffs' Motion is replete with boilerplate allegations about "harassment," "intimidation," and "harm," that are devoid of any factual details or support. (*See, e.g.*, Mot. at 7 (asserting, without any support or explanation, that the Clearview "Defendants unmistakably have propounded the discovery requests at issue to harass, intimidate and unduly burden Plaintiffs"); *id.* at 9 (asserting, without any support or explanation, that "[t]he discovery requests at issue are patently improper under Rule 26 and would harm Plaintiffs if they are required to respond to them."); *id.* at 10 (asserting, without any support or explanation, that the Clearview "Defendants' discovery requests will negatively impact Plaintiffs"); *id.* (asserting, without any support or explanation, that "[t]he discovery requests at issue will result in harm to Plaintiffs and future litigants if Plaintiffs are required to respond [to] the requests.").) The only harm Plaintiffs attempt

7

to allege is their speculation — unsupported by affidavits from Plaintiffs or any other factual evidence — that Plaintiffs would supposedly be discouraged from pursuing their claims if they had to produce information about a key allegation and potential defense in this case. (*See* Mot. at 7-9.) Plaintiffs also assert — again without evidence, explanation, or support — the nonsensical notion that future litigants in unrelated matters would be discouraged from pursuing their claims if Plaintiffs in this action were required to respond to the eight requests for production and three interrogatories set forth above. (*See id.*) Being required to respond to relevant and critical discovery would not be surprising to any litigant, and is not inappropriate simply because the Plaintiffs do not want to respond to the requests.

Since Plaintiffs did not make even a modest effort to provide this Court with facts supporting these claims, Plaintiffs have failed to make a legally sufficient showing of good cause under Rule 26(c). *See ED&F Cap. Markets Ltd. v. JVMC Holdings Corp.*, 335 F.R.D. 174, 180 (N.D. Ill. 2020) ("A party's failure to provide specific examples of harm prevents a court from exercising its discretion to enter a protective order under Rule 26(c)."); *Silva v. Fortis Benefits Ins. Co.*, 437 F. Supp. 2d 819, 827 (N.D. Ill. 2006) ("In order to establish good cause, there must be a particular and specific demonstration of fact."); *THKAmerica, Inc. v. NSK Co. Ltd.*, 157 F.R.D. 637, 646 (N.D. Ill. 1993) ("A protective order should not issue based only upon counsel's arguments in its briefs[.]"); *see also Lee v. Chicago Youth Centers*, 69 F. Supp. 3d 885, 888 (N.D. Ill. 2014) ("[U]nsupported statements of lawyers in briefs are not evidence, do not count, and are given no weight"). Nor would it be appropriate to permit Plaintiffs to attempt to make such a showing for the first time on reply. *See Multi-Ad Servs., Inc. v. N.L.R.B.*, 255 F.3d 363, 370 (7th Cir. 2001) ("It is well-settled that parties may not raise new arguments or present new facts for the first time in reply.").

8

Plaintiffs' Motion also contains several incorrect or misleading statements that warrant a response. First, Plaintiffs incorrectly state that it is "undisputed" that the Clearview Defendants did not obtain consent from Plaintiffs before collecting their alleged "biometric data." (*See* Mot. at 2, 9.) To support this assertion, Plaintiffs cite to the Clearview Defendants' response to one of Plaintiffs' interrogatories. (*See id.* (citing Clearview Defs.' Supplemental Resp. to Pls.' First Set of Interrogs.). Although Plaintiffs do not specify which portion of the interrogatory response supports their claim, Plaintiffs appear to rely on the following language: "*[A]t this early stage of the litigation and based on currently available information*, [the Clearview Defendants] do not contend that they specifically informed or obtained *written* consent from Plaintiffs or certain other Proposed Class Members prior to the collection of photographs and creation of related facial vectors from any such photographs." (*Id.* (emphasis added).) But, in addition to the fact that the Clearview Defendants' response clearly states that it is "based on currently available information" "at this early stage of the litigation," the preceding two sentences of the response make clear the Clearview Defendants' position that Plaintiffs provided the necessary consent by publishing their photographs on the public Internet: "[A]t all relevant times, certain Proposed Class Members were informed of the fact that Clearview or any third party could collect their photographs and information from those photographs by posting them on the public [I]nternet for anyone to view and collect. Further, as a matter of law, individuals whose photographs have appeared on the public Internet have effectively consented to their public use since they have no expectation of privacy in those photographs." (*Id.*) From these statements, it is unclear how Plaintiffs concluded that it is "undisputed" that the Clearview Defendants did not obtain consent from Plaintiffs. If anything, the Clearview Defendants' response to this interrogatory underscores the necessity for discovery on this disputed and key issue.

