IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | ) ) ) ) ) ) ) | Case No. 1:21-cv-00135<br><br>Hon. Sharon Johnson Coleman |

**CLEARVIEW AI, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS STEVEN RENDEROS, VALERIA THAIS SUÁREZ ROJAS, REYNA MALDONADO, LISA KNOX, MIJENTE SUPPORT COMMITTEE, AND NORCAL RESIST FUND'S MOTION TO REMAND**

Defendant Clearview AI, Inc. ("Clearview"), by and through its counsel, respectfully submits this memorandum in opposition to the Motion to Remand and Memorandum of Law (Dkts. 192, 193) filed by Plaintiffs Steven Renderos, Valeria Thais Suárez Rojas, Reyna Maldonado, Lisa Knox, Mijente Support Committee, and NorCal Resist Fund (collectively, the "Plaintiffs").[1]

**INTRODUCTION**

Plaintiffs filed the Complaint in California state court against Clearview and four California-based government entities, the Alameda Police Department, Alameda County District Attorney, Antioch Police Department, and El Segundo Police Department (collectively, the "Municipal Defendants"). The Complaint, like others transferred to the multidistrict litigation (the "MDL"), focuses on Clearview's business model and its alleged misappropriation of Plaintiffs' images and collection of their "biometric" information.[2] (Ex. A, Compl. ¶¶ 29-40.) Plaintiffs also allege that the Municipal Defendants are four of the thousands of Clearview users but plead almost nothing else about them. (*Id.* ¶¶ 10, 73-75.) Plaintiffs' claims against Clearview are already in active discovery and litigation before this Court because the consolidated MDL complaint has a putative California subclass that includes Plaintiffs.[3] (*Compare id.* ¶¶ 76-90, *with* Dkt. 116, ¶¶ 150-183.) Yet in an attempt to subvert the MDL process, Plaintiffs injected inefficiency, expense, and delay into this case by fraudulently joining and misjoining the Municipal Defendants.

Each of Plaintiffs' arguments for remand should be rejected. First, Plaintiffs argue that removal is improper because the Municipal Defendants did not consent to it. (Mot. at 12-13.) This

---

[1] Clearview has a pending motion to dismiss (Dkt. 88) before the Court based, in part, on the absence of personal jurisdiction. By submitting this brief, Clearview does not waive or forfeit any defenses, including but not limited to, lack of personal jurisdiction.
[2] Clearview disputes the Complaint's references to "biometric" information, and uses this term as referenced in the Complaint solely for the purposes of this Memorandum opposing remand.
[3] The putative California subclass includes "[a]ll individuals who reside or resided in the State of California whose Biometrics were or are contained in the Biometric Database." (Dkt. 116 ¶ 65(c)).

1

argument is baseless, as the consent of fraudulently joined defendants is not required for removal. Second, Plaintiffs' attempts to subvert the requirements of 28 U.S.C. § 1447(e) should be rejected, as courts have routinely rebuffed similar attempts to avoid MDLs and federal jurisdiction. Third, Plaintiffs do not come close to alleging the intent, knowledge, and substantial assistance or encouragement required to assert an aiding and abetting claim against the Municipal Defendants under well-settled law. Fourth, this case involves First Amendment issues that warrant federal jurisdiction. Finally, contrary to Plaintiffs' contentions, a court may sever misjoined and nondiverse parties to retain jurisdiction. Thus, Plaintiffs' motion to remand should be denied.[4]

## PROCEDURAL HISTORY

The procedural history of this lawsuit exposes Plaintiffs' gamesmanship. As explained in the Notice of Removal, Plaintiffs initially filed a complaint in California state court on March 9, 2021 naming Clearview as the sole defendant. On April 8, Clearview removed the case to federal court. On April 15, the Judicial Panel on Multidistrict Litigation ("JPML") entered a conditional transfer order to transfer the matter to the MDL. Upon entry of that order, Plaintiffs dismissed the federal case and, on April 22, refiled a substantively identical action in California state court naming the Municipal Defendants as parties. (*See* Ex. B, Notice of Removal, ¶¶ 1-10.) Clearview again removed the action to federal court, and the JPML entered another conditional transfer order, which Plaintiffs moved to vacate. The JPML denied that motion and concluded that "the overall interests of convenience and efficiency will be served by transferring *Renderos*, as the action shares significant factual questions with the actions in the MDL." (Dkt. 184 at 2.)

