**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re Clearview AI, Inc., Consumer Privacy | ) | |
| Litigation, | ) | Case No. 21-cv-135 |
| | ) | |
| | ) | Judge Sharon Johnson Coleman |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs brought a first amended consolidated class action complaint in this multi-district

litigation that alleges claims against defendant retailer Macy's Retail Holdings, LLC ("Macy's") under

the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), along with claims

under California and New York law. Before the Court is Macy's motion to dismiss brought

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the

Court grants in part and denies in part Macy's motion. Specifically, the Court grants Macy's motion

as to Count Ten, which alleges a claim under California's Unfair Competition Law, as well as

plaintiffs' unjust enrichment claim based on New York common law in Count Fifteen. The Court

denies the remainder of Macy's motion.

**Background**

The Court presumes familiarity with its prior rulings in this multi-district litigation. In their

complaint, plaintiffs contend that the Clearview defendants covertly scraped billions of photographs

of facial images from the internet and then used artificial intelligence algorithms to scan the face

geometry of each individual depicted in the photographs to harvest the individuals' unique biometric

identifiers and corresponding biometric information. Plaintiffs further assert that the Clearview

defendants created a searchable database containing their biometrics that allowed users to identify

unknown individuals merely by uploading a photograph to the database. The database can be

searched remotely by licensed users of the Clearview web application.

Defendant Macy's is a private corporation that purchased access to the Clearview database and the biometrics contained therein to identify people whose images appeared in surveillance camera footage from Macy's retail stores. Plaintiffs assert that Macy's utilized Clearview's database over 6,000 times, each time uploading an image to the database to search for a match. Furthermore, plaintiffs contend that Macy's is similarly situated to other database users which comprise the Clearview Client class:

> All non-governmental, private entities – including publicly-traded companies – who purchased access to, or otherwise obtained, the Biometric Database and then utilized the database to run biometric searches at a time when the Biometrics of one or more of the named Plaintiffs had already been captured, collected or obtained, and subsequently stored, by the Clearview Defendants.

In their complaint, plaintiffs bring a BIPA claim against Macy's under 740 ILCS 14/15(b), which prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric identifiers or information without first providing notice and consent. Similarly, plaintiffs bring a BIPA claim under 740 ILCS 14/15(c), which prohibits private entities from selling, leasing, trading, or profiting from a person's biometric identifiers or information. Plaintiffs also bring statutory and common law claims against Macy's under California and New York law.

**Legal Standards**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1), the Court accepts the well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor when a defendant has facially attacked standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

A motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

*Article III Standing*

Macy's first argues that the Court does not have subject matter jurisdiction by challenging plaintiffs' Article III standing to bring their BIPA 15(b) and 15(c) claims as alleged in Counts One and Three of the first amended consolidated class action complaint. "Article III of the Constitution limits the federal judicial power to deciding 'Cases' and 'Controversies'" and "as an essential part of a federal court's authority under Article III, [the] standing doctrine ensures respect for these jurisdictional bounds." *Prairie Rivers Network,* 2 F.4th at 1007. To establish standing under Article III, a plaintiff must show: (1) he suffered an injury-in-fact; (2) that is fairly traceable to defendant's conduct; and (3) that is likely to be redressed by a favorable judicial decision. *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 729 (7th Cir. 2020) (Barrett, J.).

In its motion, Macy's contends that plaintiffs cannot establish Article III standing because they have failed to sufficiently allege a concrete and particularized injury-in-fact. To determine whether the disclosure of plaintiffs' private information without their consent caused a sufficiently

3

concrete harm to support standing, the Court looks to both history and the judgment of Congress for guidance. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.). The historical inquiry asks, "whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *TransUnion, LLC v. Ramirez*, 141 S.Ct. 2190, 2200 (2021). As the *TransUnion* Court explained, "[v]arious intangible harms can also be concrete" including "reputational harms, disclosure of private information, and intrusion upon seclusion." *Id.* at 2204.

