IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | ) ) ) Case No. 1:21-cv-00135 ) ) Hon. Sharon Johnson Coleman ) ) |

**CLEARVIEW DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OF CLEARVIEW DEFENDANTS' MOTION TO QUASH**

Following the Court's entry of an order granting in part and denying in part their motion to dismiss, Defendants Clearview AI, Inc. ("Clearview"), Rocky Mountain Data Analytics LLC ("Rocky Mountain"), Hoan Ton-That, Richard Schwartz, and Thomas Mulcaire (collectively, the "Clearview Defendants") respectfully submit this memorandum in further opposition to Plaintiffs' motion to compel (Dkt. 213) and in further support of their renewed motion to quash the nonparty subpoenas issued by Plaintiffs to JPMorgan Chase & Co., JPMorgan Chase Bank N.A., and The Bank of America Corporation (collectively, the "Banks") (Dkt. 235).

1. On November 15, 2021, Plaintiffs filed a motion to compel seeking the disclosure of the Clearview Defendants' financial information, including "tax returns, revenue and expenses related to Defendants' software and apps, and banking information." (Dkt. 213 at 12.) Plaintiffs' primary argument was that they are entitled to this financial information because it supposedly could be relevant to various factors of Plaintiffs' alter ego theory of liability against the Individual Defendants, "such as the intermingling of funds, whether 'loans' were properly documented, whether income was properly accounted for on tax returns and whether corporate formalities otherwise were adhered to." (*Id*. at 13.)

1

2. The Clearview Defendants opposed Plaintiffs' motion to compel, arguing that Plaintiffs "fail[ed] to plead a theory of alter ego liability" and as a result, the categories of financial information sought were outside the scope of discovery under Rule 26. (Dkt. 219 at 12.) The Clearview Defendants explained that it was appropriate for the parties to await the Court's order on the motion to dismiss before engaging in discovery of extremely sensitive financial information, because "should the Clearview Defendants prevail on the alter ego portion of the motion to dismiss, discovery of the disputed financial information will be moot." (*Id*. at 13.)

3. The parties also addressed the discovery of financial documents in briefing the Clearview Defendants' motion to quash (Dkt. 235). After the Clearview Defendants objected to Plaintiffs' efforts to discover their sensitive financial information, and while the parties were briefing Plaintiffs' motion to compel, Plaintiffs attempted to obtain a much broader set of the Clearview Defendants' personal financial information through the Banks. (*See* Dkt. 235 ¶ 6.) On December 17, 2021, the Clearview Defendants moved to quash the Bank subpoenas because, among other reasons, "the Complaint fails to allege a theory of alter ego liability, and as a result, the financial documents are outside the scope of discovery." (*See id*. ¶ 22.)

4. In their opposition to the motion to quash, Plaintiffs argued that the Individual Defendants' personal financial information is relevant to "their liability under the personal participation doctrine" and "their liability under an alter ego theory of liability – i.e., whether there was a unity of interest between the Individual and Corporate Defendants that dissolved their separate personalities." (Dkt. 251 at 12.) And in their reply in support of their motion to compel the production of financial documents, Plaintiffs stated that in arguing that the financial information sought is not relevant to the litigation, the Clearview Defendants "ignore that the Court has not made a determination on [the alter ego] issue." (Dkt. 225 at 15.)

5. On February 14, 2022, the Court entered an order rejecting Plaintiffs' theory of alter ego liability against the Individual Defendants. Specifically, the Court explained:

> Although there are some allegations in plaintiffs' first amended complaint that corporate formalities were not always observed at Clearview, such as Clearview directing its customers to send payments to Schwartz's personal residence and that Schwartz paid for the servers and other costs necessary to carry out Clearview's scraping and biometric scanning operations, plaintiffs have not adequately alleged any other veil piercing factors. For instance, viewing the allegations in their favor, plaintiffs have not provided sufficient factual detail that Clearview simply functioned as Ton-That's and Schwartz's façade. Furthermore, plaintiffs' complaint lacks detailed allegations supporting their argument that Ton-That and Schwartz undercapitalized Clearview. In the end, plaintiffs' allegations supporting their alter ego theory of individual liability as to Ton-That and Schwartz do not withstand defendants' motion to dismiss, especially because piercing the corporate veil is disfavored under both Delaware and Illinois law.

(Dkt. 279 at 11.)

6. Plaintiffs are already in possession of Clearview's tax returns and various other sensitive financial documents pertaining to Clearview's revenues, profits, and losses. (Dkt. 235 ¶ 4 n.1; Dkt. 262 ¶ 3.) The Court's order rejecting Plaintiffs' theory of alter ego liability against the Individual Defendants puts to rest the question of whether Plaintiffs are entitled to additional financial information from the Clearview Defendant—beyond what they have already received in discovery—such as the bank statements and credit card statements of the Individual Defendants. The additional financial records that Plaintiffs seek in party discovery and through the Bank subpoenas are not relevant to the claims and defenses in the litigation, and Plaintiffs should not be allowed to further fish for additional evidence pertaining to their now-dismissed alter ego theory.[1]
*See Scott ex rel. Scott v. Chuhak & Tecson, P.C.*, No. 09 C 6858, 2011 WL 1118772, at *9 (N.D.

