IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

## JOINT STATUS REPORT ON DISCOVERY

Pursuant to the Court's January 21, 2022 Order (Dkt. 265), Plaintiffs; Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC ("Rocky Mountain"), and Thomas Mulcaire (collectively, the "Clearview Defendants"); Defendant Macy's, Inc.[1] ("Macy's"); Defendant City of Antioch; Defendant County of Alameda; and Defendant City of El Segundo (Plaintiffs and all Defendants, collectively, the "Parties"), by and through their respective counsel, file this Joint Status Report on Discovery:

**I.      Fed. R. 26(a)(1) Disclosures.**

Plaintiffs and the Clearview Defendants have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).[2] The Court has ordered Macy's to serve its Rule 26(a)(1) disclosures by March 10, 2022 (Dkt. 294).

---

[1] Macy's contends that the proper party is Macy's Retail Holdings, LLC and reserves all rights on the issue.

[2] Plaintiffs' initial disclosures do not yet include disclosures related to the plaintiffs in the joined action of *Renderos v. Clearview AI, Inc.* ("*Renderos*"). Defendants City of Antioch, City of El Segundo and County of Alameda (the "Municipal Defendants") are defendants in the *Renderos* matter, which was transferred to this Court on October 5, 2021. Currently pending in that matter are a Motion to Remand filed by the *Renderos* Plaintiffs and Motions for Judicial Determination of Fraudulent Joinder or, Alternatively, Remand filed by the City of Antioch and the other Municipal Defendants. These parties have not undertaken

**II.     Written Discovery.**

A.     Plaintiffs have served written discovery on the Clearview Defendants and Macy's. Macy's responses to the written discovery are due on March 24, 2022 (Dkt. 294). The Clearview Defendants' responses to Plaintiffs' Second and Third Sets of Requests for Production are due on March 7 and 28, 2022, respectively. The Clearview Defendants have served responses and various supplemental responses to Plaintiffs' first set of written discovery (interrogatories and requests for production).

B.     The Clearview Defendants have served written discovery (interrogatories and requests for production) on Plaintiffs. Plaintiffs have served responses and supplemental responses to the written discovery. On February 22, 2022 – the date on which the Court entered its order regarding Plaintiffs' second motion for clarification (Dkt. 290) – Plaintiffs' counsel provided the Clearview Defendants' counsel with a photograph of each named Plaintiff.

C.     Counsel for Plaintiffs and the Clearview Defendants have been meeting and conferring and exchanging correspondence regrading each parties' respective responses to requested discovery and the status of the Clearview Defendants' compliance with the Court's December 20, 2021 Order (Dkt. 237). No Court action is requested at this time.

D.     Fact discovery is currently set to close on May 26, 2022. Dkt. 265. As discussed throughout, the Parties continue their efforts to move discovery forward. Given that Macy's written discovery responses are not due until March 24, 2022, the Clearview Defendants have to respond

---

discovery pending resolution of the fraudulent joinder/remand issue, which may well remove this matter from the MDL. Should the matter remain in the MDL, the Municipal Defendants will need sufficient time to conduct discovery as to Plaintiffs, and, potentially, other defendants, which will not be possible with the current discovery cutoff date, and will seek a modification of any relevant discovery deadlines following a ruling by this Court on the pending motions.

to outstanding written discovery (due on March 7 and 28, 2022) and complete their production in connection with Plaintiffs' first set of discovery requests, and the Parties are still meeting and conferring on written discovery issues, Plaintiffs believe it is too early to predict whether all fact discovery can be completed by May 26, 2022, notwithstanding all Parties' best efforts. Plaintiffs respectfully suggest that the Parties submit another joint status report on discovery at the end of April 2022.  The Clearview Defendants do not object to having the Parties submit another joint status report on discovery at the end of April 2022.

Counsel for the Clearview Defendants believe that the parties are on pace to complete fact discovery by the current May 26, 2022 fact discovery cut-off. That deadline has already been extended once, and the Clearview Defendants respectfully submit that there is no need for it to be extended again.  The Clearview Defendants have produced nearly 140,000 pages of documents to date and respectfully submit that, with the exception of two recently-served sets of document requests,[3] they have substantially completed their document production. However, this is a topic on which the Parties are meeting and conferring. Plaintiffs have produced approximately 26,450 pages of documents, and respectfully submit their production is substantially complete.[4]  However, this is also a topic on which the Parties are meeting and conferring.  The Clearview Defendants respectfully submit that all discovery should be able to be completed in time for the current discovery cut-off to hold.

/s/ Scott R. Drury

---

[3] Plaintiffs' Second Set of Requests for Production, which contained 16 requests, was served on February 3. Plaintiffs' Third Set of Requests for Production, which contained 5 requests, was served on February 25. The Clearview Defendants are preparing objections and responses but expect to complete all productions in time to meet the extended discovery deadline of May 26, 2022.

[4] This does not include documents that are subject to Plaintiffs' Fed. R. Civ. P. 72(a) objections, which are pending. Dkt 263.

**III.     Subpoenas.**

Plaintiffs have issued and intend to further issue third party subpoenas.

Dated: February 28, 2022

Respectfully submitted,

By:  /s/ Scott R. Drury
    SCOTT R. DRURY

Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
drury@loevy.com

*Plaintiffs' interim lead class counsel*

By: /s/ Joel Kurtzberg
    JOEL KURTZBERG

Floyd Abrams
Joel Kurtzberg
CAHILL GORDON & REINDELL
32 Old Slip
New York, NY 10005
212.701.3621
jkurtzberg@cahill.com

Precious Jacobs-Perry
Howard S. Suskin
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
312.222.9350

Lee Wolosky
Andrew L. Lichtman
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022
212.891.1600

*Counsel for Defendants Clearview AI, Inc.; Hoan Ton-That; Richard Schwartz; Rocky Mountain Data Analytics LLC and Thomas Mulcaire*

By: /s/ Caylin W. Jones
   CAYLIN W. JONES

   Steven J. Rothans
   Caylin W. Jones
   CARPENTER, ROTHANS & DUMONT
   500 S. Grand Avenue, 19th Floor
   Los Angeles, CA 90071
   213.228.0400
   cjones@crdlaw.com

   *Counsel for Defendant City of El Segundo*

By: /s/ Ethan M. Lowry
   ETHAN M. LOWRY

   Ethan M. Lowry
   BERTRAND, FOX, ELLIOT, OSMAN &
   WENZEL
   The Waterfront Building
   2749 Hyde Street
   San Francisco, CA 94109
   414.353.0999
   elowry@bsesf.com

   *Counsel for Defendant City of Antioch*

By: /s/ Michael C. Wenzel
   MICHAEL C. WENZEL

   Michael C. Wenzel
   BERTRAND, FOX, ELLIOT, OSMAN
   & WENZEL
   The Waterfront Building
   2749 Hyde Street
   San Francisco, CA 94109
   415.353.0999
   mwenzel@bsesf.com

   *Counsel for County of Alameda*

## **CERTIFICATE OF SERVICE**

      I, Scott R. Drury, an attorney, hereby certify that, on February 28, 2022, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                                              /s/Scott R. Drury
                                              SCOTT R. DRURY