IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | Case No. 1:21-cv-00135 <br><br> Hon. Sharon Johnson Coleman <br><br> Hon. Maria Valdez |

**CLEARVIEW DEFENDANTS' MOTION FOR RECONSIDERATION AND CLARIFICATION OF POINTS IN THE COURT'S FEBRUARY 14, 2022 MEMORANDUM OPINION AND ORDER, AND PARTIAL MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

NOW COME Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC ("Rocky Mountain"), and Thomas Mulcaire (collectively, the "Clearview Defendants"), by and through their counsel, and pursuant to Federal Rules of Civil Procedure 59(e) and 12(b)(1), move for reconsideration and clarification of points in the Court's February 14, 2022 memorandum opinion and order, and to partially dismiss for lack of subject-matter jurisdiction.

1. On February 14, 2022, the Court issued a memorandum opinion and order on the Clearview Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 279.)

2. As demonstrated by the Memorandum of Law in support of this Motion, the Clearview Defendants respectfully submit that two findings in that opinion and order—(i) that Plaintiffs have standing to bring the state-law claims in Counts 8-12 and 14, and the BIPA Section 15(c) claims in Counts 3 and 4, and (ii) that Defendants Mr. Mulcaire and Rocky Mountain waived

1

their personal-jurisdiction and government-contractor defenses—constitute "manifest errors of fact or law."

3. *First*, with respect to the Court's finding that Plaintiffs have standing to bring the state-law claims in Counts 8-12 and 14, the Court found that (i) the "nonconsensual taking of plaintiffs' private information is a concrete harm because the possibility of misuse is ever present" and (ii) Plaintiffs "sufficiently alleged that defendants' disclosure of their private information without their consent caused them the concrete harm of violating their privacy interests in their biometric data." (Dkt. No. 279 at 15.)

4. Clearview Defendants respectfully submit that the first rationale constitutes "manifest error" because it is contrary to controlling precedent in *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241 (7th Cir. 2021), which held that virtually identically situated plaintiffs lacked Article III standing, and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), which held that plaintiffs lacked standing to bring claims based on a theoretical risk of future harm.

5. Clearview Defendants respectfully submit that the second rationale is justified by demonstrably false allegations by Plaintiffs. Since Plaintiffs' allegations are false, the Court lacks subject-matter jurisdiction, and Plaintiffs thus lack Article III standing.

6. Clearview Defendants respectfully submit that Plaintiffs also lack Article III standing to bring their BIPA Section 15(c) claims because that finding conflicts with *Thornley* and also lacks factual support.

7. *Second*, with respect to the Court's findings that Defendants Mr. Mulcaire and Rocky Mountain waived their personal-jurisdiction and government-contractor defenses, the Court found that Mr. Mulcaire and Rocky Mountain (i) waived their personal jurisdiction defense because it was made in a "cursory footnote," and (ii) waived their government-contractor

2

exemption defense because it was supposedly raised for the first time on reply.  (Dkt. No.279 at 11 n.2, 13.)

8. Clearview Defendants respectfully submit that the Court's first finding—regarding the personal jurisdiction defense—was "manifest error" because, although the argument was brief, it was fully developed and cited to 14 pages of briefing on this topic.  Under well-established precedent, this is sufficient to avoid waiver.

9. Clearview Defendants respectfully submit that the Court's second finding—regarding the government-contractor exemption defense—was "manifest error" because the argument was made in response to a new argument in Plaintiff's opposition, and relied on a key case that was decided after the Clearview Defendants had filed their motion to dismiss.

10. Clearview Defendants respectfully seek clarification that the Court's memorandum opinion and order on the Clearview Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissed Mr. Mulcaire from this action.  (*See* Dkt. 279 at 9 n.1) (stating that Mr. Mulcaire is "not individually liable for Clearview's actions").)  The parties appear to interpret the Court's opinion on this point differently, and clarification is warranted.

WHEREFORE, for the reasons set forth above and those in the Clearview Defendants' accompanying Memorandum of Law, the Clearview Defendants respectfully request that the Court reconsider its February 14, 2022 memorandum opinion and order, and find that (i) Plaintiffs do not have standing to bring the state-law claims in Counts 8-12 and 14, and the BIPA Section 15(c) claims in Counts 3 and 4, (ii) Defendants Mr. Mulcaire and Rocky Mountain did not waive their personal-jurisdiction and government-contractor defenses; and (iii) clarify that Mr. Mulcaire was dismissed from this action by the Court's February 14, 2022 memorandum opinion and order.

March 14, 2022  Respectfully submitted,

By:   */s/ Precious S. Jacobs-Perry*

Precious S. Jacobs-Perry (ARDC No. 6300096)
Howard S. Suskin (ARDC No. 6185999)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
pjacobs-perry@jenner.com
hsuskin@jenner.com

Lee Wolosky (pro hac vice)
Andrew J. Lichtman (pro hac vice)
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
Phone: (212) 891-1600
alichtman@jenner.com

Floyd Abrams
Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Phone: (212) 701-3000
fabrams@cahill.com
jkurtzberg@cahill.com

Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC, and Thomas Mulcaire

## **CERTIFICATE OF SERVICE**

I certify that on March 14, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

                                            By:   */s/ Precious S. Jacobs-Perry*