**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| *In re: Clearview AI, Inc. Consumer* | ) | Case No. 1:21-cv-00135 |
| *Privacy Litigation* | ) | |
| | ) | Judge Sharon Johnson Coleman |
| | ) | Magistrate Judge Maria Valdez |
| | ) | |

**THE CLEARVIEW DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS'
COMPLAINT AND COUNTERCLAIM FOR A DECLARATORY JUDGMENT**

Defendants Clearview AI, Inc. ("Clearview"), Rocky Mountain Data Analytics LLC

("Rocky Mountain"), Hoan Ton-That, and Richard Schwartz (collectively, the "Clearview

Defendants"),[1] by their undersigned counsel, respectfully submit this Answer and Defenses to the

Complaint filed by Plaintiffs David Mutnick, Steven Vance, Mario Calderon, Jennifer Rocio,

Anthony Hall, Isela Carmean, Shelby Zelonis Roberson, Andrea Vestrand, and Aaron Hurvitz

(collectively, the "Plaintiffs") and this Counterclaim for a Declaratory Judgment as follows:

**PRELIMINARY STATEMENT**

*First,* with respect to the Complaint in its entirety, the Clearview Defendants deny that they

engaged in any improper conduct. The Clearview Defendants deny each and every allegation in

the Complaint that is not expressly admitted herein. The Clearview Defendants have not repeated

the headings used in the Complaint in this Answer. To the extent the headings in the Complaint

can be construed as allegations, the Clearview Defendants also deny these allegations.

*Second*, the Clearview Defendants are answering the Complaint to the best of their current

knowledge or information and consistent with the applicable rules. The Clearview Defendants'

---

[1] Former Defendant Thomas Mulcaire was dismissed from this litigation in the Court's order of
February 14, 2022. (Dkt. No. 279 at 9 n.1.)

investigation in this matter continues, and they reserve the right to supplement or modify any portion of this Answer, including their affirmative and other defenses, at any time.

## ANSWER TO COMPLAINT

1.      Without providing any notice and without obtaining any consent, Defendants Clearview, Ton-That and Schwartz (collectively, the "Clearview Defendants") covertly scraped three billion photographs of facial images from the internet — including facial images of millions of American residents and then used artificial intelligence algorithms to scan the face geometry of each individual depicted in the photographs in order to harvest the individuals' unique biometric identifiers[2] and corresponding biometric information[3] (collectively, "Biometrics"). Further, the Clearview Defendants created a searchable biometric database (the "Biometric Database") that contained the above-described Biometrics and allowed users of the Database to identify unknown individuals merely by uploading a photograph to the database.

**ANSWER:**     The Clearview Defendants admit that Clearview collects publicly available images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app.  To the extent the allegations in Paragraph 1 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 1 and no further response is required.  Except as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 1 and refer the Court to the definitions of "biometric identifier" and "biometric information" in the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*.

2.      The Clearview Defendants did not develop their technology out of a desire for a safer society. Rather, they developed their technology to invade the privacy of the American public for their own profit.

**ANSWER:**     The Clearview Defendants deny the allegations in Paragraph 2.

3.      While the Clearview Defendants have touted their actions and the Biometric Database as being helpful to law enforcement and other government agencies, the Clearview Defendants have made their Biometric Database available to public and private entities and

---

[2] As used herein, "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry," among others.

[3] As used, "biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier used to identify an individual.

persons, alike. What the Clearview Defendants' technology really offers is a massive surveillance state. Anyone utilizing the technology could determine the identities of people as they walk down the street, attend a political rally or enjoy time in public with their families. One of Clearview's financial backers has conceded that Clearview may be laying the groundwork for a "dystopian future."

**ANSWER:** To the extent the allegations in Paragraph 3 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 3 and no further response is required. To the extent Paragraph 3 purports to quote from a statement allegedly made by an unidentified investor in Clearview, the Clearview Defendants refer the Court to the full statement made by that investor and lack sufficient knowledge or information to form a belief about the truth of the allegations in the statement and therefore deny the allegations. The Clearview Defendants admit that their licensed users/customers include law-enforcement agencies, and that Clearview's app has helped these government agencies solve crimes, including child rape and child sexual exploitation. *See, e.g.*, U.S. Gov't Accountability Office, GAO-21-526, Facial Recognition Technology: Current and Planned Uses by Federal Agencies (Aug. 2021), at 61 ("DOJ uses Clearview AI to identify unknown individuals of interest in state, federal, and international cases such as child exploitation. DOJ may submit photos (e.g., surveillance photos) or receive requests to match photos against the Clearview AI database."). Except as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 3.

4. Accordingly, Plaintiffs, on behalf of themselves and similarly situated individuals, bring this action for damages and other legal and equitable remedies resulting from the actions of the Clearview Defendants, Macy's and all other private entities similarly situated to Macy's, and the other Defendants for their unlawful creation and/or use of the Biometric Database consisting of the Biometrics of millions of American residents, including residents of Illinois, California, New York and Virginia. As alleged below, Defendants' conduct violated, and continues to violate, Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., as well as other state constitutional, statutory and common laws, causing injury to Plaintiffs and Plaintiff Class Members.

3

**ANSWER:** To the extent the allegations in Paragraph 4 purport to refer to BIPA and other state constitutional, statutory, and common laws, the Clearview Defendants refer the Court to the full text of those laws and deny the allegations in Paragraph 4 to the extent they are different from, inconsistent with, or misinterpret those laws. Further, to the extent the allegations in Paragraph 4 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 4 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 4. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

5. Plaintiff David Mutnick is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:** The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5 and therefore deny the allegations in Paragraph 5.

6. Plaintiff Steven Vance is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:** The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 6 and therefore deny the allegations in Paragraph 6.

7. Plaintiff Mario Calderon is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:** The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7 and therefore deny the allegations in Paragraph 7.

8. Plaintiff Jennifer Rocio is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:** The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8 and therefore deny the allegations in Paragraph 8.

9. Plaintiff Anthony Hall is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:** The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9 and therefore deny the allegations in Paragraph 9.

10. Plaintiff Isela Carmean is, and at relevant times has been, a resident of Illinois residing in the Northern District of Illinois.

**ANSWER:** The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10 and therefore deny the allegations in Paragraph 10.

11. Plaintiff Shelby Zelonis Roberson is, and at relevant times has been, a resident of Virginia.

**ANSWER:** The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11 and therefore deny the allegations in Paragraph 11.

12. Plaintiff Andrea Vestrand is, and at relevant times has been, a resident of California.

**ANSWER:** The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12 and therefore deny the allegations in Paragraph 12.

13. Plaintiff Aaron Hurvitz is, and at relevant times has been, a resident of New York.

**ANSWER:** The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13 and therefore deny the allegations in Paragraph 13.

14. Defendant Clearview AI, Inc. is a private, for-profit Delaware corporation, headquartered in New York, New York (Defendant and its predecessors, hereinafter "Clearview"). Clearview markets its technology throughout the United States, including in Illinois. Moreover, Clearview obtains the images that underlie its technology from millions of internet-based platforms and websites, including, on information and belief, based on the magnitude of platforms and websites involved, platforms and websites of Illinois companies or companies who operate servers in Illinois. Clearview's business and unlawful practices extend nationwide, and it has disclosed the Biometrics of unsuspecting individuals to its clients around the country. Clearview continues to engage in this conduct to this day.

**ANSWER:** To the extent the allegations in Paragraph 14 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 14 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Clearview is a private, for-profit Delaware corporation headquartered in New York, New York. The Clearview Defendants further admit that Clearview markets its technology throughout the United States. The Clearview Defendants also admit that Clearview collects publicly available images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app in the United States. Except as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 14. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

15. Defendant Hoan Ton-That is a founder and the Chief Executive Officer of Clearview and an architect of its illegal scheme, as alleged herein. Ton-That's responsibilities at Clearview included, and continue to include, managing technology matters. At relevant times, Ton-That knew of, participated in, consented to, approved, authorized and directed the wrongful acts alleged in this Consolidated Class Action Complaint.

**ANSWER:** The Clearview Defendants admit that Hoan Ton-That is a founder and the Chief Executive Officer of Clearview. Except as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 15.

16. Defendant Richard Schwartz is a founder and the President of Clearview and an architect of its illegal scheme. Schwartz's responsibilities at Clearview included, and continue to include, managing sales. Schwartz knew of, participated in, consented to, approved, authorized, and directed the wrongful acts alleged in this Consolidated Class Action Complaint.

**ANSWER:** The Clearview Defendants admit that Richard Schwartz is a founder and the former President of Clearview. Except as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 16.

17. At relevant times, Defendant Thomas Mulcaire was an attorney, Clearview's General Counsel and the Vice President of Defendant Rocky Mountain. Mulcaire provided Rocky Mountain's sole customer — the Illinois Secretary of State — with his personal information in order to be paid directly for work performed by Rocky Mountain.

**ANSWER:** The Clearview Defendants admit that Thomas Mulcaire is Clearview's General Counsel and a Vice President of Rocky Mountain Data Analytics LLC. The Clearview Defendants note that Mr. Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022. Except as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 17.

18. Defendant Rocky Mountain Data Analytics LLC is a private, for-profit New Mexico limited liability company with its principal place of business in New Mexico. At relevant times, Rocky Mountain had a single client — the Illinois Secretary of State. Rocky Mountain provided the Illinois Secretary of State with access to the Biometric Database and the Biometrics contained therein. — to which it provided the Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 18 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 18 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Rocky Mountain is a private, for-profit New Mexico limited liability company with its principal place of business in New Mexico. Except

7

as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 18. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

19. Defendant Macy's, Inc. is a Delaware corporation, doing business in Illinois, with twenty-one department stores in that state.

**ANSWER:** The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 19 and therefore deny the allegations in Paragraph 19.

20. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Plaintiff Class Members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from one of the Defendants. The Court has supplemental jurisdiction over all of the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** To the extent the allegations in Paragraph 20 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 20 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 20.

21. This Court has personal jurisdiction over the Clearview Defendants because their contacts with Illinois are directly related to the conduct alleged herein. As set forth in the Court's order in *Mutnick v. Clearview AI, Inc.*, No. 1:20-cv-512 (N.D. Ill) (Dkt. 86):

> Ton-That and Schwartz founded Clearview in 2017. Ton-That and Schwartz have high-ranking positions in management and operations at Clearview. More specifically, Ton-That is Clearview's CEO and is responsible for managing Clearview's technological matters. Schwartz is Clearview's president managing Clearview's sales. Schwartz and Ton-That have contributed significant resources to Clearview's operations. Schwartz, for example, has paid for the servers and other costs necessary to carry out Clearview's scraping and scanning operations.
>
> As Clearview's principals, Schwartz and Ton-That have executed hundreds of agreements on behalf of Clearview with numerous Illinois law enforcement and other government agencies, as well as private entities in Illinois, to provide access to its facial recognition database. Through these agreements, defendants have sold,

disclosed, obtained, and profited from the biometric identifiers of Illinois citizens. Some the entities to whom Clearview sold biometric information include the Chicago, Rockford, and Naperville police departments. Also, Clearview marketed its licenses (user accounts) for its facial recognition database to the Illinois Secretary of State and negotiated a contract with the Secretary of State via a series of emails, mail, and phone calls. As to Clearview's price quote to the Secretary of State, set forth in a letter dated October 1, 2019, Clearview directed payments to be sent to Clearview AI/Attn: Richard Schwartz at Schwartz's residence in New York City.

Plaintiffs further maintain that defendants purposely directed their "illegal harvesting" at the State of Illinois. To clarify, the images contained in the facial recognition databases sold to Illinois entities were uploaded and created using internet-based platforms and websites from companies in Illinois or companies who operate servers in Illinois. Simply put, defendants took biometric information from Illinois residents, created a surveillance database, and then marketed and sold licenses to use this database to entities in Illinois. As a result, plaintiffs' privacy rights were violated.

**ANSWER:** To the extent the allegations in Paragraph 21 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 21 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 21. The Clearview Defendants further state that they are not subject to personal jurisdiction in Illinois because the Clearview Defendants did not avail themselves of the benefits and protections offered by Illinois, and any minimal connections the Clearview Defendants have to Illinois are insufficient to make the exercise of personal jurisdiction proper here.

22. This Court has personal jurisdiction over Rocky Mountain and Mulcaire because their contacts with Illinois are directly related to the conduct alleged herein. According to Mulcaire's May 23, 2020 sworn declaration: (a) Rocky Mountain "is a special purpose entity that was used for the purpose of contracting with the Illinois Secretary of State"; (b) "[a]lthough [Rocky Mountain] did submit a quote to the Chicago Police Department, other than the transaction with the Illinois Secretary of State, [Rocky Mountain] has not engaged in any other transactions related to Clearview's [biometric] database since its formation, and is not currently engaged in efforts to market or contract with parties for access to Clearview's database"; and (c) Rocky Mountain "has no employees, assets or products separate from those of Clearview . . ." The Biometric Database that Rocky Mountain offered and provided to the Illinois Secretary of State was the same Biometric Database created by Clearview, with the same connection to Illinois as alleged in the preceding paragraph. At relevant times, Mulcaire was Rocky Mountain's Vice President and directly

9

corresponded with the Illinois Secretary of State in connection with Rocky Mountain's efforts to obtain the Illinois Secretary of State's business. According to the Illinois Secretary of State's records, the "Vendor/Payee Name" for the entity providing the Biometric Database was "Thomas Mulcaire" and the "Vendor Name2/DBA" was "Rocky Mtn Data Analytics LLC." Further, according to publicly-available information from the Illinois Comptroller's Office, Thomas Mulcaire was paid $5,000 in 2020, the amount invoiced by Rocky Mountain.

**ANSWER:** To the extent Paragraph 22 purports to quote from Thomas Mulcaire's declaration, the Clearview Defendants refer to the text of the declaration and deny the allegations in Paragraph 22 to the extent they are different from, inconsistent with, or misinterpret the contents of the declaration. Further, to the extent the allegations in Paragraph 22 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 22 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 22. The Clearview Defendants further state that they are not subject to personal jurisdiction in Illinois because the Clearview Defendants did not avail themselves of the benefits and protections offered by Illinois, and any minimal connections the Clearview Defendants have to Illinois are insufficient to make the exercise of personal jurisdiction proper here.

