**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re Clearview AI, Inc. Consumer Privacy Litig., ) | Case No. 21-cv-0135 |
| ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought a first amended consolidated class action complaint in this multi-district litigation alleging claims against defendant retailer Macy's Retail Holdings, LLC ("Macy's") under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), along with claims under California and New York law. On January 27, 2022, the Court granted in part and denied in part Macy's motion to dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Before the Court is Macy's motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b) challenging certain aspects of the Court's January 27 ruling. For the following reasons, the Court, in its discretion, denies Macy's motion.

**Background**

The Court presumes familiarity with its prior rulings in this multi-district litigation, especially the Court's January 27, 2022 ruling. Plaintiffs allege that the Clearview defendants covertly scraped billions of photographs of facial images from the internet and then used artificial intelligence algorithms to scan the face geometry of each individual depicted in the photographs to harvest the individuals' unique biometric identifiers and corresponding biometric information. The Clearview defendants then created a searchable database containing plaintiffs' biometrics that allowed users to identify unknown individuals by uploading a photograph to the database.

Defendant Macy's is a private corporation that purchased access to the Clearview database and the biometrics contained therein to identify people whose images appeared in surveillance camera

footage from Macy's retail stores. Plaintiffs allege that Macy's is part of the Clearview Client Class, which they defined as follows:

> All non-governmental, private entities – including publicly-traded companies – who purchased access to, or otherwise obtained, the Biometric Database and then utilized the database to run biometric searches at a time when the Biometrics of one or more of the named Plaintiffs had already been captured, collected or obtained, and subsequently stored, by the Clearview Defendants.

Plaintiffs contend that there are at least 200 companies in the Clearview Client Class.

In their first amended consolidated complaint, plaintiffs bring a BIPA claim against Macy's under 740 ILCS 14/15(b), which prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric identifiers or information without first providing notice and consent. Plaintiffs also bring a BIPA claim under 740 ILCS 14/15(c), which prohibits private entities from selling, leasing, trading, or profiting from a person's biometric identifiers or information. Further, plaintiffs alleged statutory and common law claims against Macy's under California and New York law.

**Legal Standard**

There are four statutory criteria the Court must consider in order to grant a § 1292(b) motion: (1) there must be a question of law; (2) the question of law must be controlling; (3) the question of law must be contestable; and (4) immediate appeal would materially advance the litigation. *Kenosha Unified Sch. Dist. No. 1 Bd. of Educ. v. Whitaker,* 841 F.3d 730, 732 (7th Cir. 2016); *Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). "Question of law" in the context of § 1292(b) goes to the "meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz,* 219 F.3d at 676. Section 1292(b) gives district courts discretion when considering whether to certify an interlocutory appeal. *See Breuder v. Board of Trs. of Cmty. College Dist. No. 502,* 888 F.3d 266, 271 (7th Cir. 2018). In the end, § 1292(b) requests for interlocutory appeal are for exceptional circumstances. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

**Discussion**

In the present § 1292(b) motion, Macy's asks the Court to certify three questions, the first one concerning Article III standing: "Whether, in light of the United States Supreme Court's decision in *TransUnion*, allegations of bare statutory violations of Illinois' Biometric Information Privacy Act, unaccompanied by allegations of actual harm, confer Article III standing." There are several reasons why Macy's first question for interlocutory appeal does not meet § 1292(b)'s standards, as discussed directly below.

In the January 2022 ruling, the Court concluded that "plaintiffs have sufficiently alleged that defendant's use of their private information without the opportunity to give their consent as required under BIPA 15(b) caused them the concrete harm of violating their privacy interests in their biometric data." In short, the Court concluded that there were sufficient allegations of actual harm, unlike Macy's interlocutory question that there was no actual harm. Macy's first question thus distorts the Court's application of the law to the facts.

Meanwhile, in concluding plaintiffs sufficiently alleged actual harm for their BIPA 15(b) claim, the Court relied on the Seventh Circuit's decision in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 627 (7th Cir. 2020). In *Bryant*, the Seventh Circuit concluded that the plaintiff had Article III standing for her BIPA 15(b) claim based on the disclosure of her private information without her consent, and thus defendant "inflicted the concrete injury BIPA intended to protect against, *i.e.* a consumer's loss of the power and ability to make informed decisions about the collection, storage, and use of her biometric information." *Id.* at 627. The Supreme Court's decision in *TransUnion, LLC v. Ramirez*, 141 S.Ct. 2190, 2200 (2021), bolsters the *Bryant* holding when it held, "[v]arious intangible harms can also be concrete" including "reputational harms, disclosure of private information, and intrusion upon seclusion." *Id.* at 2204.

