UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Clearview AI, Inc. Consumer Privacy Litig., | ) ) ) ) ) | Case No. 21-cv-0135<br><br>Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

On June 14, 2021, defendant Clearview AI, Inc. ("Clearview") removed the California state court action, *Renderos v. Clearview AI, Inc.*, to the Northern District of California asserting that plaintiffs had fraudulently joined certain defendants to destroy diversity of citizenship jurisdiction. The judicial panel for multidistrict litigation transferred *Renderos* to this Court on October 5, 2021, after denying the *Renderos* plaintiffs' motion to vacate an earlier conditional transfer order. Before the Court is the *Renderos* plaintiffs' motion to remand under 28 U.S.C. § 1447(c). For the following reasons, the Court grants plaintiffs' motion.

**Background**

The Court presumes familiarity with its prior rulings in this multidistrict litigation. In their April 22, 2021 complaint filed in the Superior Court of the State of California, Alameda County, plaintiffs allege that they are two community-based organizations and four political activists. They seek injunctive relief and damages against defendant Clearview based on allegations that Clearview illegally acquired, stored, and sold their likenesses, and the likenesses of millions of Californians via Clearview's searchable facial recognition database. Plaintiffs assert that Clearview scraped billions of photographs from websites like Facebook, Twitter, and Venmo and used artificial intelligence algorithms to scan the faceprints. Thereafter, Clearview created a searchable database containing plaintiffs' faceprints allowing users, including law enforcement agencies, to identify unknown individuals by uploading a photograph. Plaintiffs bring claims under California common law, the California Constitution, and California's Unfair Competition Law.

Clearview is not the only defendant to this lawsuit. Plaintiffs originally filed their state court action against Clearview as the sole defendant, after which Clearview removed the lawsuit to federal court based on diversity of citizenship jurisdiction. Plaintiffs then dismissed their action and filed a new state court complaint, which is the operative complaint, adding nondiverse California municipal defendants, City of El Segundo, City and County of Alameda, and City of Antioch. As such, plaintiffs added the municipal defendants before Clearview removed the operative complaint to federal court.

**Legal Standard**[1]

"A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763-64 (7th Cir. 2009). The fraudulent joinder doctrine is "designed to 'strike a reasonable balance among the policies to permit plaintiffs the tactical prerogatives to select the forum and the defendants they wish to sue, but not to reward abusive pleading by plaintiffs, and to protect the defendants' statutory right to remove.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (citation omitted). The doctrine permits district courts "to disregard the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur,* 577 F.3d at 763 (citation omitted). To establish fraudulent joinder, the moving party "bears a heavy burden to show that, after resolving all issues of fact and law in favor of the non-moving party, the non-moving party cannot establish a cause of action" against the nondiverse defendants. *Thornton v. M7 Aerospace LP,* 796 F.3d 757, 765 (7th Cir. 2015). This "heavy burden" standard "is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur*, 577 F.3d at 764. Under this standard, "the district court must ask whether there is 'any

---

[1] Under the plain language of 28 U.S.C. § 1447(e), because plaintiffs joined the nondiverse municipal defendants before Clearview removed the present lawsuit to federal court, the fraudulent joinder standard § 1447(e) does not apply. *See Rodarte v. Ford Motor Co.*, No. 18-cv-10499, 2019 WL 1100150, at *6 (C.D. Cal. March 7, 2019) ("Section 1447(e), which applies only to 'additional defendants' that a plaintiff seeks to join 'after removal,' is inapplicable here because Plaintiff named Vista in his original complaint."). Clearview's reliance on a District Court of Maryland case does not persuade the Court otherwise.

2

reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Id.* If plaintiffs have a reasonable possibility of success on even one of their claims against the municipal defendants, the Court must count the nondiverse municipal defendants' citizenship for jurisdictional purposes and remand this case to state court. *See Smith v. Phillip Morris USA Inc.*, No. 18 C 6397, 2019 WL 4750119, at *2 (N.D. Ill. Sept. 30, 2019) (Chang, J.). Fraudulent joinder, on the other hand, bars remand to state court. *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011).

**Discussion**

Clearview and the municipal defendants first argue that the *Renderos* plaintiffs' tort claims against the municipal defendants necessarily fail because plaintiffs did not present a claim of money damages to the municipal defendants pursuant to California's Tort Claims Act ("CTCA"). Indeed, under the CTCA, "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *Committee for Immigrant Rights of Sonoma County v. County of Sonoma,* 644 F.Supp.2d 1177, 1205 (N.D. Cal. 2009). The CTCA, however, does not apply "to nonpecuniary actions, such as those seeking injunctive, specific or declaratory relief." *Branciforte Heights, LLC v. City of Santa Cruz,* 42 Cal.Rptr.3d 96, 107, 138 Cal.App.4th 914, 929 (Cal. 2006). In their motion to remand, plaintiffs maintain that they are only seeking injunctive relief against the municipal defendants, therefore, the CTCA does not apply under the circumstances.

Nonetheless, plaintiffs cannot bring claims against the municipal defendants under California's common law tort of misappropriation of likeness because pursuant to California's Government Code § 815(a), "there is no such thing as common law tort liability for public entities." *Quigley v. Garden Valley Fire Protection Dist.,* 444 P.3d 688, 691, 249 Cal.Rptr.3d 548, 551, 7 Cal.5th 798, 803 (Cal. 2019). The Court thus considers plaintiffs' claims brought against the municipal defendants under the California Constitution. *See Garcia v. City of Merced*, 637 F.Supp.2d 731, 746 (E.D. Cal. 2008).

The Court turns to Count V of the state court complaint, which is plaintiffs' direct claim against the municipal defendants, namely, that the municipal defendants violated the guarantee of liberty of

3

speech (freedom of speech) under article I, § 2(a) of the California Constitution. "Article I, section 2, subdivision (a) declares, 'Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press.'" *Delano Farms Co. v. California Table Grape Com.*, 417 P.3d 699, 708–09, 233 Cal.Rptr.3d 45, 56–57, 4 Cal.5th 1204, 1221 (Cal. 2018).

In their complaint, the *Renderos* plaintiffs allege that the municipal defendants' use of Clearview's database has a chilling effect on their right to speech and association. In particular, plaintiffs allege that the municipal defendants' ability to search the Clearview database and their resultant use of the information gleaned from the database can lead to retribution by law enforcement against plaintiffs who criticize the police. Plaintiffs allege that knowing law enforcement defendants can investigate and identify them via the Clearview database makes them reluctant to speak publicly at a rally or attend a protest. In sum, plaintiffs' allegations concern the right to assemble and the unlawful prior restraint of future speech.

Accordingly, plaintiffs' allegations also fall under art. I, § 3(a) of the California Constitution, which provides: "The people have the right to instruct their representatives, petition government for redress of grievances, and assemble freely to consult for the common good." Although there is no private right of action for damages based on a violation of art. I, § 2(a) or § 3(a) of the California Constitution, a private party may bring a claim for injunctive or declaratory relief under §§ 2(a) and 3(a). *See Julian v. Mission Cmty. Hosp.*, 218 Cal.Rptr.3d 38, 66, 11 Cal.App.5th 360, 391 (Cal. 2017). As above, plaintiffs are only seeking injunctive relief against the municipal defendants as to this claim.

In their California complaint, plaintiffs allege that by using the Clearview database in their investigatory activities, including intelligence gathering, the municipal defendants' conduct chills their speech and right to association. *See White v. Davis*, 533 P.2d 222, 227, 120 Cal.Rptr. 94, 99, 13 Cal.3d 757, 766 (Cal. 1975) ("The inherent legitimacy of the police 'intelligence gathering' function does not grant the police the unbridled power to pursue that function by any and all means."). And, the

4

"California Constitution is more protective of free speech rights than the federal Constitution, and California courts require 'extraordinary circumstances' before a prior restraint may be imposed." *Molinaro v. Molinaro,* 245 Cal.Rptr.3d 402, 408, 33 Cal.App.5th 824, 832 (Cal. 2019). Clearview nevertheless argues plaintiffs cannot succeed on their liberty of speech claim by citing a case in which the California Court of Appeal, Second District, held the "Constitution, section 2(a) cannot be read to support a cause of action for injunctive relief where an individual is seeking to be rehired by her employer." *McAllister v. Los Angeles Unified Sch. Dist.*, 157 Cal.Rptr.3d 720, 735, 216 Cal.App.4th 1198, 1217 (Cal. 2013). Clearly, *McAllister* does not apply under the circumstances.

Defendants' other arguments fail to meet their "heavy burden" that there is no "reasonable possibility" plaintiffs can establish their speech/right to assemble claim against the municipal defendants. *See Thornton,* 796 F.3d at 765. For example, Clearview argues plaintiffs' claims implicate the First Amendment, and thus, the Court should retain jurisdiction. It is well-settled, however, that plaintiffs are the master of their own complaint. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1012 (7th Cir. 2021). If plaintiffs wanted to bring a First Amendment claim in federal court, they could have, but rather they chose to bring their claims under the California Constitution. *See Thornley v. Clearview AI, Inc.,* 984 F.3d 1241, 1246 (7th Cir. 2021) (plaintiffs "may choose to rely exclusively on state law and avoid federal-question jurisdiction."). Similarly, the municipal defendants argue plaintiffs have not established Article III standing to be in federal court. This argument works in favor of remand because without Article III standing, the proper course of action is to remand this lawsuit to state court. *Id.* at 1249; *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018). In the end, defendants have not met their "heavy burden" to show that there is no reasonable possibility that the *Renderos* plaintiffs can prevail on their claim in Count V. Therefore, the Court grants plaintiffs' motion to remand on this basis. *See Smith*, 2019 WL 4750119, at *2.

Next, in Count IV, plaintiffs bring an aiding and abetting claim against the municipal defendants based on Clearview's alleged invasion of privacy in violation of the California Constitution,

art. I, § 1. To establish their claim against Clearview, plaintiffs must show (1) they possess a legally protected privacy interest, (2) they maintain a reasonable expectation of privacy, and (3) defendant's conduct constituted a serious invasion of privacy. *Hill v. National Collegiate Athletic Assn.*, 865 P.2d 633, 654-55, 26 Cal.Rptr.2d 834, 7 Cal.4th 1 (Cal. 1994). In the Court's February 2022 motion to dismiss ruling, the Court concluded that the California Subclass had plausibly alleged a right to privacy claim under the California Constitution against Clearview. Specifically, the Court concluded that the named plaintiff sufficiently alleged Clearview's conduct constituted a serious invasion of her privacy because biometric information, by its very nature, is sensitive and confidential.

The Court therefore examines the *Renderos* plaintiffs' allegations of aiding and abetting against the municipal defendants. Under California law, a defendant can be held liable for aiding and abetting where defendant knows the underlying conduct constitutes a breach of duty and gives the original tortfeasor substantial assistance or encouragement. *See Barrett v. Apple Inc.*, 523 F.Supp.3d 1132, 1145 (N.D. Cal. 2021); *S&S Worldwide, Inc. v. Wells Fargo Bank*, 509 F.Supp.3d 1154, 1165 (N.D. Cal. 2020). Specifically, "California law 'necessarily' requires that for aiding and abetting liability to attach, a defendant [] made 'a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act.'" *George v. eBay, Inc.*, 286 Cal.Rptr.3d 492, 508, 71 Cal.App.5th 620, 641 (Cal. 2021) (citation omitted).

In their state court complaint, plaintiffs allege that Clearview interacted with the City of Alameda Police Department to obtain a Clearview database license. They further allege that despite the City of Alameda passing a resolution concerning the use of facial recognition, police officers and other employees of the City of Alameda and Alameda County continued to use the Clearview database by uploading images to conduct investigatory searches. Also, plaintiffs contend that Clearview uploaded these images and corresponding biometric information to its database for future searches. They further contend police officers employed by the City of El Segundo and the City of Antioch have used and continue to use the Clearview database in this manner and that Clearview uploaded these images to its

6

database for future searches. Plaintiffs maintain the municipal defendants knew Clearview's conduct breached a duty to plaintiffs and that the municipal defendants provided substantial assistance to Clearview in its unlawful conduct by subscribing to Clearview, paying for Clearview's database, and/or promoting the use of the database to their employees.

It is reasonable to infer from plaintiffs' allegations that the Alameda defendants made a conscious effort to continue using Clearview's facial recognition database after the municipal ordinance was passed. This alone, however, does not come close to alleging that the municipal defendants made a conscious decision to participate in Clearview's tortious activity in order to assist Clearview in performing a wrongful act. *See George*, 286 Cal.Rptr.3d at 508. Meanwhile, plaintiffs' remaining allegations do not link the municipal defendants to Clearview's invasion of privacy, which is based on the sensitive and confidential nature of biometric information. As such, defendants have met their burden that plaintiffs have no "reasonable possibility" of prevailing on their aiding and abetting claim.

Last, in the alternative, Clearview argues that the municipal defendants are misjoined in this action under Federal Rule of Civil Procedure 20(a) and should be severed under Rule 21. Clearview maintains that "[e]ven if plaintiffs satisfy the requirements for permissive joinder under Rule 20(a), the court has discretion to sever a party at any time [ ] if doing so will increase judicial economy and avoid prejudice to the litigants." *Bozek v. Wal–Mart Stores, Inc.*, No. 15-cv-10, 2015 WL 3818984, at *2 (N.D. Ill. 2015) (Darrah, J.) (citation omitted). Here, Clearview does little to convince the Court that the *Renderos* plaintiffs will not suffer prejudice if the Court were to exercise its discretion and sever the claims against the municipal defendants from this lawsuit. The Court denies Clearview's request to sever the municipal defendants.

**Conclusion**

For these reasons, the Court grants the *Renderos* plaintiffs' motion to remand under 28 U.S.C. § 1447(e) [192]. The Court denies the municipal defendants' motions for a judicial determination of fraudulent joinder, but grants their motions to remand [192, 209, 210, 211].

7

**IT IS SO ORDERED.**

Date: 3/23/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge