# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: Clearview AI, Inc., Consumer Privacy Litigation | Case No: 1:21-cv-135 |
| | Judge Sharon Johnson Coleman |
| | Magistrate Judge Maria Valdez |

## DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendant, Macy's Retail Holdings, Inc. ("Macy's"), by and through its attorneys, Taft Stettinius & Hollister LLP, and for its Answer and Affirmative Defenses to the First Amended Consolidated Class Action Complaint, states as follows:

## ANSWER THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1.     Without providing any notice and without obtaining any consent, Defendants Clearview, Ton-That and Schwartz (collectively, the "Clearview Defendants") covertly scraped three billion photographs of facial images from the internet – including facial images of millions of American residents and then used artificial intelligence algorithms to scan the face geometry of each individual depicted in the photographs in order to harvest the individuals' unique biometric identifiers[1] and corresponding biometric information[2] (collectively, "Biometrics"). Further, the Clearview Defendants created a searchable biometric database (the "Biometric Database") that contained the above-described Biometrics and allowed users of the Database to identify unknown individuals merely by uploading a photograph to the database.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

---

[1] As used herein, "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry," among others.

[2] As used, "biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier used to identify an individual.

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

2.      The Clearview Defendants did not develop their technology out of a desire for a safer society. Rather, they developed their technology to invade the privacy of the American public for their own profit.

**ANSWER:**      The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

3.      While the Clearview Defendants have touted their actions and the Biometric Database as being helpful to law enforcement and other government agencies, the Clearview Defendants have made their Biometric Database available to public and private entities and persons, alike. What the Clearview Defendants' technology really offers is a massive surveillance state. Anyone utilizing the technology could determine the identities of people as they walk down the street, attend a political rally or enjoy time in public with their families. One of Clearview's financial backers has conceded that Clearview may be laying the groundwork for a "dystopian future."

**ANSWER:**      The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

4.      Accordingly, Plaintiffs, on behalf of themselves and similarly situated individuals, bring this action for damages and other legal and equitable remedies resulting, from the actions of the Clearview Defendants, Macy's and all other private entities similarly situated to Macy's, and the other Defendants for their unlawful creation and/or use of the Biometric Database consisting of the Biometrics of millions of American residents, including residents of Illinois, California, New York and Virginia. As alleged below, Defendants' conduct violated, and continues to violate, Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, et seq., as well as other state constitutional, statutory and common laws, causing injury to Plaintiffs and Plaintiff Class Members

**ANSWER:**     Macy's admits that Plaintiffs purports to bring this action on behalf of themselves and similarly situated individuals for damages and other legal and equitable remedies against the Clearview Defendants, Macy's, all other private entities that are allegedly similarly situated to Macy's and other Defendants. Macy's denies that it is similarly situated to other private entities with respect to the allegations in this paragraph and denies the remaining allegations asserted against it in this paragraph.  Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

## PARTIES

5.     Plaintiff David Mutnick is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

6.     Plaintiff Steven Vance is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

7.     Plaintiff Mario Calderon is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

8.     Plaintiff Jennifer Rocio is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

9.     Plaintiff Anthony Hall is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

10.     Plaintiff Isela Carmean is, and at relevant times has been, a resident of Illinois residing in the Northern District of Illinois.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

11.     Plaintiff Shelby Zelonis Roberson is, and at relevant times has been, a resident of Virginia.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

12.     Plaintiff Andrea Vestrand is, and at relevant times has been, a resident of California.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

13.     Plaintiff Aaron Hurvitz is, and at relevant times has been, a resident of New York.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

14.     Defendant Clearview AI, Inc. is a private, for-profit Delaware corporation, headquartered in New York, New York (Defendant and its predecessors, hereinafter "Clearview"). Clearview markets its technology throughout the United States, including in Illinois. Moreover, Clearview obtains the images that underlie its technology from millions of internet-based platforms and websites, including, on information and belief, based on the magnitude of platforms

4

and websites involved, platforms and websites of Illinois companies or companies who operate servers in Illinois. Clearview's business and unlawful practices extend nationwide, and it has disclosed the Biometrics of unsuspecting individuals to its clients around the country. Clearview continues to engage in this conduct to this day.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

15.    Defendant Hoan Ton-That is a founder and the Chief Executive Officer of Clearview and an architect of its illegal scheme, as alleged herein. Ton-That's responsibilities at Clearview included, and continue to include, managing technology matters. At relevant times, Ton-That knew of, participated in, consented to, approved, authorized and directed the wrongful acts alleged in this Consolidated Class Action Complaint.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

16.    Defendant Richard Schwartz is a founder and the President of Clearview and an architect of its illegal scheme. Schwartz's responsibilities at Clearview included, and continue to include, managing sales. Schwartz knew of, participated in, consented to, approved, authorized, and directed the wrongful acts alleged in this Consolidated Class Action Complaint.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

17.    At relevant times, Defendant Thomas Mulcaire was an attorney, Clearview's General Counsel and the Vice President of Defendant Rocky Mountain. Mulcaire provided Rocky Mountain's sole customer – the Illinois Secretary of State – with his personal information in order to be paid directly for work performed by Rocky Mountain.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

18.     Defendant Rocky Mountain Data Analytics LLC is a private, for-profit New Mexico limited liability company with its principal place of business in New Mexico. At relevant times, Rocky Mountain had a single client – the Illinois Secretary of State. Rocky Mountain provided the Illinois Secretary of State with access to the Biometric Database and the Biometrics contained therein. – to which it provided the Biometric Database.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

19.     Defendant Macy's, Inc. is a Delaware corporation, doing business in Illinois, with twenty-one department stores in that state.

**ANSWER:**     Macy's admits that Macy's, Inc. is a Delaware corporation. Macy's denies the

remaining allegations of this paragraph.

## JURISDICTION AND VENUE

20.     This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Plaintiff Class Members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from one of the Defendants. The Court has supplemental jurisdiction over all of the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is

required. To the extent an answer is required, Macy's denies the allegations contained in this

paragraph.

21. This Court has personal jurisdiction over the Clearview Defendants because their contacts with Illinois are directly related to the conduct alleged herein. As set forth in the Court's order in *Mutnick v. Clearview AI, Inc.*, No. 1:20-cv-512 (N.D. Ill) (Dkt. 86):

> Ton-That and Schwartz founded Clearview in 2017. Ton-That and Schwartz have high-ranking positions in management and operations at Clearview. More specifically, Ton-That is Clearview's CEO and is responsible for managing Clearview's technological matters. Schwartz is Clearview's president managing Clearview's sales. Schwartz and Ton-That have contributed significant resources to Clearview's operations. Schwartz, for example, has paid for the servers and other costs necessary to carry out Clearview's scraping and scanning operations.

> As Clearview's principals, Schwartz and Ton-That have executed hundreds of agreements on behalf of Clearview with numerous Illinois law enforcement and other government agencies, as well as private entities in Illinois, to provide access to its facial recognition database. Through these agreements, defendants have sold, disclosed, obtained, and profited from the biometric identifiers of Illinois citizens. Some the entities to whom Clearview sold biometric information include the Chicago, Rockford, and Naperville police departments. Also, Clearview marketed its licenses (user accounts) for its facial recognition database to the Illinois Secretary of State and negotiated a contract with the Secretary of State via a series of emails, mail, and phone calls. As to Clearview's price quote to the Secretary of State, set forth in a letter dated October 1, 2019, Clearview directed payments to be sent to Clearview AI/Attn: Richard Schwartz at Schwartz's residence in New York City.

> Plaintiffs further maintain that defendants purposely directed their "illegal harvesting" at the State of Illinois. To clarify, the images contained in the facial recognition databases sold to Illinois entities were uploaded and created using internet-based platforms and websites from companies in Illinois or companies who operate servers in Illinois. Simply put, defendants took biometric information from Illinois residents, created a surveillance database, and then marketed and sold licenses to use this database to entities in Illinois. As a result, plaintiffs' privacy rights were violated.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

22. This Court has personal jurisdiction over Rocky Mountain and Mulcaire because their contacts with Illinois are directly related to the conduct alleged herein. According to Mulcaire's May 23, 2020 sworn declaration: (a) Rocky Mountain "is a special purpose entity that

was used for the purpose of contracting with the Illinois Secretary of State"; (b) "[a]lthough [Rocky Mountain] did submit a quote to the Chicago Police Department, other than the transaction with the Illinois Secretary of State, [Rocky Mountain] has not engaged in any other transactions related to Clearview's [biometric] database since its formation, and is not currently engaged in efforts to market or contract with parties for access to Clearview's database"; and (c) Rocky Mountain "has no employees, assets or products separate from those of Clearview . . . ." The Biometric Database that Rocky Mountain offered and provided to the Illinois Secretary of State was the same Biometric Database created by Clearview, with the same connection to Illinois as alleged in the preceding paragraph. At relevant times, Mulcaire was Rocky Mountain's Vice President and directly corresponded with the Illinois Secretary of State in connection with Rocky Mountain's efforts to obtain the Illinois Secretary of State's business. According to the Illinois Secretary of State's records, the "Vendor/Payee Name" for the entity providing the Biometric Database was "Thomas Mulcaire" and the "Vendor Name2/DBA" was "Rocky Mtn Data Analytics LLC." Further, according to publicly-available information from the Illinois Comptroller's Office, Thomas Mulcaire was paid $5,000 in 2020, the amount invoiced by Rocky Mountain.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.


23.    The Court has personal jurisdiction over Macy's because its contacts with Illinois are directly related to the conduct alleged herein. At relevant times, Macy's operated twenty-one retail stores in Illinois. On information and belief, Macy's obtained access to the Biometric Database and the Biometrics contained therein in order to identify people whose images appeared in surveillance camera footage from Macy's retail stores, including its retail stores in Illinois. Macy's utilized the Biometric Database over 6,000 times, each time uploading a probe image to the database to have the database search the Biometrics contained therein, including the Biometrics of millions of Illinois residents, for a biometric match. On information and belief, based on the magnitude of the number of searches, Macy's uploaded one or more probe images from surveillance cameras located in Illinois.

**ANSWER:**    Macy's denies the allegations of this paragraph.


24.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because, as alleged above, a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in Illinois. Alternatively, venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendants. Additionally, venue is proper pursuant to 28 U.S.C. § 1407(a) and the Order of the United States Judicial Panel on Multidistrict Litigation transferring this multidistrict litigation to this Court.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, Macy's denies that all or part of the acts or omissions giving rise to Plaintiffs' claims against Macy's occurred in Illinois. Macy's admits the United States Judicial Panel on Multidistrict Litigation transferred this multidistrict litigation to this Court but denies that either the transfer order or 28 U.S.C. § 1407(a) suffices to establish proper venue. Macy's denies the remaining allegations of this paragraph because Illinois does not have general jurisdiction over Macy's and Plaintiffs' claims do not arise out of or relate to Macy's contacts with Illinois.

## FACTUAL ALLEGATIONS

### *Biometric Identifiers*

25.     Every individual has unique features by which he or she can be identified using a set of standard quantitative measurements, commonly referred to as "biometric identifiers."

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

26.     For example, the shape of and distance between tiny ridges on each person's finger are unique, so measures of those features can be used to identify a specific individual as the person who made a fingerprint.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

27.     Each person also has a unique facial geometry composed of, among other measurements, distances between key facial landmarks and ratios between those distances.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

28.     Once a picture of a person's face is scanned and its biometric measurements are captured, computers can store that information and use it to identify that individual any other time

that person's face appears on the internet, in a scanned picture or in footage from any of the billions of cameras that are constantly monitoring the public's daily lives.

**ANSWER:** Macy's lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.

29. Unlike fingerprints, facial biometrics are readily observable and, thus, present a grave and immediate danger to privacy, individual autonomy, and liberty.

**ANSWER:** Macy's lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.

***The Clearview Defendants' Unlawful Biometric Database***

30. The Clearview Defendants have collected, captured and obtained Biometrics from more than three billion images they covertly scraped from the internet – including, on information and belief, the Biometrics of Plaintiffs and Class Members – which they have amassed into the searchable Biometric Database.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

31. Additionally, the Clearview Defendants have distributed, disseminated, sold, traded, leased and otherwise profited from the Biometrics they unlawfully collected, captured and obtained.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

32.     To date, the Clearview Defendants have sold unfettered access to their vast Biometric Database to more than 7,000 individuals from approximately 2,000 law enforcement and government agencies, including the Chicago Police Department and the Illinois Secretary of State.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

33.     Moreover, the Clearview Defendants have sold unfettered access to the Biometric Database to more than 200 private companies, including Macy's and Defendant Class Members. Those private entities in turn frequently queried the Biometric Database for their own business purposes, including to identify particular individuals appearing in photographs or videos in their possession. Each time one of Clearview's private clients queried the Biometric Database, the Clearview Defendants' algorithms compared the facial geometry of the subject appearing in a chosen photograph or video against the facial geometry of each of the hundreds of millions of subjects appearing in the database, including the facial geometry of each of the Plaintiffs and Plaintiff Class Members. Thus, by obtaining access to and querying the Biometric Database, Macy's and Defendant Class Members necessarily obtained, accessed and used all of the Biometrics in that database, including the Biometrics of Plaintiffs and Plaintiff Class Members.

**ANSWER:**     Macy's denies the allegations asserted against it in this paragraph. Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations asserted in

this paragraph against any Defendant other than Macy's and therefore denies them.

34.     At relevant times, the Clearview Defendants failed to store and protect from disclosure the highly sensitive Biometrics in the Biometric Database: (a) using the reasonable standard of care within Clearview's industry; and (b) in a manner that was the same or more protective than the manner in which the Clearview Defendants stored and protected other confidential and sensitive information. Evidence of the Clearview Defendants' lax security practices includes the fact that Clearview's electronic systems were hacked on at least two occasions in 2020.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.


35.    According to public reports, in one instance, the hackers obtained Clearview's customer list. In the other instance, hackers obtained access to a "misconfigured server" that exposed Clearview's internal files, apps and source code to anyone on the internet. The misconfigured server allowed anyone to run Clearview's software application and access the Biometric Database that contained the sensitive Biometrics of millions of United States residents, including Plaintiffs and Plaintiff Class Members.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.


***The Corporate Fictions***

36.    At relevant times, a unity of interest existed between Clearview and its principals, Ton-That and Schwartz, that caused the separate personalities of Clearview and those principals to no longer exist. Moreover, adherence to the fiction of a separate corporate existence would promote injustice and inequitable consequences.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.


37.    From Clearview's inception, Ton-That and Schwartz undercapitalized Clearview so that Clearview could not fulfill its obligations – namely, its legal obligations. Ton-That's and Schwartz's undercapitalization was especially egregious given that, as alleged herein, they built Clearview around an inherently unlawful business model that exposed Clearview to substantial legal liability at all times. Ton-That's and Schwartz's failure to adequately capitalize Clearview rendered, and continues to render, Clearview a mere liability shield.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.


38.     Further, at relevant times, Clearview directed its customers to send payments to Schwartz's personal residence. Moreover, Schwartz paid for the servers and other costs necessary to carry out Clearview's unlawful scraping and biometric scanning operations.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.


39.     Additionally, Ton-That and Schwartz treated Clearview's Biometric Database as their own and transferred "ownership" of it as they saw fit. In or about September 2019, Rocky Mountain was organized and, shortly thereafter, contracted with the Illinois Secretary of State to provide the Secretary of State with access to the Biometric Database. Rocky Mountain represented that the Biometric Database was "its proprietary technology" and that Rocky Mountain was the "sole manufacturer and provider" of the Biometric Database. According to Rocky Mountain, "there is no other company that offers this product [the Biometric Database] and set of capabilities." On information and belief, based on Ton-That's and Schwartz's leadership positions within Clearview and the fact that they were responsible for the creation of the Biometric Database, Ton-That and Schwartz authorized and were directly involved in the creation of Rocky Mountain and responsible for allowing Rocky Mountain to sell access to the Biometric Database.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.


40.     Notably, at relevant times, a unity of interest existed between Rocky Mountain, on the one hand, and Ton-That, Schwartz and Mulcaire on the other that caused the separate personalities of Rocky Mountain and Ton-That, Schwartz and Mulcaire to no longer exist. Moreover, adherence to the fiction of a separate corporate existence would promote injustice and inequitable consequences.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

41.    Rocky Mountain was, in essence, a corporate shell that Ton-That and Schwartz did not capitalize at all.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

42.    Further, Ton-That, Schwartz and Mulcaire did not follow corporate formalities with respect to Rocky Mountain. For instance, Rocky Mountain's salesperson, in actuality, was a Clearview employee. On information and belief, Ton-That, Schwartz and Mulcaire authorized and directed that Clearview salesperson to double as a Rocky Mountain salesperson, all the while knowing that the salesperson would be paid for all of his work by Clearview. Further, on information and belief, Ton-That and Schwartz authorized Mulcaire to provide his personal information to the Illinois Secretary of State, knowing that by doing so the Illinois Secretary of State would make direct payment to him, not Rocky Mountain. Mulcaire, an attorney, ultimately provided his personal information to the Illinois Secretary of State, resulting in the Illinois Secretary of State submitting a voucher to the Illinois Comptroller authorizing payment to Mulcaire. The Illinois Comptroller ultimately issued a $5,000 payment to Mulcaire.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

43.    Based on the same facts alleged in the preceding paragraphs, Clearview, itself, is also liable for the acts of Rocky Mountain because: (a) it was Rocky Mountain's parent; and (b) had control over and was involved in Rocky Mountain's misconduct. As alleged, Rocky Mountain's misconduct can be traced to Clearview, its parent, through the conduct of Ton-That, Schwartz and Mulcaire who were directly responsible for Rocky Mountain's activities. Rocky

14

Mountain's activities – which including collecting, obtaining, distributing, disseminating, selling, leasing and profiting from the Biometrics of Plaintiffs and Plaintiff Class Members – resulted in Rocky Mountain violating the privacy rights of millions of American residents, including residents of Illinois, California, New York and Virginia. At all times, the injuries caused by Rocky Mountain's conduct were foreseeable.

**ANSWER:**   The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

### *Allegations Related to Plaintiffs*

44.   At relevant times, Plaintiff Mutnick uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. Further, at relevant times, photographs taken in Illinois and containing images of Plaintiff's face were uploaded by others to various websites on the internet. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Mutnick's Biometrics are contained in the Biometric Database.

**ANSWER:**   Macy's lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.

45.   At relevant times, Plaintiff Vance uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. Plaintiff Vance has uploaded over 18,000 photographs to the internet, many of which contain images of his face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Vance's Biometrics are contained in the Biometric Database.

**ANSWER:**   Macy's lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.

46.   At relevant times, Plaintiff Calderon uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Calderon's Biometrics are contained in the Biometric Database.

**ANSWER:**    Macy's lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.

47.    At relevant times, Plaintiff Rocio uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of her face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Rocio's Biometrics are contained in the Biometric Database.

**ANSWER:**    Macy's lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.

48.    At relevant times, Plaintiff Hall uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Hall's Biometrics are contained in the Biometric Database.

**ANSWER:**    Macy's lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.

49.    At relevant times, Plaintiff Carmean uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of her face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Carmean's Biometrics are contained in the Biometric Database.

**ANSWER:**    Macy's lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.

50.    At relevant times, Plaintiff Roberson uploaded from Virginia to various websites on the internet photographs taken in Virginia and containing images of her face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Roberson's Biometrics are contained in the Biometric Database.

**ANSWER:**    Macy's lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.

51.     At relevant times, Plaintiff Hurvitz uploaded from New York to various websites on the internet photographs taken in New York and containing images of his face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Hurvitz's Biometrics are contained in the Biometric Database.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.


52.     At relevant times, Plaintiff Vestrand uploaded from California to various websites on the internet photographs taken in California and containing images of her face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Vestrand's Biometrics are contained in the Biometric Database.

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.


53.     After scraping photographs from the internet, the Clearview Defendants, singularly and/or in concert, performed facial geometric scans of the various faces in the scraped photographs, including Plaintiffs' faces, in order to collect, capture and obtain the Biometrics from those faces.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.


54.     Additionally, the Clearview Defendants distributed and disseminated the Biometrics of Plaintiffs and Plaintiff Class Members to Rocky Mountain who, after obtaining the Biometrics, then redistributed and disseminated them to the Illinois Secretary of State.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.

55.     The Clearview Defendants also distributed and disseminated the Biometrics of Plaintiffs and Plaintiff Class Members to Macy's and Defendant Class Members who, as alleged above, purchased access to the Biometric Database and then repeatedly obtained the Biometrics contained therein in connection with running biometric searches.

**ANSWER:**     Macy's denies the allegations asserted against it in this paragraph. Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations that are

asserted in this paragraph against any Defendant other than Macy's and therefore denies them.


56.     Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire profited from the Biometrics in the Biometric Database, including the Biometrics of Plaintiffs and Plaintiff Class Members, by selling, leasing and trading them to thousands of governmental and private entities, as alleged herein.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

this paragraph and therefore denies them.


57.     Macy's and Defendant Class Members also profited from the Biometrics in the Biometric Database, including the Biometrics of Plaintiffs and Plaintiff Class Members, by using those Biometrics to prevent losses and/or improve the customer's experience.

**ANSWER:**     Macy's denies the allegations against Macy's in this paragraph. Macy's lacks

knowledge or information sufficient to form a belief as to the truth of the allegations that are

asserted in this paragraph against any Defendant other than Macy's and therefore denies them.


58.     Defendants: (a) never informed Plaintiffs or Plaintiff Class Members in writing or otherwise of the purpose for which they were collecting, capturing, obtaining, purchasing, disclosing, redisclosing and disseminating the Biometrics of Plaintiffs and Plaintiff Class Members; and (b) never sought, nor received, a written release or other consent from Plaintiffs or Plaintiff Class Members or the respective authorized representatives of Plaintiffs or Plaintiff Class Members that allowed Defendants to collect, capture, obtain, purchase, disclose, redisclose and disseminate the Biometrics of Plaintiffs and Plaintiff Class Members.

**ANSWER:**  Macy's denies that it collected, captured, obtained, purchased, disclosed, rediscloses or disseminated the Biometrics of Plaintiffs or Plaintiff Class Members and therefore denies the allegations asserted against it in this paragraph.  Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations that are asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

59.     Further, Plaintiffs and Plaintiff Class Members never consented, agreed or gave permission – written or otherwise – to Defendants for the collection or storage of their unique Biometrics. Indeed, prior to the Biometric Database being publicized, Plaintiffs and Plaintiff Class Members had no idea Defendants were ever in possession of their photographs.

**ANSWER:**  Macy's denies that it collected or stored any Plaintiff's or Plaintiff Class Member's unique Biometrics, or publicized the Biometric Database, and therefore denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

60.     Likewise, Defendants never provided Plaintiffs or Plaintiff Class Members with an opportunity to prohibit or prevent the collection, storage, use or dissemination of their unique Biometrics.

**ANSWER:**  Macy's denies that it collected, stored, used or disseminated any Plaintiff's or Plaintiff Class Member's unique Biometrics and therefore denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

***The Injuries and Damages of Plaintiffs and Plaintiff Class Members***

61.     As alleged herein, as a result of Defendants' unlawful conduct, Plaintiffs and Plaintiff Class Members have already sustained injuries and face many more imminent and certainly impending injuries, which injuries they will continue to suffer.

**ANSWER:**     Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

62.     Defendants' unlawful conduct has resulted in, among other things: (a) Plaintiffs' and Plaintiff Class Members' unique Biometrics being collected, captured, obtained, purchased, disclosed, redisclosed and otherwise disseminated without the requisite notice having been given and without the requisite releases or consents having been obtained; and (b) Plaintiffs and Plaintiff Class Members being deprived of control over their Biometrics.

**ANSWER:**     Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

63.     To this day, Plaintiffs and Plaintiff Class Members do not know which, or how many, individuals or entities have received, obtained, purchased, received through trade, accessed, stored, disclosed, redisclosed or otherwise made use of Plaintiffs' and Plaintiff Class Members' Biometrics, exposing them to the imminent and certainly impending injuries of identity theft, fraud, stalking, surveillance, social engineering and other invasions of privacy.[3]

**ANSWER:**     Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

64.     As a result of Defendants' misconduct, Plaintiffs and Plaintiff Class Members have no recourse for the fact that their biologically unique information has been compromised. Moreover, Plaintiffs and Class Members are likely to withdraw from biometric-facilitated transactions and other facially-mediated electronic participation.

**ANSWER:**     Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

---

[3]     *Facial     Recognition     Tech:     10     Views     on     Risks     and     Rewards*, https://www.forbes.com/sites/forbestechcouncil/2018/04/03/facial-recognition-tech-10-views-on-risks-and-rewards/#54d3e1716b3c (accessed on Mar. 15, 2021)

## CLASS ACTION ALLEGATIONS

65.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2)-(3) and 23(c)(4) on behalf of themselves and the following classes:

      a.      **Nationwide Class**: All individuals in the United States of America whose Biometrics were or are contained in the Biometric Database.

      b.      **Illinois Subclass**: All individuals who reside or resided in the State of Illinois whose Biometrics were or are contained in the Biometric Database.

      c.      **California Subclass:** All individuals who reside or resided in the State of California whose Biometrics were or are contained in the Biometric Database.

      d.      **New York Subclass:** All individuals who reside or resided in the State of New York whose Biometrics were or are contained in the Biometric Database.

      e.      **Virginia Subclass**: All individuals who reside or resided in the State of Virginia whose Biometrics were or are contained in the Biometric Database.

The Nationwide Class, Illinois Subclass, California Subclass, New York Subclass and Virginia Subclass are at times collectively referred to hereinafter as the "Plaintiff Classes."

**ANSWER:**     Macy's admits Plaintiffs purport to bring this action pursuant to Federal Rule of

Civil Procedure 23(b)(2)-(3) and 23(c)(4) on behalf of themselves and individuals who meet the

definitions of the Plaintiff Classes proposed in Subparagraphs 65(a) – (e), but denies that any claim

asserted against Macy's is appropriate for certification of a class pursuant to either Fed. R. Civ. P.

23(b)(2), (b)(3) or (c)(4).


66.     Excluded from the Plaintiff Classes are: (a) Defendants; (b) any parent, affiliate or subsidiary of any Defendant; (c) any entity in which any Defendant has a controlling interest; (d) any of Defendants' officers or directors; and (e) any successor or assign of any Defendant. Also excluded are any judge or court personnel assigned to this case and members of their immediate families.

**ANSWER:**     Macy's admits Plaintiffs purport to exclude certain individuals from the proposed

definitions of the various Plaintiff Classes, but denies that any claim asserted against Macy's is

appropriate for certification of a class pursuant to Fed. R. Civ. P. 23.

21

67.     Additionally, on behalf of themselves and the members of the Plaintiff Classes, Plaintiffs bring this action against a class of entities similarly situated to Macy's pursuant to Federal Rule of Civil Procedure 23(b)(2)-(3) and 23(c)(4), defined as follows:

> **Clearview Client Class:** All non-governmental, private entities – including publicly-traded companies – who purchased access to, or otherwise obtained, the Biometric Database and then utilized the database to run biometric searches at a time when the Biometrics of one or more of the named Plaintiffs had already been captured, collected or obtained, and subsequently stored, by the Clearview Defendants.

**ANSWER:**     Macy's admits Plaintiffs purport to bring this action on behalf of themselves and the members of the Plaintiff Classes against a class of entities that Plaintiffs allege are similarly situated to Macy's pursuant to Federal Rule of Civil Procedure 23(b)(2)-(3) and 23(c)(4), but denies that it is similarly situated to any member of the purported class of entities, which Plaintiffs label the "Clearview Client Class," and further deny it is appropriate to certify the Clearview Client Class pursuant to either Fed. R. Civ. P. 23(b)(2), (b)(3) or (c)(4).

68.     The Plaintiff Classes and the Clearview Client Class are at times collectively referred to hereinafter as the "Classes".

**ANSWER:**     Macy's admits that Plaintiffs sometimes refer to the Plaintiff Classes and the Clearview Client Class collectively as the "Classes," but denies that any claim asserted against Macy's is appropriate for certification of a class pursuant to either Fed. R. Civ. P. 23(b)(2), (b)(3) or (c)(4).

69.     Plaintiffs reserve the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

**ANSWER:**     Macy's denies Plaintiffs can indefinitely reserve their rights to amend or modify the class definitions and therefore denies the allegations contained in this paragraph.

70.     **Numerosity:** Members of each of the Classes are so numerous that their individual joinder herein is impracticable. Upon information and belief, the members of the Plaintiff Classes number in the millions, and the number of members of the Clearview Client Class exceeds forty.

The precise number of members of the Classes and their identities are unknown to Plaintiffs at this time but may be determined through discovery and objective data. Members of the Classes may be notified of the pendency of this action by mail, electronic mail, internet postings, social media and/or publication.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is

required. To the extent an answer is required, Macy's denies that any claim asserted against Macy's

is appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore denies the

allegations asserted against it in this paragraph. Macy's lack knowledge or information sufficient

to form a belief as to the remaining allegations contained in this paragraph and therefore denies

them.


71.     **Commonality and predominance:** Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members. Common legal and factual questions include, but are not limited to:

    a.    Whether Defendants engaged in the wrongful conduct alleged herein;

    b.    Whether Defendants and members of the Clearview Client Class captured, collected, obtained, accessed, created, stored, used, commercialized, disseminated, disclosed or redisclosed the Biometrics of Plaintiffs and members of the Plaintiff Classes;

    c.    Whether the actions of Defendants and members of the Clearview Client Class violated state statutory, constitutional and common law;

    d.    Whether Defendants and members of the Clearview Client Class properly informed Plaintiffs and members of the Plaintiff Classes that they were collecting, capturing, obtaining, creating, accessing, storing, using, commercializing, disseminating, disclosing and redisclosing their Biometrics;

    e.    Whether Defendants and members of the Clearview Client Class obtained signed written releases or any other form or consent from Plaintiffs or members of the Plaintiff Classes to engage in the practices alleged herein;

    f.    Whether Defendants and members of the Clearview Client Class used the Biometrics of Plaintiffs and members of the Plaintiff Classes to identify them;

    g.    Whether Defendants and members of the Clearview Client Class acted negligently, recklessly or intentionally in, directly or indirectly, scraping

individuals' photographs from the internet and/or using them to identify individuals based upon facial geometry;

h. Whether Defendants and members of the Clearview Client Class should be enjoined from continuing their practices;

i. Whether Defendants and members of the Clearview Client Class failed to provide notice that they were, directly or indirectly, scraping individuals' photographs from the internet and/or using them to identify individuals based upon facial geometry ;

j. Whether Defendants and members of the Clearview Client Class failed to provide notice that they were collecting, capturing, obtaining, accessing, using, storing and disseminating individuals' images, facial geometry and Biometrics;

k. Whether Defendants and members of the Clearview Client Class provided any mechanism for members of the Plaintiff Classes to consent to their practices;

l. Whether Macy's and members of the Clearview Client Class purchased or otherwise obtained access to the Biometric Database; and

m. Whether Macy's and members of the Clearview Client Class collected, purchased, received through trade or otherwise obtained the Biometrics of Plaintiffs and members of the Plaintiff Classes.

**ANSWER:** The allegations contained in this paragraph and subparagraph are legal conclusions to which no answer is required. To the extent an answer is required, Macy's denies that any claim asserted against Macy's is appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore denies the allegations asserted against it in this paragraph. Macy's lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and therefore denies them.

72. **Typicality:** The claims of the named Plaintiffs are typical of the claims of members of the Plaintiff Classes because Plaintiffs and all members of the proposed Plaintiff Classes have suffered similar injuries as a result of the same practices alleged herein. Plaintiffs have no interests to advance adverse to the interests of the other members of the proposed Plaintiff Classes. Similarly, the defenses of Macy's are typical of the defenses of members of the Clearview Client Class because Macy's and all members of the proposed Clearview Client Class have engaged in similar conduct and injured Plaintiffs and members of the Plaintiff Classes in similar ways.

Plaintiffs are unaware of any interests of Macy's that are adverse to the interests of the other members of the Proposed Clearview Client Class.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is

required. To the extent an answer is required, Macy's denies that any claim asserted against Macy's

is appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore denies the

allegations asserted against it in this paragraph. Macy's lack knowledge or information sufficient

to form a belief as to the remaining allegations contained in this paragraph and therefore denies

them.

73.    **Adequacy:** Plaintiffs are adequate representatives of the Plaintiff Classes because their interests do not conflict with the interests of the members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of the members of the Plaintiff Classes will be fairly and adequately protected by Plaintiffs and their counsel. Similarly, Macy's is an adequate representative of the Clearview Client Class because its interests do not conflict with the interests of the members of the Clearview Client Class. Further, Plaintiffs anticipate that Macy's will retain competent and experienced counsel who will defend this action vigorously. The interests of the members of the Clearview Client Class will be fairy and adequately protected by Macy's and its counsel.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is

required. To the extent an answer is required, Macy's denies that any claim asserted against Macy's

is appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore denies the

allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient

to form a belief as to the remaining allegations contained in this paragraph and therefore denies

them.

74.    **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims and defenses of the members of the Plaintiff Classes and the Clearview Client Class. Each individual member of the Plaintiff Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' and the Clearview Client Class's liability. Further, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized

litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court on the issue of the liability of Defendants and members of the Clearview Client Class. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies that any claim asserted against Macy's is appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and therefore denies them.

75.    In the alternative, the proposed classes may be certified because:

a.    The prosecution and defense of separate actions by each individual member of the proposed Classes would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendants;

b.    The prosecution and defense of individual actions could result in adjudications that as a practical matter would be dispositive of the interests of non-party Class Members or which would substantially impair their ability to protect their interests; and

c.    Defendants acted or refused to act on grounds generally applicable to the proposed Classes, thereby making final and injunctive relief appropriate with respect to members of the proposed Classes.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies that any claim asserted against Macy's is appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and therefore denies them.

26

76.     Pursuant to Rule 23(c)(4), particular issues are appropriate for certification – namely the issues described in paragraph 71 above, because resolution of such issues would advance the disposition of the matter and the parties' interests therein.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies that any claim asserted against Macy's is appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and therefore denies them.

## COUNT ONE
### VIOLATION OF BIPA – 740 ILCS 14/15(b)
**(By Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean, on Behalf of Themselves and Members of the Illinois Subclass, Against Defendants Clearview, Ton-That, Schwartz and Macy's and Members of the Clearview Client Class)**

77.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**     Macy's restates and incorporates by reference its answers to paragraph 1 through 76 as if fully set forth herein.

78.     BIPA seeks to safeguard individuals' biometrics identifiers and biometric information.

**ANSWER:**     The allegations  of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, Macy's admits that 740 ICS 14/5 states: "The public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." Macy's denies the remaining allegations contained in this paragraph.

79.    Pursuant to BIPA, biometric identifiers include a scan of an individual's face geometry. 740 ILCS 14/10.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, Macy's admits that 740 ILCS 14/10 states: "'Biometric identifier' means a… scan of hand or face geometry. Biometric identifiers do not include writing samples, written signatures, photographs, human biological samples used for valid scientific testing or screening, demographic data, tattoo descriptions, or physical descriptions such as height, weight, hair color, or eye color." Macy's denies the remaining allegations contained in this paragraph.

80.    Pursuant to BIPA, biometric information is "any information . . . based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, Macy's admits that 740 ILCS 14/10 states "'Biometric information' means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers." Macy's denies the remaining allegations contained in this paragraph.

81.    Pursuant to BIPA, a private entity, such as each Defendant, *see* 740 ILCS 14/10, is among other things, prohibited from collecting, capturing, purchasing, receiving through trade or otherwise obtaining an individual's biometric identifiers and information without first: (a) informing the individual or the individual's authorized representative in writing that the biometric identifier and information are being collected or stored; (b) informing the individual or the individual's authorized representative of the specific purpose and length of term for which the biometric identifier and information are being collected, stored and used; and (c) obtaining a written release. 740 ILCS 14/15(b).

**ANSWER:** Macy's admits it is a private entity. Macy's lacks knowledge or information sufficient to form a belief as to the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them. The remaining allegations in the paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Macy's denies that the remaining allegations of this paragraph accurately state or summarize the provisions of 740 ILCS 14/15(b)(1) through (3) and therefore denies them.

82. Pursuant to BIPA, a private entity, such as each Defendant, *see* 740 ILCS 14/10: (a) is prohibited from selling, leasing, trading or otherwise profiting from an individual's biometric identifiers and information; (b) is prohibited from disclosing, redisclosing or otherwise disseminating an individual's biometric identifiers or information without first obtaining consent; and (c) must store, transmit and protect from disclosure all biometric identifiers and biometric information in its possession using the reasonable standard of care within the private entity's industry and in a manner which is the same as or more protective than the manner in which the private entity stores, transmits and protects other confidential and sensitive information. 740 ILCS 14/15(c)-(e).

**ANSWER:** Macy's admits it is a private entity. Macy's lacks knowledge or information sufficient to form a belief as to the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them. The remaining allegations in the paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Macy's denies that the remaining allegations of this paragraph accurately state or summarize the provisions of 740 ILCS 14/15(c) through (e) and therefore denies them.

83. BIPA provides for a private right of action and allows a prevailing party to recover liquidated damages in the amount of: (a) $1,000 or actual damages, whichever is greater, for negligent violations of its provisions; and (b) $5,000 or actual damages, whichever is greater, for intentional or reckless violations of its provisions. 740 ILCS 14/20. BIPA also allows for the recovery of attorneys' fees and costs and injunctive relief. 740 ILCS 14/20.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, Macy's a denies that the allegations of this paragraph accurately state or summarize the provisions of 740 ILCS 14/20 and therefore denies them.

29

84.     As alleged above, Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class violated BIPA by collecting, capturing, purchasing, receiving through trade and/or otherwise obtaining individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass, without first providing the requisite written information and without obtaining the requisite written releases.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

85.     The BIPA violations of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

86.     As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

87.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**     Macy's denies that Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass are entitled to any award of damages against Macy's. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

88.     Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

89.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:**     Macy's denies that Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass are entitled to any award of relief against Macy's. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

**COUNT TWO**
**VIOLATION OF BIPA – 740 ILCS 14/15(b)**
**(By Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean, on Behalf of**
**Themselves and Members of the Illinois Subclass, Against Defendants Rocky Mountain,**
**Clearview, Ton-That, Schwartz and Mulcaire)**

90.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege all paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**     Macy's restates and incorporates by reference its answers to paragraph 1 through

76 and 78 through 83 as if fully set forth herein.


91.     In or about September 2019, Rocky Mountain collected, captured, purchased, received through trade and/or otherwise obtained the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall, Carmean and members of the Illinois Subclass, among others, for the purpose of distributing, redistributing and disseminating those biometric identifiers and biometric information to Illinois entities in Illinois, including the Illinois Secretary of State.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


92.     As alleged above, Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire violated BIPA by collecting, capturing, purchasing, receiving through trade and/or otherwise obtaining individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass, without first providing the requisite written information and without obtaining the requisite written releases.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


93.     The BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

94. As a direct and proximate result of the BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

95. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

96. Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

97. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

## COUNT THREE
### VIOLATION OF BIPA – 740 ILCS § 14/15(c)
**(By Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean, on Behalf of Themselves and Members of the Illinois Subclass, Against Defendants Clearview, Ton-That, Schwartz and Macy's and Members of the Clearview Client Class)**

98.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint, as though fully set forth herein.

**ANSWER:**     Macy's restates and incorporates by reference its answers to paragraph 1 through 76 and 78 through 83 as if fully set forth herein.

99.     As alleged above, Defendants Clearview, Ton-That, Schwartz and Macy's and the Clearview Client Class violated BIPA by unlawfully selling, leasing, trading and otherwise profiting from individuals' biometric identifiers and biometric information, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

100.     The BIPA violations of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

101.     As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

102.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**     Macy's denies that Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass are entitled to any award of damages against Macy's. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

103.     Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That, Schwartz and Macy's and members of the Clearview Client Class will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

104.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:**     Macy's denies that Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass are entitled to any award of relief against Macy's. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

<u>**COUNT FOUR**</u>
**VIOLATION OF BIPA – 740 ILCS § 14/15(c)**
**(By Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean, on Behalf of Themselves and Members of the Illinois Subclass, Against Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire)**

105.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint, as though fully set forth herein.

**ANSWER:**     Macy's restates and incorporates by reference its answers to paragraph 1 through 76 and 78 through 83 as if fully set forth herein.

106.     As alleged above, through the contract between Defendant Rocky Mountain and the Illinois Secretary of State, Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire violated BIPA by unlawfully selling, leasing, trading and otherwise profiting from individuals' biometric identifiers and biometric information, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

107.     The BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

108.     As a direct and proximate result of the BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


109.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


110.     Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


111.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

**COUNT FIVE**
**VIOLATION OF BIPA – 740 ILCS § 14/15(d)**
**(By Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean, on Behalf of
Themselves and Members of the Illinois Subclass, Against Defendants Clearview, Ton-That
and Schwartz)**

112.    Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**    Macy's restates and incorporates by reference its answers to paragraph 1 through

76 and 78 through 83 as if fully set forth herein.

113.    As alleged above, Defendants Clearview, Ton-That and Schwartz violated BIPA by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass, even though: (a) neither the subjects of the biometric identifiers and information nor their authorized representatives consented to the disclosure and redisclosure; (b) the disclosure and redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives; (c) the disclosure and redisclosure were not required by State or federal law or municipal ordinance; and (d) the disclosure and redisclosure were not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

114.    The BIPA violations of Defendants Clearview, Ton-That and Schwartz were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

115.    As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That and Schwartz, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

116.    Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

117.    Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That and Schwartz will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

118.    Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

## COUNT SIX
### VIOLATION OF BIPA – 740 ILCS § 14/15(d)
### (By Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean, on Behalf of Themselves and Members of the Illinois Subclass, Against Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire)

119.    Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**    Macy's restates and incorporates by reference its answers to paragraph 1 through

76 and 78 through 83 as if fully set forth herein.

120.    As alleged above, Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire violated BIPA by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information to the Illinois Secretary of State in Illinois, including the biometric identifiers and information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass, even though: (a) neither the subjects of the biometric identifiers and information nor their authorized representatives consented to the disclosure and redisclosure; (b) the disclosure and redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives; (c) the disclosure and redisclosure were not required by State or federal law or municipal ordinance; and (d) the disclosure and redisclosure were not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


121.    The BIPA violations of Defendants Clearview, Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


122.    As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That, Schwartz and Mulcaire, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


123.    Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


124.    Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That, Schwartz and Mulcaire will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean

and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

125. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

### COUNT SEVEN
### VIOLATION OF BIPA – 740 ILCS § 14/15(e)
### (By Plaintiffs Mutnick, Vance Calderon, Rocio, Hall and Carmean, on Behalf of Themselves and Members of the Illinois Subclass, Against Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire)

126. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean restate and reallege paragraphs 1 through 76 and 78 through 83 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** Macy's restates and incorporates by reference its answers to paragraph 1 through

76 and 78 through 83 as if fully set forth herein.

127. As alleged above, Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire violated BIPA because, while in possession of the biometric identifiers and biometric information of Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass, they failed to protect from disclosure those biometric identifiers and information: (a) using the reasonable standard of care within Clearview's and Rocky Mountain's industry; and (b) in a manner that is the same as or more protective than the manner in which Clearview and Rocky Mountain protect and protected other confidential and sensitive information.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

128.     As alleged above, Defendant Clearview's electronic systems have a history of data breaches. Moreover, on information and belief, Defendant Rocky Mountain relied on Clearview's defective electronic systems for storage and protection of Rocky Mountain's Biometric Database.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


129.     The BIPA violations of Defendants Clearview, Rocky Mountain Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


130.     As a direct and proximate result of the BIPA violations of Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire, Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


131.     Plaintiffs and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


132.     Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire will continue to cause great and irreparable injury to Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

133.     Plaintiffs Mutnick, Vance, Calderon, Rocio, Hall and Carmean and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

## COUNT EIGHT
## VIOLATION OF VIRGINIA CODE § 8.01-40
**(By Plaintiff Roberson, on Behalf of Himself and Members of the Virginia Subclass, Against Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire)**

134.     Plaintiff Roberson restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

135.     Virginia Code § 8.01-40 provides:

 **Unauthorized use of name or picture of any person; punitive damages; statute of limitations.**

A.     Any person whose name, portrait, or picture is used without having first obtained the written consent of such person . . . *for the purposes of trade* . . . may maintain a suit in equity against the person, firm, or corporation so using such person's name, portrait, or picture to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use. And if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by this chapter, the jury, in its discretion, may award punitive damages.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

Va. Code § 8.01-40(A) (emphasis added).

136.     Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire have violated this provision by knowingly using personal data, photographs, and likenesses of Plaintiff Roberson and members of the Virginia Subclass without their written consent for the purposes of trade.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

**COUNT NINE**
**VIOLATION OF VIRGINIA COMPUTER CRIMES ACT –**
**Va. CODE § 18.2-152.1, *et seq*.**
**(By Plaintiff Roberson, on Behalf of Himself and Members of the Virginia Subclass,**
**Against Defendants Clearview, Ton-That and Schwartz)**

137.    Plaintiff Roberson restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

138.    The Virginia Computer Crimes Act, Va. Code § 18.2-152.1, *et seq.*, prohibits the actions taken by Defendants Clearview, Ton-That and Schwartz to steal the images of individuals in violation of the terms of service of the internet websites from which they acquired those images and, thereafter, to use those images for their for-profit facial recognition businesses.

**ANSWER:**     The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

139.    For each of the actions described below, the Virginia Computer Crimes Act provides a private right of action as follows:

A.    Any person whose property or person is injured by reason of a violation of any provision of this article or by any act of computer trespass set forth in subdivisions A1 through A8 of § 18.2-152.4 regardless of whether such act is committed with malicious intent may sue therefor and recover for any damages sustained and the costs of suit. Without limiting the generality of the term, "damages" shall include loss of profits.

\*          \*          \*

E.    The provisions of this article shall not be construed to limit any person's right to pursue any additional civil remedy otherwise allowed by law.

Va. Code § 152.12(A).

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


140.    Defendants Clearview, Ton-That and Schwartz have committed multiple violations of the Virginia Computer Crimes Act.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


141.    First, Virginia Code section 18.2-152.3 provides:

**Computer fraud; penalty.**

Any person who uses a computer or computer network, without authority and:

    1.    Obtains property or services by false pretenses;

    2.    Embezzles or commits larceny; or

    3.    Converts the property of another;

is guilty of the crime of computer fraud.

Va. Code § 18.2-152.3.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


142.    Under the Virginia Computer Crimes Act, "property" is defined broadly to include the following:

"Property" shall include:

    1.    Real property;

    2.    Computers and computer networks;

    3.    Financial instruments, ***computer data***, computer programs, computer software ***and all other personal property*** regardless of whether they are:

        a.    Tangible or intangible;

45

b.      In a format readable by humans or by a computer;

c.      In transit between computers or within a computer network or between any devices which comprise a computer; or

d.      Located on any paper or in any device on which it is stored by a computer or by a human; and

4.      Computer services.

Va. Code § 18.2-152.2 (emphasis added).

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

143.    By "scraping" the images of Plaintiff Roberson and members of the Virginia Subclass in violation of the terms of service of the websites on which the images were hosted and without the consent of Plaintiff Roberson or members of the Virginia Subclass, Defendants Clearview, Ton-That and Schwartz obtained property, as defined, by false pretenses and also converted that property.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

144.    Second Virginia Code § 18.2-152.4 provides:

**Computer trespass, penalty.**

A.    It shall be unlawful for any person . . . to:

\*       \*       \*

6.    Use a computer or computer network to make or cause to be made an unauthorized copy, in any form, including, but not limited to, any printed or electronic form of computer data, computer programs or computer software residing in, communicated by, or produced by a computer or computer network.

Va. § 18.2-152.4.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

145. By "scraping" the images of Plaintiff Roberson and members of the Virginia Subclass in violation of the terms of service of the websites on which the images were hosted and without the consent of Plaintiff Roberson or members of the Virginia Subclass, Defendants Clearview, Ton-That and Schwartz used a computer or computer network to make an unauthorized copy of computer data, namely the images of Plaintiff Roberson and members of the Virginia Subclass, residing in a computer or computer network.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

146. Third, Virginia Code § 18.2-152.5 provides:

**Computer invasion of privacy; penalties.**

A. A person is guilty of the crime of computer invasion of privacy when he uses a computer or computer network and intentionally examines without authority any employment, salary, credit or any other financial *or identifying information, as defined in clauses (iii) through (xiii) of subsection C of § 18.2-186.3*, relating to any other person. "Examination" under this section requires the offender to review the information relating to any other person after the time at which the offender knows or should know that he is without authority to view the information displayed.

Va. Code § 18.2-152.5(A) (emphasis added). In turn, Virginia Code § 18.2-186.3 defines "identifying information" to include, *inter alia*, name, date of birth, and "*biometric data*," which includes the images of Plaintiff Roberson and members of the Virginia Subclass stolen by Defendants Clearview, Ton-That and Schwartz and used in their Biometric Database.

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

147. By "scraping" the images of Plaintiff Roberson and members of the Virginia Subclass in violation of the terms of service of the websites on which those images were hosted and without the consent of Plaintiff Roberson and members of the Virginia Subclass, Defendants Clearview, Ton-That and Schwartz used a computer or computer network to intentionally examine "identifying information," including "biometric data," and reviewed such information as part of their facial recognition business model "after the time at which the offender knows or should know that he is without authority to view the information displayed."

**ANSWER:** The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.

148.    Fourth, Virginia Code § 18.2-152.5:1 provides:

**Using a computer to gather identifying information; penalties.**

A.    It is unlawful for any person, other than a law-enforcement officer, as defined in § 9.1-101, and acting in the performance of his official duties, to use a computer to obtain, access, or record, through the use of material artifice, trickery or deception, ***any identifying information, as defined in clauses (iii) through (xiii) of subsection C of § 18.2-186.3***.

Va. Code § 18.2-152.5(A) (emphasis added). Again, Virginia Code § 18.2-186.3 defines "identifying information" to include, *inter alia*, name, date of birth, and "***biometric data***."

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


149.    By "scraping" the images of Plaintiff Roberson and members of the Virginia Subclass in violation of the terms of service of the websites on which the images were hosted and without the consent of Plaintiff Roberson and members of the Virginia Subclass, Defendants Clearview, Ton-That and Schwartz used a computer to obtain, access and record, through the use of material artifice, trickery or deception, identifying information, as defined in clauses (iii) through (xiii) of subsection C of § 18.2-186.3.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed.

R. Civ. P. 8(b)(1)(B), no answer is required.


## COUNT TEN
### VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*
### (By Plaintiff Vestrand, on Behalf of Herself and Members of the California Subclass, Against Defendants and Members of the Clearview Client Class)

150.    Plaintiff Vestrand restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**    On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.


151.    California's Unfair Competition Law (the "UCL") prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

**ANSWER:**     On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.

152.    Defendants engaged in unlawful and unfair business acts and practices within the meaning of the UCL.

**ANSWER:**     On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.

153.    Defendants have engaged in the following unlawful and unfair business acts and practices:

a.    Failing to comply with § 1798.100(b) of the California Consumer Privacy Act ("CCPA"), as alleged herein;

b.    Commercial Misappropriation under Cal. Civ. Code § 3344(a), as alleged below;

c.    Invasion of privacy under the California Constitution, Art. I, § 1, as alleged below;

d.    Violation of California's common law right of publicity, as alleged below;

e.    Failing to provide adequate data security of the data they have collected, as alleged above; and

f.    Omitting, suppressing and concealing that they did not comply with common law and statutory duties pertaining to the personal information of Plaintiff Vestrand and members of the California Subclass, including duties imposed by California Constitution, Art. I, § I; the CCPA, Cal. Civ. Code § 1798.100(b); and Cal. Civ. Code § 3344(a).

**ANSWER:**     On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.

154.    With respect to Defendants' violations of the CCPA, pursuant to Cal. Civ. Code § 1798.100(b), a business: (a) "that collects a consumer's personal information shall, at or before the point of collection, inform customers as to the categories of personal information to be collected and the purposes for which the categories of personal information shall be used"; and (b) "shall not collect additional categories of personal information or use personal information collected for additional purposes without providing the consumer with notice consistent with this section." Cal. Civ. Code § 1798.100(b).

**ANSWER:**     On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.


155.     Section 1798.140(o)(1) defines "personal information" as "information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household." Cal. Civ. Code § 1798.140(o)(1). Personal information includes, but is not limited to, "[b]iometric information." Cal. Civ. Code § 1798.140(o)(1)(E). "'Biometric information' means an individual's physiological, biological, or behavioral characteristics . . . that can be used, singly or in combination with each other or with other identifying data, to establish individual identity." Cal. Civ. Code § 1798.140(b). "'Biometric information' includes, but is not limited to, imagery of the . . . face . . . from which an identifier template, such as a faceprint . . . can be extracted . . . ." *Id.*

**ANSWER:**     On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.


156.     Plaintiff Vestrand and members of the California Subclass are consumers under the CCPA. *See* Cal. Civ. Code § 1798.140(g).

**ANSWER:**     On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.


157.     Defendants Clearview, Rocky Mountain and Macy's and members of the Clearview Client Class are businesses under the CCPA. *See* Cal. Civ. Code § 1798.140(c).

**ANSWER:**     On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.


158.     As alleged herein, in violation of the CCPA, Defendants Clearview, Rocky Mountain and Macy's and members of the Clearview Client Class collected the personal information of Plaintiff Vestrand and members of the California Subclass but failed to provide Plaintiff Vestrand and members of the California Subclass with the information required by the CCPA, namely Clearview, Rocky Mountain, Macy's and members of the Clearview Client Class failed to accurately inform Plaintiff Vestrand and members of the California Subclass as to the categories of personal information to be collected and the purposes for which the categories of personal information were to be used.

**ANSWER:**     On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.


159.     As alleged herein, Defendants Clearview, Rocky Mountain and Macy's and members of the Clearview Client Class further violated the CCPA by using the personal information they collected from Plaintiff Vestrand and members of the California Subclass for undisclosed purposes without providing the requisite notice.

**ANSWER:**     On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.


160.     The above-described conduct of Defendants and members of the Clearview Client Class constituted unfair practices in violation of the UCL because the practices and acts: (a) were immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiff Vestrand and members of the California Subclass; and (b) violated established public policy. These acts caused substantial injury to Plaintiff Vestrand and members of the California Subclass; this substantial injury outweighed any benefits to competition or the purpose of such conduct, and there were reasonably available alternatives to further the legitimate business interests of Defendants and members of the Clearview Client Class.

**ANSWER:**     On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.


161.     As a result of the UCL violations by Defendants and members of the Clearview Client Class, Plaintiff Vestrand and members of the California Subclass have suffered an injury-in-fact and have lost money and property. Plaintiff Vestrand and members of the California Subclass are entitled to restitution and disgorgement, declaratory and other equitable relief.

**ANSWER:**     On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.


162.     Moreover, Plaintiff Vestrand and members of the California Subclass are entitled to injunctive relief. Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants and members of the Clearview Client Class will continue to cause great and irreparable injury to Plaintiff Vestrand and members of the California Subclass in that Defendants, members of the Clearview Client Class and others can continue to use the unlawfully obtained personal information to the detriment of Plaintiff Vestrand and members of the California Subclass. Plaintiff Vestrand and members of the California Subclass have no adequate remedy at

law for the injuries in that a judgment for monetary damages will not end the alleged invasion of privacy.

**ANSWER:**   On January 27, 2022, the Court dismissed Count Ten against Macy's. *See* Dkt. 272.

Therefore, no answer is required.

**COUNT ELEVEN**
**VIOLATION OF CAL. CIV. CODE § 3344(A) – COMMERCIAL MISAPPROPRIATION**
**(By Plaintiff Vestrand, on Behalf of Herself and Members of the California Subclass,**
**Against Defendants and Members of the Clearview Client Class)**

163.   Plaintiff Vestrand restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**   Macy's restates and incorporates by reference its answers to paragraph 1 through 76 as if fully set forth herein.

164.   California Civil Code § 3344(a) makes it unlawful for any person to knowingly "use another's . . . photograph [] or likeness, in any manner . . . without such person's prior consent . . . ." Cal. Civ. Code § 3344(a). Any person who violates § 3344(a) is liable to the injured party "in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing actual damages." *Id.*

**ANSWER:**   The allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Macy's admits the allegations contained in this paragraph.

165.   As alleged above, Plaintiff Vestrand and members of the California Subclass posted images of their faces on the internet.

**ANSWER:**   Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

52

166.    In violation of § 3344(a), Defendants and members of the Clearview Client Class knowingly used photographs and the likenesses of Plaintiff Vestrand and members of the California Subclass without obtaining their prior consent. Specifically, without providing notice to Plaintiff Vestrand or members of the California Subclass, Defendants and members of the Clearview Client Class scraped the photographs of Plaintiff Vestrand and members of the California Subclass from the internet, amassed the Biometric Database and/or used the Biometric Database for commercial gain.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

167.    The use photographs and the likenesses of Plaintiff Vestrand and members of the California Subclass by Defendants and members of the Clearview Client Class did not have any connection with the news, public affairs, sports broadcast or account, or any political campaign.

**ANSWER:**    Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

168.    In addition to the above-alleged bases for individual liability against Defendants Ton-That, Schwartz and Mulcaire, Defendants Ton-That, Schwartz and Mulcaire are personally liable for the intentionally tortious conduct alleged herein because they participated in that conduct, consented to it, directed it, authorized it and failed to preclude or otherwise prohibit it.

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

169.   As a result of the conduct of Defendants and members of the Clearview Client Class, Plaintiff Vestrand and members of the California Subclass have been harmed and are entitled to their actual or statutory damages. Plaintiff Vestrand and members of the California Subclass are also entitled to recover their costs and reasonable attorneys' fees pursuant to Cal. Civ. Code § 3344(a).

**ANSWER:**   Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

**COUNT TWELVE**
**VIOLATION OF CALIFORNIA COMMON LAW – RIGHT OF PUBLICITY**
**(By Plaintiff Vestrand, on Behalf of Herself and Members of the California Subclass, Against Defendants and Members of the Clearview Client Class)**

170.   Plaintiff Vestrand restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**   Macy's restates and incorporates by reference its answers to paragraph 1 through 76 as if fully set forth herein.

171.   California's common law right of publicity protects persons from unauthorized use of a person's identity by another for commercial gain.

**ANSWER:**   The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Macy's denies the allegations contained in this paragraph.

172.   As alleged above, for commercial gain, Defendants and members of the Clearview Client Class knowingly used the identities, photographs and likenesses of Plaintiff Vestrand and members of the California Subclass without authorization. Specifically, without authorization, Defendants and members of the Clearview Client Class scraped the photographs of Plaintiff Vestrand and members of the California Subclass from the internet, amassed the Biometric Database consisting of the Biometrics of Plaintiff Vestrand and members of the California Subclass, among others, and/or used the Biometric Database for commercial gain or to otherwise benefit themselves.

**ANSWER:**   The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in

this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth

of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore

denies them.

173.    The unlawful conduct of Defendants and members of the Clearview Client Class
harmed Plaintiff Vestrand and members of the California Subclass. Indeed, at no time has any
Defendant or member of the Clearview Client Class compensated Plaintiff Vestrand or members
of the California Subclass for the use of their identities, photographs and likenesses.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which to answer is

required. To the extent an answer is required, Macy's denies the allegations asserted against it in

this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth

of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore

denies them.

174.    Use of the identities, photographs and likenesses of Plaintiff Vestrand and members
of the California Subclass was directly connected to the commercial activity of Defendants and
members of the Clearview Client Class.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which to answer is

required. To the extent an answer is required, Macy's denies the allegations asserted against it in

this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth

of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore

denies them.

175.    The actions of Defendants and members of the Clearview Client Class were a
substantial factor in causing harm to Plaintiff Vestrand and members of the California Subclass.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which to answer is

required. To the extent an answer is required, Macy's denies the allegations asserted against it in

this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth

of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore

denies them.

176.     As a direct and proximate result of the misconduct of Defendants and members of
the Clearview Client Class, Plaintiff Vestrand and members of the California Subclass have
suffered damage and are entitled to monetary damages in an amount to be determined at trial.
Plaintiff Vestrand and members of the California Subclass also seek injunctive relief and such
other equitable or declaratory relief as may be appropriate.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is

required. To the extent an answer is required, Macy's denies the allegations asserted against it in

this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth

of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore

denies them.

**COUNT THIRTEEN**
**CALIFORNIA CONSTITUTIONAL RIGHT TO PRIVACY**
**(By Plaintiff Vestrand, on Behalf of Herself and Members of the California Subclass,**
**Against Defendants and Members of the Clearview Client Class)**

177.     Plaintiff Vestrand restates and realleges paragraphs 1 through 76 of this
Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**     Macy's restates and incorporates by reference its answers to paragraph 1 through

76 as if fully set forth herein.

178.     Plaintiff Vestrand and members of the California Subclass had a reasonable
expectation of privacy to their highly sensitive Biometrics and were entitled to protection of that
sensitive information against the collection, obtainment, use and disclosure thereof by and to
unauthorized parties. As such, Plaintiff Vestrand and members of the California Subclass
possessed a legally protected privacy interest. That privacy interest is reflected in several laws,
including, as alleged above, the CCPA, California Civil Code § 3344(a) and California's common
law right of publicity.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations contained in this paragraph.

179. Defendants and members of the Clearview Client Class intentionally and maliciously intruded upon the privacy rights of Plaintiff Vestrand and members of the California Subclass by surreptitiously harvesting their highly sensitive Biometrics, amassing them into the Biometric Database, widely distributing and disseminating the Biometrics and/or using the Biometrics to learn personal information about, and the identities of, Plaintiff Vestrand and members of the California Subclass. The intrusion upon the privacy rights of Plaintiff Vestrand and members of the California Subclass by Defendants and members of the Clearview Client Class occurred in a manner highly offensive to a reasonable person, as a reasonable person would not expect an unknown and unauthorized party to harvest and use his or her Biometrics in the manner described herein.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

180. Moreover, as alleged above, the intrusion upon the privacy rights of Plaintiff Vestrand and members of the California Subclass by Defendants and members of the Clearview Client Class was so serious as to constitute an egregious breach of social norms such that the breach was highly offensive.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

181.     As a direct and proximate result of the unlawful invasion of the privacy of Plaintiff Vestrand and members of the California Subclass by Defendants and members of the Clearview Client Class, the personal information of Plaintiff Vestrand and members of the California Subclass has been disclosed to Defendants, members of the Clearview Client Class and countless others, and their reasonable expectations of privacy have been intruded upon and frustrated.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

182.     Plaintiff Vestrand and members of the California Subclass have suffered injuries as a result of the conduct alleged herein, and they are entitled to appropriate relief, including compensatory and punitive damages.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies that Plaintiff Vestrand and members of the California Subclass are entitled to any award of relief against Macy's. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

183.     Moreover, unless and until enjoined and restrained by order of this Court, wrongful conduct alleged herein will continue to cause great and irreparable injury to Plaintiff Vestrand and members of the California Subclass in that Defendants, members of the Clearview Client Class and others can continue to use the unlawfully obtained personal information to the detriment of Plaintiff Vestrand and members of the California Subclass. Plaintiff Vestrand and members of the California Subclass have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the invasion of their privacy or require Defendants or members of the Clearview Client Class to delete the personal information in their possession, custody and control or to retrieve that information from the unauthorized entities to which it was disclosed.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth

of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

## COUNT FOURTEEN
### VIOLATION OF N.Y. CIV. RIGHTS LAW §§ 50-51
**(By Plaintiff Hurvitz, on Behalf of Himself and Members of the New York Subclass, Against Defendants and Members of the Clearview Client Class)**

184.    Plaintiff Hurvitz restates and realleges paragraphs 1 through 76 of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**    Macy's restates and incorporates by reference its answers to paragraph 1 through 76 as if fully set forth herein.

185.    As alleged above, Defendants and members of the Clearview Client Class have violated N.Y. Civil Rights Law §§ 50-51 by invading the privacy of Plaintiff Hurvitz and members of the New York Subclass and misappropriating their likeness within the State of New York.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

186.    At no point did Defendants or members of the Clearview Client Class receive permission or consent, be it written or otherwise, to use the identities, photographs or likenesses of Plaintiff Hurvitz or members of the New York Subclass in connection with the Biometric Database or their businesses.

**ANSWER:**    Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

187. At relevant times, Defendants and members of the Clearview Client Class were aware that they never received the permission or consent of Plaintiff Hurvitz or members of the New York Subclass members to use their identities, photographs and likenesses in connection with the Biometric Database or their businesses.

**ANSWER:** Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

188. At no point did Defendants or members of the Clearview Client Class compensate Plaintiff Hurvitz or members of the New York Subclass for their unauthorized use of the identities, photographs and likenesses of Plaintiffs and members of the New York Subclass in connection with the Biometric Database or the businesses of Defendants or members of the Clearview Client Class.

**ANSWER:** Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

189. Defendants and members of the Clearview Client Class used the identities, photographs and likenesses of Plaintiff Hurvitz and members of the New York Subclass in connection with the Biometric Database and their businesses for the purposes of trade. Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire made the Biometric Database available to third parties in return for monetary compensation. Defendant Macy's and members of the Clearview Client Class used the Biometric Database in order to reduce theft and improve the customer experience, all of which positioned them to earn increased profits.

**ANSWER:** Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

190. No applicable privilege or authorization exists for the use of the identities, photographs and likenesses Plaintiff Hurvitz or members of the New York Subclass by Defendants and members of the Clearview Client Class in connection with the Biometric Database or the businesses of Defendants or members of the Clearview Client Class.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

191. Due to the herein alleged violation of the rights of privacy and publicity under §§ 50 and 51 of the N.Y. Civil Rights Act, Plaintiff Hurvitz and members of the New York Subclass have been damaged in an amount to be determined at trial.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies that Plaintiff Hurvitz and members of the New York Subclass are entitled to any award of relief against Macy's. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

192. In addition, and pursuant to § 51 of the N.Y. Civil Rights Act, Plaintiff Hurvitz and members of the New York Subclass hereby request an Order permanently enjoining Defendants and members of the Clearview Client Class from violating right to privacy and publicity of Plaintiff Hurvitz and members of the New York Subclass.

**ANSWER:** Macy's denies that Plaintiff Hurvitz and members of the New York Subclass are entitled to any award of relief against Macy's. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

## COUNT FIFTEEN
## UNJUST ENRICHMENT
### (By All Plaintiffs, on Behalf of Themselves and Members of the Plaintiff Classes, Against Defendants and Members of the Clearview Client Class)

193. Plaintiffs restate and reallege all paragraphs of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** On January 27, 2022, the Court dismissed Count Fifteen against Macy's. *See* Dkt.

272. Therefore, no answer is required.

194. To the detriment of Plaintiffs and members of the Plaintiff Classes, Defendants and members of the Clearview Client Class have been, and continue to be, unjustly enriched as a result of their wrongful conduct, as alleged herein.

**ANSWER:** On January 27, 2022, the Court dismissed Count Fifteen against Macy's. *See* Dkt.

272. Therefore, no answer is required.

195. Plaintiffs and members of the Plaintiff Classes conferred a benefit on Defendants and members of the Clearview Client Class in that, without authorization and through inequitable means, Defendants and members of the Clearview Client Class: (a) covertly scraped photographs of Plaintiffs and members of the Plaintiff Classes from the internet; (b) collected, captured, purchased, received through trade and otherwise obtained and used the Biometrics of Plaintiffs and members of the Plaintiff Classes; (c) amassed a Biometric Database containing those Biometrics; (d) distributed, redistributed and disseminated the Biometric Database; and/or (e) sold, traded, leased and otherwise profited from the Biometric Database and Biometrics. Defendants and members of the Clearview Client Class did not compensate Plaintiffs and members of the Plaintiff Classes for the benefit received from the above-described conduct.

**ANSWER:** On January 27, 2022, the Court dismissed Count Fifteen against Macy's. *See* Dkt.

272. Therefore, no answer is required.

196. Defendants and members of the Clearview Client Class appreciated, accepted and retained the benefit bestowed upon them under inequitable and unjust circumstances arising from their conduct toward Plaintiffs and members of the Plaintiff Classes, as alleged herein.

**ANSWER:** On January 27, 2022, the Court dismissed Count Fifteen against Macy's. *See* Dkt.

272. Therefore, no answer is required.

197. Plaintiffs and members of the Plaintiff Classes have no adequate remedy at law.

**ANSWER:** On January 27, 2022, the Court dismissed Count Fifteen against Macy's. *See* Dkt.

272. Therefore, no answer is required.

198. Under the circumstances, it would be unjust and unfair for Defendants and members of the Clearview Client Class to be permitted to retain any of the benefits obtained from Plaintiffs and members of the Plaintiff Classes.

**ANSWER:** On January 27, 2022, the Court dismissed Count Fifteen against Macy's. *See* Dkt.

272. Therefore, no answer is required.

199. Under the principles of equity and good conscience, Defendants and members of the Clearview Client Class should not be permitted to retain the photographs, biometric identifiers and information belonging to Plaintiffs and members of the Plaintiff Classes because Defendants and members of the Clearview Client Class unlawfully obtained that information.

**ANSWER:** On January 27, 2022, the Court dismissed Count Fifteen against Macy's. *See* Dkt.

272. Therefore, no answer is required.

200. Defendants and members of the Clearview Client Class should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiffs and members of the Plaintiff Classes, proceeds that they unjustly received from the sale, lease, trade, distribution, dissemination and use of the personal information of Plaintiffs and members of the Plaintiff Classes.

**ANSWER:** On January 27, 2022, the Court dismissed Count Fifteen against Macy's. *See* Dkt.

272. Therefore, no answer is required.

## COUNT SIXTEEN
### DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201, *et seq.*
**(By All Plaintiffs, on Behalf of Themselves and Members of the Plaintiff Classes, Against Defendants and Members of the Clearview Client Class)**

201. Plaintiffs restate and reallege all paragraphs of this Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** Macy's restates and incorporates by reference its answers to paragraph 1 through

76 as if fully set forth herein.

202. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief. Further, the Court has broad authority to restrain acts, such as here, that are tortious and that violate the terms of the statutes described in this Consolidated Class Action Complaint.

**ANSWER:** The allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Macy's denies the allegations contained in this paragraph.

203. An actual controversy has arisen in the wake of the unlawful collection, obtainment, purchase, trade, disclosure, dissemination, sale and/or misuse by Defendants and members of the Clearview Client Class of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes without their consent, as alleged herein, in violation of the common law and statutory duties of Defendants and Members of the Clearview Client Class.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which to answer is required. To the extent an answer is required, Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

204. Plaintiffs and members of the Plaintiff Classes continue to suffer injury and damages, as described herein, as Defendants and members of the Clearview Client Class continue to collect, obtain, purchase, trade, disclose, sell and/or misuse the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes.

**ANSWER:** Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

205. Pursuant to its authority under the Declaratory Judgment Act, this Court should enter a judgment declaring, among other things, the following:

      a.    Defendants and members of the Clearview Client Class continue to owe a legal duty to not collect, obtain, purchase, trade, disclose, sell or otherwise misuse the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes under, *inter alia*, the state statutes and constitutional provisions described in this Consolidated Class Action Complaint and the common law;

        b.      Defendants and members of the Clearview Client Classes continue to breach their legal duties to Plaintiffs and members of the Classes by continuing to collect, obtain, purchase, trade, disclose, sell and otherwise misuse the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes; and

        c.      The ongoing breaches by Defendants and members of the Clearview Client Class of their legal duties continue to cause harm to Plaintiffs and members of the Plaintiff Classes.

**ANSWER:** Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

206. The Court should also issue corresponding injunctive relief, including, but not limited to: (a) enjoining Defendants and members of the Clearview Client Class from engaging in the unlawful conduct alleged in this claim; (b) requiring Defendants and members of the Clearview Client Class to delete all photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes; and (c) cease further collection of photographs and Biometrics of Plaintiffs or members of the Plaintiff Classes or engaging in any activities that would result in the purchase, obtainment, disclosure, trade, sale or misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes. If an injunction is not issued, Plaintiffs and members of the Plaintiff Classes will suffer irreparable injury and lack an adequate legal remedy in the event the statutory or common law does not prohibit, among other things, the collection, purchase, obtainment, trade, disclosure, sale and misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes. Illinois in particular specifically constrains the collection, purchase, obtainment, trade, disclosure and sale of Biometrics and recognizes a person's right to maintain such personal information as private. In light of the pervasive flaunting of such rights by Defendants and members of the Clearview Client Class, including the continued collection, purchase, obtainment, trade, disclosure, sale and/or misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes, the risk of continued violations of Illinois law, other states' laws, and the common law is real, immediate and substantial. Plaintiffs and members of the Plaintiff Classes do not have an adequate remedy at law because many of the resulting injuries are reoccurring and Plaintiffs and members of the Plaintiff Classes will be forced to bring multiple lawsuits to rectify the same conduct.

**ANSWER:** Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

207.    The hardship to Plaintiffs and members of the Plaintiff Classes if an injunction is not issued exceeds the hardship to Defendants and members of the Clearview Client Class if an injunction is issued. On the other hand, the cost to Defendants and members of the Clearview Client Class of complying with an injunction by adhering to the requirements of Illinois law, other states' laws and the common law by ceasing to engage in the misconduct alleged herein is relatively minimal, and Defendants and members of the Clearview Client Class have a pre-existing legal obligation to avoid invading the privacy rights of consumers.

**ANSWER:**    Macy's denies the allegations asserted against it in this paragraph. Macy's lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore denies them.

208.    Issuance of the requested injunction will serve the public interest by preventing ongoing collection, purchase, obtainment, trade, disclosure, sale and misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes without consent, thus eliminating the injuries that would result to Plaintiffs and members of the Plaintiff Classes, and the hundreds of millions of Americans who upload photographs to social media sites.

**ANSWER:**    Macy's denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

### FIRST AFFIRMATIVE DEFENSE
### (ACTS OF OTHERS)

1.    Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, because all or part of the damages alleged, if any, were caused by the acts or omissions of persons or entities other than Macy's for whose conduct Macy's is not legally responsible.

2.    In contracting to provide services to Macy's, Defendant Clearview represented and warranted that:

    a.    It shall not include any biometric data results of Illinois residents;

    b.    It shall perform all services in a timely and professional manner;

    c.    It shall not infringe or violate the rights of others;

d. The acts and omissions of Defendant Clearview would not be construed as imposing liability upon Macy's;

e. Defendant Clearview shall obtain all licenses and other governmental authorizations and approvals required for the performance of its obligations under the parties' agreement;

f. Defendant Clearview shall perform its obligations under the parties' agreement in accordance with all applicable laws and regulations;

g. Defendant Clearview would take every step necessary to ensure that its product and services are used correctly and lawfully;

h. Defendant Clearview would use and handle any personal information provided to it by Macy's for purposes of performing services under the agreement in compliance with all applicable laws, including all laws governing the privacy, confidentiality and security of personal information;

i. Defendant Clearview shall notify Macy's of any actual or suspected security breach, hacking, unauthorized disclosure, access to, acquisition of or other loss or use of personal information relating to Defendant Clearview's performance of services under the parties' agreement; and

j. Defendant Clearview shall implement and maintain a written information security program and perform other commercially reasonable security measures to safeguard personal information and other data it receives in connection with performing the services under the parties' agreement and in compliance with applicable privacy laws.

## SECOND AFFIRMATIVE DEFENSE
## (GOVERNMENT CONTRACT EXCEPTION)

3.      Plaintiffs' and the putative plaintiff class members' BIPA claims are barred, in whole or in part, because BIPA includes an exemption for "a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government." 740 ILCS 14/25.

4.      On the occasion that Macy's availed itself of Defendant Clearview's services, it did so while engaged by law enforcement for a state agency or local unit of government to assist in the investigation of burglaries, acts of retail theft and other criminal activity.

## THIRD AFFIRMATIVE DEFENSE
## (PHOTOGRAPH EXEMPTION)

5.      Plaintiffs' and the putative plaintiff class members' BIPA claims are barred, in whole or in part, because BIPA expressly excludes from the definition of biometric identifiers both photographs and information derived from photographs. 740 ILCS 14/10.

6.      The sole conduct attributable to Macy's involves submitting a photograph to Defendant Clearview pursuant to the parties' agreement.

## FOURTH AFFIRMATIVE DEFENSE
## (INAPPLICABILITY OF BIPA)

7.      Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, because while providing services to Macy's, Defendant Clearview did not include any biometric data results of Illinois residents.

## FIFTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

8.      Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, by the applicable statute of limitations, as follows:

| Claim | Statute of Limitations | Authority |
|---|---|---|
| Section 15 (b) of BIPA | 5 years | *Tims v. Black Horse Carriers, Inc.,* 2021 IL App (1st) 200563 ¶ 33 (Sept. 17, 2021). |
| Commercial Misappropriation Cal. Civ. Code § 3344(A) | 2 years | *Youngevity Int'l, Corp. v. Smith*, 224 F. Supp. 3d 1022, 1027 (S.D. Cal. 2016) (citing *Yeager v. Bowlin*, 693 F.3d 1076, 1081 (9th Cir. 2012)) |
| California Common Law Right of Publicity | 2 years | *Yeager*, 693 F.3d at 1081 (citing *Christoff v. Nestle USA, Inc.*, 47 Cal. 4th 468 (2009)) |
| Section 15(c) of BIPA | 1 year | *Tims v. Black Horse Carriers, Inc.,* 2021 IL App (1st) 200563 ¶ 33 (Sept. 17, 2021). |
| California Constitutional Right to Privacy | 1 year | *Cain v. State Farm Mut. Auto. Ins.*, 62 Cal. App. 3d 310, 313 (Cal. Ct. App. 1976); *Lauter v. Anoufrieva*, 342 F. Supp. 2d 1060, 1104 (C.D. Cal. 2009) |
| N.Y. Civ. Rights Law §§ 50-51 | 1 year | *Nussenzweig v. diCorcia*, 9 N.Y.3d 184, 188 (2007); *Gibson v. SCE Grp., Inc.*, 391 F. Supp. 3d 228, 250 (S.D.N.Y. 2019) |

9.     Macy's ceased using Defendant Clearview's services in or before March 2020.

10.     The acts or omissions giving rise to the claims of Plaintiffs and the putative class arose prior to the applicable statute of limitations.

11.     As a result, Plaintiffs' and the putative plaintiff class members' claims are barred to the extent the claims were raised outside of the statute of limitations to assert such claims.

## SIXTH AFFIRMATIVE DEFENSE
### (ACUIESCENSE, ASSUMPTION OF RISK, CONSENT, ESTOPPEL, RATIFICATION AND WAIVER)

12.     Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, by the doctrines of acquiescence, assumption of risk, consent, estoppel, ratification and waiver.

13.     In providing the services to Macy's, Defendant Clearview did not use any non-open source information, defined as scraping public-facing websites for images or copying, collecting, storing or otherwise using said images in violation of a website or entity's terms and conditions for use of such images and any information contained therein.

14.     By posting images of themselves or others on public-facing website, Plaintiffs and the putative class members consented to, ratified and acquiesced in the use of such images and any information contained therein in accordance with the terms and conditions of the website to which such images were posted.

15.     Further, by undertaking such actions, Plaintiffs and the putative class members assumed the risk that such images would be available for use by third-parties like Defendant Clearview.

16.     Likewise, by posting images on public-facing websites, Plaintiffs and the putative class members had no expectation of privacy in such images or any information contained therein. Plaintiffs and the putative class members therefore waived and should be estopped from complaining of claims based on such conduct.

## SEVENTH AFFIRMATIVE DEFENSE
### (STANDING)

17.     Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, because they have not suffered a concrete and particularized injury as a result of Macy's

actions and any purported injury is not fairly traceable to the alleged conduct of Macy's, so any relief sought would not redress any such injury.

18.     Further, they are barred by the doctrine of standing as Plaintiffs and the putative class members have not been aggrieved by any BIPA violation committed by Macy's.

## EIGHTH AFFIRMATIVE DEFENSE
### (NO NEGLIGENT, INTENTIONAL OR RECKLESS CONDUCT)

19.     Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, by Macy's good faith, and the absence of negligent, intentional, or reckless conduct.

20.     To the extent that Plaintiffs' and the putative plaintiff class members'  BIPA and other state law claims apply to Macy's conduct, Macy's is not liable because it relied in good faith upon the representation and warranties Defendant Clearview made in the parties' agreement and Macy's reasonable interpretation of BIPA's statutory language and the requirements of California, Virginia, and New York law.

21.     As a result, any alleged violation was not negligent, intentional, or reckless.

22.     Further, Macy's acted at all times in good faith and without malice, willfulness, or reckless indifference, barring any recovery of punitive or exemplary damages by Plaintiffs and the putative class members.

## NINTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

23.     Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, by their failure to mitigate their damages, if any, and any recovery should therefore be reduced or denied accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (CLASS ALLEGATIONS)

24.     Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, because the requirements for the certification of a plaintiff, defendant or issue class are not met.

WHEREFORE, Macy's Retail Holdings, Inc. respectfully requests that the Court dismiss the First Amended Consolidated Class Action Complaint with prejudice, enter judgment in favor of Macy's Retail Holdings, Inc. and grant such other and further relief as it deems just.

Dated: March 25, 2022                                      Respectfully submitted,

/s/ *Rachel L. Schaller*
Daniel R. Saeedi (ARDC #6296493)
dsaeedi@taftlaw.com
Rachael L. Schaller (ARDC #6306921)
rschaller@taftlaw.com
Andrew S. Murphy (ARDC #6328808)
amurphy@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, 28th Floor
Chicago, IL 60601
Telephone: (312) 527-4000
Fax: (312) 754-2373

*Attorneys for Defendant*
*Macy's Retail Holdings, Inc.*

72868944