UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re Clearview AI, Inc. Consumer Privacy Litigation, | ) ) ) ) ) ) ) | Case No. 21-cv-0135<br><br>Judge Sharon Johnson Coleman |

### ORDER

The Court, in its discretion, denies plaintiffs' Federal Rule of Civil Procedure 12(f) motion to strike paragraphs 17 through 21 of defendants' counterclaim [330].

### BACKGROUND

In their first amended consolidated class action complaint, plaintiffs bring claims under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), along with other statutory and common law claims. Particular to their BIPA claim, plaintiffs allege the Clearview defendants' conduct violated their privacy rights and that defendants' use of their biometric information was without their knowledge and consent. Plaintiffs specifically allege that the Clearview defendants covertly scraped billions of photographs of facial images from the internet and then used artificial intelligence algorithms to scan the face geometry of each individual depicted to harvest the individuals' unique biometric identifiers and corresponding biometric information. In doing so, the Clearview defendants created a searchable database used by law enforcement agencies and private entities.

In the counterclaim, defendants bring a claim for declaratory judgment alleging that as a government contractor, Clearview's current operations are exempted by BIPA § 25(e), which states: "Nothing in this Act shall be construed to apply to a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government." 740 ILCS 14/25(e). Clearview includes allegations in relation to different law

enforcement agencies successfully using its database to apprehend child predators and suspects in the January 6, 2021 capitol attacks, among others. Clearview further alleges that the Ukrainian government is using its database to defend against the Russian invasion.

## LEGAL STANDARD

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). Otherwise, "federal courts are reluctant to disturb the pleadings unless the allegations confuse the issues in the case." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004). District courts have considerable discretion when ruling on Rule 12(f) motions. *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 952 (7th Cir. 2020).

## DISCUSSION

In their motion to strike, plaintiffs argue that in a transparent effort to present evidence that has no bearing on any claim, counterclaim, or defense in this lawsuit, Clearview includes various allegations that speak to the positive law enforcement uses of its biometric technology. Plaintiffs maintain the allegations that Clearview's database has been used to apprehend child predators and suspects in the January 6, 2021 capitol attacks, along with Clearview's role in helping defendant Ukraine from Russia, are immaterial, impertinent, and inflammatory. Plaintiffs also argue that these allegations confuse the issues and are prejudicial.

To say that Clearview is laying it on a bit too thick by including these allegations would be an understatement. That said, these allegations are not so unrelated to their counterclaim that they are "void of merit or unworthy of any consideration." *VitalGo, Inc. v. Kreg Therapeutics, Inc.*, 370 F.Supp.3d 873, 880 (N.D. Ill. 2019) (Dow, J.). Rather, these allegations explain several successful

results of when law enforcement agencies use the Clearview database, albeit in an overly dramatic fashion.

Plaintiffs utilize a similar dramatic tone when they argue that in asserting these allegations, defendant "seeks to divert attention from its unlawful pilfering and use of the biometric data of billions of people and focus that attention on anecdotal tales." Plaintiffs' argument that defendants' allegations are a " transparent effort to present evidence in this matter" fares no better. This case is nowhere near a jury trial, due in part to the parties' unrelenting motion practice. Once the Court sets a trial date, the parties will have ample time to address evidentiary issues in their motions in limine.

IT IS SO ORDERED.

Date: 6/2/2022

Entered:
SHARON JOHNSON COLEMAN
United States District Judge