# EXHIBIT 1

```
1           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
2                      EASTERN DIVISION

3
   In Re: CLEARVIEW AI, INC., Consumer ) No. 21 C 135
4  Privacy Litigation                  )
                                       ) June 14, 2022
5                                      ) Chicago, Illinois
                                       ) 10:16 a.m
6                                      ) Telephonic Motion Hearing

7              TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE SHARON JOHNSON COLEMAN
8

9  APPEARANCES:

10 For the Plaintiffs:     LOEVY & LOEVY
                           311 North Aberdeen
11                         3rd Floor
                           Chicago, Illinois  60607
12                         BY:  MR. SCOTT R. DRURY

13
   For the Clearview       JENNER & BLOCK LLP
14 Defendants:             353 North Clark Street
                           Chicago, Illinois  60654
15                         BY:  MS. PRECIOUS JACOBS-PERRY

16                         CAHILL GORDON & REINDEL LLP
                           32 Old Slip
17                         New York, New York  10005
                           BY:  MR. JOEL L. KURTZBERG
18

19 For Defendant Macy's:   TAFT LAW
                           2200 Ids Center
20                         80 South 8th Street
                           Minneapolis, Minnesota  55402
21                         BY:  MS. BLAIR A. HARRINGTON

22

23       TRACEY DANA McCULLOUGH, CSR, RPR
                Official Court Reporter
24         219 South Dearborn Street
                    Room 1232
25         Chicago, Illinois  60604
                 (312) 435-5570
```

1   THE CLERK: Good morning. The Court resumes session.
2 Please come to order.
3   21 CV 135, In Re: Clearview AI.
4   THE COURT: Good morning. I'll start with the
5 plaintiffs' counsel.
6   MR. DRURY: Good morning, Your Honor. Scott Drury on
7 behalf of the plaintiffs.
8   THE COURT: Thank you. Is there anyone else on
9 behalf of plaintiffs that like to state their name for the
10 record? If no one else is on the line, then let me start with,
11 first of all, defendant Clearview. Counsel.
12   MS. JACOBS-PERRY: Yes. Good morning. Yes. Good
13 morning, Your Honor. This is Precious Jacobs-Perry from
14 Jenner & Block on behalf of the Clearview defendants.
15   THE COURT: All right. Thank you. Is there anyone
16 on behalf Macy's on the phone?
17   MS. HARRINGTON: Yes, Your Honor. This is Blair
18 Harrington from Taft Law representing Macy's.
19   THE COURT: All right. Thank you. What about, let's
20 see, the various government entities. Why don't you speak
21 who's still in and who you represent. Antioch?
22   MS. JACOBS-PERRY: Your Honor, I believe that case
23 was --
24   THE COURT: Is out, yes.
25   MS. JACOBS-PERRY: -- was transferred back to --

1        THE COURT:  Right.
2        MS. JACOBS-PERRY:  -- yes, California.
3        THE COURT:  Alameda?
4        THE CLERK:  All of those are, are gone.
5        THE COURT:  All of those are gone.  And I'm just
6   going down the list here, so I don't have my rulings all here
7   in front of me.  El Segundo.
8        THE CLERK:  That one's moved.
9        THE COURT:  That one is gone.  And then -- hold on a
10  second.  Is there anyone else for the defense who wants to
11  weigh in?  Please do.  If there's no one else for the defense
12  who wants to weigh in, is there anyone else on the line who
13  needs to state their name for the record?
14       MR. KURTZBERG:  Your Honor, this is Joel Kurtzberg
15  from Cahill Gordon also on behalf of Clearview with
16  Miss Jacobs-Perry.
17       THE COURT:  All right.  Thank you.  And if that's it,
18  then we need to go to the motion that's noticed up today.  And
19  plaintiffs.
20       MR. DRURY:  Yes, Your Honor.  The plaintiffs have
21  filed a motion for leave to file amended complaints and various
22  underlying complaints just to, to make sure that all the
23  procedural steps are in place.  As set forth in our motion,
24  it's, it's very straightforward.  I don't know if Your Honor
25  wants to hear argument on the motion now, or you are interested

1  in setting a briefing schedule.
2          THE COURT:  Well, my -- yes, my guess is --
3          MR. DRURY:  I'm prepared to do either.
4          THE COURT:  My guess is, Mr. Drury, that we're going
5  to need a briefing schedule, as we should always have in this
6  multifaceted case that's forever changing.  So I would assume
7  that unless the defense is telling me, no, we don't need that.
8          MS. JACOBS-PERRY:  Your Honor, I am prepared to state
9  our position on the record today, if you would like to hear it,
10 and we are also open to a briefing schedule and to put that in
11 writing for Your Honor.
12         THE COURT:  Well, if I'm going to get it in writing
13 anyway, I'd rather have you argue -- if you're going to argue,
14 I'd rather have you argue after I see what your positions are
15 in writing than to argue up front, then write, and then argue
16 again.  So I'd like to cut one step out of there.
17         So how much time do you need to respond in writing,
18 Miss Jacobs-Perry?
19         MS. JACOBS-PERRY:  Your Honor, we would take 21 days
20 to respond.
21         THE COURT:  All right.  21 days.  And then reply,
22 Mr. Drury.
23         MR. DRURY:  Your Honor, I think -- I'm trying to just
24 see where it brings us, but 14 days should be, should be fine.
25         THE COURT:  All right.  We'll see where the dates

1  are.  And then also I'd like to make sure we're not talking
2  about something that's going to require extended briefs in
3  length on this.
4            MS. JACOBS-PERRY:  We, we don't believe so, Your
5  Honor.
6            THE COURT:  All right.  Good.  All right.  So give us
7  the dates.
8            THE CLERK:  The response will be due July 5th, and
9  the reply is due July 19th.
10            THE COURT:  How is that for scheduling?  I know it's
11  close with the holiday.
12            MR. KURTZBERG:  Your Honor, this is Joel Kurtzberg
13  for the Clearview defendants.  Can we perhaps have one extra
14  day because of the holiday, as you just pointed out?
15            THE COURT:  All right.  Why don't we do --
16            MR. KURTZBERG:  Have a day.  Sorry, Your Honor.
17            THE COURT:  Why don't we do this:  We'll go to
18  July 7th, and then add -- go to July 21st for the reply.
19            THE CLERK:  Okay.
20            THE COURT:  All right.  Hopefully that will take care
21  of any type of extensions that we might have otherwise needed.
22            MS. JACOBS-PERRY:  Thank you, Your Honor.
23            THE COURT:  And then I think the next week I'm on
24  trial possibly.  Possibly defense.  I'm asking possibly.  We're
25  getting ready to have a pretrial conference continued, so I've

1  got defense counsel here.  I'm going are we going to be on
2  trial?  But if we are, that will be -- I was going to set that
3  for possibly a day where we could do brief oral arguments, if I
4  thought it was necessary.  I'd like to try to schedule it now.
5  Well, actually I'll be looking at the week of August 1st if we
6  need oral arguments.
7          So is there anyone who's not going to be available to
8  orally argue that week?  If so, tell us what days they are.
9          MR. DRURY:  Your Honor, this is Scott Drury.  I'm
10 available August 1st, 2nd, 3rd, and the morning of the 4th.
11         THE COURT:  All right.
12         MR. DRURY:  And the 5th.  And the afternoon of the
13 4th I'm unavailable.
14         THE COURT:  Well, the 1st, 2nd, and 3rd helps the
15 Court.  What about defense?
16         MS. JACOBS-PERRY:  Yes, Your Honor.  I'm also
17 available the 1st, 2nd, and 3rd.
18         THE COURT:  All right. Miss Montanez, give us our
19 best date.  Would that be the 2nd?
20         THE CLERK:  Yes.
21         THE COURT:  August 2nd at 10 in the morning.  And
22 that will be for oral argument, if needed.  If for some reason
23 I don't feel I need it, I'll either strike that or have
24 something ready for you on that date for status.  That's if
25 nothing else comes in in the meantime.  You all can somehow

1    keep from doing that.
2              All right.  Is there anything else from the
3    plaintiffs' standpoint we need to deal with today?
4              MR. DRURY:  Your Honor, a couple things.  We have a
5    status hearing set for Friday.  And I believe part -- the
6    purpose of that status hearing was to update the Court on a new
7    product that the Clearview defendants informed the Court about
8    I think it was back mid-March or April.
9              THE COURT:  All right.
10             MR. DRURY:  We're prepared to talk about that now.
11   If Your Honor wants --
12             THE COURT:  No, let's go ahead and do it.
13             MR. DRURY:  -- us to come back Friday and discuss
14   it --
15             THE COURT:  Well, I think we should go ahead and get
16   it done.
17             MR. DRURY:  So the new product, as we've learned, I
18   believe since defense counsel informed you about is called
19   Clearview Consent.  It's a product that allows private
20   customers to enter their own database of photographs.  This is
21   my understanding, Your Honor.  Their own database of
22   photographs perhaps to allow entry into the building.  So for
23   the federal building instead of badging in with your
24   credentials, the building would have a, a face scan for
25   employees, and you would enter the building that way.

1        As we inquired into the technology, a concern that we
2   have about it is how the technology was trained.  It certainly
3   isn't being used with -- what we've been told to, to identify
4   the now I think 10 or 20 billion images it has in there.  But
5   it's unclear to us whether or not the data -- the new system
6   was trained with the photographs and biometric data of class
7   members.  Defense counsel has stated that it has not been
8   trained with the photographs of the specific named plaintiffs,
9   which obviously is just a small portion of what the class is in
10  this case.
11       At this point that -- that's an issue that we're
12  determining what to do with.  We're not asking for any specific
13  relief from the Court, but just wanted to inform you of the
14  status of our discussions with the defendants.
15       THE COURT:  All right.  Thank you.  Defense, do you
16  want to add anything to that, or do you all want to wait and
17  see what your conversations are?
18       MR. KURTZBERG:  Your Honor, this is Joel Kurtzberg
19  for Clearview.  I don't have much to add to what Mr. Drury
20  said, and we are happy to answer whatever questions he has
21  about it and continue our discussions with him.
22       THE COURT:  All right.  Well, that sounds fair
23  enough.  And then hopefully by that next date that I have set
24  we can actually -- if there's updates on that issue, we can
25  deal with that.  Even if I don't have oral arguments, we'll

1  keep that same date.  Okay?
2          MS. JACOBS-PERRY:  Yes, Your Honor.  Thank you.
3          THE COURT:  All right.  Is there anything else from
4  the defense?
5          MS. JACOBS-PERRY:  No, Your Honor.
6          THE COURT:  All right.
7          MS. HARRINGTON:  No, Your Honor.
8          THE COURT:  All right.  Then if that's the case,
9  then --
10         MR. DRURY:  Your Honor.  Your Honor --
11         THE COURT:  Yes, Mr. Drury.
12         MR. DRURY:  I apologize.  It's hard when we're not
13 face to face.  There's one more issue that I would like to
14 raise with the Court, and that is class certification.  We've
15 been working on our class certification motion, but given the
16 pending nature of the motion to amend the complaint and the
17 possibility that there may be new defendants, we've decided not
18 to move forward with filing it so that we don't have some of
19 the defendants briefing it and then new defendants come in and
20 then they want a shot at briefing it as well.
21         So I just wanted to put that issue before Your Honor
22 and see if you want us to hold off on filing our class
23 certification motion until after the August 2nd hearing, or if
24 it would be your preference to get it sometime sooner and then
25 set a briefing schedule on it.  Our concern is that class

1   certification may impact the discovery schedule in this case,
2   which is currently set to close on September 26th.  But the,
3   the discovery that plaintiffs have been allowed to this point
4   has been limited by Judge Valdez just to discovery about the
5   named plaintiffs, and it cuts off at a very early point in time
6   in January of 2020.  So I just wanted to bring this issue to
7   the Court's attention and see if Your Honor --
8             THE COURT:  I'm sorry.  What did you just say?  It
9   cuts off early in time of when?
10            MR. DRURY:  So the --
11            THE COURT:  I just want to make sure my date's right.
12            MR. DRURY:  The time period for discovery right
13  now -- and not discovery cutoff, but the discovery that we're
14  allowed to get.
15            THE COURT:  All right.  The discovery, the discovery
16  period.  The period that's discoverable.
17            MR. DRURY:  Yes.
18            THE COURT:  Okay.  All right.
19            MR. DRURY:  Yes.
20            THE COURT:  Okay.  That makes more sense especially
21  when -- all right.  Because I was like wait a minute.  Okay.
22            MR. DRURY:  Yes, the discovery cutoff date is in, in
23  September right now.  September 26th --
24            THE COURT:  Okay.
25            MR. DRURY:  -- of this year, Your Honor.

1    THE COURT:  Okay.  All right.
2    MR. DRURY:  And the discovery period I was saying was
3 an early discovery period that ended on January 22nd of 2020.
4    THE COURT:  All right.
5    MR. DRURY:  But we believe that will be impacted by
6 the Court's ruling on class certification.
7    THE COURT:  Okay.
8    MR. DRURY:  So since we were all gathered today, I
9 just thought it would be a good idea to, to put this issue
10 before Your Honor and see if you have any preference on how we
11 move forward.
12    THE COURT:  All right.  So I think that for all
13 concerned it would be better at least to wait until after that
14 August date, and then you can update me and then we can always
15 set a date, you know, shortly thereafter or adjust whatever we
16 need to for your, for your motion for class cert.  Okay?
17    MR. DRURY:  Okay.
18    MS. JACOBS-PERRY:  Your Honor, I would, you know,
19 just state for the record that the discovery deadline has
20 already been moved, and you will see in our objection to
21 plaintiffs' motion to add additional parties that we think all
22 of this is a ploy to kick that deadline despite Judge Valdez
23 indicating that that was the final extension of the fact
24 deadline.
25    THE COURT:  And at the time she did that did she know

1  about this new product that you had?
2              MS. JACOBS-PERRY: Well, the new product is not at
3  issue in the -- in this litigation and the named plaintiffs
4  don't have standing because they were not used in the training
5  of the product, so ...
6              THE COURT: All right. Well, I'm not going -- I'm
7  not getting into all the detail of that. I'm just saying this
8  is a new wrinkle that might come into further discussion in
9  front of Judge Valdez. But right now since I am going to be
10 tasked with that determination, I would rather just see and
11 make sure that there's nothing new coming in. I'm not going to
12 cut -- I would prefer to have it all together, and my thought
13 is, is that even if you agree that this does not come in or
14 once Mr. Drury and his clients get to see everything that's
15 involved, as your co-counsel said, who knows. This might not
16 be an issue, and we may be able to go ahead and make sure that
17 that filing comes in in a timely way.
18             But I just want to make sure that I give it that,
19 that opportunity, and I'd rather do that up front. Leave
20 things open as opposed to trying to have to deal with things as
21 we're going backwards. I don't want to do that.
22             MS. JACOBS-PERRY: Okay. Thank you, Your Honor.
23             THE COURT: All right. So I mean, it's noted. I
24 understand that there's some concern you have, but right now I
25 think we're going to leave it right now as concern that I've

1  been made aware of. Okay?
2      MS. JACOBS-PERRY: Thank you, Your Honor.
3      THE COURT: All right. Thank you. All right. Thank
4  you all. And the next date again is August 2nd, and that will
5  be at 10:00 o'clock. And you'll be getting some correspondence
6  I'm sure after you do your briefing as to whether or not an
7  actual oral argument is needed or not. All right?
8      MS. JACOBS-PERRY: Okay. Thank you, Your Honor.
9      THE COURT: Everybody stay cool today. Stay cool
10 today. Thank you.
11     MR. DRURY: Thank you, Your Honor.
12     MR. KURTZBERG: Thank you, Your Honor.
13     MS. HARRINGTON: Thank you.
14     THE COURT: All right. Thank you all.
15     MS. JACOBS-PERRY: Okay. Thank you.
16                    CERTIFICATE
17     I HEREBY CERTIFY that the foregoing is a true,
18 correct and complete transcript of the proceedings had at the
19 hearing of the aforementioned cause on the day and date hereof.
20
21 <u>/s/TRACEY D. McCULLOUGH</u>                         <u>July 7, 2022</u>
22 Official Court Reporter                                    Date
   United States District Court
23 Northern District of Illinois
   Eastern Division
24
25