# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re Clearview AI, Inc., Consumer Privacy Litigation, | Case No. 21-cv-0135 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

On February 14, 2022, the Court granted in part and denied in part the Clearview defendants' motion to dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Before the Court is defendants' motion for reconsideration and clarification under Rule 54(b). For the following reasons, the Court, in its discretion, denies defendants' motion for reconsideration and grants the motion for clarification. The Court also denies defendants' request for oral argument on their motion because it is unnecessary.

**Background**

The Court presumes familiarity with its February 14, 2022 Memorandum, Opinion, and Order, along with the Court's other rulings in this multi-district litigation ("MDL"), including the August 12, 2020 Memorandum, Opinion, and Order denying defendants Hoan Ton-That's and Richard Schwartz's motion to dismiss brought pursuant to Rule 12(b)(2) for lack of personal jurisdiction in the first-filed lawsuit in this MDL, *Mutnick v. Clearview*, 20-cv-0512. The Court also presumes familiarity with its January 27, 2022 motion to dismiss ruling in relation to retail defendant Macy's and the March 18, 2022 ruling denying Macy's motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b).

In their first amended consolidated class action complaint, plaintiffs allege the Clearview defendants covertly scraped over three billion photographs of facial images from the internet and then used artificial intelligence algorithms to scan the face geometry of each individual depicted to

harvest the individuals' unique biometric identifiers and corresponding biometric information. Plaintiffs thus allege the Clearview defendants' conduct violated their privacy rights and defendants' use of their biometric information was without their knowledge and consent. The centerpiece of this MDL and plaintiffs' class action lawsuit is the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

**Legal Standard**

Because the Court's February 14, 2022 ruling did not dispose of this case in its entirety, the Court reviews defendants' reconsideration motion under Rule 54(b), which allows the Court to exercise its inherent authority to reconsider its interlocutory orders because such orders are "subject to revision at any time before the entry of judgment adjudicating all the claims." *See* Fed.R.Civ.P. 54(b); *Terry v. Spencer,* 888 F.3d 890, 893 (7th Cir. 2018). Rule 54(b) motions for reconsideration serve the limited function of correcting manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

**Discussion**

In the present motion, the Clearview defendants request the Court to reconsider the following: (1) defendants Thomas Mulcaire ("Mulcaire") and Rocky Mountain Data Analytics, LLC ("Rocky Mountain") waived their personal jurisdiction defenses; (2) Mulcaire and Rocky Mountain waived the government-contractor exemption pursuant to 740 ILCS 14/25(e); (3) plaintiffs have Article III standing to bring their state law claims in Counts 8-12 and 14; and (4) plaintiffs have

Article III standing to bring their BIPA Section 15(c) claims in Counts 3 and 4. Defendants also ask the Court to clarify whether defendant Mulcaire was dismissed from this lawsuit.

*Waiver*

The Court starts with Mulcaire's and Rocky Mountain's waiver of their personal jurisdiction defense. To give context, in their opening brief, the only time the Clearview defendants raised Mulcaire's and Rocky Mountain's personal jurisdiction defense was in footnote #2, which stated:

> Mulcaire and Rocky Mountain also should be dismissed because the Court lacks personal jurisdiction over them. For similar reasons previously discussed by Clearview, Mulcaire and Rocky Mountain did not purposefully avail themselves of Illinois to establish minimum contacts with the state. *See Mutnick v. Clearview AI, Inc.*, 20-cv-512, ECF No. 46 at 6-12, ECF No. 70 at 9-16.

The citation to *Mutnick* and the cited briefs in footnote #2 support defendants' *unsuccessful* attempt to dismiss defendants Ton-That and Schwartz based on the lack of personal jurisdiction. Because the cursory argument in footnote #2 was woefully inadequate, the Court concluded Mulcaire and Rocky Mountain had waived their personal jurisdiction argument. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("perfunctory and undeveloped arguments…are waived."); *Evergreen Square v. Wisconsin Housing & Economic Dev. Auth.*, 848 F.3d 822, 829 (7th Cir. 2017) ("A party may waive an argument by presenting it only in an undeveloped footnote.").

Now, the Clearview defendants argue the Court's conclusion was a "manifest error" because they cited fifteen pages of briefing about personal jurisdiction in *Mutnick*. There is no question those briefs discussed the legal authority supporting defendants' Rule 12(b)(2) motion to dismiss based on personal jurisdiction, but the factual focus was entirely on defendants Ton-That and Schwartz. Indeed, Mulcaire and Rocky Mountain were not named defendants in *Mutnick* or *Hall v. CDW Government, LLC*, 20-cv-0846. In any event, analyzing personal jurisdiction is a fact-specific task, and the Clearview defendants did not provide the Court any factual reasons why Mulcaire and Rocky Mountain did not have sufficient contacts with Illinois. Therefore, the Court did not commit

3

a manifest error in this respect. *See Oto,* 224 F.3d at 606 ("A 'manifest error' is not demonstrated by the disappointment of the losing party.").

Likewise, Mulcaire and Rocky Mountain waived their argument under the government-contractor exemption to BIPA, 740 ILCS 14/25(e), because they made this argument for the first time in their reply brief. In the present motion, defendants argue the only reason they made this argument for the first time in reply was due to a Cook County Circuit Court decision issued after they filed their motion to dismiss, namely, *Thornley v. CDW-Government*, LLC, 20 CH 04346 (Cir. Ct. Cook Cty. June 25, 2021). Defendants contend this was the first time any court directly addressed the government-contractor exemption under § 25(e). That may be, but the main reason why arguments made for the first time in reply briefs are waived is because the opposing side has not had the opportunity to address the issue. *See White*, 8 F.4th at 552-53. Defendants nonetheless contend they put plaintiffs on notice of the state court *Thornley* decision in a February 2, 2022 supplemental authority letter, but that letter discusses a Northern District of Illinois case and personal jurisdiction. (R. 274, 2/2/22, letter). This argument fails.

Meanwhile, defendants contend "[s]ince the Court will eventually need to address Mr. Mulcaire's and RM's government-contractor defense, it would be more economical to do so now. The Court declines defendants' invitation to address their argument at this juncture because neither side has fully developed it. The Court thus denies this aspect of defendants' reconsideration motion.

*Article III Standing*

Defendants also assert the Court committed a manifest error of law in concluding plaintiffs had Article III standing to bring their state court claims in Counts 8, 9, 11, 12, and 14 because the Court's conclusion conflicts with *TransUnion, LLC v. Ramirez*, 141 S.Ct. 2190, 2200 (2021), and *Thornley v. Clearview*, 984 F.3d 1241, 1246 (7th Cir. 2021). Defendants specifically argue plaintiffs do not have Article III standing relying on *Thornley* where the Seventh Circuit concluded the plaintiffs

4

did not suffer any injury from defendant's violation of § 15(c) except for statutory violations, and the present plaintiffs' allegations in the state court claims are "virtually identical" to the *Thornley* claims. Defendants' reliance on the Seventh Circuit's decision in *Thornley* is misplaced because in that matter the plaintiffs purposely brought bare BIPA claims with no allegations of injuries to avoid federal court jurisdiction. *Thornley*, 984 F.3d at 1246; *Thornley v. Clearview AI, Inc.*, No. 20-cv-3843, 2020 WL 6262356, at *2 (N.D. Ill. Oct. 23, 2020) (Coleman, J.) ("Plaintiffs purposely narrowed their claim to the general prohibition of Clearview selling and profiting from plaintiffs' biometric data and filed their lawsuit in state court where such actions are allowed without the constraints of Article III standing."). Despite defendants' argument to the contrary, class plaintiffs currently include allegations of injury in their first amended consolidated class action complaint, including that defendants' nonconsensual taking and use of plaintiffs' biometric information exposed them to numerous imminent and impending injuries.

Moreover, defendants' reliance on *TransUnion* for the proposition that a victim of a privacy harm can only suffer an injury-in-fact for Article III standing if the victim's information is disseminated to a third-party is also unavailing. To clarify, in the context of the Fair Credit Reporting Act ("FCRA"), the *TransUnion* Court concluded that certain class members whose credit reports were not disseminated to third parties did not suffer a concrete injury-in-fact, keeping in mind that "history and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider." *Id.* at 2204. As the *TransUnion* Court clarified, "with respect to the concrete-harm requirement in particular, this Court's opinion in *Spokeo v. Robins* indicated that courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts" and that this "inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id.* In *TransUnion*, the Supreme Court analogized the FCRA violations to the tort of

defamation, which requires that the defamatory statement be published to a third party. *Id.* at 2209. Accordingly, the *TransUnion* Court concluded that plaintiffs whose reports were not disseminated to third parties did not allege a concrete injury-in-fact under the FCRA.

The Seventh Circuit has analogized BIPA violations to common law privacy torts, which are different common law torts than defamation. *See Fox v. Dakkota Integrated Sys., LLC,* 980 F.3d 1146, 1153 (7th Cir. 2020); *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 627 (7th Cir. 2020). As the *Bryant* court held: "Bryant was asserting a violation of her own rights—her fingerprints, her private information—and that this is enough to show injury-in-fact without further tangible consequences. This was no bare procedural violation; it was an invasion of her private domain, much like an act of trespass would be." *Id.* at 624. Therefore, defendants' argument based on *TransUnion* is without merit.

The remainder of defendants' arguments concerning Article III standing and plaintiffs' state law claims were made for the first time in their reconsideration motion, and therefore, are waived. *See Baker v. Lindgren*, 856 F.3d 498, 503 (7th Cir. 2017). Otherwise, defendants' arguments concerning "demonstratively false allegations" and plaintiffs' lack of evidentiary support are best left for summary judgment or trial.

Next, defendants maintain plaintiffs do not have Article III standing to bring their BIPA Section 15(c) claims in Counts 3 and 4, although defendants admit that they did not move to dismiss these claims in their motion to dismiss. Again, arguments raised for the first time in a motion for reconsideration are waived.

*Defendant Mulcaire*

In addition, defendants seek clarification of a footnote in the Court's February 14, 2022 ruling about defendant Mulcaire. The section of the ruling discussed whether Ton-That and Schwartz could be liable for Clearview's conduct under Delaware's personal participation doctrine.

6

*See Prairie Capital III, L.P. v. Double E Holding Corp.*, 132 A.3d 35, 60 (Del. Ch. 2015) ("As the human through which the corporate principal acts, '[a] corporate officer can be held personally liable for the torts he commits and cannot shield himself behind a corporation when he is a participant.'"). The footnote concerning Mulcaire stated: "Plaintiffs do not argue that Clearview's General Counsel, Thomas Mulcaire, personally participated in the privacy torts by directing, ordering, ratifying, approving, or consenting to the tortious acts. Therefore, he is not individually liable for Clearview's actions." The footnote, however, makes no mention of the personal participation doctrine in relation to Mulcaire's involvement with Rocky Mountain. Therefore, Mulcaire remains a defendant to this lawsuit.

On a final note, the Court reminds the parties that motions for reconsideration do not provide "a vehicle for rearguing previously rejected motions." *Oto*, 224 F.3d at 606. As the Seventh Circuit instructs, manifest errors of law or fact rarely arise and motions for reconsideration should be equally as rare. *See Bank of Waunakee*, 906 F.2d at 1191. As courts in this district have repeatedly reminded litigants, district courts' opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Ellenby Tech., Inc. v. Fireking Security Group*, 533 F.Supp.3d 656, 660 (N.D. Ill. 2021) (citation omitted). With this in mind, before filing any further reconsideration motions, the parties must first seek leave from the Court to do so.

**Conclusion**

The Court, in its discretion, denies defendants' motion for reconsideration, but grants the motion for clarification, namely, that Mulcaire remains a defendant to this lawsuit [307]. The Court also denies defendants' request for oral argument on their motion for reconsideration because it is unnecessary [333]. Before filing any further reconsideration motions in this lawsuit, the parties must first seek leave from the Court to do so.

7

IT IS SO ORDERED.

Date: 7/25/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge