UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Clearview AI, Inc., Consumer Privacy Litigation, | ) ) ) ) ) | Case No. 21-cv-0135 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiffs' motion for leave to file a second amended complaint in this multi-district litigation ("MDL"), along with amending the underlying complaints in *Mutnick v. Clearview AI, Inc.* ("Mutnick"), No. 20-cv-512 (N.D. Ill.), *Vestrand v. Clearview AI, Inc.* ("Vestrand"), No. 20-cv-3372 (N.D. Ill.), and *Hurvitz v. Clearview AI, Inc.* ("Hurvitz"), No. 21-cv-3373. Plaintiffs specifically seek leave to add eight new retail defendants. For the following reasons, the Court, in its discretion, grants in part and denies in part plaintiffs' motion.

**Background**

Plaintiffs allege the Clearview defendants' conduct violated their privacy rights and defendants' use of their biometric information was without their knowledge and consent in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Plaintiffs also bring statutory and common law claims under Virginia, California, and New York law. The Court presumes familiarity with its earlier rulings in this lawsuit.

In the present motion, plaintiffs seek to add the following eight defendants: (1) Macy's Retail Holdings, Inc., now known as Macy's Retail Holdings, LLC; (2) Macy's Corporate Services, Inc., now known as Macy's Corporate Services, LLC; (3) AT&T Inc.; (4) Kohl's, Inc.; (5) Best Buy Stores, L.P.; (6) Albertsons Companies, LLC; (7) Walmart Inc.; and (8) The Home Depot, Inc.

**Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) directs district courts to freely give leave to amend

when justice so requires. *See Saint Anthony Hospital v. Eagleson*, 40 F.4th 492, 517 (7th Cir. 2022). District courts, however, may deny leave to amend when there is a good reason to do so, including futility, undue delay, prejudice, or bad faith. *Law Offices of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022). The Court has broad discretion in considering a motion for leave to amend a pleading. *Thomas v. Dart*, 39 F.4th 835, 840 (7th Cir. 2022).

**Discussion**

On May 25, 2021, plaintiffs filed the operative amended consolidated class action complaint naming defendant Macy's Inc. as the named representative on behalf of the putative defendant class called the "Clearview Client Class." In their present motion, plaintiffs explain that the first two additional defendants they seek to add are other Macy's entities subject to the same liability as Macy's, Inc. Because original defendant Macy's Inc. did not object to plaintiffs' motion for leave to amend, the Court grants plaintiffs' motion to add Macy's Retail Holdings, Inc., now known as Macy's Retail Holdings, LLC, and Macy's Corporate Services, Inc., now known as Macy's Corporate Services, LLC, as named defendants to the relevant lawsuits.

The remaining defendant retailers, however, are not Macy's entities, but were clients of the Clearview defendants. The Court first notes that the deadline for joining new parties was October 1, 2021, the date plaintiffs proposed in the parties' March 2021 Joint Proposed Management and Discovery Plan. Plaintiffs, however, not only missed that deadline, but did not address the deadline until their reply brief, after the Clearview defendants pointed it out to the Court.

Meanwhile, in response, the Clearview defendants argue the addition of these defendant retailers to this lawsuit would severely prejudice them in light of the September 26, 2022 fact discovery deadline, which is a hard deadline. The Court agrees because "prejudice is more likely when an amendment comes late in the litigation and will drive the proceedings in a new direction." *Allen v. Brown Advisory, LLC*, \_\_\_\_ F.4th \_\_\_, 2022 WL 2825840, at *7 (7th Cir. July 20, 2022).

Here, the class plaintiffs have switched gears by first asserting that Macy's would be the named representative for the defendant "Clearview Client Class," but now seek to add more retail defendants as the "Client Defendants." Although plaintiffs' attempt to amend their pleadings is not late in this overall litigation, it is late in relation to the upcoming fact discovery deadline. *See Brown v. City of Chicago*, No. 12-cv-2921, 2017 WL 11515229, at *2 (N.D. Ill. Sept. 14, 2017) (Coleman, J.) ("Undue delay may be found where a party delays making amendments after learning the identity of a potential defendant or when amendments are made near the end of discovery."). Equally important, plaintiffs do not explain why Macy's Inc. and its affiliates are inadequate named representatives nor do plaintiffs cogently explain why these additional defendants are necessary to their claims at this juncture, especially because they were aware that these retailers were Clearview's clients before they filed the operative complaint in May 2021.

Plaintiffs' motion for leave to amend has other problems. For example, under Illinois law, BIPA claims brought under sections 15(c) and (d) have a one-year limitations period. *See Tims v. Black Horse Carriers, Inc.*, 184 N.E.3d 466, 473, 451 Ill.Dec. 879, 886, 2021 IL App (1st) 200563, ¶ 33 (1st Dist. 2021). In their motion for leave to amend, plaintiffs do not explain how their BIPA claims under sections 15(c) and (d) against the new defendant retailers relate back to the date of the original pleadings under Federal Rule of Civil Procedure 15(c)(1)(C). *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010). Similarly, plaintiffs do not explain how the claims under New York Civil Rights Act § 51 against the new retail defendants relate back—keeping in mind the one-year statute of limitations applicable to actions under § 51 of the New York Civil Rights Act. *See Electra v. 59 Murray Enter., Inc.*, 987 F.3d 233, 240 (2d Cir. 2021). Also problematic is that plaintiffs bring an unjust enrichment claim in the proposed amended complaint in *Hurvitz v. Clearview AI, Inc.*, even though the Court granted the Clearview defendants' motion to dismiss this claim because it is preempted by New York Civil Rights Act §§ 50, 51. *See Sondik v Kimmel,* 131 A.D.

3

3d 1041, 1042, 16 N.Y.S.3d 296, 298 (N.Y. App. Div. 2015) ("Common-law unjust enrichment claims for the unauthorized use of an image or likeness are preempted by Civil Rights Law §§ 50 and 51.").

Nevertheless, plaintiffs now argue that if the Court does not grant them leave to add these defendants, they will file separate complaints against the additional named defendants causing multiple inefficiencies in this MDL and possible future tag-along cases. That may be true, but as this ruling indicates, plaintiffs' attempt to file new lawsuits may be difficult due to timeliness issues. As it stands, the Court, in its discretion, grants in part and denies in part plaintiffs' motion.

On a final note, the Clearview defendants' argument about the new allegations in relation to defendant Rocky Mountain is moot due to the Court's July 25, 2022 denial of the Clearview defendants' Rule 54(b) motion for reconsideration.

**Conclusion**

The Court, in its discretion, grants in part and denies in part plaintiffs' motion for leave to amend. [349, 350].

IT IS SO ORDERED.

Date: 8/10/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge