# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| In re: Clearview AI, Inc., Consumer Privacy Litigation | No. 21 C 135<br><br>Magistrate Judge<br>Maria Valdez |

## ORDER

This matter is before the Court on the Clearview Defendants' Motion to Compel Plaintiffs' Answer to Interrogatory No. 23 [Doc. No. 405]. For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiffs allege that the Clearview Defendants scraped their photos from the internet and unlawfully exploited Plaintiffs' protected biometric information. One of Plaintiffs' statutory claims is brought under the Illinois Biometric Information Privacy Act ("BIPA"). The instant motion involves Rocky Mountain Data Analytics LLC (one of the Clearview Defendants) and Section 25(e) of BIPA, which provides that "[n]othing in [the] Act shall be construed to apply to a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government." 740 ILCS 14/25(e). The Clearview Defendants apparently intend to rely on Section 25(e) with respect to Rocky

Mountain, as they assert that Rocky Mountain's only client was the Illinois Secretary of State.

The Clearview Defendants' Interrogatory No. 23 asks Plaintiffs the following question:

> Do Plaintiffs take the position that the contract between Rocky Mountain Data Analytics LLC and the Illinois Secretary of State . . . is exempt from BIPA under 740 ILCS 14/25(e)? Please explain the full legal and factual basis for Plaintiffs' position on this issue.

[Doc. No. 405-3 at 1.] In response to Interrogatory No. 23, Plaintiffs originally lodged objections but also answered that "BIPA § 25(e) makes no mention of contracts being 'exempt from BIPA' and does not contain the word 'exempt' in any form." [*Id.* at 2.] Plaintiffs later provided a supplemental answer, in which they again lodged objections but also stated that "they do not take the position that the contract between Rocky Mountain Data Analytics, LLC and the Illinois Secretary of State is exempt from BIPA under 740 Ill. Comp. Stat. 14/25(e), as nothing in BIPA § 25(e) exempts contracts from BIPA's substantive provisions." [*Id.*] The Clearview Defendants contend that Plaintiffs' answers are inadequate, and they now request that Plaintiffs be compelled to "provide a full and proper response to the Clearview Defendants' Interrogatory No. 23." (Defs.' Mot. at 1.)

## **DISCUSSION**

"In reviewing a claim that an answer to an interrogatory is not responsive or is incomplete, the initial focus is on the question, not the answer, for on the question you ask depends the answer you get." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 323 (N.D. Ill. 2005). Along those lines, a party "can be ordered to answer only

2

those interrogatories that were actually posed." *YYGM S.A. v. Hanger 221 Santa Monica Inc.*, No. CV 14-4637, 2015 WL 1266401, at *3 (C.D. Cal. July 24, 2015) (citation omitted). Furthermore, a party "cannot rewrite its interrogatory after the fact" (*Fid. Nat. Title Ins. Co. of New York v. TCF Nat'l Bank Ill.*, No. 02 C 668, 2003 WL 22455505, at *1 (N.D. Ill. Oct. 28, 2003)) and courts "will not rewrite [an] interrogatory to seek information that is not requested by its plain terms." *Beneficial Franchise Co. v. Bank One, N.A.*, 205 F.R.D. 212, 224 (N.D. Ill. 2001).

Under this legal framework, the Court finds that the Clearview Defendants' motion to compel must be denied. As quoted above, Interrogatory No. 23 asks Plaintiffs whether Rocky Mountain's "contract" with the Illinois Secretary of State is "exempt" from BIPA. Though the Clearview Defendants maintain that Plaintiffs' answers are non-responsive, Plaintiffs have stated a position that they believe that contracts are not exempt under BIPA and have provided a legal basis for the statement by asserting that Section 25(e) says nothing of "contracts" being "exempt" from BIPA. So, the answers Plaintiffs have provided to Interrogatory No. 23 are in fact responsive and answer the question posed. This is not, as the Clearview Defendants maintain, a matter of over-technicality. That is because Plaintiffs are obligated to answer the interrogatory and provide the basis thereof, which they have done. If the propounding party believes the answer to be incorrect, they cannot compel a "correct" response. Further, in answering Interrogatory No. 23, Plaintiffs are not required to guess whether – despite the interrogatory's plain terms – the interrogatory actually posed a different question.

Essentially conceding that Interrogatory No. 23 perhaps poses the wrong question, the Clearview Defendants clarify in their motion what they really meant to ask, which is "whether Plaintiffs take the position that Rocky Mountain was a contractor, subcontractor, or agent of a State agency or local unit of government that was working with a State agency or local unit of government when it allegedly entered into the contract with the Secretary of State of Illinois." (Defs.' Mot. at 5-6 (internal quotations omitted).) The problem for the Clearview Defendants is that they cannot effectively rewrite Interrogatory No. 23 via their motion to compel, nor will this Court do it for them in adjudicating the motion. *See Oseman-Dean v. Illinois State Police*, No. 11 C 1935, 2011 WL 5874124, at *2 (N.D. Ill. Nov. 22, 2011) ("In effect, plaintiff is asking the court to rewrite Interrogatory 1. . . . The court will not do so."); *Frieri v. Sysco Corp.*, No. 3:16-cv-01432, 2017 WL 3387713, at *3 (S.D. Cal. Aug. 4, 2017) ("Plaintiff's motion to compel appears to be an attempt to rewrite the interrogatories to gather the information intended. The Court is not in a position – or under obligation – to rewrite the interrogatories."); *Bonanza Beverage Co. v. MillerCoors LLC*, No. 2:18-cv-01445, 2019 WL13210026, at *11 (D. Nev. Apr. 17, 2019) ("If MillerCoors had asked the question set forth in its motion to compel, then Bonanza's objection would have been invalid. The Court, however, is not required to rewrite an interrogatory.").

The Court is well-aware that many issues arise between adversarial parties during the course of litigation, some great and some small. Sometimes answering an interrogatory that has been re-cast after a meet and confer will make sense because

4

it saves time and effort, particularly if another interrogatory will be propounded anyway. Doing so usually creates an obligation to pay back the "favor" in the future. The parties are reminded that under Rule 1 of the Federal Rules of Civil Procedure the overarching goal is a "just, speedy, and inexpensive determination of every action and proceeding." Adversaries working towards this goal will serve their clients' interests in the long run. The Court encourages the parties to bear this in mind when addressing discovery issues.

## CONCLUSION

For the foregoing reasons, the Clearview Defendants' Motion to Compel Plaintiffs' Answer to Interrogatory No. 23 [Doc. No. 405] is denied.

**SO ORDERED.**  **ENTERED:**

**DATE:** __August 25, 2022__

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**