IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Clearview AI, Inc. Consumer Privacy Litigation | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF AMENDED MOTION TO EXTEND THE FACT DISCOVERY DEADLINE AND TO INCREASE THE NUMBER OF DEPOSITIONS PERMITTED UNDER FED. CIV. P. 30(a)(2)**

Plaintiffs, by interim lead class counsel, respectfully request that the Court grant them leave to file a reply in support of their Amended Motion to Extend the Fact Discovery Deadline and to Increase the Number of Depositions Permitted Under Fed. R. Civ. P. 30(a)(2) (Dkt. 441). In support of this motion, Plaintiffs state as follows:

1. On August 26, 2022, Plaintiffs filed their Amended Motion to Extend the Fact Discovery Deadline and to Increase the Number of Depositions Permitted Under Fed. R. Civ. P. 30(a)(2) (the "Amended Motion"). Dkt. 441.

2. On August 26, 2022, the Court ordered Defendants to file their responses to the Amended Motion by August 30, 2022. Dkt. 442. The Court did not set a date for any reply. *Id.*

3. On August 30, 2022, the Clearview Defendants and the Macy's Defendants filed their responses to the Amended Motion. Dkt. 443-444.

4. Recognizing that the Court did not order Plaintiffs to file a reply in support of the Amended Motion, Plaintiffs seek leave to file a reply for the limited purpose of correcting misstatements made by the Clearview Defendants regarding the text searches the Clearview

Defendants have failed to run and to attach correspondence regarding the parties' meet and confer on that issue that the Clearview Defendants failed to provide to the Court.

5. Contrary to the Clearview Defendants' assertion, Plaintiffs have not demanded that the Clearview Defendants "restore a defunct database." Dkt. 444 at CM/ECF 11. Rather, despite the Clearview Defendants' representations to the contrary, through Plaintiffs' source code reviews, Plaintiffs have learned that the Clearview Defendants' scraped data can be searched by text and have, therefore, requested that the data be so searched. *See* Exhibit 1 (email correspondence) at CM/ECF 2. Whether the data currently is stored in a "defunct database" or the Clearview Defendants have transferred it to a newer database, as they claim, the data exists and can be searched. *Id.* Plaintiffs explained this to the Clearview Defendants during a recent meet and confer that occurred after Plaintiffs filed the Amended Motion. *Id.* Plaintiffs documented the meet and confer in an email which the Clearview Defendants did not attach to their response.

6. The Clearview Defendants' claim that the data cannot be searched (Dkt. 444 at CM/ECF 11) is no different than a defendant claiming it cannot search microfilm because it does not have a microfilm machine or that it cannot search a box of records because it does not have a ladder to get to the box. In all instances, the information at issue exists and can be searched with the proper tools. Plaintiffs note that they have offered to perform the searches themselves in order to relieve any purported burden of conducting the searches. Ex. 1 at CM/ECF 2. While the Clearview Defendants have stated they would consider Plaintiffs' offer (*id.*), they have not responded to it.

7. As set forth in the Amended Motion, the data to be searched does not just relate to Plaintiffs but to other relevant data contained in the database(s) at issue. Dkt. 441 at CM/ECF 8; *see also* Ex. 1 at CM/ECF 2.

8. Given that this case primarily involves the Clearview Defendants' scraped data, the Clearview Defendants' contention that their document production is substantially complete cannot be true. The Clearview Defendants have refused to search the database(s) containing the actual scraped data and have misrepresented throughout the case that they cannot search that data.

9. Should the Court grant Plaintiffs leave to file the requested reply, Plaintiffs respectfully request that this motion serve as the reply.

WHEREFORE, Plaintiffs respectfully request that the Court grant them leave to file a reply in support of their Amended Motion and allow this motion to serve as the reply.

Dated: August 31, 2022

                                                Respectfully submitted,

By: /s/ Scott R. Drury
SCOTT R. DRURY
*Interim Lead Class Counsel for Plaintiffs*

Mike Kanovitz
Scott R. Drury
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
drury@loevy.com

Scott A. Bursor
Joshua D. Arisohn
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
646.837.7150
scott@bursor.com
jarisohn@bursor.com

Frank S. Hedin (to be admitted *pro hac vice*)
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
415.766.3534
fhedin@hedinhall.com

Michael Drew
**NEIGHBORHOOD LEGAL LLC**
20 N. Clark Street #3300
Chicago, Illinois 60602
312.967.7220
mwd@neighborhood-legal.com

Michael Wood
Celetha Chatman
**COMMUNITY LAWYERS LLC**
20 N. Clark Street, Suite 3100
Chicago, Illinois 60602
312.757.1880
mwood@communitylawyersgroup.com

Steven T. Webster
Aaron S. Book
**WEBSTER BOOK LLP**
300 N. Washington, Ste. 404
Alexandria, Virginia 22314
888.987.9991
swebster@websterbook.com

*Other Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I, Scott R. Drury, an attorney, hereby certify that, on August 31, 2022, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                /s/ Scott R. Drury
                SCOTT R. DRURY