**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|   |   |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | ) ) ) ) ) ) ) ) Case No. 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br>Magistrate Judge Maria Valdez |

**CLEARVIEW DEFENDANTS' MOTION FOR AN
ORDER CONFIRMING THAT DISCOVERY AND PENDING DISCOVERY
MOTIONS ARE STAYED PENDING THE RESOLUTION OF
LOEVY & LOEVY'S ANTICIPATED MOTION TO INTERVENE**

Defendants Clearview AI, Inc., Rocky Mountain Data Analytics LLC, Thomas Mulcaire, Hoan Ton-That, and Richard Schwartz (collectively, the "Clearview Defendants"), by their undersigned counsel, respectfully file this motion for an order confirming that discovery and pending discovery motions are stayed pending the resolution of Loevy & Loevy's anticipated motion to intervene and for appointment as lead class counsel (the "Motion to Intervene").[1] In support of this motion, the Clearview Defendants state as follows:

1. On September 28, 2022, Plaintiffs' interim lead class counsel, Mr. Drury, filed a notice of change of law firm and address stating that he had left the law firm of Loevy & Loevy to start his own firm, Drury Legal, LLC. (Dkt. 460.)

2. On October 4, 2022, counsel of record from Loevy & Loevy moved for leave to withdraw their appearances on behalf of Plaintiffs. (Dkts. 462–67.) Later that day, the Court set a status hearing for October 14, 2022. (Dkt. 470.)

---

[1] Counsel of record for the other parties have expressed no objections to this motion. All parties reserve all rights, including without limitation as to fees, costs, or other prejudice.

3. During the October 14 status hearing, counsel from Loevy & Loevy, Jonathan I. Loevy, stated his intention to file the Motion to Intervene on behalf of putative "class members who want Loevy & Loevy to be lead class counsel." (Ex. A, 10/14/22 Hr'g Tr. at 13:7–15.)

4. The Court set a deadline of October 21, 2022 for Loevy & Loevy's anticipated Motion to Intervene and a deadline of November 1, 2022 for Mr. Drury's response. (*Id.* at 15:1–13; Dkt. 481.) The Court also set a hearing for November 8, 2022 at 1:00 p.m. to address Loevy & Loevy's motion. (*Id.* at 15:15–16:2.)

5. When Mr. Drury raised the issue of how these developments would impact ongoing discovery, including depositions that have already been scheduled and existing motion practice, the Court stated that the parties "can stop that for . . . a couple of weeks" (*id.* at 16:20–21), reasoning that it would be more efficient to first resolve the issues discussed at the conference (*id.* at 17:5–7). The Court further stated that, if necessary, it would extend the current December 23, 2022 discovery deadline. (*Id.* at 16:23–17:1.)

6. To formalize the Court's indication that the parties should pause their pending discovery efforts while the Court resolves Loevy & Loevy's forthcoming Motion to Intervene, the Clearview Defendants seek an order confirming that any remaining discovery deadlines and briefing schedules on any pending discovery motions are stayed.

7. "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and

2

streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.*

8. Based on the Court's statements during the October 14, 2022 status hearing, the parties believe the Court intended to stay any remaining discovery deadlines and related briefing schedules for pending motions, as well as any issues related to third-party subpoenas, while the Court considers the anticipated Motion to Intervene. Out of an abundance of caution, the Clearview Defendants file the present motion to clarify that was the Court's intent.

WHEREFORE, the Clearview Defendants respectfully request that the Court enter an order confirming that during the October 14, 2022 status hearing, it stayed any remaining discovery deadlines and related briefing schedules for pending motions, including but not limited to briefing on the Clearview Defendants' motion for protective order (Dkt. 471) and Plaintiffs' motion for discovery sanctions against the Clearview Defendants (Dkt. 474), as well as any issues related to third-party subpoenas, until the Court issues an order on Loevy & Loevy's anticipated Motion to Intervene or at such other time as the Court may deem appropriate.

Dated: October 17, 2022

Respectfully submitted,

By: */s/ Precious S. Jacobs-Perry*
Precious S. Jacobs-Perry (ARDC No. 6300096)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
pjacobs-perry@jenner.com

3

                Lee Wolosky (*pro hac vice*)
                Andrew J. Lichtman (*pro hac vice*)
                JENNER & BLOCK LLP
                1155 Avenue of the Americas
                New York, New York 10036
                Phone: (212) 891-1600
                lwolosky@jenner.com
                alichtman@jenner.com

*Attorneys for Defendants Clearview AI, Inc., Rocky Mountain Data Analytics LLC, Thomas Mulcaire, Hoan Ton-That, and Richard Schwartz*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2022, I electronically filed the foregoing using the Court's CM/ECF system, which effected service on all counsel of record.

*/s/ Precious Jacobs-Perry*
Precious Jacobs-Perry