# EXHIBIT A

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   In Re: CLEARVIEW AI, INC., Consumer ) No. 21 C 135
     Privacy Litigation                  )
 4                                       ) October 14, 2022
                                         ) Chicago, Illinois
 5                                       ) 10:35 a.m
                                         ) Video Status Hearing
 6
                      TRANSCRIPT OF PROCEEDINGS
 7         BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

 8   APPEARANCES:

 9   For the Plaintiffs:      LOEVY & LOEVY
                              311 North Aberdeen
10                            3rd Floor
                              Chicago, Illinois  60607
11                            BY:  MR. JONATHAN I. LOEVY
                                   MR. MICHAEL KANOVITZ
12
                              DRURY LEGAL, LLC
13                            6 Carriage Lane
                              Highwood, Illinois  60040
14                            BY:  MR. SCOTT R. DRURY

15   For the Clearview        JENNER & BLOCK LLP
     Defendants:              353 North Clark Street
16                            Chicago, Illinois  60654
                              BY:  MS. PRECIOUS JACOBS-PERRY
17
                              JENNER & BLOCK LLP (NYC)
18                            919 Third Avenue
                              39th Floor
19                            New York, New York  10022
                              BY:  MR. ANDREW J. LICHTMAN
20
     For Defendant Macy's:    TAFT LAW
21                            2200 Ids Center
                              80 South 8th Street
22                            Minneapolis, Minnesota  55402
                              BY:  MS. BLAIR A. HARRINGTON
23
              TRACEY DANA McCULLOUGH, CSR, RPR
24                  Official Court Reporter
         219 South Dearborn Street - Room 1232
25              Chicago, Illinois  60604
                     (312) 435-5570
```

1 APPEARANCES CONTINUED:

2 ALSO PRESENT:

3                             HEDIN HALL, LLP
                            1395 Brickell Avenue
4                             Suite 1140
                            Miami, Florida 33131
5                             BY:  MR. FRANK S. HEDIN

6

7                             BURSOR & FISHER P.A.
                            888 Seventh Avenue
                            New York, New York  10019
8                             BY:  MR. JOSHUA D. ARISOHN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    THE CLERK: Good morning. The Court resumes session.
2 Please come to order. 21 CV 135, In Re: Clearview AI.
3    THE COURT: All right. Can everyone hear me? Good.
4    MR. DRURY: Yes, Your Honor.
5    THE COURT: All right. Let's start first with Mr.
6 Drury. Plaintiff.
7    MR. DRURY: Good morning, Your Honor. Scott Drury on
8 behalf of the plaintiffs. Also here is Frank Hedin and Josh
9 Arisohn. And I also see Mike Kanovitz --
10    THE COURT: Hold on one second.
11    (Brief pause.)
12    THE COURT: Okay. Start -- again, do you all hear an
13 echo when I talk? No?
14    MR. DRURY: There was a little echo at the beginning,
15 but now it seems to have gone away, Your Honor.
16    THE COURT: All right. Start again. I'm sorry, Mr.
17 Drury.
18    MR. DRURY: Yes, Your Honor. Good morning. This is
19 Scott Drury on behalf of the plaintiffs. Also here on behalf
20 of the plaintiffs is Josh Arisohn, Frank Hedin, and I see Mike
21 Kanovitz here on behalf of Loevy & Loevy.
22    THE COURT: All right.
23    UNIDENTIFIED MALE VOICE: Your Honor --
24    THE COURT: Wait. Wait. I can't wait till this is
25 over. So, in fact, you all will have to start coming in,

1  because we've been in.  Other people have been in.  Other court
2  cases have been in in my room, and you all are going to have to
3  start coming in.  I'm sure the clients won't necessarily like
4  that when they see their bill, but you all have to start coming
5  in.  That's the way we're going to have to do it.  Except for
6  all of those who are trying to get off.  That's a whole nother
7  issue we're dealing with today.
8           All right.  So why don't we go with the counsel from
9  Loevy who's on the phone to talk about the motion.  Announce
10 yourself.
11          MR. LOEVY:  Thank you, Your Honor.  This is Jon
12 Loevy, and I apologize that I could not zoom.  I'm actually on
13 a, a college trip with my son, so I apologize for having to
14 phone in.
15          THE COURT:  Good excuse.  Good excuse.
16          MR. LOEVY:  But we -- we have strong feelings about
17 the motion, and we are appreciative for the opportunity to
18 address the Court on it.  And I need to give you some
19 background.
20          THE COURT:  All right.  Wait.
21          MR. LOEVY:  We --
22          THE COURT:  Before you, before you -- Mr. Loevy,
23 before you give me background and take up the room, I'm going
24 to at least have the other people who are on the line go ahead
25 and state their names.  All right.  So --

1       MR. LOEVY: I apologize, Your Honor.
2       THE COURT: No problem at all. Again, we're all
3  working under these strange times. All right. I'm going to go
4  to Miss Jacobs-Perry for defense. Go ahead and state who your
5  client is.
6       MS. JACOBS-PERRY: Yes, Your Honor. I represent the
7  Clearview defendants on behalf of Jenner & Block. I also see
8  my colleague Mr. Andrew Lichtman here as well on behalf of the
9  Clearview defendants.
10      THE COURT: All right. And then we have Mr. Hedin.
11      MR. HEDIN: Good morning, Your Honor. Frank Hedin,
12 appearing on behalf of the plaintiffs.
13      THE COURT: All right. Thank you. Miss Harrington.
14      MR. ARISOHN: Good morning, Your Honor. I'm Josh
15 Arisohn, Bursor & Fisher, also appearing for the plaintiffs.
16      THE COURT: All right. Thank you. I'm looking at
17 who I'm seeing. Miss Harrington.
18      MS. HARRINGTON: Good morning, Your Honor. Blair
19 Harrington here on behalf of the Macy's defendants.
20      THE COURT: All right. Thank you. Mr. Kanovitz.
21      MR. KANOVITZ: Good morning, Judge. Mike Kanovitz,
22 also with Loevy & Loevy.
23      THE COURT: All right. Thank you. All right. And
24 if you haven't stated your name and you're going to be talking,
25 go for it. Give me your name and who you represent if there's

1  anything else on who needs to identify themselves.  Not hearing
2  anything, go ahead, Mr. Loevy.
3            MR. LOEVY:  Thank you, Your Honor.  Last week we were
4  trying a case in front of Judge Kennelly, a big BIPA case
5  actually just like the Clearview case, first one that went to
6  trial.  And as we were preparing for that trial, we received an
7  e-mail from Mr. Drury a week ago Friday saying that he was
8  resigning from the firm.  And we wrote him and said, well, we
9  should communicate with the clients, and then shortly after he
10 said I have been retained by the Clearview clients, and I am
11 directing you to withdraw.
12           And we said, Mr. Drury, I don't think that makes
13 sense.  We're getting ready for a trial.  We're basically on
14 trial.  We'd like to proceed in an orderly way with the Court,
15 and Mr. Drury responded, you have 48 hours to file a motion to
16 withdraw, or I'm going to, you know, seek sanctions.  And, and
17 you're disobeying the clients' directive.  We do not concede,
18 Your Honor, that we don't represent the plaintiff class.  What
19 we haven't -- we intend very shortly as soon as the trial ends
20 to file something in writing to give Your Honor more of the
21 context.  The trial just ended day before yesterday, and here
22 we are.
23           And, Your Honor, rest assured there are, you know,
24 two sides to this.  I'm sure Mr. Drury has an explanation for
25 why he resigned from the firm and thinks he can, you know, take

1  the cases with him.  We have our own view of what's going on
2  here.  None of that is the Court's concern.  The Court has to
3  decide who should represent the class.  And, Your Honor, what
4  we'd like to do is file something with the Court explaining
5  that Loevy & Loevy would very much like to stay on for the
6  class.  When you appointed class counsel, you had before you a
7  petition and an affidavit that, it basically talked about
8  Loevy & Loevy and our extensive class action experience, our
9  extensive class action wins, our extensive trial wins.  And we
10 believe that that was what informed your decision to appoint
11 class counsel.
12         Now, we have been in contact with other members of
13 the class who have raised concerns that they don't want to be
14 represented by a solo practitioner, who's basically at this
15 point now practicing out of his house, and that they want
16 Loevy & Loevy to remain.
17         And, Your Honor, the other variable I will tell you
18 is that this trial we just finished in front of Judge Kennelly
19 was the first BIPA trial to ever go to trial.  We were very
20 involved in fashioning the jury instructions that will now, you
21 know, occupy the field.  And we won.  We won a $228 million
22 verdict for the BIPA class.  And any arguments that the
23 Clearview class would not benefit from our continued
24 involvement as lead class counsel cannot be sustained.
25         Now, this all should have been done in an orderly

way. We couldn't. I apologize to the Court that we couldn't file something in writing because we were literally on trial, and the timing of Mr. Drury's demands prevented it from being orderly. But what we are asking is before you make any decisions, we don't want to withdraw. I think there's an open question as to who does represent these clients. We haven't had an opportunity to discover any facts. And we would like to not withdraw, and we would like this to be decided in an orderly way after you have an opportunity to consider the briefing.

    THE COURT: All right. Thank you for that presentation. I'm not going to have full arguments this morning. Mr. Drury, is there an objection to having briefing on this? The Court does need to know exactly what's going on here.

    MR. DRURY: Your Honor, I think that absolutely you have a right as, you know, the judge presiding over this matter and, and, you know, presiding over this matter and looking out for the interests of the class to understand what's going on. I do think there's a few things that, that I do need to respond to just briefly.

    THE COURT: All right.

    MR. DRURY: First of all, with this issue Mr. Loevy makes it sounds like I just one day decided to just leave the firm. This issue has been going on for well over a year.

1   Lawyers are involved, and it came to the point where it was
2   necessary for me to, to leave the firm.  I, I have been
3   handling this case as interim lead class counsel since 2021
4   very effectively.  You know, the case is moving along.
5   Discovery is set to close on December 23rd.  The plaintiffs'
6   depositions are all scheduled, I think except for one.
7           In terms of, you know, the claims that the class
8   isn't well represented, one, it's just not true.  Two,
9   throughout this matter I have been working with co-counsel.
10  Josh Arisohn is here from Bursor & Fisher.  So, you know, a
11  renown class action firm in New York with 25 attorneys.
12  Mr. Hedin from Hedin & Hall is here.  He's been working with
13  them throughout.  That's been the team, and that will continue
14  to be the team.
15          At this point all of the plaintiffs now that Loevy &
16  Loevy represented have sent Loevy & Loevy notices of
17  termination, so they don't have a client in the case.  I
18  understand that they don't want to withdraw, but they do have
19  the motions to withdraw out there.  I approached Mr. Loevy by
20  e-mail asking to, to meet with him to try to resolve all issues
21  so as not to, you know, have the Court have to deal with this.
22  I'm still open to that, and hopefully now that their trial is
23  over they'll be willing to meet.
24          But at this point, you know, the case is moving
25  forward.  The motions to withdraw are there.  The clients have

1 asked Loevy & Loevy to withdraw.  It's not just a request that
2 came from me.  And so I think the issue is whether or not that
3 should, should be allowed.  Now, there are some --
4       THE COURT:  So, so -- excuse me, Counsel.  Excuse me.
5 So you're stating that the request for Loevy & Loevy to
6 withdraw did not come from you.  It came from the clients?  Is
7 that your position?
8       MR. DRURY:  So it came -- they, they signed notices
9 of termination, which I forwarded to Loevy & Loevy, Your Honor.
10       THE COURT:  And when did you change firms, Counsel?
11       MR. DRURY:  Your Honor, I left Loevy & Loevy on
12 September 23rd.
13       MR. LOEVY:  Your Honor, may I -- may I respond.
14       THE COURT:  Yes, to just the points I just brought
15 up, please.
16       MR. LOEVY:  Yes.  Mr. Drury did withdraw as we were
17 preparing for this trial.  He offered to meet with us, but we
18 were on trial.  We have real concerns about what the clients
19 were told.  Why they would want to have Loevy & Loevy withdraw.
20 We've been involved in the case for, you know, three years.  We
21 have invested time, money, and resources, and we would add a
22 real benefit to the class and we want -- what we want to do is
23 intervene.  If Mr. Drury has, has -- if those clients want
24 Mr. Drury and want Loevy & Loevy out, there are other class
25 members who have a real concern about being represented by a

1  solo practitioner, as I said, without even an office, and that
2  they want us to remain.  So we would like to brief these
3  issues, Your Honor.
4         THE COURT:  All right.  And as you are talking here,
5  that's fine, but when you -- you can leave out the constant
6  references to there not being an office.  Especially since
7  nobody is in court, and everybody is working under a different
8  type of circumstances.  So we're going to leave that alone.  I
9  don't need that extra information.  Hold on one second.
10         MR. DRURY:  Your Honor, may I add one thing.
11         THE COURT:  Yes, quickly.
12         MR. DRURY:  So, Your Honor, we advised the Court a
13  while ago that we were in the process of, of preparing our
14  motion for class certification.  And the plaintiffs are -- you
15  know, we're prepared to get that on file in short order.  It
16  would seem to me that at that point that's where Your Honor
17  would, would take up the issue of who's the appropriate class
18  counsel in this case.  They keep saying I'm a solo
19  practitioner, and they're ignoring the other lawyers that have
20  been working on this case for, for three years and what their
21  clients want.
22         THE COURT:  All right, Counsel --
23         MR. DRURY:  So Your Honor is going --
24         THE COURT:  Mr. Drury, you're right.  I've got to
25  decide this.  Actually for the class it has to be sooner than

1  later.  I don't want to necessarily wait till the next step
2  that you say, oh, we should wait until after this is being
3  filed, I'm ready to do something.  You know, this -- you all
4  may have known this was coming down the pike, but clearly it
5  wasn't until, what, a month ago, that this matter showed up as
6  an issue on my docket.  And it is an issue.  I don't know if
7  Judge Valdez was aware of this, that this was going on or this
8  was an issue.
9       But, yes, the Court did appoint the firm, and Mr.
10 Drury was with the firm at that time.  And I'd like to hear
11 some arguments as to what should go on here, and I'm not going
12 to do it on Zoom.  I'm not going to do it on Teams.  You all
13 need to be here and face me so I can see everyone.  And I'm not
14 worried about your backgrounds and what's, you know, on the
15 screen.  I'm looking at you here, and I can hear you and see
16 what you're saying, and then decide it.  And for the class, I
17 want to do it sooner than later.  This is nothing that we need
18 to put off and then all of a sudden all get caught up into our
19 various holidays and responsibilities and et cetera.
20      So that's what's going to happen next.  We'll do it
21 as soon as we can before I get into my trial schedule.  But we
22 need to have an in-court presentation on who thinks who should
23 be, you know -- have what role in this case.  That's where I
24 am.  All right.  So you can have -- Jon Loevy, counsel on the
25 phone, do you want to file something that you said you didn't

1 get a chance to do?

2 MR. LOEVY: We do, Your Honor. The trial just ended
3 the day before yesterday. We could have it on file by the
4 middle of next week.

5 THE COURT: All right. And what are you filing, to
6 be specific?

7 MR. LOEVY: We'll be filing a motion to intervene on
8 behalf of other class members who want Loevy & Loevy to be lead
9 class counsel, and we will be asking that Your Honor appoints
10 us as the lead class counsel as it, as it has been, and that we
11 will, you know -- we, we may not have time to discern whether
12 or not these clients, in fact, you know, do or don't want us to
13 represent them. But at a minimum it will be a motion to
14 intervene on behalf of other class members and seeking to be
15 appointed as lead class counsel.

16 THE COURT: All right. And, Mr. Drury.

17 MR. DRURY: Your Honor, I guess we will file
18 something as well related to the circumstances. My, my concern
19 is, is that, you know, there -- there's a lot of history here,
20 and I'm just hoping that, you know, this isn't going to be --
21 we plan to keep it related to the issues before Your Honor.
22 And I hope that Loevy & Loevy will do the same, because I don't
23 think, you know -- there may be a time and place to litigate
24 the issues between myself and Loevy & Loevy. I don't think
25 it's before Your Honor in this courtroom.

1    But we can file something.  Like I said, I've been
2 appointed interim lead class counsel, and I remain --
3    THE COURT:  You were, but you were -- wait.  Let's
4 just be real clear.  You were as a member of Loevy & Loevy.  I
5 mean that's --
6    MR. DRURY:  Yes, Your Honor.  I --
7    THE COURT:  -- that's the truth of it, so ...
8    MR. DRURY:  No.  No.  I'm not, I'm not trying to
9 change history at all, Your Honor.  I know I was with Loevy &
10 Loevy at the time.  I was with Loevy & Loevy until
11 September 23rd.
12    THE COURT:  All right.
13    MR. DRURY:  I, I -- what I'm saying is that I have
14 been leading this, this case for the last three years, and the
15 class members in the case would be severely prejudiced if my
16 role was, was to be diminished just given the amount of work
17 I've done.  And I'm not just saying that.  I'm confident that
18 other attorneys on the case would, would back me up on that.
19 So, you know, I'm, I'm more than happy to stand on my record
20 and present it to the Court and give the Court whatever it
21 thinks it needs to make the right decision here.
22    And I just -- I guess I'll -- we would like to file
23 something next week as well, but I don't want to inundate the
24 Court, so I'll leave it to you to determine how you want that
25 to proceed.

```
1           THE COURT:  All right.  So what I'd like to happen is
2   for -- you said you can get it in by next week, Counsel from
3   Loevy?
4           MR. LOEVY:  Yes, Your Honor.
5           THE COURT:  All right.
6           MR. LOEVY:  Wednesday, Thursday.
7           THE COURT:  All right.  Why don't you get it to
8   everyone by next Friday.  And then there will be a response.
9   Mr. Drury, can you get a response in in -- hold on.  Let me
10  look at my calendar.  Hold on.  If you can get a response in by
11  November 1st.  Can that be done?
12          MR. DRURY:  That's fine.
13          THE COURT:  All right.
14          MR. DRURY:  Yes.
15          THE COURT:  All right.  And then what I'd like to do
16  is -- Miss Montanez, can we set up a -- can we set up a hearing
17  date?  I'm looking at November 8th or --
18          MR. LOEVY:  That works, Your Honor.
19          THE COURT:  November 8 -- does November 8th work for
20  all who will be participating in this hearing?
21          MR. DRURY:  Your Honor, I'm just trying --
22  November 8th works for plaintiffs.
23          THE COURT:  All right.  November 8th.  Again, it will
24  be in court.  It will be in person.  And what time, Yvette?
25  We're going to do 1:00 o'clock?
```

```
 1              THE CLERK:  Yes, I was just about to say.
 2              THE COURT:  1:00 o'clock, November 8th.
 3              MR. LOEVY:  Excellent.  Thank you, Your Honor.
 4              THE COURT:  My courtroom is 1260 if you -- oh, no,
 5   I'm sorry.  What is it?
 6              THE CLERK:  1241.
 7              THE COURT:  1241.  I forget my courtroom.  I'm in my
 8   chambers all the time.  1241.  All right.  And you will have
 9   that.  And again, as to whether or not -- and it sounds like
10   there could be some extraneous information that could come in
11   here.  That's why I have my job to cut through it.  So let's
12   not think that I can't discern the difference between what is
13   relevant and what isn't for the class.  All right.  That's my
14   ultimate concern in this situation.  All right.
15              MR. DRURY:  Your Honor, one more --
16              MR. LOEVY:  Understood, Your Honor.
17              MR. DRURY:  -- quick issue.  The case is obviously
18   ongoing.  Plaintiffs, some depositions are set.  There's motion
19   practice going on.
20              THE COURT:  You can stop it.  You can stop it for --
21   you can stop that for, we're talking about, what, a couple of
22   weeks here.
23              MR. DRURY:  Yes.  We just have a discovery cutoff of
24   December 23rd, and so in addition --
25              THE COURT:  I'll change that if I have to.  If I have
```

1  to change it, I will.
2         MR. DRURY:  Okay.
3         THE COURT:  All right.
4         MR. DRURY:  Okay.
5         THE COURT:  I think it's better to let's get this
6  settled, because otherwise this is messy and MDLs definitely
7  don't need mess.  All right.
8         MR. DRURY:  All right.  Thank you, Your Honor.
9         THE COURT:  All right.  Any questions from anyone on
10 the line?  If so, state your name and who you represent.
11 Otherwise we'll see you in my courtroom in a few weeks.  Thank
12 you very much.
13        MR. DRURY:  Thank you, Your Honor.
14        MR. LOEVY:  Thank you.
15        MS. JACOBS-PERRY:  Thank you, Your Honor.
16        MR. ARISOHN:  Thank you.
17        MR. HEDIN:  Thank you.
18                      CERTIFICATE
19        I HEREBY CERTIFY that the foregoing is a true,
20 correct and complete transcript of the proceedings had at the
21 hearing of the aforementioned cause on the day and date hereof.
22
23 /s/TRACEY D. McCULLOUGH                      October 14, 2022
24 Official Court Reporter                              Date
   United States District Court
25 Northern District of Illinois
   Eastern Division