From: <scott@drurylegal.com>
Date: Sun, Oct 2, 2022 at 10:21 AM
Subject: RE: Transfer of Client Materials
To: Jon Loevy <jon@loevy.com>
Cc: <mike@loevy.com>

Dear Mr. Loevy:

I have received your October 1, 2022 email below. Aaron Hurvitz, David Mutnick, Valerie Rogoff, Mark Smithivas, Jenny Vance, Steven Vance and Andrea Vestrand (collectively, the "Clients") have directed Loevy & Loevy and its attorneys to: (a) withdraw their appearances from matters in which Loevy & Loevy and/or its attorneys have appeared; and (b) transfer all materials related to their matters to Drury Legal, LLC.

Despite the Clients' directives, Loevy & Loevy and its attorneys have not withdrawn from the Clients' matters. Please do so in accordance with the directives. Withdrawing from a matter is largely administrative. Indeed, when I terminated Loevy & Loevy from my personal matter earlier this year, you had a paralegal prepare the paperwork and handle the filing. The same can be done here. Alternatively, Drury Legal, LLC can handle the filings. If Loevy & Loevy does not move to withdraw by the close of business on October 4, 2022, I will be forced to assume that it has chosen to disregard the Clients' directives. Given that Loevy & Loevy was first advised of the need to withdraw on September 26, 2022, it has had more than sufficient time to file the necessary paperwork.

With respect to Client materials, thank you for transferring network-drive materials related to certain matters on September 30, 2022. As set forth in my September 30, 2022 letter, certain materials have yet to be transferred, including, but not limited to, emails and various document databases. A copy of my September 30, 2022 letter is attached hereto. In my letter, I requested that you respond to my request regarding the additional materials, among other things, by October 1, 2022. The deadline was not "false." It is important that Drury Legal, LLC has access to the Clients' materials in order to protect their interests. I have proposed ways for Loevy & Loevy to provide Drury Legal, LLC with interim access to the materials and possible ways for Drury Legal, LLC to directly obtain certain materials without the need for Loevy & Loevy to do anything. Your email does not address the issue.

Finally, your email erroneously asserts that I proposed meeting on "Monday morning, October 2." My proposal was to meet this morning (Sunday), October 2, 2022. There was nothing "disingenuous" about proposing a face-to-face meeting between the two of us to resolve open issues.

Given that it does not appear that we will be meeting today, good luck with your trial.

Very truly yours,
Scott R. Drury

From: Jon Loevy <jon@loevy.com>
Sent: Saturday, October 1, 2022 2:36 PM
To: scott@drurylegal.com; Michael Kanovitz <mike@loevy.com>
Subject: Re: Transfer of Client Materials

Scott,
We received your letter, seeking to impose a false deadline of 24-hours, ie, Saturday at 5pm.
My understanding is that the information that you requested be transferred has now been transferred.
Please let us know if that is not the case, and we will address it.
Your offer to meet with me on Monday morning, October 2, is disingenuous. As you are fully aware, Mike and I start a substantial BIPA trial this week, and thus cannot meet you in Skokie. In fact, Mr. Vance (on a phone call that you were on) expressed interest in attending. We hope you will not discourage him from doing so.
I do think you and I have very good reasons to speak to each other, but Mike and I are fully consumed with trial preparation and trial, and the conversation is going to have to wait a week or so. We're expecting to be done a week from Tuesday. We can meet with you any date thereafter, at the location of your choice.
Thanks.
jon