10/21/22, 3:38 PM
Case: 1:21-cv-00135 Document #: 484-11 Filed: 10/22/22 Page 1 of 2 PageID #:9899
Search results - jon@loevy.com - Loevy & Loevy Mail

From: **Jon Loevy** <jon@loevy.com>
Date: Mon, Oct 3, 2022 at 9:41 PM
Subject: Re: Transfer of Client Materials
To: <scott@drurylegal.com>
Cc: <mike@loevy.com>

Scott:

None of this would have been an issue if you had allowed us to plan for this transition. Instead, you resigned without prior notice at the close of business hours on Friday, and then ignored multiple requests to call the clients together. Instead, you proceeded to send us a flawed directive from clients suggesting that they were not offered any option of having both of our firms continue to represent them.

Indeed, short of misinformation by you, it is difficult to understand why the clients would not want us to continue to be involved. We have invested years of time and resources into the cases, not to mention more than a million dollars. Now that the cases are looking promising, you decided to leave the firm and take the cases. You have manufactured a pretextual and false narrative that you were "forced to leave," which is untrue. Your motivation was your own economic interests, pure and simple, and there is no serious contention otherwise.

The idea that the class would not benefit by continuing to be represented by our firm is an indefensible proposition. Our firm has nearly 50 lawyers, many of whom have worked on the cases you have taken from the firm, including Liz Wang, Julia Rickert, Roshna Keen, Dan Twetten, Scott Rauscher, Frank Newell, Mike Kanovitz, and myself, among others.
We have several of the most accomplished trial lawyers in the City. You cannot pretend the classes in these eight cases are better off without our assistance. Your motivation to advance your own economic interests at the expense of the classes' interests badly betrays your ill-suitability to serve as lead counsel.

In Clearview in particular, Judge Coleman appointed you as class counsel in reliance on an affidavit that proffered and relied upon the extensive class action experience of our law firm, including several massive class action wins for our clients led by Mike, none of which you contributed to. At the time, you insisted that we trust you and accede to your insistence that you be appointed personally, as opposed to the firm. Here is the email Mike wrote to you on February 23, 2021:

> Scott,
>
> As we discussed tonight, Jon and I are very concerned to have learned today that you are seeking to get yourself appointed instead of both you and I. The fact that you have refused my suggestion we ask the Court to appoint both of us (and to tell the Court it should be just you if she insists on only one of us) did not inspire confidence either, especially coming on the heels of you telling us again just yesterday that you do not feel you have been treated fairly. We also hear you saying that you are unwilling to accept any compromise and that the only outcome whatsoever must be a motion seeking you as the sole lead counsel.
>
> Accurately or not, all of this feeds a concern on our part that if we acquiesce to your way of doing this, you could decide to leave the firm and use your lead counsel role to take this case with you. When we expressed that to you, you represented that you have no intention of doing that.
>
> Trust is vital to our continued ability to work together and I very much want to be able to trust you. So that is what I am going to do. I accept your word as a gentleman.
>
> Mike

In hindsight, we were suckers. The Clearview client is your personal friend, and it is no surprise that you persuaded him to fire us in favor of you.

As for Steven Vance, just two weeks ago, he expressed interest on the phone to Mike and I (and you) in watching our BIPA trial before Judge Kennelly this week. He was excited to watch the trial and learn more about BIPA and class action litigation. He was especially interested, and rightfully so, to watch us go up against the same lawyers from Morgan Lewis who are defending some of his cases. How you managed to persuade him to fire our firm remains unclear.

All of that said, we have fully cooperated with your request for the materials. All have been transferred last week, or will be shortly. We understand you are working with Dan Twetten on that, and if there are any issues, presumably he can resolve them.

You know that we are preparing for trial before Judge Kennelly this week. We thus could not break into our trial prep to meet with you in Skokie. There is no urgency here, and no prejudice for you to wait one week or so until the trial is over. As we have informed you, we have all kinds of issues with what has happened, and urge you not to initiate motion practice to "withdraw us" until we have a chance to discuss this with you after our trial. Again, there is no rush. It is possible we can resolve this. Your timing on the eve of our trial prep and trial was unfortunate.

We start trial tomorrow, and have no more time to spend on this. Here is where it stands as we see it. You should wait one week until we can have a discussion before doing anything. If you communicate to us that you simply cannot wait a week, let us know, and we will file the requested withdrawals tomorrow. Copy Dan Twetten, as Mike and I will be on trial.

If you instead decide to file a motion of some kind, we request that you attach this response, and inform the court that we intend to respond to your motion with the full story as soon as our trial is over.

jon

On Sun, Oct 2, 2022 at 10:21 AM <scott@drurylegal.com> wrote:
> Dear Mr. Loevy:
>
> I have received your October 1, 2022 email below. Aaron Hurvitz, David Mutnick, Valerie Rogoff, Mark Smithivas, Jenny Vance, Steven Vance and Andrea Vestrand (collectively, the "Clients") have directed Loevy & Loevy and its attorneys to: (a) withdraw their appearances from matters in which Loevy & Loevy and/or its attorneys have appeared; and (b) transfer all materials related to their matters to Drury Legal, LLC.
>
> Despite the Clients' directives, Loevy & Loevy and its attorneys have not withdrawn from the Clients' matters. Please do so in accordance with the directives. Withdrawing from a matter is largely administrative. Indeed, when I terminated Loevy & Loevy from my personal matter earlier this year, you had a paralegal prepare the paperwork and handle the filing. The same can be done here. Alternatively, Drury Legal, LLC can handle the filings. If Loevy & Loevy does not move to withdraw by the close of business on October 4, 2022, I will be forced to assume that it has chosen to disregard the Clients' directives. Given that Loevy & Loevy was first advised of the need to withdraw on September 26, 2022, it has had more than sufficient time to file the necessary paperwork.
>
> With respect to Client materials, thank you for transferring network-drive materials related to certain matters on September 30, 2022. As set forth in my September 30, 2022 letter, certain materials have yet to be transferred, including, but not limited to, emails and various document databases. A copy of my September 30, 2022 letter is attached hereto. In my letter, I requested that you respond to my request regarding the additional materials, among other things, by October 1, 2022. The deadline was not "false." It is important that Drury Legal, LLC has access to the Clients' materials in order to protect their interests. I have proposed ways for Loevy & Loevy to provide Drury Legal, LLC with interim access to the materials and possible ways for Drury Legal, LLC to directly obtain certain materials without the need for Loevy & Loevy to do anything. Your email does not address the issue.
>
> Finally, your email erroneously asserts that I proposed meeting on "Monday morning, October 2." My proposal was to meet this morning (Sunday), October 2, 2022. There was nothing "disingenuous" about proposing a face-to-face meeting between the two of us to resolve open issues.
>
> Given that it does not appear that we will be meeting today, good luck with your trial.
>
> Very truly yours,
> Scott R. Drury