

Jon Loevy <jon@loevy.com>

## Fwd: Clearview
7 messages

---

**Michael Kanovitz** <mike@loevy.com>                          Tue, Feb 23, 2021 at 4:56 PM
To: Jon Loevy <jon@loevy.com>

---------- Forwarded message ---------
From: **Scott Drury** <drury@loevy.com>
Date: Tue, Feb 23, 2021 at 4:38 PM
Subject: Clearview
To: Michael Kanovitz <mike@loevy.com>

Here are what I think are final versions of the Leadership application and my declaration in support. After looking at leadership applications in various contested matters (including Birchmeier, TikTok and Zoom), the application seeks my appointment as lead counsel. The application treats the other members of our coalition as a quasi-executive committee members. The benefit of framing it this way is that the application shows the diverse nature of our coalition: diversity in terms of gender (multiple female attorneys), race/ethnic origin (African American, Asian and Caucasian) and age (multi-generational). *See* Paragraph 19 of the declaration. I found a publication from a Duke Law Journal that recommends this type of diversity. It is a very strong application with strong supporting briefs to be submitted by each coalition member.

Also, I signed up two additional Clearview clients – one from New York and one from California. The application does not discuss these clients. If necessary, that will be included in our response brief.

--Scott

_____

Scott R. Drury

LOEVY & LOEVY

311 N. Aberdeen, 3rd Floor

Chicago, Illinois 60607

312.243.5900

drury@loevy.com

--
Michael I. Kanovitz
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607

From: **Michael Kanovitz** <mike@loevy.com>
Date: Tue, Feb 23, 2021 at 9:55 PM
Subject: Clearview and moving forward
To: Scott Drury <drury@loevy.com>, Jon Loevy <jon@loevy.com>


Scott,

As we discussed tonight, Jon and I are very concerned to have learned today that you are seeking to get yourself appointed instead of both you and I. The fact that you have refused my suggestion we ask the Court to appoint both of us (and to tell the Court it should be just you if she insists on only one of us) did not inspire confidence either, especially coming on the heels of you telling us again just yesterday that you do not feel you have been treated fairly. We also hear you saying that you are unwilling to accept any compromise and that the only outcome whatsoever must be a motion seeking you as the sole lead counsel.

Accurately or not, all of this feeds a concern on our part that if we acquiesce to your way of doing this, you could decide to leave the firm and use your lead counsel role to take this case with you. When we expressed that to you, you represented that you have no intention of doing that.

Trust is vital to our continued ability to work together and I very much want to be able to trust you. So that is what I am going to do. I accept your word as a gentleman.

Mike

--
Michael I. Kanovitz
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(p) 312-243-5900
(f) 312-243-5902

From: **Scott Drury** <drury@loevy.com>
Date: Wed, Feb 24, 2021 at 9:40 AM
Subject: RE: Clearview and moving forward
To: Michael Kanovitz <mike@loevy.com>
Cc: Jon Loevy <jon@loevy.com>

Mike:

When you first inquired into the status of the motion late yesterday afternoon, I promptly sent it to you and explained the approach taken therein. I continue to believe that the application I prepared is in the best interests of the clients and class members and, in this contested leadership battle, allows for the best chance of being appointed. Importantly, the concern raised about the application had nothing to do with its merits. All along, my intention has been, and will remain, to act in the clients' best interests, which is what I stated during our calls.

During our calls last night, no viable alternative to the existing strong application was presented. I was open to the discussion and suggested changes that were rejected. I believe the dual-appointment approach described in your email would have jeopardized our application for reasons we discussed.

I acknowledge our discussions regarding actions taken by the firm that have caused me serious concern. While you and Jon sought to combine the issues, as we discussed, those conversations are separate from my work on this case. The hostility directed towards me during yesterday's calls did nothing to allay my concerns. I agree that trust is important and is a two-way street. I hope we can mutually find a way to move forward and resolve all issues.

--Scott