# DRURY LEGAL

Drury Legal, LLC
6 Carriage Lane
Highwood, Illinois 60040

scott@drurylegal.com / 312.358.8225

September 28, 2022

VIA EMAIL
Jon Loevy (jon@loevy.com)
Loevy & Loevy
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607

Dear Mr. Loevy:

Thank you for your September 28, 2022 email, in which you state that Loevy & Loevy is "making copies of the materials you have requested, and will provide them this week." Please confirm that the files will be provided in their native format (*e.g.*, electronic files will be provided electronically, paper files will be provided in paper form or scanned, etc.), as that is in the clients' best interests and is the most expedient and cost-efficient process. With respect to the files that you are copying and transferring, please confirm that they will include the entire file for each matter, including, but not limited to, all filed materials, research files, correspondence and emails, deposition transcripts and outlines, witness files, expert files, subpoena files, drafts and other materials prepared by me, discovery, and my working files.

Further, in order to protect the clients' interests, it is necessary for me to have immediate interim access to the clients' files and document databases. So that I can obtain this access during this interim period, please confirm that I am able and authorized to access the clients' various Goldfynch databases. Additionally, so that I can obtain this access, I will retain my firm laptop during this interim period and ask that you provide me immediate access to the network files/folders for the clients' cases. I am not aware of any other way for me to access the network. If you believe there is a different way for me to obtain immediate interim access to the clients' files, please let me know. Note that granting me access to the clients' network files/folders can allow for the expedited transfer of the materials at issue. If I am given access to the network files/folders, I would be able to transfer the clients' files directly from the network to Drury Legal, LLC

With respect to any client materials residing on the hard drive of my firm laptop, I would like to make a copy thereof, which is consistent with the clients' directives. Further, I would like to make a copy of documents on the laptop's hard drive that I prepared, such as drafts, pleadings and memoranda. Please let me know immediately if you have any objection. If so, please advise on how you intend to provide me with these materials. I will not take any immediate actions, as I wait to learn your position. If I do not hear back from you by 5:00 p.m. on September 29, 2022, I will assume that you have no objections.

In your email, you state that with respect to withdrawing from the clients' matters, "we are weighing our decision on how to proceed, including motion practice in light of this flawed "representation directive . . . ." Because motion practice is not in the clients' best interests, nor consistent with their directives, I respectfully request that you provide more detail regarding what you view as the flaw before any motion practice is initiated.

Jon Loevy

Correspondence re: file transfer

September 28, 2022

Page 2

Finally, because I had previously indicated to Ms. Minor that I thought I would be able to ship the firm laptop and other materials today, I request that you please notify her of this letter. Thank you.

Very truly yours,

SCOTT R. DRURY

From: **Jon Loevy** <jon@loevy.com>
Date: Thu, Sep 29, 2022 at 3:29 PM
Subject: Re: Transfer of Client Materials
To: <scott@drurylegal.com>, Michael Kanovitz <mike@loevy.com>


Scott:

You cannot manufacture a false crisis, and then complain that people do not jump fast enough for your taste. This would not be an issue if you had allowed us to plan for this transition. Instead, you quit without prior notice at the close of business hours on Friday, and then directed us to withdraw while we were asking you about contacting the clients together. If you were truly worried about the client's best interests, you would not have proceeded this way.

Regarding your request for the client files, the Firm's plan is to provide you a copy of all material on the firm network (the "L" drive) in the case folders associated with the matters you identified in your September 26 letter. We will provide you a hard drive at our expense with all of that material on it. We anticipate providing all of that material to you by close of business tomorrow, September 30, 2022.

As for the material on your Firm-issued laptop, you may access any material prepared for the matters you identified in your September 26 letter and make copies thereof. We request that you provide to the Firm an inventory of all material you copy. Further, you may not alter, delete, or remove any material, documents, or information from your Firm-issued laptop. Once you have made copies of the materials related to the matters in your September 26 letter, please promptly return your Firm-issued laptop.

With regard to Goldfynch, our understanding is that you may request from Goldfynch new user credentials to access any database(s) related to the matters identified in your September 26 letter. The Firm will continue to pay for the maintenance of such databases. In the event the Firm chooses to stop paying for the maintenance of those databases, we will provide you sufficient notice of that decision.

It is our understanding that with the network files, the material from your Firm-issued laptop, and continued access to the Goldfynch database(s), you will have all of the client files for the matters identified in your September 26 letter. If there are other materials that you think we have overlooked, please let us know so that we may get them to you as soon as possible.

Finally, there are about $50,000 in outstanding bills due to the expert on the Clearview case. We are interested in your thoughts on how to handle that. As you know, the firm stands on its entitlement to financial contributions to the case. We would be happy to pay three-quarters of these bills, with you picking up the rest. Let us know if that is acceptable, or if you have a different suggestion.

Thanks
jon

# DRURY LEGAL

Drury Legal, LLC
6 Carriage Lane
Highwood, Illinois 60040

scott@drurylegal.com / 312.358.8225

September 30, 2022

VIA EMAIL
Jon Loevy (jon@loevy.com)
Loevy & Loevy
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607

Dear Mr. Loevy:

Thank you for your September 30, 2022 email, in which you clarify the types of client files Loevy & Loevy intends to transfer to Drury Legal, LLC by the close of business today. In your email, you requested that I let you know if Loevy & Loevy has overlooked materials that should be transferred. The email does not reference transfer of email communications. I previously requested the transfer of emails, as they contain communications with defense counsel, expert witnesses, co-counsel and the clients. I believe I may be able to obtain my email files through an Outlook file on the firm-issued laptop. If so, the file would contain all emails. Assuming an Outlook file with my emails exists, I believe this would be the most efficient way for me to obtain them. Please confirm that I may include any Outlook file among the materials I can copy.

In addition to emails, as discussed below, Valerie Rogoff and Jenny Vance have completed Representation Directives and Notices of Termination with respect to their matters. All materials related to their matters should be copied and transferred. The Notices of Termination set forth the matters at issue. Copying their materials should not delay delivery of the materials Loevy & Loevy already agreed to copy and transfer.

Additionally, I request that Loevy & Loevy transfer to me the portion of the Google Sheet containing information regarding my court admissions and passwords to access various court filing systems. Once that information is transferred, please permanently delete it.

Your email also states that I can request user credentials from Goldfynch to access various document databases. However, the email states that Loevy & Loevy "will continue to pay for the maintenance of such databases," indicating that Loevy & Loevy will also be able to access the databases. Given that Loevy & Loevy has been terminated from the matters at issue (further addressed below), the proposal is not acceptable and would raise serious work-product issues. As such, it is necessary that the databases be transferred to and maintained by Drury Legal, LLC, without Loevy & Loevy having any ability to access them. Solely as an interim measure, I may choose to establish a user account while the requested transfer is taking place.

Further, attached hereto are Notices of Termination from Aaron Hurvitz, David Mutnick, Valerie Rogoff, Mark Smithivas, Jenny Vance, Steven Vance and Andrea Vestrand. I have also attached Representation Directives from Jenny Vance and Valerie Rogoff. While not necessary, out of an abundance of caution, the clients have provided the Notices of Termination to, again,

Jon Loevy                                                    September 30, 2022
Correspondence                                                        Page 2

document their termination of Loevy & Loevy's services and to direct Loevy & Loevy to withdraw from their matters and transfer all relevant files. The Notices of Termination set forth the matters at issue. Consistent with the clients' directives, please withdraw the appearances of Loevy & Loevy attorneys from the clients' matters. As I stated in response to one of your previous emails, if you believe there is an issue with the clients' directives, please let me know before engaging in unnecessary motion practice.

In your email, you state that I "may access any material prepared for the matters [I] identified in [my] September 26 letter and make copies thereof." As set forth above, since the issuance of the September 26 letter, Ms. Vance and Ms. Rogoff have executed Representation Directives and Notices of Termination. As such, their matters should be among the materials that I may access and copy. Further, the other Notices of Termination set forth the various matters on which Loevy & Loevy worked for the various clients. To the extent there is a discrepancy between the September 26 letter and the Notices of Termination with respect to matters at issue, the combined set of matters listed in both documents should control. Please confirm your agreement.

While your email states that I may access and copy specified client materials, please confirm that I may also access and copy other materials I prepared, such as memoranda, CLEs and research files. I believe I am entitled to copy those materials. If you disagree, please explain.

Your email also addresses various unpaid expert invoices. You write that "the firm stands on its entitlement to financial contributions to the case." It is unclear to me what that means. Drury Legal, LLC intends to pay the invoices. However, I am available to meet with you the morning of October 2, 2022 to discuss this further, as well as attempt to resolve open issues. I suggest that the two of us meet at a public location in Skokie, which I believe is between our respective residences.

Finally, your email references my resignation. The long history that necessitated my resignation is well documented. Thus, there is no need for me to address the issue further – nor is such a dialogue productive.

I would appreciate your responses to the various issues raised herein by 5:00 p.m. on October 1, 2022, particularly regarding access to client materials, for which time is of the essence.

Very truly yours,

SCOTT R. DRURY

Attachments

## NOTICE OF TERMINATION

To whom it may concern at Loevy & Loevy:

The attached Representation Directive terminated Loevy & Loevy as my attorneys in the matters listed below, as well as any other matter in which it has represented or performed work for me (collectively, the "Matters"). However, out of an abundance of caution, I now provide this Notice of Termination. Effective immediately, Loevy & Loevy is hereby terminated from its representation of me in the Matters. Please immediately: (a) cease performing work on the Matters and, where Loevy & Loevy and/or its attorneys have appeared in any capacity in any Matter on my behalf, please withdraw therefrom; and (b) turn over to Scott R. Drury and Drury Legal, LLC all records, files and property related to the Matters, including all correspondence and emails. Contact information for Scott R. Drury/Drury Legal, LLC is:

> Scott R. Drury
> Drury Legal, LLC
> 6 Carriage Lane
> Highwood, Illinois 60040
> (312) 358-8225
> scott@drurylegal.com

*The Matters*

- *In re: Clearview AI, Inc., Consumer Privacy Litigation*, No. 1:21-cv-135 (N.D. Ill.);
- *In re: Clearview AI, Inc., Consumer Privacy Litigation*, MDL Dkt. No. 2967 (J.P.M.L.);
- *Hurvitz v. Clearview AI, Inc.*, No. 1:21-cv-2960 (E.D.N.Y.);
- *Hurvitz v. Clearview AI, Inc.*, No. 1:21-cv-3373 (N.D. Ill.);
- Any other matter on which Loevy & Loevy has appeared on my behalf or performed work on my behalf.

Aaron Hurvitz
AARON HURVITZ

*Aaron Hurvitz*
SIGNATURE

9/28/22
DATE

## <u>REPRESENTATION DIRECTIVE</u>

Please, at you earliest opportunity:

(1)    Check the appropriate statement reflecting your wishes regarding your representation.
(2)    Retain a copy of your directive for your records.
(3)    Return an executed copy to me at scott@drurylegal.com. *To best protect your interests and promote continuity of representation, please respond as soon as you can.*

     ☒    I wish to continue being represented by Scott R. Drury in all legal matters of mine in which Mr. Drury has previously provided legal assistance. I direct Scott R. Drury and Drury Legal, LLC to take the necessary actions to obtain all records, files and property in the possession of Loevy & Loevy related to my matters as quickly as possible.

     [ ]    I wish to continue being represented by Loevy & Loevy. Please have a firm representative contact me to discuss continuity of representation.

     [ ]    I wish to now be represented by _____

          Name and Address of other lawyer: _____

                                          _____

                                          _____

Aaron A. Hurvitz
PRINTED NAME

*Aaron Hurvitz*
SIGNATURE

9/23/22
DATE

## NOTICE OF TERMINATION

To whom it may concern at Loevy & Loevy:

The attached Representation Directive terminated Loevy & Loevy as my attorneys in the matters listed below, as well as any other matter in which it has represented or performed work for me (collectively, the "Matters"). However, out of an abundance of caution, I now provide this Notice of Termination. Effective immediately, Loevy & Loevy is hereby terminated from its representation of me in the Matters. Please immediately: (a) cease performing work on the Matters and, where Loevy & Loevy and/or its attorneys have appeared in any capacity in any Matter on my behalf, please withdraw therefrom; and (b) turn over to Scott R. Drury and Drury Legal, LLC all records, files and property related to the Matters, including all correspondence and emails. Contact information for Scott R. Drury/Drury Legal, LLC is:

> Scott R. Drury
> Drury Legal, LLC
> 6 Carriage Lane
> Highwood, Illinois 60040
> (312) 358-8225
> scott@drurylegal.com

*The Matters*

- *In re: Clearview AI, Inc., Consumer Privacy Litigation*, No. 1:21-cv-135 (N.D. Ill.);
- *Mutnick v. Clearview AI, Inc.*, No. 1:20-cv-512 (N.D. Ill.);
- *In re: Clearview AI, Inc., Consumer Privacy Litigation*, MDL Dkt. No. 2967;
- Any other matter on which Loevy & Loevy has appeared on my behalf or performed work on my behalf.

---

DAVID MUTNICK

---

SIGNATURE

9/28/2022

---

DATE

## REPRESENTATION DIRECTIVE

Please, at you earliest opportunity:

(1) Check the appropriate statement reflecting your wishes regarding your representation.
(2) Retain a copy of your directive for your records.
(3) Return an executed copy to me at scott@drurylegal.com. *To best protect your interests and promote continuity of representation, please respond as soon as you can.*

[X] I wish to continue being represented by Scott R. Drury in all legal matters of mine in which Mr. Drury has previously provided legal assistance. I direct Scott R. Drury and Drury Legal, LLC to take the necessary actions to obtain all records, files and property in the possession of Loevy & Loevy related to my matters as quickly as possible.

[ ] I wish to continue being represented by Loevy & Loevy. Please have a firm representative contact me to discuss continuity of representation.

[ ] I wish to now be represented by _____

Name and Address of other lawyer: _____

_____

_____

David Mutnick
_____
PRINTED NAME

_____
SIGNATURE

9/24/2022
_____
DATE

## NOTICE OF TERMINATION

To whom it may concern:

The attached Representation Directive terminates Loevy & Loevy as my attorneys in the matters listed below, as well as any other matter in which it has represented or performed work for me (collectively, the "Matters"). However, out of an abundance of caution, I also provide this Notice of Termination. Effective immediately, Loevy & Loevy is hereby terminated from its representation of me in the Matters. Please immediately: (a) cease performing work on the Matters and, where Loevy & Loevy and/or its attorneys have appeared in any capacity in any Matter on my behalf, please withdraw therefrom; and (b) turn over to Scott R. Drury and Drury Legal, LLC all records, files and property related to the Matters, including all correspondence and emails. Contact information for Scott R. Drury/Drury Legal, LLC is:

> Scott R. Drury
> Drury Legal, LLC
> 6 Carriage Lane
> Highwood, Illinois 60040
> (312) 358-8225
> scott@drurylegal.com

*The Matters*

- *Rogoff v. T-Mobile USA, Inc.*, No. 2:21-cv-01157-BJR (W.D. Wash.);
- *In re: T-Mobile Customer Data Security Breach Litigation*, No. 4:21-MD-3019-BCW (W.D. Mo.);
- *In re: T-Mobile Customer Data Security Breach Litigation*, MDL No. 3019 (J.P.M.L.)
- Any other matter on which Loevy & Loevy has appeared on my behalf or performed work on my behalf.

---

VALERIE ROGOFF

*V. Rogoff*

SIGNATURE

09/28/2022

DATE

## <u>REPRESENTATION DIRECTIVE</u>

Please, at you earliest opportunity:

(1)   Check the appropriate statement reflecting your wishes regarding your representation.
(2)   Retain a copy of your directive for your records.
(3)   Return an executed copy to me at <u>scott@drurylegal.com</u>. *To best protect your interests and promote continuity of representation, please respond as soon as you can.*

[X]   I wish to continue being represented by Scott R. Drury in all legal matters of mine in which Mr. Drury has previously provided legal assistance. I direct Scott R. Drury and Drury Legal, LLC to take the necessary actions to obtain all records, files and property in the possession of Loevy & Loevy related to my matters as quickly as possible.

[ ]   I wish to continue being represented by Loevy & Loevy. Please have a firm representative contact me to discuss continuity of representation.

[ ]   I wish to now be represented by _____

Name and Address of other Lawyer: _____

_____

_____

Valerie Rogoff
PRINTED NAME

V. Rogoff
SIGNATURE

09/28/2022
DATE

## <u>NOTICE OF TERMINATION</u>

To whom it may concern at Loevy & Loevy:

The attached Representation Directive terminated Loevy & Loevy as my attorneys in the matters listed below, as well as any other matter in which it has represented or performed work for me (collectively, the "Matters"). However, out of an abundance of caution, I now provide this Notice of Termination. Effective immediately, Loevy & Loevy is hereby terminated from its representation of me in the Matters. Please immediately: (a) cease performing work on the Matters and, where Loevy & Loevy and/or its attorneys have appeared in any capacity in any Matter on my behalf, please withdraw therefrom; and (b) turn over to Scott R. Drury and Drury Legal, LLC all records, files and property related to the Matters, including all correspondence and emails. Contact information for Scott R. Drury/Drury Legal, LLC is:

> Scott R. Drury
> Drury Legal, LLC
> 6 Carriage Lane
> Highwood, Illinois 60040
> (312) 358-8225
> scott@drurylegal.com

*The Matters*

- *Mark S. v. College Board*, No. 1:19-cv-8068 (N.D. Ill.);
- *In re: TikTok, Inc., Consumer Privacy Litigation*, 1:21-cv-4699 (N.D. Ill.);
- *T.K. v. ByteDance Technology Company, Ltd.*, No. 1:19-cv-7915 (N.D. Ill.);
- Any other matter on which Loevy & Loevy has appeared on my behalf or performed work on my behalf.

Mark Smithivas
_____
MARK SMITHIVAS

_____
SIGNATURE

9/30/22
_____
DATE

## REPRESENTATION DIRECTIVE

Please, at you earliest opportunity:

(1)    Check the appropriate statement reflecting your wishes regarding your representation.
(2)    Retain a copy of your directive for your records.
(3)    Return an executed copy to me at scott@drurylegal.com. *To best protect your interests and promote continuity of representation, please respond as soon as you can.*

[X]    I wish to continue being represented by Scott R. Drury in all legal matters of mine in which Mr. Drury has previously provided legal assistance. I direct Scott R. Drury and Drury Legal, LLC to take the necessary actions to obtain all records, files and property in the possession of Loevy & Loevy related to my matters as quickly as possible.

[ ]    I wish to continue being represented by Loevy & Loevy. Please have a firm representative contact me to discuss continuity of representation.

[ ]    I wish to now be represented by _____

       Name and Address of other Lawyer: _____

       _____

       _____

## Mark Smithivas
PRINTED NAME

_SIGNATURE_

## 09/26/22
DATE

## NOTICE OF TERMINATION

To whom it may concern at Loevy & Loevy:

Effective immediately, Loevy & Loevy is hereby terminated from its representation of me in connection with any work related to the Megaface database, as well as any other matter in which it has represented or performed work for me (collectively, the "Matters"). Please immediately: (a) cease performing work on the Matters and, where Loevy & Loevy and/or its attorneys have appeared in any capacity in any Matter on my behalf, please withdraw therefrom; and (b) turn over to Scott R. Drury and Drury Legal, LLC all records, files and property related to the Matters, including all correspondence and emails. Contact information for Scott R. Drury/Drury Legal, LLC is:

Scott R. Drury
Drury Legal, LLC
6 Carriage Lane
Highwood, Illinois 60040
(312) 358-8225
scott@drurylegal.com

_____
JENNY VANCE

_____
SIGNATURE

_____
DATE
9/28/22

## REPRESENTATION DIRECTIVE

Please, at you earliest opportunity:

(1) Check the appropriate statement reflecting your wishes regarding your representation.

(2) Retain a copy of your directive for your records.

(3) Return an executed copy to me at scott@drurylegal.com. *To best protect your interests and promote continuity of representation, please respond as soon as you can.*

[✓] I wish to continue being represented by Scott R. Drury in all legal matters of mine related to the "Megaface" database and/or any other matter in which Scott R. Drury has provided legal assistance. I direct Scott R. Drury and Drury Legal, LLC to take the necessary actions to obtain all records, files and property in the possession of Loevy & Loevy related to my matters as quickly as possible.

[ ] I wish to continue being represented by Loevy & Loevy. Please have a firm representative contact me to discuss continuity of representation.

[ ] I wish to now be represented by _____

Name and Address of other lawyer: _____

_____

_____

_Jenny Vance_
PRINTED NAME

SIGNATURE

_9/28/22_
DATE

## NOTICE OF TERMINATION

To whom it may concern at Loevy & Loevy:

The attached Representation Directive terminated Loevy & Loevy as my attorneys in the matters listed below, as well as any other matter in which it has represented or performed work for me (collectively, the "Matters"). However, out of an abundance of caution, I now provide this Notice of Termination. Effective immediately, Loevy & Loevy is hereby terminated from its representation of me in the Matters. Please immediately: (a) cease performing work on the Matters and, where Loevy & Loevy and/or its attorneys have appeared in any capacity in any Matter on my behalf, please withdraw therefrom; and (b) turn over to Scott R. Drury and Drury Legal, LLC all records, files and property related to the Matters, including all correspondence and emails. Contact information for Scott R. Drury/Drury Legal, LLC is:

Scott R. Drury
Drury Legal, LLC
6 Carriage Lane
Highwood, Illinois 60040
(312) 358-8225
scott@drurylegal.com

*The Matters*

- *In re: Clearview AI, Inc., Consumer Privacy Litigation*, No. 1:21-cv-135 (N.D. Ill.);
- *In re: Clearview AI, Inc., Consumer Privacy Litigation*, MDL Dkt. No. 2967 (J.P.M.L.);
- *Mutnick v. Clearview AI, Inc.*, No. 1:20-cv-512 (N.D. Ill.);
- *Vance v. Microsoft Corp.*, No. 2:20-cv-1082-JLR (W.D. Wash.);
- *Vance v. Amazon.com, Inc.*, No. 2:20-cv-1084-JLR (W.D. Wash.);
- *Vance v. Int'l Business Machines Corp.*, No. 1:20-cv-577 (N.D. Ill.);
- *Vance v. FaceFirst, Inc.*, No. 2:20-cv-6244-DMG-KS (C.D. Cal.);
- *Vance v. Google LLC*, No. 5:20-cv-4696-BLF (N.D. Cal.);
- Any other matter on which Loevy & Loevy has appeared on my behalf or performed work on my behalf.

_____
STEVEN VANCE

_____
SIGNATURE

September 29, 2022
_____
DATE

## REPRESENTATION DIRECTIVE

Please, at you earliest opportunity:

(1)  Check the appropriate statement reflecting your wishes regarding your representation.
(2)  Retain a copy of your directive for your records.
(3)  Return an executed copy to me at scott@drurylegal.com. *To best protect your interests and promote continuity of representation, please respond as soon as you can.*

    [X]    I wish to continue being represented by Scott R. Drury in all legal matters of mine in which Mr. Drury has previously provided legal assistance. I direct Scott R. Drury and Drury Legal, LLC to take the necessary actions to obtain all records, files and property in the possession of Loevy & Loevy related to my matters as quickly as possible.

    [ ]    I wish to continue being represented by Loevy & Loevy. Please have a firm representative contact me to discuss continuity of representation.

    [ ]    I wish to now be represented by _____

    Name and Address of other lawyer: _____

_____

_____

Steven Vance
_____
PRINTED NAME

*[signature]*
_____
SIGNATURE

September 25, 2022
_____
DATE

## NOTICE OF TERMINATION

To whom it may concern:

The attached Representation Directive terminated Loevy & Loevy as my attorneys in the matters listed below, as well as any other matter in which it has represented or performed work for me (collectively, the "Matters"). However, out of an abundance of caution, I now provide this Notice of Termination. Effective immediately, Loevy & Loevy is hereby terminated from its representation of me in the Matters. Please immediately: (a) cease performing work on the Matters and, where Loevy & Loevy and/or its attorneys have appeared in any capacity in any Matter on my behalf, please withdraw therefrom; and (b) turn over to Scott R. Drury and Drury Legal, LLC all records, files and property related to the Matters, including all correspondence and emails. Contact information for Scott R. Drury/Drury Legal, LLC is:

> Scott R. Drury
> Drury Legal, LLC
> 6 Carriage Lane
> Highwood, Illinois 60040
> (312) 358-8225
> scott@drurylegal.com

*The Matters*

- *In re: Clearview AI, Inc., Consumer Privacy Litigation*, No. 1:21-cv-135 (N.D. Ill.);
- *In re: Clearview AI, Inc., Consumer Privacy Litigation*, MDL Dkt. No. 2967 (J.P.M.L.);
- *Vestrand v. Clearview AI, Inc.*, No. 2:21-cv-4360 (C.D. Cal.);
- *Vestrand v. Clearview AI, Inc.*, No. 1:21-cv-3372 (N.D. Ill.);
- Any other matter on which Loevy & Loevy has appeared on my behalf or performed work on my behalf.

_____
ANDREA VESTRAND

_____
SIGNATURE

_____
09/29/2022

DATE

## REPRESENTATION DIRECTIVE

Please, at you earliest opportunity:

(1)    Check the appropriate statement reflecting your wishes regarding your representation.

(2)    Retain a copy of your directive for your records.

(3)    Return an executed copy to me at scott@drurylegal.com. *To best protect your interests and promote continuity of representation, please respond as soon as you can.*

[X]    I wish to continue being represented by Scott R. Drury in all legal matters of mine in which Mr. Drury has previously provided legal assistance. I direct Scott R. Drury and Drury Legal, LLC to take the necessary actions to obtain all records, files and property in the possession of Loevy & Loevy related to my matters as quickly as possible.

[ ]    I wish to continue being represented by Loevy & Loevy. Please have a firm representative contact me to discuss continuity of representation.

[ ]    I wish to now be represented by _____

Name and Address of other lawyer: _____

_____

_____

Andrea Vestrand
_____
PRINTED NAME

_____
SIGNATURE

9-23-2022
_____
DATE

---------- Forwarded message ----------
From: **Jon Loevy** <jon@loevy.com>
Date: Sat, Oct 1, 2022 at 2:36 PM
Subject: Re: Transfer of Client Materials
To: <scott@drurylegal.com>, Michael Kanovitz <mike@loevy.com>

Scott,
We received your letter, seeking to impose a false deadline of 24-hours, ie, Saturday at 5pm.
My understanding is that the information that you requested be transferred has now been transferred.
Please let us know if that is not the case, and we will address it.
Your offer to meet with me on Monday morning, October 2, is disingenuous. As you are fully aware, Mike and I start a substantial BIPA trial this week, and thus cannot meet you in Skokie. In fact, Mr. Vance (on a phone call that you were on) expressed interest in attending. We hope you will not discourage him from doing so.
I do think you and I have very good reasons to speak to each other, but Mike and I are fully consumed with trial preparation and trial, and the conversation is going to have to wait a week or so. We're expecting to be done a week from Tuesday. We can meet with you any date thereafter, at the location of your choice.
Thanks.
jon

10/21/22, 3:35 PM
Case: 1:21-cv-00135 Document #: 489-9 Filed: 10/28/22 Page 22 of 30 PageID #:19868
Search results - jon@loevy.com - Loevy & Loevy Mail

From: Dan Twetten <dan@loevy.com>
Date: Sun, Oct 2, 2022 at 10:11 AM
Subject: Re: Transfer of Client Materials
To: <scott@drurylegal.com>
Cc: Michael Kanovitz <mike@loevy.com>, Jon Loevy <jon@loevy.com>

Scott,

I am responding to your September 30 letter regarding transfer of client files and other Firm information:

1. Email files. Our understanding is that you may be entitled to receive portions of your email files for the matters specified in your September 26 letter and the notices of termination attached to your September 30 letter (collectively, "Matters") to the extent those emails contain client-owned material not otherwise in the case file. Out of expedience, if your email files are organized by matter, you may make a copy of your email folders for each respective Matter without sorting through which emails are entitled for transfer.

2. Google sheet regarding log-in information. I've pasted below the information I was able to locate regarding your log-in credentials. After copying that information and pasting it below, I deleted it from the Google sheet.

3. Goldfynch. If you wish to have the entire database transferred, please contact Goldfynch to arrange the transfer. If there are steps that the Firm needs to take to facilitate the transfer, please let me know.

4. Additional material from your Firm-issued laptop. Our understanding is that you are not entitled to transfer your work product that was not prepared for the Matters. If you have a different view, please let us know if you are aware of any authority requiring the transfer of work product that was not prepared for the Matters.

5. Scope of file transfers. I understand that your September 30 letter identifies additional clients on whose behalf you are requesting the transfer of files. For clarity's sake, the Firm's prior communications agreeing to the copying of certain materials from your Firm-issued laptop likewise applies to these additional clients. My understanding is that the Firm provided you on September 30 with a hard drive of the materials from the Firm network for those matters identified in your September 26 letter. If there are additional files from the Firm network for the additional clients identified in your September 30 letter, the Firm will promptly copy that material and provide it to you.

Thank you.

-Dan

| NAME | ARDC | DOB | NDIL (member of trial bar) - use NextGen starting 5.2.22 | Court of Appeals - 7th Cir (NexGen Pacer Acct) | Court of Appeals - 8th Cir. | NDIN | SDIN |
|---|---|---|---|---|---|---|---|
| Drury, Scott R. | ███████ | | ████████ | ████████ | ████████ | ████████ | ████████ |
| | | | | | | | |

**Jon Loevy**                                                                                      2:36 PM (1 minute ago)
to Michael, scott

Scott,

We received your letter, seeking to impose a false deadline of 24-hours, ie, Saturday at 5pm.

My understanding is that the information that you requested be transferred has now been transferred.

Please let us know if that is not the case, and we will address it.

Your offer to meet with me on Monday morning, October 2, is disingenuous. As you are fully aware, Mike and I start a substantial BIPA trial this week, and thus cannot meet you in Skokie.

In fact, Mr. Vance (on a phone call that you were on) expressed interest in attending. We hope you will not discourage him from doing so.

I do think you and I have very good reasons to speak to each other, but Mike and I are fully consumed with trial preparation and trial, and the conversation is going to have to wait a week or so. We're expecting to be done a week from Tuesday. We can meet with you any date thereafter, at the location of your choice.

Thanks.

jon

From: <scott@drurylegal.com>
Date: Sun, Oct 2, 2022 at 10:21 AM
Subject: RE: Transfer of Client Materials
To: Jon Loevy <jon@loevy.com>
Cc: <mike@loevy.com>


Dear Mr. Loevy:

I have received your October 1, 2022 email below. Aaron Hurvitz, David Mutnick, Valerie Rogoff, Mark Smithivas, Jenny Vance, Steven Vance and Andrea Vestrand (collectively, the "Clients") have directed Loevy & Loevy and its attorneys to: (a) withdraw their appearances from matters in which Loevy & Loevy and/or its attorneys have appeared; and (b) transfer all materials related to their matters to Drury Legal, LLC.

Despite the Clients' directives, Loevy & Loevy and its attorneys have not withdrawn from the Clients' matters. Please do so in accordance with the directives. Withdrawing from a matter is largely administrative. Indeed, when I terminated Loevy & Loevy from my personal matter earlier this year, you had a paralegal prepare the paperwork and handle the filing. The same can be done here. Alternatively, Drury Legal, LLC can handle the filings. If Loevy & Loevy does not move to withdraw by the close of business on October 4, 2022, I will be forced to assume that it has chosen to disregard the Clients' directives. Given that Loevy & Loevy was first advised of the need to withdraw on September 26, 2022, it has had more than sufficient time to file the necessary paperwork.

With respect to Client materials, thank you for transferring network-drive materials related to certain matters on September 30, 2022. As set forth in my September 30, 2022 letter, certain materials have yet to be transferred, including, but not limited to, emails and various document databases. A copy of my September 30, 2022 letter is attached hereto. In my letter, I requested that you respond to my request regarding the additional materials, among other things, by October 1, 2022. The deadline was not "false." It is important that Drury Legal, LLC has access to the Clients' materials in order to protect their interests. I have proposed ways for Loevy & Loevy to provide Drury Legal, LLC with interim access to the materials and possible ways for Drury Legal, LLC to directly obtain certain materials without the need for Loevy & Loevy to do anything. Your email does not address the issue.

Finally, your email erroneously asserts that I proposed meeting on "Monday morning, October 2." My proposal was to meet this morning (Sunday), October 2, 2022. There was nothing "disingenuous" about proposing a face-to-face meeting between the two of us to resolve open issues.

Given that it does not appear that we will be meeting today, good luck with your trial.

Very truly yours,
Scott R. Drury

**From:** Jon Loevy <jon@loevy.com>
**Sent:** Saturday, October 1, 2022 2:36 PM
**To:** scott@drurylegal.com; Michael Kanovitz <mike@loevy.com>
**Subject:** Re: Transfer of Client Materials

Scott,
We received your letter, seeking to impose a false deadline of 24-hours, ie, Saturday at 5pm.
My understanding is that the information that you requested be transferred has now been transferred.
Please let us know if that is not the case, and we will address it.
Your offer to meet with me on Monday morning, October 2, is disingenuous. As you are fully aware, Mike and I start a substantial BIPA trial this week, and thus cannot meet you in Skokie. In fact, Mr. Vance (on a phone call that you were on) expressed interest in attending. We hope you will not discourage him from doing so.
I do think you and I have very good reasons to speak to each other, but Mike and I are fully consumed with trial preparation and trial, and the conversation is going to have to wait a week or so. We're expecting to be done a week from Tuesday. We can meet with you any date thereafter, at the location of your choice.
Thanks.
jon

Case: 1:21-cv-00135 Document #: 484-9 Filed: 10/27/22 Page 23 of 30 PageID #:19852

From: <scott@drurylegal.com>
Date: Sun, Oct 2, 2022 at 9:18 PM
Subject: RE: Transfer of Client Materials
To: Dan Twetten <dan@loevy.com>
Cc: Michael Kanovitz <mike@loevy.com>, Jon Loevy <jon@loevy.com>


Dear Mr. Twetten:

Thank you for your email. I have responded to the numbered items in your email within your email itself. My responses are italicized.

Very truly yours,
Scott R. Drury

From: Dan Twetten <dan@loevy.com>
Sent: Sunday, October 2, 2022 10:11 AM
To: scott@drurylegal.com
Cc: Michael Kanovitz <mike@loevy.com>; Jon Loevy <jon@loevy.com>
Subject: Re: Transfer of Client Materials

Scott,

I am responding to your September 30 letter regarding transfer of client files and other Firm information:

1. Email files. Our understanding is that you may be entitled to receive portions of your email files for the matters specified in your September 26 letter and the notices of termination attached to your September 30 letter (collectively, "Matters") to the extent those emails contain client-owned material not otherwise in the case file. Out of expedience, if your email files are organized by matter, you may make a copy of your email folders for each respective Matter without sorting through which emails are entitled for transfer.

   *RESPONSE: The emails at issue were not "organized by matter." As set forth in my September 30, 2022 letter, I believe I can access my emails via an Outlook file on my firm-issued laptop. Please let me know if I can look further into this option. The emails are an important aspect of the clients' files.*

2. Google sheet regarding log-in information. I've pasted below the information I was able to locate regarding your log-in credentials. After copying that information and pasting it below, I deleted it from the Google sheet.

   *RESPONSE: Thank you. I respectfully request that you delete the portion of your email with my password information from the Loevy & Loevy network in order to maintain the security of the passwords.*

3. Goldfynch. If you wish to have the entire database transferred, please contact Goldfynch to arrange the transfer. If there are steps that the Firm needs to take to facilitate the transfer, please let me know.

   *RESPONSE: I will contact Goldfynch and follow up as needed.*

4. Additional material from your Firm-issued laptop. Our understanding is that you are not entitled to transfer your work product that was not prepared for the Matters. If you have a different view, please let us know if you are aware of any authority requiring the transfer of work product that was not prepared for the Matters.

   *RESPONSE: Please see ABA Formal Opinion No. 99-414 at 7 ("The Committee is of the opinion that, absent special circumstances, the lawyer does not violate any Model Rule by taking with her copies of documents that she herself has created for general use in her practice."). Please note that rather than simply taking the materials, I have advised you of the issue to learn your position.*

5. Scope of file transfers. I understand that your September 30 letter identifies additional clients on whose behalf you are requesting the transfer of files. For clarity's sake, the Firm's prior communications agreeing to the copying of certain materials from your Firm-issued laptop likewise applies to these additional clients. My understanding is that the Firm provided you on September 30 with a hard drive of the materials from the Firm network for those matters identified in your September 26 letter. If there are additional files from the Firm network for the additional clients identified in your September 30 letter, the Firm will promptly copy that material and provide it to you.

   *RESPONSE: I will act in accordance with the statements set forth above. Please let me know when the Firm anticipates providing the additional materials.*

Thank you.

-Dan

Jon Loevy                                                                                          2:36 PM (1 minute ago)
to Michael, scott

Scott,
We received your letter, seeking to impose a false deadline of 24-hours, ie, Saturday at 5pm.
My understanding is that the information that you requested be transferred has now been transferred.
Please let us know if that is not the case, and we will address it.
Your offer to meet with me on Monday morning, October 2, is disingenuous. As you are fully aware, Mike and I start a substantial BIPA trial this week, and thus cannot meet you in Skokie. In fact, Mr. Vance (on a phone call that you were on) expressed interest in attending. We hope you will not discourage him from doing so.
I do think you and I have very good reasons to speak to each other, but Mike and I are fully consumed with trial preparation and trial, and the conversation is going to have to wait a week or so. We're expecting to be done a week from Tuesday. We can meet with you any date thereafter, at the location of your choice.
Thanks.

10/21/22, 3:37 PM
Search results - jon@loevy.com - Loevy & Loevy Mail
Case: 1:21-cv-00135 Document #: 484-9 Filed: 10/25/22 Page 24 of 30 PageID #:19863

From: **Dan Twetten** <dan@loevy.com>
Date: Mon, Oct 3, 2022 at 9:47 AM
Subject: Re: Transfer of Client Materials
To: <scott@drurylegal.com>
Cc: Michael Kanovitz <mike@loevy.com>, Jon Loevy <jon@loevy.com>

Scott,

Thank you. I address the issues below using the same numbering:

1. The Firm is willing to work with you to identify an appropriate method for you to obtain the emails associated with the Matters. However, it would not be appropriate to copy your entire Loevy & Loevy email file, given that it contains information beyond that associated with the Matters and that is associated with other clients and otherwise is Firm property. Is there a way for you to identify the emails associated with the Matters? Perhaps an agreed-upon list of contacts with whom you have corresponded? If you have other suggestions, please let us know.

4. The Firm will agree that you can make copies of material you prepared for your general practice but that are not associated with any particular matter.

Thank you.

-Dan

On Sun, Oct 2, 2022 at 8:18 PM <scott@drurylegal.com> wrote:

Dear Mr. Twetten:

Thank you for your email. I have responded to the numbered items in your email within your email itself. My responses are italicized.

Very truly yours,
Scott R. Drury

**From:** Dan Twetten <dan@loevy.com>
**Sent:** Sunday, October 2, 2022 10:11 AM
**To:** scott@drurylegal.com
**Cc:** Michael Kanovitz <mike@loevy.com>; Jon Loevy <jon@loevy.com>
**Subject:** Re: Transfer of Client Materials

Scott,

I am responding to your September 30 letter regarding transfer of client files and other Firm information:

1. Email files. Our understanding is that you may be entitled to receive portions of your email files for the matters specified in your September 26 letter and the notices of termination attached to your September 30 letter (collectively, "Matters") to the extent those emails contain client-owned material not otherwise in the case file. Out of expedience, if your email files are organized by matter, you may make a copy of your email folders for each respective Matter without sorting through which emails are entitled for transfer.

*RESPONSE: The emails at issue were not "organized by matter." As set forth in my September 30, 2022 letter, I believe I can access my emails via an Outlook file on my firm-issued laptop. Please let me know if I can look further into this option. The emails are an important aspect of the clients' files.*

2. Google sheet regarding log-in information. I've pasted below the information I was able to locate regarding your log-in credentials. After copying that information and pasting it below, I deleted it from the Google sheet.

*RESPONSE: Thank you. I respectfully request that you delete the portion of your email with my password information from the Loevy & Loevy network in order to maintain the security of the passwords.*

3. Goldfynch. If you wish to have the entire database transferred, please contact Goldfynch to arrange the transfer. If there are steps that the Firm needs to take to facilitate the transfer, please let me know.

*RESPONSE: I will contact Goldfynch and follow up as needed.*

4. Additional material from your Firm-issued laptop. Our understanding is that you are not entitled to transfer your work product that was not prepared for the Matters. If you have a different view, please let us know if you are aware of any authority requiring the transfer of work product that was not prepared for the Matters.

    *RESPONSE: Please see ABA Formal Opinion No. 99-414 at 7 ("The Committee is of the opinion that, absent special circumstances, the lawyer does not violate any Model Rule by taking with her copies of documents that she herself has created for general use in her practice."). Please note that rather than simply taking the materials, I have advised you of the issue to learn your position.*

5. Scope of file transfers. I understand that your September 30 letter identifies additional clients on whose behalf you are requesting the transfer of files. For clarity's sake, the Firm's prior communications agreeing to the copying of certain materials from your Firm-issued laptop likewise applies to these additional clients. My understanding is that the Firm provided you on September 30 with a hard drive of the materials from the Firm network for those matters identified in your September 26 letter. If there are additional files from the Firm network for the additional clients identified in your September 30 letter, the Firm will promptly copy that material and provide it to you.

    *RESPONSE:  I will act in accordance with the statements set forth above. Please let me know when the Firm anticipates providing the additional materials.*

Thank you.

-Dan

From: **Jon Loevy** <jon@loevy.com>
Date: Mon, Oct 3, 2022 at 9:41 PM
Subject: Re: Transfer of Client Materials
To: <scott@drurylegal.com>
Cc: <mike@loevy.com>

Scott:

None of this would have been an issue if you had allowed us to plan for this transition. Instead, you resigned without prior notice at the close of business hours on Friday, and then ignored multiple requests to call the clients together. Instead, you proceeded to send us a flawed directive from clients suggesting that they were not offered any option of having both of our firms continue to represent them.

Indeed, short of misinformation by you, it is difficult to understand why the clients would not want us to continue to be involved. We have invested years of time and resources into the cases, not to mention more than a million dollars. Now that the cases are looking promising, you decided to leave the firm and take the cases. You have manufactured a pretextual and false narrative that you were "forced to leave," which is untrue. Your motivation was your own economic interests, pure and simple, and there is no serious contention otherwise.

The idea that the class would not benefit by continuing to be represented by our firm is an indefensible proposition. Our firm has nearly 50 lawyers, many of whom have worked on the cases you have taken from the firm, including Liz Wang, Julia Rickert, Roshna Keen, Dan Twetten, Scott Rauscher, Frank Newell, Mike Kanovitz, and myself, among others.
We have several of the most accomplished trial lawyers in the City. You cannot pretend the classes in these eight cases are better off without our assistance. Your motivation to advance your own economic interests at the expense of the classes' interests badly betrays your ill-suitability to serve as lead counsel.

In Clearview in particular, Judge Coleman appointed you as class counsel in reliance on an affidavit that proffered and relied upon the extensive class action experience of our law firm, including several massive class action wins for our clients led by Mike, none of which you contributed to. At the time, you insisted that we trust you and accede to your insistence that you be appointed personally, as opposed to the firm. Here is the email Mike wrote to you on February 23, 2021:

> Scott,
>
> As we discussed tonight, Jon and I are very concerned to have learned today that you are seeking to get yourself appointed instead of both you and I. The fact that you have refused my suggestion we ask the Court to appoint both of us (and to tell the Court it should be just you if she insists on only one of us) did not inspire confidence either, especially coming on the heels of you telling us again just yesterday that you do not feel you have been treated fairly. We also hear you saying that you are unwilling to accept any compromise and that the only outcome whatsoever must be a motion seeking you as the sole lead counsel.
>
> Accurately or not, all of this feeds a concern on our part that if we acquiesce to your way of doing this, you could decide to leave the firm and use your lead counsel role to take this case with you. When we expressed that to you, you represented that you have no intention of doing that.
>
> Trust is vital to our continued ability to work together and I very much want to be able to trust you. So that is what I am going to do. I accept your word as a gentleman.
>
> Mike

In hindsight, we were suckers. The Clearview client is your personal friend, and it is no surprise that you persuaded him to fire us in favor of you.

As for Steven Vance, just two weeks ago, he expressed interest on the phone to Mike and I (and you) in watching our BIPA trial before Judge Kennelly this week. He was excited to watch the trial and learn more about BIPA and class action litigation. He was especially interested, and rightfully so, to watch us go up against the same lawyers from Morgan Lewis who are defending some of his cases. How you managed to persuade him to fire our firm remains unclear.

All of that said, we have fully cooperated with your request for the materials. All have been transferred last week, or will be shortly. We understand you are working with Dan Twetten on that, and if there are any issues, presumably he can resolve them.

You know that we are preparing for trial before Judge Kennelly this week. We thus could not break into our trial prep to meet with you in Skokie. There is no urgency here, and no prejudice for you to wait one week or so until the trial is over. As we have informed you, we have all kinds of issues with what has happened, and urge you not to initiate motion practice to "withdraw us" until we have a chance to discuss this with you after our trial. Again, there is no rush. It is possible we can resolve this. Your timing on the eve of our trial prep and trial was unfortunate.

We start trial tomorrow, and have no more time to spend on this. Here is where it stands as we see it. You should wait one week until we can have a discussion before doing anything. If you communicate to us that you simply cannot wait a week, let us know, and we will file the requested withdrawals tomorrow. Copy Dan Twetten, as Mike and I will be on trial.

If you instead decide to file a motion of some kind, we request that you attach this response, and inform the court that we intend to respond to your motion with the full story as soon as our trial is over.

jon

On Sun, Oct 2, 2022 at 10:21 AM <scott@drurylegal.com> wrote:
> Dear Mr. Loevy:
>
> I have received your October 1, 2022 email below. Aaron Hurvitz, David Mutnick, Valerie Rogoff, Mark Smithivas, Jenny Vance, Steven Vance and Andrea Vestrand (collectively, the "Clients") have directed Loevy & Loevy and its attorneys to: (a) withdraw their appearances from matters in which Loevy & Loevy and/or its attorneys have appeared; and (b) transfer all materials related to their matters to Drury Legal, LLC.
>
> Despite the Clients' directives, Loevy & Loevy and its attorneys have not withdrawn from the Clients' matters. Please do so in accordance with the directives. Withdrawing from a matter is largely administrative. Indeed, when I terminated Loevy & Loevy from my personal matter earlier this year, you had a paralegal prepare the paperwork and handle the filing. The same can be done here. Alternatively, Drury Legal, LLC can handle the filings. If Loevy & Loevy does not move to withdraw by the close of business on October 4, 2022, I will be forced to assume that it has chosen to disregard the Clients' directives. Given that Loevy & Loevy was first advised of the need to withdraw on September 26, 2022, it has had more than sufficient time to file the necessary paperwork.
>
> With respect to Client materials, thank you for transferring network-drive materials related to certain matters on September 30, 2022. As set forth in my September 30, 2022 letter, certain materials have yet to be transferred, including, but not limited to, emails and various document databases. A copy of my September 30, 2022 letter is attached hereto. In my letter, I requested that you respond to my request regarding the additional materials, among other things, by October 1, 2022. The deadline was not "false." It is important that Drury Legal, LLC has access to the Clients' materials in order to protect their interests. I have proposed ways for Loevy & Loevy to provide Drury Legal, LLC with interim access to the materials and possible ways for Drury Legal, LLC to directly obtain certain materials without the need for Loevy & Loevy to do anything. Your email does not address the issue.
>
> Finally, your email erroneously asserts that I proposed meeting on "Monday morning, October 2." My proposal was to meet this morning (Sunday), October 2, 2022. There was nothing "disingenuous" about proposing a face-to-face meeting between the two of us to resolve open issues.
>
> Given that it does not appear that we will be meeting today, good luck with your trial.
>
> Very truly yours,
> Scott R. Drury

Case: 1:21-cv-00135 Document #: 489-9 Filed: 10/28/22 Page 28 of 30 PageID #:19665

From: <scott@drurylegal.com>
Date: Tue, Oct 4, 2022 at 4:13 PM
Subject: RE: Transfer of Client Materials
To: Dan Twetten <dan@loevy.com>
Cc: Michael Kanovitz <mike@loevy.com>, Jon Loevy <jon@loevy.com>

Mr. Twetten:

I will work on a list of search terms and will provide it to you when ready, taking into account Yom Kippur.

Very truly yours,
Scott R. Drury

From: Dan Twetten <dan@loevy.com>
Sent: Tuesday, October 4, 2022 2:41 PM
To: scott@drurylegal.com
Cc: Michael Kanovitz <mike@loevy.com>; Jon Loevy <jon@loevy.com>
Subject: Re: Transfer of Client Materials

Scott,

Your suggestion for search terms generally makes sense. If you prepare a list of search terms, we will take a look and promptly let you know of any concerns. Also, the Firm agrees that you may copy (or the firm will produce) the emails and attachments in whatever type of native file format is reasonably available, as opposed to in PDF format.

Regarding Goldfynch, I will obtain today information for the Firm's contact there and provide that to you. If for some reason that proves fruitless we will open a ticket from the Firm's end asking Goldfynch to contact you.

Lastly, you may copy the additional files you've identified below from the Firm-issued laptop.

Thank you.

-Dan

On Mon, Oct 3, 2022 at 4:27 PM <scott@drurylegal.com> wrote:

Dear Mr. Twetten:

With respect to searching for emails, I am open to finding a way to organize a search for emails. While I was at the Firm, and currently, I use Outlook. Thus, I would like the results of any search to be in a format that can be uploaded/integrated into Outlook – as opposed to getting a series of PDFs. I believe the most expedient way to conduct the searches is for me to perform them using agreed-upon terms. However, I recognize your concern about giving me full access to my email account. I am open to suggestions regarding how to move forward. Regarding search terms, my initial thought is that the terms would consist of the matters' names, as well as the names of relevant individuals (e.g., co-counsel, defense counsel, experts, etc.). Please let me know your thoughts.

With respect to Goldfynch, it appears that Goldfynch does not have a phone number. To access customer service, one has to login and submit a ticket. I am not sure if I still have access to the Goldfynch database through my old credentials – and I have not tried to login. Even if my access was removed, I know that Matt Thibodeau can easily add me back. In that scenario, I can then submit a ticket to Goldfynch.

With respect to the laptop, based upon your email this morning, I have copied and logged the agreed-upon files. In going through that process, I recognized that there are some other files, I would like to copy. They are described below. Please let me know the Firm's view. Once I have the Firm's answer and it is decided how my emails will be searched (e.g., will I be conducting the agreed-upon searches on the laptop), I can return the laptop. Please confirm this timeline is acceptable.

**File Descriptions**

- Folder containing my Illinois CLE certificates and table of completed CLEs
- Folder with ARDC registration information
- Folder related to *Drury v. Liberty Principles PAC*. I request these files as a former client.

Very truly yours,
Scott R. Drury

From: Dan Twetten <dan@loevy.com>
Sent: Monday, October 3, 2022 9:46 AM
To: scott@drurylegal.com
Cc: Michael Kanovitz <mike@loevy.com>; Jon Loevy <jon@loevy.com>
Subject: Re: Transfer of Client Materials

Scott,

Thank you. I address the issues below using the same numbering:

1. The Firm is willing to work with you to identify an appropriate method for you to obtain the emails associated with the Matters. However, it would not be appropriate to copy your entire Loevy & Loevy email file, given that it contains information beyond that associated with the Matters and that is associated with other clients and otherwise is Firm property. Is there a way for you to identify the emails associated with the Matters? Perhaps an agreed-upon list of contacts with whom you have corresponded? If you have other suggestions, please let us know.

4. The Firm will agree that you can make copies of material you prepared for your general practice but that are not associated with any particular matter.

Thank you.

-Dan

On Sun, Oct 2, 2022 at 8:18 PM <scott@drurylegal.com> wrote:

Dear Mr. Twetten:

Thank you for your email. I have responded to the numbered items in your email within your email itself. My responses are italicized.

Very truly yours,
Scott R. Drury

From: Dan Twetten <dan@loevy.com>
Sent: Sunday, October 2, 2022 10:11 AM
To: scott@drurylegal.com

Cc: Michael Kanovitz <mike@loevy.com>; Jon Loevy <jon@loevy.com>
Subject: Re: Transfer of Client Materials

Scott,

I am responding to your September 30 letter regarding transfer of client files and other Firm information:

1. Email files. Our understanding is that you may be entitled to receive portions of your email files for the matters specified in your September 26 letter and the notices of termination attached to your September 30 letter (collectively, "Matters") to the extent those emails contain client-owned material not otherwise in the case file. Out of expedience, if your email files are organized by matter, you may make a copy of your email folders for each respective Matter without sorting through which emails are entitled for transfer.

*RESPONSE: The emails at issue were not "organized by matter." As set forth in my September 30, 2022 letter, I believe I can access my emails via an Outlook file on my firm-issued laptop. Please let me know if I can look further into this option. The emails are an important aspect of the clients' files.*

2. Google sheet regarding log-in information. I've pasted below the information I was able to locate regarding your log-in credentials. After copying that information and pasting it below, I deleted it from the Google sheet.

*RESPONSE: Thank you. I respectfully request that you delete the portion of your email with my password information from the Loevy & Loevy network in order to maintain the security of the passwords.*

3. Goldfynch. If you wish to have the entire database transferred, please contact Goldfynch to arrange the transfer. If there are steps that the Firm needs to take to facilitate the transfer, please let me know.

*RESPONSE: I will contact Goldfynch and follow up as needed.*

4. Additional material from your Firm-issued laptop. Our understanding is that you are not entitled to transfer your work product that was not prepared for the Matters. If you have a different view, please let us know if you are aware of any authority requiring the transfer of work product that was not prepared for the Matters.

*RESPONSE: Please see ABA Formal Opinion No. 99-414 at 7 ("The Committee is of the opinion that, absent special circumstances, the lawyer does not violate any Model Rule by taking with her copies of documents that she herself has created for general use in her practice."). Please note that rather than simply taking the materials, I have advised you of the issue to learn your position.*

5. Scope of file transfers. I understand that your September 30 letter identifies additional clients on whose behalf you are requesting the transfer of files. For clarity's sake, the Firm's prior communications agreeing to the copying of certain materials from your Firm-issued laptop likewise applies to these additional clients. My understanding is that the Firm provided you on September 30 with a hard drive of the materials from the Firm network for those matters identified in your September 26 letter. If there are additional files from the Firm network for the additional clients identified in your September 30 letter, the Firm will promptly copy that material and provide it to you.

*RESPONSE: I will act in accordance with the statements set forth above. Please let me know when the Firm anticipates providing the additional materials.*

Thank you.

-Dan


2:36 PM (1 minute ago)

Jon Loevy
to Michael, scott

Scott,
We received your letter, seeking to impose a false deadline of 24-hours, ie, Saturday at 5pm.
My understanding is that the information that you requested be transferred has now been transferred.
Please let us know if that is not the case, and we will address it.
Your offer to meet with me on Monday morning, October 2, is disingenuous. As you are fully aware, Mike and I start a substantial BIPA trial this week, and thus cannot meet you in Skokie. In fact, Mr. Vance (on a phone call that you were on) expressed interest in attending. We hope you will not discourage him from doing so.
I do think you and I have very good reasons to speak to each other, but Mike and I are fully consumed with trial preparation and trial, and the conversation is going to have to wait a week or so. We're expecting to be done a week from Tuesday. We can meet with you any date thereafter, at the location of your choice.
Thanks.
jon

--------- Forwarded message ---------
From: <scott@drurylegal.com>
Date: Fri, Sep 30, 2022 at 3:16 PM
Subject: RE: Transfer of Client Materials
To: Jon Loevy <jon@loevy.com>


Dear Mr. Loevy:

Please see the attached correspondence and related attachments.

Very truly yours,
Scott R. Drury

From: Jon Loevy <jon@loevy.com>
Sent: Thursday, September 29, 2022 3:30 PM
To: scott@drurylegal.com; Michael Kanovitz <mike@loevy.com>
Subject: Re: Transfer of Client Materials

Scott:

You cannot manufacture a false crisis, and then complain that people do not jump fast enough for your taste. This would not be an issue if you had allowed us to plan for this transition. Instead, you quit without prior notice at the close of business hours on Friday, and then directed us to withdraw while we were asking you about contacting the clients together. If you were truly worried about the client's best interests, you would not have proceeded this way.

Regarding your request for the client files, the Firm's plan is to provide you a copy of all material on the firm network (the "L" drive) in the case folders associated with the matters you identified in your September 26 letter. We will provide you a hard drive at our expense with all of that material on it. We anticipate providing all of that material to you by close of business tomorrow, September 30, 2022.

10/21/22, 3:39 PM
Case: 1:21-cv-00135 Document #: 489 Filed: 10/28/22 Page 30 of 30 PageID #:9367
Search results - jon@loevy.com - Loevy & Loevy Mail

As for the material on your Firm-issued laptop, you may access any material prepared for the matters you identified in your September 26 letter and make copies thereof. We request that you provide to the Firm an inventory of all material you copy. Further, you may not alter, delete, or remove any material, documents, or information from your Firm-issued laptop. Once you have made copies of the materials related to the matters in your September 26 letter, please promptly return your Firm-issued laptop.

With regard to Goldfynch, our understanding is that you may request from Goldfynch new user credentials to access any database(s) related to the matters identified in your September 26 letter. The Firm will continue to pay for the maintenance of such databases. In the event the Firm chooses to stop paying for the maintenance of those databases, we will provide you sufficient notice of that decision.

It is our understanding that with the network files, the material from your Firm-issued laptop, and continued access to the Goldfynch database(s), you will have all of the client files for the matters identified in your September 26 letter. If there are other materials that you think we have overlooked, please let us know so that we may get them to you as soon as possible.

Finally, there are about $50,000 in outstanding bills due to the expert on the Clearview case. We are interested in your thoughts on how to handle that. As you know, the firm stands on its entitlement to financial contributions to the case. We would be happy to pay three-quarters of these bills, with you picking up the rest. Let us know if that is acceptable, or if you have a different suggestion.

Thanks
jon

On Wed, Sep 28, 2022 at 6:04 PM <scott@drurylegal.com> wrote:

Dear Mr. Loevy:

Please see the attached correspondence.

Very truly yours,
Scott R. Drury

From: Jon Loevy <jon@loevy.com>
Sent: Wednesday, September 28, 2022 3:47 PM
To: scott@drurylegal.com; Michael Kanovitz <mike@loevy.com>
Subject: Re: Transfer of Client Materials

Scott,
We are making copies of the materials you have requested, and will provide them this week when they are ready.
As for your other request, we are weighing our decision on how to proceed, including motion practice in lieu of withdrawing in light of this flawed "representation directive," which suggests the clients were not properly advised about all of their options.
We will advise and/or take action soon.
jon

On Tue, Sep 27, 2022 at 1:13 PM <scott@drurylegal.com> wrote:

Dear Mr. Loevy:

Please see the attached.

Very truly yours,
Scott R. Drury

From: scott@drurylegal.com <scott@drurylegal.com>
Sent: Monday, September 26, 2022 12:00 PM
To: 'Jon Loevy' <jon@loevy.com>
Subject: Transfer of Client Materials

Dear Mr. Loevy:

Please see the attached correspondence.

Very truly yours,
Scott R. Drury