**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | ) ) ) Case No. 1:21-cv-00135 ) ) Judge Sharon Johnson Coleman ) Magistrate Judge Maria Valdez ) |

**CLEARVIEW DEFENDANTS' OPPOSITION TO PROPOSED *EX PARTE*
HEARING ON LOEVY & LOEVY'S MOTION FOR CLARIFICATION**

Defendants Clearview AI, Inc., Rocky Mountain Data Analytics LLC, Thomas Mulcaire, Hoan Ton-That, and Richard Schwartz (collectively, the "Clearview Defendants"), by their undersigned counsel, respectfully submit this opposition to the Court's November 4, 2022 minute order proposing to hold the November 8, 2022 hearing on Loevy & Loevy's motion for clarification with respect to the selection of Plaintiffs' interim lead class counsel outside the presence of the Clearview Defendants and their counsel (the "Order"). (Dkt. 496.) To the extent the Court does not permit the Clearview Defendants and their counsel to participate in the November 8 hearing, the Clearview Defendants respectfully request that the Court delay the hearing so that the Clearview Defendants have the opportunity to consider whether to seek relief from the Seventh Circuit Court of Appeals.

In support of this opposition, the Clearview Defendants state as follows:

**BACKGROUND**

On September 28, 2022, Scott R. Drury filed a notice of change of law firm and address, indicating that he had left Loevy & Loevy to start his own firm called Drury Legal, LLC. (Dkt. 460.) On October 4, 2022, counsel of record from Loevy & Loevy filed motions to withdraw as counsel for Plaintiffs. (Dkts. 462–67.)

On October 14, 2022, the Court held a status hearing. During the hearing, counsel from Loevy & Loevy, Jonathan I. Loevy, requested permission to file a "motion to intervene on behalf of other class members who want Loevy & Loevy to be lead class counsel." (10/14/2022 Hr'g Tr. at 13:7–10.) The Court ordered Loevy & Loevy to file its motion by October 21, 2022; ordered Mr. Drury to respond by November 1, 2022; ordered Loevy & Loevy to file a reply by November 7, 2022; and set a hearing on the motion for November 8, 2022, at 1:00 p.m. (Dkt. 481.)

After Loevy & Loevy filed its motion (styled as a motion for order clarifying that the Court intended to appoint Loevy & Loevy as opposed to Mr. Drury as Plaintiffs' interim lead class counsel (Dkt. 484)) and Mr. Drury filed his response (Dkt. 494), the Court entered the Order on November 4, 2022, stating that "it would be in the best interest of the case as a whole to discuss the matter outside the presence of defendants and defense counsel," even as the Court invited "[m]embers of the public and media . . . to call in and listen to this hearing." (Dkt. 496.) The Order did not explain why the hearing should be held *ex parte* and did not indicate whether it was issued *sua sponte* or upon the *ex parte* request of a party. (*See id.*) The Court directed Defendants "to relay their position on the ex parte presentment" by the morning of November 8, 2022. (*Id.*) In accordance with the Order, on November 7, 2022, the Clearview Defendants submitted an email to the Courtroom Deputy stating that they object to the *ex parte* hearing.[1] (*See* Ex. A.)

---

[1] The email from the Clearview Defendants also attached a draft opposition to the proposed *ex parte* hearing explaining the legal basis for their position. (*See* Ex. B.) The Clearview Defendants received no substantive response to this submission, and the Court has not reversed the Order barring the Clearview Defendants and their counsel from attending the November 8 hearing or provided the Clearview Defendants with information related to whether the Order was the result of an *ex parte* communication from a party. As a result, per their November 7, 2022 email to the Court, the Clearview Defendants formally state their position on the record through the filing of this opposition.

2

**ARGUMENT**

The Clearview Defendants object to being excluded from the hearing on Loevy & Loevy's motion for clarification regarding the selection of Plaintiffs' interim lead class counsel. "It is settled beyond peradventure that, in our system of justice, ex parte judicial proceedings . . . are greatly disfavored" and "present substantial due process concerns." *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356–57 (4th Cir. 2007) (quotation omitted); *see also United States v. Boender*, 649 F.3d 650, 657 (7th Cir. 2011) ("*[E]x parte* proceedings are generally disfavored in our adversarial system: they are the exception rather than the rule." (quotation omitted)); *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986) (same). Courts are thus "necessarily and properly reluctant" to participate in *ex parte* proceedings. *RZS Holdings*, 506 F.3d at 356–57.

In fact, the Code of Judicial Conduct for federal judges states that a judge "should not initiate, permit, or consider ex parte communications . . . concerning a pending or impending matter" except in very limited circumstances. Code of Conduct for U.S. Judges Canon 3(A)(4). Notably, while an *ex parte* proceeding may be permissible "for scheduling, administrative, or emergency purposes," it is not an appropriate manner to "address substantive matters" unless "the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result" of the *ex parte* status. *Trumbull v. SCI Ill. Servs., Inc.*, 575 F. App'x 683, 685 (7th Cir. 2014) (quoting Code of Conduct for U.S. Judges Canon 3(A)(4)(b)).

Here, the Clearview Defendants would be seriously disadvantaged by being excluded from the hearing on Loevy & Loevy's motion for clarification because the motion concerns a central, substantive issue in the case. Among the requirements for class certification "is that 'the representative parties will fairly and adequately protect the interests of the class'"—an inquiry that includes "the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649

F.3d 583, 592 (7th Cir. 2011), *as modified* (Sept. 22, 2011) (quoting Fed. R. Civ. P. 23(a)(4)); *see also* Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class."). Given the presumption that "litigation is public" in the absence of confidential information, "when the court appoints counsel for a class action, the court should consider whether the information [made] available with respect to applications for the position of class counsel unduly restricts others['] . . . ability to oppose an application." 1 Fed. Class Action Deskbook § 5.03[5] (2021). In this regard, defendants in putative class actions have the right to oppose applications for class counsel. *See, e.g.*, *Richardson v. Progressive Am. Ins. Co.*, No. 2:18-cv-715, 2022 WL 154426, at *16 (M.D. Fla. Jan. 18, 2022) (adopting defendants' objections to adequacy of proposed class counsel); *Cappello v. Franciscan All., Inc.*, No. 3:16-cv-290, 2016 WL 10744872, at *2 (N.D. Ind. Sept. 8, 2016) (agreeing with defendants' objections to class counsel).

Loevy & Loevy's motion for clarification plainly implicates the relative adequacy of the class counsel candidates, which in turns bears on Plaintiffs' anticipated motion for class certification and the Clearview Defendants' anticipated opposition. Moreover, the motion for clarification does not implicate any confidential information requiring a nonpublic hearing, as the Court has invited the public and media to attend the hearing. Nor does the motion concern a "scheduling, administrative, or emergency" matter in which the Clearview Defendants have no substantive interest. To the contrary, the Clearview Defendants would be prejudiced if they were precluded from participating in the Court's consideration of this significant class certification issue. The heavy presumption against *ex parte* proceedings thus requires Defendants' presence at the hearing.

Finally, as noted above, the Order does not indicate whether it was issued *sua sponte* or upon the *ex parte* request of a party. (Dkt. 496.) If it was the latter, the Court is required to disclose

4

the fact (if not the substance) of the *ex parte* application. *See* Code of Conduct for U.S. Judges Canon 3(A)(4) ("If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.").

## CONCLUSION

For the foregoing reasons, the Clearview Defendants respectfully request that the Court allow them and their undersigned counsel to participate in and be heard at the Court's November 8, 2022 hearing on Loevy & Loevy's motion for clarification. To the extent the Court does not permit the Clearview Defendants and their counsel to participate in the November 8 hearing, the Clearview Defendants respectfully request that the Court delay the hearing so that the Clearview Defendants have the opportunity to consider whether they should seek relief from the Seventh Circuit Court of Appeals.

Dated: November 8, 2022 Respectfully submitted,

By: */s/ Lee Wolosky*

Lee Wolosky (*pro hac vice*)
Andrew J. Lichtman (*pro hac vice*)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, New York 10036
Phone: (212) 891-1600
lwolosky@jenner.com
alichtman@jenner.com

Precious S. Jacobs-Perry
Howard S. Suskin
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
pjacobs-perry@jenner.com
hsuskin@jenner.com

*Attorneys for Defendants Clearview AI, Inc., Rocky Mountain Data Analytics LLC, Thomas Mulcaire, Hoan Ton-That, and Richard Schwartz*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2022, I electronically filed the foregoing using the Court's CM/ECF system, which effected service on all counsel of record.

                                             */s/ Lee Wolosky*
                                             Lee Wolosky