**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re Clearview AI, Inc., Consumer Privacy Litigation, | ) ) ) ) ) | Case No. 21-cv-0135<br><br>Judge Sharon Johnson Coleman |

**ORDER**

On March 10, 2021, this Court appointed Scott Drury, counsel with Loevy & Loevy ("Loevy"), to the role of interim lead counsel of this multidistrict litigation. On September 23, 2022, after one-and-half years of litigation under this appointment, Drury terminated his employment with the firm to operate as a solo practitioner. Drury notified the Court of this change on September 28, 2022 in a perfunctory change of address filing as opposed to alerting the Court of this major shift in the representation dynamics. Six days later, five attorneys of record from Loevy filed motions for leave to withdraw their appearances stating that "Scott Drury continues to represent Plaintiffs." The Court set a status at which the Loevy lawyers clarified that they did not wish to withdraw. Rather, they filed the motions upon their clients' requests as communicated through Drury, who intended to proceed as interim lead counsel without Loevy. Thereafter, Loevy moved to clarify that the Court previously appointed the Loevy firm as interim lead counsel, not the individual Scott Drury. Upon presentment of their motion for clarification, Loevy made an oral motion to withdraw the motions for withdrawal.

For the following reasons, the Court grants Loevy's motion for clarification [484] and clarifies that it appointed the firm as interim lead counsel. Plaintiffs' counsel are to meet and confer as to the division of responsibilities and the method of lead counsel compensation and submit their proposals to the Court by December 15, 2022. The Court also grants Loevy's oral motion to withdraw the motions to withdraw appearances of Michael Kanovitz, Arthur Loevy, Jon Loevy,

Megan Pierce, and Elizabeth Wang [463, 464, 465, 466, 467]. For the reasons stated in her motion, Karen Newirth is granted leave to withdraw her appearance [462].

**DISCUSSION**

On August 13, 2020, two attorneys from Loevy—Scott Drury and Mike Kanovitz—applied for appointment as interim lead counsel in *Mutnick v. Clearview*, citing in support the history and reputation of the firm as well as the attorneys' individual accomplishments. (*See* 20-cv-00512 at Dkt. 88, 88-1.) The Court ordered their appointment. After the transfer of cases into this multidistrict litigation ("MDL"), Drury again moved for appointment as interim lead counsel of the larger MDL. This time, he applied without co-counsel Kanovitz. He did, however, again apply in his position as counsel with Loevy and attached Loevy's firm resume as evidence of its reputation and experience. (Dkt. 10-2.) Ultimately, the Court appointed "Scott R. Drury of Loevy & Loevy as interim lead counsel" for the MDL. (Dkt. 25.)

Though this matter has devolved into disarray, the issue before the Court is quite simple: who did the Court appoint as interim lead counsel, and may they continue as such? At bottom, the parties disagree about the interpretation of the Court's appointing interim lead counsel. Loevy contends that the Court appointed the firm as a whole, while Drury argues that he alone was appointed and should be permitted to continue in that role as a solo practitioner. The Court now clarifies that it appointed Scott Drury to the extent that he served as counsel of Loevy, not as an individual. To be sure, Drury's litigation credentials and experience in this district bolstered Loevy's application for interim lead counsel. In its appointment order, the Court lauded Drury's quick action in filing the case on behalf of the *Mutnick* class, Drury's BIPA experience relative to the other applicant, and his cooperation with plaintiffs' counsel for the other multidistrict cases. But the Court was persuaded by Loevy's presence in the case as a well-resourced firm with documented

expertise in class action litigation. Had Drury sought the interim lead counsel position as a solo practitioner in March 2021, as he does now, the Court would not have appointed him—a fact that no one disputes. For these reasons, the Court clarifies that it appointed Loevy as interim lead counsel.

The next question is whether Loevy may procedurally remain as interim class counsel. Drury contends that because he took the individual clients Loevy represented in this matter to his solo practice, Loevy does not represent a named plaintiff and cannot continue as class counsel. This issue involves the effects of appointing class counsel under Rule 23, which requires some context. Traditionally, the Court waits until the class certification stage to appoint class counsel. Fed. R. Civ. P. 23(g)(1). Prior to certification, counsel pursuing a class action should act in the best interests of the putative class. Manual for Complex Litigation ("MCL") § 21.12 ("Rule 23 and the case law make clear that, even before certification or a formal attorney-client relationship, an attorney acting on behalf of a putative class must act in the best interests of the class as a whole."). Upon appointment, that requirement is narrowed and lead counsel's "primary obligation… is to the class rather than to any individual members of it." Fed. R. Civ. P. 23(g)(1). Unlike a conventional attorney-client relationship, the class representative no longer possesses the power to direct the actions of lead counsel nor the "unfettered right to 'fire'" her. Fed. R. Civ. P. 23(g)(1)(B) advisory committee's note (2003). The Court may also preemptively designate interim class counsel before certification to act on behalf of the putative class under Rule 23(g)(3). While not always necessary, "[i]n some cases… there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23(g)(2)(A) advisory committee's note (2003).

Drury contends that an interim lead counsel appointment does not confer the same power on the lead counsel. Rather, he argues that class representatives may fire interim lead counsel,

namely Loevy, because the legal effects of appointment only attach to class counsel at the certification stage. There is no basis for such a distinction. The Court appointed interim class counsel using the same standards as it would at the certification stage and to achieve the same certainty and stability in these MDL proceedings as an appointment during certification. Therefore, the appointment won't be undone without further order of Court.

It is true that Loevy's representation of the class without direct representation of a named plaintiff is an uncommon circumstance. It is not, however, unheard of. In the context of class counsel appointments, judges have opted to implement a bidding procedure through which various law firms petition to serve as class counsel. *See generally* Laural L. Hooper & Marie Leary, *Auctioning the Role of Class Counsel in Class Action Cases: A Descriptive Study*, 209 F.R.D. 519 (2001). As a result of the bidding process, courts have appointed law firms who had not filed a preliminary complaint in the case or represented a named plaintiff. *Id.* at 554–55. Here, allowing Loevy to continue as lead counsel despite the election of its former clients to follow Drury to his solo practice is not as drastic a measure because Loevy has been with the case since its inception.

For these reasons, Loevy can continue to serve the class as interim lead counsel. All of plaintiffs' counsel are forewarned, however, that the Court retains the ability to amend its appointment at any time if it is in the best interest of the class. Additionally, the appointment of lead counsel will be revisited at the class certification stage.

Given the state of their working relationship, plaintiffs' counsel[1] are ordered to complete the following tasks by December 15, 2022. First, they shall meet and confer regarding the organization

[1] The following names are listed as plaintiffs' counsel on the most recent filings prior to the present motion: Jonathan Loevy and Michael Kanovitz of Loevy & Loevy; Scott Drury of Drury Legal; Scott Bursor and Joshua Arisohn of Bursor & Fisher, P.A.; Frank Hedin of Hedin Hall LLP; Michael Drew of Neighborhood Legal LLC; Michael Wood and Celetha Chatman of Community Lawyers LLC; and Steven Webster and Aaron Book of Webster Book LLP. To the extent that other plaintiffs' counsel of record have taken an active role in this litigation, they shall also meet and confer with counsel and have their names and duties identified in the order described *supra*.

and coordination of their litigation efforts. Plaintiffs' counsel shall jointly draft an order for the Court's review and approval broadly outlining their responsibilities going forward. *See* MCL §§ 10.222 (describing division of plaintiff counsels' powers and responsibilities) and 40.22 (sample order). In an effort to prevent future attorney fee disputes, Loevy shall also propose their anticipated method of compensation. *Id.* § 14.215; *see also* Edward K. Cheng et al., *Distributing Attorney Fees in Multidistrict Litigation*, 13 J. Legal Analysis 558 (2021). The Court encourages Loevy to take input from all plaintiffs' counsel to resolve this issue amicably and to avoid a litany of objections to their proposal. Failure to resolve these issues will require their presentment to the Court on December 16, 2022 at 10:00 a.m.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 11/23/2022