IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

**PROPOSAL OF PLAINTIFFS' COUNSEL REGARDING ALLOCATION OF FEES**

Interim Lead Counsel Loevy & Loevy ("Loevy"), as well as Frank Hedin of Hedin Hall LLP ("Hedin"), Scott Bursor and Joshua Arisohn of Bursor & Fisher, P.A. ("Bursor"), Michael Drew of Neighborhood Legal LLC, Michael Wood and Celetha Chatman of Community Lawyers LLC, Steven Webster and Aaron Book of Webster Book LLP[1] hereby submit the following proposal for allocation of attorneys' fees in the event the Court approves an award of attorneys' fees to Plaintiffs' Counsel via settlement or judgment with a certified class and subject to the Court's approval.

After an opportunity to confer with one another, all but one of the law firms representing plaintiffs in the case (see footnote 1) have reached agreement on the method for allocating fees, reserving all rights to submit a modified proposal should the Court alter the appointment of interim lead class counsel when ruling on class certification. The proposal is as follows:

---

[1] These firms, together with Scott Drury of Drury Legal LLC, are referred to herein as "Plaintiffs' Counsel." Mr. Drury has decided not to join this Proposal. All of the other attorneys and law firms representing Plaintiffs in this matter have joined.

A. **FEES**.

After reimbursement of costs and expenses reasonably expended, fees will be allocated as follows:

1. 20% to Loevy;

2. 12% to Drury;

3. 8% to Bursor and Hedin; and

4. The remaining 60% to be split *pro rata* based on lodestar reasonably expended.[2] Plaintiffs' Counsel shall endeavor to agree upon the reasonably expended lodestar of each firm. To the extent an agreement is not reached, Plaintiffs' Counsel shall submit their time records to the Court for a determination of each firm's reasonably expended lodestar. Once the reasonably expended lodestar of each firm is determined, the remaining 60% of fees shall be awarded to Plaintiffs' Counsel at the percentage of the lodestar to which they are entitled.

Loevy will endeavor to allocate work so that 50% of the work will be done by attorneys employed by Loevy, and 50% of the work will be done by other Plaintiffs' Counsel.

B. **COSTS AND EXPENSES.**

Plaintiffs' Counsel shall be responsible for their own non-material costs and expenses. Any material billable costs and expenses will be advanced by Loevy and then split *pro rata* on a quarterly basis according to each firm's percentage split of fees as set forth in § A above at that time.[3] Plaintiffs' Counsel shall recover their reasonably expended costs and expenses from any award of fees and costs.

---

[2] Bursor, Hedin and Drury have separately agreed to share the cumulative total of any *pro rata* amount to which their firms collectively are entitled with 60% going to Drury and 40% going to Bursor and Hedin.

[3] To date, the Loevy firm has borne almost the entire burden of those costs, an amount exceeding $50,000 (mostly in expert fees).

WHEREFORE, Interim Lead Counsel Loevy & Loevy; Frank Hedin of Hedin Hall LLP; Scott Bursor; Joshua Arisohn of Bursor & Fisher, P.A.; Michael Drew of Neighborhood Legal LLC; Michael Wood and Celetha Chatman of Community Lawyers LLC; Steven Webster and Aaron Book of Webster Book LLP; respectfully request that the Court enter the attached proposed Order directing that any fund of fees approved by the Court as part of a settlement or judgment with a certified class (the "Fees Fund") be allocated in accordance with the proposed Order subject to later modification by the Court.

RESPECTFULLY SUBMITTED:

By: /s/ Jon Loevy
    JON LOEVY

*Plaintiffs' interim lead class counsel*

By: /s/ Frank Hedin
    FRANK HEDIN

*Counsel for Other Plaintiffs*

By: /s/ Michael Drew
    MICHAEL DREW

*Counsel for Other Plaintiffs*

By: /s/ Joshua Arisohn
    JOSHUA ARISOHN

*Counsel for Other Plaintiffs*

By: /s/ Steven Webster
    STEVEN WEBSTER

*Counsel for Other Plaintiffs*

By: /s/ Michael Wood
    MICHAEL WOOD

*Counsel for Other Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

The Court hereby orders that any fund of fees approved as by the Court as part of a settlement or judgement with a certified class (the "Fees Fund") shall be allocated as follows:

After reimbursement of costs and expenses reasonably expended, fees will be allocated as follows:

1. 20% to Loevy & Loevy;

2. 12% to Drury Legal, LLC;

3. 8% to Bursor & Fisher, P.A. and Hedin Hall LLP; and

4. The remaining 60% to be split *pro rata* based on lodestar reasonably expended. Plaintiffs' Counsel (defined as Loevy & Loevy); and Hedin Hall LLP; Bursor & Fisher, P.A.; Webster Book, LLP, Drury Legal, LLC; Neighborhood Legal LLC; and Community Lawyers LLC shall endeavor to agree upon the reasonably expended lodestar of each firm. To the extent an agreement is not reached, Plaintiffs' Counsel shall submit their time records to the Court for a determination of each firm's reasonably expended lodestar. Once the reasonably expended lodestar of each firm is determined, the remaining 60% of fees shall be awarded to Plaintiffs' Counsel at the percentage of the lodestar to which they are entitled.

Loevy a shall endeavor to allocate work so that 50% of the work will be done by attorneys employed by Loevy, and 50% of the work will be done by other Plaintiffs' Counsel.

**B.     COSTS AND EXPENSES.**

Plaintiffs' Counsel shall be responsible for their own non-material costs and expenses. Any material billable costs and expenses shall be advanced by Loevy, and then split *pro rata* on a quarterly basis according to each firm's percentage split of fees as set forth above at that time. Plaintiffs' Counsel shall recover their reasonably expended costs and expenses from any award of fees and costs.

**C.**     The Court, in its discretion, may amend this Order at any time and will reconsider it after any favorable ruling on any motion to certify a plaintiffs' class. Further, the Court may amend this Order upon motion for good cause shown. This Order does not limit, prohibit or impede upon any claims, demands or causes of action that any individual or entity subject to this Order may have against any other individual or entity subject to this Order.

Dated: _____, 2022     _____
                                                                    UNITED STATES DISTRICT JUDGE