IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

## **PROPOSED ORDER ON RESPONSIBILITIES OF DESIGNATED COUNSEL**

The Court having appointed the law firm of Loevy & Loevy as interim lead counsel of this multidistrict litigation, hereby orders as follows regarding the responsibilities of Plaintiffs' counsel[1] in this matter:

1. *Plaintiffs' interim lead counsel*. Plaintiffs' interim lead counsel shall be generally responsible for coordinating the activities of the putative plaintiff class during pretrial proceedings and shall:

    (a) determine (after such consultation with other Plaintiffs' counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

---

[1] Plaintiffs' counsel are identified as follows: Jonathan Loevy, Michael Kanovitz and Thomas Hanson of Loevy & Loevy; Scott Drury of Drury Legal; Scott Bursor and Joshua Arisohn of Bursor & Fisher, P.A.; Frank Hedin of Hedin Hall LLP; Michael Drew of Neighborhood Legal LLC; Michael Wood and Celetha Chatman of Community Lawyers LLC; and Steven Webster and Aaron Book of Webster Book LLP.

    (b)    coordinate the conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories, and requests for production of documents and the examination of witnesses in depositions;

    (c)    conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

    (d)    delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for plaintiffs is conducted efficiently and effectively;

    (e)    enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

    (f)    prepare and distribute periodic status reports to the parties;

    (g)    maintain adequate time and disbursement records covering services as interim lead counsel;

    (h)    monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

    (i)    perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court.

2.    *All Plaintiffs' Counsel*. All Plaintiffs' counsel, except to the extent they have a disagreement with Interim Lead Counsel as described in paragraph 4 of this Order, shall cooperate with Interim Lead Counsel and other Plaintiffs' counsel in the prosecution of this matter, and shall

    (a)    Complete such tasks as they are assigned (if such assignment is accepted) efficiently and effectively;

    (b)    Maintain adequate time and disbursement records covering services rendered in this matter;

    (c)    Provide to all Plaintiffs' counsel their time records in this matter on a schedule to be determined by interim lead counsel to include time records while with counsel's current firm or with a former firm;

    (d)    Share with one another knowledge and insight gained in the course of rendering services in this matter.

3.    *Liaison Counsel, Steering Committee and Subcommittees*. Interim lead counsel and counsel for the named plaintiffs have not proposed liaison counsel, a steering committee or subcommittees, and the Court does not appoint such counsel or create such committees at this time.

4.    *Disagreements with Interim Lead Counsel*. Counsel for plaintiffs who disagree with interim lead counsel (or those acting on behalf of interim lead counsel) or who have individual or divergent positions may present written and oral argument, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate, provided that in doing so they do not repeat arguments, questions or actions of interim lead counsel.

5.    *Privileges Preserved*. No communication among plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

Dated: _____, 2022

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

By: /s/ Jon Loevy
    JON LOEVY

*Plaintiffs' interim lead class counsel*

By: /s/ Michael Drew
    MICHAEL DREW

*Counsel for Other Plaintiffs*

By: /s/ Frank Hedin
    FRANK HEDIN

*Counsel for Other Plaintiffs*

By: /s/ Joshua Arisohn
    JOSHUA ARISOHN

*Counsel for Other Plaintiffs*

By: /s/ Michael Wood
    MICHAEL WOOD

*Counsel for Other Plaintiffs*

By: /s/ Steven Webster
    STEVEN WEBSTER

*Counsel for Other Plaintiffs*