# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: Clearview AI, Inc., Consumer Privacy Litigation | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

### LIMITED OBJECTIONS OF SCOTT R. DRURY TO PROPOSED ORDER ON RESPONSIBILITIES OF DESIGNATED COUNSEL AND PROPOSAL REGARDING ALLOCATION OF FEES; AND REQUEST FOR CLARIFICATION OF THE COURT'S <u>NOVEMBER 23, 2022 ORDER</u>

Scott R. Drury ("Drury"), counsel for Plaintiffs Aaron Hurvitz, David Mutnick, Steven Vance and Andrea Vestrand (collectively, the "Drury Clients"), submits the below-stated limited objections and request for clarification to: (a) gain clarity on how the Court would like the parties to address representation issues in the Proposed Order on Responsibilities of Designated Counsel (the "Proposed Order") and the Proposal Regarding Allocation of Fees (the "Fee Proposal") and future documents; and, relatedly, (b) obtain clarification of the Court's November 23, 2022 Order (the "Court's Order") with respect to appearances filed on behalf of the Drury Clients.[1]

1. While Drury submits the foregoing limited objections, he believes it is important to advise the Court of the significant progress the parties made in narrowing the disputed issues. To achieve this result, lawyers from various different firms worked together to bridge as many disputes as possible. Indeed, most of the substantive disputes – *i.e.*, those related to fee allocation and organizational structure – were resolved without having to present them to the Court. For

---

[1] Loevy & Loevy did not distribute the Proposed Order and Fee Proposal until the afternoon of December 14, 2022, severely compressing the time to resolve disputed issues.

instance, in an effort to "get to 'yes,'" Drury made substantial compromise. He agreed to an allocation of attorneys' fees that does not reflect his contributions and value to the case, and agreed to an organizational structure that does not include an executive committee or subcommittees despite the benefits of such a structure.[2]

2.  The issue that remains relates to the Court's Order clarifying that Loevy & Loevy can remain in its position as interim lead counsel despite not representing any named plaintiff. *See* Dkt. 504 at 4. During discussions between Drury and Jon Loevy ("Loevy"), Drury requested that the Proposed Order and Fee Proposal clearly reflect that Loevy & Loevy is acting on behalf the *putative plaintiff classes* and that the other attorneys/firms are acting on behalf of the *named plaintiffs*. Loevy originally agreed to the request and even submitted a draft proposal containing edits reflecting the agreement. After Drury submitted what he believed were final versions of the Proposed Order and Fee Proposal that properly defined who the various firms represent, Loevy informed Drury that he would no longer agree to the language.

3.  At present, this case is merely a putative class action brought by individually-named plaintiffs, none of whom are represented by Loevy & Loevy. Loevy & Loevy's status as interim lead counsel does not create an attorney-client relationship between the Drury Clients (or any named plaintiffs) and Loevy & Loevy. *See* 6 Newberg and Rubenstein on Class Actions § 19:2 (6th ed.) (discussing attorney-client relationships in class actions both pre- and post-certification). Indeed, if the case is never certified as a class action, the case would simply be one brought on behalf of the named plaintiffs by their retained counsel, not Loevy & Loevy. *See id.*

---

[2] Out of an abundance of caution, Drury discloses to the Court that there are ongoing substantial disputes between Drury and Loevy & Loevy (and others at Loevy & Loevy) related to unpaid compensation and other issues.

4. Given the rather unique situation of Loevy & Loevy acting as interim lead counsel without representing any named plaintiff, it is important that documents accurately reflect who represents whom, and on whose behalf counsel are acting. Moreover, in order to preserve any appellate issue that may exist, Drury could not agree to the submission of documents that indicate that Loevy & Loevy represents named plaintiffs, as opposed to merely representing putative plaintiff classes. *See, e.g.,* Dkt. 512 at § 1 (discussing interim lead counsel's duties on behalf of "plaintiffs").

5. To avoid this issue from repeating itself, Drury presents these limited objections and respectfully suggests that the Court address the issue in a single ruling that guides the parties on how to address the issue in future filings. Relatedly, because Loevy & Loevy attorneys currently have appearances on file for Plaintiffs Hurvitz, Mutnick and Vestrand,[3] despite the fact that these plaintiffs terminated Loevy & Loevy, Drury seeks clarification of the Court's Order allowing Loevy & Loevy attorneys to withdraw their motions to withdraw their appearances on behalf of "Plaintiffs," generically. *See* Dkt. 504 at 1-2; Dkt. 463-67. Drury respectfully submits that the Loevy & Loevy attorneys should withdraw their specific appearances on behalf of Plaintiffs Hurvitz, Mutnick and Vestrand (*see* Dkt. 3-5, 55, 86), while being allowed to appear in the case on behalf of the putative plaintiff classes. *See* Dkt. 504 at 4.

6. Given that Loevy & Loevy does not represent any named plaintiff, in order to avoid any confusion, documents filed by interim lead counsel should make clear that interim lead counsel is acting on behalf of the "putative plaintiff classes." Notably, because Loevy & Loevy is required to act in the best interests of all putative class members (*see* Dkt. 504 at 3), including the named

---

[3] Loevy & Loevy has no appearance on file for Plaintiff Vance.

plaintiffs, requiring interim lead class to act on behalf the putative plaintiff classes will not prejudice any plaintiff.

7. Shortly after the Court entered the November 23, 2022 Order, Drury informed Loevy & Loevy of his intent to seek clarification with respect to the appearances described herein. Drury sought Loevy & Loevy's agreement to the requested clarification and proposed remedy. Loevy & Loevy declined and asserted that it might try to replace the Drury Clients as named plaintiffs if they would not agree to be represented by Loevy & Loevy. Loevy & Loevy seemingly has backed off of that position, recognizing that it would be improper to act adversely to the interests of its former clients.

8. It is important to note that the Drury Clients have actively participated in this matter, including answering and responding to a total of almost 100 interrogatories and requests for production and making themselves available to be deposed. The Drury Clients intend to continue to participate and cooperate in the case. No valid reason exists to replace them.

Dated: December 15, 2022

                                        Respectfully submitted,

By: /s/ Scott R. Drury
SCOTT R. DRURY
*Counsel for Plaintiffs Hurvitz, Mutnick, Vance and Vestrand*

Scott R. Drury
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, Illinois 60040
(312) 358-8225
scott@drurylegal.com

**CERTIFICATE OF SERVICE**

    I, Scott R. Drury, an attorney, hereby certify that, on December 15, 2022, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                                                /s/ Scott R. Drury
                                                SCOTT R. DRURY