**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: Clearview AI, Inc., Consumer Privacy Litigation | Case No: 1:21-cv-135  Judge Sharon Johnson Coleman  Magistrate Judge Maria Valdez |

### MACY'S OPPOSED MOTION FOR LEAVE TO FILE *INSTANTER* AMENDED AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 15, Macy's, Inc., Macy's Retail Holdings, LLC, f/k/a Macy's Retail Holdings, Inc., and Macy's Corporate Services, LLC, f/k/a Macy's Corporate Services, Inc. (collectively referred to as "Macy's"), by and through their undersigned counsel, hereby move for leave to file *instanter* Amended Affirmative Defenses to Plaintiffs' Second Amended Consolidated Class Action Complaint, and in support state as follows:

1. Plaintiffs filed a Second Amended Consolidated Class Action Complaint on August 22, 2022. DKT 428.

2. Macy's filed its Answer and Affirmative Defenses to Plaintiffs' Second Amended Consolidated Class Action Complaint on October 24, 2022. DKT 485.

3. Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave" to amend pleadings "when justice so requires." Leave to amend "may only be denied if the court finds undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Zurich Am. Ins. Co. v. International Fidelity Ins. Co.*, 204 F.R.D. 111, 112 (N.D. Ill. 2001).

4. Macy's requests leave to plead only one additional affirmative defense. In light of the Illinois Supreme Court's recent decision in *Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, Macy's seeks to show that the damages Plaintiffs claim under the Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA") constitute an unconstitutional penalty and that BIPA is unconstitutionally vague, as it on the one hand imposes grossly excessive damages wholly unrelated to any actual harm, while at the same time making damages discretionary without any basis for how courts and juries should weigh this discretion. This leads to an arbitrary assessment of damages as it lacks any standards or factors against which parties, judges and juries can assess a damages award that comports with the due process and equal protection guaranties of the United States and Illinois Constitutions.

5. On February 17, 2023, the Illinois Supreme Court in *Cothron* interpreted BIPA to authorize statutory damages of $1,000 and potentially $5,000 for "each scan or transmission of biometric information made in violation" of Section 15(b) and 15(d). 2023 IL 128004 at ¶ 40. As the Court recognized, this interpretation of BIPA could result in multi-billion dollar damages awards. *Id*. at ¶ 43. It then called upon the Illinois Legislature to amend BIPA to "make clear its intent regarding the assessment of damages under the Act." *Id*. While businesses in Illinois wait for the legislature to respond to the Court's call to action, they are threatened with crippling multi-billion dollar damages awards that are disproportionate to any harm actually suffered.

6. Macy's proposed Amended Affirmative Defenses are attached hereto as Exhibit A. For ease of reference, a redline depicting the proposed addition to Macy's Affirmative Defenses is attached hereto as Exhibit B. Macy's also seeks leave to file the proposed amendment in the actions underlying this Multi-District Litigation brought by David Mutnick, Steven Vance,

Anthony Hall, Isela Carmean, Chris Marron and Maryann Baker (20-cv-512), Andrea Vestrand (20-cv-3372), and Aaron Hurvitz (21-cv-3373), currently pending in this Court. DKT 429 – 431.

7. There is no undue delay, bad faith, or dilatory motive underpinning Macy's request to add the additional affirmative defense. The need for the proposed affirmative defense came into sharp relief only a few weeks ago when the Illinois Supreme Court issued its *Cothron* decision. Before then, there was no controlling precedent as to how this Court should craft damages awards for prevailing parties who "may recover" liquidated damages for "each violation" of BIPA even in the absence of actual harm. *Cothron*, 2023 IL 128004 at ¶ 40.

8. The case remains in its early stages. Certain procedural delays have ensued in this case, most recently a stay of discovery stay from October 17, 2022 to January 12, 2023. DKT 483, 520. The parties have exchanged written discovery, but no depositions regarding the merits of this case have taken place. On March 6, 2023, the Court entered a revised discovery schedule, extending the deadline for serving requests for admission to May 5, 2023, and completion of oral fact discovery to June 5, 2023. Due to the foregoing, Plaintiffs will not face an undue burden in responding to Macy's new affirmative defense.

9. Moreover, Defendants Clearview first plead an affirmative defense of unconstitutional damages over a year ago (DKT 310, p. 88), thereby eliminating any surprise to Plaintiffs that the defendants in the case would argue the damages sought are unconstitutional. Indeed, as Clearview has all the relevant information regarding its software, no additional discovery is needed from Macy's in order for Plaintiffs to respond to this defense.

10. Plaintiffs object to this Motion on the grounds that nothing in *Cothron* triggers the addition of this defense at this late stage. Moreover, Plaintiffs assert that with fact discovery closed,

they are unable to take necessary discovery into Macy's financials to assess the validity and extent of the defense. The Clearview Defendants do not object to this Motion.

11. Fact discovery is not closed and Macy's, Inc., as a publicly-traded company, publicly discloses its financials each year in a Form 10-K filing and on its website. *See* https://www.macysinc.com/investors/financial-information/financial-results (last visited 3/30/23). Further, within the current discovery schedule, Plaintiffs may issue Macy's requests for admission relating to its financials and depose its witnesses regarding same. Given the procedural status of the case and the developments in BIPA precedent as articulated in *Cothron*, justice requires Macy's be granted leave to add its additional affirmative defense. Fed. R. Civ. P. 15(a)(2).

WHEREFORE, Macy's respectfully requests that the Court grant it leave to file *instanter* its Amended Affirmative Defenses.

Dated: March 30, 2023

Respectfully submitted,

/s/ *Rachel L. Schaller*
Daniel R. Saeedi (ARDC #6296493)
dsaeedi@taftlaw.com
Rachel L. Schaller (ARDC #6306921)
rschaller@taftlaw.com
Blair A. Harrington (ARDC #6337965)
bharrington@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, 26th Floor
Chicago, IL 60601
Telephone: (312) 527-4000
Fax: (312) 754-2373

*Attorneys for the Macy's Defendants*

## **CERTIFICATE OF SERVICE**

Rachel L. Schaller, an attorney for Macy's, certifies that on March 30, 2023, she served electronically filed the foregoing using the Court's CM/ECF system, which effected service on all counsel of record.

*/s/ Rachel L. Schaller*
Rachel L. Schaller
