**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: Clearview AI, Inc., Consumer Privacy Litigation | Civil Action File No.: 1:21-cv-00135 |
| | Judge Sharon Johnson Coleman |
| This document relates to: | Magistrate Judge Maria Valdez |
| 1:20-cv-512 | **JURY TRIAL DEMANDED** |

## MACY'S DEFENDANTS' ANSWER AND AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Macy's, Inc., Macy's Retail Holdings, Inc., now known as Macy's Retail Holdings, LLC, and Macy's Corporate Services, Inc., now known as Macy's Corporate Services, LLC (collectively referred to as the "Macy's Entities"), through their counsel, respectfully answers David Mutnick, Steven Vance, Anthony Hall, Isela Carmean, Chris Marron and Maryann Baker's (collectively, "Plaintiffs") First Amended Consolidated Class Action Complaint, and state the following:

### NATURE OF THE ACTION

1.      Without providing any notice and without obtaining any consent, Defendants Clearview, Ton-That and Schwartz (collectively, the "Clearview Defendants") covertly scraped three billion photographs of facial images from the internet – including facial images of millions of American residents and then used artificial intelligence algorithms to scan the face geometry of each individual depicted in the photographs in order to harvest the individuals' unique biometric identifiers[1] and corresponding biometric information[2] (collectively, "Biometrics"). Further, the Clearview Defendants created a searchable biometric database (the "Biometric Database") that contained the above-described Biometrics and allowed users of the Biometric Database to identify unknown individuals merely by uploading a photograph to the database.

---

[1] As used herein, "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry," among others.

[2] As used herein, "biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier used to identify an individual.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

2.      The Clearview Defendants did not develop their technology out of a desire for a safer society. Rather, they developed their technology to invade the privacy of the American public for their own profit.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

3.      While the Clearview Defendants have touted their actions and the Biometric Database as being helpful to law enforcement and other government agencies, the Clearview Defendants have made their Biometric Database available to public and private entities and persons, alike. What the Clearview Defendants' technology really offers is a massive surveillance state. Anyone utilizing the technology could determine the identities of people as they walk down the street, attend a political rally or enjoy time in public with their families. One of Clearview's financial backers has conceded that Clearview may be laying the groundwork for a "dystopian future."

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

4.      Accordingly, Plaintiffs, on behalf of themselves and similarly situated individuals, bring this action for damages and other legal and equitable remedies resulting from the actions of the Clearview Defendants, the Macy's Entities (the Clearview Defendants and Macy's Entities, collectively, "Defendants") and Defendant Class Members for their unlawful creation and/or use of the Biometric Database consisting of the Biometrics of millions of American residents, including residents of Illinois. As alleged below, Defendants' conduct violated, and continues to violate, Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., as well as other statutory and common law rights, causing injury to Plaintiffs and Plaintiff Class Members

**ANSWER:**     The Macy's Entities admit that Plaintiffs purport to bring this action on behalf of themselves and similarly situated individuals for damages and other legal and equitable remedies against the Clearview Defendants, the Macy's Entities and other Defendants. The Macy's Entities deny that it is similarly situated to other private entities with respect to the allegations in this paragraph and deny the remaining allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

## **PARTIES**

5.     Plaintiff David Mutnick is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:**     The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

6.     Plaintiff Steven Vance is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:**     The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

7.     Plaintiff Anthony Hall is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:**     The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

8.     Plaintiff Isela Carmean is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:**     The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

74983756v2

9.     Plaintiff Chris Marron is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:**     The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

10.     Plaintiff Maryann Daker is, and at relevant times has been, a resident of Illinois, residing in the Northern District of Illinois.

**ANSWER:**     The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

11.     Defendant Clearview AI, Inc., formerly known as Smartcheckr Corp., Inc., is a private, for-profit Delaware corporation, headquartered in New York, New York. Clearview markets its technology throughout the United States, including in Illinois. Moreover, Clearview obtains the images that underlie its technology from millions of internet-based platforms and websites, including, on information and belief, based on the magnitude of platforms and websites involved, platforms and websites of Illinois companies or companies who operate servers in Illinois. Clearview's business and unlawful practices extend nationwide, and it has disclosed the Biometrics of unsuspecting individuals to its clients around the country. Clearview continues to engage in this conduct to this day.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

12.     Defendant Hoan Ton-That is a founder and the Chief Executive Officer of Clearview and an architect of its illegal scheme, as alleged herein. Ton-That's responsibilities at Clearview included, and continue to include, managing technology matters. At relevant times, Ton-That knew of, participated in, consented to, approved, authorized and directed the wrongful acts alleged in this First Amended Consolidated Class Action Complaint.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

4

13.     Defendant Richard Schwartz is a founder and the President of Clearview and an architect of its illegal scheme. Schwartz's responsibilities at Clearview included, and continue to include, managing sales. Schwartz knew of, participated in, consented to, approved, authorized, and directed the wrongful acts alleged in this First Amended Consolidated Class Action Complaint.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required,

the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny them.

14.     At relevant times, Defendant Thomas Mulcaire was an attorney, Clearview's General Counsel and the Vice President of Defendant Rocky Mountain. Mulcaire provided the Illinois Secretary of State, a Rocky Mountain customer, with his personal information in order to be paid directly for work performed by Rocky Mountain.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required,

the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny them.

15.     Defendant Rocky Mountain Data Analytics LLC is a private, for-profit New Mexico limited liability company with its principal place of business in New Mexico. As alleged in more detail below, a unity of interest existed between Rocky Mountain, on the one hand, and Ton-That, Schwartz and Mulcaire on the other that caused the separate personalities of Rocky Mountain and Ton-That, Schwartz and Mulcaire to no longer exist. Further, as alleged in more detail below, Clearview is legally responsible for the actions and conduct of Rocky Mountain. At relevant times, Rocky Mountain solicited business from potential Illinois customers and contracted with the Illinois Secretary of State. Rocky Mountain provided the Illinois Secretary of State with access to the Biometric Database and the Biometrics contained therein.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required,

the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny them.

16.     At relevant times, Defendant Macy's, Inc. was a Delaware corporation, that held itself out to as "one of the nation's premier retailers" with approximately 680 department stores and over 100,00 employees. Among the department stores, were stores located in Illinois.

**ANSWER:**     The Macy's Entities admit that Macy's Inc. is a Delaware Corporation. The Macy's

Entities deny the remaining allegations of this paragraph.

17.     At relevant times, Defendant Macy's Retail Holdings, Inc., now known as Macy's Retail Holdings, LLC, was a New York corporation and wholly-owned subsidiary of Macy's, Inc. doing business in Illinois.

**ANSWER:**     The Macy's Entities admit the allegations contained within this paragraph.

18.     At relevant times, Defendant Macy's Corporate Services, Inc., now known as Macy's Corporate Services, LLC, was a New York Corporation and wholly-owned subsidiary of Macy's Retail Holdings, Inc. doing business in Illinois.

**ANSWER:**     The Macy's Entities admit the allegations contained within this paragraph.

## JURISDICTION AND VENUE

19.     This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Plaintiff Class Members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from one of the Defendants. The Court has supplemental jurisdiction over all of the state common law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is

required. To the extent an answer is required, the Macy's Entities deny the allegations contained

in this paragraph.

20.     This Court has personal jurisdiction over the Clearview Defendants because their contacts with Illinois are directly related to the conduct alleged herein. As set forth in the Court's previous order (Dkt. 86):

> Ton-That and Schwartz founded Clearview in 2017. Ton-That and Schwartz have high-ranking positions in management and operations at Clearview. More specifically, Ton-That is Clearview's CEO and is responsible for managing Clearview's technological matters. Schwartz is Clearview's president managing Clearview's sales. Schwartz and Ton-That have contributed significant resources to Clearview's operations. Schwartz, for example, has paid for the servers and other costs necessary to carry out Clearview's scraping and scanning operations.

As Clearview's principals, Schwartz and Ton-That have executed hundreds of agreements on behalf of Clearview with numerous Illinois law enforcement and other government agencies, as well as private entities in Illinois, to provide access to its facial recognition database. Through these agreements, defendants have sold, disclosed, obtained, and profited from the biometric identifiers of Illinois citizens. Some the entities to whom Clearview sold biometric information include the Chicago, Rockford, and Naperville police departments. Also, Clearview marketed its licenses (user accounts) for its facial recognition database to the Illinois Secretary of State and negotiated a contract with the Secretary of State via a series of emails, mail, and phone calls. As to Clearview's price quote to the Secretary of State, set forth in a letter dated October 1, 2019, Clearview directed payments to be sent to Clearview AI/Attn: Richard Schwartz at Schwartz's residence in New York City.

Plaintiffs further maintain that defendants purposely directed their "illegal harvesting" at the State of Illinois. To clarify, the images contained in the facial recognition databases sold to Illinois entities were uploaded and created using internet-based platforms and websites from companies in Illinois or companies who operate servers in Illinois. Simply put, defendants took biometric information from Illinois residents, created a surveillance database, and then marketed and sold licenses to use this database to entities in Illinois. As a result, plaintiffs' privacy rights were violated.

**ANSWER:** The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

21. This Court has personal jurisdiction over Rocky Mountain and Mulcaire because their contacts with Illinois are directly related to the conduct alleged herein. According to Mulcaire's May 23, 2020 sworn declaration: (a) Rocky Mountain "is a special purpose entity that was used for the purpose of contracting with the Illinois Secretary of State"; (b) "[a]lthough [Rocky Mountain] did submit a quote to the Chicago Police Department, other than the transaction with the Illinois Secretary of State, [Rocky Mountain] has not engaged in any other transactions related to Clearview's [biometric] database since its formation, and is not currently engaged in efforts to market or contract with parties for access to Clearview's database"; and (c) Rocky Mountain "has no employees, assets or products separate from those of Clearview . . . ." The Biometric Database that Rocky Mountain offered and provided to the Illinois Secretary of State was the same Biometric Database created by Clearview, with the same connection to Illinois as alleged in the preceding paragraph. At relevant times, Mulcaire was Rocky Mountain's Vice President and directly corresponded with the Illinois Secretary of State in connection with Rocky Mountain's efforts to obtain the Illinois Secretary of State's business. According to the Illinois Secretary of State's records, the "Vendor/Payee Name" for the entity providing the Biometric Database was "Thomas Mulcaire" and the "Vendor Name2/DBA" was "Rocky Mtn Data Analytics LLC." Further,

according to publicly-available information from the Illinois Comptroller's Office, Thomas Mulcaire was paid $5,000 in 2020, the amount invoiced by Rocky Mountain.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

22.     The Court has personal jurisdiction over the Macy's Entities because their contacts with Illinois are directly related to the conduct alleged herein. On or about October 13, 2019, Macy's Corporate Services, Inc., on behalf of itself, Macy's, Inc. and Macy's Retail Holdings, Inc., entered into a contract with Clearview that, among other things, provided Clearview's "technology, database and investigative tools to Macy's, Inc." On information and belief, Macy's obtained access to the Biometric Database and the Biometrics contained therein in order to identify people whose images appeared in surveillance camera footage from Macy's retail stores, including their retail stores in Illinois. Macy's utilized the Biometric Database over 6,000 times, each time uploading a probe image to the database to have the database search the Biometrics contained therein, including the Biometrics of millions of Illinois residents, for a biometric match. On information and belief, based on the magnitude of the number of searches, Macy's uploaded one or more probe images from surveillance cameras located in Illinois.

**ANSWER:**     Macy's Retail Holding, LLC and Macy's Corporate Services, Inc. admit that on or about October 13, 2019, Macy's Corporate Services, Inc. entered into a contract with Clearview. They deny all remaining allegations contained within this paragraph.  Macy's, Inc. lacks knowledge of the allegations contained within this paragraph and therefore denies them.

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because, as alleged above, a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in Illinois. Alternatively, venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendants. Additionally, venue is proper pursuant to 28 U.S.C. § 1407(a) and the Order of the United States Judicial Panel on Multidistrict Litigation transferring this multidistrict litigation to this Court.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, Macy's Retail Holdings, LLC and Macy's Corporate Services, Inc. deny that all or part of the acts or omissions giving rise to Plaintiffs' claims against Macy's occurred in Illinois. Macy's, Inc. lacks knowledge of this allegation and therefore denies

it. The Macy's Entities admit the United States Judicial Panel on Multidistrict Litigation transferred this multidistrict litigation to this Court, but deny that either the transfer order or 28 U.S.C. § 1407(a) suffices to establish proper venue. The Macy's Entities deny the remaining allegations of this paragraph because Illinois does not have general jurisdiction over the Macy's Entities, and Plaintiffs' claims do not arise out of or relate to the Macy's Entities' contacts with Illinois.

## FACTUAL ALLEGATIONS

*Biometric Identifiers*

24.     Every individual has unique features by which he or she can be identified using a set of standard quantitative measurements, commonly referred to as "biometric identifiers."

**ANSWER:** The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

25.     For example, the shape of and distance between tiny ridges on each person's finger are unique, so measures of those features can be used to identify a specific individual as the person who made a fingerprint.

**ANSWER:** The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

26.     Each person also has a unique facial geometry composed of, among other measurements, distances between key facial landmarks and ratios between those distances.

**ANSWER:** The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

27.     Once a picture of a person's face is scanned and its biometric measurements are captured, computers can store that information and use it to identify that individual any other time that person's face appears on the internet, in a scanned picture or in footage from any of the billions of cameras that are constantly monitoring the public's daily lives.

**ANSWER:** The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

28.     Unlike fingerprints, facial biometrics are readily observable and, thus, present a grave and immediate danger to privacy, individual autonomy, and liberty.

**ANSWER:**     The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

### The Clearview Defendants' Unlawful Biometric Database

29.     The Clearview Defendants have collected, captured and obtained Biometrics from more than three billion images they covertly scraped from the internet – including, on information and belief, the Biometrics of Plaintiffs and Plaintiff Class Members – which they have amassed into the searchable Biometric Database.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

30.     Additionally, the Clearview Defendants have distributed, disseminated, sold, traded, leased and otherwise profited from the Biometrics they unlawfully collected, captured and obtained.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

31.     To date, the Clearview Defendants have sold unfettered access to their vast Biometric Database to more than 7,000 individuals from approximately 2,000 law enforcement and government agencies, including the Chicago Police Department and the Illinois Secretary of State.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

32.     Moreover, the Clearview Defendants have sold unfettered access to the Biometric Database to more than 200 private companies, including the Macy's Entities and Defendant Class Members. Those private entities in turn frequently queried the Biometric Database for their own business purposes, including to identify particular individuals appearing in photographs or videos in their possession. Each time one of Clearview's private clients queried the Biometric Database, the Clearview Defendants' algorithms compared the facial geometry of the subject appearing in a chosen photograph or video against the facial geometry of each of the hundreds of millions of subjects appearing in the database, including the facial geometry of Plaintiffs and Plaintiff Class Members. Thus, by obtaining access to and querying the Biometric Database, the Macy's Entities and Defendant Class Members necessarily obtained, accessed and used all of the Biometrics in that database, including the Biometrics of Plaintiffs and Plaintiff Class Members.

**ANSWER:**     The Macy's Entities deny the allegations asserted against them in this paragraph.

The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations asserted in this paragraph against any Defendant other than the Macy's Entities and

therefore deny them.

33.     At relevant times, the Clearview Defendants failed to store and protect from disclosure the highly sensitive Biometrics in the Biometric Database: (a) using the reasonable standard of care within Clearview's industry; and (b) in a manner that was the same or more protective than the manner in which the Clearview Defendants stored and protected other confidential and sensitive information. Evidence of the Clearview Defendants' lax security practices includes the fact that Clearview's electronic systems were hacked on at least two occasions in 2020.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required,

the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny them.

34.     According to public reports, in one instance, the hackers obtained Clearview's customer list. In the other instance, hackers obtained access to a "misconfigured server" that exposed Clearview's internal files, apps and source code to anyone on the internet. The misconfigured server allowed anyone to run Clearview's software application and access the Biometric Database that contained the sensitive Biometrics of millions of United States residents, including Plaintiffs and Plaintiff Class Members.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required,

the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny them.

***The Corporate Fictions***

35.    At relevant times, a unity of interest existed between Clearview and its principals, Ton-That and Schwartz, that caused the separate personalities of Clearview and those principals to no longer exist. Moreover, adherence to the fiction of a separate corporate existence would promote injustice and inequitable consequences.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required,

the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny them.

36.    From Clearview's inception, Ton-That and Schwartz undercapitalized Clearview so that Clearview could not fulfill its obligations – namely, its legal obligations. Ton-That's and Schwartz's undercapitalization was especially egregious given that, as alleged herein, they built Clearview around an inherently unlawful business model that exposed Clearview to substantial legal liability at all times. Ton-That's and Schwartz's failure to adequately capitalize Clearview rendered, and continues to render, Clearview a mere liability shield.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required,

the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny them.

37.    Further, at relevant times, Clearview directed its customers to send payments to Schwartz's personal residence. Moreover, Schwartz paid for the servers and other costs necessary to carry out Clearview's unlawful scraping and biometric scanning operations.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required,

the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations contained in this paragraph and therefore deny them.

74983756v2

38.     Additionally, Ton-That and Schwartz treated Clearview's Biometric Database as their own and transferred "ownership" of it as they saw fit. In or about September 2019, Rocky Mountain was organized and, shortly thereafter, contracted with the Illinois Secretary of State to provide the Secretary of State with access to the Biometric Database. Rocky Mountain represented that the Biometric Database was "its proprietary technology" and that Rocky Mountain was the "sole manufacturer and provider" of the Biometric Database. According to Rocky Mountain, "there is no other company that offers this product [the Biometric Database] and set of capabilities." On information and belief, based on Ton-That's and Schwartz's leadership positions within Clearview and the fact that they were responsible for the creation of the Biometric Database, Ton-That and Schwartz authorized and were directly involved in the creation of Rocky Mountain and responsible for allowing Rocky Mountain to sell access to the Biometric Database.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

39.     Notably, at relevant times, a unity of interest existed between Rocky Mountain, on the one hand, and Ton-That, Schwartz and Mulcaire on the other that caused the separate personalities of Rocky Mountain and Ton-That, Schwartz and Mulcaire to no longer exist. Moreover, adherence to the fiction of a separate corporate existence would promote injustice and inequitable consequences.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

40.     Rocky Mountain was, in essence, a corporate shell that Ton-That and Schwartz did not capitalize at all.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

74983756v2

41. Further, Ton-That, Schwartz and Mulcaire did not follow corporate formalities with respect to Rocky Mountain. For instance, Rocky Mountain's salesperson, in actuality, was a Clearview employee. On information and belief, Ton-That, Schwartz and Mulcaire authorized and directed that Clearview salesperson to double as a Rocky Mountain salesperson, all the while knowing that the salesperson would be paid for all of his work by Clearview. Further, on information and belief, Ton-That and Schwartz authorized Mulcaire to provide his personal information to the Illinois Secretary of State, knowing that by doing so the Illinois Secretary of State would make direct payment to him, not Rocky Mountain. Mulcaire, an attorney, ultimately provided his personal information to the Illinois Secretary of State, resulting in the Illinois Secretary of State submitting a voucher to the Illinois Comptroller authorizing payment to Mulcaire. The Illinois Comptroller ultimately issued a $5,000 payment to Mulcaire.

**ANSWER:** The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

42. Based on the same facts alleged in the preceding paragraphs, Clearview, itself, is also liable for the acts of Rocky Mountain because: (a) it was Rocky Mountain's parent; and (b) had control over and was involved in Rocky Mountain's misconduct. As alleged, Rocky Mountain's misconduct can be traced to Clearview, its parent, through the conduct of Ton-That, Schwartz and Mulcaire who were directly responsible for Rocky Mountain's activities. Rocky Mountain's activities – which including collecting, obtaining, distributing, disseminating, selling, leasing and profiting from the Biometrics of Plaintiffs and Plaintiff Class Members – resulted in Rocky Mountain violating the privacy rights of millions of American residents, including residents of Illinois. At all times, the injuries caused by Rocky Mountain's conduct were foreseeable.

**ANSWER:** The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

### Allegations Related to Plaintiffs and Plaintiff Class Members

43. At relevant times, Plaintiff Mutnick uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. Further, at relevant times, photographs taken in Illinois and containing images of Plaintiff's face were uploaded by others to various websites on the internet. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. Plaintiff Mutnick's Biometrics are contained in the Biometric Database.

14

**ANSWER:** The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

44.     At relevant times, Plaintiff Vance uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. Plaintiff Vance has uploaded over 18,000 photographs to the internet, many of which contain images of his face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. Plaintiff Vance's Biometrics are contained in the Biometric Database.

**ANSWER:** The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

45.     At relevant times, Plaintiff Hall uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. Plaintiff Hall's Biometrics are contained in the Biometric Database.

**ANSWER:** The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

46.     At relevant times, Plaintiff Carmean uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of her face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. Plaintiff Carmean's Biometrics are contained in the Biometric Database.

**ANSWER:** The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

47.     At relevant times, Plaintiff Marron uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of his face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Marron's Biometrics are contained in the Biometric Database.

**ANSWER:** The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

48.     At relevant times, Plaintiff Daker uploaded from Illinois to various websites on the internet photographs taken in Illinois and containing images of her face. In creating the Biometric Database, Clearview searched millions of websites on the internet for image files. On information and belief, Plaintiff Daker's Biometrics are contained in the Biometric Database.

**ANSWER:** The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

49. After scraping photographs from the internet, the Clearview Defendants, singularly and/or in concert, performed facial geometric scans of the various faces in the scraped photographs, including Plaintiffs' and Plaintiff Class Members' faces, in order to collect, capture and obtain the Biometrics from those faces.

**ANSWER:** The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

50. Additionally, the Clearview Defendants distributed and disseminated the Biometrics of Plaintiffs and Plaintiff Class Members to Rocky Mountain who, after obtaining the Biometrics, then redistributed and disseminated them to the Illinois Secretary of State.

**ANSWER:** The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

51. The Clearview Defendants also distributed and disseminated the Biometrics of Plaintiffs and Plaintiff Class Members to the Macy's Entities and Defendant Class Members who, as alleged above, purchased access to the Biometric Database and then repeatedly obtained the Biometrics contained therein in connection with running biometric searches.

**ANSWER:** The Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations that are asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

52. Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire profited from the Biometrics in the Biometric Database, including the Biometrics of Plaintiffs and Plaintiff Class Members, by selling, leasing and trading them to thousands of governmental and private entities, as alleged herein.

16

**ANSWER:**    The allegations of this paragraph are not asserted against Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required. To the extent an answer is required, the Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

53.    The Macy's Entities and Defendant Class Members also profited from the Biometrics in the Biometric Database, including the Biometrics of Plaintiffs and Plaintiff Class Members, by using those Biometrics to prevent losses and/or improve the customer's experience.

**ANSWER:**    The Macy's Entities deny the allegations against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations that are asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

54.    Defendants: (a) never informed Plaintiffs or Plaintiff Class Members in writing or otherwise of the purpose for which they were collecting, capturing, obtaining, purchasing, disclosing, redisclosing and disseminating the Biometrics of Plaintiffs and Plaintiff Class Members; and (b) never sought, nor received, a written release or other consent from Plaintiffs or Plaintiff Class Members or the respective authorized representatives of Plaintiffs or Plaintiff Class Members that allowed Defendants to collect, capture, obtain, purchase, disclose, redisclose and disseminate the Biometrics of Plaintiffs and Plaintiff Class Members.

**ANSWER:**    The Macy's Entities deny that they collected, captured, obtained, purchased, disclosed, redisclosed or disseminated the Biometrics of Plaintiffs or Plaintiff Class Members and therefore deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations that are asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

55.    Further, Plaintiffs and Plaintiff Class Members never consented, agreed or gave permission – written or otherwise – to Defendants for the collection or storage of their unique Biometrics. Indeed, prior to the Biometric Database being publicized, Plaintiffs and Plaintiff Class Members had no idea Defendants were ever in possession of their photographs.

**ANSWER:** The Macy's Entities deny that they collected or stored any Plaintiff's or Plaintiff Class Member's unique Biometrics, or publicized the Biometric Database, and therefore deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

56.     Likewise, Defendants never provided Plaintiffs or Plaintiff Class Members with an opportunity to prohibit or prevent the collection, storage, use or dissemination of their unique Biometrics.

**ANSWER:** The Macy's Entities deny that they collected, stored, used or disseminated any Plaintiff's or Plaintiff Class Member's unique Biometrics and therefore deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

***The Injuries to and Damages of Plaintiffs and Plaintiff Class Members***

57.     As alleged herein, as a result of Defendants' unlawful conduct, Plaintiffs and Plaintiff Class Members have already sustained injuries and face many more imminent and certainly impending injuries, which injuries they will continue to suffer.

**ANSWER:** The Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore deny them.

58.     Defendants' unlawful conduct has resulted in, among other things: (a) Plaintiffs' and Plaintiff Class Members' unique Biometrics being collected, captured, obtained, purchased, disclosed, redisclosed and otherwise disseminated without the requisite notice having been given and without the requisite releases or consents having been obtained; and (b) Plaintiffs and Plaintiff Class Members being deprived of control over their Biometrics.

**ANSWER:** The Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations asserted in this paragraph against any Defendant other than the Macy's Entities and

therefore deny them.

59.     To this day, Plaintiffs and Plaintiff Class Members do not know which, or how many, individuals or entities have received, obtained, purchased, received through trade, accessed, stored, disclosed, redisclosed or otherwise made use of Plaintiffs' and Plaintiff Class Members' Biometrics, exposing them to the imminent and certainly impending injuries of identity theft, fraud, stalking, surveillance, social engineering and other invasions of privacy.[3]

**ANSWER:**     The Macy's Entities lack knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph and therefore deny them.

60.     As a result of Defendants' misconduct, Plaintiffs and Plaintiff Class Members have no recourse for the fact that their biologically unique information has been compromised. Moreover, Plaintiffs and Plaintiff Class Members are likely to withdraw from biometric-facilitated transactions and other facially-mediated electronic participation.

**ANSWER:**     The Macy's Entities deny the allegations asserted against them in this paragraph.

The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations asserted in this paragraph against any Defendant other than the Macy's Entities and

therefore deny them.

## CLASS ACTION ALLEGATIONS

61.     Plaintiffs brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2)-(3) and 23(c)(4) on behalf of themselves himself and the following classes:

  a.     **Nationwide Class**: All individuals in the United States of America whose Biometrics were or are contained in the Biometric Database.

  b.     **Illinois Subclass**: All individuals who reside or resided in the State of Illinois whose Biometrics were or are contained in the Biometric Database.

The Nationwide Class and Illinois Subclass are at times collectively referred to hereinafter as the "Plaintiff Classes."

---

[3]     *Facial     Recognition     Tech:     10     Views     on     Risks     and     Rewards*, https://www.forbes.com/sites/forbestechcouncil/2018/04/03/facial-recognition-tech-10-views-on-risks-and-rewards/#54d3e1716b3c (accessed on Mar. 15, 2021)

**ANSWER:**    The Macy's Entities admit Plaintiffs purport to bring this action pursuant to Federal

Rule of Civil Procedure 23(b)(2)-(3) and 23(c)(4) on behalf of themselves and individuals who

meet the definitions of the Plaintiff Classes proposed in Subparagraphs 61(a) – (b), but deny that

any claim asserted against the Macy's Entities are appropriate for certification of a class pursuant

to either Fed. R. Civ. P. 23(b)(2), (b)(3) or (c)(4).

62.    Excluded from the above-described Plaintiff Classes are: (a) Defendants; (b) any
parent, affiliate or subsidiary of any Defendant; (c) any entity in which any Defendant has a
controlling interest; (d) any of Defendants' officers or directors; and (e) any successor or assign of
any Defendant. Also excluded are any judge or court personnel assigned to this case and members
of their immediate families.

**ANSWER:**    The Macy's Entities admit Plaintiffs purport to exclude certain individuals from the

proposed definitions of the various Plaintiff Classes, but deny that any claim asserted against the

Macy's Entities are appropriate for certification of a class pursuant to Fed. R. Civ. P. 23.

63.    Additionally, on behalf of themselves himself and the members of the Plaintiff
Classes, Plaintiffs bring this action against a class of entities similarly situated to the Macy's
Entities pursuant to Federal Rule of Civil Procedure 23(b)(2)-(3) and 23(c)(4), defined as follows:

> **Clearview Client Class**: All non-governmental, private entities – including
> publicly-traded companies – who purchased access to, or otherwise obtained, the
> Biometric Database and then utilized the database to run biometric searches at a
> time when the Biometrics of one or more of the named Plaintiffs and members of
> the Plaintiff Classes had already been captured, collected or obtained, and
> subsequently stored, by the Clearview Defendants.

**ANSWER:**    The Macy's Entities admit Plaintiffs purport to bring this action on behalf of

themselves and the members of the Plaintiff Classes against a class of entities that Plaintiffs allege

are similarly situated to the Macy's Entities pursuant to Federal Rule of Civil Procedure 23(b)(2)-

(3) and 23(c)(4), but deny that they are is similarly situated to any member of the purported class

of entities, which Plaintiffs label the "Clearview Client Class," and further deny it is appropriate

to certify the Clearview Client Class pursuant to either Fed. R. Civ. P. 23(b)(2), (b)(3) or (c)(4).

64.    The Plaintiff Classes and the Clearview Client Class are at times collectively
referred to hereinafter as the "Classes".

**ANSWER:** The Macy's Entities admit that Plaintiffs sometimes refer to the Plaintiff Classes and the Clearview Client Class collectively as the "Classes," but deny that any claim asserted against the Macy's Entities are appropriate for certification of a class pursuant to either Fed. R. Civ. P. 23(b)(2), (b)(3) or (c)(4).

65. Plaintiffs reserve the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

**ANSWER:** The Macy's Entities deny Plaintiffs can indefinitely reserve their rights to amend or modify the class definitions and therefore deny the allegations contained in this paragraph.

66. **Numerosity**: Members of each of the Classes are so numerous that their individual joinder herein is impracticable. Upon information and belief, the members of the Plaintiff Classes number in the millions, and the number of members of the Clearview Client Class exceeds forty. The precise number of members of the Classes and their identities are unknown to Plaintiffs at this time but may be determined through discovery and objective data. Members of the Classes may be notified of the pendency of this action by mail, electronic mail, internet postings, social media and/or publication.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny that any claim asserted against them is appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and therefore deny them.

67. **Commonality and predominance**: Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members. Common legal and factual questions include, but are not limited to:

    a.    Whether Defendants engaged in the wrongful conduct alleged herein;

    b.    Whether Defendants and members of the Clearview Client Class captured, collected, obtained, accessed, created, stored, used, commercialized, disseminated, disclosed or redisclosed the Biometrics of Plaintiffs and members of the Plaintiff Classes;

c.      Whether the actions of Defendants and members of the Clearview Client Class violated state statutory and common law;

d.      Whether Defendants and members of the Clearview Client Class properly informed Plaintiffs and members of the Plaintiff Classes that they were collecting, capturing, obtaining, creating, accessing, storing, using, commercializing, disseminating, disclosing and redisclosing their Biometrics;

e.      Whether Defendants and members of the Clearview Client Class obtained signed written releases or any other form or consent from Plaintiffs or members of the Plaintiff Classes to engage in the practices alleged herein;

f.      Whether Defendants and members of the Clearview Client Class used the Biometrics of Plaintiffs and members of the Plaintiff Classes to identify them;

g.      Whether Defendants and members of the Clearview Client Class acted negligently, recklessly or intentionally in, directly or indirectly, scraping individuals' photographs from the internet and/or using them to identify individuals based upon facial geometry;

h.      Whether Defendants and members of the Clearview Client Class should be enjoined from continuing their practices;

i.      Whether Defendants and members of the Clearview Client Class failed to provide notice that they were, directly or indirectly, scraping individuals' photographs from the internet and/or using them to identify individuals based upon facial geometry;

j.      Whether Defendants and members of the Clearview Client Class failed to provide notice that they were collecting, capturing, obtaining, accessing, using, storing and disseminating individuals' images, facial geometry and Biometrics;

k.      Whether Defendants and members of the Clearview Client Class provided any mechanism for members of the Plaintiff Classes to consent to their practices;

l.      Whether Macy's and members of the Clearview Client Class purchased or otherwise obtained access to the Biometric Database; and

m.      Whether Macy's and members of the Clearview Client Class collected, purchased, received through trade or otherwise obtained the Biometrics of Plaintiffs and members of the Plaintiff Classes.

74983756v2

**ANSWER:** The allegations contained in this paragraph and subparagraphs are legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny that any claim asserted against them are appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and therefore deny them.

68.     **Typicality**: The claims of the named Plaintiffs are typical of the claims of members of the Plaintiff Classes because Plaintiffs and all members of the proposed Plaintiff Classes have suffered similar injuries as a result of the same practices alleged herein. Plaintiffs have no interests to advance adverse to the interests of the other members of the proposed Plaintiff Classes. Similarly, the defenses of Macy's are typical of the defenses of members of the Clearview Client Class because Macy's and all members of the proposed Clearview Client Class have engaged in similar conduct and injured Plaintiffs and members of the Plaintiff Classes in similar ways. Plaintiffs are unaware of any interests of Macy's that are adverse to the interests of the other members of the Proposed Clearview Client Class.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny that any claim asserted against them are appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and therefore deny them.

69.     **Adequacy**: Plaintiffs are adequate representatives of the Plaintiff Classes because their interests do not conflict with the interests of the members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of the members of the Plaintiff Classes will be fairly and adequately protected by Plaintiffs and their counsel. Similarly, the Macy's Entities are adequate representatives of the Clearview Client Class because their interests do not conflict with the interests of the members of the Clearview Client Class. Further, Plaintiffs anticipate that the Macy's Entities will retain competent and experienced counsel who will defend this action vigorously. The interests of the members of the Clearview Client Class will be fairy and adequately protected by the Macy's Entities and their counsel.

23

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny that any claim asserted against them are appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and therefore deny them.

70.     **Superiority**: The class mechanism is superior to other available means for the fair and efficient adjudication of the claims and defenses of the members of the Plaintiff Classes and the Clearview Client Class. Each individual member of the Plaintiff Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' and the Clearview Client Class's liability. Further, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court on the issue of the liability of Defendants and members of the Clearview Client Class. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny that any claim asserted against them are appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore deny the allegations asserted against them The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and therefore deny them.

24

71.     In the alternative, the proposed classes may be certified because:

    a.    The prosecution and defense of separate actions by each individual member of the proposed Classes would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendants;

    b.    The prosecution and defense of individual actions could result in adjudications that as a practical matter would be dispositive of the interests of non-party Class Members or which would substantially impair their ability to protect their interests; and

    c.    Defendants acted or refused to act on grounds generally applicable to the proposed Classes, thereby making final and injunctive relief appropriate with respect to members of the proposed Classes.

**ANSWER:**     The allegations of this paragraph and subparagraphs contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny that any claim asserted against them are appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and therefore deny them.

72.     Pursuant to Rule 23(c)(4), particular issues are appropriate for certification – namely the issues described in paragraph 67 above, because resolution of such issues would advance the disposition of the matter and the parties' interests therein.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny that any claim asserted against them are appropriate for certification of a class pursuant to Fed. R. Civ. P. 23 and therefore deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph and therefore deny them.

**COUNT ONE**
**VIOLATION OF BIPA – 740 ILCS 14/15(b)**
**(By Plaintiffs, on Behalf of Themselves and Members of the Illinois Subclass, Against**
**Defendants Clearview, Ton-That, Schwartz and the Macy's Entities and**
**Members of the Clearview Client Class)**

73.     Plaintiffs restate and reallege paragraphs 1 through 72 of this First Amended Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**     The Macy's Entities restate and reincorporate by reference their answers to paragraphs 1 through 72 as if fully set forth herein.

74.     BIPA seeks to safeguard individuals' biometrics identifiers and biometric information.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities admit that 740 ICS 14/5 states: "The public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." The Macy's Entities deny the remaining allegations contained in this paragraph.

75.     Pursuant to BIPA, biometric identifiers include a scan of an individual's face geometry. 740 ILCS 14/10.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities admit that 740 ILCS 14/10 states: "'Biometric identifier' means a… scan of hand or face geometry. Biometric identifiers do not include writing samples, written signatures, photographs, human biological samples used for valid scientific testing or screening, demographic data, tattoo descriptions, or physical descriptions such as height, weight, hair color, or eye color." The Macy's Entities deny the remaining allegations contained in this paragraph.

76.     Pursuant to BIPA, biometric information is "any information . . . based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities admit that 740 ILCS 14/10 states "'Biometric information' means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers." The Macy's Entities deny the remaining allegations contained in this paragraph.

77.     Pursuant to BIPA, a private entity, such as each Defendant, *see* 740 ILCS 14/10, is among other things, prohibited from collecting, capturing, purchasing, receiving through trade or otherwise obtaining an individual's biometric identifiers and information without first: (a) informing the individual or the individual's authorized representative in writing that the biometric identifier and information are being collected or stored; (b) informing the individual or the individual's authorized representative of the specific purpose and length of term for which the biometric identifier and information are being collected, stored and used; and (c) obtaining a written release. 740 ILCS 14/15(b).

**ANSWER:**     The Macy's Entities admit that they are private entities. The Macy's Entities lack knowledge or information sufficient to form a belief as to the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them. The remaining allegations in the paragraph are legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny that the remaining allegations of this paragraph accurately state or summarize the provisions of 740 ILCS 14/15(b)(1) through (3) and therefore deny them.

78.     Pursuant to BIPA, a private entity, such as each Defendant, see 740 ILCS 14/10: (a) is prohibited from selling, leasing, trading or otherwise profiting from an individual's biometric identifiers and information; (b) is prohibited from disclosing, redisclosing or otherwise disseminating an individual's biometric identifiers or information without first obtaining consent; and (c) must store, transmit and protect from disclosure all biometric identifiers and biometric information in its possession using the reasonable standard of care within the private entity's industry and in a manner which is the same as or more protective than the manner in which the

27

private entity stores, transmits and protects other confidential and sensitive information. 740 ILCS 14/15(c)-(e).

**ANSWER:**     The Macy's Entities admit that they are private entities. The Macy's Entities lack knowledge or information sufficient to form a belief as to the allegations asserted in this paragraph against any Defendant other than Macy's and therefore deny them. The remaining allegations in the paragraph are legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny that the remaining allegations of this paragraph accurately state or summarize the provisions of 740 ILCS 14/15(c) through (e) and therefore deny them.

79.    BIPA provides for a private right of action and allows a prevailing party to recover liquidated damages in the amount of: (a) $1,000 or actual damages, whichever is greater, for negligent violations of its provisions; and (b) $5,000 or actual damages, whichever is greater, for intentional or reckless violations of its provisions. 740 ILCS 14/20. BIPA also allows for the recovery of attorneys' fees and costs and injunctive relief. 740 ILCS 14/20.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny that the allegations of this paragraph accurately state or summarize the provisions of 740 ILCS 14/20 and therefore deny them.

80.    As alleged above, Defendants Clearview, Ton-That, Schwartz and the Macy's Entities and members of the Clearview Client Class violated BIPA by collecting, capturing, purchasing, receiving through trade and/or otherwise obtaining individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiffs and members of the Illinois Subclass, without first providing the requisite written information and without obtaining the requisite written releases.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

28

81.     The BIPA violations of Defendants Clearview, Ton-That, Schwartz and the Macy's Entities and members of the Clearview Client Class were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore deny them.

82.     As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That, Schwartz and the Macy's Entities and members of the Clearview Client Class, Plaintiffs and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

83.     Plaintiffs and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**     The Macy's Entities deny that Plaintiffs and members of the Illinois Subclass are entitled to any award of damages against any one of them. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

84.     Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That, Schwartz and the Macy's Entities and members of the Clearview Client Class will continue to cause great and irreparable injury to Plaintiffs and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is

required. To the extent an answer is required, the Macy's Entities deny the allegations asserted

against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to

form a belief as to the truth of the allegations asserted in this paragraph against any Defendant

other than the Macy's Entities and therefore deny them.

85.     Plaintiffs and members of the Illinois Subclass also seek punitive damages,
injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:**     The Macy's Entities deny that Plaintiffs and members of the Illinois Subclass are

entitled to any award of relief against them. The Macy's Entities lack knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any

Defendant other than the Macy's Entities and therefore deny them.

## COUNT TWO
## VIOLATION OF BIPA – 740 ILCS 14/15(b)
### (By Plaintiffs, on Behalf of Themselves and Members of the Illinois Subclass, Against Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire)

86.     Plaintiffs restate and reallege paragraphs 1 through 72 and 74 through 79 of this
First Amended Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**     The Macy's Entities restate and reincorporate by reference their answers to

paragraphs 1 through 72 and 74 through 79 as if fully set forth herein.

87.     In or about September 2019, Rocky Mountain collected, captured, purchased,
received through trade and/or otherwise obtained the biometric identifiers and information of
Plaintiffs and members of the Illinois Subclass, among others, for the purpose of distributing,
redistributing and disseminating those biometric identifiers and biometric information to Illinois
entities in Illinois, including the Illinois Secretary of State.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

88.     As alleged above, Defendants Rocky Mountain, Clearview, Ton-That, Schwartz
and Mulcaire violated BIPA by collecting, capturing, purchasing, receiving through trade and/or
otherwise obtaining individuals' biometric identifiers and information, including the biometric

identifiers and information of Plaintiffs and members of the Illinois Subclass, without first providing the requisite written information and without obtaining the requisite written releases.

**ANSWER:**   The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

89.   The BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**   The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

90.   As a direct and proximate result of the BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire, Plaintiffs and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**   The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

91.   Plaintiffs and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**   The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

92.   Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire will continue to cause great and irreparable injury to Plaintiffs and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**   The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

93.   Plaintiffs and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:**   The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

## COUNT THREE
## VIOLATION OF BIPA – 740 ILCS § 14/15(c)
### (By Plaintiffs, on Behalf of Themselves and Members of the Illinois Subclass, Against Defendants Clearview, Ton-That, Schwartz and the Macy's Entities and Members of the Clearview Client Class)

94.     Plaintiffs restate and reallege paragraphs 1 through 72 and 74 through 79 of this First Amended Consolidated Class Action Complaint, as though fully set forth herein.

**ANSWER:**     The Macy's Entities restate and reincorporate by reference their answers to

paragraphs 1 through 72 and 74 through 79 as if fully set forth herein.

95.     As alleged above, Defendants Clearview, Ton-That, Schwartz and the Macy's Entities and the Clearview Client Class violated BIPA by unlawfully selling, leasing, trading and otherwise profiting from individuals' biometric identifiers and biometric information, including the biometric identifiers and information of Plaintiffs and members of the Illinois Subclass.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is

required. To the extent an answer is required, the Macy's Entities deny the allegations asserted

against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to

form a belief as to the truth of the allegations asserted in this paragraph against any Defendant

other than Macy's and therefore deny them.

96.     The BIPA violations of Defendants Clearview, Ton-That, Schwartz and the Macy's Entities and members of the Clearview Client Class were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is

required. To the extent an answer is required, the Macy's Entities deny the allegations asserted

against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to

form a belief as to the truth of the allegations asserted in this paragraph against any Defendant

other than the Macy's Entities and therefore deny them.

97.     As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That, Schwartz and the Macy's Entities and members of the Clearview Client Class, Plaintiffs and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

98.     Plaintiffs and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**     The Macy's Entities deny that Plaintiffs and members of the Illinois Subclass are entitled to any award of damages against them. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

99.     Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That, Schwartz and the Macy's Entities and members of the Clearview Client Class will continue to cause great and irreparable injury to Plaintiffs and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**     The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

100.     Plaintiffs and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:**     The Macy's Entities deny that Plaintiffs and members of the Illinois Subclass are entitled to any award of relief against them. The Macy's Entities lack knowledge or information

sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any

Defendant other than the Macy's Entities and therefore deny them.

**COUNT FOUR**
**VIOLATION OF BIPA – 740 ILCS § 14/15(c)**
**(By Plaintiffs, on Behalf of Themselves and Members of the Illinois Subclass, Against**
**Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire)**

101.    Plaintiffs restate and reallege paragraphs 1 through 72 and 74 through 79 of this First Amended Consolidated Class Action Complaint, as though fully set forth herein.

**ANSWER:**    The Macy's Entities hereby restate and reincorporate by reference their answers to

paragraphs 1 through 72 and 74 through 79 as if fully set forth herein.

102.    As alleged above, through the contract between Defendant Rocky Mountain and the Illinois Secretary of State, Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire violated BIPA by unlawfully selling, leasing, trading and otherwise profiting from individuals' biometric identifiers and biometric information, including the biometric identifiers and information of Plaintiffs and members of the Illinois Subclass.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

103.    The BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

104.    As a direct and proximate result of the BIPA violations of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire, Plaintiffs and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

105.    Plaintiffs and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

34

106.    Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire will continue to cause great and irreparable injury to Plaintiffs and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

107.    Plaintiffs and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

**COUNT FIVE**
**VIOLATION OF BIPA – 740 ILCS § 14/15(d)**
**(By Plaintiffs, on Behalf of Themselves and Members of the Illinois Subclass, Against Defendants Clearview, Ton-That and Schwartz)**

108.    Plaintiffs restate and reallege paragraphs 1 through 72 and 74 through 79 of this First Amended Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**    The Macy's Entities restate and reincorporate by reference their answers to

paragraphs 1 through 72 and 74 through 79 as if fully set forth herein.

109.    As alleged above, Defendants Clearview, Ton-That and Schwartz violated BIPA by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiffs and members of the Illinois Subclass, even though: (a) neither the subjects of the biometric identifiers and information nor their authorized representatives consented to the disclosure and redisclosure; (b) the disclosure and redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives; (c) the disclosure and redisclosure were not required by State or federal law or municipal ordinance; and (d) the disclosure and redisclosure were not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

35

110.    The BIPA violations of Defendants Clearview, Ton-That and Schwartz were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

111.    As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That and Schwartz, Plaintiffs and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

112.    Plaintiffs and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

113.    Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That and Schwartz will continue to cause great and irreparable injury to Plaintiffs and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

114.    Plaintiffs and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

## COUNT SIX
## VIOLATION OF BIPA – 740 ILCS § 14/15(d)
### (By Plaintiffs, on Behalf of Themselves and Members of the Illinois Subclass, Against Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire)

115.     Plaintiffs restate and reallege paragraphs 1 through 72 and 74 through 79 of this First Amended Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**     The Macy's Entities restate and reincorporate by reference their answers to

paragraphs 1 through 72 and 74 through 79 as if fully set forth herein.

116.     As alleged above, Defendants Rocky Mountain, Clearview, Ton-That, Schwartz and Mulcaire violated BIPA by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information to the Illinois Secretary of State in Illinois, including the biometric identifiers and information of Plaintiffs and members of the Illinois Subclass, even though: (a) neither the subjects of the biometric identifiers and information nor their authorized representatives consented to the disclosure and redisclosure; (b) the disclosure and redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives; (c) the disclosure and redisclosure were not required by State or federal law or municipal ordinance; and (d) the disclosure and redisclosure were not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

117.     The BIPA violations of Defendants Clearview, Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

118.     As a direct and proximate result of the BIPA violations of Defendants Clearview, Ton-That, Schwartz and Mulcaire, Plaintiffs and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

119.     Plaintiffs and members of the Illinois Subclass seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

120.     Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Ton-That, Schwartz and Mulcaire will continue to cause great and irreparable injury to Plaintiffs and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

121.     Plaintiffs and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

**COUNT SEVEN**
**VIOLATION OF BIPA – 740 ILCS § 14/15(e)**
**(By Plaintiffs, on Behalf of Themselves and Members of the Illinois Subclass, Against Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire)**

122.     Plaintiffs restate and reallege paragraphs 1 through 72 and 74 through 79 of this First Amended Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**     The Macy's Entities restate and reincorporate by reference their answers to

paragraph 1 through 72 and 74 through 79 as if fully set forth herein.

123.     As alleged above, Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire violated BIPA because, while in possession of the biometric identifiers and biometric information of Plaintiffs and members of the Illinois Subclass, they failed to protect from disclosure those biometric identifiers and information: (a) using the reasonable standard of care within Clearview's and Rocky Mountain's industry; and (b) in a manner that is the same as or more protective than the manner in which Clearview and Rocky Mountain protect and protected other confidential and sensitive information.

**ANSWER:**     The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

124.    As alleged above, Defendant Clearview's electronic systems have a history of data breaches. Moreover, on information and belief, Defendant Rocky Mountain relied on Clearview's defective electronic systems for storage and protection of Rocky Mountain's Biometric Database.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

125.    The BIPA violations of Defendants Clearview, Rocky Mountain Ton-That, Schwartz and Mulcaire were intentional and reckless or, pleaded in the alternative, negligent.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

126.    As a direct and proximate result of the BIPA violations of Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire, Plaintiffs and members of the Illinois Subclass have suffered and will continue to suffer injury.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

127.    Plaintiffs and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

128.    Unless and until enjoined and restrained by order of this Court, the wrongful conduct of Defendants Clearview, Rocky Mountain, Ton-That, Schwartz and Mulcaire will continue to cause great and irreparable injury to Plaintiffs and members of the Illinois Subclass in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiffs and members of the Illinois Subclass have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of their biometric identifiers and information.

**ANSWER:**    The allegations of this paragraph are not asserted against the Macy's Entities.

Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

129.    Plaintiffs and members of the Illinois Subclass also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**ANSWER:** The allegations of this paragraph are not asserted against the Macy's Entities. Pursuant to Fed. R. Civ. P. 8(b)(1)(B), no answer is required.

### COUNT EIGHT
### UNJUST ENRICHMENT
**(By Plaintiffs, on Behalf of Themselves and Members of the Plaintiff Classes, Against Defendants and Members of the Clearview Client Class)**

130. Plaintiffs restate and reallege paragraphs 1 through 72 of this First Amended Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:** The Macy's Entities restate and reincorporate by reference their answers to paragraphs 1 through 72 as if fully set forth herein.

131. To the detriment of Plaintiffs and members of the Plaintiff Classes, Defendants and members of the Clearview Client Class have been, and continue to be, unjustly enriched as a result of their wrongful conduct, as alleged herein.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

132. Plaintiffs and members of the Plaintiff Classes conferred a benefit on Defendants and members of the Clearview Client Class in that, without authorization and through inequitable means, Defendants and members of the Clearview Client Class: (a) covertly scraped photographs of Plaintiffs and members of the Plaintiff Classes from the internet; (b) collected, captured, purchased, received through trade and otherwise obtained and used the Biometrics of Plaintiffs and members of the Plaintiff Classes; (c) amassed a Biometric Database containing those Biometrics; (d) distributed, redistributed and disseminated the Biometric Database; and/or (e) sold, traded, leased and otherwise profited from the Biometric Database and Biometrics. Defendants and members of the Clearview Client Class did not compensate Plaintiffs and members of the Plaintiff Classes for the benefit received from the above-described conduct.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to

form a belief as to the truth of the allegations asserted in this paragraph against any Defendant

other than the Macy's Entities and therefore deny them.

133.    Defendants and members of the Clearview Client Class appreciated, accepted and
retained the benefit bestowed upon them under inequitable and unjust circumstances arising from
their conduct toward Plaintiffs and members of the Plaintiff Classes, as alleged herein.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which no answer is

required. To the extent an answer is required, the Macy's Entities deny the allegations asserted

against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to

form a belief as to the truth of the allegations asserted in this paragraph against any Defendant

other than the Macy's Entities and therefore deny them.

134.    Plaintiffs and members of the Plaintiff Classes have no adequate remedy at law.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which no answer is

required. To the extent an answer is required, the Macy's Entities deny the allegations contained

in this paragraph.

135.    Under the circumstances, it would be unjust and unfair for Defendants and members
of the Clearview Client Class to be permitted to retain any of the benefits obtained from Plaintiffs
and members of the Plaintiff Classes.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which no answer is

required. To the extent an answer is required, the Macy's Entities deny the allegations asserted

against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to

form a belief as to the truth of the allegations asserted in this paragraph against any Defendant

other than the Macy's Entities and therefore deny them.

136.    Under the principles of equity and good conscience, Defendants and members of
the Clearview Client Class should not be permitted to retain the photographs, biometric identifiers
and information belonging to Plaintiffs and members of the Plaintiff Classes because Defendants
and members of the Clearview Client Class unlawfully obtained that information.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

137.    Defendants and members of the Clearview Client Class should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiffs and members of the Plaintiff Classes, proceeds that they unjustly received from the sale, lease, trade, distribution, dissemination and use of the personal information of Plaintiffs and members of the Plaintiff Classes.

**ANSWER:**    The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

**COUNT NINE**
**DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201, *et seq*.**
**(By Plaintiffs, on Behalf of Themselves and Members of the Plaintiff Classes, Against Defendants and Members of the Clearview Client Class)**

138.    Plaintiffs restate and reallege paragraphs 1 through 72 of this First Amended Consolidated Class Action Complaint as though fully set forth herein.

**ANSWER:**    The Macy's Entities restate and reincorporate by reference to their answers to paragraphs 1 through 72 as if fully set forth herein.

139.    Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief. Further, the Court has broad authority to restrain acts, such as here, that are tortious and that violate the terms of the statutes described in this Consolidated Class Action Complaint.

**ANSWER:** The allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations contained in this paragraph.

140. An actual controversy has arisen in the wake of the unlawful collection, obtainment, purchase, trade, disclosure, dissemination, sale and/or misuse by Defendants and members of the Clearview Client Class of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes without their consent, as alleged herein, in violation of the common law and statutory duties of Defendants and Members of the Clearview Client Class.

**ANSWER:** The allegations of this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, the Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than Macy's and therefore deny them.

141. Plaintiffs and members of the Plaintiff Classes continue to suffer injury and damages, as described herein, as Defendants and members of the Clearview Client Class continue to collect, obtain, purchase, trade, disclose, sell and/or misuse the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes.

**ANSWER:** The Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

142. Pursuant to its authority under the Declaratory Judgment Act, this Court should enter a judgment declaring, among other things, the following:

        a. Defendants and members of the Clearview Client Class continue to owe a legal duty to not collect, obtain, purchase, trade, disclose, sell or otherwise misuse the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes under, *inter alia*, the statutory provisions described in this Consolidated Class Action Complaint and the common law;

        b. Defendants and members of the Clearview Client Class continue to breach their legal duties to Plaintiffs and members of the Classes by continuing to collect, obtain, purchase, trade, disclose, sell and otherwise misuse the

photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes; and

c.    The ongoing breaches by Defendants and members of the Clearview Client Class of their legal duties continue to cause harm to Plaintiffs and members of the Plaintiff Classes.

**ANSWER:**    The Macy's Entities deny the allegations asserted against them in this paragraph and subparagraphs. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

143.    The Court should also issue corresponding injunctive relief, including, but not limited to: (a) enjoining Defendants and members of the Clearview Client Class from engaging in the unlawful conduct alleged in this claim; (b) requiring Defendants and members of the Clearview Client Class to delete all photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes; and (c) cease further collection of photographs and Biometrics of Plaintiffs or members of the Plaintiff Classes or engaging in any activities that would result in the purchase, obtainment, disclosure, trade, sale or misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes. If an injunction is not issued, Plaintiffs and members of the Plaintiff Classes will suffer irreparable injury and lack an adequate legal remedy in the event the statutory or common law does not prohibit, among other things, the collection, purchase, obtainment, trade, disclosure, sale and misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes. Illinois in particular specifically constrains the collection, purchase, obtainment, trade, disclosure and sale of Biometrics and recognizes a person's right to maintain such personal information as private. In light of the pervasive flaunting of such rights by Defendants and members of the Clearview Client Class, including the continued collection, purchase, obtainment, trade, disclosure, sale and/or misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes, the risk of continued violations of Illinois law and the common law is real, immediate and substantial. Plaintiffs and members of the Plaintiff Classes do not have an adequate remedy at law because many of the resulting injuries are reoccurring and Plaintiffs and members of the Plaintiff Classes will be forced to bring multiple lawsuits to rectify the same conduct.

**ANSWER:**    The Macy's Entities deny the allegations asserted against them in this paragraph. The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph against any Defendant other than the Macy's Entities and therefore deny them.

144.    The hardship to Plaintiffs and members of the Plaintiff Classes if an injunction is not issued exceeds the hardship to Defendants and members of the Clearview Client Class if an injunction is issued. On the other hand, the cost to Defendants and members of the Clearview

44

Client Class of complying with an injunction by adhering to the requirements of Illinois law and the common law by ceasing to engage in the misconduct alleged herein is relatively minimal, and Defendants and members of the Clearview Client Class have a pre-existing legal obligation to avoid invading the privacy rights of consumers.

**ANSWER:** The Macy's Entities deny the allegations asserted against them in this paragraph.

The Macy's Entities lack knowledge or information sufficient to form a belief as to the truth of the

allegations asserted in this paragraph against any Defendant other than the Macy's Entities and

therefore deny them.

145. Issuance of the requested injunction will serve the public interest by preventing ongoing collection, purchase, obtainment, trade, disclosure, sale and misuse of the photographs and Biometrics of Plaintiffs and members of the Plaintiff Classes without consent, thus eliminating the injuries that would result to Plaintiffs and members of the Plaintiff Classes, and the hundreds of millions of Americans who upload photographs to social media sites.

**ANSWER:** The Macy's Entities deny the allegations contained in this paragraph.

## AMENDED AFFIRMATIVE DEFENSES

The Macy's Entities deny the claims asserted by Plaintiffs. Notwithstanding, the Macy's

Entities assert the following defenses without assuming any burdens of production or proof that,

pursuant to law, belong to Plaintiffs. The Macy's Entities reserve the right to amend their answer

and to assert any additional defenses as may become available or apparent during the course of

this litigation.

## FIRST AFFIRMATIVE DEFENSE
## (ACTS OF OTHERS)

1. Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole

or in part, because all or part of the damages alleged, if any, were caused by the acts or omissions

of persons or entities other than the Macy's Entities for whose conduct the Macy's Entities are not

legally responsible.

2. In contracting to provide services to the Macy's Entities, Defendant Clearview

represented and warranted that:

45

a. It shall not include any biometric data results of Illinois residents;

b. It shall perform all services in a timely and professional manner;

c. It shall not infringe or violate the rights of others;

d. The acts and omissions of Defendant Clearview would not be construed as imposing liability upon the Macy's Entities;

e. Defendant Clearview shall obtain all licenses and other governmental authorizations and approvals required for the performance of its obligations under the parties' agreement;

f. Defendant Clearview shall perform its obligations under the parties' agreement in accordance with all applicable laws and regulations;

g. Defendant Clearview would take every step necessary to ensure that its product and services are used correctly and lawfully;

h. Defendant Clearview would use and handle any personal information provided to it by the Macy's Entities for purposes of performing services under the agreement in compliance with all applicable laws, including all laws governing the privacy, confidentiality and security of personal information;

i. Defendant Clearview shall notify the Macy's Entities of any actual or suspected security breach, hacking, unauthorized disclosure, access to, acquisition of or other loss or use of personal information relating to Defendant Clearview's performance of services under the parties' agreement; and

j.   Defendant Clearview shall implement and maintain a written information security program and perform other commercially reasonable security measures to safeguard personal information and other data it receives in connection with performing the services under the parties' agreement and in compliance with applicable privacy laws.

## SECOND AFFIRMATIVE DEFENSE
### (GOVERNMENT CONTRACT EXCEPTION)

3.     Plaintiffs' and the putative plaintiff class members' BIPA claims are barred, in whole or in part, because BIPA includes an exemption for "a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government." 740 ILCS 14/25.

4.     On the occasion that the Macy's Entities availed themselves of Defendant Clearview's services, it did so while engaged by law enforcement for a state agency or local unit of government to assist in the investigation of burglaries, acts of retail theft and other criminal activity.

## THIRD AFFIRMATIVE DEFENSE
### (PHOTOGRAPH EXEMPTION)

5.     Plaintiffs' and the putative plaintiff class members' BIPA claims are barred, in whole or in part, because BIPA expressly excludes from the definition of biometric identifiers both photographs and information derived from photographs. 740 ILCS 14/10.

6.     The sole conduct attributable to the Macy's Entities involve submitting a photograph to Defendant Clearview pursuant to the parties' agreement.

## FOURTH AFFIRMATIVE DEFENSE
### (INAPPLICABILITY OF BIPA)

7.      Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, because while providing services to the Macy's Entities, Defendant Clearview did not include any biometric data results of Illinois residents.

## FIFTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

8.      Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, by the applicable statute of limitations, as follows:

| Claim | Statute of Limitations | Authority |
|-------|------------------------|-----------|
| Section 15 (b) of BIPA | 5 years | *Tims v. Black Horse Carriers, Inc.,* 2021 IL App (1st) 200563 ¶ 33 (Sept. 17, 2021). |

9.      The Macy's Entities ceased using Defendant Clearview's services in or before March 2020.

10.     The acts or omissions giving rise to the claims of Plaintiffs and the putative class arose prior to the applicable statute of limitations.

11.      As a result, Plaintiffs' and the putative plaintiff class members' claims are barred to the extent the claims were raised outside of the statute of limitations to assert such claims.

## SIXTH AFFIRMATIVE DEFENSE
### (ACUIESCENSE, ASSUMPTION OF RISK, CONSENT, ESTOPPEL, RATIFICATION AND WAIVER)

12.     Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, by the doctrines of acquiescence, assumption of risk, consent, estoppel, ratification and waiver.

74983756v2

13.     In providing the services to the Macy's Entities, Defendant Clearview did not use any non-open source information, defined as scraping public-facing websites for images or copying, collecting, storing or otherwise using said images in violation of a website or entity's terms and conditions for use of such images and any information contained therein.

14.     By posting images of themselves or others on public-facing website, Plaintiffs and the putative class members consented to, ratified and acquiesced in the use of such images and any information contained therein in accordance with the terms and conditions of the website to which such images were posted.

15.     Further, by undertaking such actions, Plaintiffs and the putative class members assumed the risk that such images would be available for use by third-parties like Defendant Clearview.

16.     Likewise, by posting images on public-facing websites, Plaintiffs and the putative class members had no expectation of privacy in such images or any information contained therein. Plaintiffs and the putative class members therefore waived and should be estopped from complaining of claims based on such conduct.

## SEVENTH AFFIRMATIVE DEFENSE
### (STANDING)

17.     Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, because they have not suffered a concrete and particularized injury as a result of the Macy's Entities' actions and any purported injury is not fairly traceable to the alleged conduct of the Macy's Entities, so any relief sought would not redress any such injury.

18.     Further, they are barred by the doctrine of standing as Plaintiffs and the putative class members have not been aggrieved by any BIPA violation committed by the Macy's Entities.

49

## EIGHTH AFFIRMATIVE DEFENSE
### (NO NEGLIGENT, INTENTIONAL OR RECKLESS CONDUCT)

19.      Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, by the Macy's Entities' good faith, and the absence of negligent, intentional, or reckless conduct.

20.      To the extent that Plaintiffs' and the putative plaintiff class members' BIPA and other state law claims apply to the Macy's Entities' conduct, the Macy's Entities are not liable because it relied in good faith upon the representation and warranties Defendant Clearview made in the parties' agreement and the Macy's Entities reasonable interpretation of BIPA's statutory language.

21.      As a result, any alleged violation was not negligent, intentional, or reckless.

22.      Further, the Macy's Entities acted at all times in good faith and without malice, willfulness, or reckless indifference, barring any recovery of punitive or exemplary damages by Plaintiffs and the putative class members.

## NINTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

23.      Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, by their failure to mitigate their damages, if any, and any recovery should therefore be reduced or denied accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (CLASS ALLEGATIONS)

24.      Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, because the requirements for the certification of a plaintiff, defendant or issue class are not met.

74983756v1

## ELEVENTH AFFIRMATIVE DEFENSE
### (UNCONSTITUTIONAL DAMAGES)

25.     Plaintiffs' claims and the claims of the putative plaintiff class are barred, in whole or in part, as they seek unconstitutional damages under BIPA, a statute that violates the United States and Illinois Constitutions both facially and as applied to this case. The statutory damages Plaintiffs seek under BIPA constitute an unconstitutional penalty in violation of the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Furthermore, BIPA is unconstitutionally vague, as it on the one hand imposes grossly excessive damages wholly unrelated to any actual harm, while at the same time making damages discretionary without any basis for how courts and juries should weigh this discretion. This leads to an arbitrary assessment of damages as it lacks any standards or factors to which parties, judges and juries can assess a damages award that comports with the due process and equal protection guaranties of the United States Constitution.

WHEREFORE, Macy's, Inc., Macy's Retail Holdings, Inc., now known as Macys Retail Holdings, LLC, and Macy's Corporate Services, Inc., now known as Macy's Corporate  Services, LLC, respectfully requests that the Court dismiss the First Amended Class Action Complaint with prejudice, enter judgment in their favor, and grant such other and further relief as it deems just.

74983756v2

Dated:  April 11, 2023

Respectfully Submitted,

*/s/ Daniel R. Saeedi*
Daniel R. Saeedi (ARDC #6296493)
dsaeedi@taftlaw.com
Rachel Schaller (ARDC #6306921)
rschaller@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, 26th Floor
Chicago, Illinois 60601
Telephone: (312) 527-4000
Fax: (312) 754-2373

Attorneys for Defendant Macy's, Inc., Macy's Retail Holdings, Inc., now known as Macy's Retail Holdings, LLC, and Macy's Corporate Services, Inc., now known as Macy's Corporate Services, LLC

74983756v2