# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | Civil Action File No.: 1:21-cv-00135 |
| | Judge Sharon Johnson Coleman |
| | Magistrate Judge Maria Valdez |

<u>**DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING SETTLEMENT NOTICE PLAN AND NOTICES**</u>

I, Cameron R. Azari, Esq., declare as follows:

1.      My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice, and I have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.      I am a Senior Vice President with Epiq Class Action & Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"); a firm that specializes in designing, developing, analyzing and implementing large-scale legal notification plans.  Hilsoft is a business unit of Epiq.

4.      Epiq is an industry leader in class action administration, having implemented more than a thousand successful class action notice and settlement administration matters.  Epiq has been involved with some of the most complex and significant notice programs in recent history, examples of which are discussed below.  My team and I have experience with legal noticing in more than 575 cases, including more than 70 multidistrict litigation settlements, and have prepared notices that have appeared in 53 languages and been distributed in almost every country, territory, and dependency in the world.  Courts have recognized and approved numerous notice plans developed by Epiq, and those decisions have invariably withstood appellate review.

5.      Epiq is an experienced class action notice and claims administration company that is

nationally recognized. Epiq was established in 1968 as a client services and data processing company. Epiq has administered bankruptcies since 1985 and settlements since 1993. Epiq has routinely developed and executed notice programs and administrations in a wide variety of class actions, mass tort litigations, Securities and Exchange Commission enforcement actions, Federal Trade Commission disgorgement actions, insurance disputes, bankruptcies, and other major litigation.[1]

6.      Epiq has administered more than 4,500 settlements, including some of the largest and most complex cases ever settled. Epiq handled printing for more than 729.4 million images, mailed more than 207.5 million pieces, sent more than 814.1 million emails, and distributed more $102.7 billion to recipients such as claimants, class members, creditors, cy pres recipients, etc. for class actions, mass torts, remediations, bankruptcies, and cyber incidents from 2020 through 2022 alone. Epiq has administered class actions in cases involving, Apple, Zoom, Verizon, Sirius XM Radio, Capital One, Morgan Stanley, Takata Airbags, MasterCard and Visa, Anheuser-Busch, Walmart, State Farm, and the Deepwater Horizon oil spill, among others. A company overview along with Epiq's executive leadership profiles are available on the Epiq website.[2]

## RELEVANT EXPERIENCE

7.      I have served as a notice expert and have been recognized and appointed by courts to design and provide notice in many significant cases, including:

---

[1] Epiq's class action case administration services include administering notice requirements, designing direct-mail and email notices, implementing notice fulfillment services, coordinating with the United States Postal Service ("USPS"), developing and maintaining notice websites and dedicated telephone numbers with recorded information and/or live operators, processing exclusion requests, objections, claim forms and correspondence, maintaining class member databases, adjudicating claims, managing settlement funds, and calculating claim payments and distributions. As an experienced neutral third-party administrator working with settling parties, courts, and mass action participants, Epiq has handled hundreds of millions of notices, disseminated hundreds of millions of emails, handled millions of phone calls, processed tens of millions of claims, and distributed hundreds of billions in payments. More information about Epiq's services is available at www.EpiqGlobal.com.

[2] https://www.EpiqGlobal.com/en-us/about-us/leadership and https://www.EpiqGlobal.com/en-us/about-us/meet-the-experts.

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE PLAN AND NOTICES

(a)     *In Re: Zoom Video Communications, Inc. Privacy Litigation*, 3:20-cv-02155 (N.D. Cal.), involved an extensive notice plan for a $85 million privacy settlement involving Zoom, the most popular videoconferencing platform. Notice was sent to more than 158 million class members by email or mail and millions of reminder notices were sent to stimulate claim filings. The individual notice efforts reached approximately 91% of the class and were enhanced by supplemental media notice, provided through regional newspaper notice, nationally distributed digital and social media notice (delivering more than 280 million impressions), sponsored search, an informational release, and a settlement website.

(b)     *In re Takata Airbag Products Liability Litigation*, MDL No. 2599, 1:15-md-02599 (S.D. Fla.), involved $1.91 billion in settlements with BMW, Mazda, Subaru, Toyota, Honda, Nissan, Ford, and Volkswagen regarding Takata airbags. The notice plans for those settlements included individual mailed notice to more than 61.8 million potential class members and extensive nationwide media via consumer publications, U.S. Territory newspapers, radio, internet banners, mobile banners, and behaviorally targeted digital media. Combined, the notice plans reached more than 95% of adults aged 18+ in the U.S. who owned or leased a subject vehicle, with a frequency of 4.0 times each.

(c)     *In Re: Capital One Consumer Data Security Breach Litigation*, MDL No. 2915, 1:19-md-02915 (E.D. Va.), involved an extensive notice program for a $190 million data breach settlement. Notice was sent to more than 93.6 million settlement class members by email or mail. The individual notice efforts reached approximately 96% of the identified settlement class members and were enhanced by a supplemental media plan that included banner notices and social media notices (delivering more than 123.4 million impressions), sponsored search, and a settlement website.

(d)     *In re: Disposable Contact Lens Antitrust Litigation*, 3:15-md-02626 (M.D. Fla.), involved several notice programs to notify retail purchasers of disposable contact lenses regarding four settlements with different settling defendants totaling $88 million. For each notice program more than 1.98 million email or postcard notices were sent to potential class members and a comprehensive media

plan was implemented, with a well-read nationwide consumer publication, internet banner notices (delivering more than 312.9 million – 461.4 million impressions per campaign), sponsored search listings, and a case website.

(e)     *In re: fairlife Milk Products Marketing and Sales Practices Litigation*, 1:19-cv-03924 (N.D. Ill.), concerned a $21 million settlement against The Coca-Cola Company, fairlife, LLC, and other defendants regarding allegations of false labeling and marketing of fairlife milk products; a comprehensive media based notice plan was designed and implemented. The plan included a consumer print publication notice, targeted banner notices, and social media (delivering more than 620.1 million impressions in English and Spanish nationwide). Combined with individual notice to a small percentage of the class, the notice plan reached approximately 80.2% of the class. The reach was further enhanced by sponsored search, an informational release, and a website.

(f)     *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.), involved a $60 million settlement for Morgan Stanley Smith Barney's account holders in response to "Data Security Incidents." More than 13.8 million email or mailed notices were delivered, reaching approximately 90% of the identified potential settlement class members. The individual notice efforts were supplemented with nationwide newspaper notice and a settlement website.

(g)     *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.), involved a $6.05 billion settlement reached by Visa and MasterCard. An intensive notice program included more than 19.8 million direct mail notices sent to potential class members, together with insertions in over 1,500 newspapers, consumer magazines, national business publications, trade and specialty publications, with notices in multiple languages, and an extensive online notice campaign featuring banner notices that generated more than 770 million adult impressions. Sponsored search listings and a settlement website in eight languages expanded the notice program. For the subsequent, $5.54 billion settlement reached by Visa and MasterCard, an extensive notice program was implemented, which included over 16.3 million direct mail notices to class members together with more than 354 print publication insertions and banner notices, which generated more than 689 million adult impressions. The Second Circuit recently

affirmed the settlement approval. *See* No. 20-339 *et al.*, — F.4th —, 2023 WL 2506455 (2d Cir. Mar. 15, 2023).

        (h)      *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.), involved landmark settlement notice programs to distinct "Economic and Property Damages" and "Medical Benefits" settlement classes for BP's $7.8 billion settlement of claims related to the Deepwater Horizon oil spill. Notice efforts included more than 7,900 television spots, 5,200 radio spots, and 5,400 print insertions and reached over 95% of Gulf Coast residents.

        8.      I have also served as a notice expert and have been recognized and appointed by courts to design and provide notice in numerous privacy and data breach settlements, including:

| Data Breach & Privacy Cases | Case No. & Court |
|---|---|
| *In re: Zoom Video Communications, Inc. Privacy Litigation* | 3:20-cv-02155 (N.D. Cal.) |
| *In re: Capital One Consumer Data Security Breach Litigation* | MDL No. 2915 (E.D. Va.) |
| *In re: Morgan Stanley Data Security Litigation* | 1:20-cv-05914 (S.D.N.Y.) |
| *In re: U.S. Office of Personnel Management Data Security Breach Litigation* | MDL No. 2664, (D.D.C.) |
| *In re: Department of Veteran Affairs (VA) Data Theft Litigation* | MDL No. 1796 (D.D.C.) |
| *In re: Premera Blue Cross Customer Data Security Breach Litigation* | MDL No. 2633 (D. Or.) |
| *McCullough v. True Health New Mexico, Inc.* | D-202-CV-2021-06816 (2nd Dist. Ct, N.M.) |
| *Chapman v. Insight Global Inc.* | 1:21-cv-00824 (M.D. Penn.) |
| *Thomsen et al. v. Morley Cos., Inc.* | 1:22-cv-10271 (E.D. Mich.) |
| *In re Scripps Health Data Incident Litigation* | 37-2021-00024103 (Sup. Ct. Cal. Cnty. of San Diego) |
| *Service et al. v. Volkswagen Group of America et al.* | C22-01841 (Sup. Ct. Cal. Cnty. of Contra Costa) |
| *Wenston Desue et al. v. 20/20 Eye Care Network, Inc. et al.* | 21-cv-61275 (S.D. Fla.) |
| *Kostka et al. v. Dickey's Barbecue Restaurants, Inc. et al.* | 3:20-cv-03424 (N.D. Tex.) |
| *Cochran et al. v. The Kroger Co. et al.* | 5:21-cv-01887 (N.D. Cal.) |
| *Ford et al. v. [24]7.ai, Inc.* (Best Buy Data Incident) | MDL No. 2863 (N.D. Cal.) |
| *In re: California Pizza Kitchen Data Breach Litigation* | 8:21-cv-01928 (C.D. Cal.) |

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE
PLAN AND NOTICES

| Data Breach & Privacy Cases | Case No. & Court |
|---|---|
| *Snyder et al. v. The Urology Center of Colorado, P.C.* | 2021CV33707 (2nd Dist. Ct, Cnty. of Denver Col.) |
| *Dearing v. Magellan Health Inc. et al.* | CV2020-013648 (Sup. Ct. Cnty. of Maricopa, Ariz.) |
| *Torretto et al. v. Donnelley Financial Solutions, Inc. and Mediant Communications Inc.* | 1:20-cv-02667 (S.D.N.Y.) |
| *Stoll et al. v. Musculoskeletal Institute, Chartered d/b/a Florida Orthopaedic Institute* | 8:20-cv-01798 (M.D. Fla.) |
| *Hameed-Bolden et al. v. Forever 21 Retail, Inc. et al.* | 2:18-cv-03019 (C.D. Cal.) |
| *In re Community Health Systems, Inc. Customer Data Security Breach Litigation* | MDL No. 2595 (N.D. Ala.) |
| *Lozano v. CodeMetro Inc.* | 37-2020-00022701 (Sup. Ct. Cal. Cnty. of San Diego) |
| *Fox et al. v. Iowa Health System d.b.a. UnityPoint Health* | 18-cv-00327 (W.D. Wis.) |
| *Armon et al. v. Washington State University* | 17-2-23244-1 consolidated with 17-2-25052-0 (Sup. Ct. Wash.) |
| *Kuss v. American HomePatient, Inc. et al.* | 8:18-cv-02348 (M.D. Fla.) |
| *Nelson v. Roadrunner Transportation Systems, Inc.* | 1:18-cv-07400 (N.D. Ill.) |
| *Adlouni v. UCLA Health System Auxiliary et al.* | BC589243 (Cal. Sup. Ct., L.A. Cnty.) |
| *Parsons v. Kimpton Hotel & Restaurant Group, LLC* | 3:16-cv-05387 (N.D. Cal.) |
| *In re: Valley Anesthesiology Consultants, Inc. Data Breach Litigation* | CV2016-013446 (Ariz. Super. Ct., Maricopa Cnty.) |
| *McGann et al., v. Schnuck Markets, Inc.* | 1322-CC00800 (Mo. Cir. Ct.) |
| *Greater Chautauqua Federal Credit Union et al. v. Kmart Corp. et al.* | 1:15-cv-02228 (N.D. Ill.) |
| *In re: Heartland Payment Systems, Inc. Data Security Breach Litigation* | MDL No. 2046 (S.D. Tex.) |
| *In re: Countrywide Financial Corp. Customer Data Security Breach Litigation* | MDL No. 1998, (W.D. Ky.) |

9.      Courts have recognized my testimony as to which method of notification is appropriate for a given case, and I have provided testimony on numerous occasions on whether a certain method of notice represents the best notice practicable under the circumstances. Numerous court opinions and comments regarding my testimony, and the adequacy of our notice efforts, are included in our *curriculum vitae* included as **Attachment 1**.

10.     In forming expert opinions, my team and I draw from our in-depth class action case

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE
PLAN AND NOTICES

experience, as well as our educational and related work experiences. I am an active member of the Oregon State Bar, having received my Bachelor of Science from Willamette University and my Juris Doctor from Northwestern School of Law at Lewis and Clark College. I have served as the Director of Legal Notice for Epiq since 2008 and have overseen the detailed planning of virtually all of our court-approved notice programs during that time. Overall, I have more than 24 years of experience in the design and implementation of legal notification and claims administration programs, having been personally involved in hundreds of successful notice programs.

11.    The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business.

## OVERVIEW

12.    This declaration will detail the Settlement Notice Plan ("Notice Plan") and Notices ("Notice" or "Notices") proposed here for *In re: Clearview AI, Inc. Consumer Privacy Litigation*, No.: 1:21-cv-00135 in the United States District Court for the Northern District of Illinois. Epiq designed this proposed Notice Plan based on our extensive prior experience and research into the notice issues particular to this case. We have analyzed and proposed the most effective method practicable of providing notice to the Settlement Class.

## DATA PRIVACY AND SECURITY

13.    Epiq has procedures in place to protect the security of data for the Settlement Class. As with all cases, Epiq will maintain extensive data security and privacy safeguards in its official capacity as the Settlement Administrator for this Consolidated Action. A Services Agreement, which formally retains Epiq as the Settlement Administrator, will govern Epiq's administration responsibilities for the Consolidated Action. Service changes or modification beyond the original contract scope will require formal contract addendum or modification. Epiq maintains adequate insurance in case of errors.

14.    As a data processor, Epiq performs services on data provided, only as outlined in a contract and/or associated statement(s) of work. Epiq does not utilize or perform other procedures on personal data provided or obtained as part of its services to a client. All data provided directly to Epiq for Settlement Class Members will be used solely for the purpose of effecting the notice and settlement

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE
PLAN AND NOTICES

administration for this Consolidated Action.  Epiq will not use such information for any other purpose, specifically the information will not be used, disseminated, or disclosed by or to any other person for any other purpose.

15.     The security and privacy of clients' and class members' information and data are paramount to Epiq.  That is why Epiq has invested in a layered and robust set of trusted security personnel, controls, and technology to protect the data we handle.  To promote a secure environment for client and class member data, industry leading firewalls and intrusion prevention systems protect and monitor Epiq's network perimeter with regular vulnerability scans and penetration tests.  Epiq deploys best-in-class endpoint detection, response, and anti-virus solutions on our endpoints and servers.  Strong authentication mechanisms and multi-factor authentication are required for access to Epiq's systems and the data we protect.  In addition, Epiq has employed the use of behavior and signature-based analytics as well as monitoring tools across our entire network, which are managed 24 hours per day, 7 days per week, by a team of experienced professionals.

16.     Epiq's world class data centers are defended by multi-layered, physical access security, including formal ID and prior approval before access is granted, closed-circuit television ("CCTV"), alarms, biometric devices, and security guards, 24 hours per day, 7 days per week.  Epiq manages minimum Tier 3+ data centers in 10 locations worldwide.  Our centers have robust environmental controls including uninterruptable power supply ("UPS"), fire detection and suppression controls, flood protection, and cooling systems.

17.     Beyond Epiq's technology, our people play a vital role in protecting class members' and our clients' information.  Epiq has a dedicated information security team comprised of highly trained, experienced, and qualified security professionals.  Our teams stay on top of important security issues and retain important industry standard certifications, like SysAdmin, Audit, Network, and Security ("SANS"), Certified Information Systems Security Professional ("CISSP"), and Certified Information Systems Auditor ("CISA").  Epiq is continually improving security infrastructure and processes based on an ever-changing digital landscape.  Epiq also partners with best-in-class security service providers.  Our robust policies and processes cover all aspects of information security to form

part of an industry leading security and compliance program, which is regularly assessed by independent third parties.

18.     Epiq holds several industry certifications including, Trusted Information Security Assessment Exchange ("TISAX"), Cyber Essentials, Privacy Shield, and ISO 27001.  In addition to retaining these certifications, we are aligned to Health Insurance Portability and Accountability Act ("HIPAA"), National Institute of Standards and Technology ("NIST"), and Federal Information Security Management Act ("FISMA") frameworks.  Epiq follows local, national, and international privacy regulations.  To support our business and staff, Epiq has a dedicated team to facilitate and monitor compliance with privacy policies.  Epiq is also committed to a culture of security mindfulness. All employees routinely undergo cybersecurity training to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work our teams complete.

19.     Upon completion of a project, Epiq continues to host all data until otherwise instructed in writing by a customer to delete, archive or return such data.  When a customer requests that Epiq delete or destroy all data, Epiq agrees to delete or destroy all such data; provided, however, that Epiq may retain data as required by applicable law, rule or regulation, and to the extent such copies are electronically stored in accordance with Epiq's record retention or back-up policies or procedures (including those regarding electronic communications) then in effect.  Epiq keeps data in line with client retention requirements.  If no retention period is specified, Epiq returns the data to the client or securely deletes it as appropriate.

20.     In this case, even though the parties likely will not be transmitting a class contact list, Epiq will implement all the above cyber-security and privacy policies and procedures with respect to any information provided by potential Settlement Class Members to Epiq who may reach out with questions.

## NOTICE PLANNING METHODOLOGY

21.     Federal Rule of Civil Procedure 23 directs that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" and that "the notice may be by one or more of the following: United States

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE PLAN AND NOTICES

mail, electronic means, or other appropriate means." The proposed Notice Program will satisfy these requirements.

22. This proposed Notice Plan is designed to reach the greatest practicable number of Settlement Class Members. Given our experience with similar notice efforts, we expect that the proposed Notice Plan will reach at least 70% of the Settlement Class with digital/internet notice and social media. The reach will be enhanced further by internet sponsored search listings, an informational release, and a Settlement Website, which are not included in the estimated reach calculation. In my experience, the projected reach of the proposed Notice Plan is consistent with other court-approved notice plans, is the best notice practicable under the circumstances of this case and has been designed to satisfy the requirements of due process, including its "desire to actually inform" requirement.[3]

23. It is my understanding from reviewing the Settlement Agreement that the "Settlement Class" is defined as the following:

The Settlement Class shall be comprised of the members of all Classes and Subclasses defined below -- the Nationwide Class; the Illinois Subclass, the California Subclass, the New York Subclass, and the Virginia Subclass --and shall be certified for settlement purposes. The Settlement Class is made up of:

(a) **The Nationwide Class**: all individuals who resided in the United States of America between July 1, 2017, and the date of Preliminary Approval, and whose facial images, facial vector data, and/or Biometric Data are or were contained in the Biometric Database;

(b) **The Illinois Subclass**: All individuals who resided in the state of Illinois between July 1, 2017, and the date of Preliminary Approval, and whose facial images, facial vector data, and/or Biometric Data are or were contained in the Biometric Database;

(c) **The California Subclass**: All individuals who resided in the state of California between July 1, 2017, and the date of Preliminary Approval, and whose facial images, facial vector data, and/or Biometric Data were or are contained in the Biometric Database;

---

[3] *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE PLAN AND NOTICES

(d) **The New York Subclass**: All individuals who resided in the state of New York between July 1, 2017, and the date of Preliminary Approval, and whose facial images, facial vector data, and/or Biometric Data are or were contained in the Biometric Database; and

(e) **The Virginia Subclass**: All individuals who resided in the state of Virginia between July 1, 2017, and the date of Preliminary Approval, and whose facial images, facial vector data, and/or Biometric Data are or were contained in the Biometric Database.

### *Individual Notice*

24.     According to the Parties' Settlement Agreement, Clearview estimates that its Biometric Database contains several billion captured images.  I am also informed from discussions with counsel for Clearview that Clearview does not routinely track identity information for the persons depicted in these images such as name, address, email address or the other information needed to reach a person directly.  Accordingly, it is not expected that direct notice to the class members will be feasible as a matter of course.  If Clearview possesses such information, it will provide it to Epiq to the extent its data reasonably indicates that the individual: (1) appears in facial images held within the Clearview Biometric Database, and (2) was eighteen years of age or older when their facial image was posted to a publicly accessible webpage (the "Nationwide Class Notice List").  For any such records that are produced, individual notice will be provided.

### *Individual Notice – Email*

25.     Epiq will send an Email Notice to all identified Settlement Class Members for whom a valid email address is available.  The following industry standard best practices will be followed for the Email Notice efforts.  The Email Notice will be drafted in such a way that the subject line, the sender, and the body of the message overcome SPAM filters and ensure readership to the fullest extent reasonably practicable.  For instance, the Email Notice will use an embedded html text format. This format will provide easy to read text without graphics, tables, images, attachments, and other elements that would increase the likelihood that the message could be blocked by Internet Service Providers (ISPs) and/or SPAM filters.  The Email Notices will be sent from an IP address known to major email providers as one not used to send bulk "SPAM" or "junk" email blasts.  Each Email

Notice will be transmitted with a digital signature to the header and content of the Email Notice, which will allow ISPs to programmatically authenticate that the Email Notices are from our authorized mail servers. Each Email Notice will also be transmitted with a unique message identifier. The Email Notice will include an embedded link to the Settlement Website. By clicking the link, recipients will be able to access the Class Notice and other information about the case.

26.     If the receiving email server cannot deliver the message, a "bounce code" will be returned along with the unique message identifier. For any Email Notice for which a bounce code is received indicating that the message was undeliverable for reasons such as an inactive or disabled account, the recipient's mailbox was full, technical autoreplies, etc., at least two additional attempts will be made to deliver the Notice by email.

### Reminder Notice

27.     Pursuant to the Settlement Agreement, Epiq will send Reminder Notices. The Reminder Notices will be sent to all identified Settlement Class Members for whom a valid email address is available after the individual notice efforts described above are complete, fourteen days prior to the claim filing deadline. Reminder Notices will include a link directly to the Settlement Website.

### Media Notice Plan

28.     Because it is unlikely that data will be available to provide individual notice to the vast majority of potential Class Members, a comprehensive media notice plan must be implemented to publicize the proposed Settlement and to provide adequate notice to potential Class Members that their rights are affected and there are deadlines to request exclusion from or object to the Settlement, and to file a Claim.

29.     Data sources and tools commonly employed by experts in the advertising industry were used to analyze and develop the media component of the proposed Notice Plan. These resources include MRI-Simmons,[4] which provides statistically significant readership and product usage data, and

---

[4] MRI-Simmons is a leading source of publication readership and product usage data for the communications industry. MRI-Simmons is a joint venture of GfK Mediamark Research &

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE
PLAN AND NOTICES

Comscore,[5] which provides similar usage data specific to online media. These tools, as applicable, along with demographic breakdowns indicating how many people use each media vehicle, as well as computer software that take the underlying data and factor out the duplication among audiences of various media vehicles, allow the net (unduplicated) reach of a particular media schedule to be determined. The combined results of this analysis are used to help determine the sufficiency and effectiveness of a notice plan.

30. ***Tools and data trusted by the communications industry and courts.*** Virtually all the nation's largest advertising agency media departments utilize, scrutinize, and rely upon such independent, time-tested data and tools, including net reach and de-duplication analysis methodologies, to guide the billions of dollars of advertising placements seen today, providing assurance that these figures are not overstated. These analyses and similar planning tools have become standard analytical tools for evaluating legal notice programs and have been regularly accepted by courts.

31. In fact, advertising and media planning firms around the world have long relied on audience data and techniques: 90 to 100% of media directors use reach and frequency planning;[6] all the leading advertising and communications textbooks cite the need to use reach and frequency

---

Intelligence, LLC ("MRI") and Simmons Market Research. MRI-Simmons offers comprehensive demographic, lifestyle, product usage and exposure to all forms of advertising media collected from a single sample. As the leading U.S. supplier of multimedia audience research, the company provides information to magazines, televisions, radio, internet, and other media, leading national advertisers, and over 450 advertising agencies—including 90 of the top 100 in the United States. MRI-Simmons's national syndicated data is widely used by companies as the basis for the majority of the media and marketing plans that are written for advertised brands in the United States.

[5] Comscore is a global internet information provider for planning, transacting, and evaluating media across platforms. With a data footprint that combines digital, linear TV, OTT and theatrical viewership intelligence with advanced audience insights, Comscore allows media buyers and sellers to quantify their multiscreen behavior. A leader in measuring digital and TV audiences and advertising at scale, Comscore is the industry's emerging, third-party source for reliable and comprehensive cross-platform measurement.

[6] *See generally* Peter B. Turk, Effective Frequency Report: Its Use And Evaluation By Major Agency Media Department Executives, 28 J. ADVERTISING RES. 56 (1988); Peggy J. Kreshel et al., How Leading Advertising Agencies Perceive Effective Reach and Frequency, 14 J.ADVERTISING 32 (1985).

13

planning.[7]  MRI-Simmons data is used by ninety of the top one hundred media firms.  Comscore is used by major holding company agencies worldwide, including Dentsu Aegis Networking, GroupM, IPG and Publicis, in addition to independent agencies for TV and digital media buying and planning. At least 25,000 media professionals in 100 different countries use media planning software.[8]

## MEDIA NOTICE PLAN DETAIL

### *Media Notice Summary*

32.    The proposed Notice Plan includes various forms of notice including a digital/internet notice and social media, internet sponsored search listings, and an informational release.  The combined measurable reach of the proposed Notice Plan is 70% of adults aged 18+ in the United States, an average of 2.6 times each.  The reach will be enhanced further by internet sponsored search listings, an informational release, and a Settlement Website, which are not included in the estimated reach calculations.  "Reach" refers to the estimated percentage of the unduplicated audience exposed to the notice.  "Frequency," in contrast, refers to how many times, on average, each member of the target audience had the opportunity to view the notice.

### *Internet Digital Notice Campaign*

33.    Internet advertising has become a standard component in legal notice programs.  The internet has proven to be an efficient and cost-effective method to target class members as part of providing notice of a class action settlement.  According to MRI-Simmons data, 97% of all adults in

---

[7] Textbook sources that have identified the need for reach and frequency for years include: JACK S. SISSORS & JIM SURMANEK, ADVERTISING MEDIA PLANNING, 57-72 (2d ed. 1982); KENT M. LANCASTER & HELEN E. KATZ, STRATEGIC MEDIA PLANNING 120-156 (1989); DONALD W. JUGENHEIMER & PETER B. TURK, ADVERTISING MEDIA 123-126 (1980); JACK Z. SISSORS & LINCOLN BUMBA, ADVERTISING MEDIA PLANNING 93 122 (4th ed. 1993); JIM SURMANEK, INTRODUCTION TO ADVERTISING MEDIA: RESEARCH, PLANNING, AND BUYING 106-187 (1993).

[8] For example, Telmar, founded in 1968, provides strategic targeting and media planning solutions to advertisers, agencies, data suppliers and media sales houses. Over 25,000 media professionals in 100 countries use Telmar systems for media and marketing planning tools including reach and frequency planning functions.

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE PLAN AND NOTICES

the United States are online and 85% of all adults in the United States use social media.[9]

34.     The proposed Notice Plan includes targeted digital advertising on the selected advertising networks *Google Display Network, Yahoo Audience Network*, *Outbrain Network,* and *Taboola Network* which together represent thousands of digital properties across all major content categories. Digital Notices will be targeted to selected target audiences and are designed to encourage participation by Settlement Class Members—by linking directly to the Settlement Website, allowing visitors easy access to relevant information and documents. Consistent with best practices, the Digital Notices will use language from the Class Notice, which will allow users to identify themselves as potential Settlement Class Members. Digital Notices will be in both English and Spanish.

35.     The Digital Notices will also be placed on *Facebook, Instagram*, *and X (Twitter)*.

36.     *Facebook* is the leading social networking site in the United States with 175 million users and *Instagram* has 143 million active users in the United States.[10]

37.     *X (Twitter)* is a popular microblogging social media website that allows posts/tweets containing images or videos. Users can like, comment, and share/retweet posts. *X* has more than 95 million users in the United States.

38.     The size and placement of Digital Notices is important to the effectiveness of the Digital Notices. The Digital Notices will appear in the following size formats:

> <u>*Google Display Network* and *Yahoo Audience Network*</u>
>
> - Half-Page Digital Banner Notice: 300x600 – A top performing ad size. Although half-page ads do not use half of the page, this is a larger ad size that performs well in communicating information.
>
> - Billboard Digital Banner Notice: 970x250 – This is a large horizontal ad size

---

[9] MRI-Simmons 2022 Survey of the American Consumer®.

[10] Statista Digital 2023: Global Overview Report. Statista, founded in 2007, is a leading provider of worldwide market and consumer data and is trusted by thousands of companies around the world for data. Statista.com consolidates statistical data on over 80,000 topics from more than 22,500 sources and makes it available in German, English, French and Spanish.

that stands out at the top of website pages.

- Leaderboard Digital Banner Notice: 728x90 – This is often a top performing ad size. This ad size can often appear in prime positions on websites, like at the top of a website page.

- Medium Digital Banner Notice: 300x250 – Due to its smaller size this ad unit can be placed within the text of articles and other content.

*Outbrain and Taboola Networks*

- Custom Notice – A smaller size ad unit including a headline, 150 character-length description, image, and URL.

*Facebook, Instagram,* and *X*

- Newsfeed/Feed – The size of this ad allows the ad to appear directly in user's *Facebook, Instagram* and/or *X* account feeds among the posts.

- Right-Hand Column (*Facebook* only) – These ads are a desktop-only format. The ads appear most commonly in the right-hand column of *Facebook* pages.

39.     The Digital Notices will also run on photo-sharing sites, such as Flickr, Imgur, Tumblr, and others.

40.     All Digital Notices will appear on desktop, mobile, and tablet devices, and will be displayed nationwide to reach Settlement Class Members.  Digital Notices will also be targeted (remarketed) to people who click on a Digital Notice.

41.     More details regarding the target audiences, distribution, specific ad sizes of the Digital Banner Notices, and the number of planned impressions are included in the following table.

| Network/Property | Target | Language | Ad Size | Planned Impressions |
|---|---|---|---|---|
| *Google Display Network* | Adults 18+ | English & Spanish | 728x90, 300x250, 300x600 & 970x250 | 170,000,000 |
| *Yahoo Audience Network* | Adults 18+ | English & Spanish | 728x90, 300x250, 300x600 & 970x250 | 52,000,000 |
| *Outbrain Network* | Adults 18+ | English & Spanish | Custom Feed Ads | 5,000,000 |
| *Taboola Network* | Adults 18+ | English | Custom Feed Ads | 5,000,000 |

16

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE PLAN AND NOTICES

| Network/Property | Target | Language | Ad Size | Planned Impressions |
|---|---|---|---|---|
| *Facebook* | Adults 18+ | English | Newsfeed & Right Hand Column | 70,000,000 |
| *Instagram* | Adults 18+ | English | Newsfeed | 40,000,000 |
| *Twitter* | Adults 18+ | English | Twitter Feed Ads | 20,000,000 |
| **Total** | | | | **362,000,000** |

42.     Combined, 362 million impressions will be generated by the Digital Notices, which will be displayed nationwide.[11]  The Digital Notices will run for approximately six weeks.  Clicking on the Digital Notices will link the readers to the Settlement Website, where they can easily obtain detailed information about the Settlement.

### *Sponsored Search Listings*

43.     To facilitate locating the Settlement Website, sponsored search listings will be acquired on the three most frequently visited internet search engines: *Google*, *Yahoo!* and *Bing*. When search engine visitors search on selected common keyword combinations related to the Settlement, the sponsored search listing created for the Settlement will be generally displayed at the top of the visitor's website page prior to the search results or in the upper right-hand column of the web-browser screen.  The sponsored search listings will be targeted nationwide.  All sponsored search listings will link directly to the Settlement Website.

### *Informational Release*

44.     To build additional reach and extend exposures, a party-neutral Informational Release will be issued nationwide over *PR Newswire's US1 and Hispanic newslines in English and Spanish* to approximately 5,000 general media (print and broadcast) outlets, including local and national newspapers, magazines, national wire services, television and radio broadcast media across the

---

[11] The third-party ad management platform, ClickCease, will be used to audit Digital Banner Notice ad placements.  This type of platform tracks all Digital Banner Notice ad clicks to provide real-time ad monitoring, fraud traffic analysis, blocks clicks from fraudulent sources, and quarantines dangerous IP addresses.  This helps reduce wasted, fraudulent or otherwise invalid traffic (*e.g.*, ads being seen by 'bots' or non-humans, ads not being viewable, etc.).

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE PLAN AND NOTICES

United States as well as approximately 4,500 websites, online databases, internet networks, and social networking media.

45.     The Informational Release will include the address of the Settlement Website and the toll-free telephone number.  Although there is no guarantee that any news stories will result, the Informational Release will serve a valuable role by providing additional notice exposures beyond what will be provided by the paid media.

### Settlement Website

46.     Epiq will create and maintain a dedicated website for the Settlement with an easy to remember domain name.  The Settlement Website will contain relevant documents and information including, the Class Notice (in English and Spanish), Complaint, Settlement Agreement, Preliminary Approval Order, and the Motion for Attorneys' Fees and Expenses Award and Service Awards and Final Approval Order, once filed.  In addition, the Settlement Website will include answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members may opt-out (request exclusion) or object, contact information for the Settlement Administrator, and how to obtain other case-related information.  Class Members will also be able to file a claim online, at the Settlement Website.  The Settlement Website address will be prominently displayed in all notice documents.

### Toll-free Telephone Number and Postal Mailing Address

47.     A toll-free telephone number will be established and will be available to Settlement Class Members.  Callers will be able to hear an introductory message and will have the option to learn more about the Settlement in the form of recorded answers to FAQs.  Callers will also have an option to request a Class Notice by mail.  The toll-free telephone number will be prominently displayed in all notice documents.  The automated telephone system will be available 24 hours per day, 7 days per week.

48.     A postal mailing address will be provided, allowing Settlement Class Members the opportunity to request additional information or ask questions.

### Claim Submission & Distribution Options

49.     The Settlement provides Settlement Class Members the option of filing a Claim Form.

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE
PLAN AND NOTICES

The Class Notices will contain a detailed summary of the relevant information about the Settlement, including the Settlement Website address and how Settlement Class Members can file a Claim Form online or by mail. With any method of filing a successful Claim Form, Settlement Class Members will receive direct, digital payments. This will allow for further claim verification and detection of fraudulent and bot filed claims.

### *Fraud Prevention & Detection for Claim Submissions*

50. For this Settlement, Epiq will use best practices to deter and detect fraud. Using EpiqShield$^{TM}$ and working with our digital payment partner, Epiq will maintain a vigorous, multi-layered fraud detection process to prevent, detect, and provide in-depth analysis regarding possible fraudulent claim submissions. EpiqShield$^{TM}$ uses numerous anti-fraud measures, extensive technology, and information security resources, including digital footprint monitoring and secure banking solutions. These tools serve to detect and prevent fraud attempts perpetuated by bots, etc. Epiq will also address smaller-scale fraud from individual bad actors seeking to falsify claim information.

### <u>CONCLUSION</u>

51. In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution and by federal and local rules and statutes pertaining to notice. This framework directs that the notice plan be optimized to reach the class, and to provide class members with easy access to the details of how the class action may impact their rights. All these requirements will be met in this case.

52. The proposed Notice Plan will reach at least 70% of the Settlement Class with digital/internet notice and social media. The reach will be enhanced further by internet sponsored search listings, an informational release, and a Settlement Website, which are not included in the estimated reach calculation. The proposed Notice Plan will be targeted nationwide to reach Settlement Class Members. The FJC's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*, which is relied upon for federal cases, states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE
PLAN AND NOTICES

reach a high percentage of the class. It is reasonable to reach between 70–95%."[12] Here, we have developed a proposed Notice Plan that will readily achieve a reach within that standard.

53. In my opinion, the proposed Notice Plan follows the guidance for how to satisfy due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which are: a) to endeavor to actually inform the class, and b) to demonstrate that notice is reasonably calculated to do so.

    a)    "But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950).

    b)    "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) citing *Mullane* at 314.

54. The proposed Notice Plan provides the best notice practicable under the circumstances of this case, conforms to all aspects of Federal Rule of Civil Procedure 23 regarding notice, comports with the guidance for effective notice articulated in the Manual for Complex Litigation 4th Ed and FJC guidance, and meets the requirements of due process, including its "desire to actually inform" requirement.

55. The proposed Notice Plan schedule will afford enough time to provide full and proper notice to Settlement Class before the opt-out and objection deadlines.

56. At the conclusion of the Notice Plan, I will provide a final report verifying the effective implementation of the Notice Plan.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on June 12, 2024.



                                  Cameron R. Azari, Esq.

---

[12] Fᴇᴅ. Jᴜᴅɪᴄɪᴀʟ Cᴛʀ, Jᴜᴅɢᴇs' Cʟᴀss Aᴄᴛɪᴏɴ Nᴏᴛɪᴄᴇ ᴀɴᴅ Cʟᴀɪᴍs Pʀᴏᴄᴇss Cʜᴇᴄᴋʟɪsᴛ ᴀɴᴅ Pʟᴀɪɴ Lᴀɴɢᴜᴀɢᴇ Gᴜɪᴅᴇ 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING SETTLEMENT NOTICE PLAN AND NOTICES

Attachment 1

# HILSOFT
# NOTIFICATIONS

Hilsoft Notifications ("Hilsoft") is a leading provider of legal notice services for large-scale class action and bankruptcy matters. We specialize in providing quality, expert, notice plan development. Our notice programs satisfy due process requirements and withstand judicial scrutiny. Hilsoft is a business unit of Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Hilsoft has been retained by defendants or plaintiffs for more than 575 cases, including more than 70 MDL case settlements, with notices appearing in more than 53 languages and in almost every country, territory, and dependency in the world. For more than 25 years, Hilsoft's notice plans have been approved and upheld by courts. Case examples include:

➢ Hilsoft implemented an extensive notice program for a $190 million data breach settlement. Notice was sent to more than 93.6 million settlement class members by email or mail. The individual notice efforts reached approximately 96% of the identified settlement class members and were enhanced by a supplemental media plan that included banner notices and social media notices (delivering more than 123.4 million impressions), sponsored search, and a settlement website. *In Re: Capital One Consumer Data Security Breach Litigation* MDL No. 2915, 1:19-md-02915 (E.D. Va.).

➢ Hilsoft designed and implemented an extensive notice plan for a $85 million privacy settlement involving Zoom, the most popular videoconferencing platform. Notice was sent to more than 158 million class members by email or mail and millions of reminder notices were sent to stimulate claim filings. The individual notice efforts reached approximately 91% of the class and were enhanced by supplemental media provided with regional newspaper notice, nationally distributed digital and social media notice (delivering more than 280 million impressions), sponsored search, an informational release, and a settlement website. *In Re: Zoom Video Communications, Inc. Privacy Litigation* 3:20-cv-02155 (N.D. Cal.).

➢ Hilsoft designed and implemented several notice programs to notify retail purchasers of disposable contact lenses regarding four settlements with different settling defendants totaling $88 million. For each notice program more than 1.98 million email or postcard notices were sent to potential class members and a comprehensive media plan was implemented, with a well-read nationwide consumer publication, internet banner notices (delivering more than 312.9 million – 461.4 million impressions per campaign), sponsored search listings, and a case website. *In re: Disposable Contact Lens Antitrust Litigation* 3:15-md-02626 (M.D. Fla.).

➢ For a $21 million settlement that involved The Coca-Cola Company, fairlife, LLC, and other defendants regarding allegations of false labeling and marketing of fairlife milk products, Hilsoft designed and implemented a media based notice plan. The plan included a consumer print publication notice, targeted banner notices, and social media (delivering more than 620.1 million impressions in English and Spanish nationwide). Combined with individual notice to a small percentage of the class, the notice plan reached approximately 80.2% of the class. The reach was further enhanced by sponsored search, an informational release, and a website. *In re: fairlife Milk Products Marketing and Sales Practices Litigation* 1:19-cv-03924 (N.D. Ill.).

➢ For a $60 million settlement for Morgan Stanley Smith Barney's account holders in response to "Data Security Incidents," Hilsoft designed and implemented an extensive individual notice program. More than 13.8 million email or mailed notices were delivered, reaching approximately 90% of the identified potential settlement class members. The individual notice efforts were supplemented with nationwide newspaper notice and a settlement website. *In re Morgan Stanley Data Security Litigation* 1:20-cv-05914 (S.D.N.Y.).

➢ Hilsoft designed and implemented numerous monumental notice campaigns to notify current or former owners or lessees of certain BMW, Mazda, Subaru, Toyota, Honda, Nissan, Ford, and Volkswagen vehicles as part of $1.91 billion in settlements regarding Takata airbags. The Notice Plans included mailed notice to more than 61.8 million potential class members and notice via consumer publications, U.S. Territory newspapers, radio, internet banners, mobile banners, and behaviorally targeted digital media. Combined, the notice plans reached more than 95% of adults aged 18+ in the U.S. who owned or leased a subject vehicle, 4.0 times each. *In re: Takata Airbag Products Liability Litigation* MDL No. 2599 (S.D. Fla.).

➤ Hilsoft designed and implemented a notice plan for a false advertising settlement. The notice plan included a nationwide media plan with a consumer print publication, digital notice and social media (delivering more than 231.6 million impressions nationwide in English and Spanish) and was combined with individual notice via email or postcard to more than 1 million identified class members. The notice plan reached approximately 79% of Adults, Aged 21+ in the U.S. who drink alcoholic beverages, an average of 2.4 times each. The reach was further enhanced by internet sponsored search listings, an informational release, and a website. *Browning et al. v. Anheuser-Busch, LLC* 20-cv-00889 (W.D. Mo.).

➤ For a $63 million settlement, Hilsoft designed and implemented a comprehensive, nationwide media notice effort using magazines, digital banners and social media (delivering more than 758 million impressions), and radio (traditional and satellite), among other media. The media notice reached at least 85% of the class. In addition, more than 3.5 million email notices and/or postcard notices were delivered to identified class members. The individual notice and media notice were supplemented with outreach to unions and associations, sponsored search listings, an informational release, and a website. *In re: U.S. Office of Personnel Management Data Security Breach Litigation* MDL No. 2664, 15-cv-01394 (D.D.C.).

➤ For a $50 million settlement on behalf of certain purchasers of Schiff Move Free® Advanced glucosamine supplements, nearly 4 million email notices and 1.1 million postcard notices were sent. The individual notice efforts sent by Hilsoft were delivered to approximately 98.5% of the identified class sent notice. A media campaign with banner notices and sponsored search combined with the individual notice efforts reached at least 80% of the class. *Yamagata et al. v. Reckitt Benckiser LLC* 3:17-cv-03529 (N.D. Cal.).

➤ In response to largescale municipal water contamination in Flint, Michigan, Hilsoft's expertise was relied upon to design and implement a comprehensive notice program. Direct mail notice packages and reminder email notices were sent to identified class members. In addition, Hilsoft implemented a media plan with local newspaper publications, online video and audio ads, local television and radio ads, sponsored search, an informational release, and a website. The media plan also included banner notices and social media notices geo-targeted to Flint, Michigan and the state of Michigan. Combined, the notice program individual notice and media notice efforts reached more than 95% of the class. *In re Flint Water Cases* 5:16-cv-10444, (E.D. Mich.).

➤ Hilsoft implemented an extensive notice program for several settlements alleging improper collection and sharing of personally identifiable information (PII) of drivers on certain toll roads in California. The settlements provided benefits of more than $175 million, including penalty forgiveness. Combined, more than 13.8 million email or postcard notices were sent, reaching approximately 93% - 95% of class members across all settlements. Individual notice was supplemented with banner notices and publication notices in select newspapers all geo-targeted within California. Sponsored search listings and a settlement website further extended the reach of the notice program. *In re Toll Roads Litigation* 8:16-cv-00262 (C.D. Cal.).

➤ For a landmark $6.05 billion settlement reached by Visa and MasterCard, Hilsoft implemented an extensive notice program with more than 19.8 million direct mail notices together with insertions in more than 1,500 newspapers, consumer magazines, national business publications, and trade and specialty publications, with notices in multiple languages, and an online banner notice campaign that generated more than 770 million impressions. Sponsored search listings and a website in eight languages expanded the notice efforts. For a subsequent, $5.54 billion settlement reached by Visa and MasterCard, Hilsoft implemented a notice program with more than 16.3 million direct mail notices, more than 354 print publication insertions, and banner notices that generated more than 689 million impressions. *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* MDL No. 1720, 1:05-md-01720, (E.D.N.Y.). The Second Circuit affirmed the settlement approval. *See* No. 20-339 *et al.*, — F.4th —, 2023 WL 2506455 (2d Cir. Mar. 15, 2023).

➤ Hilsoft provided notice for the $113 million lithium-ion batteries antitrust litigation settlements with individual notice via email to millions of class members, banner and social media ads, an informational release, and a website. *In re: Lithium Ion Batteries Antitrust Litigation* MDL No. 2420, 4:13-md-02420, (N.D. Cal.).

➤ For a $26.5 million settlement, Hilsoft implemented a notice program targeted to people aged 13+ in the U.S. who exchanged or purchased in-game virtual currency for use within *Fortnite* or *Rocket League*. More than 29 million email notices and 27 million reminder notices were sent to class members. In addition, a targeted media notice program was implemented with internet banner and social media notices, *Reddit* feed ads, and *YouTube* pre-roll ads, generating more than 350.4 million impressions. Combined, the notice efforts reached approximately 93.7% of the class. *Zanca et al. v. Epic Games, Inc.* 21-CVS-534 (Sup. Ct. Wake Cnty., N.C.).



➢ Hilsoft developed an extensive media-based notice program for a settlement regarding Walmart weighted goods pricing. Notice consisted of highly visible national, consumer print publications and targeted digital banner notices and social media. The banner notices generated more than 522 million impressions. Sponsored search, an informational release, and a settlement website further expanded the reach. The notice program reached approximately 75% of the class an average of 3.5 times each. ***Kukorinis v. Walmart, Inc.*** 1:19-cv-20592 (S.D. Fla.).

➢ For a $250 million settlement with approximately 4.7 million class members, Hilsoft designed and implemented a notice program with individual notice via postcard or email to approximately 1.43 million class members and a robust publication program that reached 78.8% of all U.S. adults aged 35+, approximately 2.4 times each. ***Hale v. State Farm Mutual Automobile Insurance Company et al.*** 3:12-cv-00660 (S.D. Ill.).

➢ Hilsoft designed and implemented an extensive individual notice program for a $32 million settlement. Notice efforts included 8.6 million double-postcard notices and 1.4 million email notices sent to inform class members of the settlement. The individual notice efforts reached approximately 93.3% of the settlement class. An informational release, geo-targeted publication notice, and a website further enhanced the notice efforts. ***In re: Premera Blue Cross Customer Data Security Breach Litigation*** MDL No. 2633, 3:15-md-2633 (D. Ore.).

➢ For a $20 million Telephone Consumer Protection Act ("TCPA") settlement, Hilsoft created a notice program with mail or email notice to more than 6.9 million class members and media notice via newspaper and internet banners, which combined reached approximately 90.6% of the class. ***Vergara et al., v. Uber Technologies, Inc.*** 1:15-cv-06972 (N.D. Ill.).

➢ An extensive notice effort was designed and implemented by Hilsoft for asbestos personal injury claims and rights as to Debtors' Joint Plan of Reorganization and Disclosure Statement. The notice program included nationwide consumer print publications, trade and union labor publications, internet banner ads, an informational release, and a website. ***In re: Kaiser Gypsum Company, Inc. et al.*** 16-cv-31602 (Bankr. W.D. N.C.).

➢ A comprehensive notice program within the *Volkswagen Emissions Litigation* provided individual notice to more than 946,000 vehicle owners via first class mail and to more than 855,000 vehicle owners via email. A targeted internet campaign further enhanced the notice efforts. ***In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement)*** MDL No. 2672 (N.D. Cal.).

➢ Hilsoft handled a large asbestos bankruptcy bar date notice effort with individual notice, national consumer publications, hundreds of local and national newspapers, Spanish newspapers, union labor publications, and digital media to reach the target audience. ***In re: Energy Future Holdings Corp. et al.*** 14-10979 (Bankr. D. Del.).

➢ For overdraft fee class action settlements from 2010-2020, Hilsoft developed programs integrating individual notice, and in some cases paid media notice efforts for more than 20 major U.S. commercial banks. ***In re: Checking Account Overdraft Litigation*** MDL No. 2036 (S.D. Fla.).

➢ For one of the largest and most complex class action cases in Canadian history, Hilsoft designed and implemented groundbreaking notice to disparate, remote Indigenous people for this multi-billion-dollar settlement. ***In re: Residential Schools Class Action Litigation*** 00-cv-192059 CPA (Ont. Super. Ct.).

➢ For BP's $7.8 billion settlement related to the Deepwater Horizon oil spill, possibly the most complex class action case in U.S. history, Hilsoft opined on all forms of notice and designed and implemented a dual notice program for "Economic and Property Damages" and "Medical Benefits." The notice program reached at least 95% of Gulf Coast region adults with more than 7,900 television spots, 5,200 radio spots, 5,400 print insertions in newspapers, consumer publications and trade journals, digital media, and individual notice. Hilsoft also implemented one of the largest claim deadline notice campaigns, with a combined measurable paid print, television, radio, and internet notice effort, reaching in excess of 90% of adults aged 18+ in the 26 identified DMAs covering the Gulf Coast Areas, an average of 5.5 times each. ***In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*** MDL No. 2179 (E.D. La.).

➢ A point of sale notice effort with 100 million notices distributed to Lowe's purchasers during a six-week period regarding a Chinese drywall settlement. ***Vereen v. Lowe's Home Centers*** SU10-cv-2267B (Ga. Super. Ct.).



**LEGAL NOTICING EXPERTS**

### *Cameron Azari, Esq., Epiq Senior Vice President, Hilsoft Director of Legal Notice*

Cameron Azari, Esq. has more than 22 years of experience in the design and implementation of legal notice and claims administration programs. He is a nationally recognized expert in the creation of class action notice campaigns in compliance with FRCP Rule 23(c)(2) (d)(2) and (e) and similar state class action statutes. Cameron has been responsible for hundreds of legal notice and advertising programs. During his career, he has been involved in an array of high profile class action matters, including *In Re: Zoom Video Communications, Inc. Privacy Litigation, In re: Takata Airbag Products Liability Litigation, In re: fairlife Milk Products Marketing and Sales Practices Litigation, In re: Disposable Contact Lens Antitrust Litigation, In re Flint Water Cases, In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (MasterCard & Visa)*, In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation* (Bosch Settlement)*, In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, In re: Checking Account Overdraft Litigation,* and *In re: Residential Schools Class Action Litigation*. He is an active author and speaker on a broad range of legal notice and class action topics ranging from FRCP Rule 23 notice requirements, email noticing, response rates, and optimizing settlement effectiveness. Cameron is an active member of the Oregon State Bar. He received his B.S. from Willamette University and his J.D. from Northwestern School of Law at Lewis and Clark College. Cameron can be reached at caza@legalnotice.com.

### *Kyle Bingham, Director – Epiq Legal Noticing*

Kyle Bingham has more than 15 years of experience in the advertising industry. At Hilsoft and Epiq, Kyle is responsible for overseeing the research, planning, and execution of advertising campaigns for legal notice programs including class action, bankruptcy, and other legal cases. Kyle has been involved in the design and implementation of numerous legal notice campaigns, including *In re: Takata Airbag Products Liability Litigation, Browning et al. v. Anheuser-Busch, LLC, Zanca et al. v. Epic Games, Inc., Kukorinis v. Walmart, Inc., In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation* (Bosch)*, In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (MasterCard & Visa)*, In re: Energy Future Holdings Corp. et al. (Asbestos Claims Bar Notice), In re: Residential Schools Class Action Litigation,* and *Hale v. State Farm Mutual Automobile Insurance Company*. Kyle also handles and has worked on more than 350 CAFA notice mailings. Prior to joining Epiq and Hilsoft, Kyle worked at Wieden+Kennedy for seven years, an industry-leading advertising agency where he planned and purchased print, digital and broadcast media, and presented strategy and media campaigns to clients for multi-million-dollar branding campaigns and regional direct response initiatives. He received his B.A. from Willamette University. Kyle can be reached at kbingham@epiqglobal.com.

### *Stephanie Fiereck, Esq., Director of Legal Noticing*

Stephanie Fiereck has more than 20 years of class action and bankruptcy administration experience. She has worked on all aspects of class action settlement administration, including pre-settlement class action legal noticing work with clients and complex settlement administration. Stephanie is responsible for assisting clients with drafting detailed legal notice documents and writing declarations. During her career, she has written more than 1,000 declarations while working on an array of cases including: *In Re: Zoom Video Communications, Inc. Privacy Litigation, In re: Takata Airbag Products Liability Litigation, In Re: Capital One Consumer Data Security Breach Litigation, In re: fairlife Milk Products Marketing and Sales Practices Litigation, In re Flint Water Cases, In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (MasterCard & Visa)*, In re: Energy Future Holdings Corp. et al.* (Asbestos Claims Bar Notice)*, Hale v. State Farm Mutual Automobile Insurance Company, In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* and *In re: Checking Account Overdraft Litigation*. Stephanie has handled more than 400 CAFA notice mailings. Prior to joining Hilsoft, she was a Vice President at Wells Fargo Bank for five years where she led the class action services business unit. She has authored numerous articles regarding legal notice and settlement administration. Stephanie is an active member of the Oregon State Bar. She received her B.A. from St. Cloud State University and her J.D. from the University of Oregon School of Law. Stephanie can be reached at sfie@epiqglobal.com.

### *Lauran Schultz, Epiq Managing Director*

Lauran Schultz consults with Hilsoft clients on complex noticing issues. Lauran has more than 20 years of experience as a professional in the marketing and advertising field, specializing in legal notice and class action administration since 2005. High profile actions he has been involved in include working with companies such as BP, Bank of America, Fifth Third Bank, Symantec Corporation, Lowe's Home Centers, First Health, Apple, TJX, CNA and Carrier Corporation. Prior to joining Epiq in 2005, Lauran was a Senior Vice President of Marketing at National City Bank in Cleveland, Ohio. Lauran's education includes advanced study in political science at the University of Wisconsin-Madison along with a Ford Foundation fellowship from the Social Science Research Council and American Council of Learned Societies. Lauran can be reached at lschultz@hilsoft.com.



### ARTICLES AND PRESENTATIONS

- **Cameron Azari** Chair, "Panel Discussion: Class Actions Case Management." Global Class Actions Symposium 2022, Amsterdam, The Netherlands, Nov. 17, 2022.

- **Cameron Azari** Speaker, "Driving Claims in Consumer Settlements: Notice/Claim Filing and Payments in the Digital Age." Mass Torts Made Perfect Bi-Annual Conference, Las Vegas, NV, Oct. 12, 2022.

- **Cameron Azari** Chair, "Panel Discussion: Class Actions Case Management." Global Class Actions Symposium 2021, London, UK, Nov. 16, 2021.

- **Cameron Azari** Speaker, "Mass Torts Made Perfect Bi-Annual Conference." Class Actions Abroad, Las Vegas, NV, Oct. 13, 2021.

- **Cameron Azari** Speaker, "Virtual Global Class Actions Symposium 2020, Class Actions Case Management Panel." Nov. 18, 2020.

- **Cameron Azari** Speaker, "Consumers and Class Action Notices: An FTC Workshop." Federal Trade Commission, Washington, DC, Oct. 29, 2019.

- **Cameron Azari** Speaker, "The New Outlook for Automotive Class Action Litigation: Coattails, Recalls, and Loss of Value/Diminution Cases." ACI's Automotive Product Liability Litigation Conference, American Conference Institute, Chicago, IL, July 18, 2019.

- **Cameron Azari** Moderator, "Prepare for the Future of Automotive Class Actions." Bloomberg Next, Webinar-CLE, Nov. 6, 2018.

- **Cameron Azari** Speaker, "The Battleground for Class Certification: Plaintiff and Defense Burdens, Commonality Requirements and Ascertainability." 30th National Forum on Consumer Finance Class Actions and Government Enforcement, Chicago, IL, July 17, 2018.

- **Cameron Azari** Speaker, "Recent Developments in Class Action Notice and Claims Administration." PLI's Class Action Litigation 2018 Conference, New York, NY, June 21, 2018.

- **Cameron Azari** Speaker, "One Class Action or 50? Choice of Law Considerations as Potential Impediment to Nationwide Class Action Settlements." 5th Annual Western Regional CLE Program on Class Actions and Mass Torts, Clyde & Co LLP, San Francisco, CA, June 22, 2018.

- **Cameron Azari** and **Stephanie Fiereck** Co-Authors, *A Practical Guide to Chapter 11 Bankruptcy Publication Notice.* E-book, published, May 2017.

- **Cameron Azari** Featured Speaker, "Proposed Changes to Rule 23 Notice and Scrutiny of Claim Filing Rates." DC Consumer Class Action Lawyers Luncheon, Dec. 6, 2016.

- **Cameron Azari** Speaker, "Recent Developments in Consumer Class Action Notice and Claims Administration." Berman DeValerio Litigation Group, San Francisco, CA, June 8, 2016.

- **Cameron Azari** Speaker, "2016 Cybersecurity & Privacy Summit. Moving From 'Issue Spotting' To Implementing a Mature Risk Management Model." King & Spalding, Atlanta, GA, Apr. 25, 2016.

- **Stephanie Fiereck** Author, "Tips for Responding to a Mega-Sized Data Breach." *Law360,* May 2016.

- **Cameron Azari** Speaker, "Live Cyber Incident Simulation Exercise." Advisen's Cyber Risk Insights Conference, London, UK, Feb. 10, 2015.

- **Cameron Azari** Speaker, "Pitfalls of Class Action Notice and Claims Administration." PLI's Class Action Litigation 2014 Conference, New York, NY, July 9, 2014.



➢ **Cameron Azari** and **Stephanie Fiereck** Co-Authors, "What You Need to Know About Frequency Capping In Online Class Action Notice Programs." *Class Action Litigation Report*, June 2014.

➢ **Cameron Azari** Speaker, "Class Settlement Update – Legal Notice and Court Expectations." PLI's 19th Annual Consumer Financial Services Institute Conference, New York, NY, Apr. 7-8, 2014.

➢ **Cameron Azari** Speaker, "Class Settlement Update – Legal Notice and Court Expectations." PLI's 19th Annual Consumer Financial Services Institute Conference, Chicago, IL, Apr. 28-29, 2014.

➢ **Stephanie Fiereck** Author, "Planning For The Next Mega-Sized Class Action Settlement." *Law360,* Feb. 2014.

➢ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements - Recent Developments." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 29-30, 2014.

➢ **Cameron Azari** Speaker, "Legal Notice in Building Products Cases." HarrisMartin's Construction Product Litigation Conference, Miami, FL, Oct. 25, 2013.

➢ **Cameron Azari** and **Stephanie Fiereck** Co-Authors, "Class Action Legal Noticing: Plain Language Revisited." *Law360*, Apr. 2013.

➢ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements Getting your Settlement Approved." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 31-Feb. 1, 2013.

➢ **Cameron Azari** Speaker, "Perspectives from Class Action Claims Administrators: Email Notices and Response Rates." CLE International's 8th Annual Class Actions Conference, Los Angeles, CA, May 17-18, 2012.

➢ **Cameron Azari** Speaker, "Class Action Litigation Trends: A Look into New Cases, Theories of Liability & Updates on the Cases to Watch." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 26-27, 2012.

➢ **Lauran Schultz** Speaker, "Legal Notice Best Practices: Building a Workable Settlement Structure." CLE International's 7th Annual Class Action Conference, San Francisco, CA, May 2011.

➢ **Cameron Azari** Speaker, "Data Breaches Involving Consumer Financial Information: Litigation Exposures and Settlement Considerations." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 2011.

➢ **Cameron Azari** Speaker, "Notice in Consumer Class Actions: Adequacy, Efficiency and Best Practices." CLE International's 5th Annual Class Action Conference: Prosecuting and Defending Complex Litigation, San Francisco, CA, 2009.

➢ **Lauran Schultz** Speaker, "Efficiency and Adequacy Considerations in Class Action Media Notice Programs." Chicago Bar Association, Chicago, IL, 2009.

➢ **Cameron Azari** Author, "Clearing the Five Hurdles of Email - Delivery of Class Action Legal Notices." *Thomson Reuters Class Action Litigation Reporter*, June 2008.

➢ **Cameron Azari** Speaker, "Planning for a Smooth Settlement." ACI: Class Action Defense – Complex Settlement Administration for the Class Action Litigator, Phoenix, AZ, 2007.

➢ **Cameron Azari** Speaker, "Structuring a Litigation Settlement." CLE International's 3rd Annual Conference on Class Actions, Los Angeles, CA, 2007.

➢ **Cameron Azari** Speaker, "Noticing and Response Rates in Class Action Settlements." Class Action Bar Gathering, Vancouver, British Columbia, 2007.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements." Skadden Arps Slate Meagher & Flom, LLP, New York, NY, 2006.



➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements." Bridgeport Continuing Legal Education, Class Action and the UCL, San Diego, CA, 2006.

➤ **Stephanie Fiereck** Author, "Consultant Service Companies Assisting Counsel in Class-Action Suits." *New Jersey Lawyer*, Vol. 14, No. 44, Oct. 2005.

➤ **Stephanie Fiereck** Author, "Expand Your Internet Research Toolbox." The American Bar Association, *The Young Lawyer*, Vol. 9, No. 10, July/Aug. 2005.

➤ **Stephanie Fiereck** Author, "Class Action Reform: Be Prepared to Address New Notification Requirements." BNA, Inc. The Bureau of National Affairs, Inc. *Class Action Litigation Report*, Vol. 6, No. 9, May 2005.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements." Stoel Rives Litigation Group, Portland, OR / Seattle, WA / Boise, ID / Salt Lake City, UT, 2005.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements." Stroock & Stroock & Lavan Litigation Group, Los Angeles, CA, 2005.

➤ **Stephanie Fiereck** Author, "Bankruptcy Strategies Can Avert Class Action Crisis." TMA - *The Journal of Corporate* Renewal, Sept. 2004.

➤ **Cameron Azari** Author, "FRCP 23 Amendments: Twice the Notice or No Settlement." Current Developments – Issue II, Aug. 2003.

➤ **Cameron Azari** Speaker, "A Scientific Approach to Legal Notice Communication." Weil Gotshal Litigation Group, New York, NY, 2003.

## JUDICIAL COMMENTS

**Judge David O. Carter,** *In re: California Pizza Kitchen Data Breach Litigation* (Feb. 22, 2023) 8:21-cv-01928 (C.D. Cal.):

> The Court finds that the Class Notice plan provided for in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Consolidated Cases, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

**Judge David Knutson,** *Duggan et al. v. Wings Financial Credit Union* (Feb. 3, 2023) 19AV-cv-20-2163 (Dist. Ct., Dakota Cnty., Minn.):

> The Court finds that notice of the Settlement to the Class was the best notice practicable and complied with the requirements of Due Process.

**Judge Clarence M. Darrow,** *Rivera v. IH Mississippi Valley Credit Union* (Jan. 26, 2023) 2019 CH 299 (Cir. Ct 14th Jud. Cir., Rock Island Cnty., Ill.):

> The Court finds that the distribution of the Notices and the notice methodology were properly implemented in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order. The Court further finds that the Notice was simply written and readily understandable and Class members have received the best notice practicable under the circumstances of the pendency of this action, their right to opt out, their right to object to the settlement, and all other relevant matters. The notices provided to the class met all requirements of due process, 735 ILCS 5/8-2001, et seq., and any other applicable law.



**Judge Andrew M. Lavin,** *Brower v. Northwest Community Credit Union* (Jan. 18, 2023) 20CV38608 (Ore. Dist. Ct. Multnomah Cnty.):

> This Court finds that the distribution of the Class Notice was completed in accordance with the Preliminary Approval/Notice Order, signed September 8, 2022, was made pursuant to ORCP 32 D, and fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.

**Judge Gregory H. Woods,** *Torretto et al. v. Donnelley Financial Solutions, Inc. and Mediant Communications, Inc.* (Jan. 5, 2023) 1:20-cv-02667 (S.D.N.Y.):

> The Court finds that the notice provided to the Class Members was the best notice practicable under the circumstances, and that it complies with the requirements of Rule 23(c)(2).

**Judge Ledricka Thierry,** *Opelousas General Hospital Authority v. Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana* (Dec. 21, 2022) 16-C-3647 (27th Jud. D. Ct. La.):

> Notice given to Class Members and all other interested parties pursuant to this Court's order of October 31, 2022, was reasonably calculated to apprise interested parties of the pendency of the action, the certification of the Class as defined, the terms of the Settlement Agreement, Class Members rights to be represented by private counsel, at their own costs, and Class Members' rights to appear in Court to have their objections heard, and to afford persons or entities within the Class definition an opportunity to exclude themselves from the Class. Such notice complied with all requirements of the federal and state constitutions, including the Due Process Clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as defined…"

**Judge Dale S. Fischer,** *DiFlauro, et al. v. Bank of America, N.A.* (Dec. 19, 2022) 2:20-cv-05692 (C.D. Cal.):

> The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

**Judge Stephen R. Bough,** *Browning et al. v. Anheuser-Busch, LLC* (Dec. 19, 2022) 4:20-cv-00889 (W.D. Mo.):

> The Court has determined that the Notice given to the Classes, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Classes of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. The Court further finds that the Notice given to the Classes was adequate and reasonable.

**Judge Robert E. Payne,** *Haney et al. v. Genworth Life Insurance Co. et al.* (Dec. 12, 2022) 3:22-cv-00055 (E.D. Va.):

> The Court preliminarily approved the Amended Settlement Agreement on July 7, 2022, and directed that notice be sent to the Class. ECF No. 34. The Notice explained the policy election options afforded to class members, how they could communicate with Class Counsel about the Amended Settlement Agreement, their rights and options thereunder, how they could examine certain information on a website that was set up as part of the settlement process, and their right to object to the proposed settlement and opt out of the proposed case. Class members were also informed that they could contact independent counsel of their choice for advice.

> In assessing the adequacy of the Notice, as well as the fairness of the settlement itself, it is important that, according to the record, as of November 1, 2022, the Notice reached more than 99% of the more than 352,000 class members.

> All things considered, the Notice is adequate under the applicable law….



**Judge Danielle Viola,** *Dearing v. Magellan Health, Inc. et al.* (Dec. 5, 2022) CV2020-013648 (Sup. Ct. Cnty. Maricopa, Ariz.):

> *The Court finds that the Notice to the Settlement Class fully complied with the requirements of the Arizona Rules of Civil Procedure and due process, has constituted the best notice practicable under the circumstances, was reasonably calculated to provide, and did provide, due and sufficient notice to Settlement Class Members regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, the rights of Settlement Class Members to exclude themselves from or object to the Settlement, the right to appear at the Final Fairness Hearing, and to receive benefits under the Settlement Agreement.*

**Judge Michael A. Duddy,** *Churchill et al. v. Bangor Savings Bank* (Dec. 5, 2022) BCD-CIV-2021-00027 (Maine Bus. & Consumer Ct.):

> *The Class Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice.*

**Judge Andrew Schulman,** *Guthrie v. Service Federal Credit Union* (Nov. 22, 2022) 218-2021-CV-00160 (Sup. Ct. Rockingham Cnty., N.H.):

> *The notice given to the Settlement Class of the Settlement and the other matters set forth therein was the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said notice provided due and adequate notice of these proceedings and of the matters set forth in the Agreement, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of New Hampshire law and due process.*

**Judge Charlene Edwards Honeywell,** *Stoll et al. v. Musculoskeletal Institute, Chartered d/b/a Florida Orthopaedic Institute* (Nov. 14, 2022) 8:20-cv-01798 (M.D. Fla):

> *The Court finds and determines that the Notice Program, preliminarily approved on May 16, 2022, and implemented on June 15, 2022, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Notice Program involved direct notice via e-mail and postal mail providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.*

**Judge Thomas W. Thrash, Jr.,** *Callen v. Daimler AG and Mercedes-Benz USA, LLC* (Nov. 7, 2022) 1:19-cv-01411 (N.D. Ga.):

> *The Court finds that notice was given in accordance with the Preliminary Approval Order (Dkt. No. 79), and that the form and content of that Notice, and the procedures for dissemination thereof, afforded adequate protections to Class Members and satisfy the requirements of Rule 23(e) and due process and constitute the best notice practicable under the circumstances.*

**Judge Mark Thomas Bailey,** *Snyder et al. v. The Urology Center of Colorado, P.C.* (Oct. 30, 2022) 2021CV33707 (2nd Dist. Ct, Cnty. of Denver Col.):

> *The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Colorado Rules of Civil Procedure, the United States Constitution, and all other applicable law.*



**Judge Amy Berman Jackson**, *In re: U.S. Office of Personnel Management Data Security Breach Litigation* (Oct. 28, 2022) MDL No. 2664, 15-cv-01394 (D.D.C.):

> The Court finds that notice of the Settlement was given to Class Members in accordance with the Preliminary Approval Order, and that it constituted the best notice practicable of the matters set forth therein, including the Settlement, to all individuals entitled to such notice. It further finds that the notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

**Judge John R. Tunheim**, *In re Pork Antitrust Litigation (Commercial and Institutional Indirect Purchaser Actions - CIIPPs)* **(Smithfield Foods, Inc.)** (Oct. 19, 2022) 18-cv-01776 (D. Minn.):

> The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

**Judge Harvey E. Schlesinger**, *In re Disposable Contact Lens Antitrust Litigation* **(Alcon Laboratories, Inc. and Johnson & Johnson Vision Care, Inc.)** (Oct. 12, 2022) 3:15-md-02626 (M.D. Fla):

> The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of (i) the pendency of the Action; (ii) the effect of the Settlement Agreements (including the Releases to be provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreements, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Classes; and (vi) the right to appear at the Fairness Hearing; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreements; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

**Judge George H. Wu**, *Hameed-Bolden et al. v. Forever 21 Retail, Inc. et al.* (Oct. 11, 2022) 2:18-cv-03019 (C.D. Cal):

> [T]he Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted methods that were reasonably calculated to inform the members of the Settlement Class of the Settlement and their rights thereunder; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

**Judge Robert M. Dow, Jr.,** *In re: fairlife Milk Products Marketing and Sales Practices Litigation* (Sept. 28, 2022) MDL No. 2909, 1:19-cv-03924 (N.D. Ill.):

> The Court finds that the Class Notice Program implemented pursuant to the Settlement Agreement and the Order preliminarily approving the Settlement … (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing, and of their right to seek monetary and other relief, (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) met all applicable requirements of due process and any other applicable law.

**Judge Ethan P. Schulman**, *Rodan & Fields LLC; Gorzo et al. v. Rodan & Fields, LLC* (Sept. 28, 2022) CJC-18-004981, CIVDS 1723435 & CGC-18-565628 (Sup. Ct. Cal., Cnty. of San Bernardino & Sup. Ct. Cal. Cnty. of San Francisco):

> The Court finds the Full Notice, Email Notice, Postcard Notice, and Notice of Opt-Out (collectively, the "Notice Packet") and its distribution to Class Members have been implemented pursuant to the Agreement and this Court's Preliminary Approval Order. The Court also finds the Notice Packet: a) Constitutes notice reasonably calculated to apprise Class Members of: (i) the pendency of the class action lawsuit; (ii) the material terms and provisions of the Settlement and their rights; (iii) their right to object to any aspect of the Settlement; (iv) their right to exclude themselves from the Settlement; (v) their right to claim a Settlement Benefit; (vi) their right to



*appear at the Final Approval Hearing; and (vii) the binding effect of the orders and judgment in the class action lawsuit on all Participating Class Members; b) Constitutes notice that fully satisfied the requirements of Code of Civil Procedure section 382, California Rules of Court, rule 3.769, and due process; c) Constitutes the best practicable notice to Class Members under the circumstances of the class action lawsuit; and d) Constitutes reasonable, adequate, and sufficient notice to Class Members.*

**Judge Anthony J Trenga,** ***In Re: Capital One Customer Data Security Breach Litigation*** (Sept. 13, 2022) MDL No. 1:19-md-2915, 1:19-cv-02915 (E.D Va.):

*Pursuant to the Court's direction, the Claims Administrator appointed by the Court implemented a robust notice program … The Notice Plan has been successfully implemented and reached approximately 96 percent of the Settlement Class by the individual notice efforts alone…. Targeted internet advertising and extensive news coverage enhanced public awareness of the Settlement.*

*The Court finds that the Notice Program has been implemented by the Settlement Administrator and the Parties in accordance with the requirements of the Settlement Agreement, and that such Notice Program, including the utilized forms of Notice, constitutes the best notice practicable under the circumstances and satisfies due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement Administrator and Parties have complied with the directives of the Order Granting Preliminary Approval of Class Action Settlement and Directing Notice of Proposed Settlement and the Court reaffirms its findings concerning notice ….*

**Judge Evelio Grillo,** ***Aseltine v. Chipotle Mexican Grill, Inc.*** (Sept. 13, 2022) RG21088118 (Cir. Ct. Cal. Alameda Cnty.):

*The proposed class notice form and procedure are adequate. The email notice is appropriate given the amount at issue for each member of the class.*

**Judge David S. Cunningham,** ***Muransky et al. v. The Cheesecake Factory et al.*** (Sept. 9, 2022) 19 stcv 43875 (Sup. Ct. Cal. Cnty. of Los Angeles):

*The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: (i) constitutes reasonable and the best notice that is practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement and the Class Settlement set forth in the Agreement ("Class Settlement"), and the right of Settlement Class Members to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on May 20, 2022; (iii) constitutes due, adequate, and sufficient notice to all person or entities entitled to receive notice; and (iv) meets the requirements of due process, California Code of Civil Procedure § 382, and California Rules of Court, Rules 3.760-3.771.*

**Judge Steven E. McCullough,** ***Fallis et al. v. Gate City Bank*** (Sept. 9, 2022) 09-2019-cv-04007 (East Cent. Dist. Ct. Cass Cnty. N.D.):

*The Courts finds that the distribution of the Notices and the Notice Program were properly implemented in accordance with N.D. R. Civ. P. 23, the terms of the Agreement, and the Preliminary Approval Order. The Court further finds that the Notice was simply written and readily understandable and that the Notice (a) constitutes the best notice practicable under the circumstances; (b) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of the Agreement and their right to exclude themselves or object to the Agreement and to appear at the Final Approval Hearing; (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (d) meets all applicable requirements of North Dakota law and any other applicable law and due process requirements.*

**Judge Susan N. Burke,** ***Mayo v. Affinity Plus Federal Credit Union*** (Aug. 29, 2022) 27-cv-20-11786 (4th Jud. Dist. Ct. Minn.):

*The Court finds that Notice to the Settlement Class was the best notice practicable and complied with the requirements of Due Process, and that the Notice Program was completed in compliance with the Preliminary Approval Order and the Agreement.*

**Judge Paul A. Engelmayer,** ***In re Morgan Stanley Data Security Litigation*** (Aug. 5, 2022) 1:20-cv-05914 (S.D.N.Y.):

*The Court finds that the emailed and mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and Judge Analisa Torres' Preliminary Approval Order: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice*



*practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to appraise Settlement Class Members of the pendency of this Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Claims Process, and of Class Counsel's application for an award of attorneys' fees, for reimbursement of expenses associated with the Action, and any Service Award; (d) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; (e) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (f) met all applicable requirements of Rule 23 of the Federal Rule of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable rules of law.*

**Judge Denise Page Hood, *Bleachtech L.L.C. v. United Parcel Service Co.* (July 20, 2022) 14-cv-12719 (E.D. Mich.):**

*The Settlement Class Notice Program, consisting of, among other things, the Publication Notice, Long Form Notice, website, and toll-free telephone number, was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Robert E. Payne, *Skochin et al. v. Genworth Life Insurance Company et al.* (June 29, 2022) 3:21-cv-00019 (E.D. Va.):**

*The Court finds that the plan to disseminate the Class Notice and Publication Notice the Court previously approved has been implemented and satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The Class Notice, which the Court approved, clearly defined the Class and explained the rights and obligations of the Class Members. The Class Notice explained how to obtain benefits under the Settlement, and how to contact Class Counsel and the Settlement Administrator. The Court appointed Epiq Class Action & Claims Solutions, Inc. ("Epiq") to fulfill the Settlement Administrator duties and disseminate the Class Notice and Publication Notice. The Class Notice and Publication Notice permitted Class Members to access information and documents about the case to inform their decision about whether to opt out of or object to the Settlement.*

**Judge Fernando M. Olguin, *Johnson v. Moss Bros. Auto Group, Inc. et al.* (June 24, 2022) 5:19-cv-02456 (C.D. Cal.):**

*Here, after undertaking the required examination, the court approved the form of the proposed class notice. (See Dkt. 125, PAO at 18-21). As discussed above, the notice program was implemented by Epiq. (Dkt. 137-3, Azari Decl. at ¶¶ 15-23 & Exhs. 3-4 (Class Notice)). Accordingly, based on the record and its prior findings, the court finds that the class notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, the class members' right to exclude themselves from the action, and their right to object to the proposed settlement….*

**Judge Harvey E. Schlesinger, *Beiswinger v. West Shore Home, LLC* (May 25, 2022) 3:20-cv-01286 (M.D. Fla.):**

*The Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.*

**Judge Scott Kording, *Jackson v. UKG Inc., f/k/a The Ultimate Software Group, Inc.* (May 20, 2022) 2020L0000031 (Cir. Ct. of McLean Cnty., Ill.):**

*The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*



**Judge Denise J. Casper,** *Breda v. Cellco Partnership d/b/a Verizon Wireless* (May 2, 2022) 1:16-cv-11512 (D. Mass.):

> The Court hereby finds Notice of Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied Rule 23 and due process.

**Judge William H. Orrick,** *Maldonado et al. v. Apple Inc. et al.* (Apr. 29, 2022) 3:16-cv-04067 (N.D. Cal.):

> [N]otice of the Class Settlement to the Certified Class was the best notice practicable under the circumstances. The notice satisfied due process and provided adequate information to the Certified Class of all matters relating to the Class Settlement, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

**Judge Laurel Beeler,** *In re: Zoom Video Communications, Inc. Privacy Litigation* (Apr. 21, 2022) 20-cv-02155 (N.D. Cal.):

> Between November 19, 2021, and January 3, 2022, notice was sent to 158,203,160 class members by email (including reminder emails to those who did not submit a claim form) and 189,003 by mail. Of the emailed notices, 14,303,749 were undeliverable, and of that group, Epiq mailed notice to 296,592 class members for whom a physical address was available. Of the mailed notices, efforts were made to ensure address accuracy and currency, and as of March 10, 2022, 11,543 were undeliverable. In total, as of March 10, 2022, notice was accomplished for 144,242,901 class members, or 91% of the total. Additional notice efforts were made by newspaper ... social media, sponsored search, an informational release, and a Settlement Website. Epiq and Class Counsel also complied with the court's prior request that best practices related to the security of class member data be implemented.
>
> [T]he Settlement Administrator provided notice to the class in the form the court approved previously. The notice met all legal prerequisites: it was the best notice practicable, satisfied the requirements of Rule 23(c)(2), adequately advised class members of their rights under the settlement agreement, met the requirements of due process, and complied with the court's order regarding court notice. The forms of notice fairly, plainly, accurately, and reasonably provided class members with all required information ....

**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation* **(Volkswagen)** (Mar. 28, 2022) MDL No. 2599 (S.D. Fla.):

> [T]he Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order ... The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Fᴇᴅ. R. Cɪᴠ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

**Judge James Donato,** *Pennington et al. v. Tetra Tech, Inc. et al.* (Mar. 28, 2022) 3:18-cv-05330 (N.D. Cal.):

> On the Rule 23(e)(1) notice requirement, the Court approved the parties' notice plan, which included postcard notice, email notice, and a settlement website. Dkt. No. 154. The individual notice efforts reached an impressive 100% of the identified settlement class. Dkt. No. 200-223. The Court finds that notice was provided in the best practicable manner to class members who will be bound by the proposal. Fed. R. Civ. P. 23(e)(1).

**Judge Edward J. Davila,** *Cochran et al. v. The Kroger Co. et al.* (Mar. 24, 2022) 5:21-cv-01887 (N.D. Cal.):

> The Court finds that the dissemination of the Notices: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that is appropriate, in a manner, content, and format reasonably calculated, under the circumstances, to apprise Settlement Class Members ...; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United (including the Due Process Clause), and all other applicable laws and rules.



**Judge Sunshine Sykes,** *In re Renovate America Finance Cases* (Mar. 4, 2022) RICJCCP4940 (Sup. Ct. of Cal., Riverside Cnty.):

> The Court finds that notice previously given to Class Members in the Action was the best notice practicable under the circumstances and satisfies the requirements of due process …The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, the Court has jurisdiction over all Class Members.

**Judge David O. Carter,** *Fernandez v. Rushmore Loan Management Services LLC* (Feb. 14, 2022) 8:21-cv-00621 (C. D. Cal.):

> Notice was sent to potential Class Members pursuant to the Settlement Agreement and the method approved by the Court. The Class Notice adequately describes the litigation and the scope of the involved Class. Further, the Class Notice explained the amount of the Settlement Fund, the plan of allocation, that Plaintiff's counsel and Plaintiff will apply for attorneys' fees, costs, and a service award, and the Class Members' option to participate, opt out, or object to the Settlement. The Class Notice consisted of direct notice via USPS, as well as a Settlement Website where Class Members could view the Long Form Notice.

**Judge Otis D. Wright, II,** *In re Toll Roads Litigation* (Feb. 11, 2022) 8:16-cv-00262 (C. D. Cal.):

> The Class Administrator provided notice to members of the Settlement Classes in compliance with the Agreements, due process, and Rule 23. The notice: (i) fully and accurately informed class members about the lawsuit and settlements; (ii) provided sufficient information so that class members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlements; (iii) provided procedures for class members to file written objections to the proposed settlements, to appear at the hearing, and to state objections to the proposed settlements; and (iv) provided the time, date, and place of the final fairness hearing. The Court finds that the Notice provided to the Classes pursuant to the Settlement Agreements and the Preliminary Approval Order and consisting of individual direct postcard and email notice, publication notice, settlement website, and CAFA notice has been successful and (i) constituted the best practicable notice under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to the Settlements or exclude themselves from the Classes, and to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) otherwise met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

**Judge Virginia M. Kendall,** *In re Turkey Antitrust Litigations* **(Commercial and Institutional Indirect Purchaser Plaintiffs' Action)** *Sandee's Bakery d/b/a Sandee's Catering Bakery & Deli et al. v. Agri Stats, Inc.* (Feb. 10, 2022) 1:19-cv-08318 (N.D. Ill.):

> The notice given to the Settlement Class, including individual notice all members of the Settlement Class who could be identified through reasonable efforts, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

**Judge Beth Labson Freeman,** *Ford et al. v. [24]7.ai, Inc.* (Jan. 28, 2022) 5:18-cv-02770 (N.D. Cal.):

> The Court finds that the manner and form of notice (the "Notice Program") set forth in the Settlement Agreement was provided to Settlement Class Members. The Court finds that the Notice Program, as implemented, was the best practicable under the circumstances. The Notice Program was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's fee request, and the request for Service Award for Plaintiffs. The Notice and notice program constituted sufficient notice to all persons entitled to notice. The Notice and notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

**Judge Terrence W. Boyle,** *Abramson et al. v. Safe Streets USA LLC et al.* (Jan. 12, 2022) 5:19-cv-00394 (E.D.N.C.):

> Notice was provided to Settlement Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Settlement Class Members about the Actions and Settlement Agreement; (b) provided sufficient information



*so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (c) provided procedures for Settlement Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Final Approval Hearing.*

**Judge Joan B. Gottschall,** *Mercado et al. v. Verde Energy USA, Inc.* (Dec. 17, 2021) 1:18-cv-02068 (N.D. Ill.):

*In accordance with the Settlement Agreement, Epiq launched the Settlement Website and mailed out settlement notices in accordance with the preliminary approval order. (ECF No. 149). Pursuant to this Court's preliminary approval order, Epiq mailed and emailed notice to the Class on October 1, 2021. Therefore, direct notice was sent and delivered successfully to the vast majority of Class Members.*

*The Class Notice, together with all included and ancillary documents thereto, complied with all the requirements of Rule 23(c)(2)(B) and fairly, accurately, and reasonably informed members of the Class of: (a) appropriate information about the nature of this Litigation, including the class claims, issues, and defenses, and the essential terms of the Settlement Agreement; (b) the definition of the Class; (c) appropriate information about, and means for obtaining additional information regarding, the lawsuit and the Settlement Agreement; (d) appropriate information about, and means for obtaining and submitting, a claim; (e) appropriate information about the right of Class Members to appear through an attorney, as well as the time, manner, and effect of excluding themselves from the Settlement, objecting to the terms of the Settlement Agreement, or objecting to Lead and Class Counsel's request for an award of attorneys' fees and costs, and the procedures to do so; (f) appropriate information about the consequences of failing to submit a claim or failing to comply with the procedures and deadline for requesting exclusion from, or objecting to, the Settlement; and (g) the binding effect of a class judgment on Class Members under Rule 23(c)(3) of the Federal Rules of Civil Procedure.*

*The Court finds that Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of applicable laws and due process.*

**Judge Patricia M. Lucas,** *Wallace v. Wells Fargo* (Nov. 24, 2021) 17CV317775 (Sup. Ct. Cal. Cnty. of Santa Clara):

*On August 29, 2021, a dedicated website was established for the settlement at which class members can obtain detailed information about the case and review key documents, including the long form notice, postcard notice, settlement agreement, complaint, motion for preliminary approval … (Declaration of Cameron R. Azari, Esq. Regarding Implementation and Adequacy of Settlement Notice Program ["Azari Dec."] ¶19). As of October 18, 2021, there were 2,639 visitors to the website and 4,428 website pages presented. (Ibid.).*

*On August 30, 2021, a toll-free telephone number was established to allow class members to call for additional information in English or Spanish, listen to answers to frequently asked questions, and request that a long form notice be mailed to them (Azari Dec. ¶20). As of October 18, 2021, the telephone number handled 345 calls, representing 1,207 minutes of use, and the settlement administrator mailed 30 long form notices as a result of requests made via the telephone number.*

*Also, on August 30, 2021, individual postcard notices were mailed to 177,817 class members. (Azari Dec. ¶14) As of November 10, 2021, 169,404 of those class members successfully received notice. (Supplemental Declaration of Cameron R. Azari, Esq. Regarding Implementation and Adequacy of Settlement Notice Program ["Supp. Azari Dec."] ¶10.).*

**Judge John R. Tunheim,** *In Re Pork Antitrust Litigation (Commercial and Institutional Indirect Purchaser Plaintiff Action)* **(JBS USA Food Company, JBS USA Food Company Holdings)** (Nov. 18, 2021) 18-cv-01776 (D. Minn.):

*The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge H. Russel Holland,** *Coleman v. Alaska USA Federal Credit Union* (Nov. 17, 2021) 3:19-cv-00229 (D. Alaska):

*The Court approved Notice Program has been fully implemented. The Court finds that the Notices given to the Settlement Class fully and accurately informed Settlement Class Members of all material elements of the proposed Settlement and constituted valid, due, and sufficient Notice to Settlement Class Members consistent with all applicable requirements. The Court further finds that the Notice Program satisfies due process.*



**Judge A. Graham Shirley,** *Zanca et al. v. Epic Games, Inc.* (Nov. 16, 2021) 21-CVS-534 (Sup. Ct. Wake Cnty., N.C.):

> Notice has been provided to all members of the Settlement Class pursuant to and in the manner directed by the Preliminary Approval Order. The Notice Plan was properly administered by a highly experienced third-party Settlement Administrator. Proof of the provision of that Notice has been filed with the Court and full opportunity to be heard has been offered to all Parties to the Action, the Settlement Class, and all persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given full compliance with each of the requirements of North Carolina Rule of Civil Procedure 23, due process, and applicable law.

**Judge Judith E. Levy,** *In re Flint Water Cases* (Nov. 10, 2021) 5:16-cv-10444 (E.D. Mich.):

> (1) a "Long Form Notice packet [was] mailed to each Settlement Class member … a list of over 57,000 addresses— [and] over 90% of [the mailings] resulted in successful delivery;" (2) notices were emailed "to addresses that could be determined for Settlement Class members;" and (3) the "Notice Administrator implemented a comprehensive media notice campaign." … The media campaign coupled with the mailing was intended to reach the relevant audience in several ways and at several times so that the class members would be fully informed about the settlement and the registration and objection process.

> The media campaign included publication in the local newspaper … local digital banners … television … and radio spots … banner notices and radio ads placed on Pandora and SoundCloud; and video ads placed on YouTube .... [T]his settlement has received widespread media attention from major news outlets nationwide.

> Plaintiffs submitted an affidavit signed by Azari that details the implementation of the Notice plan .... The affidavit is bolstered by several documents attached to it, such as the declaration of Epiq Class Action and Claims Solutions, Inc.'s Legal Notice Manager, Stephanie J. Fiereck. Azari declared that Epiq "delivered individual notice to approximately 91.5% of the identified Settlement Class" and that the media notice brought the overall notice effort to "in excess of 95%." The Court finds that the notice plan was implemented in an appropriate manner.

> In conclusion, the Court finds that the Notice Plan as implemented, and its content, satisfies due process.

**Judge Vince Chhabria,** *Yamagata et al. v. Reckitt Benckiser LLC* (Oct. 28, 2021) 3:17-cv-03529 (N.D. Cal.):

> The Court directed that Class Notice be given to the Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Settlement Administrator caused the forms of Class Notice to be disseminated as ordered. The Long-form Class Notice advised Class Members of the terms of the Settlement Agreement; the Final Approval Hearing, and their right to appear at such hearing; their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement Agreement; procedures for exercising such rights; and the binding effect of this Order and accompanying Final Judgment, whether favorable or unfavorable, to the Settlement Class.

> The distribution of the Class Notice pursuant to the Class Notice Program constituted the best notice practicable under the circumstances, and fully satisfies the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.

**Judge Otis D. Wright, II,** *Silveira v. M&T Bank* (Oct. 12, 2021) 2:19-cv-06958 (C.D. Cal.):

> Notice was sent to potential class members pursuant to the Settlement Agreement and the method approved by the Court. The Class Notice consisted of direct notice via USPS first class mail, as well as a Settlement Website where Class Members could view and request to be sent the Long Form Notice. The Class Notice adequately described the litigation and the scope of the involved class. Further, the Class Notice explained the amount of the Settlement Fund, the plan of allocation, that Plaintiff's counsel and Plaintiff will apply for attorneys' fees, costs, and a service award, and the class members' option to participate, opt out, or object to the settlement.

**Judge Timothy J. Korrigan,** *Smith v. Costa Del Mar, Inc.* (Sept. 21, 2021) 3:18-cv-01011 (M.D. Fla.):

> Following preliminary approval, the settlement administrator carried out the notice program .... The settlement administrator sent a summary notice and long-form notice to all class members, sent CAFA notice to federal and state officials … and established a website with comprehensive information about the settlement .... Email notice was sent to class members with email addresses, and postcards were sent to class members with only physical addresses .... Multiple attempts were made to contact class members in some cases, and all notices



*directed recipients to a website where they could access settlement information .... A paid online media plan was implemented for class members for whom the settlement administrator did not have data .... When the notice program was complete, the settlement administrator submitted a declaration stating that the notice and paid media plan reached at least seventy percent of potential class members .... [N]otices had been delivered via postcards or email to 939,400 of the 939,479 class members to whom the settlement administrator sent notice—a ninety-nine and a half percent deliverable rate....*

*Notice was disseminated in accordance with the Preliminary Approval Order .... Federal Rule of Civil Procedure 23(c)(2)(B) requires that notice be "the best notice that is practicable under the circumstances." Upon review of the notice materials … and of Azari's Declaration … regarding the notice program, the Court is satisfied with the way in which the notice program was carried out. Class notice fully complied with Rule 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and was sufficient notice to all persons entitled to notice of the settlement of this lawsuit.*

**Judge Jose E. Martinez,** *Kukorinis v. Walmart, Inc.* (Sept. 20, 2021) 1:19-cv-20592 (S.D. Fla.):

*[T]he Court approved the appointment of Epiq Class Action and Claims Solutions, Inc. as the Claims Administrator with the responsibility of implementing the notice requirements approved in the Court's Order of Approval .... The media plan included various forms of notice, utilizing national consumer print publications, internet banner advertising, social media, sponsored search, and a national informational release .... According to the Azari Declaration, the Court-approved Notice reached approximately seventy-five percent (75%) of the Settlement Class on an average of 3.5 times per Class Member ....*

*Pertinently, the Claims Administrator implemented digital banner notices across certain social media platforms, including Facebook and Instagram, which linked directly to the Settlement Website … the digital banner notices generated approximately 522.6 million adult impressions online .... [T]he Court finds that notice was "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."*

**Judge Steven L. Tiscione,** *Fiore et al. v. Ingenious Designs, LLC* (Sept. 10, 2021) 1:18-cv-07124 (E.D.N.Y.):

*Following the Court's Preliminary Approval of the Settlement, the Notice Plan was effectuated by the Parties and the appointed Claims Administrator, Epiq Systems. The Notice Plan included a direct mailing to Class members who could be specifically identified, as well as nationwide notice by publication, social media and retailer displays and posters. The Notice Plan also included the establishment of an informational website and toll-free telephone number. The Court finds the Parties completed all settlement notice obligations imposed in the Order Preliminarily Approving Settlement. In addition, Defendants through the Class Administrator, sent the requisite CAFA notices to 57 federal and state officials. The class notices constitute "the best notice practicable under the circumstances," as required by Rule 23(c)(2).*

**Judge John S. Meyer,** *Lozano v. CodeMetro, Inc.* (Sept. 8, 2021) 37-2020-00022701 (Sup. Ct. Cal. Cnty. of San Diego):

*The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Settlement, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.*

**Judge Mae A. D'Agostino,** *Thompson et al. v. Community Bank, N.A.* (Sept. 8, 2021) 8:19-cv-0919 (N.D.N.Y.):

*Prior to distributing Notice to the Settlement Class members, the Settlement Administrator established a website, … as well as a toll-free line that Settlement Class members could access or call for any questions or additional information about the proposed Settlement, including the Long Form Notice. Once Settlement Class members were identified via Defendant's business records, the Notices attached to the Agreement and approved by the Court were sent to each Settlement Class member. For Current Account Holders who have elected to receive bank communications via email, Email Notice was delivered. To Past Defendant Account Holders, and Current Account Holders who have not elected to receive communications by email or for whom*



*the Defendant does not have a valid email address, Postcard Notice was delivered by U.S. Mail. The Settlement Administrator mailed 36,012 Postcard Notices and sent 16,834 Email Notices to the Settlement Class, and as a result of the Notice Program, 95% of the Settlement Class received Notice of the Settlement.*

**Judge Anne-Christine Massullo,** *UFCW & Employers Benefit Trust v. Sutter Health et al.* (Aug. 27, 2021) CGC 14-538451 consolidated with CGC-18-565398 (Sup. Ct. of Cal., Cnty. of San Fran.):

*The notice of the Settlement provided to the Class constitutes due, adequate and sufficient notice and the best notice practicable under the circumstances, and meets the requirements of due process, the laws of the State of California, and Rule 3.769(f) of the California Rules of Court.*

**Judge Graham C. Mullen,** *In re: Kaiser Gypsum Company, Inc. et al.* (July 27, 2021) 16-cv-31602 (W.D.N.C.):

*[T]the Declaration of Cameron R. Azari, Esq. on Implementation of Notice Regarding the Joint Plan of Reorganization of Kaiser Gypsum Company, Inc. and Hanson Permanente Cement, Inc. … (the "Notice Declaration") was filed with the Bankruptcy Court on July 1, 2020, attesting to publication notice of the Plan.*

*[T]he Court has reviewed the Plan, the Disclosure Statement, the Disclosure Statement Order, the Voting Agent Declaration, the Affidavits of Service, the Publication Declaration, the Notice Declaration, the Memoranda of Law, the Declarations, the Truck Affidavits and all other pleadings before the Court in connection with the Confirmation of the Plan, including the objections filed to the Plan. The Plan is hereby confirmed in its entirety ....*

**Judge Anne-Christine Massullo,** *Morris v. Provident Credit Union* (June 23, 2021) CGC-19-581616 (Sup. Ct. Cal. Cnty. of San Fran.):

*The Notice approved by this Court was distributed to the Classes in substantial compliance with this Court's Order Certifying Classes for Settlement Purposes and Granting Preliminary Approval of Class Settlement ("Preliminary Approval Order") and the Agreement. The Notice met the requirements of due process and California Rules of Court, rules 3.766 and 3.769(f). The notice to the Classes was adequate.*

**Judge Esther Salas,** *Sager et al. v. Volkswagen Group of America, Inc. et al.* (June 22, 2021) 18-cv-13556 (D.N.J.):

*The Court further finds and concludes that Class Notice was properly and timely disseminated to the Settlement Class in accordance with the Class Notice Plan set forth in the Settlement Agreement and the Preliminary Approval Order (Dkt. No. 69). The Class Notice Plan and its implementation in this case fully satisfy Rule 23, the requirements of due process and constitute the best notice practicable under the circumstances.*

**Judge Josephine L. Staton,** *In re: Hyundai and Kia Engine Litigation and Flaherty v. Hyundai Motor Company, Inc. et al.* (June 10, 2021) 8:17-cv-00838 and 18-cv-02223 (C.D. Cal.):

*The Class Notice was disseminated in accordance with the procedures required by the Court's Orders … in accordance with applicable law, and satisfied the requirements of Rule 23(e) and due process and constituted the best notice practicable for the reasons discussed in the Preliminary Approval Order and Final Approval Order.*

**Judge Harvey Schlesinger,** *In re: Disposable Contact Lens Antitrust Litigation* (ABB Concise Optical Group, LLC) (May 31, 2021) 3:15-md-02626 (M.D. Fla.):

*The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of (i) the pendency of the Action; (ii) the effect of the Settlement Agreement (including the Releases to be provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreement, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Class; (vi) the right to appear at the Fairness Hearing; and (vii) the fact that Plaintiffs may receive incentive awards; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreement; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).*

**Judge Haywood S. Gilliam, Jr.** *Richards et al. v. Chime Financial, Inc.* (May 24, 2021) 4:19-cv-06864 (N.D. Cal.):

*The Court finds that the notice and notice plan previously approved by the Court was implemented and*



*complies with Rule 23(c)(2)(B) … The Court ordered that the third-party settlement administrator send class notice via email based on a class list Defendant provided … Epiq Class Action & Claims Solutions, Inc., the third-party settlement administrator, represents that class notice was provided as directed …. Epiq received a total of 527,505 records for potential Class Members, including their email addresses …. If the receiving email server could not deliver the message, a "bounce code" was returned to Epiq indicating that the message was undeliverable …. Epiq made two additional attempts to deliver the email notice …. As of Mach 1, 2021, a total of 495,006 email notices were delivered, and 32,499 remained undeliverable …. In light of these facts, the Court finds that the parties have sufficiently provided the best practicable notice to the Class Members.*

**Judge Henry Edward Autrey,** *Pearlstone v. Wal-Mart Stores, Inc.* (Apr. 22, 2021) 4:17-cv-02856 (C.D. Cal.):

*The Court finds that adequate notice was given to all Settlement Class Members pursuant to the terms of the Parties' Settlement Agreement and the Preliminary Approval Order. The Court has further determined that the Notice Plan fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule 23(c)(2) and 23(e)(1), applicable law, and the Due Process Clause of the United States Constitution.*

**Judge Lucy H. Koh,** *Grace v. Apple, Inc.* (Mar. 31, 2021) 17-cv-00551 (N.D. Cal.):

*Federal Rule of Civil Procedure 23(c)(2)(B) requires that the settling parties provide class members with "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The Court finds that the Notice Plan, which was direct notice sent to 99.8% of the Settlement Class via email and U.S. Mail, has been implemented in compliance with this Court's Order (ECF No. 426) and complies with Rule 23(c)(2)(B).*

**Judge Gary A. Fenner,** *In re: Pre-Filled Propane Tank Antitrust Litigation* (Mar. 30, 2021) MDL No. 2567, 14-cv-02567 (W.D. Mo.):

*Based upon the Declaration of Cameron Azari, on behalf of Epiq, the Administrator appointed by the Court, the Court finds that the Notice Program has been properly implemented. That Declaration shows that there have been no requests for exclusion from the Settlement, and no objections to the Settlement. Finally, the Declaration reflects that AmeriGas has given appropriate notice of this settlement to the Attorney General of the United States and the appropriate State officials under the Class Action Fairness Act, 28 U.S.C. § 1715, and no objections have been received from any of them.*

**Judge Richard Seeborg,** *Bautista v. Valero Marketing and Supply Company* (Mar. 17, 2021) 3:15-cv-05557 (N.D. Cal.):

*The Notice given to the Settlement Class in accordance with the Notice Order was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.*

**Judge James D. Peterson,** *Fox et al. v. Iowa Health System d.b.a. UnityPoint Health* (Mar. 4, 2021) 18-cv-00327 (W.D. Wis.):

*The approved Notice plan provided for direct mail notice to all class members at their last known address according to UnityPoint's records, as updated by the administrator through the U.S. Postal Service. For postcards returned undeliverable, the administrator tried to find updated addresses for those class members. The administrator maintained the Settlement website and made Spanish versions of the Long Form Notice and Claim Form available upon request. The administrator also maintained a toll-free telephone line which provides class members detailed information about the settlement and allows individuals to request a claim form be mailed to them.*

*The Court finds that this Notice (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class members of the Settlement, the effect of the Settlement (including the release therein), and their right to object to the terms of the settlement and appear at the Final Approval Hearing; (iii) constituted due and sufficient notice of the Settlement to all reasonably identifiable persons entitled to receive such notice; (iv) satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(1) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all applicable laws and rules.*



**Judge Larry A. Burns, *Trujillo et al. v. Ametek, Inc. et al.*** (Mar. 3, 2021) 3:15-cv-01394 (S.D. Cal.):

*The Class has received the best practicable notice under the circumstances of this case. The Parties' selection and retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator was reasonable and appropriate. Based on the Declaration of Cameron Azari of Epiq, the Court finds that the Settlement Notices were published to the Class Members in the form and manner approved by the Court in its Preliminary Approval Order. See Dkt. 181-6. The Settlement Notices provided fair, effective, and the best practicable notice to the Class of the Settlement's terms. The Settlement Notices informed the Class of Plaintiffs' intent to seek attorneys' fees, costs, and incentive payments, set forth the date, time, and place of the Fairness Hearing, and explained Class Members' rights to object to the Settlement or Fee Motion and to appear at the Fairness Hearing .... The Settlement Notices fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure, the requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process rights under the U.S. Constitution and California Constitutions.*

**Judge Sherri A. Lydon, *Fitzhenry v. Independent Home Products, LLC*** (Mar. 2, 2021) 2:19-cv-02993 (D.S.C.):

*Notice was provided to Class Members in compliance with Section VI of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.*

**Judge James V. Selna, *Alvarez v. Sirius XM Radio Inc.*** (Feb. 9, 2021) 2:18-cv-08605 (C.D. Cal.):

*The Court finds that the dissemination of the Notices attached as Exhibits to the Settlement Agreement: (a) was implemented in accordance with the Notice Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the Releases to be provided thereunder); (v) Named Plaintiffs' application for the payment of Service Awards; (vi) Class Counsel's motion for an award an attorneys' fees and expenses; (vii) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for attorneys' fees and expenses (including a Service Award to the Named Plaintiffs and Mr. Wright); and (viii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.*

**Judge Jon S. Tigar, *Elder v. Hilton Worldwide Holdings, Inc.*** (Feb. 4, 2021) 16-cv-00278 (N.D. Cal.):

*"Epiq implemented the notice plan precisely as set out in the Settlement Agreement and as ordered by the Court." ECF No. 162 at 9-10. Epiq sent initial notice by email to 8,777 Class Members and by U.S. Mail to the remaining 1,244 Class members. Id. at 10. The Notice informed Class Members about all aspects of the Settlement, the date and time of the fairness hearing, and the process for objections. ECF No. 155 at 28-37. Epiq then mailed notice to the 2,696 Class Members whose emails were returned as undeliverable. Id. "Of the 10,021 Class Members identified from Defendants' records, Epiq was unable to deliver the notice to only 35 Class Members. Accordingly, the reach of the notice is 99.65%." Id. (citation omitted). Epiq also created and maintained a settlement website and a toll-free hotline that Class Members could call if they had questions about the settlement. Id.*

*The Court finds that the parties have complied with the Court's preliminary approval order and, because the notice plan complied with Rule 23, have provided adequate notice to class members.*

**Judge Michael W. Jones, *Wallace et al. v. Monier Lifetile LLC et al.*** (Jan. 15, 2021) SCV-16410 (Sup. Ct. Cal.):

*The Court also finds that the Class Notice and notice process were implemented in accordance with the Preliminary Approval Order, providing the best practicable notice under the circumstances.*



**Judge Kristi K. DuBose,** *Drazen v. GoDaddy.com, LLC* **and** *Bennett v. GoDaddy.com, LLC* (Dec. 23, 2020) 1:19-cv-00563 (S.D. Ala.):

> *The Court finds that the Notice and the claims procedures actually implemented satisfy due process, meet the requirements of Rule 23(e)(1), and the Notice constitutes the best notice practicable under the circumstances.*

**Judge Haywood S. Gilliam, Jr.,** *Izor v. Abacus Data Systems, Inc.* (Dec. 21, 2020) 19-cv-01057 (N.D. Cal.):

> *The Court finds that the notice plan previously approved by the Court was implemented and that the notice thus satisfied Rule 23(c)(2)(B). [T]he Court finds that the parties have sufficiently provided the best practicable notice to the class members.*

**Judge Christopher C. Conner,** *Al's Discount Plumbing et al. v. Viega, LLC* (Dec. 18, 2020) 19-cv-00159 (M.D. Pa.):

> *The Court finds that the notice and notice plan previously approved by the Court was implemented and complies with Fed. R. Civ. P. 23(c)(2)(B) and due process. Specifically, the Court ordered that the third-party Settlement Administrator, Epiq, send class notice via email, U.S. mail, by publication in two recognized industry magazines, Plumber and PHC News, in both their print and online digital forms, and to implement a digital media campaign. (ECF 99). Epiq represents that class notice was provided as directed. See Declaration of Cameron R. Azari, ¶¶ 12-15 (ECF 104-13).*

**Judge Naomi Reice Buchwald,** *In re: Libor-Based Financial Instruments Antitrust Litigation* (Dec. 16, 2020) MDL No. 2262, 1:11-md-02262 (S.D.N.Y.):

> *Upon review of the record, the Court hereby finds that the forms and methods of notifying the members of the Settlement Classes and their terms and conditions have met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all members of the Settlement Classes of these proceedings and the matters set forth herein, including the Settlements, the Plan of Allocation and the Fairness Hearing. Therefore, the Class Notice is finally approved.*

**Judge Larry A. Burns,** *Cox et al. Ametek, Inc. et al.* (Dec 15, 2020) 3:17-cv-00597 (S.D. Cal.):

> *The Class has received the best practicable notice under the circumstances of this case. The Parties' selection and retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator was reasonable and appropriate. Based on the Declaration of Cameron Azari of Epiq, the Court finds that the Settlement Notices were published to the Class Members in the form and manner approved by the Court in its Preliminary Approval Order. See Dkt. 129-6. The Settlement Notices provided fair, effective, and the best practicable notice to the Class of the Settlement's terms. The Settlement Notices informed the Class of Plaintiffs' intent to seek attorneys' fees, costs, and incentive payments, set forth the date, time, and place of the Fairness Hearing, and explained Class Members' rights to object to the Settlement or Fee Motion and to appear at the Fairness Hearing … The Settlement Notices fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure, the requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process rights under the U.S. Constitution and California Constitutions.*

**Judge Timothy J. Sullivan,** *Robinson v. Nationstar Mortgage LLC* (Dec. 11, 2020) 8:14-cv-03667 (D. Md.):

> *The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the United States Constitution, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The Class Notice fully satisfied the requirements of Due Process.*

**Judge Yvonne Gonzalez Rogers,** *In re: Lithium Ion Batteries Antitrust Litigation* (Dec. 10, 2020) MDL No. 2420, 4:13-md-02420 (N.D. Cal.):

> *The proposed notice plan was undertaken and carried out pursuant to this Court's preliminary approval order prior to remand, and a second notice campaign thereafter. (See Dkt. No. 2571.) The class received direct and indirect notice through several methods – email notice, mailed notice upon request, an informative settlement website, a telephone support line, and a vigorous online campaign. Digital banner advertisements were targeted specifically to settlement class members, including on Google and Yahoo's ad networks, as well as*



*Facebook and Instagram, with over 396 million impressions delivered. Sponsored search listings were employed on Google, Yahoo and Bing, resulting in 216,477 results, with 1,845 clicks through to the settlement website. An informational release was distributed to 495 media contacts in the consumer electronics industry. The case website has continued to be maintained as a channel for communications with class members. Between February 11, 2020 and April 23, 2020, there were 207,205 unique visitors to the website. In the same period, the toll-free telephone number available to class members received 515 calls.*

**Judge Katherine A. Bacal,** *Garvin v. San Diego Unified Port District* (Nov. 20, 2020) 37-2020-00015064 (Sup. Ct. Cal.):

*Notice was provided to Class Members in compliance with the Settlement Agreement, California Code of Civil Procedure §382 and California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing notice to all individual Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The Notice fully satisfied the requirements of due process.*

**Judge Catherine D. Perry,** *Pirozzi et al. v. Massage Envy Franchising, LLC* (Nov. 13, 2020) 4:19-cv-807 (E.D. Mo.):

*The COURT hereby finds that the CLASS NOTICE given to the CLASS: (i) fairly and accurately described the ACTION and the proposed SETTLEMENT; (ii) provided sufficient information so that the CLASS MEMBERS were able to decide whether to accept the benefits offered by the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT; (iii) adequately described the time and manner by which CLASS MEMBERS could submit a CLAIM under the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING. The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances, constituted a reasonable manner of notice to all class members who would be bound by the SETTLEMENT, and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.*

**Judge Robert E. Payne,** *Skochin et al. v. Genworth Life Insurance Company et al.* (Nov. 12, 2020) 3:19-cv-00049 (E.D. Va.):

*For the reasons set forth in the Court's Memorandum Opinion addressing objections to the Settlement Agreement, … the plan to disseminate the Class Notice and Publication Notice, which the Court previously approved, has been implemented and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process.*

**Judge Jeff Carpenter,** *Eastwood Construction LLC et al. v. City of Monroe* (Oct. 27, 2020) 18-cvs-2692 and *The Estate of Donald Alan Plyler Sr. et al. v. City of Monroe* (Oct. 27, 2020) 19-cvs-1825 (Sup. Ct. N.C.):

*The Settlement Agreement and the Settlement Notice are found to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and are hereby approved pursuant to North Carolina Rule of Civil Procedure 23. The Parties are hereby authorized and directed to comply with and to consummate the Settlement Agreement in accordance with the terms and provisions set forth in the Settlement Agreement, and the Clerk of the Court is directed to enter and docket this Order and Final Judgement in the Actions.*

**Judge M. James Lorenz,** *Walters et al. v. Target Corp.* (Oct. 26, 2020) 3:16-cv-1678 (S.D. Cal.):

*The Court has determined that the Class Notices given to Settlement Class members fully and accurately informed Settlement Class members of all material elements of the proposed Settlement and constituted valid, due, and sufficient notice to Settlement Class members consistent with all applicable requirements. The Court further finds that the Notice Program satisfies due process and has been fully implemented.*

**Judge Maren E. Nelson,** *Harris et al. v. Farmers Insurance Exchange and Mid Century Insurance Company* (Oct. 26, 2020) BC 579498 (Sup. Ct. Cal.):

*Distribution of Notice directed to the Settlement Class Members as set forth in the Settlement has been completed in conformity with the Preliminary Approval Order, including individual notice to all Settlement Class members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice, which reached 99.9% of all Settlement Class Members, provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to Notice, and the Notice and its distribution fully satisfied the requirements of due process.*



**Judge Vera M. Scanlon,** *Lashambae v. Capital One Bank, N.A.* (Oct. 21, 2020) 1:17-cv-06406 (E.D.N.Y.):

> The Class Notice, as amended, contained all of the necessary elements, including the class definition, the identifies of the named Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in which objections may be submitted, information regarding the opt-out procedures and deadlines, and the date and location of the Final Approval Hearing. Notice was successfully delivered to approximately 98.7% of the Settlement Class and only 78 individual Settlement Class Members did not receive notice by email or first class mail.

> Having reviewed the content of the Class Notice, as amended, and the manner in which the Class Notice was disseminated, this Court finds that the Class Notice, as amended, satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules. The Class Notice, as amended, provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and provided this Court with jurisdiction over the absent Settlement Class Members. See Fed. R. Civ. P. 23(c)(2)(B).

**Chancellor Walter L. Evans,** *K.B., by and through her natural parent, Jennifer Qassis, and Lillian Knox-Bender v. Methodist Healthcare - Memphis Hospitals* (Oct. 14, 2020) CH-13-04871-1 (30th Jud. Dist. Tenn.):

> Based upon the filings and the record as a whole, the Court finds and determines that dissemination of the Class Notice as set forth herein complies with Tenn. R. Civ. P. 23.03(3) and 23.05 and (i) constitutes the best practicable notice under the circumstances, (ii) was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of Class Settlement, their rights to object to the proposed Settlement, (iii) was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, (iv) meets all applicable requirements of Due Process; (v) and properly provides notice of the attorney's fees that Class Counsel shall seek in this action. As a result, the Court finds that Class Members were properly notified of their rights, received full Due Process ....

**Judge Sara L. Ellis,** *Nelson v. Roadrunner Transportation Systems, Inc.* (Sept. 15, 2020) 1:18-cv-07400 (N.D. Ill.):

> Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiff have been provided to Settlement Class Members as directed by this Court's Orders.

> The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

**Judge George H. Wu,** *Lusnak v. Bank of America, N.A.* (Aug. 10, 2020) 14-cv-01855 (C.D. Cal.):

> The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties. The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Lawsuit, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

**Judge James Lawrence King,** *Dasher v. RBC Bank (USA) predecessor in interest to PNC Bank, N.A.* (Aug. 10, 2020) 1:10-cv-22190 (S.D. Fla.) as part of *In re: Checking Account Overdraft Litigation* MDL No. 2036 (S.D. Fla.):

> The Court finds that the members of the Settlement Class were provided with the best practicable notice; the notice was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15). This Settlement was widely publicized, and any member of the Settlement Class who wished to express comments or objections had ample opportunity and means to do so.



**Judge Jeffrey S. Ross,** *Lehman v. Transbay Joint Powers Authority et al.* (Aug. 7, 2020) CGC-16-553758 (Sup. Ct. Cal.):

> *The Notice approved by this Court was distributed to the Settlement Class Members in compliance with this Court's Order Granting Preliminary Approval of Class Action Settlement, dated May 8, 2020. The Notice provided to the Settlement Class Members met the requirements of due process and constituted the best notice practicable in the circumstances. Based on evidence and other material submitted in conjunction with the final approval hearing, notice to the class was adequate.*

**Judge Jean Hoefer Toal,** *Cook et al. v. South Carolina Public Service Authority et al.* (July 31, 2020) 2019-CP-23-6675 (Ct. of Com. Pleas. 13th Jud. Cir. S.C.):

> *Notice was sent to more than 1.65 million Class members, published in newspapers whose collective circulation covers the entirety of the State, and supplemented with internet banner ads totaling approximately 12.3 million impressions. The notices directed Class members to the settlement website and toll-free line for additional inquiries and further information. After this extensive notice campaign, only 78 individuals (0.0047%) have opted-out, and only nine (0.00054%) have objected. The Court finds this response to be overwhelmingly favorable.*

**Judge Peter J. Messitte,** *Jackson et al. v. Viking Group, Inc. et al.* (July 28, 2020) 8:18-cv-02356 (D. Md.):

> *[T]he Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order as amended. The Court finds that the Notice Plan: (i) constitutes the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Lawsuit and the terms of the Settlement, their right to exclude themselves from the Settlement, or to object to any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.*

**Judge Michael P. Shea,** *Grayson et al. v. General Electric Company* (July 27, 2020) 3:13-cv-01799 (D. Conn.):

> *Pursuant to the Preliminary Approval Order, the Settlement Notice was mailed, emailed and disseminated by the other means described in the Settlement Agreement to the Class Members. This Court finds that this notice procedure was (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Civil Action and of their right to object to or exclude themselves from the proposed Settlement; and (iii) reasonable and constitutes due, adequate, and sufficient notice to all entities and persons entitled to receive notice.*

**Judge Gerald J. Pappert,** *Rose v. The Travelers Home and Marine Insurance Company et al.* (July 20, 2020) 19-cv-00977 (E.D. Pa.):

> *The Class Notice … has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. Such Class Notice (i) constituted the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency and nature of this Action, the definition of the Settlement Class, the terms of the Settlement Agreement, the rights of the Settlement Class to exclude themselves from the settlement or to object to any part of the settlement, the rights of the Settlement Class to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Settlement Agreement on all persons who do not exclude themselves from the Settlement Class, (iii) provided due, adequate, and sufficient notice to the Settlement Class; and (iv) fully satisfied all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.*

**Judge Christina A. Snyder,** *Waldrup v. Countrywide Financial Corporation et al.* (July 16, 2020) 2:13-cv-08833 (C.D. Cal.):

> *The Court finds that mailed and publication notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and FED. R. CIV. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members. The Court further finds that all requirements of statute*



*(including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied.*

**Judge James Donato,** *Coffeng et al. v. Volkswagen Group of America, Inc.* (June 10, 2020) 17-cv-01825 (N.D. Cal.):

*The Court finds that, as demonstrated by the Declaration and Supplemental Declaration of Cameron Azari, and counsel's submissions, Notice to the Settlement Class was timely and properly effectuated in accordance with FED. R. CIV. P. 23(e) and the approved Notice Plan set forth in the Court's Preliminary Approval Order. The Court finds that said Notice constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

**Judge Michael W. Fitzgerald,** *Behfarin v. Pruco Life Insurance Company et al.* (June 3, 2020) 17-cv-05290 (C.D. Cal.):

*The Court finds that the requirements of Rule 23 of the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied ....*

*This Court finds that the Claims Administrator caused notice to be disseminated to the Class in accordance with the plan to disseminate Notice outlined in the Settlement Agreement and the Preliminary Approval Order, and that Notice was given in an adequate and sufficient manner and complies with Due Process and Fed. R. Civ. P. 23.*

**Judge Nancy J. Rosenstengel,** *First Impressions Salon, Inc. et al. v. National Milk Producers Federation et al.* (Apr. 27, 2020) 3:13-cv-00454 (S.D. Ill.):

*The Court finds that the Notice given to the Class Members was completed as approved by this Court and complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The settlement Notice Plan was modeled on and supplements the previous court-approved plan and, having been completed, constitutes the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided Class members due and adequate notice of the Settlement, the Settlement Agreement, the Plan of Distribution, these proceedings, and the rights of Class members to opt-out of the Class and/or object to Final Approval of the Settlement, as well as Plaintiffs' Motion requesting attorney fees, costs, and Class Representative service awards.*

**Judge Harvey Schlesinger,** *In re: Disposable Contact Lens Antitrust Litigation* **(CooperVision, Inc.)** (Mar. 4, 2020) 3:15-md-02626 (M.D. Fla.):

*The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Orders; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of (i) the pendency of the Action; (ii) the effect of the Settlement Agreements (including the Releases to the provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreements, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt-out of the Settlement Classes; (vi) the right to appear at the Fairness Hearing; and (vii) the fact that Plaintiffs may receive incentive awards; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreement and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).*

**Judge Amos L. Mazzant,** *Stone et al. v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* (Mar. 3, 2020) 4:17-cv-00001 (E.D. Tex.):

*The Court has reviewed the Notice Plan and its implementation and efficacy, and finds that it constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e) of the Federal Rules of Civil Procedure.*

*In addition, Class Notice clearly and concisely stated in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Equitable Relief Settlement Class; (iii) the claims and issues of the Equitable Relief Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3).*



**Judge Michael H. Simon,** *In re: Premera Blue Cross Customer Data Security Breach Litigation* (Mar. 2, 2020) MDL No. 2633, 3:15-md-2633 (D. Ore.):

> The Court confirms that the form and content of the Summary Notice, Long Form Notice, Publication Notice, and Claim Form, and the procedure set forth in the Settlement for providing notice of the Settlement to the Class, were in full compliance with the notice requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e), fully, fairly, accurately, and adequately advised members of the Class of their rights under the Settlement, provided the best notice practicable under the circumstances, fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and afforded Class Members with adequate time and opportunity to file objections to the Settlement and attorney's fee motion, submit Requests for Exclusion, and submit Claim Forms to the Settlement Administrator.

**Judge Maxine M. Chesney,** *McKinney-Drobnis et al. v. Massage Envy Franchising* (Mar. 2, 2020) 3:16-cv-06450 (N.D. Cal.):

> The COURT hereby finds that the individual direct CLASS NOTICE given to the CLASS via email or First Class U.S. Mail (i) fairly and accurately described the ACTION and the proposed SETTLEMENT; (ii) provided sufficient information so that the CLASS MEMBERS were able to decide whether to accept the benefits offered by the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT; (iii) adequately described the manner in which CLASS MEMBERS could submit a VOUCHER REQUEST under the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING. The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.

**Judge Harry D. Leinenweber,** *Albrecht v. Oasis Power, LLC d/b/a Oasis Energy* (Feb. 6, 2020) 1:18-cv-01061 (N.D. Ill.):

> The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

> The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

**Judge Robert Scola, Jr.,** *Wilson et al. v. Volkswagen Group of America, Inc. et al.* (Jan. 28, 2020) 17-cv-23033 (S.D. Fla.):

> The Court finds that the Class Notice, in the form approved by the Court, was properly disseminated to the Settlement Class pursuant to the Notice Plan and constituted the best practicable notice under the circumstances. The forms and methods of the Notice Plan approved by the Court met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

**Judge Michael Davis,** *Garcia v. Target Corporation* (Jan. 27, 2020) 16-cv-02574 (D. Minn.):

> The Court finds that the Notice Plan set forth in Section 4 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.



**Judge Bruce Howe Hendricks,** *In re: TD Bank, N.A. Debit Card Overdraft Fee Litigation* (Jan. 9, 2020) MDL No. 2613, 6:15-MN-02613 (D.S.C.):

>The Classes have been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Declaration of Cameron R. Azari (ECF No. 220-1) and the Supplemental Declaration of Cameron R. Azari (ECF No. 225-1), the Court hereby finds that notice was accomplished in accordance with the Court's directives. The Court further finds that the notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process and Federal Rule 23.

**Judge Margo K. Brodie,** *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (Dec. 13, 2019) MDL No. 1720, 05-md-01720 (E.D.N.Y.):

>The notice and exclusion procedures provided to the Rule 23(b)(3) Settlement Class, including but not limited to the methods of identifying and notifying members of the Rule 23(b)(3) Settlement Class, were fair, adequate, and sufficient, constituted the best practicable notice under the circumstances, and were reasonably calculated to apprise members of the Rule 23(b)(3) Settlement Class of the Action, the terms of the Superseding Settlement Agreement, and their objection rights, and to apprise members of the Rule 23(b)(3) Settlement Class of their exclusion rights, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, any other applicable laws or rules of the Court, and due process.

**Judge Steven Logan,** *Knapper v. Cox Communications, Inc.* (Dec. 13, 2019) 2:17-cv-00913 (D. Ariz.):

>The Court finds that the form and method for notifying the class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order (Doc. 120). The Court further finds that the notice satisfied due process principles and the requirements of Federal Rule of Civil Procedure 23(c), and the Plaintiff chose the best practicable notice under the circumstances. The Court further finds that the notice was clearly designed to advise the class members of their rights.

**Judge Manish Shah,** *Prather v. Wells Fargo Bank, N.A.* (Dec. 10, 2019) 1:17-cv-00481 (N.D. Ill.):

>The Court finds that the Notice Plan set forth in Section VIII of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

**Judge Liam O'Grady,** *Liggio v. Apple Federal Credit Union* (Dec. 6, 2019) 1:18-cv-01059 (E.D. Va.):

>The Court finds that the manner and form of notice (the "Notice Plan") as provided for in this Court's July 2, 2019 Order granting preliminary approval of class settlement, and as set forth in the Parties' Settlement Agreement was provided to Settlement Class Members by the Settlement Administrator …. The Notice Plan was reasonably calculated to give actual notice to Settlement Class Members of the right to receive benefits from the Settlement, and to be excluded from or object to the Settlement. The Notice Plan met the requirements of Rule 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances.

**Judge Brian McDonald,** *Armon et al. v. Washington State University* (Nov. 8, 2019) 17-2-23244-1 (consolidated with 17-2-25052-0) (Sup. Ct. Wash.):

>The Court finds that the Notice Program, as set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied CR 23(c)(2), was the best Notice practicable under the circumstances, was reasonably calculated to provide-and did provide-due and sufficient Notice to the Settlement Class of the pendency of the Litigation; certification of the Settlement Class for settlement purposes only; the existence and terms of the Settlement; the identity of Class Counsel and appropriate information about Class Counsel's then-forthcoming application for attorneys' fees and incentive awards to the Class Representatives; appropriate information about how to participate in the Settlement; Settlement Class Members' right to exclude themselves; their right to object to the Settlement and to appear at the Final Approval Hearing, through counsel if they desired; and appropriate instructions as to how to obtain additional information regarding this Litigation and the Settlement. In addition, pursuant to CR 23(c)(2)(B), the Notice properly informed Settlement Class Members that any Settlement Class Member who failed to opt-out would be prohibited from bringing a lawsuit against Defendant based on or related to any of the claims asserted by Plaintiffs, and it satisfied the other requirements of the Civil Rules.



**Judge Andrew J. Guilford,** *In re: Wells Fargo Collateral Protection Insurance Litigation* (Nov. 4, 2019) 8:17-ml-02797 (C.D. Cal.):

> *Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the parties' settlement administrator, was able to deliver the court-approved notice materials to all class members, including 2,254,411 notice packets and 1,019,408 summary notices.*

**Judge Paul L. Maloney,** *Burch v. Whirlpool Corporation* (Oct. 16, 2019) 1:17-cv-00018 (W.D. Mich.):

> *[T]he Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and applicable state laws and due process.*

**Judge Gene E.K. Pratter,** *Tashica Fulton-Green et al. v. Accolade, Inc.* (Sept. 24, 2019) 2:18-cv-00274 (E.D. Pa.):

> *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).*

**Judge Edwin Torres,** *Burrow et al. v. Forjas Taurus S.A. et al.* (Sept. 6, 2019) 1:16-cv-21606 (S.D. Fla.):

> *Because the Parties complied with the agreed-to notice provisions as preliminarily approved by this Court, and given that there are no developments or changes in the facts to alter the Court's previous conclusion, the Court finds that the notice provided in this case satisfied the requirements of due process and of Rule 23(c)(2)(B).*

**Judge Amos L. Mazzant,** *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* (Aug. 30, 2019) 4:19-cv-00248 (E.D. Tex.):

> *The Court has reviewed the Notice Plan and its implementation and efficacy, and finds that it constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e) of the Federal Rules of Civil Procedure.*

> *In addition, Class Notice clearly and concisely stated in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified 2011 Settlement Class; (iii) the claims and issues of the 2011 Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusions; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3).*

**Judge Karon Owen Bowdre,** *In re: Community Health Systems, Inc. Customer Data Security Breach Litigation* (Aug. 22, 2019) MDL No. 2595, 2:15-cv-00222 (N.D. Ala.):

> *The court finds that the Notice Program: (1) satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process; (2) was the best practicable notice under the circumstances; (3) reasonably apprised Settlement Class members of the pendency of the Action and their right to object to the settlement or opt-out of the Settlement Class; and (4) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice. Approximately 90% of the 6,081,189 individuals identified as Settlement Class members received the Initial Postcard Notice of this Settlement Action.*

> *The court further finds, pursuant to Fed. R. Civ. P. 23(c)(2)(B), that the Class Notice adequately informed Settlement Class members of their rights with respect to this action.*

**Judge Christina A. Snyder,** *Zaklit et al. v. Nationstar Mortgage LLC et al.* (Aug. 21, 2019) 5:15-cv-02190 (C.D. Cal.):

> *The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.*



PORTLAND AREA OFFICE     10300 SW ALLEN BLVD     BEAVERTON, OR 97005     T 503-597-7697

**Judge Brian M. Cogan,** *Luib v. Henkel Consumer Goods Inc.* (Aug. 19, 2019) 1:17-cv-03021 (E.D.N.Y.):

*The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

**Judge Yvonne Gonzalez Rogers,** *In re: Lithium Ion Batteries Antitrust Litigation* (Aug. 16, 2019) MDL No. 2420, 4:13-md-02420 (N.D. Cal.):

*The proposed notice plan was undertaken and carried out pursuant to this Court's preliminary approval order. [T]he notice program reached approximately 87 percent of adults who purchased portable computers, power tools, camcorders, or replacement batteries, and these class members were notified an average of 3.5 times each.  As a result of Plaintiffs' notice efforts, in total, 1,025,449 class members have submitted claims.  That includes 51,961 new claims, and 973,488 claims filed under the prior settlements.*

**Judge Jon Tigar,** *McKnight et al. v. Uber Technologies, Inc. et al.* (Aug. 13, 2019) 3:14-cv-05615 (N.D. Cal.):

*The settlement administrator, Epiq Systems, Inc., carried out the notice procedures as outlined in the preliminary approval.  ECF No. 162 at 17–18.  Notices were mailed to over 22 million class members with a success rate of over 90%. Id. at 17.  Epiq also created a website, banner ads, and a toll free number.  Id. at 17–18.  Epiq estimates that it reached through mail and other formats 94.3% of class members.  ECF No. 164 ¶ 28.  In light of these actions, and the Court's prior order granting preliminary approval, the Court finds that the parties have provided adequate notice to class members.*

**Judge Gary W.B. Chang,** *Robinson v. First Hawaiian Bank* (Aug. 8, 2019) 17-1-0167-01 (Cir. Ct. of First Cir. Haw.):

*This Court determines that the Notice Program satisfies all of the due process requirements for a class action settlement.*

**Judge Karin Crump,** *Hyder et al. v. Consumers County Mutual Insurance Company* (July 30, 2019) D-1-GN-16-000596 (D. Ct. of Travis Cnty. Tex.):

*Due and adequate Notice of the pendency of this Action and of this Settlement has been provided to members of the Settlement Class, and this Court hereby finds that the Notice Plan described in the Preliminary Approval Order and completed by Defendant complied fully with the requirements of due process, the Texas Rules of Civil Procedure, and the requirements of due process under the Texas and United States Constitutions, and any other applicable laws.*

**Judge Wendy Bettlestone,** *Underwood v. Kohl's Department Stores, Inc. et al.* (July 24, 2019) 2:15-cv-00730 (E.D. Pa.):

*The Notice, the contents of which were previously approved by the Court, was disseminated in accordance with the procedures required by the Court's Preliminary Approval Order in accordance with applicable law.*

**Judge Andrew G. Ceresia, J.S.C.,** *Denier et al. v. Taconic Biosciences, Inc.* (July 15, 2019) 00255851 (Sup Ct. N.Y.):

*The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of the CPLR.*

**Judge Vince G. Chhabria,** *Parsons v. Kimpton Hotel & Restaurant Group, LLC* (July 11, 2019) 3:16-cv-05387 (N.D. Cal.):

*Pursuant to the Preliminary Approval Order, the notice documents were sent to Settlement Class Members by email or by first-class mail, and further notice was achieved via publication in People magazine, internet banner notices, and internet sponsored search listings.  The Court finds that the manner and form of notice (the "Notice Program") set forth in the Settlement Agreement was provided to Settlement Class Members.  The Court finds that the Notice Program, as implemented, was the best practicable under the circumstances.  The Notice Program was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, and their rights to opt-out of the Settlement Class*



*and object to the Settlement, Class Counsel's fee request, and the request for Service Award for Plaintiff. The Notice and Notice Program constituted sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.*

**Judge Daniel J. Buckley,** *Adlouni v. UCLA Health Systems Auxiliary et al.* (June 28, 2019) BC589243 (Sup. Ct. Cal.):

*The Court finds that the notice to the Settlement Class pursuant to the Preliminary Approval Order was appropriate, adequate, and sufficient, and constituted the best notice practicable under the circumstances to all Persons within the definition of the Settlement Class to apprise interested parties of the pendency of the Action, the nature of the claims, the definition of the Settlement Class, and the opportunity to exclude themselves from the Settlement Class or present objections to the settlement. The notice fully complied with the requirements of due process and all applicable statutes and laws and with the California Rules of Court.*

**Judge John C. Hayes III,** *Lightsey et al. v. South Carolina Electric & Gas Company, a Wholly Owned Subsidiary of SCANA et al.* (June 11, 2019) 2017-CP-25-335 (Ct. of Com. Pleas., S.C.):

*These multiple efforts at notification far exceed the due process requirement that the class representative provide the best practical notice…. Following this extensive notice campaign reaching over 1.6 million potential class member accounts, Class counsel have received just two objections to the settlement and only 24 opt outs.*

**Judge Stephen K. Bushong,** *Scharfstein v. BP West Coast Products, LLC* (June 4, 2019) 1112-17046 (Ore. Cir., Cnty. of Multnomah):

*The Court finds that the Notice Plan … fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.*

**Judge Cynthia Bashant,** *Lloyd et al. v. Navy Federal Credit Union* (May 28, 2019) 17-cv-1280 (S.D. Cal.):

*This Court previously reviewed, and conditionally approved Plaintiffs' class notices subject to certain amendments. The Court affirms once more that notice was adequate.*

**Judge Robert W. Gettleman,** *Cowen v. Lenny & Larry's Inc.* (May 2, 2019) 1:17-cv-01530 (N.D. Ill.):

*Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the elements specified by the Court in the preliminary approval order. Adequate notice of the amended settlement and the final approval hearing has also been given. Such notice informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a means to obtain additional information; was adequate notice under the circumstances; was valid, due, and sufficient notice to all Settlement Class [M]embers; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.*

**Judge Edward J. Davila,** *In re: HP Printer Firmware Update Litigation* (Apr. 25, 2019) 5:16-cv-05820 (N.D. Cal.):

*Due and adequate notice has been given of the Settlement as required by the Preliminary Approval Order. The Court finds that notice of this Settlement was given to Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.*

**Judge Claudia Wilken,** *Naiman v. Total Merchant Services, Inc. et al.* (Apr. 16, 2019) 4:17-cv-03806 (N.D. Cal.):

*The Court also finds that the notice program satisfied the requirements of Federal Rule of Civil Procedure 23 and due process. The notice approved by the Court and disseminated by Epiq constituted the best practicable method for informing the class about the Final Settlement Agreement and relevant aspects of the litigation.*

**Judge Paul Gardephe,** *37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.)* (Mar. 31, 2019) 15-cv-9924 (S.D.N.Y.):

*The Notice given to Class Members complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and provided due and adequate notice to the Class.*



**Judge Alison J. Nathan,** *Pantelyat et al. v. Bank of America, N.A. et al.* (Jan. 31, 2019) 16-cv-08964 (S.D.N.Y.):

> The Class Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

**Judge Kenneth M. Hoyt,** *Al's Pals Pet Card, LLC et al. v. Woodforest National Bank, N.A. et al.* (Jan. 30, 2019) 4:17-cv-3852 (S.D. Tex.):

> [T]he Court finds that the class has been notified of the Settlement pursuant to the plan approved by the Court. The Court further finds that the notice program constituted the best practicable notice to the class under the circumstances and fully satisfies the requirements of due process, including Fed. R. Civ. P. 23(e)(1) and 28 U.S.C. § 1715.

**Judge Robert M. Dow, Jr.,** *In re: Dealer Management Systems Antitrust Litigation* (Jan. 23, 2019) MDL No. 2817, 18-cv-00864 (N.D. Ill.):

> The Court finds that the Settlement Administrator fully complied with the Preliminary Approval Order and that the form and manner of providing notice to the Dealership Class of the proposed Settlement with Reynolds was the best notice practicable under the circumstances, including individual notice to all members of the Dealership Class who could be identified through the exercise of reasonable effort. The Court further finds that the notice program provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715(b), and constitutional due process.

**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation* **(Ford)** (Dec. 20, 2018) MDL No. 2599 (S.D. Fla.):

> The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: .(i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

**Judge Herndon,** *Hale v. State Farm Mutual Automobile Insurance Company et al.* (Dec. 16, 2018) 3:12-cv-00660 (S.D. Ill.):

> The Class here is estimated to include approximately 4.7 million members. Approximately 1.43 million of them received individual postcard or email notice of the terms of the proposed Settlement, and the rest were notified via a robust publication program "estimated to reach 78.8% of all U.S. Adults Aged 35+ approximately 2.4 times." Doc. 966-2 ¶¶ 26, 41. The Court previously approved the notice plan (Doc. 947), and now, having carefully reviewed the declaration of the Notice Administrator (Doc. 966-2), concludes that it was fully and properly executed, and reflected "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." See Fed. R. Civ. P. 23(c)(2)(B). The Court further concludes that CAFA notice was properly effectuated to the attorneys general and insurance commissioners of all 50 states and District of Columbia.

**Judge Jesse M. Furman,** *Alaska Electrical Pension Fund et al. v. Bank of America, N.A. et al.* (Nov. 13, 2018) 14-cv-07126 (S.D.N.Y.):

> The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice efforts described in the Motion for Final Approval, as provided for in the Court's June 26, 2018 Preliminary Approval Order, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.



**Judge William L. Campbell, Jr.,** *Ajose et al. v. Interline Brands, Inc.* (Oct. 23, 2018) 3:14-cv-01707 (M.D. Tenn.):

> The Court finds that the Notice Plan, as approved by the Preliminary Approval Order: (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was reasonable and the best practicable notice under the circumstances; (iii) reasonably apprised the Settlement Class of the pendency of the action, the terms of the Agreement, their right to object to the proposed settlement or opt out of the Settlement Class, the right to appear at the Final Fairness Hearing, and the Claims Process; and (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice.

**Judge Joseph C. Spero,** *Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN* (Oct. 15, 2018) 3:16-cv-05486 (N.D. Cal.):

> [T]the Court finds that notice to the class of the settlement complied with Rule 23(c)(3) and (e) and due process. Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement, voluntary dismissal, or compromise. Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B) … The notice program included notice sent by first class mail to 1,750,564 class members and reached approximately 95.2% of the class.

**Judge Marcia G. Cooke,** *Dipuglia v. US Coachways, Inc.* (*Sept. 28, 2018*) 1:17-cv-23006 (S.D. Fla.):

> The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.

**Judge Beth Labson Freeman,** *Gergetz v. Telenav, Inc.* (Sept. 27, 2018) 5:16-cv-04261 (N.D. Cal.):

> The Court finds that the Notice and Notice Plan implemented pursuant to the Settlement Agreement, which consists of individual notice sent via first-class U.S. Mail postcard, notice provided via email, and the posting of relevant Settlement documents on the Settlement Website, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Rules of this Court.

**Judge M. James Lorenz,** *Farrell v. Bank of America, N.A.* (Aug. 31, 2018) 3:16-cv-00492 (S.D. Cal.):

> The Court therefore finds that the Class Notices given to Settlement Class members adequately informed Settlement Class members of all material elements of the proposed Settlement and constituted valid, due, and sufficient notice to Settlement Class members. The Court further finds that the Notice Program satisfies due process and has been fully implemented.

**Judge Dean D. Pregerson,** *Falco et al. v. Nissan North America, Inc. et al.* (July 16, 2018) 2:13-cv-00686 (C.D. Cal.):

> Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by first-class mail was given in an adequate and sufficient manner, and constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

**Judge Lynn Adelman,** *In re: Windsor Wood Clad Window Product Liability Litigation* (July 16, 2018) MDL No. 2688, 16-md-02688 (E.D. Wis.):

> The Court finds that the Notice Program was appropriately administered, and was the best practicable notice to the Class under the circumstances, satisfying the requirements of Rule 23 and due process. The Notice Program, constitutes due, adequate, and sufficient notice to all persons, entities, and/or organizations entitled to receive notice; fully satisfied the requirements of the Constitution of the United States (including the Due



*Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law; and is based on the Federal Judicial Center's illustrative class action notices.*

**Judge Stephen K. Bushong,** *Surrett et al. v. Western Culinary Institute et al.* (June 18, 2018) 0803-03530 (Ore. Cir. Cnty. of Multnomah):

*This Court finds that the distribution of the Notice of Settlement … fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.*

**Judge Jesse M. Furman,** *Alaska Electrical Pension Fund et al. v. Bank of America, N.A. et al.* (June 1, 2018) 14-cv-07126 (S.D.N.Y.):

*The mailing of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice distribution efforts described in the Motion for Final Approval, as provided for in the Court's October 24, 2017 Order Providing for Notice to the Settlement Class and Preliminarily Approving the Plan of Distribution, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.*

**Judge Brad Seligman,** *Larson v. John Hancock Life Insurance Company (U.S.A.)* (May 8, 2018) RG16813803 (Sup. Ct. Cal.):

*The Court finds that the Class Notice and dissemination of the Class Notice as carried out by the Settlement Administrator complied with the Court's order granting preliminary approval and all applicable requirements of law, including, but not limited to California Rules of Court, rule 3.769(f) and the Constitutional requirements of due process, and constituted the best notice practicable under the circumstances and sufficient notice to all persons entitled to notice of the Settlement.*

*[T]he dissemination of the Class Notice constituted the best notice practicable because it included mailing individual notice to all Settlement Class Members who are reasonably identifiable using the same method used to inform class members of certification of the class, following a National Change of Address search and run through the LexisNexis Deceased Database.*

**Judge Federico A. Moreno,** *Masson v. Tallahassee Dodge Chrysler Jeep, LLC* (May 8, 2018) 17-cv-22967 (S.D. Fla.):

*The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Chancellor Russell T. Perkins,** *Morton v. GreenBank* (Apr. 18, 2018) 11-135-IV (20th Jud. Dist. Tenn.):

*The Notice Program as provided or in the Agreement and the Preliminary Amended Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class members who could be identified through reasonable effort. The Notice Plan fully satisfied the requirements of Tennessee Rule of Civil Procedure 23.03, due process and any other applicable law.*

**Judge James V. Selna,** *Callaway v. Mercedes-Benz USA, LLC* (Mar. 8, 2018) 8:14-cv-02011 (C.D. Cal.):

*The Court finds that the notice given to the Class was the best notice practicable under the circumstances of this case, and that the notice complied with the requirements of Federal Rule of Civil Procedure 23 and due process.*

*The notice given by the Class Administrator constituted due and sufficient notice to the Settlement Class, and adequately informed members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement and how to object to the Settlement.*

*The Court has considered and rejected the objection … [regarding] the adequacy of the notice plan. The notice given provided ample information regarding the case. Class members also had the ability to seek additional information from the settlement website, from Class Counsel or from the Class Administrator.*



**Judge Thomas M. Durkin,** *Vergara et al., v. Uber Technologies, Inc.* (Mar. 1, 2018) 1:15-cv-06972 (N.D. Ill.):

> *The Court finds that the Notice Plan set forth in Section IX of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of this case, certification of the Settlement Classes for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. Further, the Court finds that Defendant has timely satisfied the notice requirements of 28 U.S.C. Section 1715.*

**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation* **(Honda & Nissan)** (Feb. 28, 2018) MDL No. 2599 (S.D. Fla.):

> *The Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED R. CIV. R. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge Susan O. Hickey,** *Larey v. Allstate Property and Casualty Insurance Company* (Feb. 9, 2018) 4:14-cv-04008 (W.D. Kan.):

> *Based on the Court's review of the evidence submitted and argument of counsel, the Court finds and concludes that the Class Notice and Claim Form was mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the Publication Notice, the automated toll-free telephone number, and the settlement website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.*

**Judge Muriel D. Hughes,** *Glaske v. Independent Bank Corporation* (Jan. 11, 2018) 13-009983 (Cir. Ct. Mich.):

> *The Court-approved Notice Plan satisfied due process requirements … The notice, among other things, was calculated to reach Settlement Class Members because it was sent to their last known email or mail address in the Bank's files.*

**Judge Naomi Reice Buchwald,** *Orlander v. Staples, Inc.* (Dec. 13, 2017) 13-cv-00703 (S.D.N.Y.):

> *The Notice of Class Action Settlement ("Notice") was given to all Class Members who could be identified with reasonable effort in accordance with the terms of the Settlement Agreement and Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23 and the Constitution of the United States (including the Due Process Clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.*

**Judge Lisa Godbey Wood,** *T.A.N. v. PNI Digital Media, Inc.* (Dec. 1, 2017) 2:16-cv-132 (S.D. Ga.):

> *Notice to the Settlement Class Members required by Rule 23 has been provided as directed by this Court in the Preliminary Approval Order, and such notice constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the Settlement Class Members, and satisfied the requirements of Rule 23 and due process, and all other applicable laws.*



**Judge Robin L. Rosenberg,** *Gottlieb v. Citgo Petroleum Corporation* (Nov. 29, 2017) 9:16-cv-81911 (S.D. Fla):

> *The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Donald M. Middlebrooks,** *Mahoney v. TT of Pine Ridge, Inc.* (Nov. 20, 2017) 9:17-cv-80029 (S.D. Fla.):

> *Based on the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement Agreement, and upon the Declaration of Cameron Azari, Esq. (DE 61-1), the Court finds that Class Notice provided to the Settlement Class was the best notice practicable under the circumstances, and that it satisfied the requirements of due process and Federal Rule of Civil Procedure 23(e)(1).*

**Judge Gerald Austin McHugh,** *Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric et al.* (Nov. 8, 2017) 2:14-cv-04464 (E.D. Pa.):

> *Notice has been provided to the Settlement Class of the pendency of this Action, the conditional certification of the Settlement Class for purposes of this Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The Court finds that the notice provided was the best notice practicable under the circumstances to all persons entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation* **(BMW, Mazda, Toyota, & Subaru)** (Nov. 1, 2017) MDL No. 2599 (S.D. Fla.):

> *[T]he Court finds that the Class Notice has been given to the Class in the manner approved in the Preliminary Approval Order. The Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge Charles R. Breyer,** *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation* (May 17, 2017) MDL No. 2672 (N.D. Cal.):

> *The Court is satisfied that the Notice Program was reasonably calculated to notify Class Members of the proposed Settlement. The Notice "apprise[d] interested parties of the pendency of the action and afford[ed] them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Indeed, the Notice Administrator reports that the notice delivery rate of 97.04% "exceed[ed] the expected range and is indicative of the extensive address updating and re-mailing protocols used." (Dkt. No. 3188-2 ¶ 24.)*

**Judge Rebecca Brett Nightingale,** *Ratzlaff et al. v. BOKF, NA d/b/a Bank of Oklahoma et al.* (May 15, 2017) CJ-2015-00859 (Dist. Ct. Okla.):

> *The Court-approved Notice Plan satisfies Oklahoma law because it is "reasonable" (12 O.S. § 2023(E)(I)) and it satisfies due process requirements because it was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15).*

**Judge Joseph F. Bataillon,** *Klug v. Watts Regulator Company* (Apr. 13, 2017) 8:15-cv-00061 (D. Neb.):

> *The court finds that the notice to the Settlement Class of the pendency of the Class Action and of this settlement, as provided by the Settlement Agreement and by the Preliminary Approval Order dated December*



*7, 2017, constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rules of Civil Procedure Rule 23 and due process. Due and sufficient proof of the execution of the Notice Plan as outlined in the Preliminary Approval Order has been filed.*

**Judge Yvonne Gonzalez Rogers,** *Bias v. Wells Fargo & Company et al.* (Apr. 13, 2017) 4:12-cv-00664 (N.D. Cal.):

*The form, content, and method of dissemination of Notice of Settlement given to the Settlement Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including both individual notice to all Settlement Class Members who could be identified through reasonable effort and publication notice.*

*Notice of Settlement, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.*

*Notice of the Settlement was provided to the appropriate regulators pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(c)(1).*

**Judge Carlos Murguia,** *Whitton v. Deffenbaugh Industries, Inc. et al.* (Dec. 14, 2016) 2:12-cv-02247 and *Gary, LLC v. Deffenbaugh Industries, Inc. et al.* 2:13-cv-02634 (D. Kan.):

*The Court determines that the Notice Plan as implemented was reasonably calculated to provide the best notice practicable under the circumstances and contained all required information for members of the proposed Settlement Class to act to protect their interests. The Court also finds that Class Members were provided an adequate period of time to receive Notice and respond accordingly.*

**Judge Yvette Kane,** *In re: Shop-Vac Marketing and Sales Practices Litigation* (Dec. 9, 2016) MDL No. 2380 (M.D. Pa.):

*The Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.*

**Judge Timothy D. Fox,** *Miner v. Philip Morris USA, Inc.* (Nov. 21, 2016) 60CV03-4661 (Ark. Cir. Ct.):

*The Court finds that the Settlement Notice provided to potential members of the Class constituted the best and most practicable notice under the circumstances, thereby complying fully with due process and Rule 23 of the Arkansas Rules of Civil Procedure.*

**Judge Eileen Bransten,** *In re: HSBC Bank USA, N.A.,* **as part of** *In re: Checking Account Overdraft Litigation* (Oct. 13, 2016) 650562/2011 (Sup. Ct. N.Y.):

*This Court finds that the Notice Program and the Notice provided to Settlement Class members fully satisfied the requirements of constitutional due process, the N.Y. C.P.L.R., and any other applicable laws, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons entitled thereto.*

**Judge Jerome B. Simandle,** *In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation* (Sept. 20, 2016) MDL No. 2540 (D.N.J.):

*The Court hereby finds that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, requirements of due process and any other applicable law.*

**Judge Marcia G. Cooke,** *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.* (Apr. 11, 2016) 14-cv-23120 (S.D. Fla.):

*Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Epiq Systems, Inc. [Hilsoft Notifications], has complied with the approved notice process as confirmed in its Declaration filed with the*



*Court on March 23, 2016. The Court finds that the notice process was designed to advise Class Members of their rights. The form and method for notifying Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order, constituted the best notice practicable under the circumstances, and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and due process under the United States Constitution and other applicable laws.*

**Judge Yvonne Gonzalez Rogers,** *In re: Lithium Ion Batteries Antitrust Litigation* (Mar. 22, 2016) MDL No. 2420, 4:13-md-02420 (N.D. Cal.):

*From what I could tell, I liked your approach and the way you did it. I get a lot of these notices that I think are all legalese and no one can really understand them. Yours was not that way.*

**Judge Christopher S. Sontchi,** *In re: Energy Future Holdings Corp et al.* (July 30, 2015) 14-cv-10979 (Bankr. D. Del.):

*Notice of the Asbestos Bar Date as set forth in this Asbestos Bar Date Order and in the manner set forth herein constitutes adequate and sufficient notice of the Asbestos Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.*

**Judge David C. Norton,** *In re: MI Windows and Doors Inc. Products Liability Litigation* (July 22, 2015) MDL No. 2333, 2:12-mn-00001 (D.S.C.):

*The court finds that the Notice Plan, as described in the Settlement and related declarations, has been faithfully carried out and constituted the best practicable notice to Class Members under the circumstances of this Action, and was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with Notice.*

*The court also finds that the Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of: (1) the pendency of this class action; (2) their right to exclude themselves from the Settlement Class and the proposed Settlement; (3) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the Settlement Class's representation by Named Plaintiffs or Class Counsel, or the award of attorney's and representative fees); (4) their right to appear at the fairness hearing (either on their own or through counsel hired at their own expense); and (5) the binding and preclusive effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all Persons who do not request exclusion from the Settlement Class. As such, the court finds that the Notice fully satisfied the requirements of the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the rules of this court, and any other applicable law, and provided sufficient notice to bind all Class Members, regardless of whether a particular Class Member received actual notice.*

**Judge Robert W. Gettleman,** *Adkins et al. v. Nestlé Purina PetCare Company et al.* (June 23, 2015) 1:12-cv-02871 (N.D. Ill.):

*Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a variety of means to obtain additional information; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Settlement Class members; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.*

**Judge James Lawrence King,** *Steen v. Capital One, N.A.* (May 22, 2015) 2:10-cv-01505 (E.D. La.) and 1:10-cv-22058 (S.D. Fla.) as part of *In re: Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.):

*The Court finds that the Settlement Class Members were provided with the best practicable notice; the notice was reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15). This Settlement with Capital One was widely publicized, and any Settlement Class Member who wished to express comments or objections had ample opportunity and means to do so. Azari Decl. ¶¶ 30-39.*



**Judge Rya W. Zobel,** *Gulbankian et al. v. MW Manufacturers, Inc.* (Dec. 29, 2014) 1:10-cv-10392 (D. Mass.):

> This Court finds that the Class Notice was provided to the Settlement Class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law. The Court finds that the Notice Plan that was implemented by the Claims Administrator satisfies the requirements of FED. R. CIV. P. 23, 28 U.S.C. § 1715, and Due Process, and is the best notice practicable under the circumstances. The Notice Plan constituted due and sufficient notice of the Settlement, the Final Approval Hearing, and the other matters referred to in the notices. Proof of the giving of such notices has been filed with the Court via the Azari Declaration and its exhibits.

**Judge Edward J. Davila,** *Rose v. Bank of America Corporation et al.* (Aug. 29, 2014) 5:11-cv-02390 & 5:12-cv-00400 (N.D. Cal.):

> The Court finds that the notice was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this action, all material elements of the Settlement, the opportunity for Settlement Class Members to exclude themselves from, object to, or comment on the settlement and to appear at the final approval hearing. The notice was the best notice practicable under the circumstances, satisfying the requirements of Rule 23(c)(2)(B); provided notice in a reasonable manner to all class members, satisfying Rule 23(e)(1)(B); was adequate and sufficient notice to all Class Members; and, complied fully with the laws of the United States and of the Federal Rules of Civil Procedure, due process and any other applicable rules of court.

**Judge James A. Robertson, II,** *Wong et al. v. Alacer Corp.* (June 27, 2014) CGC-12-519221 (Sup. Ct. Cal.):

> Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order. Based on the Declaration of Cameron Azari dated March 7, 2014, such Class Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of California Civil Code Section 1781, California Civil Code of Civil Procedure Section 382, Rules 3.766 of the California Rules of Court, and due process.

**Judge John Gleeson,** *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (Dec. 13, 2013) MDL No. 1720, 05-md-01720 (E.D.N.Y.):

> The Class Administrator notified class members of the terms of the proposed settlement through a mailed notice and publication campaign that included more than 20 million mailings and publication in more than 400 publications. The notice here meets the requirements of due process and notice standards … The objectors' complaints provide no reason to conclude that the purposes and requirements of a notice to a class were not met here.

**Judge Lance M. Africk,** *Evans et al. v. TIN, Inc. et al.* (July 7, 2013) 2:11-cv-02067 (E.D. La.):

> The Court finds that the dissemination of the Class Notice… as described in Notice Agent Lauran Schultz's Declaration: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances…; (c) constituted notice that was reasonable, due, adequate, and sufficient; and (d) constituted notice that fully satisfied all applicable legal requirements, including Rules 23(c)(2)(B) and (e)(1) of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

**Judge Edward M. Chen,** *Marolda v. Symantec Corporation* (Apr. 5, 2013) 3:08-cv-05701 (N.D. Cal.):

> Approximately 3.9 million notices were delivered by email to class members, but only a very small percentage objected or opted out … The Court … concludes that notice of settlement to the class was adequate and satisfied all requirements of Federal Rule of Civil Procedure 23(e) and due process. Class members received direct notice by email, and additional notice was given by publication in numerous widely circulated publications as well as in numerous targeted publications. These were the best practicable means of informing class members of their rights and of the settlement's terms.

**Judge Ann D. Montgomery,** *In re: Zurn Pex Plumbing Products Liability Litigation* (Feb. 27, 2013) MDL No. 1958, 08-md-01958 (D. Minn.):

> The parties retained Hilsoft Notifications ("Hilsoft"), an experienced class-notice consultant, to design and carry out the notice plan. The form and content of the notices provided to the class were direct, understandable, and consistent with the "plain language" principles advanced by the Federal Judicial Center.



*The notice plan's multi-faceted approach to providing notice to settlement class members whose identity is not known to the settling parties constitutes "the best notice [\*26] that is practicable under the circumstances" consistent with Rule 23(c)(2)(B).*

**Magistrate Judge Stewart, *Gessele et al. v. Jack in the Box, Inc.*** (Jan. 28, 2013) 3:10-cv-00960 (D. Ore.):

*Moreover, plaintiffs have submitted [a] declaration from Cameron Azari (docket #129), a nationally recognized notice expert, who attests that fashioning an effective joint notice is not unworkable or unduly confusing. Azari also provides a detailed analysis of how he would approach fashioning an effective notice in this case.*

**Judge Carl J. Barbier, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (*Medical Benefits Settlement*)** (Jan. 11, 2013) MDL No. 2179 (E.D. La.):

*Through August 9, 2012, 366,242 individual notices had been sent to potential [Medical Benefits] Settlement Class Members by postal mail and 56,136 individual notices had been e-mailed. Only 10,700 mailings—or 3.3%—were known to be undeliverable. (Azari Decl. ¶¶ 8, 9.) Notice was also provided through an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, highly-trafficked websites, and Sunday local newspapers (via newspaper supplements). Notice was also provided in non-measured trade, business and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The combined measurable paid print, television, radio, and Internet effort reached an estimated 95% of adults aged 18+ in the Gulf Coast region an average of 10.3 times each, and an estimated 83% of all adults in the United States aged 18+ an average of 4 times each. (Id. ¶¶ 8, 10.) All notice documents were designed to be clear, substantive, and informative. (Id. ¶ 5.)*

*The Court received no objections to the scope or content of the [Medical Benefits] Notice Program. (Azari Supp. Decl. ¶ 12.) The Court finds that the Notice and Notice Plan as implemented satisfied the best notice practicable standard of Rule 23(c) and, in accordance with Rule 23(e)(1), provided notice in a reasonable manner to Class Members who would be bound by the Settlement, including individual notice to all Class Members who could be identified through reasonable effort. Likewise, the Notice and Notice Plan satisfied the requirements of Due Process. The Court also finds the Notice and Notice Plan satisfied the requirements of CAFA.*

**Judge Carl J. Barbier, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (*Economic and Property Damages Settlement*)** (Dec. 21, 2012) MDL No. 2179 (E.D. La.):

*The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23(e), the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation. The notice program surpassed the requirements of Due Process, Rule 23, and CAFA. Based on the factual elements of the Notice Program as detailed below, the Notice Program surpassed all of the requirements of Due Process, Rule 23, and CAFA.*

*The Notice Program, as duly implemented, surpasses other notice programs that Hilsoft Notifications has designed and executed with court approval. The Notice Program included notification to known or potential Class Members via postal mail and e-mail; an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, and Sunday local newspapers. Notice placements also appeared in non-measured trade, business, and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The Notice Program met the objective of reaching the greatest possible number of class members and providing them with every reasonable opportunity to understand their legal rights. See Azari Decl. ¶¶ 8, 15, 68. The Notice Program was substantially completed on July 15, 2012, allowing class members adequate time to make decisions before the opt-out and objections deadlines.*

*The media notice effort alone reached an estimated 95% of adults in the Gulf region an average of 10.3 times each, and an estimated 83% of all adults in the United States an average of 4 times each. These figures do not include notice efforts that cannot be measured, such as advertisements in trade publications and sponsored search engine listings. The Notice Program fairly and adequately covered and notified the class without excluding any demographic group or geographic area, and it exceeded the reach percentage achieved in most other court-approved notice programs.*



**Judge Alonzo Harris,** *Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.* (Aug. 17, 2012) 12-C-1599 (27th Jud. D. Ct. La.):

*Notice given to Class Members and all other interested parties pursuant to this Court's order of April 18, 2012, was reasonably calculated to apprise interested parties of the pendency of the action, the certification of the Class as Defined for settlement purposes only, the terms of the Settlement Agreement, Class Members rights to be represented by private counsel, at their own costs, and Class Members rights to appear in Court to have their objections heard, and to afford persons or entities within the Class Definition an opportunity to exclude themselves from the Class. Such notice complied with all requirements of the federal and state constitutions, including the Due Process Clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as Defined.*

**Judge James Lawrence King,** *Sachar v. Iberiabank Corporation* (Apr. 26, 2012) as part of *In re: Checking Account Overdraft* MDL No. 2036 (S.D. Fla):

*The Court finds that the Notice previously approved was fully and properly effectuated and was sufficient to satisfy the requirements of due process because it described "the substantive claims … [and] contained information reasonably necessary to [allow Settlement Class Members to] make a decision to remain a class member and be bound by the final judgment."…. The Notice, among other things, defined the Settlement Class, described the release as well as the amount and method and manner of proposed distribution of the Settlement proceeds, and informed Settlement Class Members of their rights to opt-out or object, the procedures for doing so, and the time and place of the Final Approval Hearing. The Notice also informed Settlement Class Members that a class judgment would bind them unless they opted out, and told them where they could obtain more information, such as access to a full copy of the Agreement. Further, the Notice described in summary form the fact that Class Counsel would be seeking attorneys' fees of up to 30 percent of the Settlement. Settlement Class Members were provided with the best practicable notice "reasonably calculated, under [the] circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. The content of the Notice fully complied with the requirements of Rule 23.*

**Judge Bobby Peters,** *Vereen v. Lowe's Home Centers* (Apr. 13, 2012) SU10-cv-2267B (Ga. Super. Ct.):

*The Court finds that the Notice and the Notice Plan was fulfilled, in accordance with the terms of the Settlement Agreement, the Amendment, and this Court's Preliminary Approval Order and that this Notice and Notice Plan constituted the best practicable notice to Class Members under the circumstances of this action, constituted due and sufficient Notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, and was in full compliance with Ga. Code Ann § 9-11-23 and the constitutional requirements of due process. Extensive notice was provided to the class, including point of sale notification, publication notice and notice by first-class mail for certain potential Class Members.*

*The affidavit of the notice expert conclusively supports this Court's finding that the notice program was adequate, appropriate, and comported with Georgia Code Ann. § 9-11-23(b)(2), the Due Process Clause of the Constitution, and the guidance for effective notice articulate in the FJC's Manual for Complex Litigation, 4th.*

**Judge Lee Rosenthal,** *In re: Heartland Payment Systems, Inc. Customer Data Security Breach Litigation* (Mar. 2, 2012) MDL No. 2046 (S.D. Tex.):

*The notice that has been given clearly complies with Rule 23(e)(1)'s reasonableness requirement … Hilsoft Notifications analyzed the notice plan after its implementation and conservatively estimated that notice reached 81.4 percent of the class members. (Docket Entry No. 106, ¶ 32). Both the summary notice and the detailed notice provided the information reasonably necessary for the presumptive class members to determine whether to object to the proposed settlement. See Katrina Canal Breaches, 628 F.3d at 197. Both the summary notice and the detailed notice "were written in easy-to-understand plain English." In re: Black Farmers Discrimination Litig., — F. Supp. 2d —, 2011 WL 5117058, at \*23 (D.D.C. 2011); accord AGGREGATE LITIGATION § 3.04(c).15 The notice provided "satisf[ies] the broad reasonableness standards imposed by due process" and Rule 23. Katrina Canal Breaches, 628 F.3d at 197.*

**Judge John D. Bates,** *Trombley v. National City Bank* (Dec. 1, 2011) 1:10-cv-00232 (D.D.C.) as part of *In re: Checking Account Overdraft Litigation* MDL No. 2036 (S.D. Fla.):

*The form, content, and method of dissemination of Notice given to the Settlement Class were in full compliance with the Court's January 11, 2011 Order, the requirements of Fed. R. Civ. P. 23(e), and due process. The notice was adequate*



*and reasonable, and constituted the best notice practicable under the circumstances. In addition, adequate notice of the proceedings and an opportunity to participate in the final fairness hearing were provided to the Settlement Class.*

**Judge Robert M. Dow, Jr.,** *Schulte v. Fifth Third Bank* (July 29, 2011) 1:09-cv-06655 (N.D. Ill.):

*The Court has reviewed the content of all of the various notices, as well as the manner in which Notice was disseminated, and concludes that the Notice given to the Class fully complied with Federal Rule of Civil Procedure 23, as it was the best notice practicable, satisfied all constitutional due process concerns, and provided the Court with jurisdiction over the absent Class Members.*

**Judge Ellis J. Daigle,** *Williams v. Hammerman & Gainer Inc.* (June 30, 2011) 11-C-3187-B (27th Jud. D. Ct. La.):

*Notices given to Settlement Class members and all other interested parties throughout this proceeding with respect to the certification of the Settlement Class, the proposed settlement, and all related procedures and hearings—including, without limitation, the notice to putative Settlement Class members and others … were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination, to apprise interested parties and members of the Settlement Class of the pendency of the action, the certification of the Settlement Class, the Settlement Agreement and its contents, Settlement Class members' right to be represented by private counsel, at their own cost, and Settlement Class members' right to appear in Court to have their objections heard, and to afford Settlement Class members an opportunity to exclude themselves from the Settlement Class. Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedures, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.*

**Judge Stefan R. Underhill,** *Mathena v. Webster Bank, N.A.* (Mar. 24, 2011) 3:10-cv-01448 (D. Conn.) as part of *In re: Checking Account Overdraft Litigation* MDL No. 2036 (S.D. Fla.):

*The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.*

**Judge Ted Stewart,** *Miller v. Basic Research, LLC* (Sept. 2, 2010) 2:07-cv-00871 (D. Utah):

*Plaintiffs state that they have hired a firm specializing in designing and implementing large scale, unbiased, legal notification plans. Plaintiffs represent to the Court that such notice will include: 1) individual notice by electronic mail and/or first-class mail sent to all reasonably identifiable Class members; 2) nationwide paid media notice through a combination of print publications, including newspapers, consumer magazines, newspaper supplements and the Internet; 3) a neutral, Court-approved, informational press release; 4) a neutral, Court-approved Internet website; and 5) a toll-free telephone number. Similar mixed media plans have been approved by other district courts post class certification. The Court finds this plan is sufficient to meet the notice requirement.*

**Judge Sara Loi,** *Pavlov v. Continental Casualty Co.* (Oct. 7, 2009) 5:07-cv-02580 (N.D. Ohio):

*[T]he elaborate notice program contained in the Settlement Agreement provides for notice through a variety of means, including direct mail to each class member, notice to the United States Attorney General and each State, a toll free number, and a website designed to provide information about the settlement and instructions on submitting claims. With a 99.9% effective rate, the Court finds that the notice program constituted the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and clearly satisfies the requirements of Rule 23(c)(2)(B).*

**Judge James Robertson,** *In re: Department of Veterans Affairs (VA) Data Theft Litigation* (Sept. 23, 2009) MDL No. 1796 (D.D.C.):

*The Notice Plan, as implemented, satisfied the requirements of due process and was the best notice practicable under the circumstances. The Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the Settlement, and their right to appear, object to or exclude themselves from the Settlement. Further, the notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.*



**LEGAL NOTICE CASES**

Hilsoft has served as a notice expert for planning, implementation and/or analysis in the following partial list of cases:

| | |
|---|---|
| *In Re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation* | N.D. Cal., No. 19-md-02913 |
| *Rogowski et al. v. State Farm Life Insurance Company et al.* **(Whole Life or Universal Life Insurance)** | W.D. Mo., No. 4:22-cv-00203 |
| *Ingram v. Jamestown Import Auto Sales, Inc.  d/b/a Kia of Jamestown* **(TCPA)** | W.D.N.Y., No. 1:22-cv-00309 |
| *In re: Midwestern Pet Foods Marketing, Sales Practices and Product Liability Litigation* | S.D. Ind., No. 3:21-cv-00007 |
| *Meier v. Prosperity Bank* **(Bank Fees & Overdraft)** | 239th Jud. Dist., Brazoria Cnty, Tex., No. 109569-CV |
| *Middleton et al. v. Liberty Mutual Personal Insurance Company et al.* **(Auto Insurance Claims Sales Tax)** | S.D. Ohio, No. 1:20-cv-00668 |
| *Checchia v. Bank of America, N.A.* **(Bank Fees)** | E.D. Penn., No. 2:21-cv-03585 |
| *McCullough v. True Health New Mexico, Inc.* **(Data Breach)** | 2nd Dist. Ct, N.M., No. D-202-CV-2021-06816 |
| *Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG et al.* **(Swiss Franc LIBOR-Based Derivatives)** | S.D.N.Y., No. 1:15-cv-00871 |
| *Duggan et al. v. Wings Financial Credit Union* **(Bank Fees)** | Dist. Ct., Dakota Cnty., Minn., No. 19AV-cv-20-2163 |
| *Miller v. Bath Saver, Inc. et al.* **(TCPA)** | M.D. Penn., No. 1:21-cv-01072 |
| *Chapman v. Insight Global Inc.* **(Data Breach)** | M.D. Penn., No. 1:21-cv-00824 |
| *Thomsen et al. v. Morley Cos., Inc.* **(Data Breach)** | E.D. Mich., No. 1:22-cv-10271 |
| *In re Scripps Health Data Incident Litigation* **(Data Breach)** | Sup. Ct. Cal. Cnty. of San Diego, No. 37-2021-00024103 |
| *In Re Robinhood Outage Litigation* **(Trading Outage)** | N.D. Cal., No. 3:20-cv-01626 |
| *Walker v Highmark BCBSD Health* **(TCPA)** | W.D. Penn., No. 20-cv-01975 |
| *Dickens et al. v. Thinx, Inc.* **(Consumer Product)** | S.D.N.Y., No. 1:22-cv-04286 |
| *Service et al. v. Volkswagen Group of America et al.* **(Data Breach)** | Sup. Ct. Cal. Cnty. of Contra Costa, No. C22-01841 |
| *Paris et al. v. Progressive American et al. & South v. Progressive Select Insurance Company* **(Automobile Total Loss)** | S.D. Fla., 19-cv-21761 & 19-cv-21760 |
| *Wenston Desue et al. v. 20/20 Eye Care Network, Inc. et al.* **(Data Breach)** | S.D. Fla., No. 21-cv-61275 |
| *Rivera v. IH Mississippi Valley Credit Union* **(Overdraft)** | Cir. Ct 14th Jud. Cir., Rock Island Cnty., Ill., No. 2019 CH 299 |
| *Guthrie v. Service Federal Credit Union* **(Overdraft)** | Sup. Ct. Rockingham Cnty, N.H., No. 218-2021-CV-00160 |
| *Opelousas General Hospital Authority. v. Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana* **(Medical Insurance)** | 27th Jud. D. Ct. La., No. 16-C-3647 |
| *Churchill et al. v. Bangor Savings Bank* **(Overdraft)** | Maine Bus. & Consumer Ct., No. BCD-CIV-2021-00027 |
| *Brower v. Northwest Community Credit Union* **(Bank Fees)** | Ore. Dist. Ct. Multnomah Cnty., No. 20CV38608 |
| *Kent et al. v. Women's Health USA, Inc. et al.* **(IVF Antitrust Pricing)** | Sup. Ct. Jud. Dist. of Stamford/Norwalk, Conn., No. FST-CV-21-6054676-S |



| | |
|---|---|
| *In re: U.S. Office of Personnel Management Data Security Breach Litigation* | D.D.C., No. MDL No. 2664, 15-cv-01394 |
| *In re: fairlife Milk Products Marketing and Sales Practices Litigation* **(False Labeling & Marketing)** | N.D. Ill., No. MDL No. 2909, No. 1:19-cv-03924 |
| *In Re: Zoom Video Communications, Inc. Privacy Litigation* | N.D. Cal., No. 3:20-cv-02155 |
| *Browning et al. v. Anheuser-Busch, LLC* **(False Advertising)** | W.D. Mo., No. 20-cv-00889 |
| *Callen v. Daimler AG and Mercedes-Benz USA, LLC* **(Interior Trim)** | N.D. Ga., No. 1:19-cv-01411 |
| *In re: Disposable Contact Lens Antitrust Litigation* **(Alcon Laboratories, Inc. and Johnson & Johnson Vision Care, Inc.) (Unilateral Pricing Policies)** | M.D. Fla., No. 3:15-md-02626 |
| *Ford et al. v. [24]7.ai, Inc.* **(Data Breach - Best Buy Data Incident)** | N.D. Cal., MDL No. 2863, No. 5:18-cv-02770 |
| *In re Takata Airbag Class Action Settlement - Australia Settlement* *Louise Haselhurst v. Toyota Motor Corporation Australia Limited* *Kimley Whisson v. Subaru (Aust) Pty Limited* *Akuratiya Kularathne v. Honda Australia Pty Limited* *Owen Brewster v. BMW Australia Ltd* *Jaydan Bond v. Nissan Motor Co (Australia) Pty Limited* *Camilla Coates v. Mazda Australia Pty Limited* | Australia; NSWSC, No. 2017/00340824 No. 2017/00353017 No. 2017/00378526 No. 2018/00009555 No. 2018/00009565 No. 2018/00042244 |
| *In Re Pork Antitrust Litigation* **(Commercial and Institutional Indirect Purchaser Actions - CIIPPs)** **(Smithfield Foods, Inc.)** | D. Minn., No. 0:18-cv-01776 |
| *Jackson v. UKG Inc., f/k/a The Ultimate Software Group, Inc.* **(Biometrics)** | Cir. Ct. of McLean Cnty., Ill., No. 2020L31 |
| *In Re: Capital One Consumer Data Security Breach Litigation* | E.D. Va., MDL No. 2915, No. 1:19-md-02915 |
| *Aseltine v. Chipotle Mexican Grill, Inc.* **(Food Ordering Fees)** | Cir. Ct. Cal. Alameda Cnty., No. RG21088118 |
| *In re Morgan Stanley Data Security Litigation* | S.D.N.Y., No. 1:20-cv-05914 |
| *DiFlauro et al. v. Bank of America, N.A.* **(Mortgage Bank Fees)** | C.D. Cal., No. 2:20-cv-05692 |
| *In re: California Pizza Kitchen Data Breach Litigation* | C.D. Cal., No. 8:21-cv-01928 |
| *Breda v. Cellco Partnership d/b/a Verizon Wireless* **(TCPA)** | D. Mass., No. 1:16-cv-11512 |
| *Snyder et al. v. The Urology Center of Colorado, P.C.* **(Data Breach)** | 2nd Dist. Ct, Cnty. of Denver Col., No. 2021CV33707 |
| *Dearing v. Magellan Health Inc. et al.* **(Data Breach)** | Sup. Ct. Cnty. of Maricopa, Ariz., No. CV2020-013648 |
| *Torretto et al. v. Donnelley Financial Solutions, Inc. and Mediant Communications Inc.* **(Data Breach)** | S.D.N.Y., No. 1:20-cv-02667 |
| *In Re: Takata Airbag Products Liability Litigation* **(Volkswagen)** | S.D. Fla., MDL No. 2599, No. 1:15-md-02599 |
| *Beiswinger v. West Shore Home, LLC* **(TCPA)** | M.D. Fla., No. 3:20-cv-01286 |
| *Arthur et al. v. McDonald's USA, LLC et al.; Lark et al. v. McDonald's USA, LLC et al.* **(Biometrics)** | Cir. Ct. St. Clair Cnty., Ill., Nos. 20-L-0891; 1-L-559 |
| *Kostka et al. v. Dickey's Barbecue Restaurants, Inc. et al.* **(Data Breach)** | N.D. Tex., No. 3:20-cv-03424 |
| *Scherr v. Rodan & Fields, LLC; Gorzo et al. v. Rodan & Fields, LLC* **(Lash Boost Mascara Product)** | Sup. Ct. of Cal., Cnty. San Bernardino, No. CJC-18-004981; Sup. Ct. of Cal., Cnty. of San Francisco, Nos. CIVDS 1723435 and CGC-18-565628 |
| *Cochran et al. v. The Kroger Co. et al.* **(Data Breach)** | N.D. Cal., No. 5:21-cv-01887 |



| | |
|---|---|
| *Fernandez v. Rushmore Loan Management Services LLC* (Mortgage Loan Fees) | C.D. Cal., No. 8:21-cv-00621 |
| *Abramson v. Safe Streets USA LLC* (TCPA) | E.D.N.C., No. 5:19-cv-00394 |
| *Stoll et al. v. Musculoskeletal Institute, Chartered d/b/a Florida Orthopaedic Institute* (Data Breach) | M.D. Fla., No. 8:20-cv-01798 |
| *Mayo v. Affinity Plus Federal Credit Union* (Overdraft) | 4th Jud. Dist. Ct. Minn., No. 27-cv-11786 |
| *Johnson v. Moss Bros. Auto Group, Inc. et al.* (TCPA) | C.D. Cal., No. 5:19-cv-02456 |
| *Muransky et al. v. The Cheesecake Factory, Inc. et al.* (FACTA) | Sup. Ct. Cal. Cnty. of Los Angeles, No. 19 stcv43875 |
| *Haney v. Genworth Life Ins. Co.* (Long Term Care Insurance) | E.D. Va., No. 3:22-cv-00055 |
| *Halcom v. Genworth Life Ins. Co.* (Long Term Care Insurance) | E.D. Va., No. 3:21-cv-00019 |
| *Mercado et al. v. Verde Energy USA, Inc.* (Variable Rate Energy) | N.D. Ill., No. 1:18-cv-02068 |
| *Fallis et al. v. Gate City Bank* (Overdraft) | East Cent. Dist. Ct. Cass Cnty. N.D., No. 09-2019-cv-04007 |
| *Sanchez et al. v. California Public Employees' Retirement System et al.* (Long Term Care Insurance) | Sup. Ct. Cal. Cnty. of Los Angeles, No. BC 517444 |
| *Hameed-Bolden et al. v. Forever 21 Retail, Inc. et al.* (Data Breach for Payment Cards) | C.D. Cal., No. 2:18-cv-03019 |
| *Wallace v. Wells Fargo* (Overdraft Fees on Uber and Lyft One-Time Transactions) | Sup. Ct. Cal. Cnty. of Santa Clara, No. 17-cv-317775 |
| *In re Turkey Antitrust Litigations* (Commercial and Institutional Indirect Purchaser Plaintiffs' Action – CIIPPs) *Sandee's Bakery d/b/a Sandee's Catering Bakery & Deli et al. v. Agri Stats, Inc.* | N.D. Ill., No. 1:20-cv-02295 |
| *Coleman v. Alaska USA Federal Credit Union* (Retry Bank Fees) | D. Alaska, No. 3:19-cv-00229 |
| *Fiore et al. v. Ingenious Designs, L.L.C. and HSN, Inc.* (My Little Steamer) | E.D.N.Y., No. 1:18-cv-07124 |
| *In Re Pork Antitrust Litigation (Commercial and Institutional Indirect Purchaser Actions - CIIPPs)* (JBS USA Food Company, JBS USA Food Company Holdings) | D. Minn., No. 0:18-cv-01776 |
| *Lozano v. CodeMetro Inc.* (Data Breach) | Sup. Ct. Cal. Cnty. of San Diego, No. 37-2020-00022701 |
| *Yamagata et al. v. Reckitt Benckiser LLC* (Schiff Move Free® Advanced Glucosamine Supplements) | N.D. Cal., No. 3:17-cv-03529 |
| *Cin-Q Automobiles, Inc. et al. v. Buccaneers Limited Partnership* (TCPA) | M.D. Fla., No. 8:13-cv-01592 |
| *Thompson et al. v. Community Bank, N.A.* (Overdraft) | N.D.N.Y., No. 8:19-cv-00919 |
| *Bleachtech L.L.C. v. United Parcel Service Co.* (Declared Value Shipping Fees) | E.D. Mich., No. 2:14-cv-12719 |
| *Silveira v. M&T Bank* (Mortgage Fees) | C.D. Cal., No. 2:19-cv-06958 |
| *In re Toll Roads Litigation; Borsuk et al. v. Foothill/Eastern Transportation Corridor Agency et al.* (OCTA Settlement - Collection & Sharing of Personally Identifiable Information) | C.D. Cal., No. 8:16-cv-00262 |
| *In Re: Toll Roads Litigation* (3M/TCA Settlement - Collection & Sharing of Personally Identifiable Information) | C.D. Cal., No. 8:16-cv-00262 |
| *Pearlstone v. Wal-Mart Stores, Inc.* (Sales Tax) | C.D. Cal., No. 4:17-cv-02856 |
| *Zanca et al. v. Epic Games, Inc.* (Fortnite or Rocket League Video Games) | Sup. Ct. Wake Cnty. N.C., No. 21-CVS-534 |

| | |
|---|---|
| *In re: Flint Water Cases* | E.D. Mich., No. 5:16-cv-10444 |
| *Kukorinis v. Walmart, Inc.* **(Weighted Goods Pricing)** | S.D. Fla., No. 1:19-cv-20592 |
| *Grace v. Apple, Inc.* **(Apple iPhone 4 and iPhone 4S Devices)** | N.D. Cal., No. 17-cv-00551 |
| *Alvarez v. Sirius XM Radio Inc.* | C.D. Cal., No. 2:18-cv-08605 |
| *In re: Pre-Filled Propane Tank Antitrust Litigation* | W.D. Mo., No. MDL No. 2567, No. 14-cv-02567 |
| *In re: Disposable Contact Lens Antitrust Litigation* **(ABB Concise Optical Group, LLC) (Unilateral Pricing Policies)** | M.D. Fla., No. 3:15-md-02626 |
| *Morris v. Provident Credit Union* **(Overdraft)** | Sup. Ct. Cal. Cnty. of San Fran., No. CGC-19-581616 |
| *Pennington v. Tetra Tech, Inc. et al.* **(Property)** | N.D. Cal., No. 3:18-cv-05330 |
| *Maldonado et al. v. Apple Inc. et al.* **(Apple Care iPhone)** | N.D. Cal., No. 3:16-cv-04067 |
| *UFCW & Employers Benefit Trust v. Sutter Health et al.* **(Self-Funded Payors)** | Sup. Ct. of Cal., Cnty. of San Fran., No. CGC 14-538451 Consolidated with CGC-18-565398 |
| *Fitzhenry v. Independent Home Products, LLC* **(TCPA)** | D.S.C., No. 2:19-cv-02993 |
| *In re: Hyundai and Kia Engine Litigation and Flaherty v. Hyundai Motor Company, Inc. et al.* | C.D. Cal., Nos. 8:17-cv-00838 & 18-cv-02223 |
| *Sager et al. v. Volkswagen Group of America, Inc. et al.* | D.N.J., No. 18-cv-13556 |
| *Bautista v. Valero Marketing and Supply Company* | N.D. Cal., No. 3:15-cv-05557 |
| *Richards et al. v. Chime Financial, Inc.* **(Service Disruption)** | N.D. Cal., No. 4:19-cv-06864 |
| *In re: Health Insurance Innovations Securities Litigation* | M.D. Fla., No. 8:17-cv-02186 |
| *Fox et al. v. Iowa Health System d.b.a. UnityPoint Health* **(Data Breach)** | W.D. Wis., No. 18-cv-00327 |
| *Smith v. Costa Del Mar, Inc.* **(Sunglasses Warranty)** | M.D. Fla., No. 3:18-cv-01011 |
| *Al's Discount Plumbing et al. v. Viega, LLC* **(Building Products)** | M.D. Pa., No. 19-cv-00159 |
| *Rose v. The Travelers Home and Marine Insurance Company et al.* | E.D. Pa., No. 19-cv-00977 |
| *Eastwood Construction LLC et al. v. City of Monroe The Estate of Donald Alan Plyler Sr. et al. v. City of Monroe* | Sup. Ct. N.C., Nos. 18-CVS-2692 & 19-CVS-1825 |
| *Garvin v. San Diego Unified Port District* | Sup. Ct. Cal., No. 37-2020-00015064 |
| *Consumer Financial Protection Bureau v. Siringoringo Law Firm* | C.D. Cal., No. 8:14-cv-01155 |
| *Robinson v. Nationstar Mortgage LLC* | D. Md., No. 8:14-cv-03667 |
| *Drazen v. GoDaddy.com, LLC* **and** *Bennett v. GoDaddy.com, LLC* **(TCPA)** | S.D. Ala., No. 1:19-cv-00563 |
| *In re: Libor-Based Financial Instruments Antitrust Litigation* | S.D.N.Y., MDL No. 2262, No. 1:11-md-2262 |
| *Izor v. Abacus Data Systems, Inc.* **(TCPA)** | N.D. Cal., No. 19-cv-01057 |
| *Cook et al. v. South Carolina Public Service Authority et al.* | Ct. of Com. Pleas. 13th Jud. Cir. S.C., No. 2019-CP-23-6675 |



| *K.B., by and through her natural parent, Jennifer Qassis, and Lillian Knox-Bender v. Methodist Healthcare - Memphis Hospitals* | 30th Jud. Dist. Tenn., No. CH-13-04871-1 |
| --- | --- |
| *In re: Roman Catholic Diocese of Harrisburg* | Bank. Ct. M.D. Pa., No. 1:20-bk-00599 |
| *Denier et al. v. Taconic Biosciences, Inc.* | Sup Ct. N.Y., No. 00255851 |
| *Robinson v. First Hawaiian Bank* (Overdraft) | Cir. Ct. of First Cir. Haw., No. 17-1-0167-01 |
| *Burch v. Whirlpool Corporation* | W.D. Mich., No. 1:17-cv-00018 |
| *Armon et al. v. Washington State University* (Data Breach) | Sup. Ct. Wash., No. 17-2-23244-1 consolidated with No. 17-2-25052-0 |
| *Wilson et al. v. Volkswagen Group of America, Inc. et al.* | S.D. Fla., No. 17-cv-23033 |
| *Prather v. Wells Fargo Bank, N.A.* (TCPA) | N.D. Ill., No. 1:17-cv-00481 |
| *In re: Wells Fargo Collateral Protection Insurance Litigation* | C.D. Cal., No. 8:17-ml-02797 |
| *Ciuffitelli et al. v. Deloitte & Touche LLP et al.* | D. Ore., No. 3:16-cv-00580 |
| *Coffeng et al. v. Volkswagen Group of America, Inc.* | N.D. Cal., No. 17-cv-01825 |
| *Audet et al. v. Garza et al.* | D. Conn., No. 3:16-cv-00940 |
| *In re: Disposable Contact Lens Antitrust Litigation (CooperVision, Inc.) (Unilateral Pricing Policies)* | M.D. Fla., No. 3:15-md-02626 |
| *Hyder et al. v. Consumers County Mutual Insurance Company* | D. Ct. of Travis Cnty. Tex., No. D-1-GN-16-000596 |
| *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* | E.D. Tex., No. 4:19-cv-00248 |
| *In re: TD Bank, N.A. Debit Card Overdraft Fee Litigation* | D.S.C., MDL No. 2613, No. 6:15-MN-02613 |
| *Liggio v. Apple Federal Credit Union* | E.D. Va., No. 1:18-cv-01059 |
| *Garcia v. Target Corporation* (TCPA) | D. Minn., No. 16-cv-02574 |
| *Albrecht v. Oasis Power, LLC d/b/a Oasis Energy* | N.D. Ill., No. 1:18-cv-01061 |
| *McKinney-Drobnis et al. v. Massage Envy Franchising* | N.D. Cal., No. 3:16-cv-06450 |
| *In re: Optical Disk Drive Products Antitrust Litigation* | N.D. Cal., MDL No. 2143, No. 3:10-md-02143 |
| *Stone et al. v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* | E.D. Tex., No. 4:17-cv-00001 |
| *In re: Kaiser Gypsum Company, Inc. et al.* (Asbestos) | Bankr. W.D. N.C., No. 16-31602 |
| *Kuss v. American HomePatient, Inc. et al.* (Data Breach) | M.D. Fla., No. 8:18-cv-02348 |
| *Lusnak v. Bank of America, N.A.* | C.D. Cal., No. 14-cv-01855 |
| *In re: Premera Blue Cross Customer Data Security Breach Litigation* | D. Ore., MDL No. 2633, No. 3:15-md-02633 |
| *Elder v. Hilton Worldwide Holdings, Inc.* (Hotel Stay Promotion) | N.D. Cal., No. 16-cv-00278 |
| *Grayson et al. v. General Electric Company* (Microwaves) | D. Conn., No. 3:13-cv-01799 |



| | |
|---|---|
| *Harris et al. v. Farmers Insurance Exchange and Mid Century Insurance Company* | Sup. Ct. Cal., No. BC 579498 |
| *Lashambae v. Capital One Bank, N.A.* (Overdraft) | E.D.N.Y., No. 1:17-cv-06406 |
| *Trujillo et al. v. Ametek, Inc. et al.* (Toxic Leak) | S.D. Cal., No. 3:15-cv-01394 |
| *Cox et al. v. Ametek, Inc. et al.* (Toxic Leak) | S.D. Cal., No. 3:17-cv-00597 |
| *Pirozzi et al. v. Massage Envy Franchising, LLC* | E.D. Mo., No. 4:19-cv-00807 |
| *Lehman v. Transbay Joint Powers Authority et al.* (Millennium Tower) | Sup. Ct. Cal., No. GCG-16-553758 |
| *In re: FCA US LLC Monostable Electronic Gearshift Litigation* | E.D. Mich., MDL No. 2744 & No. 16-md-02744 |
| *Dasher v. RBC Bank (USA) predecessor in interest to PNC Bank, N.A., as part of In re: Checking Account Overdraft* | S.D. Fla., No. 1:10-cv-22190, as part of MDL No. 2036 |
| *Behfarin v. Pruco Life Insurance Company et al.* | C.D. Cal., No. 17-cv-05290 |
| *In re: Renovate America Finance Cases* (Tax Assessment Financing) | Sup. Ct., Cal., Cnty. of Riverside, No. RICJCCP4940 |
| *Nelson v. Roadrunner Transportation Systems, Inc.* (Data Breach) | N.D. Ill., No. 1:18-cv-07400 |
| *Skochin et al. v. Genworth Life Insurance Company et al.* | E.D. Va., No. 3:19-cv-00049 |
| *Walters et al. v. Target Corp.* (Overdraft) | S.D. Cal., No. 3:16-cv-01678 |
| *Jackson et al. v. Viking Group, Inc. et al.* | D. Md., No. 8:18-cv-02356 |
| *Waldrup v. Countrywide Financial Corporation et al.* | C.D. Cal., No. 2:13-cv-08833 |
| *Burrow et al. v. Forjas Taurus S.A. et al.* | S.D. Fla., No. 1:16-cv-21606 |
| *Henrikson v. Samsung Electronics Canada Inc.* | Ontario Super. Ct., No. 2762-16cp |
| *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation* | E.D. Pa., No. 2:09-md-02034 |
| *Lightsey et al. v. South Carolina Electric & Gas Company, a Wholly Owned Subsidiary of SCANA et al.* | Ct. of Com. Pleas., S.C., No. 2017-CP-25-335 |
| *Rabin v. HP Canada Co. et al.* | Quebec Ct., Dist. of Montreal, No. 500-06-000813-168 |
| *Di Filippo v. The Bank of Nova Scotia et al.* (Gold Market Instrument) | Ontario Sup. Ct., No. CV-15-543005-00CP & No. CV-16-551067-00CP |
| *McIntosh v. Takata Corporation et al.; Vitoratos et al. v. Takata Corporation et al.; and Hall v. Takata Corporation et al.* | Ontario Sup Ct., No. CV-16-543833-00CP; Quebec Sup. Ct. of Justice, No. 500-06-000723-144; & Court of Queen's Bench for Saskatchewan, No. QBG. 1284 or 2015 |
| *Adlouni v. UCLA Health Systems Auxiliary et al.* | Sup. Ct. Cal., No. BC589243 |
| *Lloyd et al. v. Navy Federal Credit Union* | S.D. Cal., No. 17-cv-01280 |
| *Luib v. Henkel Consumer Goods Inc.* | E.D.N.Y., No. 1:17-cv-03021 |
| *Zaklit et al. v. Nationstar Mortgage LLC et al.* (TCPA) | C.D. Cal., No. 5:15-cv-02190 |
| *In re: HP Printer Firmware Update Litigation* | N.D. Cal., No. 5:16-cv-05820 |
| *In re: Dealer Management Systems Antitrust Litigation* | N.D. Ill., MDL No. 2817, No. 18-cv-00864 |

| | |
|---|---|
| ***Mosser v. TD Bank, N.A. and Mazzadra et al. v. TD Bank, N.A.,*** as part of *In re: Checking Account Overdraft* | E.D. Pa., No. 2:10-cv-00731, S.D. Fla., No. 10-cv-21386 and S.D. Fla., No. 1:10-cv-21870, as part of S.D. Fla., MDL No. 2036 |
| ***Naiman v. Total Merchant Services, Inc. et al.*** (TCPA) | N.D. Cal., No. 4:17-cv-03806 |
| ***In re: Valley Anesthesiology Consultants, Inc. Data Breach Litigation*** | Sup. Ct. of Maricopa Ariz., No. CV2016-013446 |
| ***Parsons v. Kimpton Hotel & Restaurant Group, LLC*** (Data Breach) | N.D. Cal., No. 3:16-cv-05387 |
| ***Stahl v. Bank of the West*** | Sup. Ct. Cal., No. BC673397 |
| ***37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.)*** | S.D.N.Y., No. 15-cv-09924 |
| ***Tashica Fulton-Green et al. v. Accolade, Inc.*** | E.D. Pa., No. 2:18-cv-00274 |
| ***In re: Community Health Systems, Inc. Customer Data Security Breach Litigation*** | N.D. Ala., MDL No. 2595, No. 2:15-cv-00222 |
| ***Al's Pals Pet Card, LLC et al. v. Woodforest National Bank, N.A. et al.*** | S.D. Tex., No. 4:17-cv-03852 |
| ***Cowen v. Lenny & Larry's Inc.*** | N.D. Ill., No. 1:17-cv-01530 |
| ***Martin v. Trott*** (MI - Foreclosure) | E.D. Mich., No. 2:15-cv-12838 |
| ***Knapper v. Cox Communications, Inc.*** (TCPA) | D. Ariz., No. 2:17-cv-00913 |
| ***Dipuglia v. US Coachways, Inc.*** (TCPA) | S.D. Fla., No. 1:17-cv-23006 |
| ***Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN*** (TCPA) | N.D. Cal., No. 3:16-cv-05486 |
| ***First Impressions Salon, Inc. et al. v. National Milk Producers Federation et al.*** | S.D. Ill., No. 3:13-cv-00454 |
| ***Raffin v. Medicredit, Inc. et al.*** | C.D. Cal., No. 15-cv-04912 |
| ***Gergetz v. Telenav, Inc.*** (TCPA) | N.D. Cal., No. 5:16-cv-04261 |
| ***Ajose et al. v. Interline Brands Inc.*** (Plumbing Fixtures) | M.D. Tenn., No. 3:14-cv-01707 |
| ***Underwood v. Kohl's Department Stores, Inc. et al.*** | E.D. Pa., No. 2:15-cv-00730 |
| ***Surrett et al. v. Western Culinary Institute et al.*** | Ore. Cir., Ct. Cnty. of Multnomah, No. 0803-03530 |
| ***Vergara et al., v. Uber Technologies, Inc.*** (TCPA) | N.D. Ill., No. 1:15-cv-06972 |
| ***Watson v. Bank of America Corporation et al.; Bancroft-Snell et al. v. Visa Canada Corporation et al.; Bakopanos v. Visa Canada Corporation et al.; Macaronies Hair Club and Laser Center Inc. operating as Fuze Salon v. BofA Canada Bank et al.; Hello Baby Equipment Inc. v. BofA Canada Bank and others (Visa and Mastercard Canadian Interchange Fees)*** | Sup. Ct. of B.C., No. VLC-S-S-112003; Ontario Sup. Ct., No. CV-11-426591; Sup. Ct. of Quebec, No. 500-06-00549-101; Ct. of QB of Alberta, No. 1203-18531; Ct. of QB of Saskatchewan, No. 133 of 2013 |
| ***In re: Takata Airbag Products Liability Litigation*** (OEMs – BMW, Mazda, Subaru, and Toyota) | S.D. Fla., MDL No. 2599 |
| ***In re: Takata Airbag Products Liability Litigation*** (OEMs – Honda and Nissan) | S.D. Fla., MDL No. 2599 |
| ***In re: Takata Airbag Products Liability Litigation*** (OEM – Ford) | S.D. Fla., MDL No. 2599 |
| ***Poseidon Concepts Corp. et al.*** (Canadian Securities Litigation) | Ct. of QB of Alberta, No. 1301-04364 |



| | |
|---|---|
| *Callaway v. Mercedes-Benz USA, LLC* (Seat Heaters) | C.D. Cal., No. 8:14-cv-02011 |
| *Hale v. State Farm Mutual Automobile Insurance Company et al.* | S.D. Ill., No. 3:12-cv-00660 |
| *Farrell v. Bank of America, N.A.* (Overdraft) | S.D. Cal., No. 3:16-cv-00492 |
| *In re: Windsor Wood Clad Window Products Liability Litigation* | E.D. Wis., MDL No. 2688, No. 16-md-02688 |
| *Wallace et al. v. Monier Lifetile LLC et al.* | Sup. Ct. Cal., No. SCV-16410 |
| *In re: Parking Heaters Antitrust Litigation* | E.D.N.Y., No. 15-MC-00940 |
| *Pantelyat et al. v. Bank of America, N.A. et al.* (Overdraft / Uber) | S.D.N.Y., No. 16-cv-08964 |
| *Falco et al. v. Nissan North America, Inc. et al.* (Engine – CA & WA) | C.D. Cal., No. 2:13-cv-00686 |
| *Alaska Electrical Pension Fund et al. v. Bank of America N.A. et al.* (ISDAfix Instruments) | S.D.N.Y., No. 14-cv-07126 |
| *Larson v. John Hancock Life Insurance Company (U.S.A.)* | Sup. Ct. Cal., No. RG16813803 |
| *Larey v. Allstate Property and Casualty Insurance Company* | W.D. Kan., No. 4:14-cv-04008 |
| *Orlander v. Staples, Inc.* | S.D.N.Y., No. 13-cv-00703 |
| *Masson v. Tallahassee Dodge Chrysler Jeep, LLC* (TCPA) | S.D. Fla., No. 1:17-cv-22967 |
| *Gordon et al. v. Amadeus IT Group, S.A. et al.* | S.D.N.Y., No. 1:15-cv-05457 |
| *Alexander M. Rattner v. Tribe App., Inc., and Kenneth Horsley v. Tribe App., Inc.* | S.D. Fla., Nos. 1:17-cv-21344 & 1:14-cv-02311 |
| *Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric et al.* | E.D. Pa., No. 2:14-cv-04464 |
| *Mahoney v. TT of Pine Ridge, Inc.* | S.D. Fla., No. 9:17-cv-80029 |
| *Ma et al. v. Harmless Harvest Inc.* (Coconut Water) | E.D.N.Y., No. 2:16-cv-07102 |
| *Reilly v. Chipotle Mexican Grill, Inc.* | S.D. Fla., No. 1:15-cv-23425 |
| *The Financial Oversight and Management Board for Puerto Rico as representative of Puerto Rico Electric Power Authority ("PREPA")* (Bankruptcy) | D. Puerto Rico, No. 17-cv-04780 |
| *In re: Syngenta Litigation* | 4th Jud. Dist. Minn., No. 27-cv-15-3785 |
| *T.A.N. v. PNI Digital Media, Inc.* | S.D. Ga., No. 2:16-cv-00132 |
| *Lewis v. Flue-Cured Tobacco Cooperative Stabilization Corporation (n/k/a United States Tobacco Cooperative, Inc.)* | N.C. Gen. Ct. of Justice, Sup. Ct. Div., No. 05 CVS 188, No. 05 CVS 1938 |
| *McKnight et al. v. Uber Technologies, Inc. et al.* | N.D. Cal., No. 14-cv-05615 |
| *Gottlieb v. Citgo Petroleum Corporation* (TCPA) | S.D. Fla., No. 9:16-cv-81911 |
| *Farnham v. Caribou Coffee Company, Inc.* (TCPA) | W.D. Wis., No. 16-cv-00295 |
| *Jacobs et al. v. Huntington Bancshares Inc. et al.* (FirstMerit Overdraft Fees) | Ohio C.P., No. 11CV000090 |
| *Morton v. Greenbank* (Overdraft Fees) | 20th Jud. Dist. Tenn., No. 11-135-IV |



| | |
|---|---|
| *Ratzlaff et al. v. BOKF, NA d/b/a Bank of Oklahoma et al.* (Overdraft Fees) | Dist. Ct. Okla., No. CJ-2015-00859 |
| *Klug v. Watts Regulator Company* (Product Liability) | D. Neb., No. 8:15-cv-00061 |
| *Bias v. Wells Fargo & Company et al.* (Broker's Price Opinions) | N.D. Cal., No. 4:12-cv-00664 |
| *Greater Chautauqua Federal Credit Union v. Kmart Corp. et al.* (Data Breach) | N.D. Ill., No. 1:15-cv-02228 |
| *Hawkins v. First Tennessee Bank, N.A. et al.* (Overdraft Fees) | 13th Jud. Cir. Tenn., No. CT-004085-11 |
| *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation* (Bosch Settlement) | N.D. Cal., MDL No. 2672 |
| *In re: HSBC Bank USA, N.A.* | Sup. Ct. N.Y., No. 650562/11 |
| *Glaske v. Independent Bank Corporation* (Overdraft Fees) | Cir. Ct. Mich., No. 13-009983 |
| *MSPA Claims 1, LLC v. IDS Property Casualty Insurance Company* | 11th Jud. Cir. Fla, No. 15-27940-CA-21 |
| *In re: Lithium Ion Batteries Antitrust Litigation* | N.D. Cal., MDL No. 2420, No. 4:13-md-02420 |
| *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.* | S.D. Fla., No. 14-cv-23120 |
| *Small v. BOKF, N.A.* | D. Colo., No. 13-cv-01125 |
| *Forgione v. Webster Bank N.A.* (Overdraft Fees) | Sup. Ct. Conn., No. X10-UWY-cv-12-6015956-S |
| *Swift v. BancorpSouth Bank*, as part of *In re: Checking Account Overdraft* | N.D. Fla., No. 1:10-cv-00090, as part of S.D. Fla, MDL No. 2036 |
| *Whitton v. Deffenbaugh Industries, Inc. et al.* *Gary, LLC v. Deffenbaugh Industries, Inc. et al.* | D. Kan., No. 2:12-cv-02247 D. Kan., No. 2:13-cv-02634 |
| *In re: Citrus Canker Litigation* | 11th Jud. Cir., Fla., No. 03-8255 CA 13 |
| *In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation* | D.N.J., MDL No. 2540 |
| *In re: Shop-Vac Marketing and Sales Practices Litigation* | M.D. Pa., MDL No. 2380 |
| *Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.* | 27th Jud. D. Ct. La., No. 12-C-1599 |
| *Opelousas General Hospital Authority v. PPO Plus, L.L.C. et al.* | 27th Jud. D. Ct. La., No. 13-C-5380 |
| *Russell Minoru Ono v. Head Racquet Sports USA* | C.D. Cal., No. 2:13-cv-04222 |
| *Kerry T. Thibodeaux, M.D. (A Professional Medical Corporation) v. American Lifecare, Inc.* | 27th Jud. D. Ct. La., No. 13-C-3212 |
| *Gattinella v. Michael Kors (USA), Inc. et al.* | S.D.N.Y., No. 14-cv-05731 |
| *In re: Energy Future Holdings Corp. et al.* (Asbestos Claims Bar Notice) | Bankr. D. Del., No. 14-10979 |
| *Dorothy Williams d/b/a Dot's Restaurant v. Waste Away Group, Inc.* | Cir. Ct., Lawrence Cnty., Ala., No. 42-cv-2012- 900001.00 |
| *Kota of Sarasota, Inc. v. Waste Management Inc. of Florida* | 12th Jud. Cir. Ct., Sarasota Cnty., Fla., No. 2011-CA-008020NC |
| *Steen v. Capital One, N.A.*, as part of *In re: Checking Account Overdraft* | E.D. La., No. 2:10-cv-01505 and 1:10-cv-22058, as part of S.D. Fla., MDL No. 2036 |
| *Childs et al. v. Synovus Bank et al.*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |



| | |
|---|---|
| *In re: MI Windows and Doors Inc. Products Liability Litigation* (Building Products) | D.S.C., MDL No. 2333 |
| *Given v. Manufacturers and Traders Trust Company a/k/a M&T Bank*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Scharfstein v. BP West Coast Products, LLC* | Ore. Cir., Cnty. of Multnomah, No. 1112-17046 |
| *Adkins et al. v. Nestlé Purina PetCare Company et al.* | N.D. Ill., No. 1:12-cv-02871 |
| *Smith v. City of New Orleans* | Civil D. Ct., Parish of Orleans, La., No. 2005-05453 |
| *Hawthorne v. Umpqua Bank* (Overdraft Fees) | N.D. Cal., No. 11-cv-06700 |
| *Gulbankian et al. v. MW Manufacturers, Inc.* | D. Mass., No. 1:10-cv-10392 |
| *Costello v. NBT Bank* (Overdraft Fees) | Sup. Ct. Del Cnty., N.Y., No. 2011-1037 |
| *In re American Express Anti-Steering Rules Antitrust Litigation (II) (Italian Colors Restaurant)* | E.D.N.Y., MDL 2221, No. 11-md-2221 |
| *Wong et al. v. Alacer Corp.* (Emergen-C) | Sup. Ct. Cal., No. CGC-12-519221 |
| *Mello et al. v. Susquehanna Bank*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *In re: Plasma-Derivative Protein Therapies Antitrust Litigation* | N.D. Ill., No. 09-cv-07666 |
| *Simpson v. Citizens Bank* (Overdraft Fees) | E.D. Mich., No. 2:12-cv-10267 |
| *George Raymond Williams, M.D., Orthopedic Surgery, a Professional Medical, LLC et al. v. Bestcomp, Inc. et al.* | 27th Jud. D. Ct. La., No. 09-C-5242-B |
| *Simmons v. Comerica Bank, N.A.*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *McGann et al., v. Schnuck Markets, Inc.* (Data Breach) | Mo. Cir. Ct., No. 1322-CC00800 |
| *Rose v. Bank of America Corporation et al.* (TCPA) | N.D. Cal., Nos. 5:11-cv-02390 & 5:12-cv-00400 |
| *Johnson v. Community Bank, N.A. et al.* (Overdraft Fees) | M.D. Pa., No. 3:12-cv-01405 |
| *National Trucking Financial Reclamation Services, LLC et al. v. Pilot Corporation et al.* | E.D. Ark., No. 4:13-cv-00250 |
| *Price v. BP Products North America* | N.D. Ill., No. 12-cv-06799 |
| *Yarger v. ING Bank* | D. Del., No. 11-154-LPS |
| *Glube et al. v. Pella Corporation et al.* (Building Products) | Ont. Super. Ct., No. CV-11-4322294-00CP |
| *Fontaine v. Attorney General of Canada* (Mistassini Hostels Residential Schools) | Qué. Super. Ct., No. 500-06-000293-056 & No. 550-06-000021-056 |
| *Miner v. Philip Morris Companies, Inc. et al.* (Light Cigarettes) | Ark. Cir. Ct., No. 60CV03-4661 |
| *Williams v. SIF Consultants of Louisiana, Inc. et al.* | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| *Opelousas General Hospital Authority v. Qmedtrix Systems, Inc.* | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| *Evans et al. v. TIN, Inc. et al.* (Environmental) | E.D. La., No. 2:11-cv-02067 |
| *Casayuran v. PNC Bank*, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |



| | |
|---|---|
| **Anderson v. Compass Bank**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Eno v. M & I Marshall & Ilsley Bank** as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Blahut v. Harris, N.A.**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **In re: Zurn Pex Plumbing Products Liability Litigation** | D. Minn., MDL No. 1958, No. 08-md-1958 |
| **Saltzman v. Pella Corporation** (Building Products) | N.D. Ill., No. 06-cv-04481 |
| **In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation** (Mastercard & Visa) | E.D.N.Y., MDL No. 1720, No. 05-md-01720 |
| **RBS v. Citizens Financial Group, Inc.**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Gessele et al. v. Jack in the Box, Inc.** | D. Ore., No. 3:10-cv-00960 |
| **Vodanovich v. Boh Brothers Construction** (Hurricane Katrina Levee Breaches) | E.D. La., No. 05-cv-04191 |
| **Marolda v. Symantec Corporation** (Software Upgrades) | N.D. Cal., No. 3:08-cv-05701 |
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** (Medical Benefits Settlement) | E.D. La., MDL No. 2179 |
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** (Economic & Property Damages Settlement) | E.D. La., MDL No. 2179 |
| **Opelousas General Hospital Authority v. FairPay Solutions** | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| **Fontaine v. Attorney General of Canada** (Stirland Lake and Cristal Lake Residential Schools) | Ont. Super. Ct., No. 00-cv-192059 CP |
| **Nelson v. Rabobank, N.A.** (Overdraft Fees) | Sup. Ct. Cal., No. RIC 1101391 |
| **Case v. Bank of Oklahoma**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Harris v. Associated Bank**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Wolfgeher v. Commerce Bank**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **McKinley v. Great Western Bank**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Lawson v. BancorpSouth** (Overdraft Fees) | W.D. Ark., No. 1:12-cv-01016 |
| **LaCour v. Whitney Bank** (Overdraft Fees) | M.D. Fla., No. 8:11-cv-01896 |
| **Sachar v. Iberiabank Corporation**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Williams v. S.I.F. Consultants** (CorVel Corporation) | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| **Gwiazdowski v. County of Chester** (Prisoner Strip Search) | E.D. Pa., No. 2:08-cv-04463 |
| **Williams v. Hammerman & Gainer, Inc.** (SIF Consultants) | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| **Williams v. Hammerman & Gainer, Inc.** (Risk Management) | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| **Williams v. Hammerman & Gainer, Inc.** (Hammerman) | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| **Gunderson v. F.A. Richard & Assocs., Inc.** (First Health) | 14th Jud. D. Ct. La., No. 2004-002417 |



| | |
|---|---|
| ***Delandro v. County of Allegheny*** (Prisoner Strip Search) | W.D. Pa., No. 2:06-cv-00927 |
| ***Mathena v. Webster Bank, N.A.***, as part of *In re: Checking Account Overdraft* | D. Conn, No. 3:10-cv-01448, as part of S.D. Fla., MDL No. 2036 |
| ***Vereen v. Lowe's Home Centers*** (Defective Drywall) | Ga. Super. Ct., No. SU10-cv-2267B |
| ***Trombley v. National City Bank***, as part of *In re: Checking Account Overdraft* | D.D.C., No. 1:10-cv-00232, as part of S.D. Fla., MDL No. 2036 |
| ***Schulte v. Fifth Third Bank*** (Overdraft Fees) | N.D. Ill., No. 1:09-cv-06655 |
| ***Satterfield v. Simon & Schuster, Inc.*** (Text Messaging) | N.D. Cal., No. 06-cv-02893 |
| ***Coyle v. Hornell Brewing Co.*** (Arizona Iced Tea) | D.N.J., No. 08-cv-02797 |
| ***Holk v. Snapple Beverage Corporation*** | D.N.J., No. 3:07-cv-03018 |
| ***In re: Heartland Data Payment System Inc. Customer Data Security Breach Litigation*** | S.D. Tex., MDL No. 2046 |
| ***Weiner v. Snapple Beverage Corporation*** | S.D.N.Y., No. 07-cv-08742 |
| ***Gunderson v. F.A. Richard & Assocs., Inc.*** (Cambridge) | 14th Jud. D. Ct. La., No. 2004-002417 |
| ***Miller v. Basic Research, LLC*** (Weight-loss Supplement) | D. Utah, No. 2:07-cv-00871 |
| ***In re: Countrywide Customer Data Breach Litigation*** | W.D. Ky., MDL No. 1998 |
| ***Boone v. City of Philadelphia*** (Prisoner Strip Search) | E.D. Pa., No. 05-cv-01851 |
| ***Little v. Kia Motors America, Inc.*** (Braking Systems) | N.J. Super. Ct., No. UNN-L-0800-01 |
| ***Opelousas Trust Authority v. Summit Consulting*** | 27th Jud. D. Ct. La., No. 07-C-3737-B |
| ***Steele v. Pergo*** (Flooring Products) | D. Ore., No. 07-cv-01493 |
| ***Pavlov v. Continental Casualty Co.*** (Long Term Care Insurance) | N.D. Ohio, No. 5:07-cv-02580 |
| ***Dolen v. ABN AMRO Bank N.V.*** (Callable CD's) | Ill. Cir. Ct., Nos. 01-L-454 & 01-L-493 |
| ***In re: Department of Veterans Affairs (VA) Data Theft Litigation*** | D.D.C., MDL No. 1796 |
| ***In re: Katrina Canal Breaches Consolidated Litigation*** | E.D. La., No. 05-cv-04182 |

Hilsoft-cv-148

