# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | Case No. 1:21-cv-00135<br><br>Hon. Sharon Johnson Coleman |

**CLEARVIEW DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC ("Rocky Mountain"), and Thomas Mulcaire (collectively, "Clearview Defendants") hereby answer Plaintiffs' First Set of Interrogatories ("Interrogatories") as follows:

**GENERAL OBJECTIONS**

The Clearview Defendants make the following General Objections, which apply to each of the Interrogatories. Although the Clearview Defendants may respond specifically to certain Interrogatories, all of the responses are made subject to these General Objections and no specific response should be considered, or is, a waiver of any General Objection. Notwithstanding the foregoing, to the extent the Clearview Defendants have identified information responsive to an Interrogatory that they are withholding in connection with a General Objection, they have so stated in their response to that specific Interrogatory.

1. The Clearview Defendants' responses, objections, and provision of information in response to the Interrogatories, are not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission as to any fact in dispute or a waiver of any rights or defenses Defendants have or may assert with respect to any claim. The Clearview Defendants

1

reserve all objections as to the admissibility at any trial, arbitration, or other proceeding of any information provided pursuant to the Interrogatories, including, without limitation, all objections on the ground that the information is not relevant or material.

2. The Clearview Defendants reserve the right to supplement, amend, or otherwise revise these responses and objections.

3. The Clearview Defendants object to the Interrogatories to the extent that they purport to impose obligations on the Clearview Defendants that are broader than and/or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, or any other applicable law, rule or Court order.

4. The Clearview Defendants object to the Interrogatories to the extent they contain multiple, distinct questions and, therefore, the Interrogatories, "including all discrete sub-parts," exceed 25 requests in violation of Rule 33(a)(1) of the Federal Rules of Civil Procedure.

5. The Clearview Defendants object to the Interrogatories on the grounds and to the extent that they seek information that is: (i) not in the Clearview Defendants' possession, custody, or control; (ii) publicly available or already in Plaintiffs' possession, custody, or control; (iii) available from other, more convenient, more efficient, less burdensome, or less expensive sources than the Clearview Defendants; or (iv) available through a more convenient, more efficient, less burdensome, or less expensive means than an interrogatory response.

6. The Clearview Defendants object to the Interrogatories to the extent they seek materials and information that are not proportionate to the needs of the case, as required by Federal Rule of Civil Procedure 26(b).

7. The Clearview Defendants object to the Interrogatories to the extent they seek information protected by the attorney-client privilege or work-product doctrine, or to the extent they seek information otherwise protected from discovery under any applicable rule or privilege. Such information shall not be produced in response to these Interrogatories, and pursuant to Federal Rule of Evidence 502(b), any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or work-product immunity.

8. The Clearview Defendants object to the Interrogatories on the grounds and to the extent that they are premature contention interrogatories that purport to require the Clearview Defendants to draw legal conclusions, are predicated on legal conclusions or arguments, or seek the contentions of the parties as to matters that should await the completion of fact discovery.

9. The Clearview Defendants object to the Interrogatories on the grounds and to the extent that they are cumulative or duplicative of one another or any other discovery request served on the Clearview Defendants, or seek information that is duplicative of information that has already been provided in the Clearview Defendants' initial disclosures.

10. The Clearview Defendants object to the Interrogatories on the grounds and to the extent that they seek sensitive confidential, proprietary, and/or trade secret information and documents. Any sensitive confidential, proprietary, and/or trade secret information the Clearview Defendants produce will be subject to the Agreed Confidentiality Order in place in this Action (dkt. 62).

11. The Clearview Defendants object to the Requests as premature because they were improperly served prior to the parties conferring about discovery under Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d)(1).

12. The Clearview Defendants object to Plaintiffs' definition of "Biometric Data" as inaccurate and incomplete. Solely for the purposes of these Responses and Objections, the Clearview Defendants understand the term "Biometric Data" to mean both "biometric identifiers" and "biometric information," as those terms are defined in BIPA.

13. The Clearview Defendants object to Plaintiffs' definition of "Biometric Identifier" as inaccurate and incomplete. Solely for the purposes of these Responses and Objections, the Clearview Defendants understand the term "Biometric Identifier" to mean "biometric identifier," as that term is defined in BIPA.

14. The Clearview Defendants object to Plaintiffs' definition of "Biometric Information" as inaccurate and incomplete. Solely for the purposes of these Responses and Objections, the Clearview Defendants understand the term "Biometric Information" to mean "biometric information," as that term is defined in BIPA

15. The Clearview Defendants object to Plaintiffs' definition of "Clearview Facial Recognition App or Software" as mischaracterizing the nature of Clearview's app to the extent it states that Clearview's app may be used to determine or help determine the "identity" of the person in the probe image. The Clearview app may return a "match" of the person in the probe image, but it does not "ident[ify]" the person in the probe image.

16. The Clearview Defendants object to Plaintiffs' definition of "Rocky Mountain Facial Recognition App or Software" to the extent it suggests that Rocky Mountain has an app that is separate and distinct from Clearview's app. The Clearview Defendants further object to this definition as mischaracterizing the nature of Clearview's app to the extent it states that Clearview's app may be used to determine or help determine the "identity" of the person in the probe image.

4

The Clearview app may return a "match" of the person in the probe image, but it does not "ident[ify]" the person in the probe image.

17. The Clearview Defendants object to Plaintiffs' definition of "Face Template" as inaccurate to the extent it suggests that the Clearview Defendants collect or maintain biometric identifiers or biometric information, as those terms are defined in BIPA. Solely for the purposes of these Responses and Objections, the Clearview Defendants understand the term "Face Template" to mean the facial vectors created by Clearview's software.

18. The Clearview Defendants object to Plaintiffs' definition of "Face Template Database" to the extent it suggests that the Clearview Defendants maintain a database of biometric identifiers or biometric information, as those terms are defined in BIPA. Solely for the purposes of these Responses and Objections, the Clearview Defendants understand the term "Face Template Database" to mean Clearview's database of facial vectors and photographs.

19. The Clearview Defendants object to the purported "Relevant Time Period" of "January 1, 2015 to the present" as overbroad because it includes time periods during which the Clearview Defendants are not reasonably likely to have information relevant to any party's claims or defendants and proportional to the needs of this case. Except whereas otherwise specified, the Clearview Defendants respond to the Requests based on the time period August 3, 2017 through January 22, 2020.

Subject to and without waiving any of their general objections, the Clearview Defendants further respond to each Interrogatory as follows:

## INTERROGATORIES

1. Identify each Person answering, assisting, or participating in preparing the answers to these Interrogatories.

5

**RESPONSE:** The Clearview Defendants object to Interrogatory No. 1 as vague, because the phrase "assisting, or participating in preparing the answers" is vague and could be read to create an unduly burdensome interrogatory and/or invade attorney-client and attorney work-product protections.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants state that, in addition to outside counsel, the following individuals participated in preparing the answers to these Interrogatories:

- Thomas Mulcaire
- Hoan Ton-That
- Amos Kyler

These individuals may be contacted only through undersigned counsel.

2. Identify each Person who has knowledge or claims to have knowledge of any allegation contained in the Consolidated Class Action Complaint, your answer to the Consolidated Class Action Complaint, or your Affirmative Defenses, and for each such person, describe the subject matter of his or her knowledge.

**RESPONSE:** The Clearview Defendants object to this Interrogatory as overbroad to the extent it requires the Clearview Defendants to identify anyone with knowledge of "any" allegation in the Consolidated Class Action Complaint. The Clearview Defendants further object to this Interrogatory to the extent it requires the Clearview Defendants to speculate as to whether Persons outside of their control have knowledge or claim to have knowledge of any allegation contained in the Consolidated Class Action Complaint, the Clearview Defendants' Answer to the Consolidated Class Action Complaint, or the Clearview Defendants' Affirmative Defenses.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants identify the following persons and provide the subject matter of his or her knowledge. The Clearview Defendants further state that their investigation continues.

6

- Richard Schwartz, Clearview President: Clearview's operations and business practices

- Hoan Ton-That, Clearview CEO: Clearview's operations and business practices

- Thomas Mulcaire, Clearview General Counsel: Clearview's operations and business practices

- Hayden Parker, Clearview Vice President of Security: Security and operations of Clearview's search application

- Amos Kyler, Clearview Vice President of Engineering: Development and operations of Clearview's search application

- Jessica Garrison, Clearview Vice President of Government Affairs and Customer Relations: Clearview's operations and business practices

- Terence Liu, Clearview Vice President of Machine Learning: Clearview's machine-leaning algorithms

- Marko Jukic: Sales practices

Other than Mr. Jukic, these individuals may be contacted only though undersigned counsel.

3. Describe all efforts you made to comply with BIPA, including efforts made in connection with the creation, development, operation and use of the Clearview and/or Rocky Mountain Facial Recognition App or Software, including: (a) the dates of the efforts; (b) any efforts you made to inform any Plaintiff or Proposed Class Member that you were collecting, capturing or otherwise obtaining his or her Biometric Data, Biometric Identifiers and/or Biometric Information; (c) any efforts you made to obtain a written release from any Plaintiff or Proposed Class Member regarding your collection, capture or obtainment of his or her Biometric Data, Biometric Identifiers and/or Biometric Information; (d) any efforts you made to obtain the consent of any Plaintiff or Proposed Class Member prior to your disclosure, redisclosure or dissemination of his or her Biometric Data, Biometric Identifiers and/or Biometric Information; and (e) any efforts you made to store, transmit and protect from disclosure all Biometric Data, Biometric Identifiers and/or Biometric Information using the standard of care within your industry and in a manner that is the same or more protective than the manner in which you store, transmit and protect other confidential and sensitive information.

**RESPONSE:** The Clearview Defendants object to this Interrogatory to the extent that evaluating "comply[ing] with BIPA" requires a legal conclusion. The Clearview Defendants further object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. The Clearview Defendants also object to this Interrogatory

7

as vague, because the word "efforts" could be read to create an unduly burdensome interrogatory and/or invade attorney-client and attorney work-product protections. The Clearview Defendants also object to this Interrogatory as duplicative of Document Request No. 21.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants respond by stating that, because Clearview's collection, storage, and use of facial vectors obtained from photographs may be determined by examining Clearview's business records and because the burden of ascertaining the answer will be substantially the same for the Clearview Defendants and Plaintiffs, the Clearview Defendants will produce relevant business records in response to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d).

4. Describe all information, including but not limited to all Biometric Data, Biometric Identifiers, Biometric Information, metadata, hyperlinks, or residencies, that you obtained from photographs, video frames or other images included in the Face Template Database.

**RESPONSE:** The Clearview Defendants object to this Interrogatory as vague and ambiguous. The Clearview Defendants further object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants respond by stating that, because the information the Clearview Defendants have obtained from photographs in Clearview's database may be determined by examining Clearview's business records and because the burden of ascertaining the answer will be substantially the same for the Clearview Defendants and Plaintiffs, the Clearview Defendants will produce relevant business records in response to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d).

5. If you contend that Plaintiffs and Proposed Class Members were informed of or consented to your collection, capture, obtainment, distribution, redistribution, use and dissemination of their Biometric Data, Biometric Identifiers and/or Biometric Information,

describe all information that supports or otherwise relates to your contention, including whether you informed Plaintiffs and Proposed Class Members of your collection, capture, obtainment, distribution, redistribution, and dissemination of the above-described information and received their consent to engage in those activities prior to you engaging any such activities.

**ANSWER:** The Clearview Defendants object to Plaintiffs asserting a contention interrogatory that seeks legal analysis, application, and argument at this early stage of the litigation.

6. Identify each and every written policy you made available to the public that established a retention schedule and guidelines for permanently destroying Face Templates, Biometric Data, Biometric Identifiers and/or Biometric Information.

**RESPONSE:** The Clearview Defendants object to this Interrogatory as duplicative of Document Request No. 18.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants respond by stating that, because identification of Clearview's publicly available retention schedules for facial vectors may be determined by examining Clearview's business records and because the burden of ascertaining the answer will be substantially the same for the Clearview Defendants and Plaintiffs, the Clearview Defendants will produce relevant business records in response to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d).

7. Identify all Persons involved with your development, marketing, sales, distribution, or use of the Clearview Facial Recognition App or Software or the Rocky Mountain Facial Recognition App or Software and describe each person's involvement.

**RESPONSE:** The Clearview Defendants object to this interrogatory as overbroad and unduly burdensome to the extent it seeks identification of all persons involved with "use" of the Clearview Defendants' software, which could include numerous people outside of the Clearview Defendants' control.

9

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants identify the following persons and provide the subject matter of his or her knowledge: the same persons as described in response to Interrogatory No. 2.

8. Identify with specificity all sources from which you have obtained any image included in your Face Template Database and the date range during which you obtained images from each source.

**RESPONSE:** The Clearview Defendants object to this Interrogatory as overbroad, unduly burdensome, and impracticable to the extent it seeks a specific date range, "all sources," and information related to "any image."

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants state that Clearview's database of photographs may include photographs from any website on the Internet that includes publicly-available photographs.

9. State the total number of images in your Face Template Database and the total number of images constituting "Blocked Illinois Photos" as that term is used in paragraph 36 of the Declaration of Thomas Mulcaire in Opposition to Plaintiffs' Motion for a Preliminary Injunction (Dkt. 43-1).

**RESPONSE:** The Clearview Defendants object to this Interrogatory as overbroad, unduly burdensome, and impracticable to the extent it would require the Clearview Defendants to create code to determine and/or manually determine the number of "Blocked Illinois Photos."

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants are willing to meet and confer with Plaintiffs regarding this Interrogatory.

10. Identify all persons who have used the Clearview Facial Recognition App or Software or the Rocky Mountain Facial Recognition App or Software or who have received a license or other permission or authorization to access or use those apps or software to perform Facial Recognition and, for each such person, state whether the person was a State agency or local unit of government (as those terms are used in BIPA) or worked for or was otherwise affiliated with a State agency or local unit of government. To the extent a person worked for or was otherwise affiliated with a State agency or local unit of government, please describe the nature of the work or affiliation.

**RESPONSE:** The Clearview Defendants object to this Interrogatory on the grounds that it is overbroad and unduly burdensome to the extent it seeks a description of the nature of each person's work for the government and each person who has "used" the Clearview Facial Recognition App or Software or the Rocky Mountain Facial Recognition App or Software.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants respond by stating that, because the persons who have used Clearview's app may be determined by examining Clearview's business records and because the burden of ascertaining the answer will be substantially the same for the Clearview Defendants and Plaintiffs, the Clearview Defendants will produce relevant business records in response to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d).

11. Describe all efforts made by you to market the Clearview Facial Recognition App or Software or the Rocky Mountain Facial Recognition App or Software, including: (a) training seminars offered; (b) webinars offered; (c) demonstrations provided at conventions, forums or other locations; (d) marketing materials; and (e) renting/obtaining booths or tables at conventions, forums or other similar types of events.

**RESPONSE:** The Clearview Defendants object to this Interrogatory as being overbroad, unduly burdensome, and not proportional to the needs of this case, because it seeks information wholly untethered to any claim or defense in this proceeding and will not lead to admissible or relevant information. The Clearview Defendants further object to this Interrogatory as duplicative of Document Request No. 12.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants respond by stating that, because the Clearview Defendants' marketing of the Clearview app may be determined by examining Clearview's business records and because the burden of ascertaining the answer will be substantially the same for the Clearview Defendants and Plaintiffs, the Clearview Defendants will produce relevant business records in response to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d).

11

12. Describe all information, including all Biometric Data, Biometric Identifiers, Biometric Information, metadata, hyperlinks, URLs, and places of residence, that you provided to users of the Clearview Facial Recognition App or Software and/or the Rocky Mountain Facial Recognition App or Software regarding the persons whose images were in your Face Template Database.

**RESPONSE:** The Clearview Defendants object to this Interrogatory as being overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "all" information ever provided in response to any use of the Clearview Facial Recognition App or Software and/or the Rocky Mountain Facial Recognition App or Software by their users.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants state that the only information users of Clearview's app receive about persons whose images are in Clearview's database are photographs and hyperlinks and/or page titles for the website where each photograph was collected.

13. Describe in detail the process by which you obtained Biometric Data, Biometric Identifiers and/or Biometric Information for each image in your Face Template Database and describe the specific information, annotations and quantitative measures related to intrinsic characteristics of faces obtained, collected, extracted, or derived from such images.

**RESPONSE:** The Clearview Defendants object to this Interrogatory as vague and ambiguous. The Clearview Defendants further object to this Interrogatory as being overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information about the process by which Clearview obtained "each image" in Clearview's database.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants state that Clearview obtains facial vectors from images in its database of photographs by using a neural network that examines the pixels of photographs of faces and, through trial and error, "learns" how to identify similar faces through the use of artificial intelligence. The precise information examined by the neural network to identify faces evolves over time and is not entirely known by Clearview. The final product, a face vector, represents a

coordinate in a hyperdimensional space. The Clearview Defendants further respond by stating that, because the process by which Clearview obtains facial vectors and the specific information and measurements Clearview obtains may be determined by examining Clearview's business records and because the burden of ascertaining the answer will be substantially the same for the Clearview Defendants and Plaintiffs, the Clearview Defendants will produce relevant business records in response to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d).

14. State whether you have suffered or otherwise have been made aware of any Security Breach or other unauthorized access or other breach of: (a) your Face Template Database; (b) any Biometric Data or Biometric Identifiers extracted or derived from images in your Face Template Database; or (c) any server or other electronic equipment on which any of the images or data described in (a) and (b), above, were stored in whole or in part and, if such unauthorized access or other breach has occurred, describe when the Security Breach or other unauthorized access or breach occurred and provide all details regarding the Security Breach or other unauthorized access or breach.

**RESPONSE:** The Clearview Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case, because it seeks information wholly untethered to any claim or defense in this proceeding and is not reasonably calculated to lead to the discovery of admissible or relevant information.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants state that they are not aware of any security breach or other unauthorized access to Clearview's facial images or facial vectors.

15. State all revenue generated by the: (a) Clearview Facial Recognition App or Software and all expenses specifically attributable to the Clearview Facial Recognition App or Software, individually identified to the extent possible; and (b) the Rocky Mountain Facial Recognition App or Software and all expenses specifically attributable to the Clearview Facial Recognition App or Software, individually identified to the extent possible.

**RESPONSE:** The Clearview Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information about "all revenue" and "all expenses."

13

16. Identify (including their title title and department) every current or former: (a) employee, officer, contractor or agent of Clearview AI, Inc. and/or Rocky Mountain; or (b) current or former employee, contractor or agent of any third-party company retained by Clearview AI, Inc. and/or Rocky Mountain with responsibility for the development, design, or implementation of the Clearview Facial Recognition Software or App or the Rocky Mountain Facial Recognition Software or App.

**RESPONSE:** The Clearview Defendants object to this Interrogatory as being overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks *every* contractor or agent of the Clearview Defendants and every current or former employee, contractor or agent of any third-party company retained by the Clearview Defendants.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants identify the following persons: the same persons as described in response to Interrogatory No. 2 as well as the following individuals:

- Chris Metaxas, Clearview Chief Revenue Officer
- Devesh Ashra, Clearview Chief Strategy Officer
- Susan Crandall, Clearview Chief Marketing Officer
- Richard Pluta, Clearview Chief Financial Officer

17. State the total number of photographs or images that include faces that have been uploaded to your Face Template Database from IP addresses in the State of Illinois during each calendar year.

**RESPONSE:** The Clearview Defendants object to this Interrogatory as being overbroad and unduly burdensome to the extent it seeks metrics for "each calendar year." The Clearview Defendants further object to the phrase "photographs or images that include faces that have been uploaded to your Face Template Database" as vague and ambiguous.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants state that they do not know the IP addresses associated with photographs in Clearview's photograph database.

18. State by name and location any database or server on which you store or have stored Biometric Data, Biometric Identifiers and/or Biometric Information generated by or from photographs or images.

**RESPONSE:** Subject to and without waiver of the foregoing General Objections, the Clearview Defendants state that during the relevant time period, servers on which Clearview stored facial vectors generated from photographs in its database were located in New York and New Jersey.

19. Identify all banks or other types of financial institutions held in your name and used by you in connection with the operations of Clearview and/or Rocky Mountain and any of their predecessors, successors, subsidiaries or affiliates and for each bank or financial institution identified provide: (a) the signatories on each account; (b) the account number for each bank account at each bank or financial institution; (c) the date(s) on which each account was opened and/or closed; and (d) the name under which each account is held.

**RESPONSE:** The Clearview Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case, because it seeks information wholly untethered to any claim or defense in this proceeding and will not lead to admissible or relevant information.

20. Identify all addresses (including employee addresses) from which work for Clearview and/or Rocky Mountain has been conducted, including addresses from which work was performed related to: (a) Clearview's finances; (b) the collection of client payments; (c) the development and maintenance of your Face Template Database, the Clearview Facial Recognition App or Software and/or the Rocky Mountain Facial Recognition App or Software; (d) sales and marketing; (e) obtaining investors and/or investor relations; (f) security; and (g) operations.

**RESPONSE:** The Clearview Defendants object to the Interrogatory as overbroad and harassing to the extent it seeks individual employee addresses, which would not lead to the identification of relevant or admissible information. Clearview Defendants object to this Interrogatory to the extent it includes individuals other than employees.

Subject to and without waiver of the foregoing General Objections and Specific Objections, the Clearview Defendants state that during the relevant time period, work for Clearview was conducted from Clearview's headquarters at 214 W. 29th Street, New York, New York. The

15

Clearview Defendants further state that Clearview's employees have performed work for Clearview remotely from their residences in New York, New York; Great Neck, New York; and Litiz, Pennsylvania.

July 1, 2021                                          Respectfully submitted,

                                                                            By:   /s/ Lee Wolosky
                                                                                Lee Wolosky (*pro hac vice*)
                                                                                Andrew J. Lichtman (*pro hac vice*)
                                                                                JENNER & BLOCK LLP
                                                                                919 Third Avenue
                                                                                New York, New York 10022-3908
                                                                                Phone: (212) 891-1600
                                                                                lwolosky@jenner.com
                                                                                alichtman@jenner.com

                                                                                Howard S. Suskin (ARDC No. 6185999)
                                                                                Precious S. Jacobs-Perry (ARDC No. 6300096)
                                                                                JENNER & BLOCK LLP
                                                                                353 North Clark Street
                                                                                Chicago, Illinois 60654
                                                                                Phone: (312) 222-9350
                                                                                hsuskin@jenner.com
                                                                                pjacobs-perry@jenner.com

                                                                                Floyd Abrams
                                                                                Joel Kurtzberg
                                                                                CAHILL GORDON & REINDEL LLP
                                                                                32 Old Slip
                                                                                New York, NY 10005
                                                                                Phone: (212) 701-3000
                                                                                fabrams@cahill.com
                                                                                jkurtzberg@cahill.com

                                                                                Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC, and Thomas Mulcaire

16

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Thomas Mulcaire, General Counsel of Clearview AI, Inc., state under penalty of perjury that the foregoing responses to Plaintiffs' First Set of Interrogatories to All Defendants are true and correct to the best of my knowledge, information, and belief.

Executed: July 1, 2021

New York, New York

*Thomas Mulcaire*
_____
Thomas Mulcaire

## CERTIFICATE OF SERVICE

I certify that on July 1, 2021, I caused a true and correct copy of the foregoing document to be served by email on counsel of record for Plaintiffs and Defendants.


By:   /s/ Lee Wolosky
        Lee Wolosky