IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

## PRELIMINARY ORDER OF APPROVAL OF CLASS ACTION SETTLEMENT

This matter having come before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Settlement") of the above-captioned matter (the "Action") between Plaintiffs Rondell Sanders, Gerard Dache, Eric Gould and Jordan Orlando ("Plaintiffs") as proposed representatives of a Nationwide Class and, respectively, an Illinois Subclass, a Virginia Subclass, a California Subclass, and a New York Subclass, and Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC, and Thomas Mulcaire (collectively, the "Clearview Defendants"); and Defendants Macy's, Inc., Macy's Retail Holdings, Inc. (n/k/a Macy's Retail Holdings, LLC), and Macy's Corporate Services, Inc (n/k/a Macy's Corporate Services, LLC) (collectively, the "Macy's Defendants") (together "the parties"), as set forth in the Class Action Settlement Agreement and Release between Plaintiffs and Defendants (the "Settlement Agreement"), and the Court having duly considered the matter, the Court hereby finds and orders as follows:

1. Unless defined herein, all defined (capitalized) terms in this Order shall have the meanings ascribed to the same terms in the Settlement Agreement.

2.     The Settlement Agreement provides for certification of the following classes for settlement purposes, which together make up the Settlement Class:

> (a) **The Nationwide Class**: All individuals who resided in the United States of America between July 1, 2017, and the date of Preliminary Approval, and whose facial images, facial vector data, and/or Biometric Data are or were contained in the Biometric Database;
>
> (b) **The Illinois Subclass**: All individuals who resided in the state of Illinois between July 1, 2017, and the date of Preliminary Approval, and whose facial images, facial vector data, and/or Biometric Data are or were contained in the Biometric Database;
>
> (c) **The California Subclass**: All individuals who resided in the state of California between July 1, 2017, and the date of Preliminary Approval, and whose facial images, facial vector data, and/or Biometric Data were or are contained in the Biometric Database;
>
> (d) **The New York Subclass**: All individuals who resided in the state of New York between July 1, 2017, and the date of Preliminary Approval, and whose facial images, facial vector data, and/or Biometric Data are or were contained in the Biometric Database; and
>
> (e) **The Virginia Subclass**: All individuals who resided in the state of Virginia between July 1, 2017, and the date of Preliminary Approval, and whose facial images, facial vector data, and/or Biometric Data are or were contained in the Biometric Database.

(Dkt. 578-1 ¶ 2.3.) The Settlement Agreement provides that the following are excluded from the Settlement Class: (1) any Judge, Magistrate, or Mediator presiding over this Action, members of their immediate families, members of their staff, and members of their staff's immediate families; (2) all Defendants; (3) any family member, parent, subsidiary, successor, predecessor, or affiliate of any Defendant, or any entity in which any Defendant has a controlling interest; (4) the officers, directors, agents, servants, or employees of any Defendant, including of any parent, subsidiary, successor, predecessor, or affiliate of any Defendant; (5) persons who properly execute and file a timely request for exclusion from the Settlement Class; (6) Class Counsel; (7) the Settlement Administrator; (8) the Settlement Master; and (9) the legal representatives, successors or assigns

of any such excluded persons.

3. The Settlement Class, including the Nationwide Class and the California, Illinois, New York and Virginia Subclasses as defined herein, is certified for settlement purposes. Loevy & Loevy is hereby appointed Lead Class Counsel.

4. The Court has conducted a preliminary evaluation of the Settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (i) there is good cause to believe that the settlement is fair, reasonable, and adequate; (ii) the Settlement has been negotiated at arm's length over several months between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Honorable Maria Valdez, Magistrate Judge, and the Honorable Wayne R. Andersen (ret.) of JAMS; and (iii) the Settlement provides a plan for providing Notice of its material terms to the Settlement Class for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement.

5. The Parties shall expeditiously retain the proposed Settlement Master and, upon such retention, shall expeditiously move for appointment of the Settlement Master.

6. The Court will hold a Status Conference on November 1, 2024, at 10:00 a.m. CST. On January 8, 2025 at 10:30 am CST or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether to grant: (a) final approval of the Settlement; and (b) any request for a Fee Award, and an incentive award to the Class Representatives. The application for a Fee Award and Class Representative incentive awards shall be filed on or before September 6, 2024.

7. Pursuant to the Settlement Agreement, Epiq Class Action & Claims Solutions, Inc.

is hereby appointed as Settlement Administrator and shall be required to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8. The Court approves the proposed plan for giving Notice to the Settlement Class as provided in the Settlement Agreement (Dkt. 578-1, ¶ 5) and the Declaration of Cameron R. Azari (Dkt. 578-3, ¶¶ 21-45.) The plan for giving Notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto.

9. In accordance with the Settlement Agreement, the Notice Date, the date by which the Notice is disseminated to the Settlement Class, shall be no later than July 25, 2024. The Claims Deadline, the date by which all Claim Forms must be postmarked or submitted electronically to be considered timely, shall be October 25, 2024.

10. Pursuant to Rule 23(e)(4), all persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing to the Settlement Administrator and postmarked or electronically submitted no later than the Objection/Exclusion Deadline of September 20, 2024. To exercise the right to be excluded, a Settlement Class member must timely send a written request for exclusion to the Settlement Administrator providing his/her name, home or email address, a signature, the name and number of the Action, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. The Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. A request to be excluded that does not include all of this information, or that is sent to an address other than one that is designated in the Notice, or that is not postmarked or received electronically within the time specified, shall be invalid, and the person serving such a request remain a member of the Settlement Class and shall be bound as

a Class Member by the Settlement Agreement, if approved. The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

11. Any member of the Settlement Class who intends to object to the Settlement Agreement and/or the request for a Fee Award, must present the objection in writing only to the Court, which must be personally signed by the objector, and must include: (1) the objector's name, address, and email; (2) an explanation of the basis upon which the objector claims to be a Class Member; (3) whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (4) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, who must enter an appearance with the Court in accordance with the Local Rules; and (6) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel). Any objection to the Settlement Agreement and/or the request for a Fee Award, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if the Class Member making the objection files copies of such papers with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection and supporting papers through the Court's CM/ECF system.

12. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of their intent to appear at the Final Approval Hearing in accordance with the

5

terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

13. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiffs. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

**IT IS SO ORDERED**.

ENTERED: June 21, 2024

_____
HONORABLE SHARON JOHNSON COLEMAN
UNITED STATES DISTRICT JUDGE