IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: Clearview AI, Inc. Consumer Privacy Litigation* | Civil Action File No.: 1:21-cv-00135<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

**JOINT MOTION TO BAR THE UNTIMELY FILING OF *AMICUS* BRIEF**

This Motion is filed jointly by (1) Plaintiffs Rondell Sanders, Gerard Dache, Eric Gould and Jordan Orlando ("Plaintiffs") as representatives of a Nationwide Settlement Class and, respectively, an Illinois Subclass, a Virginia Subclass, a California Subclass, and a New York Subclass and (2) Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, Richard Schwartz, Rocky Mountain Data Analytics LLC, and Thomas Mulcaire (collectively, the "Clearview Defendants") (together "the movants"). The movants seek an order barring the filing of an *amicus curiae* brief by various state attorneys general, that they propose to file on December 13, 2024.[1] In support of this Motion, the movants state as follows:

1. This multi-district consolidated class action has been pending before this Court since 2021. After years of contested litigation, and nearly twelve months of fractious negotiations mediated by a skilled former judge in this District (Hon. Wayne Andersen), on June 12, 2024, the Plaintiffs filed an Unopposed Motion for Preliminary Approval, attaching a proposed settlement agreement. (Dkt. # 578, 578-1.)

2. On June 21, 2014, this Court entered an order granting Preliminary Approval to the

---

[1] The Macy's Defendants (Macy's, Inc., Macy's Retail Holdings, Inc. (n/k/a Macy's Retail Holdings, LLC), and Macy's Corporate Services, Inc (n/k/a Macy's Corporate Services, LLC)) do not opposed the relief sought in this Motion.

Settlement. (Dkt. # 580). That Order set the final approval hearing for January 8, 2025.

3. The Order granting preliminary approval set an Objection/Exclusion Deadline of September 20, 2024. (Dkt. 580, ¶ 10.) In addition, in Paragraph 12, the Order states (emphasis supplied):

> ***Any Settlement Class Member who fails to timely file a written objection*** with the Court and notice of their intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, ***shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing***, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and ***shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.***

4. The Notice provided under the Settlement, and preliminarily approved by the Court, makes clear that ***all*** Objections were due by September 20, 2024. Several Settlement Class Members understood this deadline and filed timely Objections (see Dkt. # 590-602.)

5. As required, the partes provided notice of the proposed class action settlement to all state attorneys general.

6. On August 30, 2024, an Assistant Attorney General for Vermont (Ms. Sarah Aceves) reached out to Class Counsel and Clearview counsel. (Ex. 1, Thompson Dec. at ¶3.) On behalf of representatives from several states, Ms. Aceves requested counsel to participate in a call to discuss the proposed settlement. (*Id.*)

7. Attorneys for the Class and for Clearview had a call with several attorneys general, representing approximately nine states, on September 12, 2024. (Ex. 1, Thompson Dec. at ¶4.) In this call, one of the topics discussed was the fact that the deadline for Objections was September 20, 2024. (*Id..*)

8. The next day, September 13, Class Counsel and Clearview counsel, separately, sent

2

the attorneys general several pieces of requested information. (Ex. 1, Thompson Dec. at ¶5.)

9. On September 16, 2024, Ms. Aceves, again on behalf of several state attorneys general, followed up with an email requesting further information; in separate responses on September 20, 2024, Class Counsel and Clearview counsel provided additional materials and information requested by Ms. Aceves. (Ex. 1, Thompson Dec. at ¶6.)

10. Neither Ms. Aceves nor any other state attorney general filed an objection by the September 20, 2024, deadline. In the nearly three months since September 20, no state attorney general filed anything with the Court or communicated with the parties to this case.

11. This morning, on December 11, 2024, Ms. Aceves sent an email to counsel for the Class (Tom Hanson) and Clearview (Jim Thompson), stating: "I'm writing to inform you that a group of states plan to file an *amicus* brief in the Clearview AI class action matter opposing the settlement. We hope to file on Friday. Please let me know whether you support/oppose/don't object to us filing." (Ex. 1, Thompson Dec. at 8.)

12. The movants oppose that planned filing. The deadline for Objections was September 20. That was 82 days ago. An objection filed nearly three months late is dramatically untimely and threatens to upend the schedule that the parties, with the Court's input and approval, have carefully devised and disclosed in the already published Notice Plan.[2]

13. ***There is no valid reason for the untimely filing.*** The AGs discussed the case with counsel for the movants in early September and received the information they requested in time to meet the Court's deadline. The Court's Preliminary Approval Order (Dkt. # 580) announced that untimely objections will not be considered, and the proposed *amicus* brief opposing the settlement

---

[2] Without having seen the proposed *amicus* brief, it is impossible for movants to address *amicis'* objections here. Movants reserve their right to respond to said objections pursuant to a briefing schedule established by the Court in the event the Court permits the filing of the *amicus* brief.

3

is such an untimely objection. Mr. Thompson reached out to Ms. Aceves before this Motion was filed, to try to understand the reason for delay, but he was unable to reach her. (Ex. 1, Thompson Dec. at ¶ 9.)

14. ***The untimely proposed filing inconveniences the Court***. In its Order granting Preliminary Approval, this Court scheduled a Final Approval Hearing for January 8, 2025. (Dkt. # 580.) The Notice approved by the Court and made available at the settlement website, [In re Clearview AI, Inc. Settlement - Home](#), states on its first page that Class Members may "go to a hearing" in order "to speak in Court about the fairness of the Settlement" on January 8, 2025, at 10:30 a.m. CST. The website landing page mentions this date three times. The *amicus* filing, if permitted, will necessitate moving that date. The Court has scheduled the hearing for 10:30, so that it will have as much time as is needed to address all issues. The Court's schedule is not something that should be cavalierly set aside simply because putative *amici* ignored the deadlines and did not get around to filing their opposition sooner.

15. ***The untimely proposed amicus filing prejudices the parties***. The proposed filing will undermine the schedule that this Court has set, and the parties have disclosed, for considering final approval of the settlement on January 8, 2025. Working backwards from that date, this Court set a schedule for the Motion for Final Approval and for a brief responding to the Objections. (Dkt. # 605.) Those filings currently are due on December 18 (Motion for Final Approval) and December 20 (response to Objections). Even if the attorneys general file on Friday, December 13,[3] the movants will not even know whether the Court accepts the *amicus* brief until the parties' filings are due or nearly due. Even if the Court acts promptly in accepting the *amicus* filing, the parties

---

[3] Ms. Aceves' email states only that the attorneys' general "hope" to file their brief on December 13, 2024. Obviously, any filing after that date would only further compress an already-unworkable timeline.

4

simply will not have time to respond to its likely substantive objections by the deadlines that are, at most, five business days later than the filing of the *amicus* brief.[4] The parties cannot respond in three or five business days in mid-December – while finalizing their Motion for Final Approval and response to the timely-filed objections – to issues the state attorneys general have been aware of and evaluating since Ms. Aceves' first email to counsel in August. To ensure that the Court has enough time to consider all arguments for and against the settlement, and to ensure that the parties can adequately address all relevant issues, an order allowing the untimely *amicus* filing will necessitate an entirely new schedule and a plan for providing notice of that revised schedule. The parties are entitled to rely on the end date for consideration of their settlement of January 8, 2025, and that schedule should not be extended.

---

[4] It is for this reason that the movants are filing this motion now, before the *amicus* brief is even received. Otherwise, the parties will not even know whether they are responding to new *amicus* arguments at the time their Motion for Final Approval, and Objection responses, are due. They will need to file, pursuant to an existing schedule, without knowing whether that schedule is going to be revised.

5

WHEREFORE, the movants respectfully request the Court bar the untimely *amicus* brief from the state attorneys general, which they have said they hope to file on December 13. In the alternative, if the Court is inclined to consider the issues raised in that *amicus* brief, the movants request that the Court schedule a status hearing as soon as practicable, so that the Court and parties may consider a revised schedule for final approval briefing, for responding to Objections, and for the Final Approval Hearing, along with a plan for providing notice of the updated schedule.

Dated: December 11, 2024            Respectfully submitted:


          /s/ *Thomas M. Hanson*
          By: Thomas M. Hanson

    Jon Loevy (jon@loevy.com)
    Michael Kanovitz (mike@loevy.com)
    Thomas M. Hanson (hanson@loevy.com)
    LOEVY & LOEVY
    311 N. Aberdeen St.
    Chicago, Illinois
    312.243.5900
    *Lead Class Counsel*

    By: */s/ James Thompson*
    James Thompson (ARDC No. 6199621)
    Daniel Lynch (ARDC No. 6202499)
    LYNCH THOMPSON LLP
    150 South Wacker, Suite 2600
    Chicago, Illinois 60606
    Phone: (312) 346-1600
    jthompson@lynchthompson.com
    dlynch@lynchthompson.com
    *Counsel for the Clearview Defendants*

## CERTIFICATE OF SERVICE

      I, Tom Hanson, an attorney, hereby certify that, on December 11, 2024, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record, and provided an email copy of this document to Sarah Aceves, Assistant Attorney General, Public Protection Division, Office of the Attorney General State of Vermont, at [SarahAceves@vermont.gov](mailto:SarahAceves@vermont.gov).

      /s/ *Thomas M. Hanson*
      Thomas M. Hanson