**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | § | |
| | § | |
| *In re: Clearview AI, Inc. Consumer* | § | Civil Action No. 1:21-cv-00135 |
| *Privacy Litigation* | § | |
| | § | Judge Sharon Johnson Coleman |
| | § | Magistrate Judge Maria Valdez |
| | § | |

## MOTION TO INTERVENE

The proposed Intervenor, Shanae Corporal, moves this Court for an order allowing her to intervene as a party in this action, in which she would seek to represent the nationwide class.

## INTRODUCTION

The parties agreed to resolve this matter on a class-wide basis, which this Court approved. Dkt. No. 631. On appeal following the objections of class members, the United States Court of Court of Appeals for the Seventh Circuit vacated approval of the settlement and remanded the matter to this Court for further proceedings. *Clearview AI, Inc. Consumer Priv. Litig. v. Clearview AI, Inc.*, 181 F.4th 785, 789 (7th Cir. 2026). The sole reason for the remand was that the proposed settlement provides differing amounts of relief to class members depending on whether a class member belongs to one of the four state subclasses or only belongs to the nationwide class, with members of the nationwide class receiving less than members of the subclasses, and that the nationwide class is not represented by a class representative who does not also belong to a subclass. *Id.* at 788-789. As a result, the appellate court reasoned, the nationwide class lacked fair and adequate representation. *Id.*

## THE PROPOSED INTERVENOR

The proposed Intervenor, Shanae Corporal, has agreed to act as the named plaintiff in an action against Defendant Clearview AI, Inc. ("Clearview"). Declaration of Shanae Corporal ("Corporal Dec.") ¶ 2. Ms. Corporal is a Maryland resident (*id.* at ¶ 3) and is therefore not a member of any of the state subclasses. *See Clearview AI, Inc. Consumer Priv. Litig.*, 181 F.4th at 789-790 (describing membership in the respective subclasses as based on residency in Illinois, California, New York, or Virginia). Ms. Corporal has had a Facebook account for more than ten years and also has Instagram and TikTok accounts. Corporal Dec. ¶¶ 4-5. She has been uploading pictures of herself onto the internet and into these social media platforms for more than a decade. *Id.*

Ms. Corporal is represented by Cory L. Zajdel and David M. Trojanowski at Z Law, LLC and Oren Giskan at Giskan Solotaroff & Anderson LLP, all of whom have extensive experience in litigating and settling consumer class actions like this one.

## ARGUMENT

Federal Rule of Civil Procedure 24(a) permits a party to seek intervention as of right, while Rule 24(b) allows a party to seek permissive intervention. Fed. R. Civ. P. 24. "In either case, Rule 24 should be liberally construed in favor of potential intervenors." *OsteoMed LLC v. Stryker Corp.*, 2021 U.S. Dist. LEXIS 93293, at *6 (N.D. Ill. May 17, 2021) (quotation omitted). Intervention "serv[es] the interest of justice and judicial economy.") *Fisher v. Gillette Co.*, 505 F. Supp. 184, 186 (N.D. Ill. 1981). This Court has discussed the need for a "flexible approach" to permissive intervention. *See, e.g.*, *Wildcat Enters., LLC v. Weber*, 2016 U.S. Dist. LEXIS 29778, at *14 (N.D. Ill. Mar. 4, 2016). Similarly, "the Seventh Circuit has cautioned against a rigid construction of Rule 24[.]" *Id.* (collecting cases).

Federal Rule of Civil Procedure 24(b)(1) states: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). As this Court recently noted, permissive intervention under Rule 24(b) is a matter left to the discretion of the district court. *OsteoMed LLC v. Stryker Corp.*, 2021 U.S. Dist. LEXIS 93293 at *7 (quotation omitted).

Courts tend to permit intervention pursuant to Rule 24(b) when the proposed intervenor moves to intervene after a named plaintiff is determined to inadequately represent a class. *See, e.g.*, *In re Intuniv Antitrust Litig.*, 2020 U.S. Dist. LEXIS 131237, at *15 (D. Mass. July 24, 2020) ("In cases where the potential intervenor's interest is, at least at the outset, subsumed by that of a representative litigant, the trigger requiring intervention does not occur until it is apparent that the representative no longer protects the intervenor's interest.") (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 2015 U.S. Dist. LEXIS 100852, *14 (S.D.N.Y. Aug. 3, 2015)); *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977) (holding that the lower court should have permitted intervention because "as soon as it became clear to the [movant] that the interests of the unnamed class members would no longer be protected by the named class representatives, she promptly moved to intervene to protect those interests.").

The proposed Intervenor satisfies Rule 24(b). As a person whose biometric data has been scraped and is or was in Clearview's database, she is a member of the nationwide class to which Clearview has already agreed to provide relief to and therefore "has a claim [] that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Allowing Ms. Corporal to join this suit as a named plaintiff advances interests of judicial economy and provides a named class representative for the Nationwide Class. The Court of Appeals has determined that the Nationwide Class should be represented by a class representative who is not a member of the state subclasses along with independent counsel for the Nationwide Class. *Clearview AI, Inc. Consumer Priv. Litig.*, 181 F.4th at 797 ("[T]he lack of separate representatives and representation for the Nationwide Class requires vacating approval of the settlement."). Ms. Corporal seeks to intervene as a class representative of the Nationwide Class and will move for appointment of her counsel as class counsel for the Nationwide Class at the appropriate time.[1] Permitting intervention here will fulfill the Seventh Circuit's directive to add an independent named class representative and counsel for the nationwide class and further the efficient resolution of this Action.

**CONCLUSION**

For the foregoing reasons, the Court should grant the proposed intervenor's Motion to Intervene.

Dated: September 4, 2026

Respectfully submitted,

s/ David M. Trojanowski
Cory L. Zajdel (*pro hac vice forthcoming*)
David M. Trojanowski (Bar #6334338)
Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Telephone: (443) 213-1977
dmt@zlawmaryland.com
clz@zlawmaryland.com

[1] Proposed intervenor does not submit a proposed complaint with this motion as she intends to work with current class counsel on an amended pleading once her intervention is granted.

Oren Giskan (*pro hac vice forthcoming*)
GISKAN SOLOTAROFF & ANDERSON LLP
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Telephone: (212) 847-8315
Facsimile: (646) 964-9610
ogiskan@gslawny.com

*Attorneys for the Plaintiffs*