Nor is this purely a question of law to be decided without discovery. The facts concerning what Plaintiffs did with the photographs they posted on the public Internet — and what reasonable expectation of privacy they may or may not have had in connection with those photographs — could impact the arguments made by both Plaintiffs and especially the Clearview Defendants on the issue of consent. For example, if Plaintiffs posted their photographs on a website with terms of service stating that, by posting the photographs, they were consenting to any third-party using the photographs for any purpose, that would certainly be relevant to this dispute. Under Plaintiffs' view of the case, however, the Clearview Defendants are not even entitled to explore such matters. That is inconsistent with the law. *See Webster Bank, N.A. v. Pierce & Assocs., P.C.*, No. 16 C 2522, 2017 WL 11560211, at *2 (N.D. Ill. Aug. 15, 2017) ("Requests for discovery are proper if there is any possibility that the information sought may be relevant to the subject matter of the action.").

Second, Plaintiffs mischaracterize the Clearview Defendants' position by stating that the Clearview "Defendants contend that the requests are proper under the Fourth Amendment." (Mot. at 6; *see also id.* at 9.) Plaintiffs appear to object to the fact that the Clearview Defendants have cited to cases decided under the Fourth Amendment in support of their position that individuals have no reasonable expectation of privacy in information they voluntarily publish on the public Internet. *See, e.g.*, (MTD at 12); *U.S. v. Khan*, No. 15-cr-286, 2017 WL 2362572, at *8 (N.D. Ill. May 31, 2017) (holding that "[t]here is no expectation of privacy in a public Facebook page" because "[a]lthough a person generally has a reasonable expectation of privacy in the contents of his own personal computer . . . such an expectation may be extinguished 'when a computer user disseminates information to the public through a website'") (citations omitted), *aff'd*, 937 F.3d 1042 (7th Cir. 2019); *U.S. v. Adkinson*, No. 4:15-cr-00025-TWP-VTW, 2017 WL 1318420, at *5

(S.D. Ind. Apr. 7, 2017) ("There is no expectation of privacy in an open Facebook page.") (citation omitted). The Clearview Defendants know that this is not a criminal action and have also cited to several cases outside of the Fourth Amendment context for the same proposition. *See, e.g.*, (MTD at 12 n.9); *Doe v. Yesner*, No. 3:19-cv-0136-HRH, 2019 WL 4196054 (D. Alaska Sept. 4, 2019) (holding that using photographs posted on plaintiff's social-media profile could not support claims for intrusion of solitude or public disclosure of private facts); *Nucci v. Target Corp.*, 162 So. 3d 146, 153 (Fla. Dist. Ct. App. 2015) ("We agree with those cases concluding that, generally, the photographs posted on a social networking site are neither privileged nor protected by any right of privacy, regardless of any privacy settings.").

The insincerity of Plaintiffs' position is underscored by the fact that Plaintiffs themselves cited to Fourth Amendment cases when arguing that "sensitive biometrics" embedded in Plaintiffs' photographs should remain "private," even though Plaintiffs shared that information on the public Internet. (*See* Pls.' Opp'n to Clearview Defs.' Mot. to Dismiss, Dkt. No. 134, at 12, 29 (citing *Kyllo v. U.S.*, 533 U.S. 27 (2001), which held that the thermal imaging of a house by the Government constitutes a search under the Fourth Amendment and thus requires a warrant, and *Carpenter v. U.S.*, 138 S. Ct. 2206 (2018), which held that the Government may not obtain location data from cell phones without a warrant).) Clearly, Plaintiffs themselves think that Fourth Amendment case law about what constitutes a "reasonable expectation of privacy" is relevant to this dispute.

Finally, Plaintiffs try to link their Motion with an unrelated discovery dispute about the photographs in Clearview's database. (*See* Mot. at 2, 3, 4, 5-6, 9.) Specifically, Plaintiffs suggest that they may be willing to produce some information responsive to the Clearview Defendants' requests if the Clearview Defendants agree to produce the images in Clearview's database. (*See*

*id.* at 2, 9.) The parties' dispute concerning the production of materials contained in Clearview's database is the subject of a motion to compel currently pending before this Court, (*see* Pls.' Mot. to Compel the Clearview Defs. to Respond to Pls.' Written Disc., Dkt. No. 213), and Plaintiffs should not be permitted to leverage that dispute here in an effort to continue evading their discovery obligations.

## II.    PLAINTIFFS' REQUEST FOR COSTS AND ATTORNEYS' FEES IS IMPROPER AND SHOULD BE DENIED.

Plaintiffs have taken the remarkable position that, not only should the Clearview Defendants be barred from discovery on issues highly relevant to key claims and defenses in this case, but that the Clearview Defendants should also be forced to pay Plaintiffs' costs and attorneys' fees in connection with the Motion. Plaintiffs provide no argument or support in favor of this extraordinary request, which should be denied as wholly without merit.

Rule 26(c)(3) provides that the provisions of Rule 37(a)(5) apply to the award of expenses incurred in relation to motions for protective orders. Under Rule 37(a)(5), if a motion is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). In other words, Rule 37(a)(5) "presumptively requires every loser to make good the victor's costs." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). However, a court "must not order this payment" if, among other things, "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5); *see also Rickels*, 33 F.3d at 787 ("A loser may avoid payment by establishing that his position was substantially justified."). The term "substantially justified," as used in Rule 37 "means a reasonably debatable

contention based on both fact and law." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 959 (N.D. Ill. 2021).

Since the Clearview Defendants' discovery requests were propounded to develop their defense to a key allegation in Plaintiffs' Complaint — and even Plaintiffs suggest that they would be willing to produce some of the information that, to date, they have refused to produce (*see* Mot. at 2, 9) — the Clearview Defendants' requests were, at the very least, "substantially justified." Even if Plaintiffs prevail on their Motion (and for the reasons detailed above, they should not), the Clearview Defendants should not be liable for Plaintiffs' costs and attorneys' fees. Rather, because Plaintiffs unjustifiably filed their Motion with no factual or evidentiary support — contrary to the requirements of Rule 26(c) — Plaintiffs should pay the Clearview Defendants' costs and attorneys' fees in connection with the Clearview Defendants' response to Plaintiffs' Motion. *See* Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5).

## CONCLUSION

Plaintiffs are seeking an order that would bar the Clearview Defendants from conducting relevant and critical discovery with respect to a potential defense to the core allegations in Plaintiffs' Complaint. Although Plaintiffs bear the burden of demonstrating good cause under Rule 26(c), Plaintiffs have provided no evidence or explanation to support their claims that the Clearview Defendants' requests are improper or are posed merely to "harass" or "intimidate" Plaintiffs. For this reason, and all of the reasons detailed above, Plaintiffs' Motion should be denied and Plaintiffs should be ordered to pay the Clearview Defendants' costs and attorneys' fees.

December 3, 2021

Respectfully submitted,

By: */s/ Precious S. Jacobs-Perry*

Precious S. Jacobs-Perry (ARDC No. 6300096)
Howard S. Suskin (ARDC No. 6185999)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
pjacobs-perry@jenner.com
hsuskin@jenner.com

Andrew J. Lichtman (pro hac vice)
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
Phone: (212) 891-1600
alichtman@jenner.com

Floyd Abrams
Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Phone: (212) 701-3000
fabrams@cahill.com
jkurtzberg@cahill.com

Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC, and Thomas Mulcaire

14

## **CERTIFICATE OF SERVICE**

      I certify that on December 3, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

      By: _/s/ Precious S. Jacobs-Perry_