The refiled Complaint is practically and constructively nothing more than an amendment

---

[4] Clearview agrees with the Municipal Defendants' remand briefs to the extent those Municipal Defendants argue they are fraudulently joined in this action, and opposes them for the same reasons discussed herein to the extent they argue that this action should be remanded. (Dkts. 209-211, 217, 218.)

to Plaintiffs' original complaint. Plaintiffs attempt to justify their conduct by claiming that they were unaware of claims against the Municipal Defendants prior to an April 6 article by Buzzfeed News. (Mot. at 5.) This assertion is disingenuous, especially where Plaintiffs' original complaint—filed a month before the BuzzFeed article—alleged that Clearview "continues to sell access to its database to California police agencies" and specifically "has sold licenses to policing agencies such as the El Segundo and Antioch Police Departments"—both of which were later named as Municipal Defendants in this proceeding. (Ex. B-3 ¶¶ 9, 20.)

The sparse nature of Plaintiffs' factual allegations regarding the Municipal Defendants further exposes their gamesmanship. Plaintiffs seek relief against the Municipal Defendants on grounds that they are allegedly: (1) infringing on Plaintiffs' liberty of speech and (2) aiding and abetting Clearview's alleged misappropriation of Plaintiffs' likenesses and invasion of their privacy. The only factual allegations in the Complaint in support of these claims are as follows:

- Employees of the City of Alameda and Alameda County District Attorney's office "use Clearview"; have "run searches using Clearview"; and "police departments in the City of El Segundo and the City of Antioch have active Clearview subscriptions." (Ex. A ¶¶ 10, 73, 74.) This allegedly "chills Plaintiffs from engaging in protected speech." (*Id*. ¶ 75.)

- The Municipal Defendants "knew that Clearview's conduct . . . constituted a breach of duty to Plaintiffs" because "the City of Alameda banned the use of facial recognition technology." (*Id*. ¶ 93.) The Municipal Defendants "provided substantial assistance to Clearview . . . by uploading probe photographs" and "gave encouragement . . . by subscribing to . . ., paying for . . ., and/or promoting the use of Clearview." (*Id*. ¶¶ 94, 95.)

This alleged conduct is insufficient to state any viable theory for relief as Plaintiffs' allegations regarding the Municipal Defendants are limited to claims that they, at some point, used Clearview's app. (*Id*. ¶¶ 73-75, 94, 95.) Unlike Clearview, they are not alleged to be "scraping" images from the Internet or extracting "biometric" information from those images. (*Id*. ¶¶ 29-40.)

Moreover, Plaintiffs' Complaint and motion to remand are replete with misleading allegations that the City of Alameda and State of California have "banned" the use of Clearview's

3

technology. (*Id.* ¶¶ 10, 73, 93; Mot. at 3, 4, 5, 10.)  The City of Alameda's alleged "ban" on the use of facial recognition technology is not an actual ban; it is a nonbinding resolution that simply states a policy preference of the Alameda City Council.[5]  (*See* Dkt. 210-4.)  And, the California state ban applies only to facial recognition technology used in connection with an officer's body camera, and the Complaint does not allege that Clearview's technology was used in connection with an officer's body camera.  (*See* Dkt. 210-3.)  In the end, Plaintiffs only allege that the Municipal Defendants used Clearview's app at a time when it was legal for them to do so.  And Plaintiffs were aware of *those* facts before fraudulently joining the Municipal Defendants.

## ARGUMENT

Plaintiffs' motion to remand should be denied as to Clearview.  Plaintiffs do not dispute that the amount-in-controversy requirement is satisfied or that Clearview is diverse from all of the Plaintiffs.  The Court should ignore the citizenship of the Municipal Defendants because they are fraudulently joined and procedurally misjoined in this action, and at a minimum, they should be severed from this action under Federal Rule of Civil Procedure 21.  *See, e.g.*, *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (explaining that the doctrine of fraudulent joinder "bars remand to state court" where a "nondiverse defendant was joined simply to defeat removal").

**I.     Consent of the Fraudulently Joined Municipal Defendants Is Not Required.**

As an initial matter, Plaintiffs' argument that the Notice of Removal is "defective because it does not represent that all (or any) California Defendants consented to removal" is inaccurate and provides no basis for remand.  (Mot. at 12.)  "Federal courts . . . uniformly recognize that

---

[5] During the Alameda City Council meeting in which the resolution was adopted, councilmembers explicitly discussed its nonbinding effect.  *See* City of Alameda, Minutes of the Special and Regular City Council Meetings Held on December 17, 2019 and the Special City Council Meeting Held on December 18, 2019, File No. 2020-7625, available at https://alameda.legistar.com/LegislationDetail.aspx?ID=4298771&GUID=23B8506E-B3BA-4F95-BEB4-9D779D063093&FullText=1.

4

fraudulently joined defendants . . . are not required to join in the removal." *In re Pradaxa (Dabigatran Etexliate) Prods. Liab. Litig.*, No. 3:12-md-02385, 2013 WL 656822, at *2-3 (S.D. Ill. Feb. 22, 2013); *see also* Ex. B ¶ 79. The same is true for misjoined parties. *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 506 (E.D. Cal. 2008) (holding that lack of consent from misjoined defendants was not fatal to removal); *Jonathan Pepper Co., Inc. v. Hartford Cas. Ins. Co.*, 381 F. Supp. 2d 730, 732-33 (N.D. Ill. 2005) (same). As a result, there is no consent-related basis for remand, and the Municipal Defendants that have appeared argue that they are fraudulently joined and should be dismissed.

## II. The Municipal Defendants Are Fraudulently Joined.

The motion to remand should be denied because the facts and procedural history establish that the Municipal Defendants are fraudulently joined. After filing a prior action against Clearview that was properly removed to federal court and slated for transfer to the MDL, Plaintiffs effectuated a self-remand by: (1) dismissing their original complaint and (2) refiling their Complaint, fraudulently joining the diversity-destroying Municipal Defendants in an attempt to defeat federal jurisdiction and avoid transfer to the MDL. Courts routinely disapprove of this type of procedural chicanery. *See, e.g.*, *Young v. Bristol-Myers Squibb Co.*, No. CV 17-609, 2017 WL 2774735, at *2 (D. Del. June 27, 2017) (denying motion to remand where "given the history of these cases— including that Plaintiffs voluntarily dismissed cases originally filed in California state court, seemingly (at least in part) to avoid transfer to the MDL—removal is not a nonsensical result.").[6]

---

[6] *See also Myers v. Hertz Penske Truck Leasing, Inc.*, 572 F. Supp. 500, 503 (N.D. Ga. 1983) (denying voluntary dismissal of action removed to federal court and enjoining duplicative state court action where the plaintiff displayed "cynical legal gamesmanship" by refiling in state court and adding nondiverse defendants to defeat removal); *Cottingham v. Tutor Perini Bldg. Corp.*, No. CV 14-2793, 2016 WL 54916, at *5-6 (E.D. Pa. Jan. 5, 2016) (denying voluntary dismissal of action removed to federal court and enjoining duplicative state court action where "plaintiff's motivation for the second action appears to be nothing more than an attempt to avoid this Court's jurisdiction"); *Thatcher v. Hanover Ins. Group, Inc.*, No. CIV. 10-

### A. The Municipal Defendants Are Fraudulently Joined Under § 1447(e).

The Court should apply the standard for permissive joinder under 28 U.S.C. § 1447(e) to conclude that the Municipal Defendants are fraudulently joined. (*See* Ex. B ¶¶ 4-12, 22-24.) Section 1447(e) provides the process to amend a complaint to add nondiverse defendants to a case that was removed to federal court, and thus governs Plaintiffs' joinder of the diversity-destroying Municipal Defendants in this instance. In a procedurally similar case, counsel for plaintiffs filed an action in state court, voluntarily dismissed it when it was removed to federal court, and refiled the action in state court, having made some changes "in a transparent effort to avoid federal jurisdiction." *Simon v. Marriott Int'l, Inc.*, Nos. PWG-19-2879, PWG-19-1792, 2019 WL 4573415, at *4 (D. Md. Sept. 20, 2019). The new action was removed to federal court, and plaintiffs moved for remand. In denying remand, the court concluded that plaintiffs' counsel's dismissal and refiling of the complaint was "analogous" to an "amendment[] to a complaint *post-removal*" and therefore subject to the fraudulent joinder analysis under § 1447(e). *Id.* at *5. The same logic applies here. Each factor of the § 1447(e) analysis is addressed in the Notice of Removal. (Ex. B ¶¶ 24-62.) Plaintiffs do not rebut Clearview's evaluation of those factors, and their motion to remand should be denied.

### B. Plaintiffs Cannot State a Claim against the Municipal Defendants.

The Seventh Circuit recognizes that a party is fraudulently joined when there is no

---

4172, 2012 WL 1933079, at *11 (W.D. Ark. May 29, 2012) (denying voluntary dismissal of federal action where plaintiff sought to eliminate certain counts and "avoid removal" after refiling in state court, because this conduct "clearly amounts to improper forum shopping"); *Keshish v. Allstate Ins. Co.*, No. 12-CV-03818, 2012 WL 12887075, at *6 n.46 (C.D. Cal. Oct. 19, 2012) (denying leave to add nondiverse defendant because "[t]he fact that plaintiffs are willing to have the case dismissed" to be "refiled in state court" if joinder is not allowed is "evidence that their primary intention is to ensure that the case proceeds in state court").

"reasonable possibility that a state court would rule against the non-diverse defendant."[7] *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Here, Plaintiffs' claims against the Municipal Defendants fail under well-settled law, making it clear that they are fraudulently joined.

### 1. Plaintiffs' "Aiding and Abetting a Tort" Claim Is Not Viable.

Plaintiffs cannot state a claim for aiding and abetting against the Municipal Defendants for multiple reasons. As the Municipal Defendants explain, Plaintiffs failed to comply with the Tort Claims Act and identify no statutory basis for their aiding and abetting claim, as is required for government tort liability under California law. (*See* Dkts. 209 at 4-5, 8-9; 210 at 5-6; 211 at 6; *see also* Ex. B ¶ 39.) Further, Plaintiffs rely on a misleading argument that law enforcement agencies that pay to use Clearview's app are liable as aiders and abettors to Clearview "in light of the State of California and City of Alameda prohibitions of facial recognition software." (Mot. at 10.) As discussed above, neither of these alleged "prohibitions" actually outlaws Clearview's activities or using Clearview's app, and one is a non-binding resolution. (*See also* Dkts. 210 at 7-8; 211 at 7-8.) And moreover, the aiding-and-abetting claim also fails because, as detailed below, Plaintiffs have no underlying claim against Clearview and do not satisfy the elements of an aiding-and-abetting-claim.[8] (*See* Ex. B ¶¶ 40-47, 52-54.)

First, Plaintiffs have no primary claim against Clearview, which is required for aider-and-

---

[7] Plaintiffs assert that fraudulent joinder exists only if there is "no possibility" that they could prevail against the Municipal Defendants. (Mot. at 11.) That is incorrect: "the court need not hold that there is *no* possibility that a state court would someday hold that individuals can be liable for the [claim] at issue, *only that it is not a reasonable possibility based on current [state] law and the facts before [the court]*." *Tile Unlimited, Inc. v. Blanke Corp.*, 788 F. Supp. 2d 734, 738 (N.D. Ill. 2011) (alterations in original) (emphasis added) (internal quotations omitted).

[8] Plaintiffs argue that an analysis of these issues requires an impermissible and "searching inquiry." (Mot. at 8.) However, courts have engaged in similar analyses of aiding and abetting claims in the removal context. *See, e.g.*, *The Roskamp Inst., Inc. v. Alzheimer's Inst. of Am., Inc.*, No. CV 15-3641, 2015 WL 6438093, at *9 (E.D. Pa. Oct. 23, 2015) (holding that alleged aider and abettor was fraudulently joined where plaintiffs failed to allege an underlying violation).

abettor liability. The misappropriation of likeness claim is foreclosed because Plaintiffs concede that they cannot allege that Clearview used their names and likenesses for advertising or merchandising purposes. (*See id.* ¶¶ 42-43 (collecting cases); Mot. at 8.) Plaintiffs respond that the law is "unsettled" and that this common law claim is not necessarily limited to the advertising or merchandising context. (Mot. at 8.) But contrary to Plaintiffs' unsupported contentions, the law is clear: "allegations about how [Clearview] shared the plaintiffs' information with third parties is categorically different from the type of conduct made unlawful by this common law tort, such as using a plaintiff's face or name to *promote a product or service*." *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 803 (N.D. Cal. 2019) (citing *Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 399, 21 P.3d 797, 804 (2001)) (dismissing claim of misappropriation of likeness without leave to amend) (emphasis added). The law is thus settled, and Plaintiffs fail to point to any support for their misappropriation of likeness claim. They simply recite the elements from *Eastwood v. Superior Court*, 198 Cal. Rptr. 342 (Cal. Ct. App. 1983), which is just another advertising case. (Mot. at 7.) That is not enough to salvage this claim.

Second, the claim that Clearview violated Article I, § 1 of the California Constitution also fails because Plaintiffs cannot satisfy any of the elements of (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) a serious invasion of privacy constituting "an egregious breach of . . . social norms." *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 655, 657 (Cal. 1994). There is no theory under which Plaintiffs could state this claim based on Clearview's alleged conduct. (Ex. B ¶¶ 44-47; *see also* Dkt. 209 at 5-7.) Plaintiffs argue without citation that they have a constitutional privacy interest in "precluding Clearview from permanently storing . . . their associations" and "disseminating it to the police." (Mot. at 9.) Clearview does not collect or disseminate this information, but even if it did, Plaintiffs would have

no invasion of privacy claim: courts construe this claim narrowly to find protected interests in only certain types of highly sensitive personal information, such as medical or sexual history. (Ex. B ¶ 45; Dkt. 88 at 25-26.)

That is especially clear in this case, as Plaintiffs concede that Clearview collects and shares information available on the public Internet. (Mot. at 3-4.) Courts routinely dismiss privacy claims involving information that is significantly less public. *See, e.g.*, *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (dismissing invasion of privacy claim with prejudice where disclosure to third-parties of unique device identifier number, personal data, and geolocation information did not constitute an egregious breach of privacy); *In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 973-74, 988 (N.D. Cal. 2014) (dismissing intrusion upon seclusion claim with prejudice where comingling and disclosing to third-parties information about plaintiffs' use of Google products, such as search queries, and information from plaintiffs' Gmail accounts— such as identity, private contact lists, and the contents of email communications—was not highly offensive). Plaintiffs' claim against Clearview fails for the same reasons, and as a result, the aiding-and-abetting claim against the Municipal Defendants is not viable.[9]

Finally, the aiding-and-abetting claim against the Municipal Defendants also fails because Plaintiffs cannot plead the basic elements required to state a claim. (*See* Ex. B ¶¶ 52-54.) Under California law, a defendant is liable for aiding and abetting only if it: (1) knows that a specific third-party will commit a tort against the plaintiff and (2) provides "substantial assistance or encouragement" to the tortfeasor, which (3) plays a "substantial factor" in causing the plaintiff's harm. *See* CACI No. 3610. Further, a "defendant can be held liable . . . only if he or she knew

---

[9] Plaintiffs do not address their Unfair Competition Law ("UCL") claim in the motion to remand, presumably because they agree that the UCL cannot form the basis for an aider-and-abettor claim against the Municipal Defendants. In any event, the UCL claim against Clearview is not viable. (*See* Ex. B ¶¶ 48-51.)

that a tort had been, or was to be, committed, and *acted with the intent* of facilitating the commission of that tort." *Gerard v. Ross*, 251 Cal. Rptr. 604, 613 (Cal. Ct. App. 1988) (emphasis added); *see also Howard v. Superior Court*, 3 Cal. Rptr.2d 575, 577 (Cal. Ct. App. 1992) ("[A]iding and abetting . . . necessarily requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act" as "joint tortfeasors").

Plaintiffs come nowhere close to pleading allegations that satisfy these requirements. They nowhere allege that the Municipal Defendants: (1) knew Clearview was committing a tort against the Plaintiffs, (2) assisted or encouraged them to commit a tort, or (3) played a substantial factor in causing the Plaintiffs harm. Instead, the gravamen of the Complaint is that Clearview supposedly violated the law when it "scraped" images from public Internet websites, captured alleged "biometric" information, and sold "access" to a database containing that alleged "biometric" information. (Ex. A ¶¶ 2-5.) Plaintiffs do not allege that the Municipal Defendants participated in these acts, only that the Municipal Defendants "provided substantial assistance" by simply "uploading probe photographs" and "subscribing to Clearview" at a time when—contrary to Plaintiffs' allegations about state and local "bans"—there was no prohibition on this conduct. (*Id.* ¶¶ 94-95.) That is far from enough to state a claim.

### 2. Plaintiffs' "Liberty of Speech" Claim Is Not Viable.

Plaintiffs cannot state a claim against the Municipal Defendants for violating Article I, § 2(a) of the California Constitution because: (1) as noted above, Plaintiffs failed to comply with the Tort Claims Act and (2) there is no private right of action under this provision. (*See* Ex. B ¶ 55; Dkt. 209 at 9.) Moreover, Clearview's app contains no information about Plaintiffs' speech, and Plaintiffs do not allege that the Municipal Defendants "literally" restrained or abridged their

speech in any way. *McAllister v. Los Angeles Unified Sch. Dist.*, 157 Cal. Rptr. 3d 720, 735 (Cal. Ct. App. 2013); Ex. B ¶ 56. Plaintiffs allege virtually no other facts to support this claim, which is based on an ill-conceived theory that "their biometric information can be accessed" by law enforcement. (Ex. A ¶ 97; Dkts. 210 at 12; 211 at 12 (summarizing deficiencies in allegations).)

The claim that Clearview distributes alleged "biometric" information to customers is baseless. As Clearview explained to the Court:

- Clearview does not provide the names or facial vectors of any individuals to users of the app. Rather, Clearview provides matching photographs and a link to the websites containing those photographs.

- Under no circumstances does Clearview sell, lease, trade, disseminate, disclose, or provide access to any facial vectors to its customers.

- At no point in using Clearview's app, do any Clearview customers collect, capture, purchase, receive, or obtain any facial vector related to any individual. Clearview's customers are never able to see, access, or control in any way any facial vectors of any individual.

(Dkt. 43-1 ¶¶ 14-16; *see* Dkt. 72-1 ¶ 5.)[10] Since Clearview provides users with nothing more than matching photographs and links to websites, Plaintiffs' claim that "their biometric information can be accessed by local law enforcement" is incorrect. Plaintiffs thus allege nothing about the Municipal Defendants' conduct that actually "chills" their speech. (*See* Ex. A ¶¶ 73-75, 97.)

Plaintiffs rest their liberty of speech claim on *White v. Davis*, in which the California Supreme Court held that police could not conduct "a regular, ongoing covert surveillance operation of university classes and university-recognized organizations" and compile information on "matters which pertain to no illegal activity or acts." 533 P.2d 222, 227 (Cal. 1975). The court expressly distinguished that conduct from a case involving the investigation of "specific criminal

---

[10] "[I]n determining whether a defendant is fraudulently joined, the Court may pierce the pleadings and consider summary judgment-type evidence such as affidavits." *Elrod v. Bayer Corp.*, No. 19 cv 06048, 2020 WL 4284416, at *2 (N.D. Ill. July 27, 2020) (internal quotations omitted).

11

activity" and recognized that surveillance was acceptable as part of a legitimate criminal investigation. *Id.*; *see also U.S. v. Mayer*, 503 F.3d 740, 753 (9th Cir. 2007) (holding that an "undercover investigation" of organization opposing age-of-consent laws did not violate First Amendment).

The "regular, ongoing covert surveillance operation" at issue in *White*, which undermined academic freedom in universities, is a far cry from the conduct alleged here: nothing in the Complaint shows that the Municipal Defendants are "surveilling" Plaintiffs by using Clearview's app, and as detailed above, Clearview's app does not "surveil" anyone. *See Vo v. City of Garden Grove*, 9 Cal. Rptr. 3d 257, 275 (Cal. Ct. App. 2004) (holding that a city ordinance requiring cybercafés to maintain video surveillance equipment did not "affect[] First Amendment activity any more than does the presence of an adult employee and/or security guard"). As a result, Plaintiffs' liberty of speech claim fails for purposes of the fraudulent joinder analysis.

### C. The First Amendment Issues Weigh in Favor of Federal Jurisdiction.

The Court should also retain jurisdiction because Plaintiffs' claims raise First Amendment issues that are appropriate for litigation before a federal court. In the fraudulent joinder analysis, "it would be inappropriate to apply a rule resolving every doubt against retaining jurisdiction. . . . where First Amendment issues are seriously implicated." *Lewis v. Time Inc.*, 83 F.R.D. 455, 461, 464 (E.D. Cal. 1979) (denying motion to remand a defamation case where the claims were "suspect on both First Amendment and fraudulent joinder grounds"); *see also 17th St. Associates, LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 596 (E.D. Va. 2005) (noting that "when a peculiarly federal interest is implicated, the presumption in favor of remand should be set aside"); *Matter of Med. Lab. Mgmt. Consultants*, 931 F. Supp. 1487, 1491 (D. Ariz. 1996) (noting "the underlying goals of diversity and removal jurisdiction strongly support the retention of jurisdiction in cases

involving the First Amendment"). "The proper course where a strong claim of fraudulent joinder is made in a case implicating First Amendment rights is for the court to retain jurisdiction" given "the special responsibility of the federal courts" in "guaranteeing . . . federal rights." *Lewis*, 83 F.R.D 455 at 461-62.

Despite Plaintiffs' contentions, the issues in this case are not limited to questions of state law. Clearview's creation and use of its app is protected speech, and Plaintiffs' interpretation of state law would undermine Clearview's First Amendment rights. *See Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011) (holding that the "creation and dissemination of information are speech within the meaning of the First Amendment"); (Dkt. 88 at 9-16). The Court should retain jurisdiction because, "given the closer examination the First Amendment compels, remand at this time would be improvident." *See Lewis*, 83 F.R.D. at 466. Further, First Amendment issues are already being litigated before this Court in Clearview's motion to dismiss briefing.

## III. The Municipal Defendants Are Misjoined and Should Be Dismissed or Severed.

Alternatively, the Court should find that the Municipal Defendants are misjoined in this action and dismiss or sever the claims against them under Rule 21. *See* Fed. R. Civ. P. 21 ("[T]he court may at any time . . . drop a party."). Clearview and the Municipal Defendants are not related entities, nor are they alleged to be jointly and severally liable. The only connection between them is that the Municipal Defendants allegedly used Clearview's app at some point, which is far from the factual commonality and transactional relatedness required for permissive joinder under Rule 20(a). But even if a plaintiff is able to satisfy the requirements of Rule 20(a), the court may sever a claim or party if "doing so will increase judicial economy and avoid prejudice to the litigants." *Bozek v. Wal-Mart Stores, Inc.*, No. 15-cv-10, 2015 WL 3818984, at *2 (N.D. Ill. June 17, 2015). Here, severing the claims against the Municipal Defendants would yield the procedural framework

most efficient for adjudicating Plaintiffs' claims without prejudicing any party.

Plaintiffs first argue that the Court cannot conclude that Plaintiffs misjoined the Municipal Defendants because "this doctrine does not apply in the context of removal." (Mot. at 14.) However, it is well-settled within the Seventh Circuit that a court "may sever [a] misjoined claim or party *at any time* during the lawsuit." *Bozek*, 2015 WL 3818984, at *2 (emphasis added). Plaintiffs then argue that joinder is proper because their claims against Clearview are "inextricably linked" with their claims against the Municipal Defendants. (Mot. at 15.) But simply labeling a claim as "aiding and abetting" does not mean that the claims and parties are properly joined. *See Conway v. Gooden*, 2017 WL 446965, at *4-5 (S.D. Ill. Feb. 2, 2017) (severing claims and parties despite "Plaintiff's attempt to characterize the defendants' conduct as a conspiracy"). The Municipal Defendants are not indispensable under Rule 19 because they are not necessary for the resolution of Plaintiffs' claims against Clearview, and Courts often sever dispensable nondiverse defendants to promote fairness and judicial economy. *See, e.g.*, *Cargo Pacific Logistics, Inc. v. Concord Exp., Inc.*, Nos. 96 C 2258, 96 C2730, 1996 WL 699649, at *3 (N.D. Ill. Nov. 27, 1996) ("It is clear that district courts have authority . . . to dismiss a dispensable nondiverse party in order to retain diversity jurisdiction.").

Contrary to Plaintiffs' contentions, *Sutton* is directly analogous. (Mot. at 14; Ex. B ¶¶ 64-66.) In *Sutton*, the court concluded that distinct claims against unrelated parties were misjoined, even where all of the claims centered on the same allegedly defective product. 251 F.R.D at 505. Plaintiffs claim that Clearview violated the law by allegedly using technology to scrape their public images and extract their alleged "biometric" information. (Ex. A ¶ 1.) Plaintiffs cannot claim that the Municipal Defendants are involved in developing Clearview's business or technology; instead, Plaintiffs make separate and unrelated allegations that those entities "used" Clearview's app. (*Id*.

¶¶ 21, 95, 97-98.) That was precisely the situation confronted by the *Sutton* court when it concluded that nondiverse healthcare providers who were not involved in developing the product at issue were misjoined in a products liability action against the manufacturer. The Court should reach the same conclusion here.

Severance is particularly appropriate in this proceeding because of the efficiencies to be gained from the MDL, where Plaintiffs' claims against Clearview are currently being litigated on behalf of a putative California subclass that includes Plaintiffs. *See, e.g.*, *Sutton*, 251 F.R.D. at 505.[11] Plaintiffs do not acknowledge the relevance of the MDL in their motion, but the *Sutton* court recognized the import of pending multidistrict litigation in the misjoinder and removal analysis; it severed and remanded the claims against the nondiverse defendants "to preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum." *Id*. Remanding the claims against Clearview to the California state court will result in an unacceptable risk of duplicative and potentially conflicting rulings with the MDL regarding the *same* claims involving the *same* Plaintiffs. That will undermine the purpose of 28 U.S.C. § 1407, which is to "further judicial economy and eliminate the potential for conflicting pretrial rulings." *Tench v. Jackson Nat. Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999).

## **CONCLUSION**

The Court should deny Plaintiffs' motion to remand, or in the alternative, sever the claims against the Municipal Defendants while retaining jurisdiction over Clearview.

---

[11] *See also Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015) ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse defendant] to Multi-District Litigation."); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015) (severing claims against nondiverse defendants and noting efficiencies arising from participation in MDL); *Cooke-Bates v. Bayer Corp.*, No. 3:10-CV-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010).

December 10, 2021                                       Respectfully submitted,


                                                        By:   */s/ Precious S. Jacobs-Perry*

                                                        Precious S. Jacobs-Perry (ARDC No. 6300096)
                                                        Howard S. Suskin (ARDC No. 6185999)
                                                        JENNER & BLOCK LLP
                                                        353 North Clark Street
                                                        Chicago, Illinois 60654
                                                        Phone: (312) 222-9350
                                                        pjacobs-perry@jenner.com
                                                        hsuskin@jenner.com

                                                        Andrew J. Lichtman (pro hac vice)
                                                        JENNER & BLOCK LLP
                                                        919 Third Avenue
                                                        New York, New York 10022-3908
                                                        Phone: (212) 891-1600
                                                        alichtman@jenner.com

                                                        Floyd Abrams
                                                        Joel Kurtzberg
                                                        CAHILL GORDON & REINDEL LLP
                                                        32 Old Slip
                                                        New York, NY 10005
                                                        Phone: (212) 701-3000
                                                        fabrams@cahill.com
                                                        jkurtzberg@cahill.com

                                                        Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC, and Thomas Mulcaire

**CERTIFICATE OF SERVICE**

I certify that on December 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

By: */s/ Precious S. Jacobs-Perry*