Here, plaintiffs have sufficiently alleged that defendant's use of their private information without the opportunity to give their consent as required under BIPA 15(b) caused them the concrete harm of violating their privacy interests in their biometric data. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 627 (7th Cir. 2020) (defendants "inflicted the concrete injury BIPA intended to protect against, *i.e.* a consumer's loss of the power and ability to make informed decisions about the collection, storage, and use of her biometric information."). Therefore, plaintiffs have sufficiently alleged a concrete injury-in-fact for Article III standing purposes.

Likewise, plaintiffs have sufficiently stated a concrete injury-in-fact under BIPA 15(c) by alleging that Macy's profited from using the Clearview database to prevent losses and improve customer experience, and, that as a result of Macy's use, plaintiffs' biometric information was compromised. Contrary to Macy's argument that it merely uploaded photographs onto the Clearview database, plaintiffs allege that Macy's purchased, obtained, accessed, and used the biometrics in the database and profited from that conduct. Meanwhile, Macy's reliance on the Seventh Circuit's decision in *Thornley* is misplaced because in that matter, the plaintiffs purposely avoided federal court jurisdiction by bringing bare BIPA 15(c) claims alleging that they were not injured as a result of any BIPA violations. *See Thornley*, 984 F.3d at 1246; *Thornley v. Clearview AI, Inc.*, No. 20-cv-3843, 2020 WL 6262356, at *2 (N.D. Ill. Oct. 23, 2020) (Coleman, J.) ("Plaintiffs

4

purposely narrowed their claim to the general prohibition of Clearview selling and profiting from plaintiffs' biometric data and filed their lawsuit in state court where such actions are allowed without the constraints of Article III standing."); *see also Rosenbach v. Six Flags Enter. Corp.,* 129 N.E.3d 1197, 1207, 432 Ill.Dec. 654, 664 (Ill. 2019) ("an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an 'aggrieved' person."). Such is not the case here.

The Court turns to the other factors of Article III standing, namely, that the injuries alleged are fairly traceable to Macy's conduct and that the injuries are likely to be redressed by a favorable judicial decision. In its motion, Macy's argues that the relief plaintiffs seek has no bearing on their need to protect their biometric information because Macy's does not "possess" this information. Viewing the allegations in plaintiffs' favor, they have alleged that Macy's has done more than merely possess their photos, including that Macy's used the Clearview database to obtain the biometrics of millions of Illinois residents for comparing the data against the photographs Macy's uploaded. With these allegations in mind, Macy's cannot point the finger at the Clearview defendants and then ignore its own conduct in using the Clearview database. Moreover, "the prospect of statutory damages shows that such an injury is redressable." *Bryant*, 958 F.3d at 621. Macy's Article III standing argument fails.

*Rule 12(b)(6) Challenges to BIPA Claims*

Macy's challenges plaintiffs' BIPA claims under Rule 12(b)(6) arguing plaintiffs have failed to adequately allege these claims under the federal pleading standards per *Iqbal* and *Twombly*. First, Macy's argues plaintiffs have failed to sufficiently allege their BIPA 15(b) claim because they do not allege the who, what, where, when, or how of this claim. From Macy's argument, it appears Macy's is arguing that plaintiffs must fulfill the heightened pleading standard under Rule 9(b), *see Mamalakis v. Anesthetix Mgmt. LLC*, 20 F.4th 295, 301 (7th Cir. 2021), which is simply not the case. Meanwhile,

5

the basis of plaintiffs' BIPA 15(b) claim is that Macy's accessed and obtained plaintiffs' biometric information without plaintiffs' knowledge and consent each time Macy's sought to identify an individual by uploading photos to the Clearview database. In other words, Macy's actively purchased access to obtain plaintiffs' biometrics without complying with BIPA 15(b)'s notice and consent requirements. *Cothron v. White Castle Sys., Inc.,* 20 F.4th 1156, 1159 (7th Cir. 2021) ("Section 15(b) provides that a private entity may not 'collect, capture, purchase, receive through trade, or otherwise obtain' a person's biometric data without first providing notice to and receiving consent from the person."). Thus, plaintiffs have plausibly alleged their BIPA 15(b) violation against Macy's.

Macy's also takes issue with plaintiffs' BIPA 15(c) allegations arguing that plaintiffs have not alleged Macy's possessed their biometric information and that plaintiffs did not provide sufficient factual details that Macy's profited from this information. Despite these arguments, plaintiffs have adequately alleged that Macy's obtained access to their biometric information and searched the Clearview database resulting in Macy's obtaining, accessing, and using the biometrics in the database. Plaintiffs also allege that Macy's used this information for their own business purposes and profited from its use. From plaintiffs' allegations, it is reasonable to infer that plaintiffs' biometric information was necessary to Macy's loss prevention business model and that this biometric information generated profits by reducing the number of stolen goods. Accordingly, plaintiffs' have plausibly alleged their BIPA 15(c) claim against Macy's.

*California State Law Claims*

In Counts Ten through Thirteen, plaintiff Andrea Vestrand, on behalf of herself and others similarly situated in the California Subclass, brings claims under California statutory and common law. In Count Ten, Vestrand alleges that Macy's violated California's Unfair Competition Law ("UCL"). To bring a claim under the UCL, a plaintiff must "(1) establish a loss or deprivation of

6

money or property sufficient to quantify as injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322, 120 Cal.Rptr.3d 741, 246 P.3d 877 (Cal. 2011) (emphasis in original).

Macy's maintains that plaintiffs' UCL claim necessarily fails because personal information is not "property" for purposes of the UCL. *See In re Facebook Privacy Litig.*, 791 F.Supp.2d 705, 714 (N.D. Cal. 2011). The Court agrees. Indeed, "[n]umerous courts have held that disclosure of personal information alone does not constitute economic or property loss sufficient to establish UCL standing, unless the plaintiff provides specific allegations regarding the value of the information." *Mastel v. Miniclip SA*, ___ F.Supp.3d ___, 2021 WL 2983198, at *11 (E.D. Cal. 2021).

Moreover, Macy's contends plaintiffs' UCL claim does not survive the present motion to dismiss because plaintiffs have failed to plausibly allege an unfair business practice for purposes of the UCL. The UCL "governs 'anti-competitive business practices' as well as injuries to consumers, and has as a major purpose 'the preservation of fair business competition.'" *Chu v. Old Republic Home Protection Co., Inc.*, 274 Cal.Rptr.3d 528, 536, 60 Cal.App.5th 346, 357 (Cal. 2021). In short, the "UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Erhart v. BofI Holding, Inc.,* 387 F.Supp.3d 1046, 1059 (S.D. Cal. 2019) (citation omitted). Plaintiffs' allegations do not involve the protection of fair competition in commercial markets, therefore, the Court dismisses plaintiffs' UCL claim without leave to amend because any such amendment would be futile.

In Count Eleven, Vestrand alleges a commercial misappropriation of likeness claim against Macy's under California Civil Code § 3344(a), as well as a common law right to publicity claim in Count Twelve. The Court analyzes Counts Eleven and Twelve together because to state a claim under § 3344(a), a plaintiff must first fulfill the elements of the common law right to publicity. *See Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1001 (9th Cir. 2001); *Cross v. Facebook, Inc.,* 222

Cal.Rptr.3d 250, 265, 14 Cal.App.5th 190, 208 (Cal. 2017) ("Civil Code section 3344 was intended to complement, not supplant, common law claims for right of publicity.").

The California common law "right of publicity seeks to prevent commercial exploitation of an individual's identity without that person's consent." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017). The elements of a common law right to privacy claim include: (1) defendant's unauthorized use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercial or otherwise; and (3) the resulting injury. *Downing*, 265 F.3d at 1001; *Ross v. Roberts*, 166 Cal.Rptr.3d 359, 365, 222 Cal.App.4th 677, 684 (Cal. 2013).

Macy's contends that Vestrand's common law claim must fail because she did not allege she has a commercial interest or value in her likeness. Vestrand, however, is not required to plead facts corresponding to each legal element of her claim to survive a motion to dismiss, but instead, need only allege a plausible claim. *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017). Vestrand has done so by alleging that Macy's used her photographs and likeness without authorization for commercial gain via Macy's loss prevention business model. Further, Vestrand alleges the California Subclass was injured because Macy's did not compensate them for its use of their likenesses, identifies, and photographs. These allegations plausibly state a common law right to publicity claim under California law.

Next, under California's statutory remedy, § 3344, plaintiffs must also show "a knowing use by the defendant as well as a direct connection between the alleged use and the commercial purpose." *Downing*, 265 F.3d at 1001. In its motion, Macy's maintains that § 3344 requires plaintiffs to allege that its use of the Clearview database was for purposes of advertising, selling, or soliciting. Macy's, however, ignores parts of § 3344(a), which states, "[a]ny person who knowingly uses another's name, voice, signature, photograph, or likeness *in any manner*, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products,

8

merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the

prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person

or persons injured as a result thereof." (emphasis added). Therefore, under § 3344, plaintiffs need

not allege that Macy's used their photos or likenesses for purposes of advertising, selling, or

soliciting. And, as discussed, plaintiffs have adequately alleged that Macy's knowingly used their

photos by accessing the Clearview database to achieve Macy's loss prevention goals. The Court

denies Macy's motion to dismiss Counts Eleven and Twelve.

In Count Thirteen, Vestrand alleges that Macy's violated her right to privacy under the

California Constitution. To establish a claim for invasion of privacy under the California

Constitution, a plaintiff must eventually show (1) she possesses a legally protected privacy interest,

(2) she maintains a reasonable expectation of privacy, and (3) defendant's conduct constituted a

serious invasion of privacy. *Hill v. National Collegiate Athletic Assn.*, 865 P.2d 633, 654-55, 26

Cal.Rptr.2d 834, 7 Cal.4th 1 (Cal. 1994). Here, Macy's asserts plaintiffs failed to adequately allege

that Vestrand possessed a legally protected privacy interest. The California Constitution protects

two separate classes of privacy interests: (1) information privacy, which includes interests in

precluding the dissemination or misuse of confidential and sensitive information; and (2) autonomy

privacy, including interests in making personal decisions or conducting personal activities without

intrusion. *In re Google Location History Litig.*, 514 F.Supp.3d 1147, 1154 (N.D. Cal. 2021) (citing *Hill*,

865 P.2d at 654). Because autonomy privacy protects bodily autonomy, it does not apply under the

circumstances. *See In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1039 (N.D. Cal. 2014). The Court thus

examines whether plaintiffs have sufficiently alleged the first class of privacy interests, information

privacy.

Construing the allegations in plaintiffs' favor, they have adequately stated that Macy's

conduct constituted a serious invasion of their information privacy. Plaintiffs allege that Macy's

9

purchased access to the Clearview database containing their biometric identifiers. Biometric

information, by its very nature, is sensitive and confidential. *See Fox v. Dakkota Integrated Sys., LLC*,

980 F.3d 1146, 1155 (7th Cir. 2020) ("biometric identifiers … are immutable, and once

compromised, are compromised forever."). Macy's then accessed, used, and obtained the California

Subclass members' confidential and sensitive biometrics. In addition, plaintiffs allege that the

California Subclass had a reasonable expectation of privacy to their highly sensitive biometrics.

Vestrand has therefore plausibly alleged her right to privacy claim under the California Constitution.

*New York State Law Claim*

In Count Fourteen, plaintiff Aaron Hurvitz, on behalf of himself and others similarly

situated in the New York Subclass, brings a claim under New York's Civil Rights Act § 51. The

purpose of § 51 is to protect individuals from the commercial exploitation of their name or image.

*See Kuklachev v. Gelfman*, 600 F.Supp.2d 437, 474-75 (E.D.N.Y. 2009). To establish liability under §

51, a plaintiff must show defendant's nonconsensual use his name, portrait, picture, or voice within

the state of New York for purposes of advertising or trade. *See Electra v. 59 Murray Enter.*, Inc., 987

F.3d 233, 249 (2d Cir. 2021).

Without citing legal authority, Macy's first argument is that plaintiffs' § 51 claim must fail

because they have not alleged that Macy's took Hurvitz's picture or the picture of any other

particular person. The plain language of the statute, however, states that it is the nonconsensual

"use" of a picture that is prohibited. *See* N.Y. Civil Rights L. § 51; *see also Electra,* 987 F.3d at 249.

Macy's also argues that its use of plaintiff's picture was not for trade purposes. New York

"courts have defined use 'for the purposes of trade' as use which 'would draw trade to the firm' or

'use for the purpose of making profit.'" *Amusement Indus., Inc. v. Stern*, 693 F.Supp.2d 301, 314

(S.D.N.Y. 2010) (citation omitted). As discussed above, plaintiffs have sufficiently alleged plaintiffs'

biometric information was necessary to Macy's loss prevention business model and that this

10

biometric information generated profits by reducing the number of stolen goods. Plaintiffs'
allegations have raised their right to relief above a speculative level, and thus, the Court denies
Macy's motion in this respect.

*Unjust Enrichment Claim*

Last, Macy's moves to dismiss plaintiffs' unjust enrichment claim alleged in Count Fifteen of
the first amended consolidated class action complaint. In particular, Macy's asserts that unjust
enrichment is not a viable, stand-alone claim under Illinois, California, or New York law. Under
Illinois law, unjust enrichment "is not a separate cause of action that, standing alone, would justify
an action for recovery." *Toushin v. Ruggiero*, 2021 IL App (1st) 192171, ¶ 80, 2021 WL 2718495, at
*13 (1st Dist. 2021)(quoting *Mulligan v. QVC, Inc.,* 888 N.E.2d 1190, 1200, 321 Ill.Dec. 257, 267, 382
Ill.App.3d 620, 631 (1st Dist. 2008). Rather, unjust enrichment is a condition resulting from
unlawful or improper conduct like fraud and may be redressed by a cause of action based upon that
improper conduct. *Toushin*, 2021 IL App (1st) 192171, ¶ 80. "[I]f an unjust enrichment claim rests
on the same improper conduct alleged in another claim, then the unjust enrichment claim will be
tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim."
*Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). Because plaintiffs have sufficiently
alleged their BIPA claims, the Court denies Macy's motion to dismiss the unjust enrichment claim
attendant to the BIPA claims at this juncture.

The Ninth Circuit has explained that a California common law unjust enrichment claim may
survive either "as an independent cause of action or as a quasi-contract claim for restitution." *ESG
Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016); *see also Hart v. TWC Product & Tech.
LLC*, 526 F.Supp.3d 592, 604 (N.D. Cal. 2021). "To allege unjust enrichment as an independent
cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at
the plaintiff's expense." *ESG Capital,* 828 F.3d at 1038. Here, plaintiffs have sufficiently alleged

11

Macy's was unjustly enriched by using their biometric information without their knowledge and consent.

Last, Macy's correctly asserts plaintiffs' New York common law unjust enrichment claims are preempted by New York Civil Rights Act §§ 50, 51. *See Sondik v Kimmel,* 131 A.D. 3d 1041, 1042, 16 N.Y.S.3d 296, 298 (N.Y. App. Div. 2015) ("Common-law unjust enrichment claims for the unauthorized use of an image or likeness are preempted by Civil Rights Law §§ 50 and 51."); *Myskina v. Conde Nast Publ'n, Inc.,* 386 F.Supp.2d 409, 420 (S.D.N.Y. 2005) ("Under New York law, common law unjust enrichment claims for unauthorized use of an image or likeness are subsumed by Sections 50 and 51."). The Court grants this aspect of Macy's motion to dismiss.

**Conclusion**

For these reasons, the Court grants in part and denies in part defendant's motion to dismiss [111].

IT IS SO ORDERED.

Date: 1/27/2022

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

12