---

[1] To the extent Plaintiffs claim that their alter ego theory against Rocky Mountain survived the motion to dismiss, and that they are therefore entitled to Rocky Mountain's financial information, the Clearview Defendants note that Plaintiffs are already in possession of a large volume of Rocky Mountain's financial records—including bank statements with transaction-level detail—which is already far beyond the appropriate scope of discovery. (Dkt. 262 ¶ 24 n.9.)

3

Ill. Mar. 23, 2011) (denying motion to compel discovery where "the district court has dismissed [the] claim" and the "requested discovery, therefore, is not relevant to any of the live claims").

7. Plaintiffs also make conclusory statements that they are entitled to the virtual entirety of the Clearview Defendants' financial history over a seven-year period under their "personal participation" theory of liability. (Dkt. 251 at 12.) Plaintiffs cite no authority to support their contention that the broad sweep of financial information they seek is discoverable as evidence that the Individual Defendants "personally participated" in the privacy harms alleged in the Complaint. In its order, the Court stated that "plaintiffs have adequately alleged that Ton-That and Schwartz acted outside of their corporate capacities when they personally violated BIPA and plaintiffs' other privacy claims." (Dkt. 279 at 10.) The Individual Defendants' personal finances are obviously not relevant to claims that they personally violated BIPA or other privacy laws, and Plaintiffs' limited arguments for disclosure are based on their now-dismissed alter ego theory and veil-piercing factors. (Dkt. 213 at 12-13; Dkt. 251 at 12.)

8. Indeed, the authority cited by the Court shows that the inquiry under the "personal participation" doctrine focuses on the tort itself, and whether an individual defendant actively participated in that tort. *Prairie Capital III, L.P. v. Double E Holding Corp.*, 132 A.3d 35, 60 (Del. Ch. 2015) ("As the human through which the corporate principal acts, '[a] corporate officer can be held *personally liable for the torts he commits* and cannot shield himself behind a corporation when he is a participant'" (emphasis added)); *IOS Capital, Inc. v. Phoenix Printing, Inc.*, 348 Ill. App. 3d 366, 371 (4th Dist. 2004) (holding that under a personal participation theory, "the question is . . . whether [the individual defendant] *actively participated in the tort*" (emphasis added)).

9. The Clearview Defendants' financial records are not relevant to whether the Individual Defendants personally invaded Plaintiffs' privacy in violation of BIPA or other state

laws. Thus, Plaintiffs' "personal participation" theory cannot support the wholesale discovery of this financial information, and the financial records Plaintiffs continue to seek are far outside the scope of Rule 26. (Dkt. 219 at 12 n.3; Dkt. 235 ¶ 17 n.3; Dkt. 262 ¶¶ 11-14 & n.4.) To the extent Plaintiffs seek information about the roles of the Individual Defendants in developing the Clearview database and its privacy-related practices, Plaintiffs can obtain and have obtained that information in discovery. However, the financial information at issue has no bearing on Plaintiffs' allegations related to the Individual Defendants or their alleged "active participation."

WHEREFORE, the Clearview Defendants respectfully request that the Court deny Plaintiffs' motion to compel the production of financial documents (Dkt. 213) and grant the Clearview Defendants' motion to quash the Bank subpoenas (Dkt. 235).

February 16, 2022                    Respectfully submitted,

                                     By:   */s/ Precious S. Jacobs-Perry*

                                     Precious S. Jacobs-Perry (ARDC No. 6300096)
                                     Howard S. Suskin (ARDC No. 6185999)
                                     JENNER & BLOCK LLP
                                     353 North Clark Street
                                     Chicago, Illinois 60654
                                     Phone: (312) 222-9350
                                     pjacobs-perry@jenner.com
                                     hsuskin@jenner.com

                                     Lee Wolosky (pro hac vice)
                                     Andrew J. Lichtman (pro hac vice)
                                     JENNER & BLOCK LLP
                                     919 Third Avenue
                                     New York, New York 10022-3908
                                     Phone: (212) 891-1600
                                     lwolosky@jenner.com
                                     alichtman@jenner.com

                                     Floyd Abrams
                                     Joel Kurtzberg
                                     CAHILL GORDON & REINDEL LLP
                                     32 Old Slip
                                     New York, NY 10005
                                     Phone: (212) 701-3000
                                     fabrams@cahill.com
                                     jkurtzberg@cahill.com

                                     Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC, and Thomas Mulcaire

## **CERTIFICATE OF SERVICE**

I certify that on February 16, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

By: _/s/ Precious S. Jacobs-Perry_

7