23. The Court has personal jurisdiction over Macy's because its contacts with Illinois are directly related to the conduct alleged herein. At relevant times, Macy's operated twenty-one retail stores in Illinois. On information and belief, Macy's obtained access to the Biometric Database and the Biometrics contained therein in order to identify people whose images appeared in surveillance camera footage from Macy's retail stores, including its retail stores in Illinois. Macy's utilized the Biometric Database over 6,000 times, each time uploading a probe image to the database to have the database search the Biometrics contained therein, including the Biometrics of millions of Illinois residents, for a biometric match. On information and belief, based on the magnitude of the number of searches, Macy's uploaded one or more probe images from surveillance cameras located in Illinois.

**ANSWER:** To the extent the allegations in Paragraph 23 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 23 and no further response is required. To the extent a response is required, the Clearview Defendants specifically deny the allegation that "Macy's

obtained access to the Biometric Database and the Biometrics contained therein." The Clearview

Defendants lack sufficient knowledge or information to form a belief about the truth of the

remaining allegations in Paragraph 23 and therefore deny the remaining allegations in Paragraph

23. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer

the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because, as alleged above, a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in Illinois. Alternatively, venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendants. Additionally, venue is proper pursuant to 28 U.S.C. § 1407(a) and the Order of the United States Judicial Panel on Multidistrict Litigation transferring this multidistrict litigation to this Court.

**ANSWER:**     To the extent the allegations in Paragraph 24 contain legal arguments, legal

conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny those allegations in Paragraph 24 and no further response is required. To the extent a

response is required, the Clearview Defendants deny the remaining allegations in Paragraph 24.

The Clearview Defendants further state that they are not subject to personal jurisdiction in Illinois

because the Clearview Defendants did not avail themselves of the benefits and protections offered

by Illinois, and any minimal connections the Clearview Defendants have to Illinois are insufficient

to make the exercise of personal jurisdiction proper here.

25.     Every individual has unique features by which he or she can be identified using a set of standard quantitative measurements, commonly referred to as "biometric identifiers."

**ANSWER:**     To the extent the allegations in Paragraph 25 contain legal arguments, legal

conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny those allegations in Paragraph 25 and no further response is required. To the extent a

response is required, the Clearview Defendants deny the remaining allegations in Paragraph 25

and refer the Court to BIPA for the meaning of "biometric identifier."

26.    For example, the shape of and distance between tiny ridges on each person's finger are unique, so measures of those features can be used to identify a specific individual as the person who made a fingerprint.

**ANSWER:**    To the extent the allegations in Paragraph 26 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 26 and no further response is required.  To the extent a response is required, the Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26 and therefore deny the allegations in Paragraph 26.

27.    Each person also has a unique facial geometry composed of, among other measurements, distances between key facial landmarks and ratios between those distances.

**ANSWER:**    The Clearview Defendants deny the allegations in Paragraph 27.

28.    Once a picture of a person's face is scanned and its biometric measurements are captured, computers can store that information and use it to identify that individual any other time that person's face appears on the internet, in a scanned picture or in footage from any of the billions of cameras that are constantly monitoring the public's daily lives.

**ANSWER:**    The Clearview Defendants deny the allegations in Paragraph 28.

29.    Unlike fingerprints, facial biometrics are readily observable and, thus, present a grave and immediate danger to privacy, individual autonomy, and liberty.

**ANSWER:**    To the extent the allegations in Paragraph 29 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 29 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 29.

30.    The Clearview Defendants have collected, captured and obtained Biometrics from more than three billion images they covertly scraped from the internet — including, on information and belief, the Biometrics of Plaintiffs and Class Members — which they have amassed into the searchable Biometric Database.

**ANSWER:**    To the extent the allegations in Paragraph 30 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny those allegations in Paragraph 30 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Clearview collects publicly available images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app. Except as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 30. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

31. Additionally, the Clearview Defendants have distributed, disseminated, sold, traded, leased and otherwise profited from the Biometrics they unlawfully collected, captured and obtained.

**ANSWER:** To the extent the allegations in Paragraph 31 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 31 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 31. The Clearview Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

32. To date, the Clearview Defendants have sold unfettered access to their vast Biometric Database to more than 7,000 individuals from approximately 2,000 law enforcement and government agencies, including the Chicago Police Department and the Illinois Secretary of State.

**ANSWER:** To the extent the allegations in Paragraph 32 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 32 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 32.

33. Moreover, the Clearview Defendants have sold unfettered access to the Biometric Database to more than 200 private companies, including Macy's and Defendant Class Members. Those private entities in turn frequently queried the Biometric Database for their own business purposes, including to identify particular individuals appearing in photographs or videos in their

13

possession. Each time one of Clearview's private clients queried the Biometric Database, the Clearview Defendants' algorithms compared the facial geometry of the subject appearing in a chosen photograph or video against the facial geometry of each of the hundreds of millions of subjects appearing in the database, including the facial geometry of each of the Plaintiffs and Plaintiff Class Members. Thus, by obtaining access to and querying the Biometric Database, Macy's and Defendant Class Members necessarily obtained, accessed and used all of the Biometrics in that database, including the Biometrics of Plaintiffs and Plaintiff Class Members.

**ANSWER:** To the extent the allegations in Paragraph 33 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 33 and no further response is required. To the extent a response is required, the Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that "Macy's and Defendant Class Members . . . frequently queried the Biometric Database for their own business purposes, including to identify particular individuals appearing in photographs or videos in their possession" and therefore deny this allegation. The Clearview Defendants further deny the remaining allegations in Paragraph 33. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

34.     At relevant times, the Clearview Defendants failed to store and protect from disclosure the highly sensitive Biometrics in the Biometric Database: (a) using the reasonable standard of care within Clearview's industry; and (b) in a manner that was the same or more protective than the manner in which the Clearview Defendants stored and protected other confidential and sensitive information. Evidence of the Clearview Defendants' lax security practices includes the fact that Clearview's electronic systems were hacked on at least two occasions in 2020.

**ANSWER:** To the extent the allegations in Paragraph 34 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 34 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 34. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

35.     According to public reports, in one instance, the hackers obtained Clearview's customer list. In the other instance, hackers obtained access to a "misconfigured server" that exposed Clearview's internal files, apps and source code to anyone on the internet. The misconfigured server allowed anyone to run Clearview's software application and access the Biometric Database that contained the sensitive Biometrics of millions of United States residents, including Plaintiffs and Plaintiff Class Members.

**ANSWER:**     To the extent the allegations in Paragraph 35 purport to refer to "public reports," the Clearview Defendants refer the Court to the full text those reports for what they state. The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the uncited "public reports" and therefore deny the allegations in these reports.   The Clearview Defendants deny the remaining allegations in Paragraph 35.   The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

36.     At relevant times, a unity of interest existed between Clearview and its principals, Ton-That and Schwartz, that caused the separate personalities of Clearview and those principals to no longer exist. Moreover, adherence to the fiction of a separate corporate existence would promote injustice and inequitable consequences.

**ANSWER:**     To the extent the allegations in Paragraph 36 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 36 and no further response is required.   To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 36 and note that Plaintiffs' theory of alter ego liability against Hoan Ton-That and Richard Schwartz was dismissed in the Court's order of February 14, 2022.

37.     From Clearview's inception, Ton-That and Schwartz undercapitalized Clearview so that Clearview could not fulfill its obligations — namely, its legal obligations. Ton-That's and Schwartz's undercapitalization was especially egregious given that, as alleged herein, they built Clearview around an inherently unlawful business model that exposed Clearview to substantial legal liability at all times. Ton-That's and Schwartz's failure to adequately capitalize Clearview rendered, and continues to render, Clearview a mere liability shield.

**ANSWER:** To the extent the allegations in Paragraph 37 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 37 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 37 and note that Plaintiffs' theory of alter ego liability against Hoan Ton-That and Richard Schwartz was dismissed in the Court's order of February 14, 2022.

38. Further, at relevant times, Clearview directed its customers to send payments to Schwartz's personal residence. Moreover, Schwartz paid for the servers and other costs necessary to carry out Clearview's unlawful scraping and biometric scanning operations.

**ANSWER:** To the extent the allegations in Paragraph 38 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 38 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 38 and note that Plaintiffs' theory of alter ego liability against Hoan Ton-That and Richard Schwartz was dismissed in the Court's order of February 14, 2022.

39. Additionally, Ton-That and Schwartz treated Clearview's Biometric Database as their own and transferred "ownership" of it as they saw fit. In or about September 2019, Rocky Mountain was organized and, shortly thereafter, contracted with the Illinois Secretary of State to provide the Secretary of State with access to the Biometric Database. Rocky Mountain represented that the Biometric Database was "its proprietary technology" and that Rocky Mountain was the "sole manufacturer and provider" of the Biometric Database. According to Rocky Mountain, "there is no other company that offers this product [the Biometric Database] and set of capabilities." On information and belief, based on Ton-That's and Schwartz's leadership positions within Clearview and the fact that they were responsible for the creation of the Biometric Database, Ton-That and Schwartz authorized and were directly involved in the creation of Rocky Mountain and responsible for allowing Rocky Mountain to sell access to the Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 39 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 39 and no further response is required. To the extent the allegations in Paragraph 39 purport to quote from specific documents or communications, the

Clearview Defendants refer the Court to the full text of the quoted documents or communications and deny the allegations in Paragraph 39 to the extent they are different from, inconsistent with, or misinterpret the contents of those uncited documents or communications. To the extent a further response is required, the Clearview Defendants deny the remaining allegations in Paragraph 39 and note that Plaintiffs' theory of alter ego liability against Hoan Ton-That and Richard Schwartz was dismissed in the Court's order of February 14, 2022.

40.     Notably, at relevant times, a unity of interest existed between Rocky Mountain, on the one hand, and Ton-That, Schwartz and Mulcaire on the other that caused the separate personalities of Rocky Mountain and Ton-That, Schwartz and Mulcaire to no longer exist. Moreover, adherence to the fiction of a separate corporate existence would promote injustice and inequitable consequences.

**ANSWER:**     To the extent the allegations in Paragraph 40 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 40 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 40 and note that Plaintiffs' theory of alter ego liability against Hoan Ton-That and Richard Schwartz was dismissed in the Court's order of February 14, 2022, and that Thomas Mulcaire was dismissed as a defendant to this litigation.

41.     Rocky Mountain was, in essence, a corporate shell that Ton-That and Schwartz did not capitalize at all.

**ANSWER:**     To the extent the allegations in Paragraph 41 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 41 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 41 and note that Plaintiffs' theory of alter ego liability against Hoan Ton-That and Richard Schwartz was dismissed in the Court's order of February 14, 2022.

42.     Further, Ton-That, Schwartz and Mulcaire did not follow corporate formalities with respect to Rocky Mountain. For instance, Rocky Mountain's salesperson, in actuality, was a Clearview employee. On information and belief, Ton-That, Schwartz and Mulcaire authorized and directed that Clearview salesperson to double as a Rocky Mountain salesperson, all the while knowing that the salesperson would be paid for all of his work by Clearview. Further, on information and belief, Ton-That and Schwartz authorized Mulcaire to provide his personal information to the Illinois Secretary of State, knowing that by doing so the Illinois Secretary of State would make direct payment to him, not Rocky Mountain. Mulcaire, an attorney, ultimately provided his personal information to the Illinois Secretary of State, resulting in the Illinois Secretary of State submitting a voucher to the Illinois Comptroller authorizing payment to Mulcaire. The Illinois Comptroller ultimately issued a $5,000 payment to Mulcaire.

**ANSWER:**     To the extent the allegations in Paragraph 42 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 42 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 42 and note that Plaintiffs' theory of alter ego liability against Hoan Ton-That and Richard Schwartz was dismissed in the Court's order of February 14, 2022, and Thomas Mulcaire was dismissed as a defendant to this litigation.

43.     Based on the same facts alleged in the preceding paragraphs, Clearview, itself, is also liable for the acts of Rocky Mountain because: (a) it was Rocky Mountain's parent; and (b) had control over and was involved in Rocky Mountain's misconduct. As alleged, Rocky Mountain's misconduct can be traced to Clearview, its parent, through the conduct of Ton-That, Schwartz and Mulcaire who were directly responsible for Rocky Mountain's activities. Rocky Mountain's activities — which including collecting, obtaining, distributing, disseminating, selling, leasing and profiting from the Biometrics of Plaintiffs and Plaintiff Class Members — resulted in Rocky Mountain violating the privacy rights of millions of American residents, including residents of Illinois, California, New York and Virginia. At all times, the injuries caused by Rocky Mountain's conduct were foreseeable.

**ANSWER:**     The Clearview Defendants admit that Clearview was a corporate parent to Rocky Mountain.  To the extent the remaining allegations in Paragraph 43 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 43 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 43

except as expressly admitted herein. The Clearview Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

44. At relevant times, Plaintiff Mutnick uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. Further, at relevant times, photographs taken in Illinois and containing images of Plaintiffs face were uploaded by others to various websites on the internet. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Mutnick's Biometrics are contained in the Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 44 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 44 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Clearview collects publicly available images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 44 and therefore deny the remaining allegations in Paragraph 44.

45. At relevant times, Plaintiff Vance uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. Plaintiff Vance has uploaded over 18,000 photographs to the internet, many of which contain images of his face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Vance's Biometrics are contained in the Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 45 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 45 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Clearview collects publicly available

images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 45 and therefore deny the remaining allegations in Paragraph 45.

46. At relevant times, Plaintiff Calderon uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Calderon's Biometrics are contained in the Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 46 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 46 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Clearview collects publicly available images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 46 and therefore deny the remaining allegations in Paragraph 46.

47. At relevant times, Plaintiff Rocio uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of her face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Rocio's Biometrics are contained in the Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 47 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 47 and no further response is required. To the extent a

response is required, the Clearview Defendants admit that Clearview collects publicly available images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 47 and therefore deny the remaining allegations in Paragraph 47.

48. At relevant times, Plaintiff Hall uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Hall's Biometrics are contained in the Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 48 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 48 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Clearview collects publicly available images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 48 and therefore deny the remaining allegations in Paragraph 48.

49. At relevant times, Plaintiff Carmean uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of her face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Carmean's Biometrics are contained in the Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 49 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny those allegations in Paragraph 49 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Clearview collects publicly available images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 49 and therefore deny the remaining allegations in Paragraph 49.

50.     At relevant times, Plaintiff Roberson uploaded from Virginia to various websites on the internet photographs taken in Virginia and containing images of her face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Roberson's Biometrics are contained in the Biometric Database.

**ANSWER:**     To the extent the allegations in Paragraph 50 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 50 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Clearview collects publicly available images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 50 and therefore deny the remaining allegations in Paragraph 50.

51.     At relevant times, Plaintiff Hurvitz uploaded from New York to various websites on the internet photographs taken in New York and containing images of his face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Hurvitz's Biometrics are contained in the Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 51 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 51 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Clearview collects publicly available images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 51 and therefore deny the remaining allegations in Paragraph 51.

52. At relevant times, Plaintiff Vestrand uploaded from California to various websites on the internet photographs taken in California and containing images of her face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Vestrand's Biometrics are contained in the Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 52 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 52 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Clearview collects publicly available images on the Internet and organizes them into a database that can be searched by licensed customers/users of the Clearview app. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 52 and therefore deny the remaining allegations in Paragraph 52.

53.    After scraping photographs from the internet, the Clearview Defendants, singularly and/or in concert, performed facial geometric scans of the various faces in the scraped photographs, including Plaintiffs' faces, in order to collect, capture and obtain the Biometrics from those faces.

**ANSWER:**    To the extent the allegations in Paragraph 53 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 53 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 53. The Clearview Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

54.    Additionally, the Clearview Defendants distributed and disseminated the Biometrics of Plaintiffs and Plaintiff Class Members to Rocky Mountain who, after obtaining the Biometrics, then redistributed and disseminated them to the Illinois Secretary of State.

**ANSWER:**    To the extent the allegations in Paragraph 54 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 54 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 54. The Clearview Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

55.    The Clearview Defendants also distributed and disseminated the Biometrics of Plaintiffs and Plaintiff Class Members to Macy's and Defendant Class Members who, as alleged above, purchased access to the Biometric Database and then repeatedly obtained the Biometrics contained therein in connection with running biometric searches.

**ANSWER:**    To the extent the allegations in Paragraph 55 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 55 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 55.

The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

56.     Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire profited from the Biometrics in the Biometric Database, including the Biometrics of Plaintiffs and Plaintiff Class Members, by selling, leasing and trading them to thousands of governmental and private entities, as alleged herein.

**ANSWER:**     To the extent the allegations in Paragraph 56 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 56 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 56. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

57.     Macy's and Defendant Class Members also profited from the Biometrics in the Biometric Database, including the Biometrics of Plaintiffs and Plaintiff Class Members, by using those Biometrics to prevent losses and/or improve the customer's experience.

**ANSWER:**     To the extent the allegations in Paragraph 57 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 57 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 57. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

58.     Defendants: (a) never informed Plaintiffs or Plaintiff Class Members in writing or otherwise of the purpose for which they were collecting, capturing, obtaining, purchasing, disclosing, redisclosing and disseminating the Biometrics of Plaintiffs and Plaintiff Class Members; and (b) never sought, nor received, a written release or other consent from Plaintiffs or Plaintiff Class Members or the respective authorized representatives of Plaintiffs or Plaintiff Class Members that allowed Defendants to collect, capture, obtain, purchase, disclose, redisclose and disseminate the Biometrics of Plaintiffs and Plaintiff Class Members.

**ANSWER:** To the extent the allegations in Paragraph 58 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 58 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 58. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

59.     Further, Plaintiffs and Plaintiff Class Members never consented, agreed or gave permission — written or otherwise — to Defendants for the collection or storage of their unique Biometrics. Indeed, prior to the Biometric Database being publicized, Plaintiffs and Plaintiff Class Members had no idea Defendants were ever in possession of their photographs.

**ANSWER:** To the extent the allegations in Paragraph 59 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 59 and no further response is required. To the extent a response is required, the Clearview Defendants specifically deny the allegation that "Plaintiffs and Plaintiff Class Members never consented, agreed or gave permission — written or otherwise — to Defendants for the collection or storage of their unique Biometrics." The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 59 and therefore deny the remaining allegations in Paragraph 59.

60.     Likewise, Defendants never provided Plaintiffs or Plaintiff Class Members with an opportunity to prohibit or prevent the collection, storage, use or dissemination of their unique Biometrics.

**ANSWER:** To the extent the allegations in Paragraph 60 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 60 and no further response is required. The Clearview

Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 60.

61. As alleged herein, as a result of Defendants' unlawful conduct, Plaintiffs and Plaintiff Class Members have already sustained injuries and face many more imminent and certainly impending injuries, which injuries they will continue to suffer.

**ANSWER:** To the extent the allegations in Paragraph 61 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 61 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 61.

62. Defendants' unlawful conduct has resulted in, among other things: (a) Plaintiffs' and Plaintiff Class Members' unique Biometrics being collected, captured, obtained, purchased, disclosed, redisclosed and otherwise disseminated without the requisite notice having been given and without the requisite releases or consents having been obtained; and (b) Plaintiffs and Plaintiff Class Members being deprived of control over their Biometrics.

**ANSWER:** To the extent the allegations in Paragraph 62 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 62 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 62. The Clearview Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.

63. To this day, Plaintiffs and Plaintiff Class Members do not know which, or how many, individuals or entities have received, obtained, purchased, received through trade, accessed, stored, disclosed, redisclosed or otherwise made use of Plaintiffs' and Plaintiff Class Members' Biometrics, exposing them to the imminent and certainly impending injuries of identity theft, fraud, stalking, surveillance, social engineering and other invasions of privacy.[4]

---

[4] *Facial Recognition Tech: 10 Views on Risks and Rewards*, https://www.forbes.com/sites/forbes techcounci1/2018/04/03/facial-recognition-tech-10-views-on-risks-and-rewards/#54d3e1716b3c (accessed on Mar. 15, 2021)

**ANSWER:** To the extent the allegations in Paragraph 63 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 63 and no further response is required. To the extent a response is required, the Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 63 and therefore deny the allegations in Paragraph 63. The Clearview Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. The Clearview Defendants further refer the Court to the article cited in footnote 3 for what it states and deny the truth of the statements in the article as related to the Clearview Defendants and this litigation.

64. As a result of Defendants' misconduct, Plaintiffs and Plaintiff Class Members have no recourse for the fact that their biologically unique information has been compromised. Moreover, Plaintiffs and Class Members are likely to withdraw from biometric-facilitated transactions and other facially-mediated electronic participation.

**ANSWER:** To the extent the allegations in Paragraph 64 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 64 and no further response is required. To the extent a response is required, the Clearview Defendants specifically deny the allegation in Paragraph 64 that "[a]s a result of Defendants' misconduct, Plaintiffs and Plaintiff Class Members have no recourse for the fact that their biologically unique information has been compromised." The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 64 and therefore deny the remaining allegations in Paragraph 64.

65. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2)-(3) and 23(c)(4) on behalf of themselves and the following classes:

a. **Nationwide Class:** All individuals in the United States of America whose Biometrics were or are contained in the Biometric Database.

b. **Illinois Subclass:** All individuals who reside or resided in the State of Illinois whose Biometrics were or are contained in the Biometric Database.

c. **California Subclass:** All individuals who reside or resided in the State of California whose Biometrics were or are contained in the Biometric Database.

d. **New York Subclass:** All individuals who reside or resided in the State of New York whose Biometrics were or are contained in the Biometric Database.

e. **Virginia Subclass:** All individuals who reside or resided in the State of Virginia whose Biometrics were or are contained in the Biometric Database.

The Nationwide Class, Illinois Subclass, California Subclass, New York Subclass and Virginia Subclass are at times collectively referred to hereinafter as the "Plaintiff Classes."

**ANSWER:** To the extent the allegations in Paragraph 65 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 65 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Plaintiffs purport to represent a putative nationwide class and putative Illinois, California, New York, and Virginia subclasses, none of which has been certified. The Clearview Defendants deny that any of the putative classes or subclasses should be certified. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. Except as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 65.

66. Excluded from the Plaintiff Classes are: (a) Defendants; (b) any parent, affiliate or subsidiary of any Defendant; (c) any entity in which any Defendant has a controlling interest; (d) any of Defendants' officers or directors; and (e) any successor or assign of any Defendant. Also excluded are any judge or court personnel assigned to this case and members of their immediate families.

**ANSWER:** To the extent the allegations in Paragraph 66 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny those allegations in Paragraph 66 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Plaintiffs purport to represent putative "Plaintiff Classes," none of which has been certified. The Clearview Defendants deny that any of the putative classes or subclasses should be certified. Except as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 66.

67. Additionally, on behalf of themselves and the members of the Plaintiff Classes, Plaintiffs bring this action against a class of entities similarly situated to Macy's pursuant to Federal Rule of Civil Procedure 23(b)(2)-(3) and 23(c)(4), defined as follows:

> Clearview Client Class: All non-governmental, private entities — including publicly-traded companies — who purchased access to, or otherwise obtained, the Biometric Database and then utilized the database to run biometric searches at a time when the Biometrics of one or more of the named Plaintiffs had already been captured, collected or obtained, and subsequently stored, by the Clearview Defendants.

**ANSWER:** To the extent the allegations in Paragraph 67 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 67 and no further response is required. To the extent a response is required, the Clearview Defendants admit that Plaintiffs purport to bring this action against a putative "Clearview Client Class" that has not been certified. The Clearview Defendants deny that any of the putative classes or subclasses should be certified. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. Except as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 67.

68. The Plaintiff Classes and the Clearview Client Class are at times collectively referred to hereinafter as the "Classes".

**ANSWER:** To the extent the allegations in Paragraph 68 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 68 and no further response is required. To the extent a

response is required, the Clearview Defendants admit that Plaintiffs' Complaint collectively refers to their putative plaintiff and defendant classes, which have not been certified, as "Classes." The Clearview Defendants deny that any of the putative classes or subclasses should be certified. Except as expressly admitted herein, the Clearview Defendants deny the remaining allegations in Paragraph 68.

69.    Plaintiffs reserve the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

**ANSWER:**    To the extent the allegations in Paragraph 69 contains legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny the allegations in Paragraph 69 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 69.

70.    **Numerosity:** Members of each of the Classes are so numerous that their individual joinder herein is impracticable. Upon information and belief, the members of the Plaintiff Classes number in the millions, and the number of members of the Clearview Client Class exceeds forty. The precise number of members of the Classes and their identities are unknown to Plaintiffs at this time but may be determined through discovery and objective data. Members of the Classes may be notified of the pendency of this action by mail, electronic mail, internet postings, social media and/or publication.

**ANSWER:**    To the extent the allegations in Paragraph 70 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 70 and no further response is required. The Clearview Defendants deny that any of the putative classes or subclasses should be certified. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 70.

71.    **Commonality and predominance:** Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members. Common legal and factual questions include, but are not limited to:

      a.    Whether Defendants engaged in the wrongful conduct alleged herein;

      b.    Whether Defendants and members of the Clearview Client Class captured, collected, obtained, accessed, created, stored, used, commercialized,

disseminated, disclosed or redisclosed the Biometrics of Plaintiffs and members of the Plaintiff Classes;

c.      Whether the actions of Defendants and members of the Clearview Client Class violated state statutory, constitutional and common law;

d.      Whether Defendants and members of the Clearview Client Class properly informed Plaintiffs and members of the Plaintiff Classes that they were collecting, capturing, obtaining, creating, accessing, storing, using, commercializing, disseminating, disclosing and redisclosing their Biometrics;

e.      Whether Defendants and members of the Clearview Client Class obtained signed written releases or any other form or consent from Plaintiffs or members of the Plaintiff Classes to engage in the practices alleged herein;

f.      Whether Defendants and members of the Clearview Client Class used the Biometrics of Plaintiffs and members of the Plaintiff Classes to identify them;

g.      Whether Defendants and members of the Clearview Client Class acted negligently, recklessly or intentionally in, directly or indirectly, scraping individuals' photographs from the internet and/or using them to identify individuals based upon facial geometry;

h.      Whether Defendants and members of the Clearview Client Class should be enjoined from continuing their practices;

i.      Whether Defendants and members of the Clearview Client Class failed to provide notice that they were, directly or indirectly, scraping individuals' photographs from the internet and/or using them to identify individuals based upon facial geometry;

j.      Whether Defendants and members of the Clearview Client Class failed to provide notice that they were collecting, capturing, obtaining, accessing, using, storing and disseminating individuals' images, facial geometry and Biometrics;

k.      Whether Defendants and members of the Clearview Client Class provided any mechanism for members of the Plaintiff Classes to consent to their practices;

l.      Whether Macy's and members of the Clearview Client Class purchased or otherwise obtained access to the Biometric Database; and

m.      Whether Macy's and members of the Clearview Client Class collected, purchased, received through trade or otherwise obtained the Biometrics of Plaintiffs and members of the Plaintiff Classes.

**ANSWER:** To the extent the allegations in Paragraph 71 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 71 and no further response is required. The Clearview Defendants deny that any of the putative classes or subclasses should be certified. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 71.

72. **Typicality:** The claims of the named Plaintiffs are typical of the claims of members of the Plaintiff Classes because Plaintiffs and all members of the proposed Plaintiff Classes have suffered similar injuries as a result of the same practices alleged herein. Plaintiffs have no interests to advance adverse to the interests of the other members of the proposed Plaintiff Classes. Similarly, the defenses of Macy's are typical of the defenses of members of the Clearview Client Class because Macy's and all members of the proposed Clearview Client Class have engaged in similar conduct and injured Plaintiffs and members of the Plaintiff Classes in similar ways. Plaintiffs are unaware of any interests of Macy's that are adverse to the interests of the other members of the Proposed Clearview Client Class.

**ANSWER:** To the extent the allegations in Paragraph 72 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 72 and no further response is required. The Clearview Defendants deny that any of the putative classes or subclasses should be certified. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 72.

73. **Adequacy:** Plaintiffs are adequate representatives of the Plaintiff Classes because their interests do not conflict with the interests of the members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of the members of the Plaintiff Classes will be fairly and adequately protected by Plaintiffs and their counsel. Similarly, Macy's is an adequate representative of the Clearview Client Class because its interests do not conflict with the interests of the members of the Clearview Client Class. Further, Plaintiffs anticipate that Macy's will retain competent and experienced counsel who will defend this action vigorously. The interests of the members of the Clearview Client Class will be fairy and adequately protected by Macy's and its counsel.

**ANSWER:** To the extent the allegations in Paragraph 73 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 73 and no further response is required. The Clearview Defendants deny that any of the putative classes or subclasses should be certified. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 73.

74. **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims and defenses of the members of the Plaintiff Classes and the Clearview Client Class. Each individual member of the Plaintiff Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' and the Clearview Client Class's liability. Further, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court on the issue of the liability of Defendants and members of the Clearview Client Class. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**ANSWER:** To the extent the allegations in Paragraph 74 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 74 and no further response is required. The Clearview Defendants deny that any of the putative classes or subclasses should be certified. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 74.

75. In the alternative, the proposed classes may be certified because:

a. The prosecution and defense of separate actions by each individual member of the proposed Classes would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendants;

b. The prosecution and defense of individual actions could result in adjudications that as a practical matter would be dispositive of the interests of non-party Class Members or which would substantially impair their ability to protect their interests; and

      c.      Defendants acted or refused to act on grounds generally applicable to the proposed Classes, thereby making final and injunctive relief appropriate with respect to members of the proposed Classes.

**ANSWER:**    To the extent the allegations in Paragraph 75 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 75 and no further response is required. The Clearview Defendants deny that any of the putative classes or subclasses should be certified. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 75.

76.    Pursuant to Rule 23(c)(4), particular issues are appropriate for certification — namely the issues described in paragraph 71 above, because resolution of such issues would advance the disposition of the matter and the parties' interests therein.

**ANSWER:**    To the extent the allegations in Paragraph 76 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 76 and no further response is required. The Clearview Defendants deny that any of the putative classes or subclasses should be certified. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 76.

## <u>COUNT ONE</u>

77.    Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**    The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 as if fully set forth herein.

78.    BIPA seeks to safeguard individuals' biometrics identifiers and biometric information.

**ANSWER:**    To the extent the allegations in Paragraph 78 contains legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny the allegations in Paragraph 78 and no further response is required. To the extent a response

is required, the Clearview Defendants deny the remaining allegations in Paragraph 78.  Further, to

the extent the allegations in Paragraph 78 purport to interpret the meaning or purpose of BIPA, the

Clearview Defendants refer the Court to the text and legislative history of BIPA.

79.     Pursuant to BIPA, biometric identifiers include a scan of an individual's face
geometry. 740 ILCS 14/10.

**ANSWER:**     To the extent the allegations in Paragraph 79 purport to refer to 740 ILCS

14/10, the Clearview Defendants refer the Court to the full text of the statute and deny the

allegations in Paragraph 79 to the extent they are different from, inconsistent with, or misinterpret

the statute.  To the extent the remaining allegations in Paragraph 79 contain legal arguments, legal

conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny the remaining allegations in Paragraph 79 and no further response is required.  To the extent

a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 79.

80.     Pursuant to BIPA, biometric information is "any information . . based on an
individual's biometric identifier used to identify an individual." 740 ILCS 14/10.

**ANSWER:**     To the extent the allegations in Paragraph 80 purport to refer to 740 ILCS

14/10, the Clearview Defendants refer the Court to the full text of the statute and deny the

allegations in Paragraph 80 to the extent they are different from, inconsistent with, or misinterpret

the statute.  To the extent the remaining allegations in Paragraph 80 contain legal arguments, legal

conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny the remaining allegations in Paragraph 80 and no further response is required.  To the extent

a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 80.

81.     Pursuant to BIPA, a private entity, such as each Defendant, *see* 740 ILCS 14/10, is
among other things, prohibited from collecting, capturing, purchasing, receiving through trade or
otherwise obtaining an individual's biometric identifiers and information without first: (a)
informing the individual or the individual's authorized representative in writing that the biometric
identifier and information are being collected or stored; (b) informing the individual or the
individual's authorized representative of the specific purpose and length of term for which the

biometric identifier and information are being collected, stored and used; and (c) obtaining a written release. 740 ILCS 14/15(b).

**ANSWER:** To the extent the allegations in Paragraph 81 purport to refer to 740 ILCS 14/10 and 14/15(b), the Clearview Defendants refer the Court to the full text of the statute and deny the allegations in Paragraph 81 to the extent they are different from, inconsistent with, or misinterpret the statute. To the extent the remaining allegations in Paragraph 81 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny the remaining allegations in Paragraph 81 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 81.

82. Pursuant to BIPA, a private entity, such as each Defendant, *see* 740 ILCS 14/10: (a) is prohibited from selling, leasing, trading or otherwise profiting from an individual's biometric identifiers and information; (b) is prohibited from disclosing, redisclosing or otherwise disseminating an individual's biometric identifiers or information without first obtaining consent; and (c) must store, transmit and protect from disclosure all biometric identifiers and biometric information in its possession using the reasonable standard of care within the private entity's industry and in a manner which is the same as or more protective than the manner in which the private entity stores, transmits and protects other confidential and sensitive information. 740 ILCS 14/15(c)-(e).

**ANSWER:** To the extent the allegations in Paragraph 82 purport to refer to 740 ILCS 14/10 and 14/15(c)-(e), the Clearview Defendants refer the Court to the full text of the statute and deny the allegations in Paragraph 82 to the extent they are different from, inconsistent with, or misinterpret the statute. To the extent the remaining allegations in Paragraph 82 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny the remaining allegations in Paragraph 82 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 82.

83. BIPA provides for a private right of action and allows a prevailing party to recover liquidated damages in the amount of: (a) $1,000 or actual damages, whichever is greater, for

negligent violations of its provisions; and (b) $5,000 or actual damages, whichever is greater, for intentional or reckless violations of its provisions. 740 ILCS 14/20. BIPA also allows for the recovery of attorneys' fees and costs and injunctive relief. 740 ILCS 14/20.

**ANSWER:** To the extent the allegations in Paragraph 83 purport to refer to 740 ILCS 14/20, the Clearview Defendants refer the Court to the full text of the statute and deny the allegations in Paragraph 83 to the extent they are different from, inconsistent with, or misinterpret the statute. To the extent the remaining allegations in Paragraph 83 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny the remaining allegations in Paragraph 83 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 83.

84.     As alleged above, Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class violated BIPA by collecting, capturing, purchasing, receiving through trade and/or otherwise obtaining individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass, without first providing the requisite written information and without obtaining the requisite written releases.

**ANSWER:** To the extent the allegations in Paragraph 84 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 84 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 84.

85.     The BIPA violations of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:** To the extent the allegations in Paragraph 85 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 85 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 85.

86. As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:** To the extent the allegations in Paragraph 86 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 86 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 86.

87. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:** To the extent the allegations in Paragraph 87 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 87 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 87.

88. Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:** To the extent the allegations in Paragraph 88 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 88 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 88.

89. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:** To the extent the allegations in Paragraph 89 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 89 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 89.

## COUNT TWO

90. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege all paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 and 78 through 83 as if fully set forth herein.

91. In or about September 2019, Rocky Mountain collected, captured, purchased, received through trade and/or otherwise obtained the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall, Carmean and members of the Illinois Subclass, among others, for the purpose of distributing, redistributing and disseminating those biometric identifiers and biometric information to Illinois entities in Illinois, including the Illinois Secretary of State.

**ANSWER:** To the extent the allegations in Paragraph 91 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 91 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 91.

92. As alleged above, Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire violated BIPA by collecting, capturing, purchasing, receiving through trade and/or otherwise obtaining individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass, without first providing the requisite written information and without obtaining the requisite written releases.

**ANSWER:** To the extent the allegations in Paragraph 92 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 92 and no further response is required. To the extent a

response is required, the Clearview Defendants deny the remaining allegations in Paragraph 92. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

93. The BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:** To the extent the allegations in Paragraph 93 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 93 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 93. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

94. As a direct and proximate result of the BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:** To the extent the allegations in Paragraph 94 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 94 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 94. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

95. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:** To the extent the allegations in Paragraph 95 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 95 and no further response is required. To the extent a

response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 95.

96.     Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**     To the extent the allegations in Paragraph 96 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 96 and no further response is required.  To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 96.  The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

97.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:**     To the extent the allegations in Paragraph 97 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 97 and no further response is required.  To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 97.

## COUNT THREE

98.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint, as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 and 78 through 83 as if fully set forth herein.

99. As alleged above, Defendants Clearview, Ton-That, Schwartz and Macy's and the Clearview Client Class violated BIPA by unlawfully selling, leasing, trading and otherwise profiting from individuals' biometric identifiers and biometric information, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass.

**ANSWER:** To the extent the allegations in Paragraph 99 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 99 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 99.

100. The BIPA violations of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:** To the extent the allegations in Paragraph 100 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 100 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 100.

101. As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:** To the extent the allegations in Paragraph 101 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 101 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 101.

102. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:** To the extent the allegations in Paragraph 102 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 102 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 102.

103. Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:** To the extent the allegations in Paragraph 103 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 103 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 103.

104. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:** To the extent the allegations in Paragraph 104 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 104 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 104.

## COUNT FOUR

105. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint, as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 and 78 through 83 as if fully set forth herein.

106. As alleged above, through the contract between Defendant Rocky Mountain and the Illinois Secretary of State, Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire violated BIPA by unlawfully selling, leasing, trading and otherwise profiting from individuals' biometric identifiers and biometric information, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass.

**ANSWER:** To the extent the allegations in Paragraph 106 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 106 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 106. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

107. The BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:** To the extent the allegations in Paragraph 107 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 107 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 107. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

108. As a direct and proximate result of the BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:** To the extent the allegations in Paragraph 108 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny those allegations in Paragraph 108 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 108. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

109. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:** To the extent the allegations in Paragraph 109 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 109 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 109.

110. Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:** To the extent the allegations in Paragraph 110 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 110 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 110. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

111. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:** To the extent the allegations in Paragraph 111 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 111 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 111.

## COUNT FIVE

112. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 and 78 through 83 as if fully set forth herein.

113. As alleged above, Defendants Clearview, Ton-That and Schwartz violated BIPA by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass, even though: (a) neither the subjects of the biometric identifiers and information nor their authorized representatives consented to the disclosure and redisclosure; (b) the disclosure and redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives; (c) the disclosure and redisclosure were not required by State or federal law or municipal ordinance; and (d) the disclosure and redisclosure were not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

**ANSWER:** To the extent the allegations in Paragraph 113 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 113 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 113.

114. The BIPA violations of Defendants Clearview, Ton-That and Schwartz were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:** To the extent the allegations in Paragraph 114 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny those allegations in Paragraph 114 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 114.

115. As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That and Schwartz, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:** To the extent the allegations in Paragraph 115 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 115 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 115.

116. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:** To the extent the allegations in Paragraph 116 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 116 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 116.

117. Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That and Schwartz will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:** To the extent the allegations in Paragraph 117 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 117 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 117.

118.    Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

**ANSWER:**    To the extent the allegations in Paragraph 118 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 118 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 118.

## COUNT SIX

119.    Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**    The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 and 78 through 83 as if fully set forth herein.

120.    As alleged above, Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire violated BIPA by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information to the Illinois Secretary of State in Illinois, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass, even though: (a) neither the subjects of the biometric identifiers and information nor their authorized representatives consented to the disclosure and redisclosure; (b) the disclosure and redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives; (c) the disclosure and redisclosure were not required by State or federal law or municipal ordinance; and (d) the disclosure and redisclosure were not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

**ANSWER:**    To the extent the allegations in Paragraph 120 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 120 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 120. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

121.    The BIPA violations of Defendants Clearview, Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**    To the extent the allegations in Paragraph 121 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 121 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 121. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

122.    As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That, Schwartz and Mulcaire, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**    To the extent the allegations in Paragraph 122 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 122 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 122. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

123.    Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**    To the extent the allegations in Paragraph 123 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 123 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 123.

124.    Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That, Schwartz and Mulcaire will continue to cause great

and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:** To the extent the allegations in Paragraph 124 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 124 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 124. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

125. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

**ANSWER:** To the extent the allegations in Paragraph 125 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 125 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 125.

## COUNT SEVEN

126. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 and 78 through 83 as if fully set forth herein.

127. As alleged above, Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire violated BIPA because, while in possession of the biometric identifiers and biometric information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass, they failed to protect from disclosure those biometric identifiers and information:

(a) using the reasonable standard of care within Clearview's and Rocky Mountain's industry; and (b) in a manner that is the same as or more protective than the manner in which Clearview and Rocky Mountain protect and protected other confidential and sensitive information.

**ANSWER:** To the extent the allegations in Paragraph 127 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 127 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 127. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

128. As alleged above, Defendant Clearview's electronic systems have a history of data breaches. Moreover, on information and belief, Defendant Rocky Mountain relied on Clearview's defective electronic systems for storage and protection of Rocky Mountain's Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 128 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 128 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 128.

129. The BIPA violations of Defendants Clearview, Rocky Mountain Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:** To the extent the allegations in Paragraph 129 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 129 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 129.

130. As a direct and proximate result of the BIPA violations of Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:** To the extent the allegations in Paragraph 130 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny those allegations in Paragraph 130 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 130. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

131. Plaintiffs and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:** To the extent the allegations in Paragraph 131 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 131 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 131.

132. Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:** To the extent the allegations in Paragraph 132 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 132 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 132. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

133. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:** To the extent the allegations in Paragraph 133 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 133 and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in Paragraph 133.

## COUNT EIGHT

134. Plaintiff Roberson restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 as if fully set forth herein.

135. Virginia Code § 8.01-40 provides:

**Unauthorized use of name or picture of any person; punitive damages; statute of limitations.**

A. Any person whose name, portrait, or picture is used without having first obtained the written consent of such person . . *for the purposes of trade* . . may maintain a suit in equity against the person, firm, or corporation so using such person's name, portrait, or picture to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use. And if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by this chapter, the jury, in its discretion, may award punitive damages.

Va. Code § 8.01-40(A) (emphasis added).

**ANSWER:** To the extent the allegations in Paragraph 135 purport to quote from Virginia Code § 8.01-40, the Clearview Defendants refer the Court to the full text of the statute and deny the allegations in Paragraph 135 to the extent they are different from, inconsistent with, or misinterpret the statute. To the extent the allegations in Paragraph 135 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit

nor deny those allegations in Paragraph 135 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 135.

136. Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire have violated this provision by knowingly using personal data, photographs, and likenesses of Plaintiff Roberson and members of the Virginia Subclass without their written consent for the purposes of trade.

**ANSWER:** To the extent the allegations in Paragraph 136 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 136 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 136. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

## COUNT NINE

137. Plaintiff Roberson restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 as if fully set forth herein.

138. The Virginia Computer Crimes Act, Va. Code § 18.2-152.1, *et seq*., prohibits the actions taken by Defendants Clearview, Ton-That and Schwartz to steal the images of individuals in violation of the terms of service of the internet websites from which they acquired those images and, thereafter, to use those images for their for-profit facial recognition businesses.

**ANSWER:** To the extent the allegations in Paragraph 138 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 138 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 138. Further, the Clearview Defendants refer the Court to the full text of Va. Code § 18.2-152.1, *et seq*. for its meaning.

139.    For each of the actions described below, the Virginia Computer Crimes Act provides a private right of action as follows:

A.    Any person whose property or person is injured by reason of a violation of any provision of this article or by any act of computer trespass set forth in subdivisions A1 through A8 of § 18.2-152.4 regardless of whether such act is committed with malicious intent may sue therefor and recover for any damages sustained and the costs of suit. Without limiting the generality of the term, "damages" shall include loss of profits.

*        *        *

E.    The provisions of this article shall not be construed to limit any person's right to pursue any additional civil remedy otherwise allowed by law.

Va. Code § 152.12(A).

**ANSWER:**    To the extent the allegations in Paragraph 139 purport to quote from Virginia Code § 18.2-152.12, the Clearview Defendants refer the Court to the full text of the statute and deny the allegations in Paragraph 139 to the extent they are different from, inconsistent with, or misinterpret the statute.  To the extent the allegations in Paragraph 139 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 139 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 139.

140.    Defendants Clearview, Ton-That and Schwartz have committed multiple violations of the Virginia Computer Crimes Act.

**ANSWER:**    To the extent the allegations in Paragraph 140 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 140 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 140.

141.    First, Virginia Code section 18.2-152.3 provides:

**Computer fraud; penalty.**

Any person who uses a computer or computer network, without authority and:

    1.      Obtains property or services by false pretenses;

    2.      Embezzles or commits larceny; or

    3.      Converts the property of another;

is guilty of the crime of computer fraud.

Va. Code § 18.2-152.3.

**ANSWER:** To the extent the allegations in Paragraph 141 purport to quote from Virginia Code § 18.2-152.3, the Clearview Defendants refer the Court to the full text of the statute and deny the allegations in Paragraph 141 to the extent they are different from, inconsistent with, or misinterpret the statute. To the extent the allegations in Paragraph 141 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 141 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 141.

142. Under the Virginia Computer Crimes Act, "property" is defined broadly to include the following:

"Property" shall include:

    1.      Real property;

    2.      Computers and computer networks;

    3.      Financial instruments, ***computer data***, computer programs, computer software ***and all other personal property*** regardless of whether they are:

        a.      Tangible or intangible;

        b.      In a format readable by humans or by a computer;

        c.      In transit between computers or within a computer network or between any devices which comprise a computer; or

        d.      Located on any paper or in any device on which it is stored by a computer or by a human; and

    4.      Computer services.

Va. Code § 18.2-152.2 (emphasis added).

**ANSWER:** To the extent the allegations in Paragraph 142 purport to quote from Virginia Code § 18.2-152.2, the Clearview Defendants refer the Court to the full text of the statute and deny the allegations in Paragraph 142 to the extent they are different from, inconsistent with, or misinterpret the statute. To the extent the allegations in Paragraph 142 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 142 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 142.

143. By "scraping" the images of Plaintiff Roberson and members of the Virginia Subclass in violation of the terms of service of the websites on which the images were hosted and without the consent of Plaintiff Roberson or members of the Virginia Subclass, Defendants Clearview, Ton-That and Schwartz obtained property, as defined, by false pretenses and also converted that property.

**ANSWER:** The Clearview Defendants deny the allegations in Paragraph 143.

144. Second Virginia Code § 18.2-152.4 provides:

**Computer trespass, penalty.**

A. It shall be unlawful for any person . . to:

\*        \*        \*

6. Use a computer or computer network to make or cause to be made an unauthorized copy, in any form, including, but not limited to, any printed or electronic form of computer data, computer programs or computer software residing in, communicated by, or produced by a computer or computer network.

Va. § 18.2-152.4.

**ANSWER:** To the extent the allegations in Paragraph 144 purport to quote from Virginia Code § 18.2-152.4, the Clearview Defendants refer the Court to the full text of the statute and deny the allegations in Paragraph 144 to the extent they are different from, inconsistent with, or misinterpret the statute. To the extent the allegations in Paragraph 144 contain legal arguments,

58

legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 144 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 144.

145. By "scraping" the images of Plaintiff Roberson and members of the Virginia Subclass in violation of the terms of service of the websites on which the images were hosted and without the consent of Plaintiff Roberson or members of the Virginia Subclass, Defendants Clearview, Ton-That and Schwartz used a computer or computer network to make an unauthorized copy of computer data, namely the images of Plaintiff Roberson and members of the Virginia Subclass, residing in a computer or computer network.

**ANSWER:** The Clearview Defendants deny the allegations in Paragraph 145.

146. Third, Virginia Code § 18.2-152.5 provides:

**Computer invasion of privacy; penalties.**

A. A person is guilty of the crime of computer invasion of privacy when he uses a computer or computer network and intentionally examines without authority any employment, salary, credit or any other financial *or identifying information, as defined in clauses (iii) through (xiii) of subsection C of § 18.2-186.3*, relating to any other person. "Examination" under this section requires the offender to review the information relating to any other person after the time at which the offender knows or should know that he is without authority to view the information displayed.

Va. Code § 18.2-152.5(A) (emphasis added). In turn, Virginia Code § 18.2-186.3 defines "identifying information" to include, *inter alia*, name, date of birth, and "*biometric data*," which includes the images of Plaintiff Roberson and members of the Virginia Subclass stolen by Defendants Clearview, Ton-That and Schwartz and used in their Biometric Database.

**ANSWER:** To the extent the allegations in Paragraph 145 purport to quote from Virginia Code §§ 18.2-152.5 and 18.2-186.3, the Clearview Defendants refer the Court to the full text of the statute and deny the allegations in Paragraph 145 to the extent they are different from, inconsistent with, or misinterpret the statute. To the extent the allegations in Paragraph 145 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 145 and no further response is

required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 145.

147. By "scraping" the images of Plaintiff Roberson and members of the Virginia Subclass in violation of the terms of service of the websites on which those images were hosted and without the consent of Plaintiff Roberson and members of the Virginia Subclass, Defendants Clearview, Ton-That and Schwartz used a computer or computer network to intentionally examine "identifying information," including "biometric data," and reviewed such information as part of their facial recognition business model "after the time at which the offender knows or should know that he is without authority to view the information displayed."

**ANSWER:** To the extent the allegations in Paragraph 147 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 147 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 147.

148. Fourth, Virginia Code § 18.2-152.5:1 provides: Using a computer to gather identifying information; penalties.

A. It is unlawful for any person, other than a law-enforcement officer, as defined in § 9.1-101, and acting in the performance of his official duties, to use a computer to obtain, access, or record, through the use of material artifice, trickery or deception, *any identifying information, as defined in clauses (iii) through (xiii) of subsection C of § 18.2-186.3*.

Va. Code § 18.2-152.5(A) (emphasis added). Again, Virginia Code § 18.2-186.3 defines "identifying information" to include, *inter alia*, name, date of birth, and "***biometric data***."

**ANSWER:** To the extent the allegations in Paragraph 148 purport to quote from Virginia Code §§ 18.2-152.5 and 18.2-186.3, the Clearview Defendants refer the Court to the full text of the statute and deny the allegations in Paragraph 148 to the extent they are different from, inconsistent with, or misinterpret the statute. To the extent the allegations in Paragraph 148 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 148 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 148.

149.    By "scraping" the images of Plaintiff Roberson and members of the Virginia Subclass in violation of the terms of service of the websites on which the images were hosted and without the consent of Plaintiff Roberson and members of the Virginia Subclass, Defendants Clearview, Ton-That and Schwartz used a computer to obtain, access and record, through the use of material artifice, trickery or deception, identifying information, as defined in clauses (iii) through (xiii) of subsection C of § 18.2-186.3.

**ANSWER:**    To the extent the allegations in Paragraph 149 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 149 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 149.

## COUNT TEN

150.    Plaintiff Vestrand restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**    The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 as if fully set forth herein.

151.    California's Unfair Competition Law (the "UCL") prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

**ANSWER:**    Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162 was dismissed in the Court's order of February 14, 2022.  Accordingly, no response is required.

152.    Defendants engaged in unlawful and unfair business acts and practices within the meaning of the UCL.

**ANSWER:**    Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162 was dismissed in the Court's order of February 14, 2022.  Accordingly, no response is required.

153.    Defendants have engaged in the following unlawful and unfair business acts and practices:

     a.    Failing to comply with § 1798.100(b) of the California Consumer Privacy Act ("CCPA"), as alleged herein;

     b.    Commercial Misappropriation under Cal. Civ. Code § 3344(a), as alleged below;

      c.      Invasion of privacy under the California Constitution, Art. I, § 1, as alleged below;

      d.      Violation of California's common law right of publicity, as alleged below;

      e.      Failing to provide adequate data security of the data they have collected, as alleged above; and

      f.      Omitting, suppressing and concealing that they did not comply with common law and statutory duties pertaining to the personal information of Plaintiff Vestrand and members of the California Subclass, including duties imposed by California Constitution, Art. I, § I; the CCPA, Cal. Civ. Code § 1798.100(b); and Cal. Civ. Code § 3344(a).

**ANSWER:** Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162 was dismissed in the Court's order of February 14, 2022. Accordingly, no response is required.

154. With respect to Defendants' violations of the CCPA, pursuant to Cal. Civ. Code § 1798.100(b), a business: (a) "that collects a consumer's personal information shall, at or before the point of collection, inform customers as to the categories of personal information to be collected and the purposes for which the categories of personal information shall be used"; and (b) "shall not collect additional categories of personal information or use personal information collected for additional purposes without providing the consumer with notice consistent with this section." Cal. Civ. Code § 1798.100(b).

**ANSWER:** Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162 was dismissed in the Court's order of February 14, 2022. Accordingly, no response is required.

155. Section 1798.140(o)(1) defines "personal information" as "information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household." Cal. Civ. Code § 1798.140(o)(1). Personal information includes, but is not limited to, "[b]iometric information." Cal. Civ. Code § 1798.140(o)(1)(E). "'Biometric information' means an individual's physiological, biological, or behavioral characteristics . . that can be used, singly or in combination with each other or with other identifying data, to establish individual identity." Cal. Civ. Code § 1798.140(b). "Biometric information' includes, but is not limited to, imagery of the . . face . . from which an identifier template, such as a faceprint . . can be extracted . . ." *Id*.

**ANSWER:** Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162 was dismissed in the Court's order of February 14, 2022. Accordingly, no response is required.

156. Plaintiff Vestrand and members of the California Subclass are consumers under the CCPA. *See* Cal. Civ. Code § 1798.140(g).

**ANSWER:** Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162 was dismissed in the Court's order of February 14, 2022. Accordingly, no response is required.

157. Defendants Clearview, Rocky Mountain and Macy's and members of the Clearview Client Class are businesses under the CCPA. *See* Cal. Civ. Code § 1798.140(c).

**ANSWER:** Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162 was dismissed in the Court's order of February 14, 2022. Accordingly, no response is required.

158. As alleged herein, in violation of the CCPA, Defendants Clearview, Rocky Mountain and Macy's and members of the Clearview Client Class collected the personal information of Plaintiff Vestrand and members of the California Subclass but failed to provide Plaintiff Vestrand and members of the California Subclass with the information required by the CCPA, namely Clearview, Rocky Mountain, Macy's and members of the Clearview Client Class failed to accurately inform Plaintiff Vestrand and members of the California Subclass as to the categories of personal information to be collected and the purposes for which the categories of personal information were to be used.

**ANSWER:** Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162 was dismissed in the Court's order of February 14, 2022. Accordingly, no response is required.

159. As alleged herein, Defendants Clearview, Rocky Mountain and Macy's and members of the Clearview Client Class further violated the CCPA by using the personal information they collected from Plaintiff Vestrand and members of the California Subclass for undisclosed purposes without providing the requisite notice.

**ANSWER:** Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162 was dismissed in the Court's order of February 14, 2022. Accordingly, no response is required.

160. The above-described conduct of Defendants and members of the Clearview Client Class constituted unfair practices in violation of the UCL because the practices and acts: (a) were immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiff Vestrand and members of the California Subclass; and (b) violated established public policy. These acts caused substantial injury to Plaintiff Vestrand and members of the California Subclass; this substantial injury outweighed any benefits to competition or the purpose of such conduct, and there were reasonably available alternatives to further the legitimate business interests of Defendants and members of the Clearview Client Class.

**ANSWER:** Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162 was dismissed in the Court's order of February 14, 2022. Accordingly, no response is required.

161.    As a result of the UCL violations by Defendants and members of the Clearview Client Class, Plaintiff Vestrand and members of the California Subclass have suffered an injury-in-fact and have lost money and property. Plaintiff Vestrand and members of the California Subclass are entitled to restitution and disgorgement, declaratory and other equitable relief.

ANSWER:    Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162

was dismissed in the Court's order of February 14, 2022.  Accordingly, no response is required.

162.    Moreover, Plaintiff Vestrand and members of the California Subclass are entitled to injunctive relief. Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants and members of the Clearview Client Class will continue to cause great and irreparable injury to Plaintiff Vestrand and members of the California Subclass in that Defendants, members of the Clearview Client Class and others can continue to use the unlawfully obtained personal information to the detriment of Plaintiff Vestrand and members of the California Subclass. Plaintiff Vestrand and members of the California Subclass have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the alleged invasion of privacy.

ANSWER:    Plaintiff Vestrand's UCL claim as set forth in Paragraphs 151 through 162

was dismissed in the Court's order of February 14, 2022.  Accordingly, no response is required.

## COUNT ELEVEN

163.    Plaintiff Vestrand restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

ANSWER:    The Clearview Defendants restate each of their responses set forth in

Paragraphs 1 through 76 as if fully set forth herein.

164.    California Civil Code § 3344(a) makes it unlawful for any person to knowingly "use another's . . photograph [] or likeness, in any manner . . without such person's prior consent . . ." Cal. Civ. Code § 3344(a). Any person who violates § 3344(a) is liable to the injured party "in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing actual damages." *Id*.

ANSWER:    To the extent the allegations in Paragraph 164 purport to quote from

California Civil Code § 3344, the Clearview Defendants refer the Court to the full text of the statute

and deny the allegations in Paragraph 164 to the extent they are different from, inconsistent with,

or misinterpret the statute.  To the extent the allegations in Paragraph 164 contain legal arguments,

legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 164 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 164.

165. As alleged above, Plaintiff Vestrand and members of the California Subclass posted images of their faces on the internet.

**ANSWER:** The Clearview Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 165 and therefore deny the allegations in Paragraph 165.

166. In violation of § 3344(a), Defendants and members of the Clearview Client Class knowingly used photographs and the likenesses of Plaintiff Vestrand and members of the California Subclass without obtaining their prior consent. Specifically, without providing notice to Plaintiff Vestrand or members of the California Subclass, Defendants and members of the Clearview Client Class scraped the photographs of Plaintiff Vestrand and members of the California Subclass from the internet, amassed the Biometric Database and/or used the Biometric Database for commercial gain.

**ANSWER:** To the extent the allegations in Paragraph 166 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 166 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 166.

167. The use photographs and the likenesses of Plaintiff Vestrand and members of the California Subclass by Defendants and members of the Clearview Client Class did not have any connection with the news, public affairs, sports broadcast or account, or any political campaign.

**ANSWER:** To the extent the allegations in Paragraph 167 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 167 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 167.

168. In addition to the above-alleged bases for individual liability against Defendants Ton-That, Schwartz and Mulcaire, Defendants Ton-That, Schwartz and Mulcaire are personally liable for the intentionally tortious conduct alleged herein because they participated in that conduct, consented to it, directed it, authorized it and failed to preclude or otherwise prohibit it.

**ANSWER:** To the extent the allegations in Paragraph 168 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 168 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 168. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

169. As a result of the conduct of Defendants and members of the Clearview Client Class, Plaintiff Vestrand and members of the California Subclass have been harmed and are entitled to their actual or statutory damages. Plaintiff Vestrand and members of the California Subclass are also entitled to recover their costs and reasonable attorneys' fees pursuant to Cal. Civ. Code § 3344(a).

**ANSWER:** To the extent the allegations in Paragraph 169 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 169 and no further response is required. To the extent a further response is required, the Clearview Defendants deny the remaining allegations in Paragraph 169.

## COUNT TWELVE

170. Plaintiff Vestrand restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 as if fully set forth here.

171. California's common law right of publicity protects persons from unauthorized use of a person's identity by another for commercial gain.

**ANSWER:** To the extent the allegations in Paragraph 171 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 171 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 171.

172.    As alleged above, for commercial gain, Defendants and members of the Clearview Client Class knowingly used the identities, photographs and likenesses of Plaintiff Vestrand and members of the California Subclass without authorization. Specifically, without authorization, Defendants and members of the Clearview Client Class scraped the photographs of Plaintiff Vestrand and members of the California Subclass from the internet, amassed the Biometric Database consisting of the Biometrics of Plaintiff Vestrand and members of the California Subclass, among others, and/or used the Biometric Database for commercial gain or to otherwise benefit themselves.

**ANSWER:**    To the extent the allegations in Paragraph 172 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 172 and no further response is required.  The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 172.

173.    The unlawful conduct of Defendants and members of the Clearview Client Class harmed Plaintiff Vestrand and members of the California Subclass. Indeed, at no time has any Defendant or member of the Clearview Client Class compensated Plaintiff Vestrand or members of the California Subclass for the use of their identities, photographs and likenesses.

**ANSWER:**    To the extent the allegations in Paragraph 173 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 173 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 173.

174.    Use of the identities, photographs and likenesses of Plaintiff Vestrand and members of the California Subclass was directly connected to the commercial activity of Defendants and members of the Clearview Client Class.

**ANSWER:**    To the extent the allegations in Paragraph 174 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 174 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 174.

175. The actions of Defendants and members of the Clearview Client Class were a substantial factor in causing harm to Plaintiff Vestrand and members of the California Subclass.

**ANSWER:** To the extent the allegations in Paragraph 175 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 175 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 175.

176. As a direct and proximate result of the misconduct of Defendants and members of the Clearview Client Class, Plaintiff Vestrand and members of the California Subclass have suffered damage and are entitled to monetary damages in an amount to be determined at trial. Plaintiff Vestrand and members of the California Subclass also seek injunctive relief and such other equitable or declaratory relief as may be appropriate.

**ANSWER:** To the extent the allegations in Paragraph 176 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 176 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 176.

## COUNT THIRTEEN

177. Plaintiff Vestrand restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 as if fully set forth here.

178. Plaintiff Vestrand and members of the California Subclass had a reasonable expectation of privacy to their highly sensitive Biometrics and were entitled to protection of that sensitive information against the collection, obtainment, use and disclosure thereof by and to unauthorized parties. As such, Plaintiff Vestrand and members of the California Subclass possessed a legally protected privacy interest. That privacy interest is reflected in several laws, including, as alleged above, the CCPA, California Civil Code § 3344(a) and California's common law right of publicity.

**ANSWER:** To the extent the allegations in Paragraph 178 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 178 and no further response is required. The Clearview

Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 178.

179. Defendants and members of the Clearview Client Class intentionally and maliciously intruded upon the privacy rights of Plaintiff Vestrand and members of the California Subclass by surreptitiously harvesting their highly sensitive Biometrics, amassing them into the Biometric Database, widely distributing and disseminating the Biometrics and/or using the Biometrics to learn personal information about, and the identities of, Plaintiff Vestrand and members of the California Subclass. The intrusion upon the privacy rights of Plaintiff Vestrand and members of the California Subclass by Defendants and members of the Clearview Client Class occurred in a manner highly offensive to a reasonable person, as a reasonable person would not expect an unknown and unauthorized party to harvest and use his or her Biometrics in the manner described herein.

**ANSWER:** To the extent the allegations in Paragraph 179 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 179 and no further response is required. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 179.

180. Moreover, as alleged above, the intrusion upon the privacy rights of Plaintiff Vestrand and members of the California Subclass by Defendants and members of the Clearview Client Class was so serious as to constitute an egregious breach of social norms such that the breach was highly offensive.

**ANSWER:** To the extent the allegations in Paragraph 180 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 180 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 180.

181. As a direct and proximate result of the unlawful invasion of the privacy of Plaintiff Vestrand and members of the California Subclass by Defendants and members of the Clearview Client Class, the personal information of Plaintiff Vestrand and members of the California Subclass has been disclosed to Defendants, members of the Clearview Client Class and countless others, and their reasonable expectations of privacy have been intruded upon and frustrated.

**ANSWER:** To the extent the allegations in Paragraph 181 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 181 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 181.

182. Plaintiff Vestrand and members of the California Subclass have suffered injuries as a result of the conduct alleged herein, and they are entitled to appropriate relief, including compensatory and punitive damages.

**ANSWER:** To the extent the allegations in Paragraph 182 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 182 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 182.

183. Moreover, unless and until enjoined and restrained by order of this Court, wrongful conduct alleged herein will continue to cause great and irreparable injury to Plaintiff Vestrand and members of the California Subclass in that Defendants, members of the Clearview Client Class and others can continue to use the unlawfully obtained personal information to the detriment of Plaintiff Vestrand and members of the California Subclass. Plaintiff Vestrand and members of the California Subclass have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the invasion of their privacy or require Defendants or members of the Clearview Client Class to delete the personal information in their possession, custody and control or to retrieve that information from the unauthorized entities to which it was disclosed.

**ANSWER:** To the extent the allegations in Paragraph 183 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 183 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 183.

## COUNT FOURTEEN

184. Plaintiff Hurvitz restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses set forth in Paragraphs 1 through 76 as if fully set forth here.

185.     As alleged above, Defendants and members of the Clearview Client Class have violated N.Y. Civil Rights Law §§ 50-51 by invading the privacy of Plaintiff Hurvitz and members of the New York Subclass and misappropriating their likeness within the State of New York.

**ANSWER:**     To the extent the allegations in Paragraph 185 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 185 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 185.

186.     At no point did Defendants or members of the Clearview Client Class receive permission or consent, be it written or otherwise, to use the identities, photographs or likenesses of Plaintiff Hurvitz or members of the New York Subclass in connection with the Biometric Database or their businesses.

**ANSWER:**     To the extent the allegations in Paragraph 186 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 186 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 186.

187.     At relevant times, Defendants and members of the Clearview Client Class were aware that they never received the permission or consent of Plaintiff Hurvitz or members of the New York Subclass members to use their identities, photographs and likenesses in connection with the Biometric Database or their businesses.

**ANSWER:**     To the extent the allegations in Paragraph 187 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 187 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 187.

188.     At no point did Defendants or members of the Clearview Client Class compensate Plaintiff Hurvitz or members of the New York Subclass for their unauthorized use of the identities, photographs and likenesses of Plaintiffs and members of the New York Subclass in connection with the Biometric Database or the businesses of Defendants or members of the Clearview Client Class.

**ANSWER:**     To the extent the allegations in Paragraph 188 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny those allegations in Paragraph 188 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 188.

189. Defendants and members of the Clearview Client Class used the identities, photographs and likenesses of Plaintiff Hurvitz and members of the New York Subclass in connection with the Biometric Database and their businesses for the purposes of trade. Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire made the Biometric Database available to third parties in return for monetary compensation. Defendant Macy's and members of the Clearview Client Class used the Biometric Database in order to reduce theft and improve the customer experience, all of which positioned them to earn increased profits.

**ANSWER:** To the extent the allegations in Paragraph 189 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 189 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 189. The Clearview Defendants also note that Thomas Mulcaire was dismissed as a defendant to this litigation in the Court's order of February 14, 2022.

190. No applicable privilege or authorization exists for the use of the identities, photographs and likenesses Plaintiff Hurvitz or members of the New York Subclass by Defendants and members of the Clearview Client Class in connection with the Biometric Database or the businesses of Defendants or members of the Clearview Client Class.

**ANSWER:** To the extent the allegations in Paragraph 190 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 190 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 190.

191. Due to the herein alleged violation of the rights of privacy and publicity under §§ 50 and 51 of the N.Y. Civil Rights Act, Plaintiff Hurvitz and members of the New York Subclass have been damaged in an amount to be determined at trial.

**ANSWER:** To the extent the allegations in Paragraph 191 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny those allegations in Paragraph 191 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 191.

192. In addition, and pursuant to § 51 of the N.Y. Civil Rights Act, Plaintiff Hurvitz and members of the New York Subclass hereby request an Order permanently enjoining Defendants and members of the Clearview Client Class from violating right to privacy and publicity of Plaintiff Hurvitz and members of the New York Subclass.

**ANSWER:** To the extent the allegations in Paragraph 192 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 192 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 192.

## COUNT FIFTEEN

193. Plaintiffs restate and reallege all paragraphs of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses in this Answer as if fully set forth here.

194. To the detriment of Plaintiffs and members of the Plaintiff Classes, Defendants and members of the Clearview Client Class have been, and continue to be, unjustly enriched as a result of their wrongful conduct, as alleged herein.

**ANSWER:** To the extent the allegations in Paragraph 194 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 194 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 194. The Clearview Defendants also note that Plaintiff Hurvitz's claim of unjust enrichment was dismissed in the Court's order of February 14, 2022.

195. Plaintiffs and members of the Plaintiff Classes conferred a benefit on Defendants and members of the Clearview Client Class in that, without authorization and through inequitable means, Defendants and members of the Clearview Client Class: (a) covertly scraped photographs of Plaintiffs and members of the Plaintiff Classes from the internet; (b) collected, captured, purchased, received through trade and otherwise obtained and used the Biometrics of Plaintiffs

and members of the Plaintiff Classes; (c) amassed a Biometric Database containing those Biometrics; (d) distributed, redistributed and disseminated the Biometric Database; and/or (e) sold, traded, leased and otherwise profited from the Biometric Database and Biometrics. Defendants and members of the Clearview Client Class did not compensate Plaintiffs and members of the Plaintiff Classes for the benefit received from the above-described conduct.

**ANSWER:** To the extent the allegations in Paragraph 195 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 195 and no further response is required. The Clearview Defendants also object to the terms "Biometric" and "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 195. The Clearview Defendants also note that Plaintiff Hurvitz's claim of unjust enrichment was dismissed in the Court's order of February 14, 2022.

196. Defendants and members of the Clearview Client Class appreciated, accepted and retained the benefit bestowed upon them under inequitable and unjust circumstances arising from their conduct toward Plaintiffs and members of the Plaintiff Classes, as alleged herein.

**ANSWER:** To the extent the allegations in Paragraph 196 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 196 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 196. The Clearview Defendants also note that Plaintiff Hurvitz's claim of unjust enrichment was dismissed in the Court's order of February 14, 2022.

197. Plaintiffs and members of the Plaintiff Classes have no adequate remedy at law.

**ANSWER:** To the extent the allegations in Paragraph 197 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 197 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 197.

The Clearview Defendants also note that Plaintiff Hurvitz's claim of unjust enrichment was dismissed in the Court's order of February 14, 2022.

198.    Under the circumstances, it would be unjust and unfair for Defendants and members of the Clearview Client Class to be permitted to retain any of the benefits obtained from Plaintiffs and members of the Plaintiff Classes.

**ANSWER:**    To the extent the allegations in Paragraph 198 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 198 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 198. The Clearview Defendants also note that Plaintiff Hurvitz's claim of unjust enrichment was dismissed in the Court's order of February 14, 2022.

199.    Under the principles of equity and good conscience, Defendants and members of the Clearview Client Class should not be permitted to retain the photographs, biometric identifiers and information belonging to Plaintiffs and members of the Plaintiff Classes because Defendants and members of the Clearview Client Class unlawfully obtained that information.

**ANSWER:**    To the extent the allegations in Paragraph 199 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 199 and no further response is required.  To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 199. The Clearview Defendants also note that Plaintiff Hurvitz's claim of unjust enrichment was dismissed in the Court's order of February 14, 2022.

200.    Defendants and members of the Clearview Client Class should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiffs and members of the Plaintiff Classes, proceeds that they unjustly received from the sale, lease, trade, distribution, dissemination and use of the personal information of Plaintiffs and members of the Plaintiff Classes.

**ANSWER:**    To the extent the allegations in Paragraph 200 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor

deny those allegations in Paragraph 200 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 200. The Clearview Defendants also note that Plaintiff Hurvitz's claim of unjust enrichment was dismissed in the Court's order of February 14, 2022.

## COUNT SIXTEEN

201. Plaintiffs restate and reallege all paragraphs of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** The Clearview Defendants restate each of their responses in this Answer as if fully set forth here.

202. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief. Further, the Court has broad authority to restrain acts, such as here, that are tortious and that violate the terms of the statutes described in this Consolidated Class Action Complaint.

**ANSWER:** To the extent the allegations in Paragraph 202 purport to refer to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the Clearview Defendants refer the Court to the full text of the statute and deny the allegations in Paragraph 202 to the extent they are different from, inconsistent with, or misinterpret the statute. To the extent the remaining allegations in Paragraph 202 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny the remaining allegations in Paragraph 202 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 202. Further, Plaintiff Hurvitz's claim for unjust enrichment was dismissed in the Court's order of February 14, 2022.

203. An actual controversy has arisen in the wake of the unlawful collection, obtainment, purchase, trade, disclosure, dissemination, sale and/or misuse by Defendants and members of the Clearview Client Class of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes without their consent, as alleged herein, in violation of the common law and statutory duties of Defendants and Members of the Clearview Client Class.

**ANSWER:** To the extent the allegations in Paragraph 203 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 203 and no further response is required. The Clearview Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 203.

204. Plaintiffs and members of the Plaintiff Classes continue to suffer injury and damages, as described herein, as Defendants and members of the Clearview Client Class continue to collect, obtain, purchase, trade, disclose, sell and/or misuse the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes.

**ANSWER:** To the extent the allegations in Paragraph 204 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 204 and no further response is required. The Clearview Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 204.

205. Pursuant to its authority under the Declaratory Judgment Act, this Court should enter a judgment declaring, among other things, the following:

    a.    Defendants and members of the Clearview Client Class continue to owe a legal duty to not collect, obtain, purchase, trade, disclose, sell or otherwise misuse the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes under, *inter alia*, the state statutes and constitutional provisions described in this Consolidated Class Action Complaint and the common law;

    b.    Defendants and members of the Clearview Client Classes continue to breach their legal duties to Plaintiffs and members of the Classes by continuing to collect, obtain, purchase, trade, disclose, sell and otherwise misuse the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes; and

      c.     The ongoing breaches by Defendants and members of the Clearview Client Class of their legal duties continue to cause harm to Plaintiffs and members of the Plaintiff Classes.

**ANSWER:**    To the extent the allegations in Paragraph 205 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 205 and no further response is required. The Clearview Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 205.

206.    The Court should also issue corresponding injunctive relief, including, but not limited to: (a) enjoining Defendants and members of the Clearview Client Class from engaging in the unlawful conduct alleged in this claim; (b) requiring Defendants and members of the Clearview Client Class to delete all photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes; and (c) cease further collection of photographs and Biometrics of Plaintiffs or members of the Plaintiff Classes or engaging in any activities that would result in the purchase, obtainment, disclosure, trade, sale or misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes. If an injunction is not issued, Plaintiffs and members of the Plaintiff Classes will suffer irreparable injury and lack an adequate legal remedy in the event the statutory or common law does not prohibit, among other things, the collection, purchase, obtainment, trade, disclosure, sale and misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes. Illinois in particular specifically constrains the collection, purchase, obtainment, trade, disclosure and sale of Biometrics and recognizes a person's right to maintain such personal information as private. In light of the pervasive flaunting of such rights by Defendants and members of the Clearview Client Class, including the continued collection, purchase, obtainment, trade, disclosure, sale and/or misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes, the risk of continued violations of Illinois law, other states' laws, and the common law is real, immediate and substantial. Plaintiffs and members of the Plaintiff Classes do not have an adequate remedy at law because many of the resulting injuries are reoccurring and Plaintiffs and members of the Plaintiff Classes will be forced to bring multiple lawsuits to rectify the same conduct.

**ANSWER:**    To the extent the allegations in Paragraph 206 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 206 and no further response is required. The Clearview Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric

identifier" and "biometric information" in BIPA. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 206.

207.    The hardship to Plaintiffs and members of the Plaintiff Classes if an injunction is not issued exceeds the hardship to Defendants and members of the Clearview Client Class if an injunction is issued. On the other hand, the cost to Defendants and members of the Clearview Client Class of complying with an injunction by adhering to the requirements of Illinois law, other states' laws and the common law by ceasing to engage in the misconduct alleged herein is relatively minimal, and Defendants and members of the Clearview Client Class have a pre-existing legal obligation to avoid invading the privacy rights of consumers.

**ANSWER:**    To the extent the allegations in Paragraph 207 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 207 and no further response is required. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 207.

208.    Issuance of the requested injunction will serve the public interest by preventing ongoing collection, purchase, obtainment, trade, disclosure, sale and misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes without consent, thus eliminating the injuries that would result to Plaintiffs and members of the Plaintiff Classes, and the hundreds of millions of Americans who upload photographs to social media sites.

**ANSWER:**    To the extent the allegations in Paragraph 208 contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations in Paragraph 208 and no further response is required. The Clearview Defendants also object to the term "Biometrics" and refer the Court to the definitions of "biometric identifier" and "biometric information" in BIPA. To the extent a response is required, the Clearview Defendants deny the remaining allegations in Paragraph 208.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and members of the Plaintiff Classes, respectfully request that the Court:

    a.    Certify the Plaintiff Classes, name Plaintiffs as the representatives of the Plaintiff Classes and appoint their lawyers as counsel for the Plaintiff Classes;

    b.    Certify the Clearview Client Class;

    c.    Award Plaintiffs and the members of the Plaintiff Classes statutory, compensatory, punitive, exemplary, consequential, general and nominal damages in an amount to be determined at trial;

    d.    Grant permanent injunctive relief to prohibit Defendants and members of the Clearview Client Class from continuing to engage in the unlawful acts and practices described herein;

    e.    Award Plaintiff and members of the proposed Classes pre-judgment and post judgment interest as permitted by law;

    f.    Award to Plaintiffs and members of the Plaintiff Classes the costs and disbursements of the action, along with reasonable attorneys' fees, costs and expenses; and

    g.    Grant all such other relief as it deems just and proper.

**ANSWER**: To the extent the allegations in this unnumbered contain legal arguments, legal conclusions, or are otherwise not factual allegations, the Clearview Defendants neither admit nor deny those allegations and no further response is required. To the extent a response is required, the Clearview Defendants deny that Plaintiffs are entitled to any relief, including the relief stated in the above unnumbered Paragraph. The Clearview Defendants further state that Plaintiffs have suffered no damages or injury.

## THE CLEARVIEW DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES[5]

### FIRST DEFENSE
### (GOVERNMENT CONTRACTOR EXCEPTION)

1.      Plaintiffs' and the putative class members' BIPA claims are barred, in whole or in part, because BIPA includes an exemption for "a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government." 740 ILCS 14/25. To the extent Plaintiffs and the putative class members allege that Clearview's contracts with government agencies violate BIPA, those BIPA claims fail because Clearview is a contractor for government agencies within the scope of those relationships and is thus exempt from BIPA. *See Thornley v. CDW-Government, LLC*, 2020 CH 04346, at *4 (Cir. Ct. Cook Cnty. June 25, 2021) (finding that BIPA's government-contractor exemption applies to anyone "a state agency or local unit of government engages to furnish materials or provide services concerning biometric identifiers").

### SECOND DEFENSE
### (EXTRATERRITORIALITY DOCTRINE)

2.      Plaintiffs' and the putative class members' BIPA claims and California and Virginia state law claims are barred, in whole or in part, by the extraterritoriality doctrine. BIPA does not apply extraterritorially to regulate out-of-state conduct. This means a valid BIPA claim must be based on alleged violations that occurred in Illinois. Plaintiffs' and the putative class members' BIPA claims fail because Plaintiffs and the putative class members do not allege that the majority of the conduct giving rise to their claims took place in Illinois.

---

[5] The Clearview Defendants hereby incorporate by reference all of the defenses raised in their May 24, 2021 motion to dismiss (Dkt. 88) and July 30, 2021 reply in support of their motion to dismiss (Dkt. 149).

3.       Likewise, Plaintiffs' and the putative class members' California and Virginia constitutional, statutory, and common law claims do not apply extraterritorially to regulate out-of-state conduct, and those constitutional, statutory, and common law claims must be based on alleged violations that occurred in California and Virginia, respectively. Thus, Plaintiffs' and the putative class members' California and Virginia constitutional, statutory, and common law claims also fail because Plaintiffs and the putative class members do not allege that the majority of the conduct giving rise to their claims took place in California or Virginia.

**THIRD DEFENSE**
**(DORMANT COMMERCE CLAUSE)**

4.       Plaintiffs' and the putative class members' BIPA claims are barred, in whole or in the part, because Plaintiffs' and the putative class members' proposed application of BIPA to Clearview would violate the Dormant Commerce Clause.  Likewise, Plaintiffs' and the putative class members' California and Virginia constitutional, statutory, and common law claims fail because Plaintiffs' and the putative class members' proposed application of California and Virginia law to Clearview would also violate the Dormant Commerce Clause.

5.       Applying BIPA and California and Virginia constitutional, statutory, and common law to Clearview's conduct in New York, where Clearview is headquartered, would subject Clearview to liability under Illinois, California, and Virginia law merely because some small percentage of Clearview's alleged database of "three billion" publicly-available photographs contain images of Illinois, California, and Virginia residents.

6.       Because Clearview cannot determine which individuals shown in the photographs in its database reside in Illinois, California, or Virginia, if Clearview were ordered to remove all images and facial vectors of Illinois, California, and Virginia residents from its database, Clearview would not be able to do so.  To comply with such an order, Clearview would likely have

to cease using its database altogether, which would effectively shut down Clearview's operations nationwide—even in states that permit Clearview's activities. Illinois, California, and Virginia state law would de facto regulate and restrict the development and use of facial recognition technology involving online images nationwide, in violation of the Dormant Commerce Clause.

## FOURTH DEFENSE
### (UNCONSTITUTIONAL ABRIDGEMENT OF FREE SPEECH)

7.      Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the First Amendment, Article One Section Four of the Illinois Constitution, Article One Section Two of the California Constitution, Article One Section Twelve of the Virginia Constitution, and Article One Section Eight of the New York Constitution. Clearview's creation and use of its app constitutes "creation and dissemination of information," which are "speech within the meaning of the First Amendment." *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011); *accord People v. Austin*, 2019 IL 123910, ¶ 31 (2019).

## FIFTH DEFENSE
### (INAPPLICABILITY OF BIPA)

8.      Plaintiffs' and the putative class members' claims are barred, in whole or in part, because Plaintiffs inaccurately allege that the facial vectors used by Clearview constitute biometric identifiers within the meaning of BIPA because they are "scans of facial geometry." Contrary to Plaintiffs' contentions, the facial vectors that Clearview generates and uses in the functioning of its search engine do not encode or represent a "scan of face geometry," as is required to state a valid claim under BIPA.

## SIXTH DEFENSE
### (STANDING)

9.      Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they have not suffered a substantial grievance and accordingly do not have standing under

BIPA. Further, Plaintiffs' and the putative class members' claims are barred because they lack standing with respect to their claims under California, Virginia, and New York law, as they fail to allege an actual injury that is both plausible and causally linked to the conduct complained of.

### SEVENTH DEFENSE
### (STATUTE OF LIMITATIONS AND LACHES)

10.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the statute of limitations or laches. The statute of limitations for Plaintiffs' and the putative class members' claims arising under sections 15(a) and 15(b) of BIPA is five years. *See Tims v. Black Horse Carriers, Inc.*, 2021 IL App (1st) 200563 ¶ 33 (Sept. 17, 2021). The statute of limitations for Plaintiffs' and the putative class members' claims arising under sections 15(c) and 15(d) of BIPA is one year. *See id.* The statute of limitations for an unjust enrichment claim under Illinois law is five years. 735 ILCS 5/13-205.

11.     Under California law, both the statutory and common law right of publicity claims are subject to a two-year statute of limitations. *Christoff v. Nestle USA, Inc.*, 213 P.3d 132, 135, 141 (Cal. 2009). Further, the statute of limitations for an unjust enrichment claim under California law is two years. *See id.*; *Coachella Valley Water Dist. v. Superior Court of Riverside Cnty.*, 276 Cal. Rptr. 3d 61, 72-73 (Cal. Ct. App. 2021). The statute of limitations for right of privacy claims under California Constitution Article 1, § 1 is two years. *See* Cal. Code Civ. P. § 335.1; *Coachella*, 276 Cal. Rptr. 3d at 72-73; *cf. Cain v. State Farm Mut. Auto Ins. Co.*, 132 Cal. Rptr. 860, 313 (Cal. Ct. App. 1976).

12.     Under New York law, claims under Section 51 of the Civil Rights Law are subject to a one-year statute of limitations. N.Y. Civ. Prac. Law & Rules, § 215(3).

13.     Under Virginia law, a statutory right of publicity claim under Va. Code § 8.01-40 is subject to a five-year statute of limitations. Va. Code § 8.01-243(B); *Lavery v. Automation*

*Mgmt. Consultants, Inc.*, 360 S.E.2d 336, 339 (Va. 1987).  Further, the statute of limitations for a violation of the Virginia Computer Crimes Act is "the earlier of (i) five years after the last act in the course of conduct constituting a violation of the Computer Crimes Act or (ii) two years after the plaintiff discovers or reasonably should have discovered the last act in the course of conduct constituting a violation of the Computer Crimes Act."  Va. Code § 8.01-40.1.  In addition, the statute of limitations to bring a claim for unjust enrichment under Virginia law is three years.  *East West, LLC v. Rahman*, 873 F. Supp. 2d 721, 730 (E.D. Va. 2012).

14.     As a result, Plaintiffs' and the putative class members' claims are barred to the extent the claims were raised outside of the statute of limitations to assert such claims and/or were asserted after an unreasonable amount of time.

### EIGHTH DEFENSE
### (CONSENT, RATIFICATION, ACQUIESCENCE, ESTOPPEL, WAIVER, UNCLEAN HANDS, AND ASSUMPTION OF THE RISK)

15.     At all relevant times, Plaintiffs and the putative class members were informed of the fact that Clearview or any third party could collect their photographs and information from those photographs by posting them on the public Internet for anyone to view and collect, and by agreeing and consenting to the terms and conditions of the websites on which the photographs were posted.

16.     Individuals whose photographs have appeared on the public Internet have consented (either expressly or implicitly) to their public use because they have no expectation of privacy in those photographs.  Further, those individuals assume the risk that their publicly posted photographs will be used by third parties.

17.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they ratified, acquiesced to, approved and participated in, and/or did not object to the

conduct of which they now complain, even after they knew or should have known of the conduct alleged in the Complaint, and are now estopped from complaining of that conduct.

## NINTH DEFENSE
## (PHOTO EXCEPTION)

18.    Plaintiffs' and the putative class members' BIPA claims are barred, in whole or in part, because Clearview's alleged conduct is not subject to BIPA regulation, as it involves information derived from photographs.   BIPA expressly excludes both photographs and information derived from photographs.  740 ILCS 14/10.

## TENTH DEFENSE
## (NO NEGLIGENT, INTENTIONAL, OR RECKLESS CONDUCT)

19.    Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the Clearview Defendants' good faith, and the absence of negligent, intentional, or reckless conduct.  To the extent that Plaintiffs' and the putative class members' BIPA and other state law claims apply to the Clearview Defendants' conduct, the Clearview Defendants are not liable because they relied in good faith upon a reasonable interpretation of BIPA's statutory language and the requirements of California, Virginia, and New York law, and any alleged violation was not negligent, intentional, or reckless.  Further, the Clearview Defendants acted at all times in good faith and without malice, willfulness, or reckless indifference, barring any recovery of punitive or exemplary damages by Plaintiffs and the putative class members.

## ELEVENTH DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

20.    Plaintiffs' and the putative class members' claims are barred, in whole or in part, by their failure to mitigate their damages, if any, and any recovery should therefore be reduced or denied accordingly.

## TWELFTH DEFENSE
### (NO ACTUAL OR PROXIMATE CAUSE)

21.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, because any purported injury is not fairly traceable to the alleged conduct of the Clearview Defendants, and so any relief sought would not redress any such injury.  Further, Plaintiffs' and the putative class members' claims are barred, in whole in part, because the Clearview Defendants' actions were not the actual or proximate cause of any loss suffered by Plaintiffs and the putative class members.

## THIRTEENTH DEFENSE
### (ACTS OF OTHERS)

22.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, because all or part of the damages alleged, if any, were caused by the acts or omissions of persons or entities other than the Clearview Defendants (including, without limitation, the acts or omissions of Plaintiffs and the putative class members or persons who acted on their behalf), for whose conduct the Clearview Defendants are not legally responsible.

## FOURTEENTH DEFENSE
### (UNCONSTITUTIONAL VAGUENESS)

23.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, because BIPA, including but not limited to the statute's "government contractor" exemption and definitions of "biometric identifier" and "biometric information," are vague in violation of the Illinois Constitution.

## FIFTEENTH DEFENSE
### (SPECIAL LEGISLATION)

24.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the requirements of BIPA constitute special legislation in violation of the Illinois Constitution.

**SIXTEENTH DEFENSE**
**(UNCONSTITUTIONAL DAMAGES)**

25.     Plaintiffs and the putative class members seek improper damages in violation of the United States Constitution and other applicable law.  Any award of statutory or punitive damages would constitute an unconstitutional penalty under the circumstances of this case, in violation of the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Illinois, California, Virginia, and New York Constitutions.

**SEVENTEENTH DEFENSE**
**(ADEQUATE REMEDY AT LAW)**

26.     Plaintiffs' and the putative class members' claims for unjust enrichment are barred because Plaintiffs and the putative class members have an adequate remedy at law.

**EIGHTEENTH DEFENSE**
**(UNJUST ENRICHMENT)**

27.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, because any recovery would result in them being unjustly enriched.

**NINETEENTH DEFENSE**
**(CLASS ALLEGATIONS)**

28.     The putative class members' claims are barred, in whole or in part, because the requirements for class certification are not met.

**TWENTIETH DEFENSE**
**(FAILURE TO STATE A CLAIM)**

29.     Plaintiffs' and the putative class members claims are barred because they have failed to state a claim upon which relief can be granted.

## COUNTERCLAIM FOR A DECLARATORY JUDGMENT[6]

1.      Clearview AI, Inc. ("Clearview") brings this declaratory relief action under 735 ILCS 5/2-701 to resolve a controversy regarding Clearview's status as a government contractor under Illinois' Biometric Information Privacy Act ("BIPA").

2.      Plaintiffs David Mutnick, Steven Vance, Mario Calderon, Jennifer Rocio, Anthony Hall, and Isela Carmean (collectively, "Plaintiffs" or "Counterclaim-Defendants") have commenced a lawsuit against Clearview, alleging that Clearview's use of photographs violates BIPA.  However, BIPA includes an exemption for "a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government."  740 ILCS 14/25.

3.      Clearview is a technology company that provides its licensed users/customers with access to an application that searches Clearview's proprietary database of photographs. Clearview's only licensed users/customers are governmental entities.  In other words, Clearview is a government contractor.  *See, e.g., Thornley v. CDW-Government, LLC*, 2020 CH 04346, at *4 (Cir. Ct. Cook Cnty. June 25, 2021) (finding that BIPA's government-contractor exemption applies to anyone "a state agency or local unit of government engages to furnish materials or provide services concerning biometric identifiers").

4.      Accordingly, Clearview seeks a declaratory judgment that its current operations are exempt from BIPA.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a) because this proceeding is a civil action where the matter in controversy exceeds the value of

---

[6] This counterclaim is being asserted without waiver of Clearview's personal jurisdiction defense.

$75,000, exclusive of interest and costs, and Clearview and the Counterclaim-Defendants are, respectively, citizens of different states.

6.     This Court has jurisdiction over the Counterclaim-Defendants because they purport to reside in the State of Illinois and they have submitted to jurisdiction herein.

7.     Venue is proper under 18 U.S.C § 1391(b)-(c) because each of the Counterclaim-Defendants purports to be a resident of the state of Illinois, residing in the Northern District of Illinois.

## PARTIES

8.     Clearview is a Delaware corporation with its headquarters and principal place of business in New York.

9.     On information and belief, Plaintiff David Mutnick is a resident of Illinois, residing in the Northern District of Illinois.

10.     On information and belief, Plaintiff Steven Vance is a resident of Illinois, residing in the Northern District of Illinois.

11.     On information and belief, Plaintiff Mario Calderon is a resident of Illinois, residing in the Northern District of Illinois.

12.     On information and belief, Plaintiff Jennifer Rocio is a resident of Illinois, residing in the Northern District of Illinois.

13.     On information and belief, Plaintiff Anthony Hall is a resident of Illinois, residing in the Northern District of Illinois.

14.     On information and belief, Plaintiff Isela Carmean is a resident of Illinois, residing in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

15.    Clearview collects publicly-available images on the public Internet and organizes them into a database that can be searched remotely by licensed users/customers of the Clearview app.

16.    To collect these images, Clearview automatically searches for and downloads the images and associated webpage URLs from the Internet and stores them in a database. Anyone with access to the public Internet can obtain the images Clearview downloads into its database.

17.    Clearview's customers are government agencies, none of which are located in Illinois. Clearview has been instrumental in helping these government agencies solve heinous crimes, including child rape and child sexual exploitation. *See, e.g.*, U.S. Gov't Accountability Office, GAO-21-526, Facial Recognition Technology: Current and Planned Uses by Federal Agencies (Aug. 2021), at 61 ("DOJ uses Clearview AI to identify unknown individuals of interest in state, federal, and international cases such as child exploitation. DOJ may submit photos (e.g., surveillance photos) or receive requests to match photos against the Clearview AI database."); *see also* Dkt. No. 43-6 ¶ 19 (affidavit from Kevin Metcalf, the Chief Executive Officer of the National Child Protection Task Force, testifying that "[w]ithout Clearview's facial recognition technology, hundreds of children would continue to be raped, and the recordings shared on the Internet for the world to see"); Dkt. No. 43-7 ¶ 7 (affidavit from James Webb, a Sergeant at the East Metro Area Crime Center in Oxford, Alabama, testifying that: "Put simply, the harm from sexual crimes committed against children can never be taken away. Clearview prevents these crimes from happening."); Dkt. No. 43-8 ¶¶ 7-12 (affidavit from Michael Williams, a retired Group Supervisor/Supervisory Special Agent at Homeland Security Investigations, detailing Clearview's role in rescuing a prepubescent child from "brutal sexual abuse" at the hand of her father, when all other investigative tools failed).

18. The Federal Bureau of Investigation has stated that by using Clearview's technology, its Victim Identification Unit, which locates and rescues children from sexual abuse, "went from locating approximately 50 children per year, to 150." Bryan Carney (@bpcarney), Twitter (Apr. 16, 2020, 3:48 AM), https://mobile.twitter.com/bpcarney/status/1250692551176261637.

19. After the January 2021 riot at the U.S. Capitol, law-enforcement agencies across the country used Clearview's app to identify and investigate several of the suspected perpetrators. *See The Facial-Recognition App Clearview Sees a Spike in Use After Capitol Attack*, The New York Times (Jan. 9, 2021), https://www.nytimes.com/2021/01/09/technology/facial-recognition-clearview-capitol.html; *Local Police Force Uses Facial Recognition to Identify Capitol Riot Suspects*, Wall Street Journal (Jan. 8, 2021), https://www.wsj.com/articles/local-police-force-uses-facial-recognition-to-identify-capitol-riot-suspects-11610164393.

20. Among the other agencies that reported using Clearview AI are the Department of Health and Human Services, the Department of Homeland Security, and the Department of Defense. *See* U.S. Gov't Accountability Office, GAO-21-526, Facial Recognition Technology: Current and Planned Uses by Federal Agencies (Aug. 2021), at 20 ("HHS's Office of the Inspector General reported it began a pilot of Clearview AI in September 2020 to assist with identifying subjects of a criminal investigation. Similarly, DHS reported the U.S. Secret Service and U.S. Immigration and Customs Enforcement piloted Clearview AI in fiscal year 2020, to identify individuals in federal criminal investigations, and to identify perpetrators and victims in domestic and international child exploitation cases, respectively. DHS also reported that, since June 2019, U.S. Customs and Border Protection agents had direct, albeit temporary, access to a Clearview AI through their participation with the New York State Intelligence Center. These agents used

Clearview AI to identify criminals, as well as subjects who have been arrested previously, were deported, and attempted to re-enter the United States at the border."); *id.* at 28 ("DOD's Air Force Office of Special Investigations reported it began an operational pilot using Clearview AI in June 2020, which supports the agency's counterterrorism, counterintelligence, and criminal investigations.").

21.     Clearview's facial recognition search engine is also currently being used by the Ukrainian government to defend against Russia's invasion of Ukraine and save civilian lives. *See Ukraine Has Started Using Clearview AI's Facial Recognition During War*, Reuters (Mar. 13, 2022), https://www.reuters.com/technology/exclusive-ukraine-has-started-using-clearview-ais-facial-recognition-during-war-2022-03-13/.

22.     Clearview's Servicing Agreement states that Clearview collects photos from the public Internet, uses an algorithm on certain of the photos to generate facial vectors, and returns search results to licensed users/customers of its product exclusively as an agent of government agencies.

23.     Every customer that uses the Clearview app agrees to the following term of the Servicing Agreement:

> "By entering into this agreement with Clearview AI, you expressly authorize Clearview AI to act as an agent on your behalf for the purpose of (i) collecting and compiling publicly available images from the Internet and (ii) producing facial vectors from those images for the purpose of providing the Service to you."

24.     Accordingly, Clearview's customers have appointed Clearview as their agent for purposes of collecting publicly-available images from the public Internet and producing facial vectors from those images.

25.     All of the facial vectors that are currently used by the Clearview app were created at a time when Clearview acted solely as an agent of governmental entities for the purpose of (i)

collecting and compiling publicly available images from the Internet and (ii) producing facial vectors from those images for the purpose of providing the app to governmental entities.

26.     Clearview's licensed users/customers can use Clearview's product only for legitimate law-enforcement and investigative purposes.  Each licensed user/customer that uses the Clearview app must be authorized to do so by a governmental entity.

27.     A customer may search Clearview's app only if the licensed user/customer enters a case number and crime type, which can be reviewed by that organization's administrative users to ensure that the app is being used in accordance with Clearview's Servicing Agreement.

28.     Plaintiffs/Counterclaim-Defendants brought the instant lawsuit against Clearview alleging that Clearview's operations, including its contracts with governmental entities, violate BIPA.

29.     An actual and legal controversy has arisen and now exists between Clearview and the Counterclaim-Defendants concerning their respective rights and duties.

## CLAIM FOR RELIEF

### FIRST CAUSE OF ACTION—DECLARATORY JUDGMENT
### Pursuant to 28 U.S.C. § 2201

30.     Clearview incorporates and realleges each of its allegations set forth in Paragraphs 1 through 29 as if fully set forth herein.

31.     Counterclaim-Defendants have brought a lawsuit against Counterclaimant for purported BIPA violations.

32.     BIPA provides an exemption for "a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government."  740 ILCS 14/25.

33.     Counterclaimant operates as a contractor of governmental entities.

34.     An actual, justiciable controversy exists between the parties concerning whether Clearview is exempt from BIPA as a result of its status as a government contractor.

35.     The claim is ripe for judicial decision.  A judicial declaration is necessary and appropriate at this time under the circumstances so that Clearview may ascertain its rights and duties.

36.     As a result of this controversy, Clearview seeks a declaration from the Court that Clearview is exempt from BIPA because it is a government contractor.

WHEREFORE, Defendant-Counterclaimant Clearview respectfully requests that the Court declare that Clearview is exempt from BIPA because Clearview is a government contractor, and grant any and all other relief as this Court may deem just and proper.

Dated:  March 14, 2022                    Respectfully submitted,

                                          By:     */s/ Precious S. Jacobs-Perry*
                                                  Precious S. Jacobs-Perry

                                                  Howard S. Suskin
                                                  JENNER & BLOCK LLP (05003)
                                                  353 North Clark Street Chicago, Illinois
                                                  60654 Phone: (312) 222-9350
                                                  pjacobs-perry@jenner.com
                                                  hsuskin@jenner.com

                                                  Lee Wolosky (*pro hac vice*)
                                                  Andrew J. Lichtman (*pro hac vice*)
                                                  JENNER & BLOCK LLP
                                                  919 Third Avenue
                                                  New York, New York 10022-3908
                                                  Phone: (212) 891-1600
                                                  lwolosky@jenner.com
                                                  alichtman@jenner.com

Floyd Abrams (*pro hac vice*)
Joel Kurtzberg (*pro hac vice*)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Phone: (212) 701-3000
fabrams@cahill.com
jkurtzberg@cahill.com

*Attorneys for Defendants Clearview AI, Inc.,*
*Rocky Mountain Data Analytics LLC, Hoan*
*Ton-That, and Richard Schwartz*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2022, I electronically filed the foregoing using the Court's CM/ECF system, which effected service on all counsel of record.


*/s/ Precious Jacobs-Perry*
Precious Jacobs-Perry