Nevertheless, Macy's argues that *TransUnion* stands for the proposition that a victim of a privacy harm can only suffer an injury-in-fact for Article III standing if the victim's information is disseminated

3

to a third-party. The *TransUnion* decision does not support this proposition. Instead, in the context of the Fair Credit Reporting Act ("FCRA"), the *TransUnion* Court concluded that certain class members whose credit reports were not disseminated to third parties did not suffer a concrete injury-in-fact, keeping in mind that "history and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider." *Id.* at 2204. As the *TransUnion* Court clarified, "with respect to the concrete-harm requirement in particular, this Court's opinion in *Spokeo v. Robins* indicated that courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts" and that this "inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id.* In *TransUnion*, the Supreme Court analogized the FCRA violations to the tort of defamation, which requires that the defamatory statement be published to a third party. *Id.* at 2209. Thus, the plaintiffs whose reports were not disseminated to third parties did not allege a concrete injury-in-fact under the FCRA.

Here, the Seventh Circuit analogized BIPA violations to common law privacy torts, which are different common law torts than defamation. *See Fox v. Dakkota Integrated Sys., LLC,* 980 F.3d 1146, 1153 (7th Cir. 2020); *Bryant*, 958 F.3d at 627. As the *Bryant* court held: "Bryant was asserting a violation of her own rights—her fingerprints, her private information—and that this is enough to show injury-in-fact without further tangible consequences. This was no bare procedural violation; it was an invasion of her private domain, much like an act of trespass would be. *Id.* at 624. Accordingly, the Supreme Court's FCRA ruling in *TransUnion* does not change the Seventh Circuit's BIPA precedent.

In the end, there is no contestable question of law to appeal because under Seventh Circuit precedent, a plaintiff has sufficiently alleged a BIPA 15(b) claim based on the harm associated with the invasion of plaintiff's private information. *See Bryant*, 958 F.3d at 619 ("a failure to follow section 15(b) of the law leads to an invasion of personal rights that is both concrete and particularized."). Therefore, the Court denies Macy's motion in this respect.

Next, Macy's seeks to certify the following question for interlocutory appeal: "Whether, as a matter of law, a company's use of a biometric database for loss prevention suffices to allege 'profit' under Section 15(c) of BIPA." To recap, a violation of BIPA 15(c) occurs when private entities "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." Macy's second question does not involve a question of law as required under § 1292(b) because the Court did not construe the statutory meaning of "profit" under BIPA 15(c), which would have amounted to a question of law for § 1292(b) purposes. *See Ahrenholz*, 219 F.3d at 676; *see, e.g., Drnek v. City of Chicago*, 205 F.Supp.2d 894, 900 (N.D. Ill. 2002) (Bucklo, J.). Rather, the Court addressed the parties' arguments whether plaintiffs had plausibly alleged Macy's profited from plaintiffs' biometric information.

To explain, in the January 2022 ruling, the Court concluded that plaintiffs plausibly alleged that Macy's used their biometric information for its own business purposes and profited from its use. From these allegations, the Court stated that "it is reasonable to infer that plaintiffs' biometric information was necessary to Macy's loss prevention business model and that this biometric information generated profits by reducing the number of stolen goods." Macy's disagreement with how the Court applied the facts as alleged to BIPA 15(c) is not grounds for an interlocutory appeal. *See 880 S. Rohlwing Road, LLC v. T&C Gymnastics, LLC*, No. 16-cv-7650, 2017 WL 264504, at *6 (N.D. Ill. Jan. 19, 2017) (St. Eve, J.) ("If a mere disagreement in how the law is applied to the facts of a particular case was all that was needed for an interlocutory appeal,"… "every single denial of a motion to dismiss would present grounds for interlocutory appeal.") (citation omitted). The Court denies Macy's motion in this respect.

Last, Macy's asks the Court to certify a question in relation to plaintiffs' California and New York claims, namely, "whether California and New York statutes and common law protect the same set of rights secured by BIPA." Specifically, Macy's contends plaintiffs are trying to extend BIPA to other states. In making this argument, Macy's ignores the Court's consideration of the alleged facts in the context of the California's Unfair Competition Law, California's commercial misappropriation of

5

likeness statute, the California common law right to publicity, and the right to privacy under the California Constitution. Also, the Court considered the well-pleaded allegations in the context of New York's Civil Rights Act § 51.

At no point did the Court consider or conclude that plaintiffs' California and New York claims protected the same set of rights secured by BIPA—nor did plaintiffs make this argument in their briefs. As such, Macy's contention that plaintiffs' New York and California claims are really BIPA claims incognito is not a question of law for interlocutory appeal. *See Lukis v. Whitepages Inc.*, 542 F.Supp.3d 831, 844 (N.D. Ill. 2020) (Feinerman, J.) ("the question of law must be a 'pure' question of law, 'something the court of appeals could decide quickly and cleanly without having to study the record.'") (citation omitted).

**Conclusion**

For the foregoing reasons, the Court, in its discretion, denies Macy's motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b) [283].

**IT IS SO ORDERED.**

Date: 3/18/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge